**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff The Middle East Forum ("MEF"), by counsel, files its Motion for Expedited Discovery, and states as follows:

1.      This motion is made pursuant to Fed. R. Civ. P. 26(D)(1), which provides that a party may obtain discovery before a Rule 26(F) scheduling conference "when authorized . . . by court order."

2.      The underlying suit involves irreparable harm about to befall Plaintiff MEF because of ongoing actions by a former MEF employee, Defendant Lisa Barbounis ("Barbounis" or "Defendant"), including, but not limited to, the misappropriation of MEF's confidential information and trade secrets and the disclosure of MEF's confidential information and trade secrets in violation of contractual, statutory, and common law duties.

3.      MEF has filed a motion for preliminary injunctive relief in order to protect its interests and prevent the disclosure of its confidential information and trade secrets.  MEF has requested a hearing on its motion for injunctive relief.

4.      The nature of the matter is more fully set forth in MEF's Complaint, and the basis for injunctive relief will be fully set forth in a memorandum in support of the motion.

1

5.      Defendant possesses information relevant to this Court's determination of the motion for injunctive relief.  MEF seeks this limited and narrowly-tailored discovery to determine the full extent of the ongoing wrongful conduct in which Defendant has engaged and to allow MEF to adequately prepare in advance of the injunction hearing.  Discovery to Defendant is the only method known to MEF to obtain these materials uniquely in Defendant's possession, custody, and control.[1]

6.      MEF believes that most, if not all, of this evidence consists of electronic data and information stored on the Defendant's devices.  Such electronic information, including email messages, may be lost if not preserved immediately, and Defendant's counsel has represented that Defendant has already "erased" some information.

7.      MEF moves for an order that preserves evidence (including metadata about what has admittedly been "erased" and whether it is recoverable) and that orders Defendant to respond in an expedited fashion to MEF's first set of interrogatories and requests for production of documents (attached hereto as Exhibit A) within seven (7) days or earlier.  Good cause exists for the Court to enter the proposed order attached hereto as Exhibit B.  *See Entm't Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 3, 2003) (applying "good cause" standard to motion for expedited discovery and noting good cause is "usually found in cases involving requests for injunctive relief").

8.      MEF makes this motion in good faith with the goal of protecting and preserving its rights and expediting resolution of this matter.

WHEREFORE, for the foregoing reasons, Plaintiff MEF, by counsel, respectfully requests this Court to:

---

[1] Prior to filing this action, Plaintiff MEF proposed to work with Defendant to select a mutually acceptable vendor to preserve and collect the data at issue, but Defendant refused, necessitating this action.

1.      Enter the order attached hereto as Exhibit B;

2.      Order that Defendant respond to MEF's first set of interrogatories and requests for production of documents within seven (7) days or sooner;

3.      Order that Defendant preserve all relevant information relating to the claims made in the Complaint including, but not limited to, the information sought in MEF's first set of interrogatories and requests for production of documents; and

4.      Grant such further relief as this Court deems just and proper.


Dated: December 5, 2019                    THE MIDDLE EAST FORUM
                                           By counsel,


                                           s/ Sidney L. Gold
                                           Sidney L. Gold
                                           sgold@discrimlaw.net
                                           Sidney L. Gold & Associates P.C.
                                           1835 Market Street, Suite 515
                                           Philadelphia, PA 19103
                                           Tel: (215) 569-1999
                                           Fax: (215) 569-3870

                                           *Counsel for The Middle East Forum*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

Plaintiff The Middle East Forum ("MEF"), through counsel and pursuant to Fed. R. Civ. P. 26, submits the following Memorandum of Law in Support of its Motion for Expedited Discovery.

### INTRODUCTION

This is an action in which the MEF seeks injunctive relief and other relief to protect against disclosure of MEF's proprietary and confidential information by the Defendant Lisa Reynolds-Defendant.  MEF's complaint includes counts of breach of contract, breach of fiduciary duty, misappropriation of trade secrets under Federal and Pennsylvania law, conversion, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and violation of the Stored Communications Act, 18 U.S.C. § 2701.

