# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM          :
1650 Market Street, Suite 3600
Philadelphia, PA 19103,               :

                   :

         Plaintiff,            :

                   :

vs.                        :       Civil Action No.: 2:19-cv-5697

                   :

LISA REYNOLDS-BARBOUNIS       :
2601 Pennsylvania Avenue, #1153
Philadelphia, PA 19130,              :

                   :

         Defendant.         :

## ORDER FOR EXPEDITED DISCOVERY

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion") shall be, and hereby is, ORDERED as follows:

1.       On or before 5:00 PM EST on Thursday, January 16, 2020, Defendant shall verify under oath her answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and produce all remaining responsive documents and things to Plaintiffs, including, but not limited to, the voice recordings.  With respect to documents and other tangible things that are responsive to the requests, Defendant shall deliver electronic copies to Plaintiff's counsel in a format acceptable to Plaintiff's counsel and in a format which preserves and does not alter any and all existing metadata.

2.       Defendant shall immediately preserve all related documents and files, including all metadata, and shall take steps to prevent the deletion, destruction, or loss of all information, documents, and other hard copy and electronic materials related to the claims raised in the

Complaint, including, but not limited to: (a) information, documents, and tangible things that are responsive to the discovery requests attached as Exhibit A to Plaintiff's Motion, (b) information, documents, and other tangible things, including email communications and other electronic data, stored on Defendant's computer hard drives, USB drives, and external hard drives, as well as the hard drives themselves, and (c) any other information, documents, or tangible things that are either relevant to the claims made in the Complaint or that may lead to the discovery of admissible evidence.

3.      On or before 5:00 PM EST Friday, January 17, 2020, Defendant shall supply to the discovery vendor Cornerstone Discovery ("Cornerstone") (attention Lou Cinquanto) all electronic devise(s), including, but not limited to, cellular telephones (including, but not limited to, the three devices depicted in her social media post dated on or around November 27, 2019), all laptops and computers (including the Microsoft Surface that was depicted in her social media post dated November 22, 2018), and any other devices, and any cloud-based storage accounts connected to those devices (including, but not limited to, iCloud accounts, Dropbox, WhatsApp backups, Telegram, Google Drive, Facebook, and Wickr).

4.      The parties shall share the cost equally for imaging (and obtaining all available metadata for): (i) restoring and imaging (and obtaining all available metadata for) all documents and data belonging to MEF and/or its donors that were deleted from the devices; and (ii) after complete sets of images are shared with counsel for both parties (who are to retain the imaged materials under strict confidence and may only use them for purposes of this litigation, after which they are to be deleted by counsel for Barbounis), permanently removing all documents and data belonging to MEF and/or its donors from the devices; (d) identify under oath all persons who may have received or had access to confidential documents and/or trade secrets belonging to MEF

and/or its donors, the identity of the items shared, and approximate dates thereof; and (e) take diligent steps to ensure that confidential information and trade secrets belonging to MEF and/or its donors are not further disseminated or used by Barbounis or any other person.

5.      Cornerstone shall only exclude from its imaging of these devices the following: (1) emails, texts, and other communications to or from Seth Carson, Derek Smith Law Group (e-mail: seth@dereksmithlaw.com and phone: 484-678-2210 ), Mike Yoder (phone: 202-595-4504), Patrick Sandman (phone: 609-457-6029); (2) emails, texts, and other communications to or from Vasili Barbounis (phone: 215.439.1002), Jane Reynolds (phone: 856-287-1436), Greg Reynolds (267-761-8622),  David Reynolds (856-287-1602), and email addresses coming to or from a state.gov domain, except if such emails, texts, and other communications mention The Middle East Forum ("MEF") or its principals Daniel Pipes, Gregg Roman, or Marc Fink, and if a text message chain to or from Vasili Barbounis mentions such entity or individuals, the text chain for a 12 hour period before and after that time shall be captured; (3) emails, texts, and other communications with Randy Weber (email: randy@randyweber.org, phone: 281-744-7300, 281-480-8914), Ryan Costello (phone: 610-504-3296), Chara McMicheal, except if such emails, texts, and other communications mention The Middle East Forum ("MEF") or its principals Daniel Pipes, Gregg Roman, or Marc Fink, and if a text message chain to or from Randy Weber, Ryan Costello, and/or Chara McMicheal mentions such entity or individuals, the text chain for a 12 hour period before and after that time shall be captured.

6.      All images recovered by Cornerstone shall be jointly reviewed by Mr. Seth Carson and Ms. Martha Vázquez with a Cornerstone representative for relevance at a time mutually agreeable to both attorneys.

7.      All data, images, documents, and other information obtained from Barbounis' devices shall be subject to Attorney's Eyes Only.

8.      Cornerstone shall endeavor provide the data and information by Monday, January 20, 2020.


SO ORDERED this 15th day of January, 2020.


/s/ Juan R. Sánchez
United States District Court Judge Sanchez

4