**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
|  | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
|  | : |  |
| Defendant. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,**
**LISA REYNOLDS-BARBOUNIS'S MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

Defendant, Lisa Reynolds-Barbounis ("Defendant" or "Ms. Barbounis") hereby files this Memorandum of Law in Support of Defendant's Motion for Reconsideration.  Defendant's Motion is filed to correct a clear error of law and to prevent a manifest injustice. Accord General Instrument Corp of Delaware. v. Nu-Tek Elecs. & Mfg., Inc., 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), aff'd., 197 F.3d 83 (3d Cir. 1999).  On January 15, 2020, this honorable Court issued a discovery Order compelling Ms. Barbounis to turn over five electronic devices for imaging by a third party vender.  Four of these devices are Ms. Barbounis's personal and family cell phones and laptop.   The three phones identified in the Order were purchased for Ms. Barbounis through a family cell phone plan in the name of Visili Barbounis, Ms. Barbounis's husband. A true and accurate copy of the Declaration of Lisa Reynold-Barbounis is attached and marked Defendant's Exhibit "A".  Notwithstanding, the January 15, 2020 Order requires Ms. Barbounis to furnish all five of these devices to a third party vender for imaging.  The Order then requires all imaged contents to be turned over directly from the vender to Plaintiff, MEF for inspection.  The Order

provides that Plaintiff, MEF is to receive the entire imaged contents of all of Ms. Barbounis's personal devices. The Order provides almost no restriction other than attorney-client privilege. Before the Order was signed, the burden of ***disproving relevance*** was improperly hoisted upon Defendant, Lisa Barbounis. Ms. Barbounis was forced to answer the question: "what information don't you want produced?" Any information not identified by Ms. Barbounis or not agreed upon by Plaintiff, MEF was deemed relevant, discoverable evidence. This method of discovery is based upon a clear misapplication of the Federal Rules of Civil Procedure, Rule 26(b)(1), which requires "the party seeking the discovery has the burden of clearly showing the relevancy of the information sought. Fed. R. Civ. P. 26(b)(1), 37(a)(1). See Federal Rule of Civil Procedure 37(a)(3)(B) ("[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). See also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (Cowen, J.) (citing Fed. R. Civ. P. 37(a)(1)) ("In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent."). Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) ("[t]he party seeking the discovery has the burden of clearly showing the relevancy of the information sought.").

      During the January 15, 2020 discovery hearing Plaintiff, MEF was asked to describe the information Plaintiff, MEF seeks through its overly broad discovery request. Plaintiff, MEF refused to answer this question and to date, Plaintiff has provided no explanation or description identifying the information sought through the imaging of Ms. Barbounis's personal devices. At the hearing, Plaintiff argued that it should not be constrained by the burden of identifying relevant information sought through the imaging of all of Ms. Barbounis's personal electronic devices. Instead, Plaintiff requested (and received) an Order compelling the imaging of all of

Ms. Barbounis's personal devices; so that Plaintiff can sift through Ms. Barbounis's personal and private information to determine what, if any information is relevant to Plaintiff's claims. This is the very definition of an overly broad and improper discovery order; and it goes against the express requirements provided in the Federal Rules of Civil Procedure. By forcing Plaintiff to identify information she does not wish to turn over, the burden was improperly shifted to Ms. Barbounis. Importantly, cell phones contain a plethora of personal and private information and it is an impossible task for Ms. Barbounis to identify all non-relevant information. According to the Order, Plaintiff, MEF will receive the entire contents of all of Ms. Barbounis's personal devices, including three cell phones and two laptops, directly from the vender with only those restrictions Ms. Barbounis could think of and that Plaintiff would agree to.

