# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | CIVIL ACTION |
| Plaintiff | NO.: 19-5697 |
| v. | |
| LISA REYNOLDS-BARBOUNIS, Defendant. | |

## LISA BARBOUNIS'S RESPONSES TO
## MIDDLE EAST FORUM'S EXPEDIATED DISCOVERY – INTERROGATORIES

### Interrogatory No.1:

Identify all documents and communications in Defendant's possession, custody, or control as of the date she stopped working for MEF (including but not limited to materials contained in Defendant's personal e-mail accounts, laptop or desktop computer, PDA or cellular phone, voice message recordings, hard drives, or other storage devices) reflecting work performed by Defendant while employed by MEF, communications regarding MEF, and information to which Defendant had access during her employment at MEF, whether or not those documents and communications are currently in Defendant's possession, custody, or control.

Defendant objects to this request as irrelevant, overly broad, unduly burdensome and oppressive and not proportional to the needs of this case. Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Interrogatory No 1 requests information that is unrelated to the instant matter. Plaintiff's complaint accuses Defendant, Lisa Barbounis, through guesswork, of disclosing confidential information to third parties. Plaintiff's Complaint includes five allegations describing the information upon which Plaintiff's Complaint is based. They are a (1) General Operating Support master, (2) a sensitive MEF document on countering violent extremism, (3) a proprietary MEF paper on United Nations Relief and Works Agency for Palestine Refugees ("UNRWA"), (4) MEF proprietary communications resources, including, but not limited to, multiple media contact lists and the Organization's Meltwater account, (5) confidential MEF master donor and e-mail distribution list containing 64,836 contacts.

Accordingly, Interrogatory No 1 is overly broad and unduly burdensome, as this request is beyond the scope of Plaintiff's Complaint. Interrogatory 1 requests information that is not relevant to any party's claim or defense and is not proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Interrogatory No 1 asks Lisa Barbounis for a list of all documents in the position of Lisa Barbounis as of the day her employment with MEF ended (1) reflecting work performed by Defendant while employed by MEF, (2) communications regarding MEF, and (3) information to which Defendant had access during her employment at MEF. Producing all documents which accrued over a two year period related to MEF in any way is not proportional to the needs of this case. There are many communications and documents that Lisa Barbounis may still inadvertently have access to that in no way will substantiate any of the allegations presented in Plaintiff's Complaint. Cell phones save text messages. Lisa Barbounis probably sent and received text messages with MEF employees throughout her two years of employment. None of these communications are relevant to this case. There is not a single allegations in Plaintiff's Complaint that relates to information of this sort.

In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff's Interrogatory No 1 does not explain in any way what information is requested and simply requests *everything* in the possession of Lisa Barbounis at the end of two years of employment. Importantly, Defendant's employment was heavily premised upon electronically stored information ("ESI"). Defendant did not take this information with her or choose to retain this information. It may still be in her care, custody or possession simply by virtue of the ways that electronic devices operate to store information.

Plaintiff's request is therefore overly broad and unduly burdensome and not proportional to the needs of the case as responding Interrogatory No 1 would require Lisa Barbounis to furnish a tremendous amount of personal and irrelevant information. Plaintiff is not entitled to use the discovery process as a fishing expedition in hopes of unearthing information that might lead to additional allegations.

See Roadman v. Select Specialty Hosp., No. 3:16-CV-246, 2018 WL 3621017, at *5 (W.D. Pa. July 30, 2018) ("this Court will not permit an aimless "fishing expedition" of Lewis's phone and personal computer when Defendants assert that no other relevant and responsive materials exist and Roadman has not presented this Court with any evidence or cogent argument to the contrary.").

In United States v. Velarde, 485 F.3d 553 (10th Cir. 2007), The Court remanded for further discovery after distinguishing the request from "a mere fishing expedition based on the defendant's mere hopes of finding exculpatory evidence." Id. at 561.

Contra United States v. Allinson, No. CR 17-390-2, 2019 WL 3423537, at *1 (E.D. Pa. July 2, 2019) ("Where in Allinson's instant motion to compel is distinguishable from Velarde, in that Allinson has not pointed to discrete withheld statements that could impeach a witness. His request instead is a fishing expedition premised on the currently unsupported hope that something exculpatory will appear.").

Lisa Barbounis was employed by MEF for almost two (2) years. During that time Lisa Barbounis was required to regularly work with several electronic devices including a company laptop and her personal cellphone. Lisa Barbounis was sent and received text messages by coworkers at the Middle East Forum including the Director of the Middle East Forum and the CEO of the Middle East Forum. A list of every communication that Lisa Barbounis received and which may have been stored on a device that Lisa Barbounis had access to at the time her employment ended, solely by virtue of each devices operating parameters, is not a reasonable and is not proportional to the needs of this litigation.

