## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM
1650 Market Street, Suite 3600
Philadelphia, PA 19103,

        Plaintiff,

vs.

LISA REYNOLDS-BARBOUNIS
2601 Pennsylvania Avenue, #1153
Philadelphia, PA 19130,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 2:19-cv-5697

## ORDER FINDING DEFENDANT LISA BARBOUNIS IN CONTEMPT, DEFAULT, AND SUBJECT TO OTHER SANCTIONS

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion for Contempt and for Sanctions ("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1.      Defendant Lisa Barbounis is adjudged in civil contempt of the Order for Expedited Discovery issued on January 15, 2020;

2.      A default judgment shall be entered in favor of Plaintiff MEF;

3.      Because Plaintiff still needs to protect its data and information even upon the default of Defendant, Defendant is hereby ordered to fully comply with the Court's January 15, 2020 Order for Expedited Discovery within 24 hours of the issuance of this Order.  Defendant shall additionally be ordered to pay sanctions of $1,500 per day she remains in non-compliance following that 24-hour period.

4.      Defendant shall pay Plaintiff's attorney's fees and costs associated with the December 20, 2019 hearing, the January 15, 2020 hearing, as well as all fees and expenses associated with Plaintiff's Motion for Contempt and Sanctions, including the costs of attending all related hearings.  Plaintiff shall submit documentation of the costs and expenses for which it seeks reimbursement within fourteen (14) days of the entry of this order.

SO ORDERED this _____ day of January, 2020.


_____

United States District Court Judge Sánchez

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM
1650 Market Street, Suite 3600
Philadelphia, PA 19103,

       Plaintiff,

vs.

LISA REYNOLDS-BARBOUNIS
2601 Pennsylvania Avenue, #1153
Philadelphia, PA 19130,

       Defendant.

Civil Action No.: 2:19-cv-5697

## MOTION FOR CONTEMPT AND SANCTIONS INCLUDING DEFAULT

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by and through its counsel, respectfully moves this Court for an entry of civil contempt and sanctions (including default) against Defendant Lisa Barbounis ("Barbounis") pursuant to Fed. R. Civ. P. 37(b)(2)(A) for Barbounis' violations of this Court's Order for Expedited Discovery, entered on January 15, 2020. In support of this Motion, Plaintiff relies on the facts, law, and argument set forth in the accompanying Memorandum in Support.

Wherefore, Plaintiff respectfully requests this Court enter an Order:

(i)      Finding Barbounis to be in civil contempt for failing to comply with the Court's January 15, 2020 Order for Expedited Discovery;

(ii)     Entering a Default Judgment in favor of Plaintiff;

(iii)    Because Plaintiff still needs to protect its data and information even upon the default of Defendant, ordering Defendant to fully comply with the Court's January

1

15, 2020 Order for Expedited Discovery within 24 hours of the issuance of this Order, as well as ordering coercive sanctions in the amount of $1,500 per day that Barbounis remains in contempt for failing to turn over her devices as agreed in the Order for Expedited Discovery;

(iv)   Ordering Barbounis to pay MEF's attorneys' fees and costs associated with the December 20, 2019 hearing, the January 15, 2020 hearing, as well as all fees and expenses associated with Plaintiff's Motion for Contempt and Sanctions, including the costs of attending all related hearings; and

(v)   Granting all other appropriate relief.

Dated: January 21, 2020                      THE MIDDLE EAST FORUM
                                             By counsel,


                                             s/ Sidney L. Gold
                                             Sidney L. Gold
                                             sgold@discrimlaw.net
                                             Sidney L. Gold & Associates P.C.
                                             1835 Market Street, Suite 515
                                             Philadelphia, PA 19103
                                             Tel: (215) 569-1999
                                             Fax: (215) 569-3870

                                             Attison L. Barnes III
                                             abarnes@wiley.law
                                             Wiley Rein LLP
                                             1776 K Street NW
                                             Washington, DC 20006
                                             Tel: (202) 719-7000
                                             Fax: (202) 719-7049


                                             *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2020 a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM
1650 Market Street, Suite 3600
Philadelphia, PA 19103,

        Plaintiff,

vs.

