IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
LISA REYNOLDS-BARBOUNIS'S MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

This action began when Plaintiff, The Middle East Forum ("MEF" or "Plaintiff") filed a Civil Action Complaint naming as a Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") on December 3, 2019. On January 1, 2020, Defendant, Lisa Barbounis filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff responded to Defendant's Motion to Dismiss with a First Amended Complaint filed January 15, 2020. Defendant's Answer or other Responsive Pleading was due January 29, 2020. January 30, 2020 Plaintiff filed a Request for Default which was docketed January 31, 2020. This Motion is filed within four (4) days when Defendant's Answer was due. Defendant has also attached her Answer to Plaintiff's First Amended Complaint which sets fourth Defendant's meritorious defense. Defendant requests the Court consider counsel for Defendant's mistaken miscalculation of time and excuse Defendant's late response to Plaintiff's First Amended Complaint.

## II. STANDARD OF REVIEW

The Third Circuit has consistently "emphasiz[ed] the extreme nature of a ... default judgment," Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); by "repeatedly stat[ing] our preference that cases be disposed of on the merits whenever practicable," Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Because entry of a default judgment is an "extreme sanction," Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984), the entry of such a judgment is generally disfavored. Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983). "[I]n a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross, 700 F.2d at 122. Nevertheless, even though we have "adopted a policy disfavoring default judgments and encouraging decisions on the merits, ... the decision to vacate a default judgment is left to the sound discretion of the trial court." Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)). In determining whether to set aside entry of default or default judgment, doubtful cases must be resolved in favor of moving party so that cases may be decided on their merits. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984). Dismissals with prejudice, or defaults, are drastic sanctions, termed "extreme" by the Supreme Court in National Hockey League, and are to be reserved for comparable cases. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

## III. ARGUMENT

Defendant mistakenly calculated the time for Defendant's Answer or Responsive Pleading to Plaintiff's First Amended Complaint. When Plaintiff filed her First Amended Complaint in response to Defendant's Motion to Dismiss, the calculation of twenty-one (21) days was used and the deadline of February 5, 2020 was placed on counsel's calendar.

Defendant has attached her Answer to Plaintiff's First Amended Complaint. <u>A copy of Defendant's Answer to Plaintiff's First Amended Complaint is attached and marked Defendant's Exhibit "A"</u>. As it has only been four (4) days since Defendant's Answer was due and as Defendant had laid out a meritorious defense which is proven true at trial will act as a complete defense to Plaintiff's action, Defendant asks that her Answer to Plaintiff's First Amended Complaint be accepted and entry of default be vacated. Accord <u>Mrs. Ressler's Food Prod. v. KZY Logistics LLC, 675 F. App'x 136 (3d Cir. 2017)</u> ("For purposes of determining whether defendant is entitled to have entry of default or default judgment set aside, showing of meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute complete defense to action").

## IV.  CONCLUSION

The entry of default judgment docketed January 31, 2020 should be vacated and Defendant's Answer to Plaintiff's First Amended Complaint should be permitted.

DEREK SMITH LAW GROUP, PLLC

By: _____
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: February 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on February 2, 2020, a true and correct copy of the foregoing Motion to Vacate Default Judgment was filed and served electronically through the Court's CM/ECF system.

>Sidney L. Gold sgold@discrimlaw.
>Sidney L. Gold & Associates P.C.
>1835 Market Street, Suite 515
>Philadelphia, PA 19103
>Tel: (215) 569-1999
>Fax: (215) 569-3870
>Counsel for The Middle East Forum

>**DEREK SMITH LAW GROUP, PLLC**
>
>By: /s/ Seth D. Carson
>Seth D. Carson, Esquire
>1835 Market Street, Suite 2950
>Philadelphia, Pennsylvania 19103
>Phone: 215.391.4790
>Email: seth@dereksmithlaw.com

DATED: February 2, 2020