# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
|  | : | NO.    2:19-cv-05697-JS |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| LISA REYNOLDS-BARBOUNIS | : | DEFENDANT'S ANSWER |
|  | : | WITH AFFIRMATIVE DEFENSES TO |
| Defendant. | : | PLAINTIFF'S AMENDED COMPLAINT |
|  | : |  |

Defendant, Lisa Reynolds-Barbounis ("Ms. Barbounis" or "Defendant") hereby files this Answer with Affirmative Defenses to the Amended Complaint filed by The Middle East Forum ("Plaintiff" or "MEF") and avers as follows:

1.      Defendant admits only that this case involves the issues stated by MEF. All other averments are denied.

2.      Defendant admits that she had access to certain information pursuant to her employment with MEF. Defendant denies that the information referenced in Plaintiff's First Amended Complaint can be characterized as "trade secrets" or "highly confidential information."

3.      Denied. The averments in this paragraph are denied. It is denied that Defendant disclosed confidential information in breach of her nondisclosure agreement. It is denied Defendant converted trade secrets. It is denied Defendant was not authorized to utilize her personal email account. All of Defendant's supervisors including Daniel Pipes, Greg Roman and Matthew Bennett collectively utilized Defendant's personal email account regularly for MEF business and continuously from the day Defendant began her employment until the day

Defendant was constructively discharged. The instant action has been filed as part of a strategy of retaliation. Accordingly, the averments of Paragraph No 3 of Plaintiff's First Amended Complaint are denied. All documents that Defendant utilized or emailed during her employment with MEF were utilized in the course and scope of Defendant's employment. At no time did Defendant exceed her authorization and so the averments in Paragraph 3 are presented to willfully mislead the court and fact finder.

4.      Denied. MEF is not filing the Amended Verified Complaint to pursue the list of remedies presented in Paragraph 4. MEF has filed this First Amended Complaint as part of a strategy of retaliation aimed at Defendant because of Defendant's lawful Complaint filed against MEF and Greg Roman. Plaintiff is improperly using the courts to harass, embarrass, harm, and retaliate against Defendant, Lisa Barbounis.

5.      The averments in this paragraph are conclusions of law to which no response is required.

6.      The averments in this paragraph are conclusions of law to which no response is required.

7.      The averments in this paragraph are conclusions of law to which no response is required.

8.      The averments in this paragraph are conclusions of law to which no response is required.

**Plaintiff's First Amended Complaint is mis-numbered. In order to maintain uniformity, Defendant has mis-numbered her Answer to match Plaintiff's First Amended Complaint.**

7.      Admitted.

8.      It is admitted that Defendant is a former employee of MEF.  Defendant resides in Washington D.C. presently but maintains her family household in Philadelphia.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, which are denied, and strict proof thereof is demanded at trial of this matter.

10.     It is admitted that Defendant, Lisa Barbounis began her employment with MEF sometime around September 25, 2017 as an executive liaison.

11.     The asserted Employment Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

12.     The asserted Employment Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

13.     Admitted.

14.     It is admitted that Defendant had entered into an employment relationship with MEF during the time period when she was an MEF employee.  It is admitted that MEF relied on Defendant to perform her job duties.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and strict proof thereof is demanded at trial of this matter.

15.     It is admitted that as a consequence of her position with MEF Defendant was permitted to donor lists and individuals with whom MEF maintains business relationships. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and strict proof thereof is demanded at trial of this matter.

16.     Denied.

17.     The asserted Employment Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

18.     The asserted Employment Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

19.     The asserted Employment Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

20.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

21.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

22.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

23.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

24.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

25.     The asserted Confidentiality & Non-Disclosure Agreement ("NDA") is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

26.     The asserted Middle East Forum Employee Handbook is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

27.     The asserted Middle East Forum Employee Handbook is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

28.     The asserted Middle East Forum Employee Handbook is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

29.     The asserted Middle East Forum Employee Handbook is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

30.     It is admitted Lisa Barbounis utilized her personal email account in her employment with MEF.  All other averments in this paragraph are denied.

31.     It is admitted that Defendant performed her job duties and that in the course and scope of her employment she used her personal email account. All other averments in this paragraph are denied.

32.     The asserted Bring Your Own Device Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

33.     The asserted Bring Your Own Device Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

34.     The asserted Bring Your Own Device Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

35.     The asserted Bring Your Own Device Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.  Specifically, the averment in paragraph 35 are unclear as Defendant is uncertain what computer Plaintiff is identifying in this averment.

36.     The asserted Bring Your Own Device Agreement is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.  Specifically, the averment in paragraph 36 are unclear as Defendant is uncertain what computer Plaintiff is identifying in this averment.