### FACTS

MEF filed its Complaint on December 3, 2019.  Following limited expedited discovery, MEF intends to pursue a hearing on its Motion for Preliminary Injunction against Defendant. Therefore, MEF has filed its Motion to Expedite Discovery requesting that the Court shorten the time within which Defendant must respond to five interrogatories and produce documents responsive to four document requests.  Because on the nature of this action, Defendant possesses

unique information, and therefore MEF has no other means of obtaining this information.

On September 25, 2017, MEF and Defendant entered into an employment agreement in which Defendant agreed to serve as an Executive Liaison for MEF. The parties agreed in the employment agreement that, as a condition of Defendant's employment, she was required to sign a Personnel Manual and Confidentiality & Non-Disclosure Agreement. Defendant served as Executive Liaison until on or around January 3, 2019 when she became MEF's Director of Communications.

The parties recognized that as a consequence of her positions at MEF, and in reliance upon her representations and commitments as a director of MEF, Defendant would be granted access to MEF's confidential and proprietary information, trade secrets, donor lists, and business relationships.

Defendant acknowledged in writing that she had received a copy of MEF's personnel manual on September 25, 2017. In doing so, Defendant agreed to "maintain all MEF Confidential Information in strict confidence and protect against its disclosure or dissemination" not only while employed at MEF, but also following the termination of her employment.

In accordance with the employment agreement, on October 16, 2017, Defendant signed MEF's Confidentiality & Non-Disclosure Agreement ("NDA"), in which the parties acknowledged that Defendant would have access to Confidential Information in the course of and as a result of her employment with MEF. In the NDA, Defendant agreed to "take reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of Confidential Information . . ." and "to take at least those measures that [she] takes to protect [her] own most highly confidential information and shall promptly notify MEF of any misuse or misappropriation of Confidential Information . . . ."

The NDA required Defendant to not "disclose any Confidential Information to *any* third party, *including but not limited to family members, relatives, significant others, and friends*, unless (i) MEF provides prior written consent; *and* (ii) MEF and the third party execute a confidentiality agreement." Defendant agreed that, by signing the NDA, her breach of the NDA would entitle MEF to "seek injunctive relief *in addition to* all legal remedies."

In breach of her contractual agreements and fiduciary duties to MEF, Defendant forwarded MEF Confidential Information located on her MEF computer to her personal e-mail account over the course of her employment. Defendant also improperly e-mailed trade secrets and confidential information contained on her computer to the personal e-mail account of a then employee of MEF and other third parties.

MEF has learned the Confidential Information Defendant sent to her personal e-mail account includes, but is not limited to, MEF proprietary communications, donor lists, images of donor checks, proprietary MEF policy documents, and a General Operating Supporting document that contains business plans and donor contacts. On information and belief, Defendant also utilized MEF's Confidential Information and her MEF e-mail account to support political activities of Paul Harris (formerly known as Tommy Robinson), in direct contravention of MEF's policies and directives.

MEF also has reason to believe Defendant also possesses MEF Confidential Information contained in audio recordings made during MEF meetings in which Confidential Information was discussed, written notes Defendant made during MEF meetings, notes made on Defendant's personal cellphone during MEF meetings, including audio and textual notes, calendar entries, including, but not limited to, Mr. Gregg Roman's activities and travels, MEF shared electronic

drive documents containing MEF Data, and University of Pennsylvania accounts used for MEF research.

MEF contacted Defendant in a good faith effort to resolve the matter. While attempting a resolution, Defendant's counsel informed MEF's counsel that Defendant had destroyed evidence of the misappropriation. *See* Exhibit C, e-mail from Seth D. Carson to Attison L. Barnes III, November 18, 2019. When efforts to resolve this matter were unsuccessful, MEF was forced to file this action.