In issuing the January 15, 2020 Order, the Court gave no consideration to Ms. Barbounis's right to privacy; a right clearly impacted by the disclosure of electronically stored information ("ESI") contained in four personal and family devices[2]. In <u>Lawson v. Love's Travel Stops & Country Stores, Inc.</u>, the court explained:

> Cellphones and cellphone technology are now a ubiquitous part of our lives. For many, the most personal and intimate facts of their lives are carried and saved in their personal electronic devices. Therefore, requests for wide-ranging discovery of cellphone contents often implicate important privacy interests, interests which must be weighed against the need for such disclosure. <u>Lawson v. Love's Travel Stops & Country Stores, Inc.</u>, No. 1:17-CV-1266, 2020 WL 109654, at *2 (M.D. Pa. Jan. 9, 2020).

The <u>Lawson v. Love's Travel</u> court went on to explain:

> … [W]e must be mindful of the fact that social media is at once both ubiquitous and often intensely personal, with persons sharing through social media, and

---

[2] One of the laptops identified in the Order is an Apple MacBook Pro, which Defendant, Lisa Barbounis has sworn and which Plaintiff, MEF has conceded, Ms. Barbounis returned to MEF when her employment ended. <u>A true and accurate copy of the Declaration of Defendant, Lisa Reynolds-Barbounis is attached and marked Defendant's Exhibit "A"</u>.
   Accordingly, only four (4) of the devices identified in the January 15, 2020 Order are Ms. Barbounis's personal devices. The fifth device is the Apple MacBook Pro which was purchased for Ms. Barbounis by MEF and returned to MEF when Ms. Barbounis's employment with MEF ended.

> storing on electronic media, the most intimate of personal details on a host of matters, many of which may be entirely unrelated to issues in specific litigation. As the Supreme Court has observed in a criminal context: "[T]here is an element of pervasiveness that characterizes cell phones but not physical records. Prior to the digital age, people did not typically carry a cache of sensitive personal information with them as they went about their day. Now it is the person who is not carrying a cell phone, with all that it contains, who is the exception." Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2020 WL 109654, at *2 (M.D. Pa. Jan. 9, 2020) citing Riley v. California, 573 U.S. 373, 395, 134 S. Ct. 2473, 2490, 189 L. Ed. 2d 430 (2014).

The Court's January 15, 2020 Order disregarded Ms. Barbounis's right to privacy by requiring the entire imaged contents of four personal and family devices furnished directly to Plaintiff regardless of relevance. As the party seeking discovery, Plaintiff MEF has the burden of clearly showing the relevancy of the information sought. Fed.R.Civ.P. 26(b)(1), 37(a)(1). Accord Romero v. Allstate Ins. Co., 271 F.R.D. 96 (E.D. Pa. 2010) ("The party opposing discovery has the burden to raise an objection, then the party seeking discovery must demonstrate the relevancy of the requested information. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.").

Ms. Barbounis does not seek to deprive Plaintiff of obtaining relevant, discoverable ESI. Ms. Barbounis only seeks a more narrowly tailored request supported by a more specific showing of relevance. Defendant, Lisa Barbounis does not wish for her entire life to be turned over to the Plaintiff for its inspection. Ms. Barbounis's position is premised upon the objective of protecting personal, private, confidential information contained in her personal electronic devices. At the January 15, 2020 discovery hearing, Plaintiff made no showing of relevance. Plaintiff could not answer the simple question: "what are you seeking?" Plaintiff's overly broad discovery request was supported only by a showing of electronic devices that Ms. Barbounis may have used in the past two-and-a-half (2.5) years. Plaintiff presented eleven (11) images