As another example, this Request for a list of all "communications regarding MEF" means every text message that Lisa Barbounis sent or received with every coworker and individual she was required to work with during her two years of employment. Plaintiff's Complaint does not even mention text messages. Plaintiff's Complaint does not contain a single allegation where Lisa Barbounis if acused of sending text messages or unlawful texting (if such a thing exists). It would be overly broad, unduly burdensome and oppressive to require Ms. Barbounis to provide Plaintiff with every text communication related to MEF that may still linger in Ms. Barbounis's phone. The same can be said for communications' applications like WhatApp, which is simply a texting application that Lisa Barbounis and others at MEF employees used during the time period when Lisa Barbounis was employed by MEF. There is not a single allegation involving WhatsApp in Plaintiff's Complaint. Plaintiff has requested this information without any substantiation or indication that it will lead to discoverable information. Plaintiff simply hopes that this request produces information that would allow Plaintiff to continue a case that has little to no factual support.

By way of further answer, Lisa Barbounis does not own a personal computer and never used a personal computer for work. The only computer Lisa Barbounis used during her employment for MEF, was a laptop computer that was purchased by MEF for Lisa Barbounis to use during her employment with MEF. Lisa Barbounis returned this laptop to MEF after her employment ended. Interrogatory 1 relates exclusively to information Lisa Barbounis had in her possession, custody, or control when her employment ended. And Lisa Barbounis returned the MEF laptop at the time her employment ended.

Lisa Barbounis searched her records and is in possession of some documents related to her employment at the Middle East Forum. These documents are only in the possession of Lisa Barbounis because of the way that electronic devices work, where information that is sent or received that is forgotten may still exists in a folder or file. At no time since her employment with MEF ended has Lisa Barbounis erased, or accessed, or shared any of the information in her care, custody or possession.

1. General Operating Support Document prepared for the Achelis and Bodman Foundation.
2. Draft transmittal letter.
3. Documents related to the sexual harassment and hostile work environment to which Lisa Barbounis was subjected during her employment for MEF. These documents include emails related reports of discrimination and harassment and remedial measures MEF attempts to ameliorate the severe and pervasive discrimination and harassment in the workplace.
4. Dismantle UNRWA: Build Palestinian Economic authored by Lisa Barbounis and owned by Lisa Barbounis as intellectual property.
5. Tell the Senate to Oppose Arms Sales to Qatar – this is a public document and article posted online.
6. Subject: Tommy Robinson – Political Prisoner – this is a press release that was drafted by Lisa Barbounis.
7. There are several voice memos that Lisa Barbounis had stored on her phone which were recorded at the direction of Director of the Middle East Forum, Greg Roman and which were made in the course and scope of Lisa Barbounis's employment.

**Interrogatory No.2:**

Identify all documents and communications that Defendant sent, saved, or transferred in some other manner from an MEF server or other MEF database or file to a personal device, e-mail, text or other medium (including but not limited to text and/or e-mail messages, laptop or desktop computers, PDAs or cellular phones, voice message recordings, Linkedin messaging, social media, hard drives, or other storage devices) during her employment at MEF, whether or not those documents and communications are currently in Defendant's possession, custody, or control.

Defendant objects to this request as overly broad, unduly burdensome, oppressive and not proportional to the needs of this litigation. Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Plaintiff, MEF's Interrogatory No 2 requests information that is unrelated to the instant matter. Plaintiff's complaint accuses Defendant, through guesswork, of disclosing confidential information to third parties. Plaintiff's Complaint includes five allegations where Plaintiff specifically identifies the information upon which Plaintiff's Complaint is based. They are a (1) General Operating Support master, (2) a sensitive MEF document on countering violent extremism, (3) a proprietary MEF paper on United Nations Relief and Works Agency for Palestine Refugees ("UNRWA"), (4) MEF proprietary communications resources, including, but not limited to, multiple media contact lists and the Organization's Meltwater account, (5) confidential MEF master donor and e-mail distribution list containing 64,836 contacts.

Plaintiff's Complaint includes no other allegations describing the information upon which Plaintiff's complaint is based. Interrogatory Number 2 is an overly broad and unduly burdensome, because this request is beyond the scope of Plaintiff's Complaint as Interrogatory No 2 requests information that is not relevant to any party's claim or defense and is not proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff's Interrogatory does not explain in any way what information is requested and simply requests everything that Lisa Barbounis sent, saves, transferred, downloaded, during her two years of employment.