LISA REYNOLDS-BARBOUNIS
2601 Pennsylvania Avenue, #1153
Philadelphia, PA 19130,

        Defendant.

Civil Action No.: 2:19-cv-5697

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS INCLUDING DEFAULT

Plaintiff The Middle East Forum ("Plaintiff" or "MEF") asks this Court to find Defendant Lisa Barbounis ("Barbounis") in contempt of the January 15, 2020 Order for Expedited Discovery in which Barbounis was ordered to verify under oath her answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and to produce all responsive materials on or before 5:00 p.m. on January 16, 2020, and to produce all of her devices and other storage media to the discovery vendor Cornerstone Discovery ("Cornerstone") for imaging. Barbounis has failed to comply with any of the aforementioned requirements of the January 15th Order, and the violation is continuing.

## I.    Facts

On December 3, 2019, MEF filed the present action against Ms. Lisa Reynolds-Barbounis for the misappropriation of corporate assets, including trade secrets and highly confidential business information. *See* Complaint, *The Middle East Forum v. Lisa Reynolds-Barbounis*, No. 19-5697 (E.D. Pa. Dec. 3, 2019), Dkt. 1. Before filing the present complaint, Plaintiff attempted

4

on multiple occasions to amicably resolve this matter with Defendant, and in good faith requested assurances that Defendant would return and not disclose its confidential information.

Unable to obtain the cooperation from Defendant, Plaintiff filed a Motion for Expedited Discovery on December 5, 2019, particularly in light of Defendant's representations through counsel that relevant materials had been erased by the Defendant.  *See* Motion to Expedite Discovery and Preservation of Evidence, Dkt. 6.

On December 19, 2019, this Court requested a telephonic conference on December 20, 2020, wherein it orally directed Defendant to respond to Plaintiff's five interrogatories, four document requests, and produce all electronic devices in her possession to a mutually agreed vendor for imaging by January 6, 2020.  *See* Order Scheduling Telephone Conference, Dkt. 12. By setting a deadline of January 6, 2020 for Defendant to comply, the Court anticipated that this would allow adequate time for Plaintiff to review the information in preparation for a preliminary injunction hearing on January 27, 2020.  By January 6, 2020, Plaintiff had received no responsive information from Defendant.

On January 7, 2020, after it was alerted that the Defendant had failed to comply with the Court's direction on December 20, 2019, the Court ordered an in-person hearing to address Defendant's failure to provide any responses to Plaintiffs interrogatories, document requests, or produce devices to be imaged in a timely manner.  *See* Order for In-Person Hearing, Dkt. 19.  At around 11:00 PM EST on January 14, 2020, the night before the in-person hearing, Defendant provided incomplete, unverified, and unsigned responses to Plaintiffs five interrogatories and four document requests.

Defendant did not appear at the in-person hearing on January 15, 2020.  However, she was

represented by counsel.  After arguments from both parties were presented, the Court instructed the parties to draft a mutually agreeable order in the courtroom that would set forth terms for a limited discovery to be completed before the preliminary injunction hearing on January 27, 2020. Although Defendant was not present at the hearing, counsel for Defendant discussed the terms of the order with Defendant over the telephone in the presence of Plaintiff's counsel.  The parties agreed upon terms for the order, and the Court then signed and entered the order.

The terms of the order expressly required that "[o]n or before 5:00 PM EST on Thursday, January 16, 2020, Defendant shall verify under oath her answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and produce all remaining responsive documents and things to Plaintiffs, including, but not limited to, the voice recordings." Order for Expedited Discovery at 1, Dkt. 21.  The order additionally required that "[o]n or before 5:00 PM EST Friday, January 17, 2020, Defendant shall supply to the discovery vendor Cornerstone Discovery ("Cornerstone") (attention Lou Cinquanto) all electronic devise(s) [sic], including, but not limited to, cellular telephones (including, but not limited to, the three devices depicted in her social media post dated on or around November 27, 2019), all laptops and computers (including the Microsoft Surface that was depicted in her social media post dated November 22, 2018), and any other devices, and any cloud-based storage accounts connected to those devices (including, but not limited to, iCloud accounts, Dropbox, WhatsApp backups, Telegram, Google Drive, Facebook, and Wickr)." *Id.* at 2.