37.     It is admitted that MEF email accounts were used by MEF employees to conduct MEF work.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

38.     The asserted Middle East Forum Employee Handbook is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are denied.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

    a.   Defendant has provided responses to Plaintiff's Expedited Discovery Requests that addresses the averment in this Paragraph.  In the course and scope of Defendant's employment Defendant worked on this document and emailed this document to herself.

    b.   To the extent this allegations is not connected with the allegations in Paragraph 39a above, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

    c.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph including the characterization that the document in question contained "sensitive" information.  Accordingly the averments in this paragraph are denied, and strict proof thereof is demanded at trial of this matter.

d.  Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

e.  It is denied that Defendant accessed without authorization or sent to her personal email account recordings from MEF business meetings.

f.  Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

40.  Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

41.  Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

42.  To the extent Plaintiff is connecting the averments in paragraph 40 and 41 with the averments in paragraph 42, it is denied that Defendant backed up a donor list on her personal computer.  Defendant did not use a personal computer for work related purposes from the time that her personal computer was damaged during a trip to England.  Accordingly from December 2018 until Defendant's unlawful constructive discharge, Defendant only used an MEF laptop purchased by MEF and returned to MEF when Defendant's employment with MEF ended.  Moreover, MEF is in possession of text messages between Website Administrator, Grayson Levy and Defendant which confirm that Defendant was authorized to perform a Mail Chimp Campaign which required upload of MEF's donor list to Mail Chimp.  MEF's attempt to use the authorized acts of Defendant Lisa Barbounis in order to substantiate a civil action in this court indicates MEF's bad faith and willingness to mislead the court in order to execute its strategy of retaliation.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

44.     Denied.

45.     It is admitted that Defendant and Daniel Pipes discussed the parameters of Defendant's responsibilities as an employee for MEF.   It is admitted that Defendant discussed MEF travel assignments with Daniel Pipes.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

46.     Denied.

47.     Any written memorandum is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

48.     Any written memorandum is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

49.     Any written Document Preservation Notice is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

50.     Any written Document Preservation Notice is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

51.     Any written Document Preservation Notice is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

52.     The averments in this paragraph are conclusions of law to which no response is required.

53.     Any written Document Preservation Notice is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

54.     Any written Document Preservation Notice is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

55.     Admitted.

56.     Admitted.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, which are denied, and strict proof thereof is demanded at trial of this matter.

58.     Denied.  Every one of MEF's attempts to resolve this matter has involved MEF's attempts to impose an undue burden upon Defendant or overly broad requests.  There are no facts or evidence that Defendant has engaged in any activities adverse to MEF interests and any information which Defendant may still have access to is based upon stored ESI.  Defendant has never provided a third party with access to MEF information.  Defendant has never compromised MEF interests.  Defendant has never engaged in activity that could damage MEF interest.  To the contrary, Defendant has continued to act in a manner that supports MEF as an organization and organizational interests.

59.     Denied.  It is denied that MEF is entitled to take the actions it has taken intending to harm Defendant in retaliation for Defendant pursuing her rights under Title VII, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

60.     It is admitted that Defendant received a letter from Plaintiff sometime around October 25, 2019.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

61.     Admitted.

62.     It is admitted that Defendant attempted to work with MEF to identify and delete any residual information contained in a personal electronic device of Defendant.  The remaining allegations in this paragraph are denied.

63.     It is admitted that Defendant requested a word document of the affidavit sometime around November 17, 2019 in order to make changes to the affidavit.  The remaining averments are denied.

64.     Denied.  On November 18, 2019, Defendant, through counsel, sent an email and provided Plaintiff with the conditions upon which Defendant would engage in further discussions aimed as resolution of the issues presented in Plaintiff's First Amended Complaint.

65.     Denied.  At no time did counsel or Defendant claim that any information has been destroyed.

66.     It is admitted that MEF sent correspondence dated November 25, 2019 suggesting that Defendant voluntarily execute a restraining order.  The remaining averments in this paragraph are denied.

67.     Denied.  Defendant, Lisa Barbounis had previously provided MEF with assurances sufficient to confirm her good faith in working with MEF to confirm that all information subject to her non-disclosure agreement would be destroyed.

68.     It is admitted that Plaintiff filed a complaint December 3, 2019.  The remaining averments in this paragraph are denied.

69.     Denied.

70.     Defendant incorporate by reference the answers to paragraphs 1-69 inclusive, as fully as though the same were here set forth at length.

71.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are conclusions of law to which to response is required.

72.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are conclusions of law to which to response is required.

73.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are conclusions of law to which to response is required.

74.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are conclusions of law to which to response is required.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, which are denied, and strict proof thereof is demanded at trial of this matter.

76.     Denied.  The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.  The remaining averments in this paragraph are conclusions of law to which to response is required.