## ARGUMENT

This Court has "wide latitude in controlling discovery and ... its rulings will not be overturned absent a showing of clear abuse of discretion." *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 217 (3d Cir. 2003). Specifically, Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b) and 36 this Court the power to adjust the timing requirements imposed under Rule 26 and if warranted, to expedite the time for responding to the discovery sought.

The Court should order expedited discovery upon a showing of "good cause" or "reasonableness." *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, At \*3 (E.D. Pa. Oct. 3, 2003). "Good cause is usually found where the [party's] need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701 at \*10 n.22 (W.D. Pa. Apr. 3, 2008).

District courts in this Circuit agree that good cause exists to grant expedited discovery to enable a party to gather evidence in support of an application for a preliminary injunction. *Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc.,* No. Civ. A. 98-CV-2782, 1998 WL 404820, at \*2 (E.D. Pa. July 15, 1998); *see also RDS Group Ltd. v.*

*Davison,* No. 02-CV-8168, 2003 WL 21294968 (E.D. Pa. Jan. 17, 2003) (granting expedited discovery for pending preliminary injunction hearing); *Educational Commission for Foreign School Medical Graduates v. Repik,* No. Civ.A. 99-1381, 1999 WL 317052 (E.D. Pa. May 17, 1999) ("Expedited discovery in connection with a preliminary injunction motion is appropriate.").

Expedited discovery is appropriate here. Defendant has already admitted to destroying evidence that would support not only the need to preliminary injunctive relief, but that goes to the very heart of the claims in the Complaint. Because of Defendant's actions, expedited discovery is appropriate so that MEF can prepare and present its claim for injunctive relief and demonstrate that Defendant's actions have caused and are continuing to cause irreparable harm to MEF. Without expedited discovery, it is likely that MEF will not be able to fully protect its interests in its confidential information and trade secrets.

Further, the discovery requested in Exhibit A is necessary and narrowly focused on the merits of the preliminary injunction and is not unduly burdensome to Defendant under the circumstances. MEF seeks only to establish with certainty what confidential information has been misappropriated and what has happened to that information for the narrow purpose of determining the full extent of the ongoing wrongful conduct in which Defendant has engaged and to allow MEF to adequately prepare in advance of the preliminary injunction hearing.

Again, Defendant, through counsel, has admitted to destroying evidence and materials that are relevant to this litigation. In order for there to be a true administration of justice in this case, discovery must be expedited but the Court must order that all evidence relating to the Complaint be preserved. Defendant has demonstrated that she will not abide by her duty to preserve evidence that is relevant to this litigation, despite receiving a Document Preservation

Notice related to an anticipated litigation in June 2019. *Travelers Prop. Cas. Co. v. Cooper Crouse-Hinds, LLC*, No. 05-6399, 2007 WL 2571450, at *4 (E.D. Pa. Aug. 31, 2007) ("A party that reasonably anticipates ensuing litigation has an affirmative duty to preserve evidence that may be relevant and failing to do so constitutes spoliation."). Thus, MEF is likely to be irreparably harmed and prejudiced if this Court does not order Defendant to preserve relevant documents and materials in her possession.

## CONCLUSION

For the foregoing reasons, MEF respectfully requests that the Court grant the relief sought in this matter and expedite discovery in this case by shortening the time within which Defendant must respond to and produce the limited first set documents requested by MEF and respond to MEF's first set of interrogatories so that MEF is able to determine the full extent of the ongoing wrongful conduct in which Defendant has engaged in advance of the preliminary injunction hearing.

Dated: December 5, 2019                    THE MIDDLE EAST FORUM
                                          By counsel,


                                          /s/ Sidney L. Gold
                                          Sidney L. Gold
                                          sgold@discrimlaw.net
                                          Sidney L. Gold & Associates P.C.
                                          1835 Market Street, Suite 515
                                          Philadelphia, PA 19103
                                          Tel: (215) 569-1999
                                          Fax: (215) 569-3870

                                          *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 5, 2019, a true and correct copy of the foregoing was

filed and served electronically through the Court's CM/ECF system.