taken mostly from Ms. Barbounis's social media accounts depicting Ms. Barbounis using an electronic device. Plaintiff then argued that MEF should be provided with all ESI contained the electronic devices depicted in the images. This was the extent of Plaintiff's argument. Plaintiff, MEF presented no argument supporting its position that relevant evidence may be contained on the devices depicted in the images presented. Plaintiff refused to acknowledge its own burden of making discovery requests that are relevant to the claims presented in Plaintiff's complaint. And "[w]hile the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without limits." Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 149–50 (M.D. Pa. 2017). Defendant, Lisa Barbounis requests only that Plaintiff, MEF's be required to limit its discovery requests based on relevance by identifying the information contained in Ms. Barbounis's personal devices which MEF seeks. The current Order will certainly and unequivocally result in personal and private information, which is entirely unrelated to the instant matter, being furnished to Plaintiff. This is a bell that cannot be un-rung which violates the rules of discovery provided for in the Federal Rules of Civil Procedure and violates Ms. Barbounis's right to withhold non-relevant private, personal information. Ms. Barbounis's right to protect irrelevant, private, personal information contained in her electronic devices can only be made prior to its disclosure. Ms. Barbounis has a right to protect irrelevant, confidential and private information contained in her personal electronic devices. Defendant, Lisa Reynolds-Barbounis therefore submits the following arguments in support of reconsideration of the January 15, 2020 Order.

## II. STANDARD OF REVIEW

Courts should grant motions for reconsideration sparingly, reserving them for instances where there has been "(1) an intervening change in controlling law, (2) the emergence of new

evidence not previously available, or (3) the need to correct a clear error of law or to prevent a manifest injustice." General Instrument Corp of Delaware v. Nu-Tek Elecs & Mfg., Inc., 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), aff'd., 197 F.3d 83 (3d Cir. 1999); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. See United States v. Phillips, 2001 WL 527810, at *1 (E.D.Pa. May 17, 2001) (citing Burger King Corp. v. New England Hood and Duct Cleaning Co., 2000 WL 133756, at *2 (E.D.Pa. Feb. 4, 2000).  When a court issues an interlocutory order, the court has the authority to reconsider the order "when it is consonant with justice to do so." United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) (citing United States v. Bryson, 16 F.RD. 431, 435 (N.D. Cal. 1954), aff'd, 238 F.2d 657 (9th Cir. 1956)); Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment (recognizing that interlocutory orders are "subject to the complete power of the court rendering them to afford such relief from them as justice requires"). Enslin v. Coca-Cola Co., No. 2:14-CV-06476, 2016 WL 7042206, at *1 (E.D. Pa. June 8, 2016).

### III.    ARGUMENT

#### A. Litigants are responsible for preserving relevant information on their own.

As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party "has notice that the evidence is relevant to litigation or ... should have known that the evidence may be relevant to future litigation." See Bull v. United Parcel Serv., Inc., 665 F.3d 68 (3d Cir. 2012); Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir.2001); see also Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216–18 (S.D.N.Y.2003).  The Sedona Principles are a set of authoritative guidelines

published by The Sedona Conference to aid members of the legal community involved in the identification, collection, preservation, review and production of electronically stored information. The Sedona Principles are often relied upon by our federal courts including the Eastern District of Pennsylvania and the Third Circuit. According to The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, (The Sedona Conference Working Group Series, 2007), "[i]t is the responsibility of the parties to ensure that relevant ESI is preserved, and when that duty is breached, a district court may exercise its authority to impose appropriate discovery sanctions. See Fed.R.Civ.P. 37(b). Accordingly, a federal court's authority to compel the forensic imaging and production of computer hard-drives as a means to preserve relevant electronic evidence is tempered by the litigants' responsibilities for preserving relevant information on their own. Such drastic measures for preserving electronic information should only be employed in a very limited set of circumstances. Cf. The Sedona Principles, supra, at 33 (noting that, because all litigants are obligated to preserve relevant information in their possession, preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion). John B. v. Goetz, 531 F.3d 448, 459 (6th Cir. 2008).

The discovery process is designed to be extrajudicial, and it relies on responding parties to search their own records and produce documents or other data. See Powers v. Thomas M. Cooley Law Sch., No. 5:05-CV-117, 2006 WL 2711512, at *5 (W.D. Mich. Sept. 21, 2006). The Advisory Committee Notes to Rule 34 recognize that courts must use caution in evaluating requests to inspect an opposing party's electronic devices or systems for ESI, in order to avoid unduly impinging on a party's privacy interests:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems. Fed. R. Civ. P. 34, Advisory Committee Notes—2006 Amendment (emphasis added).