See Roadman v. Select Specialty Hosp., No. 3:16-CV-246, 2018 WL 3621017, at *5 (W.D. Pa. July 30, 2018) ("this Court will not permit an aimless "fishing expedition" of Lewis's phone and personal computer when Defendants assert that no other relevant and responsive materials exist and Roadman has not presented this Court with any evidence or cogent argument to the contrary.").

In United States v. Velarde, 485 F.3d 553 (10th Cir. 2007), The Court remanded for further discovery after distinguishing the request from "a mere fishing expedition based on the defendant's mere hopes of finding exculpatory evidence." Id. at 561.

Contra United States v. Allinson, No. CR 17-390-2, 2019 WL 3423537, at *1 (E.D. Pa. July 2, 2019) ("Where in Allinson's instant motion to compel is distinguishable from Velarde, in that Allinson has not pointed to discrete withheld statements that could impeach a witness. His request instead is a fishing expedition premised on the currently unsupported hope that something exculpatory will appear.").

By way of further answer, see Defendant's response to Interrogatory Number 1, above, where Lisa Barbounis provided a list of documents still in her care, control or possession. Lisa Barbounis was employed by MEF for almost two (2) years. During that time Lisa Barbounis was required to regularly work with several electronic devices including a company laptop and her personal cellphone. The company laptop was returned to MEF at the time Lisa Barbounis's employment ended. Lisa Barbounis was sent and received text messages by coworkers at the Middle East Forum including the Director of the Middle East Forum and the CEO of the Middle East Forum. A list of every communication that Lisa Barbounis received and which may have been stored on a device that Lisa Barbounis had access to, solely by virtue of each devices operating parameters is not a reasonable request as it is not proportional to the needs of this litigation.

It is important to note that any and all information that Lisa Barbounis still has access to is the product of working with that information during her employment with MEF. During her employment, Lisa Barbounis regularly used a handheld device and emailed documents to herself for access in the field. Lisa Barbounis does not recall the date and manner of transmission for every document or piece of information that she sent herself during her employment with MEF. Lisa Barbounis has searched her records and provided a list of information still in her possession in Defendant's Response to Interrogatory No 1 above. The dates associated with this information is listed in Paragraph 39 of Plaintiff's Complaint. Lisa Barbounis used her personal email address with the knowledge, consent, and authorization of CEO, Daniel Pipes and Director, Greg Roman. Mr. Pipes and Mr. Roman regularly sent information to Defendant's personal email address as employee at the MEF were required to use personal email accounts so that MEF could take advantage of Google applications including Google Calendar and Gmail.

By way of further answer, Lisa Barbounis intends to have her phone imaged by a vender so that Ms. Barbounis can provide verified responses to Plaintiff's Request for Production of Documents. Lisa Barbounis would therefore direct Plaintiff's attention to Defendant's production of documents as the information contained in her phone may provide details related to Interrogatory No 2. Lisa Barbounis can have her phone imaged at any time pending resolution of a discovery dispute. Specifically, Defendant objects to any discovery request that does not allow Defendant the opportunity to audit information produced to Plaintiff for relevance and privilege. Plaintiff has presented an unreasonable request that Plaintiff be allowed direct access to information contained in Lisa Barbounis's electronic device. Defendant suggests that any and all information contained in her electronic device must first be reviewed by Defendant to filter documents that have no relevance and documents that are subject to privilege. Defendant's position is supported by Federal Rule of Civil Procedure 26 which provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Accordingly, Defendant will have her phone imaged promptly so that any and all discoverable information may be furnished to Plaintiff. Prior to its production, Defendant has a right to review such information to confirm that only relevant, nonprivileged information is disclosed.

**Interrogatory No.3:**

For each document or communication identified in response to the prior interrogatories, state: (a) the manner in which Defendant acquired, downloaded, uploaded, transferred, duplicated, or otherwise retained the file or document; (b) the dates on which Defendant acquired, downloaded, uploaded, transferred, duplicated, or otherwise retained the file or document; and (c) the current location(s) of the files or documents.

Defendant objects to this request as overly broad, unduly burdensome, oppressive and not proportional to the needs of the instant litigation. The allegations in Plaintiff's Complaint do not relate to the information requested in Interrogatory No 3. Moreover, Plaintiff's Complaint specifically sets forth the date when Ms. Barbounis worked with each document or piece of information upon which Plaintiff's Complaint is based. Accordingly the information requested in Interrogatory No 3 is equally or more accessible to Plaintiff as Defendant.