By January 16, 2020 at 5:00 PM EST, Plaintiff had not received any verified answers to Plaintiff's interrogatories or document requests.  Additionally, by January 17, 2020 at 5:00 PM EST, Cornerstone Discovery had not received any devices from Defendant or her counsel for imaging.  Thus, Defendant did not comply with the Court's orders in any respect.  Plaintiff still

6

does not have access to the devices and other storage media (Plaintiff has still not delivered the devices to the vendor as directed by the Court on December 20, 2019, and as again ordered by the Court on January 15, 2020). And, although Defendant e-mailed responses to Plaintiffs' discovery at 9:08 p.m. on Monday, January 20, 2020, not only were these responses sent more than three days after the Court's deadline in violation of the Order, the responses are deficient and do not provide the materials that were required to accompany the responses (i.e. recordings).

Defendant has engaged in egregious violations of court-ordered action, and the most serious sanctions are warranted.

## II.    <u>Argument</u>

District courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). To prove civil contempt, a movant must establish, by clear and convincing evidence, "(1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (further citations omitted). To be enforceable by contempt, the order in question must be "specific and definite." *Harris v. City of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995) (further citations omitted). Willfulness "is not a necessary element of civil contempt," thus, evidence that the defendant acted in good faith does not bar a finding of contempt. *Harley–Davidson, Inc. v. Morris*, 19 F.3d 142, 148–49 (3d Cir. 1994).

The first two contempt elements are easily satisfied here. The Order for Expedited Discovery, which this Court signed on January 15, 2020, is a valid court order. This follows the Court's express direction to Defendant at a telephonic hearing on December 20, 2019 to deliver the devices to a vendor by January 6, 2019, which she also violated. The January 15 Order was

drafted and agreed to by the Parties in this Court's chambers the same day.  Barbounis, while not present at the hearing, was represented by counsel during the hearing and her counsel agreed to the terms of the January 15th Order.  Barbounis' counsel also conferred telephonically with Barbounis while counsel for both parties drafted the Order.  Barbounis cannot now possibly claim that she was unaware of the terms of the valid Order.

As to the third element, Barbounis has disobeyed the Order for Expedited Discovery in three ways.  First, Barbounis was ordered to verify under oath her answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents on or before 5:00 PM EST on Thursday, January 16, 2020.  *See* Order for Expedited Discovery at 1, Dkt. 21.  Barbounis did not do so.  Second, Barbounis was ordered to "produce all remaining responsive documents and things to Plaintiffs, including, but not limited to, the voice recordings."  *Id.*  Again, Barbounis did not do so.  Third, Barbounis was ordered to "supply to the discovery vendor Cornerstone Discovery ("Cornerstone") (attention Lou Cinquanto) all electronic device(s), including, but not limited to, cellular telephones (including, but not limited to, the three devices depicted in her social media postdated on or around November 27, 2019), all laptops and computers (including the Microsoft Surface that was depicted in her social media post dated November 22, 2018), and any other devices, and any cloud-based storage accounts connected to those devices (including, but not limited to, iCloud accounts, Dropbox, WhatsApp backups, Telegram, Google Drive, Facebook, and Wickr)" on or before 5:00 PM EST Friday, January 17, 2020.  *Id.* at 2.  Again, Barbounis did not do so.  *See* Ex. A, Email from Jason Silva to Adam Briscoe et al. regarding MEF Engagement with Cornerstone Discovery (Jan. 17, 2020, 5:02 PM).