77.     Denied.  It is denied that MEF has suffered any damages.   The remaining averments in this paragraph are conclusions of law to which to response is required.

**Plaintiff's First Amended Complaint is mis-numbered.  In order to maintain uniformity, Defendant has mis-numbered her Answer to match Plaintiff's First Amended Complaint.**

8.      Defendant incorporate by reference the answers to paragraphs 1-77 inclusive, as fully as though the same were here set forth at length.

9.      The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

10.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

11.     The asserted exhibit is a document that speaks for itself, and any characterization of the same by Plaintiff is denied.

12.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, which are denied, and strict proof thereof is demanded at trial of this matter.

13.     Denied.

14.     Denied.

15.     Denied.

**Plaintiff's First Amended Complaint is mis-numbered.  In order to maintain uniformity, Defendant has mis-numbered her Answer to match Plaintiff's First Amended Complaint.**

70.     Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 inclusive, as fully as though the same were here set forth at length.

70.     Denied.

71.     The averments in this paragraph are conclusions of law to which to response is required.

72.     Denied.

73.     Denied.

74.    Denied.

75.    Denied.

76.    The averments in this paragraph are conclusions of law to which to response is required.

77.    Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 - 77 inclusive, as fully as though the same were here set forth at length.

78.    Denied.

79.    The averments in this paragraph are conclusions of law to which to response is required.

80.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, which are denied, and strict proof thereof is demanded at trial of this matter. The remaining averments in this paragraph are conclusions of law to which to response is required.

81.    It is denied that Defendant stole any information from Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.  The remaining averments in this paragraph are conclusions of law to which to response is required.

82.    It is denied that Defendant misappropriated any information from Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter. The remaining averments in this paragraph are conclusions of law to which to response is required.

83.    It is denied that Defendant misappropriated any information from Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter. The remaining averments in this paragraph are conclusions of law to which to response is required.

84.    It is denied that MEF has been harmed by Defendant. The remaining averments in this paragraph are conclusions of law to which to response is required.

85.    Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 - 84 inclusive, as fully as though the same were here set forth at length.

86.    Denied.

87.    Denied.

88.    Denied.

89.    The averments in this paragraph are conclusions of law to which to response is required.

90.    It is denied that Defendant misappropriated any MEF information.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

91.    It is denied Defendant stole information from MEF.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

92.    It is denied Defendant misappropriated any MEF information.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

93.    It is denied Defendant misappropriated any MEF information.  It is denied that Defendant did not have express or implied consent.  It is denied that any improper means were used. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are denied, and strict proof thereof is demanded at trial of this matter.

94.    Denied.

95.     Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 - 94 inclusive, as fully as though the same were here set forth at length.

96.     It is denied that MEF utilizes its own email servers.  The remaining allegations are conclusions of law to which no response is required.

97.     It is denied that Defendant accessed MEF principles emails accounts.  The remaining allegations are conclusions of law to which no response is required.

98.     Denied.

99.     It is denied that Defendant exceeded her authorization.  The remaining allegations are conclusions of law to which no response is required.

100.    Denied.

101.    The allegations are conclusions of law to which no response is required.

102.    It is denied that Defendant accessed any email accounts without authorization or exceeded authorized access.   The remaining allegations are conclusions of law to which no response is required.

103.    Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 – 102 inclusive, as fully as though the same were here set forth at length.

104.     It is admitted that MEF employees use emails for work related to their employment with MEF.  The remaining allegations are conclusions of law to which no response is required.

105.    The allegations are conclusions of law to which no response is required.

106.    Denied.

107.    Denied.

108.    Denied.

109.    The allegations are conclusions of law to which no response is required.

110.    Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 - 109 inclusive, as fully as though the same were here set forth at length.

111.    Admitted.

112.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

113.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

114.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

115.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

116.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

117.    It is denied Defendant owed a fiduciary duty.  The remaining allegations are conclusions of law to which no response is required.

118.    Defendant incorporate by reference the answers to paragraphs 1-77 and 8 – 15 and 70 - 117 inclusive, as fully as though the same were here set forth at length.

119.    It is denied Defendant misappropriated confidential information or trade secrets, breached her contractual obligations, violated any of the named statutes, converted company information or breached a fiduciary duty.

120.    Denied.

121.    It is denied that MEF intended to resolve this matter amicably as Defendant expressed a good faith interested in resolution.  Plaintiff responded to Defendant's attempts to

resolve this matter with overly broad, unduly burdensome request and continue these requests presently.

122.    Denied.  Both Defendant and counsel renew their willingness to resolve all matters presented in Plaintiff's First Amended Complaint.  Defendant has written several letters to Plaintiff through counsel in the past two weeks including correspondence dated January 22, 2020 and January 29, 2020 renewing Defendant's offer to engage in an amicable resolution to this matter.  Plaintiff has expressed no interest in such offers or resolution.