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
seth@dereksmithlaw.com
Counsel for Defendant Lisa Reynolds-Barbounis

/s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
*Counsel for The Middle East Forum*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM,   :  CIVIL ACTION NO.: 19-5697
    *Plaintiff*       :  Hon. Juan R. Sánchez
    v.        :
LISA REYNOLDS-BARBOUNIS,   :
    *Defendant*      :  JURY TRIAL DEMANDED

## PLAINTIFF THE MIDDLE EAST FORUM'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT

   Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Fed. R. Civ. P. 33, hereby serves the following interrogatories to be answered full in writing, under oath, by Defendant Lisa Reynolds-Barbounis ("Defendant"). These interrogatories shall be deemed to be continuing to the fullest extent permitted by the applicable rules, and Defendant shall provide MEF with all supplemental answers and additional information that becomes available to Defendant at a later date.

## DEFINITIONS AND INSTRUCTIONS

   The following Interrogatories and MEF's accompanying First Request for Production of Documents and Things are subject to the definitions set forth below:

   1.  "Defendant", "Barbounis", "You", or "Your" shall mean the defendant in this case, Lisa Reynolds-Barbounis, her representatives, agents, and attorneys, or any other persons who are in possession of or who may have obtained information on her behalf, and any other persons known by Defendant to be acting or purporting to act for her or on her behalf.

   *2.*  "Action" shall mean *The Middle East Forum v. Lisa Reynolds-Barbounis,* filed in the United States District Court for the Eastern District of Pennsylvania.

   3.  "NDA" shall mean the Confidentiality and Non-Disclosure Agreement signed by Defendant on October 16, 2017.

4.     "Communications" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.     "Complaint" shall mean the Complaint filed by MEF against Defendant in this Action and any subsequent amendment thereto.

6.     "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

7.     The term "Document" is means and includes all written and graphic matter of every kind and description, whether printed or produced by any process or by hand or electronic, whether final draft or reproduction, whether in the actual or constructive possession, custody, or control of Defendant, including any and all written letters, correspondence, e-mail, text messages, instant messages, memoranda, notes, statements, transcripts, files, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, checks, check stubs, and written statements of witnesses or other persons having knowledge pertaining to the pertinent facts requested or relating to the interrogatory or subpart thereof, whether or not these documents are claimed to be privileged against discovery on any ground. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of Defendant or CSRA, including, without limitation, email.

8.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

9.     "MEF" shall mean, unless otherwise expressly indicated by the particular context, the Plaintiff the Middle East Forum or one of its predecessors, affiliates, and/or divisions, and its officers, agents, employees, servants, representatives, and attorneys of anyone or more such person.

10.     "Confidential Information" shall have the meaning as defined in the Confidentiality and Non-Disclosure Agreement entered into on October 16, 2017 between Defendant and MEF.

11.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

12.     "Regarding" means relating or referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

13.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

14.     When asked to identify a communication or representation, your response should include: (1) the date on which the communication occurred; (2) the means by which the communication occurred *(e.g.,* by telephone, in person, by email, etc.); (3) the substance of the communication; and (4) identification of all parties to the communication and all documents related to the communication.

3

15.     When asked to "identify" a person or persons, please state the person's or persons' name(s), job title, current addressees), current telephone number(s), and present or last known employer and job title or position.

16.     When an interrogatory requests you to "identify" a document, please state the document's author or authors, all recipients, the date of the document, the type of the document *(e.g.,* letter, memorandum, etc.), the number of pages in the document, and document control numbers affixed to the document and each person having custody or control of the document.

17.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by Plaintiff and Defendant, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

18.     Unless otherwise expressly indicated, these discovery requests refer to the time, place, and circumstances beginning on or after September 25, 2017.

19.     If you assert that any portion of an interrogatory is objectionable, answer those remaining parts of the interrogatory to which you do not object.