Numerous courts have also recognized this need to "guard against undue intrusiveness" and to be "cautious in requiring" the forensic inspection of electronic devices, in order to protect privacy interests. See John B. v. Goetz, 531 F.3d 448, 459-60 (6th Cir. 2008) (citing cases and concluding that the "compelled forensic imaging orders here fail[ed] to account properly for ... significant privacy and confidentiality concerns"). "Mere suspicion" or speculation that an opposing party may be withholding discoverable information is insufficient to support an "intrusive examination" of the opposing party's electronic devices or information systems. Scotts Co. LLC v. Liberty Mut. Ins. Co., No. 2:06-CV-899, 2007 WL 1723509, at *2 (S.D. Ohio June 12, 2007). In particular, a court must be cautious "where the request is overly broad in nature and where the connection between the party's claims and the [electronic device] is unproven." A.M. Castle & Co. v. Byrne, 123 F. Supp. 3d 895, 900-01 (S.D. Tex. 2015) (collecting cases); see also Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Nemaha Brown Watershed Joint Dist. No. 7, 294 F.R.D. 610, 619 (D. Kan. 2013) (denying a request to inspect personally-owned devices of defendant's employees in part because "the Court [had] significant concerns regarding the intrusiveness of the request and the privacy rights of the individuals to be affected"). Hespe v. City of Chicago, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016).

Plaintiff, MEF has identified five electronic devices which Ms. Barbounis had access to

in the past two-and-a-half (2.5) years, three of which are personal devices connected with a family cell phone plan Ms. Barbounis maintains with her husband, Visili Barbounis. Plaintiff's discovery request includes no limits whatsoever. Plaintiff asked Defendant to allow the forensic imaging, including meta data, of every personal electronic device that Defendant ever used in the past two-and-a-half (2.5) years. Plaintiff then asked for the entire imaged contents of the cell phone to be produced directly from the cell phone vender to Plaintiff without any limitations other than those referenced in the Order. There is zero possibility that this method of production will not lead to the discovery of personal, private, confidential information that is not relevant to the parties claims or defenses. Plaintiff has offered no rationale to explain why the Court should disregard the Federal Rules of Civil Procedure and allow the responding parties to search their own records and produce documents or other data. As the Third Circuit described in Race Tires Am., Inc. v. Hoosier Racing Tire Corp., there is a process connected with the production of documents in complex litigation:

> … The documents, or duplicates of the documents, were then reviewed to determine those that may have been relevant. The files designated as potentially relevant had to be screened for privileged or otherwise protected material. Ultimately, a large volume of documents would have been processed to produce a smaller set of relevant documents. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 169 (3d Cir. 2012).

In Boeynaems v. LA Fitness Int'l, LLC Judge Baylson described his method of determination.

> Discovery need not be perfect, but discovery must be fair. In determining the boundaries of appropriate discovery in any case where the scope of discovery is subject to disputes, I have found it useful to adopt, as both a metaphor and a guide to determine what discovery is appropriate, a "discovery fence." The facts that are within the discovery fence are discoverable, and relevant materials should be produced; the facts that are outside the fence are not discoverable and documents or information need not be produced in discovery. Boeynaems v. LA Fitness Int'l, LLC, 285 F.R.D. 331, 333 (E.D. Pa. 2012)

In the instant matter there is no fence. There are no constraints. There is no consideration for Defendant, Lisa Barbounis's right to privacy. Plaintiff has requested and the January 15, 2020 Order provides that Plaintiff will get everything contained in Ms. Barbounis's personal devices. But see Enslin v. Coca-Cola Co. holding (… a party who is asked to produce ESI is "best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing [its] own electronically stored information" and that a requesting party therefore bears the burden of "show[ing] that a responding party's production of ESI was inadequate and that additional efforts are warranted,"). Enslin v. Coca-Cola Co., No. 2:14-CV-06476, 2016 WL 7042206, at *1 (E.D. Pa. June 8, 2016).