By way of further answer, see Defendant's response Interrogatory Number 1 and 2 above. Lisa Barbounis does not recall the date when every document she worked with and was sent or received. Lisa Barbounis's job duties required Ms. Barbounis to work with electronic information on a daily basis over an almost two year period. Lisa Barbounis has provided a list of documents and communications that remain stored in Ms. Barbounis's cellphone. Ms. Barbounis has reviewed her electronic device and the list of documents therein is provided above, however, Ms. Barbounis reserves the right to supplement this response through Defendant's Response to Plaintiff's Request for Production of Documents after her device is imaged.

**Interrogatory No.4:**

Separately identify in detail each communication or other exchange of information between Defendant and any other person or entity (excluding then-current MEF employees) from the last date of her MEF employment through today's date in which Confidential Information was discussed or mentioned in anyway, and in your answer, include the date of each such communication, the method of each communication (e.g., meeting,

telephone, e-mail, text), the subject matter of each communication, and the persons involved in each communication.

None.

**Interrogatory No.5:**

If any documents and/or communications requested by MEF have been destroyed, erased, or altered, separately state: (a) the date on which such documents and/or communications were destroyed, erased, or altered; (b) a detailed description of the materials destroyed, erased, or altered; (c) on which devices or locations the materials were destroyed, erased, or altered; and (d) all persons who directed, participated in, and/or have knowledge of such destruction, erasure, or alteration.

None.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| | : | NO.: 19-5697 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| Defendant. | : | |

## LISA BARBOUNIS'S RESPONSES TO
## MIDDLE EAST FORUM'S EXPEDIATED DISCOVERY – RPD

**REQUEST FOR PRODUCTION NO.1:**

All documents identified in or requested to be identified in Defendant's answers to MEF's First Set of Interrogatories.

**ANSWER**

Subject to the objections listed above in Defendant's Response to Interrogatory No 1, Defendant has produced documents Bates Stamped Barbounis 00001 – 00076. Defendant reserves the right to supplement this response upon receipt of electronic information recovered from Defendant's electronic device through a vender.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications obtained or received by Defendant since Defendant began employment with MEF that reflect or mention MEF and/or its donors (excluding communications with Defendant's counsel), including but not limited to all such documents and communications transferred to and/or from Defendant's personal e-mail account(s), LinkedIn, PDAs, social media accounts or storage devices. Please produce these materials with all available metadata to show when Defendant or anyone else last accessed the file or document.

Subject to the objections listed above in Defendant's Response to Interrogatory No 1, Defendant has produced documents Bates Stamped Barbounis 00001 – 00076. Defendant reserves the right to supplement this response upon receipt of electronic information recovered from Defendant's electronic device through a vender.

**REQUEST FOR PRODUCTION NO.3:**

All documents and communications in Defendant's possession, custody, or control (including but not limited to personal e-mail accounts, laptop or desktop computer, PDA or cellular phone, voice message recordings, other audio recordings, hard drives or other storage devices) reflecting work performed by Defendant while employed by MEF and information to which Defendant accessed during her employment at MEF. Please produce these materials with all available metadata to show when Defendant or anyone else last accessed the file or document.

Subject to the objections listed above in Defendant's Response to Interrogatory No 1, Defendant has produced documents Bates Stamped Barbounis 00001 – 00076. Defendant reserves the right to supplement this response upon receipt of electronic information recovered from Defendant's electronic device through a vender.

**REQUEST FOR PRODUCTION NO.4:**

An inspection of Defendant's electronic devices and electronic storage, so that the devices can be imaged by a professional vendor to: (a) ensure preservation ; (b) discovery what MEF data is still resident on those devices; and (c) recover the materials Defendant's counsel states was "erased" from the devices, as well as any metadata surrounding the destruction.

Defendant's counsel did not state that any information was erased from any device owned or used by Lisa Barbounis. Defendant is willing to have her electronic device imaged by a vender in order to preserve and identify any relevant, nonprivileged information subject to discovery. Defendant's electronic device in question is a personal device and therefore Defendant has a right to audit any and all information prior to production for relevance and privilege.

## VERIFICATION

I declare, under penalty of perjury, that all of the information that I have provided in response to Plaintiff's First Set of Interrogatories and Request for Production of Documents is true, correct and compete to the best of my knowledge. I acknowledge that false statements provided are punishable under penalty of perjury of law.

_Lisa Reynolds Barbounis_  1/17/2020
Name                        Date