Barbounis has engaged in a pattern and practice of disregarding and disobeying instructions from this Court; first by ignoring the Discovery ordered on December 20, 2020, second by failing

to attend the hearing on January 15, 2020, and now through a clear act of civil contempt for failing to comply (and continuing to remain out of compliance) with the January 15, 2020 Order for Expedited Discovery. Plaintiff is now in a precarious position of being unable to protect its trade secrets and confidential information from disclosure. Plaintiff is now seriously prejudiced despite its diligent efforts to obtain the ordered discovery in anticipation of the January 27, 2020 Hearing on its Motion for a Preliminary Injunction.

### III.   Sanctions

Plaintiff moves that the Court order that Defendant is in contempt, as well as award sanctions for Plaintiff, including a default judgment against Barbounis in recognition of the flagrant disregard Barbounis has shown this court. The Third Circuit requires that district courts consider the six *Poulis* factors before entering a default judgment as a sanction. *See Knoll v. City of Allentown*, 707 F.3d 406, 407 (3d Cir. 2013). The *Poulis* Factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 2013).

The six *Poulis* factors weigh in favor of granting a default judgment for Plaintiff in this matter. First, Barbounis is personally responsible for failing to comply with any of the terms of the January 15, 2020 Order for Expedited Discovery. Barbounis' counsel communicated with her about the terms of the order *on multiple occasions while the order was being drafted in the courtroom.* She was wholly responsible for compliance, agreed to the time frame for verifying her discovery answers and turning in her devices, and then did not follow any of the requirements in

the order.  The first factor, the extent of the party's personal responsibility, weighs entirely in favor of granting a default judgment.

Second, Plaintiff has been irreparably prejudiced by Barbounis' failure to obey not one, but two discovery orders (the December 20, 2019 Oral Order and the January 15, 2020 Order for Expedited Discovery).  Plaintiff has been unable to prepare for the January 27, 2020 Preliminary Injunction, but more importantly, has been completely unable to preserve its interest in protecting its trade secrets and confidential information from disclosure.  Thus, the second factor – whether there has been prejudice to the opposing party – also weighs entirely in favor of granting a default judgment.

Third, Barbounis has not only a history of dilatoriness– she has a history of disobeying this Court's instructions.  As discussed, Barbounis has flagrantly ignored two discovery Orders from this Court and did not even attend the January 15, 2020 Hearing.  As discussed at the January 15, 2020 hearing, Defendant also erased data since she left MEF, and therefore has destroyed evidence.  Counsel for MEF has worked tirelessly to amicably resolve these issues with Barbounis and her counsel, to no avail.  For all of these reasons, Barbounis' history of disobedience weighs entirely in favor of granting the default judgment.

Fourth, Barbounis has acted willfully.  She was twice instructed by this Court to turn over her devices to Cornerstone, agreed to do so through her counsel, and did not turn over the devices.  Thus, the Fourth factor, whether the party acted willfully, weighs entirely in favor of granting a default judgment.

Fifth, sanctions other than the entrance of a default judgment are unlikely to be effective.  As has been discussed, Barbounis has a history of ignoring and disobeying instructions from the

court and has demonstrated time and time again an unwillingness to resolve this dispute civilly without involving the Court.   Given the opportunity, Barbounis will continue to flagrantly disregard all instructions from this Court to the detriment of Plaintiff.

Sixth, Plaintiff's claim is meritorious.   Barbounis has now admitted in her responses to Plaintiff's First Set of Interrogatories that she is in possession of multiple devices and recordings of confidential MEF meetings.   Ex. B, Excerpts of Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents at 4.   Further, Barbounis has admitted that she "is in possession of some documents related to her employment at the Middle East Forum." *Id.* at 4.   From MEF's own internal investigation, it is clear that Barbounis emailed sensitive trade secret information to her personal email address.   Barbounis was contractually obligated not to disclose, retain, or forward these documents or recordings.   Thus, Plaintiff's claim for Breach of Contract, Conversion, and Theft of Trade Secrets is meritorious and the sixth factor weighs in favor of granting a default judgment.

The six *Poulis* factors thus weigh heavily in favor of granting a default judgment for Plaintiff.