123.    Denied.  The only dispute that exists between the parties is the way in which this matter should be resolved.  Plaintiff will not agree to any resolution that does not include Plaintiff obtaining access to every piece of personal electronic information in Defendant's position and Plaintiff refuses to conduct discovery through reasonable means that do not impinge upon Defendant's rights.

WHEREFORE, Defendant denies that she is liable on Plaintiff's cause of action, and demands judgment in her favor.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to properly mitigate any damages sustained.

Third Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations, the relevant portions of which are incorporated herein by reference.

Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of res judicata.

Fifth Affirmative Defense

Plaintiff's claims are barred by any release which she may have executed.

Sixth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

Seventh Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with her Confidentiality and Non-Disclosure Agreement.

Eighth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with her Bring Your Own Device Agreement.

Ninth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Computer Fraud and Abuse Act, 18 U.S.C. § 1080(g).

### Tenth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Pennsylvania Uniform Trade Secrets Act, Pa Cons. Stat. § 5304(a).

### Eleventh Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1).

### Twelfth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Stored Communications Act18 U.S.C. § 2107.

### Thirteenth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Commonwealth of Pennsylvania governing conversation.

### Thirteenth Affirmative Defense

It is averred that at all times concerning this litigation, Defendant acted in accordance with the regulations and requirements of the Commonwealth of Pennsylvania governing breach of fiduciary duty.

### Fourteenth Affirmative Defense

It is averred that all claims based upon tort is barred by the gist of the action doctrine.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of qualified immunity.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred to the extent that they violate and exceed the amounts recoverable, if any, under the provisions of any statutes pled by Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because of Plaintiff's unclean hands.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred by principles of sovereign immunity.

### Twentieth Affirmative Defense

Plaintiff's claims are barred in whole or part by waiver and estoppel.

### Twenty-First Affirmative Defense

All claims for punitive damages under the Stored Communications Act18 U.S.C. § 2107. are barred.

### Twenty-Second Affirmative Defense

Defendant is entitled to recover reasonable attorneys' fees, expert fees, costs and expenses upon prevailing on any or all of the claims alleged against Defendants to the extent that such recovery is allowed by law.

### Twenty-Third Affirmative Defense

Plaintiff's breach of contract claims are barred by a lack of consideration.

### Twenty-Fourth Affirmative Defense

Plaintiff's breach of contract claims are barred by a lack of consideration.

### Twenty-Fifth Affirmative Defense

Ambiguity – Plaintiff did not clearly state the amount or the issue(s) in this case, which makes it hard for Defendant to respond. I ask the Court to allow Defendant to add more defenses at a later time if required.

### Twenty-Sixth Affirmative Defense

Failure to Mitigate Damages – Plaintiff is not entitled to interest and/or attorneys' fees because Plaintiff has allowed these fees to add up unnecessarily by: (1) refusing a reasonable offer by Defendant.

### Twenty-Seventh Affirmative Defense

Breach of Contract by Plaintiff - Plaintiff failed to comply with the terms of the contract.

Twenty-Eighth Affirmative Defense

No Breach of Contract - Plaintiff complied with her obligations under the contract and Plaintiff substantially complied with the terms of the contract.

Twenty-Ninth Affirmative Defense

Unclean Hands:  Plaintiff is attempting to benefit from its own wrongdoing.

Thirtieth Affirmative Defense

Unjust enrichment.  Plaintiff is attempting to obtain money that Defendant is not entitled to through this civil action.

Thirty-First Affirmative Defense

Defendant asserts intervening or superseding causation as an affirmative defense to the CFAA claim.

Thirty-Second Affirmative Defense

It is averred that at no time was MEF am entity to which the regulations and requirements of the Computer Fraud and Abuse Act, 18 U.S.C. § 1080(g) applied.  MEF email accounts are not protected computers.

Thirty-Third Affirmative Defense

It is averred that MEF has failed to state a case upon which relief can be granted under the Pennsylvania Uniform Trade Secrets Act, Pa Cons. Stat. § 5304(a).

Thirty-Fourth Affirmative Defense

It is averred that MEF has failed to state a case upon which relief can be granted under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1).

Thirty-Fifth Affirmative Defense

It is averred that MEF has failed to state a case upon which relief can be granted under the Stored Communications Act, 18 U.S.C. § 2701.

Defendant reserve the right to amend their Answer to add affirmative defenses as they become available.

WHEREFORE, Defendant denies that she is liable on Plaintiff's cause of action, and demand judgment in her favor.

**DEREK SMITH LAW GROUP, PLLC**

By:  _____/s/ Seth D. Carson_____
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
PA ID 319886
Email: seth@dereksmithlaw.com

DATED:  February 1, 2020