## **INTERROGATORIES**

**Interrogatory No. 1:**

Identify all documents and communications in Defendant's possession, custody, or control as of the date she stopped working for MEF (including but not limited to materials contained in Defendant's personal e-mail accounts, laptop or desktop computer, PDA or cellular phone, voice message recordings, hard drives, or other storage devices) reflecting work performed by Defendant while employed by MEF, communications regarding MEF, and information to which Defendant had access during her employment at MEF, whether or not those documents and communications are currently in Defendant's possession, custody, or control.

4

**Interrogatory No. 2:**

Identify all documents and communications that Defendant sent, saved, or transferred in some other manner from an MEF server or other MEF database or file to a personal device, e-mail, text or other medium (including but not limited to text and/or e-mail messages, laptop or desktop computers, PDAs or cellular phones, voice message recordings, LinkedIn messaging, social media, hard drives, or other storage devices) during her employment at MEF, whether or not those documents and communications are currently in Defendant's possession, custody, or control.

**Interrogatory No. 3:**

For each document or communication identified in response to the prior interrogatories, state: (a) the manner in which Defendant acquired, downloaded, uploaded, transferred, duplicated, or otherwise retained the file or document; (b) the dates on which Defendant acquired, downloaded, uploaded, transferred, duplicated, or otherwise retained the file or document; and (c) the current location(s) of the files or documents.

**Interrogatory No. 4:**

Separately identify in detail each communication or other exchange of information between Defendant and any other person or entity (excluding then-current MEF employees) from the last date of her MEF employment through today's date in which Confidential Information was discussed or mentioned in anyway, and in your answer, include the date of each such communication, the method of each communication *(e.g.,* meeting, telephone, e-mail, text), the subject matter of each communication, and the persons involved in each communication.

**Interrogatory No. 5:**

If any documents and/or communications requested by MEF have been destroyed, erased, or altered, separately state: (a) the date on which such documents and/or communications were

destroyed, erased, or altered; (b) a detailed description of the materials destroyed, erased, or altered; (c) on which devices or locations the materials were destroyed, erased, or altered; and (d) all persons who directed, participated in, and/or have knowledge of such destruction, erasure, or alteration.

Dated: December 5, 2019

THE MIDDLE EAST FORUM
By counsel,

/s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for The Middle East Forum*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**THE MIDDLE EAST FORUM'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Lisa Reynolds-Barbounis ("Defendant") produce those documents and tangible things listed below for inspection and copying, and that the production be made accompanying Defendant's service of her written responses upon MEF at the offices of Sidney L. Gold & Associates P.C., or a mutually agreeable location within this district.  Furthermore, these requests shall be deemed to be continuing to the fullest extent permitted by the rules.

**DEFINITIONS AND INSTRUCTIONS**

A.  The definitions and instructions contained in MEF's First Set of Interrogatories (the "Interrogatories") are incorporated herein by reference.

B.  Unless otherwise expressly indicated, these discovery requests refer to the time, place, and circumstances beginning on or after September 25, 2017.

C.  With respect to any document requested for which a claim of privilege, work product, or confidentiality is made, specify (in log form) the nature of the privilege, the nature of the document, identify by name, address, title, and business affiliation, the writer, the addressee, and

1

all recipients thereof, and set forth the general subject matter to which the document relates, and an applicable date.

D.  Defendant shall separately identify the Request by number pursuant to which each document or tangible thing is produced.

E.  A written response to these Requests is required pursuant to Federal Rule of Civil Procedure 34 (b)(2)(A).

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in or requested to be identified in Defendant's answers to MEF's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications obtained or received by Defendant since Defendant began employment with MEF that reflect or mention MEF and/or its donors (excluding communications with Defendant's counsel), including but not limited to all such documents and communications transferred to and/or from Defendant's personal e-mail account(s), LinkedIn, PDAs, social media accounts or storage devices.  Please produce these materials with all available metadata to show when Defendant or anyone else last accessed the file or document.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications in Defendant's possession, custody, or control (including but not limited to personal e-mail accounts, laptop or desktop computer, PDA or cellular phone, voice message recordings, other audio recordings, hard drives or other storage devices) reflecting work performed by Defendant while employed by MEF and information to which

Defendant accessed during her employment at MEF. Please produce these materials with all available metadata to show when Defendant or anyone else last accessed the file or document.