### B. The January 15, 2020 Order is extraordinarily intrusive, wholly unwarranted and represents the most extreme example of an overly broad discovery request.

In John B. v. Goetz, the Sixth Circuit Court of Appeals ruled that the district court committed "a clear error in judgment" by ordering the forensic imaging of plaintiffs' computers. The district court's order did not even address the manner in which the imaged information would be produced. The mere copying of all ESI on the plaintiffs' computers constituted a reversible error. See John B. v. Goetz, 531 F.3d 448, 461 (6th Cir. 2008) ("the district court's forensic imaging orders constitute the type of "demonstrable abuse of discretion" that warrants mandamus relief.").

In an unpublished Tenth Circuit opinion, the court explained that mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures. See McCurdy Group, LLC v. Am. Biomedical Group, Inc., 9 Fed.Appx. 822, 831 (10th Cir.2001). And the Sedona Principles urge general caution with

respect to forensic imaging in civil discovery.

In John B. v. Goetz, the district court "fail[ed] to account properly for the significant privacy and confidentiality concerns present in this case." John B. v. Goetz, 531 F.3d 448, 460 (6th Cir. 2008). In Hespe v. City of Chicago, the district court judge explained, inspection of plaintiff's electronic devices is not "proportional to the needs of this case" because any benefit the inspection might provide is "outweighed by plaintiff's privacy and confidentiality interests." Hespe v. City of Chicago, No. 13 C 7998, 2016 WL 7240754, at *3 (N.D. Ill. Dec. 15, 2016).

The Sixth Circuit in John B. v. Goetz analyzed the factors which must be addressed to warrant the drastic discovery measure of forensic imaging.

> In its memorandum opinion of October 9, 2007, the district court explained that it issued the contested orders because it believed that defendants had failed to comply with various discovery orders and had not properly preserved relevant ESI throughout the course of this litigation. Furthermore, forensic imaging is not the only available means by which the district court may respond to what it perceives to be discovery misconduct. The district court maintains authority to impose sanctions for discovery violations under the federal rules and pursuant to its inherent powers. … such measures can be less intrusive than forensic imaging, and it is not apparent from the record that the district court has exercised its sanctioning authority. John B. v. Goetz, 531 F.3d 448, 460–61 (6th Cir. 2008).

A district court's discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2020 WL 109654, at *3 (M.D. Pa. Jan. 9, 2020). "The Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014). Rule 26 therefore constrains that which can be obtained through discovery, and reaches any nonprivileged matter that is relevant to any party's claim or

defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2020 WL 109654, at *3 (M.D. Pa. Jan. 9, 2020). The concept of relevance is tempered by principles of proportionality. Courts must consider whether the discovery requests are "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Issues of proportionality must be considered in light of the information sought. This requirement has no greater significance as when a party requests the complete imaging of a personal electronic device such as a cell phone or laptop computer. The Supreme Court of the United States explained in Riley v. California: "Thus, "[t]oday ... it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate." Riley v. California, 573 U.S. 373, 395, 134 S. Ct. 2473, 2490, 189 L. Ed. 2d 430 (2014). Numerous courts have recognized a need to "guard against undue intrusiveness" and to be "cautious in requiring" the forensic inspection of electronic devices, in order to protect privacy interests. See John B. v. Goetz, 531 F.3d 448, 459-60 (6th Cir. 2008) (citing cases and concluding that the "compelled forensic imaging orders here fail[ed] to account properly for ... significant privacy and confidentiality concerns"). "Mere suspicion" or speculation that an opposing party may be withholding discoverable information is insufficient to support an "intrusive examination" of the opposing party's electronic devices or information systems. Scotts Co. LLC v. Liberty Mut. Ins. Co., No. 2:06-CV-899, 2007 WL 1723509, at *2 (S.D. Ohio June 12, 2007); Hespe v. City of

Chicago, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016). Lawson v. Love's Travel Stops & Country Stores, Inc., No. 1:17-CV-1266, 2020 WL 109654, at *4 (M.D. Pa. Jan. 9, 2020).