In addition, Plaintiff asks that the Court order Barbounis pay coercive sanctions until she complies with the January 15, 2020 Order for Expedited Discovery and pay Plaintiff's attorneys' fees and costs associated with preparing this motion.   "Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'" *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (further citations omitted); *see also Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Coercive sanctions, in contrast, look to the future and are designed to aid

11

the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience.").  District Court judges have wide discretion in setting the appropriate sanctions for civil contempt, including coercive sanctions, entering a default judgment, and an award of attorney's fees and costs.  *See Robin Woods*, 28 F.3d at 400; *Elkin v. Fauver,* 969 F.2d 48, 52 (3d Cir.1992) ("The framing of sanctions for civil contempt is committed to the sound discretion of the trial court.").

In this case, coercive sanctions in the amount of $1,500 per day are appropriate to bring Barbounis into compliance with the Order for Expedited Discovery.[1]  Further, it is appropriate for the Court to order Barbounis to pay Plaintiff's attorneys' fees and costs associated with the December 20, 2019 hearing, the January 15, 2020 hearing, and all fees and expenses associated with this motion.

Dated: January 21, 2020                        THE MIDDLE EAST FORUM
                                               By counsel,


                                               s/ Sidney L. Gold
                                               Sidney L. Gold
                                               sgold@discrimlaw.net
                                               Sidney L. Gold & Associates P.C.
                                               1835 Market Street, Suite 515
                                               Philadelphia, PA 19103
                                               Tel: (215) 569-1999
                                               Fax: (215) 569-3870

---

[1]     This Court has previously ordered coercive sanctions in the amount of $10,000 per day to bring a litigant into compliance with a Court Order.  *See Cardionet LLC v. Mednet Healthcare Techs., Inc.*, 146 F. Supp. 3d 671 (E.D. Pa. 2015).  An amount of $1,500 is likely to induce the Defendant to comply but is not so high as to be punitive in nature.

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

<div style="margin-left: 45%;">

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

</div>

**Vázquez, Martha**

| | |
|---|---|
| **From:** | Jason Silva <jsilva@cornerstonediscovery.com> |
| **Sent:** | Friday, January 17, 2020 5:02 PM |
| **To:** | Briscoe, Adam |
| **Cc:** | Barnes III, Attison; Sidney Gold; Vázquez, Martha; Bill Rieser; Billing; John Angelone; Forensics |
| **Subject:** | Re: MEF Engagement with Cornerstone Discovery |
| **Attachments:** | 20-008 The Middle East Forum v. Lisa Reynolds-Barbounis - Engagement.pdf |

Team:

Just an update Cornerstone **has not** received any package or courier with devices associated with this case today.

As discussed with Adam, attached please find our engagement letter. Please let me know if you have any questions. As of now, I have Attison Barnes at Wiley Rein as the billing contact. Please let me know if anything should change on that end.

Sincerely,

**Jason Silva** / Managing Director
jsilva@cornerstonediscovery.com
Office: 267.639.6900 | Cell: 484.574.0761

**Cornerstone Discovery**
4775 League Island Blvd. Philadelphia, PA 19112
http://cornerstonediscovery.com

CORNERSTONE
DISCOVERY
[f] [y] [g+] [in]

On Fri, Jan 17, 2020 at 2:15 PM Briscoe, Adam <ABriscoe@wileyrein.com> wrote:

Jason,

Thanks for answering some questions about your services this afternoon and confirming that you have yet to receive any devices from Ms. Barbounis or Mr. Carson. Attached please find the Order for Expedited Discovery that Judge Sanchez signed on January 15. This should provide some helpful information on the scope of discovery at this point in time. If you have any questions about this engagement, please direct them to Attison Barnes, Sid Gold, or another member of our team cc'ed on this email.

Best,

Adam



 Adam R. Briscoe
Law Clerk
abriscoe@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.4570
wiley.law

Note: The firm's domain has changed to wiley.law.

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.