## REQUEST FOR PRODUCTION NO. 4:

An inspection of Defendant's electronic devices and electronic storage, so that the devices can be imaged by a professional vendor to: (a) ensure preservation; (b) discovery what MEF data is still resident on those devices; and (c) recover the materials Defendant's counsel states was "erased" from the devices, as well as any metadata surrounding the destruction.

Dated: December 3, 2019           THE MIDDLE EAST FORUM
By counsel,


/s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for The Middle East Forum*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

## ORDER FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion") shall be, and hereby is, GRANTED as follows:

1.      Defendant shall respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents attached to Plaintiff's Motion as Exhibit A on or before _____, 2019.  With respect to documents and other tangible things that are responsive to the requests, Defendant shall deliver electronic copies to Plaintiff's counsel in a format acceptable to Plaintiff's counsel and in a format which preserves and does not alter any and all existing metadata.

2.      Defendant shall immediately preserve all related documents and files, including all metadata, and shall take steps to prevent the deletion, destruction, or loss of all information, documents, and other hard copy and electronic materials related to the claims raised in the Complaint, including, but not limited to: (a) information, documents, and tangible things that are responsive to the discovery requests attached as Exhibit A to Plaintiff's Motion, (b) information, documents, and other tangible things, including email communications and other electronic data, stored on Defendant's computer hard drives as well as the hard drives themselves, and (c) any other information, documents, or tangible things that are either relevant to the claims made in the Complaint or that may lead to the discovery of admissible evidence.

SO ORDERED this _____ day of _____, 2019.

_____

Hon. Juan R. Sánchez
United States District Court Judge

Exhibit C

**Vázquez, Martha**

| | |
|---|---|
| **From:** | Seth Carson <seth@dereksmithlaw.com> |
| **Sent:** | Monday, November 18, 2019 9:58 AM |
| **To:** | Barnes III, Attison; Briscoe, Adam |
| **Cc:** | Vázquez, Martha |
| **Subject:** | Re: Lisa Barbounis, Caitriona Brady, and Delaney Yonchek |

I am working on a case with a deadline at midnight.  I will not have an opportunity to talk with my clients today or review the word attachment.

We are not going to agree to give you access to their phones.

I also don't agree that they have to provide you with a list of information which they destroyed.  They destroyed almost everything in accordance with their responsibilities.   Your client has no case.  If you file a case it will be dismissed during the pleading stage.

If it's not, it will be dismissed during a motion for summary judgment.   I will represent them for your entirely frivolous claims,  and postpone my billing.  My clients and I will collect payment after we bounce your case out of court and add claims for retaliation to our ongoing litigation.  As it stands, I will file new Charges of Discrimination with the EEOC today based upon your clients' actions is threatening my clients with litigation for nothing.   Your client's claims are entirely without merit.  They are facially transparent.  It is a clear attempt to harass and retaliate and has absolutely nothing to do with protecting company information.  Your client has no reason to even suspect that company information is at risk.

We will not recommend that my clients agree to any of the new proposals in your last email.

Moreover, any agreement my clients sign must be couched as a release of your clients claims.  My clients are no going to execute affidavits so you can turn around and try to use them in a court case you plan  on filing.

If you want my clients to sign something, your clients will have agree to release any and all claims.

We can work this out if your client wants to be reasonable.  I suspect being reasonable and working this out is the last thing your client wants.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103

1

Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wileyrein.com>
**Sent:** Sunday, November 17, 2019 4:32 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wileyrein.com>
**Cc:** Vázquez, Martha <MVazquez@wileyrein.com>
**Subject:** RE: Lisa Barbounis, Caitriona Brady, and Delaney Yonchek





**Attison L. Barnes, III** | Attorney at Law
1776 K Street NW | Washington, DC 20006
T: 202.719.7385 | abarnes@wileyrein.com
wileyrein.com | Bio | LinkedIn | Twitter