In John B. v. Goetz, the Sixth Circuit Court of Appeals explained that the mere act of imaging a personal electronic device raises significant privacy and confidentiality concerns. See John B. v. Goetz ("Plaintiffs are correct that the discovery orders merely call for the imaging of the relevant media and that the district court has yet to determine how to proceed with respect to the information contained on that media. Nevertheless, the mere imaging of the media, in and of itself, raises privacy and confidentiality concerns. Duplication, by its very nature, increases the risk of improper exposure, whether purposeful or inadvertent. Further, counsel for plaintiffs conceded at oral argument that the information contained on the hard drives, including information not related to this litigation, must eventually be accessed to determine relevance.") John B. v. Goetz, 531 F.3d 448, 457 (6th Cir. 2008). See also Id (… "the imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the … litigation. This duplication implicates significant privacy and confidentiality interests—regardless of whether the imaged media are initially held under seal—and these interests cannot be fully protected ex post. For these reasons, the second mandamus factor weighs in favor of granting the writ."). John B. v. Goetz, 531 F.3d 448, 458 (6th Cir. 2008).

    **C.**    **Defendant, Lisa Barbounis has taken all steps to preserve electronically stored information that might be discoverable in this matter.**

Plaintiff, Middle East Forum has argued that Defendant, Lisa Reynolds-Barbounis has already deleted discoverable information relevant to the claims and defenses in this matter. This assertion is based entirely upon an email that counsel for Defendant, Seth D. Carson sent to counsel for the Plaintiff, Middle East Forum. The email sent by Defendant's counsel did not

state that Defendant, Lisa Barbounis erased any information from any device. The correspondence was connected to attorney Seth Carson's representation of three former MEF employees, all of which were accused by MEF of violating their confidentiality and nondisclosure agreements. The statement that information had been destroyed was not related in any way to Defendant, Lisa Barbounis. <u>A true and accurate copy of the Declaration of Seth Carson is attached and marked Defendant's Exhibit "B"</u>. Defendant, Lisa Barbounis has confirmed that she has not deleted any electronic information is her sworn responses to Plaintiff's First Set of Interrogatories. <u>A true and accurate copy of Defendant's Responses to Plaintiff's First Set of Interrogatories is attached and marked Defendant's Exhibit "C"</u>.

Plaintiff, MEF has produced no other information which would warrant expedited discovery other than the email correspondence by attorney Seth Carson. See (Doc 6 Exhibit C). Defendant's Responses to Plaintiff's First Set of Interrogatories and the Declaration of Seth Carson clarify this issue, there is no further justification for engaging in the intrusive discovery process requested by Plaintiff, MEF and provided for in the Court's January 15, 2020 Order.

### D. **The Privacy Concerns implicated by production of the entire imaged contents of all of Defendant's electronic devices extends to third parties.**

The personal and private information contained on Defendant, Lisa Barbounis's electronic devices extends to third parties. Ms. Barbounis uses her personal electronic devices to do business with many individuals who have no connection whatsoever to the Middle East Forum. Ms. Barbounis has held numerous private discussions of a confidential nature with loved ones, family and friends. These private communications are of an extremely sensitive nature and implicate the rights of Ms. Barbounis and the third parties with whom she communicated. The privacy interests of these third parties is therefore implicated by Plaintiff's overly broad discovery request. The protective order and limited constraints provided for in the January 15,