Don't miss this latest news from Cornerstone:
Case Study: How a Litigation Support Partner Can Help Grow Your Firm

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM,                          :         CIVIL ACTION
                                                :         NO.: 19-5697
                Plaintiff                       :
                                                :
         v.                                     :
                                                :
LISA REYNOLDS-BARBOUNIS,                         :
                Defendant.                       :
                                                :

LISA BARBOUNIS'S RESPONSES TO
MIDDLE EAST FORUM'S EXPEDIATED DISCOVERY – INTERROGATORIES

Interrogatory No.1:

Identify all documents and communications in Defendant's possession, custody, or control as of
the date she stopped working for MEF (including but not limited to materials contained
in Defendant's personal e-mail accounts, laptop or desktop computer, PDA or cellular phone,
voice message recordings, hard drives, or other storage devices) reflecting work performed by
Defendant while employed by MEF, communications regarding MEF, and information to which
Defendant had access during her employment at MEF, whether or not those documents and
communications are currently in Defendant's possession, custody, or control.


Defendant objects to this request as irrelevant, overly broad, unduly burdensome and oppressive
and not proportional to the needs of this case. Federal Rule of Civil Procedure 26 provides the
general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of
discovery as "any nonprivileged matter that is relevant to any party's claim or defense and
proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Interrogatory No 1 requests information that is unrelated to the instant matter. Plaintiff's
complaint accuses Defendant, Lisa Barbounis, through guesswork, of disclosing confidential
information to third parties. Plaintiff's Complaint includes five allegations describing the
information upon which Plaintiff's Complaint is based. They are a (1) General Operating
Support master, (2) a sensitive MEF document on countering violent extremism, (3) a
proprietary MEF paper on United Nations Relief and Works Agency for Palestine Refugees
("UNRWA"), (4) MEF proprietary communications resources, including, but not limited to,
multiple media contact lists and the Organization's Meltwater account, (5) confidential MEF
master donor and e-mail distribution list containing 64,836 contacts.

EXHIBIT

B

ALL-STATE LEGAL®

Lisa Barbounis searched her records and is in possession of some documents related to her employment at the Middle East Forum. These documents are only in the possession of Lisa Barbounis because of the way that electronic devices work, where information that is sent or received that is forgotten may still exists in a folder or file. At no time since her employment with MEF ended has Lisa Barbounis erased, or accessed, or shared any of the information in her care, custody or possession.

1. General Operating Support Document prepared for the Achelis and Bodman Foundation.
2. Draft transmittal letter.
3. Documents related to the sexual harassment and hostile work environment to which Lisa Barbounis was subjected during her employment for MEF. These documents include emails related reports of discrimination and harassment and remedial measures MEF attempts to ameliorate the severe and pervasive discrimination and harassment in the workplace.
4. Dismantle UNRWA: Build Palestinian Economic authored by Lisa Barbounis and owned by Lisa Barbounis as intellectual property.
5. Tell the Senate to Oppose Arms Sales to Qatar -- this is a public document and article posted online.
6. Subject: Tommy Robinson – Political Prisoner – this is a press release that was drafted by Lisa Barbounis.
7. There are several voice memos that Lisa Barbounis had stored on her phone which were recorded at the direction of Director of the Middle East Forum, Greg Roman and which were made in the course and scope of Lisa Barbounis's employment.

## Interrogatory No.2:

Identify all documents and communications that Defendant sent, saved, or transferred in some other manner from an MEF server or other MEF database or file to a personal device, e-mail, text or other medium (including but not limited to text and/or e-mail messages, laptop or desktop computers, PDAs or cellular phones, voice message recordings, Linkedin messaging, social media, hard drives, or other storage devices) during her employment at MEF, whether or not those documents and communications are currently in Defendant's possession, custody, or control.

Defendant objects to this request as overly broad, unduly burdensome, oppressive and not proportional to the needs of this litigation. Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## VERIFICATION

I declare, under penalty of perjury, that all of the information that I have provided in response to Plaintiff's First Set of Interrogatories and Request for Production of Documents is true, correct and compete to the best of my knowledge. I acknowledge that false statements provided are punishable under penalty of perjury of law.


_____
Name

_____
Date   1/17/2020