2020 Order fails to protect the rights of these third parties.  Because these third parties will not have the opportunity to present arguments to protect this private, sensitive, and confidential information, it is up to the court to consider their interests.  The telephones that Plaintiff, MEF seeks to image and obtain do not even belong to Defendant, Lisa Barbounis.  Every device depicted in the eleven (11) images presented to the Court by Plaintiff is in the name of Ms. Barbounis's husband, Visili Barbounis.  A lawful forensic investigation may become unlawful when further forensic investigation starts impinging upon the privacy interests of third parties. Additionally, because a lawful owner of a device consents to its forensic examination does not necessarily mean every digital file stored on the device is fair game to inspect—i.e., falls within the scope of the owner's consent to search. For example, it is possible for a password-protected file to be located on a device that is co-owned (requiring consent of the co-owner), or the files themselves may be under the exclusive control of a co-owner or even a third-party who was granted permission to use the device. More commonly, issues arise about scope of consent when the forensic examination leads to the identification of web-based accounts. These accounts may or may not be password-protected and may present distinct considerations relating to the privacy rights of third-parties who communicated with the account holder.

   E. **Defendant, Lisa Barbounis's electronic devices contain sensitive information of a personal and private nature that extends well beyond the limited protections provide for in the January 15, 2020 Order.**

   Since the Court issued its January 15, 2020 Order, Defendant, Lisa Barbounis has spent significant time considering the private, sensitive, personal information contained in her electronic devices which will be imaged and produced directly to the Plaintiff.  The January 15, 2020 Order does very little to protect the private, personal information contained in Defendant, Lisa Barbounis electronic devices, which Ms. Barbounis seeks to remain private.  Ms. Barbounis

seeks only to protect non-relevant information of a private, sensitive, personal nature. Ms. Barbounis has nearly two-thousand-four-hundred (2,400) images contained in her electronic devices that she does not wish to be imaged and reviewed. Many of these images were shared with Ms. Barbounis by third parties. Many of these images are extremely private and the Order does nothing to prevent the copying and review of these images. It is the mere act of copying all private information and then the review of that information which Ms. Barbounis wishes to prevent. The electronic information contained in Ms. Barbounis's personal electronic devices will most assuredly date back at least ten (10) years; well before relevant information could even have been contemplated, as Ms. Barbounis's employment with MEF began in 2017. Production of this information directly from vender to Plaintiff is the definition of casting a wide net. Ms. Barbounis seeks an Order that would protect Ms. Barbounis from producing non-relevant information of a private, sensitive nature to Plaintiff. Ms. Barbounis's personal electronic devices have been used continuously for the past decade to conduct every facet of Ms. Barbounis's life. In the last two years alone, Ms. Barbounis would estimate that less than one-percent (1%) of the information contained in her personal electronic devices relates in any way to her employment at the Middle East Forum.

Defendant, Lisa Barbounis suggests that there must be a way to provide Plaintiff, MEF with the one-percent of relevant information without producing the other ninety-nine-percent (99%). (emphasis added). The remainder of non-relevant information (the 99%) contained in Ms. Barbounis's personal electronic devices relates to the most sensitive, intimate, and private aspects and thoughts of Lisa Barbounis's life, including, (1) her marriage and conversations with, about or to her husband including her relationship with her husband, (2) relationships with her friends including relationships of an extremely private, personal, and sensitive matters (2)

relationships and conversations with close family members, (4) relationships and conversations with coworkers, (5) relationships and conversations with colleagues, (6) personal medical information, (7) personal financial information, (8) her own thoughts with herself, (9) information about her health and health status.

The January 15, 2020 Court Order requires the imaging and production of every piece of personal and sensitive information stored in all of Ms. Barbounis's personal electronic devices. The Order than requires that all information shall be produced directly from the cell phone vender to Plaintiff. Ms. Barbounis seeks only reconsideration of this clearly overly broad discovery Order to avoid production of non-relevant, personal, private and sensitive information.

### IV. CONCLUSION

Defendant, Lisa Reynolds Barbounis requests reconsideration of the January 15, 2020 Discovery Order, so that Plaintiff's discovery requests be in accord with the Federal Rules of Civil Procedure. Specifically, Defendant seeks a more narrowly tailored discovery request supported by a more specific showing of relevance.

DEREK SMITH LAW GROUP, PLLC

By: _____
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: January 20, 2020