IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | RESPONSE TO PLAINTIFF'S |
| | : | OPPOSITION TO DEFENDANT'S |
| Defendant. | : | MOTION FOR RECONSIDERATION |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant, Lisa Barbounis presents the following memorandum in response to the arguments Plaintiff's raise in Plaintiff's Opposition to Defendant's Motion for Reconsideration.

### I.   INTRODUCTION

In a strategy of avoidance, aspersion and accusation, Plaintiff, The Middle East Forum ("MEF" or "Plaintiff") is attempting to gain access to Defendant's entire life through an improper discovery request that violates Defendant's privacy rights, the privacy rights of third parties, and the federal rules of civil procedure. Plaintiff first attempts avoidance of the legal issues governing its improper request by arguing that Defendant entered into an agreement with Plaintiff to turn over her devices. At no time did such an agreement exist. Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") was compelled by a ruling of the Court to provide a list of information contained in her personal electronic devices that she did not want to turn over to the Plaintiff. The Court's instruction to Defendant came after Defendant lost the two primary arguments at issue. Defendant's Motion for Reconsideration asks the Court to reconsider those rulings. Argument number one which Defendant lost pertains to the discovery

process. Defendant argued, and was overruled, that discovery requests should be made through counsel and all relevant non-privileged documents should be recovered by counsel for Defendant and furnished to Plaintiff. Argument number two relates to the discovery of Electronically Stored Information ("ESI"). Defendant argued and was overruled that once an image of Defendant's device is made only relevant, non-privileged information should be turned over. The Court specifically ruled that Defendant was not permitted to make an argument based upon relevance and ruled that Defendant could argue relevance after the information was produced. (Doc 28-1 at p17:8-11). Defendant suggests this ruling is improper because after the information is produced, Defendant's primary argument becomes moot. Defendant argued against almost every aspect related to the Court's January 15, 2020 Order and when the Court indicated that Defendant was still required to turn the information over, Defendant attempted to protect what information she could by developing a list of private information contained in her personal electronic devices that she wished to remain private. The Court adding this language to the Order did not turn the entire Order into an agreed to Order. Nowhere in the Order does it state that the Order was agreed to. Because the Order improperly shifts the burden of disproving relevance to Defendant, and allows every aspect of Lisa Barbounis's private life to be turned over to the Plaintiff, Defendant asks the Court to reconsider the January 15, 2020 Order to prevent a manifest injustice.

There is no precedent in this or any circuit for the overly broad, unduly burdensome discovery process that Plaintiff has asked for in this case. To support the discovery process that Plaintiff has invented for the purposes of this civil action, Plaintiff relied entirely on accusation and aspersion. Plaintiff has asked the Court to disregard the well-established, reliable, settled, tradition method of discovery for a process that is transparently violative on its face. Plaintiff

asks that Defendant and her counsel be excluded entirely from the discovery process. Plaintiff presented the Court with eleven pictures of Defendant using five electronic devices over the course of several years, and whether these devices are in Ms. Barbounis's possession or not, Plaintiff asks that they be turned over, imaged and that the entire contents of these devices be provided directly to Plaintiff, without any consideration for Ms. Barbounis's privacy, relevance to the case, or protected information (other than privilege). To support this departure from the traditional methods of discovery, Plaintiff makes unfounded, false, misleading accusations about Defendant and her counsel. For example, to resolve the issue of what devices Ms. Barbounis has in her possession, Ms. Barbounis provided the Court with a Declaration that confirms Ms. Barbounis is in possession of two devices: (1) her personal cell phone, and (2) a broken personal cell phone linked to the same account. At great personal expense, Ms. Barbounis has not returned the broken phone to her insurance company in a concerted effort to comply with her legal obligations. Plaintiff presents Defendant's attempt to preserve evidence related to this case (the second phone) as evidence of wrong-doing.

Plaintiff continues to argue "irreparable harm" without any demonstration as to the nature of this harm. Plaintiff continues to argue prejudice without any demonstration of the nature of this prejudice. Defendant has taken all steps to preserve relevant evidence and is prepared to produce the same upon resolution of the issues presented in Defendant's Motion for Reconsideration and any subsequent motions. Defendant's argument has remained the same since October 25, 2019, when Plaintiff first put Defendant on notice of the issues presented in this case. Defendant seeks only an amicable resolution to this matter that protects both parties interests. If Defendant's personal electronic devices contained 100% of Defendant's life for the past three years, with less than 1% (<1%) of that information being relevant to the instant matter,

Defendant seeks only a way to provide Plaintiff with the <1% without furnishing the other greater than 99%.

## II. ARGUMENT

### A. Defendant has sent numerous letter to Plaintiff requesting to resolve this discovery dispute amicably.

Defendant, Lisa Barbounis, through counsel, sent correspondence to Plaintiff dated January 22, 2020 and January 29, 2020. <u>Letters from Defendant to Plaintiff are attached and marked Defendant's Exhibit "A"</u>.  Both letters provided Plaintiff with a good faith pledge to begin the discovery process immediately. (emphasis added)  In Defendant's most recent correspondence dated January 29, 2020, Defendant offered to ***begin the discovery process within twenty-four (24) hours*** if Plaintiff agreed to initiate the discovery process in stages.  Defendant asked that stage one begin with targeted discovery of Defendant's personal electronic devices based on keywords to identify relevant information.  Defendant suggested that if stage one did not satisfy Plaintiff's discovery requirements, the parties could continue the discovery process and even consider more extreme measures.

If preservation of evidence was an important an objective to Plaintiff as Plaintiff claims, Defendant's personal electronic devices could have been imaged already, and the ***relevant, non-privileged contents could be in Plaintiff's possession today***.  Defendant even conceded in her January 29, 2020 correspondence that if this discovery process was somehow insufficient, the parties could revisit the extreme discovery methods requested by Plaintiff at the January 15, 2020 hearing.

Defendant has all but begged Plaintiff to abandon the extreme, unwarranted, unprecedented discovery requests Plaintiff has asked for in this case in the interest of an amicable resolution based on traditional discovery and the Federal Rules of Civil Procedure.

Plaintiff has refused to even consider Defendant's good faith offer.

    **B. When discovery of ESI is reciprocal, Plaintiff, Middle East Forum has asked the Court to allow for a traditional discovery process based on an agreed upon ESI protocol.**

On Thursday, January 30, 2020, the same parties, Lisa Barbounis and The Middle East Forum engaged in a Rule 16 Conference in the matter of <u>Lisa Barbounis v. MEF</u>, et al. The Rule 26(f) Report agreed upon by the parties provides for a traditional discovery process, which Defendant, Lisa Barbounis suggests is also appropriate in the instant matter.

> The Parties anticipate the discovery of electronically stored information ("ESI") in this matter. The Parties have identified extensive email correspondence, text messages, social media evidence, other non-email electronic communications and documents as the primary sources of ESI in this matter. The Parties believe search terms will be necessary, and will work with each other to agree on search terms. The Parties do not anticipate cost-shifting under the Federal Rules of Civil Procedure. Defendants have reason to believe that Plaintiff has spoliated evidence, therefore we anticipate problems with electronic discovery. The Parties have not agreed to an ESI stipulation. <u>A copy of the parties Joint Discovery Plan is attached and marked Exhibit "B"</u>.

Defendant, MEF actually drafted the language above which is the same language that Defendant requests in this case. Defendant presents this as part of her argument to suggest that Plaintiff is aware of the manifestly unjust nature of Plaintiff's discovery requests. No party would agree to production of 100% of their entire life in an effort to locate a small amount of information relevant to the instant claims. This is the very definition of an overly broad discovery requests and it violates the very tenants of the Federal Rules of Civil Procedure. Plaintiff presents an unfounded, speculative argument suggesting that Defendant, Lisa Barbounis has some ulterior motive for requesting reconsideration of the January 15, 2020 Order, as if protecting years of her life is not a sufficient reason for challenging such an order.

    **C. Plaintiff continues to present arguments that were resolved by Defendant's and counsel for Defendant's Declarations.**

Plaintiff continues to argue to this Court that Defendant has "erased relevant materials from

at least one device." This argument is untrue as it pertains to the instant action and should have been resolved by a Declaration by counsel for Defendant where I swore under perjury of penalty that I was not referring to Lisa Barbounis in an email I sent to Plaintiff (Doc 6 Exhibit C). I would suggest that a Declaration offered by an officer of this Court should not be challenged. I was speaking on behalf of three individuals and I should have been clearer in my pronouncement. When I wrote this statement (Doc 6 Exhibit C), I did not suggest that any information had been spoliated, only that two of my clients had taken steps during their employment to make certain that no ESI related to the Middle East Forum remained on their personal devices. Defendant, Lisa Barbounis took similar steps during her employment. It was a purported obligation of MEF employees to ensure that confidential information was not saved on personal devices longer than what was required. Plaintiff's case is about ESI that may still exist, inadvertently, on a personal electronic device of Defendant, Lisa Barbounis. Plaintiff continues arguing both sides. When Defendant takes steps to erase information, Plaintiff accuses Defendant of spoliation. When Defendant forgets to erase some bit of information, Plaintiff accuses Defendant of stealing confidential information. Exhibit 10 (Doc 28-1) offered by Plaintiff is based on this unfair paradigm created by Plaintiff as part of Plaintiff's attempts to harass, embarrass and retaliate against Defendant, Lisa Barbounis.

Plaintiff continues to cast accusations and aspersions at Defendant and her counsel in an effort to gain unfettered access to her personal electronic devices. Plaintiff cites to cases such as Littlejohn v. Bic Corp., 851 F.2d 673 (3d Cir. 1988) to support an argument that stricter measures of discovery are warranted. Plaintiff's argument fails however because there has been no showing that Defendant or her counsel are incapable of satisfying the expectations of the discovery process. Accord Id. Defendant has not changed her story at any stage of this litigation. To the contrary,

Defendant's position has been entirely consistent since receipt of the November 25, 2019 notice letter. Plaintiff's Opposition to Defendant's Motion for Reconsideration argues that Defendant has admitted to possessing four (4) devices. This argument is troubling as the Declaration was provided to the Court and Parties to clarify what devices Lisa Barbounis has access to. The Microsoft Surface Plaintiff continues to allude to was damaged and disposed of sometime between December 2018 and January 2019, long before any litigation was contemplated. This was a personal device that Lisa Barbounis owned and disposed of well over a year ago. (Doc 23-2). Indeed the image of the laptop produced by Plaintiff taken March 2018, is consistent with Defendant's Declaration (See Doc 28-2 Exhibit 7). Moreover, Defendant's attempts to present information that has been updated or clarified as evidence of bad faith or improper conduct is troubling. Defendant is permitted to provide additional clarification upon review of her records. In fact, Defendant's willingness to contradict earlier statements in order to provide accurate and truthful information to Plaintiff and the Court is laudable. I would also suggest that Plaintiff's attempts to use statements made by counsel for Defendant during discussions aimed at resolving the matters presented in Plaintiff's First Amended Complaint is improper.

### D. Defendant cannot comply with the Court Order if she intends to argue against it as compliance will render all arguments moot.

Plaintiff has argued that Defendant should have complied with the January 15, 2020 Order despite Defendant's opposition and Motion for Reconsideration. Defendant is attempting to avoid the imaging and production of personal, private information contained in her personal electronic devices and complying with the Order would render such arguments moot. Moreover, the January 15, 2020 Order was vacated.

### E. The January 15, 2020 Order was not agreed to.

To avoid repetition, Defendant will not rehash the same argument presented in the

introduction above, however, Defendant does wish to address information presented in Plaintiff's Opposition to Defendant's Motion for Reconsideration. Nowhere in the January 15, 2020 Order does it state that the Order was agreed to by Defendant. Defendant did not agree to the Order and argued against every portion of the Order relevant to her Motion for Reconsideration. The cases that Plaintiff relies on to support its position that the January 15, 2020 Order was an agreed to Order are not applicable.

Plaintiff first cites Armato v. Grounds, 766 F.3d 713 (7th Cir. 2014), a Seventh Circuit decision based on Illinois sentencing laws. See Armato v. Grounds ("Under Illinois law, state inmate's release date was the date specified in handwritten agreed order prepared by assistant public defender and signed by sentencing judge, rather than an earlier date which would be consistent with credits referred to in two typed judgments entered on same day as agreed order; typed judgments were not labeled "Agreed" and did not indicate any knowledge or participation on behalf of inmate or the state in their construction, and while agreed order mentioned that inmate would receive credit for time served, nothing in agreed order indicated that the explicit date for inmate's release listed in agreed order should be further modified."). Moreover, the court's ruling is Armato was based on the express language in the Order which provided that it was an agreed to Order. Id. ("Under Illinois law, the meaning of an agreed order "should be determined by the language chosen by the parties." Clark v. Standard Life & Acc. Ins. Co., 68 Ill.App.3d 977, 25 Ill.Dec. 416, 386 N.E.2d 890, 896 (1979).

"Here, the plain language of the February 18, 2010, Agreed Order stated that Armato should be released on May 28, 2010. To elaborate: [A]n agreed order is conclusive on the parties and cannot be amended or set aside by one of the parties without a showing that the order

resulted from fraudulent representation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence."). Id.

In re Fannie Mae Sec. Litig., 552 F.3d 814, 822 (D.C. Cir. 2009) is also inapplicable as it involved a stipulate order signed by the parties. See Id. ("Instead, it chose to sign the stipulated order, which ended the hearing and unquestionably settled the discovery dispute. Having stipulated to a schedule for complying with the subpoenas, OFHEO can hardly complain now about being held to its agreement.").

Plaintiff also argues facts that simply did not occur. At no time did counsel for Defendant read the Order to Defendant during the January 15, 2020 hearing. This statement is simply false. The first time Lisa Barbounis reviewed the January 15, 2020 Order was after it was issued.

### F. Defendant's Motion for Reconsideration is the appropriate mechanism to ask the Court to reconsider issues overlooked such as Defendant's privacy rights in connection with producing non relevant documents and waiting to argue relevancy at trial.

Plaintiff's argument that a Motion for Reconsideration is not the appropriate mechanism at this point in the case is entirely false. A motion for reconsideration is precisely the correct mechanism to ask the Court to reconsider an Order that is based on an error of law and will result in a manifest injustice. Defendant was faced with an Order that was manifestly unjust, the compliance of which would have rendered all subsequent arguments moot. Defendant, Lisa Barbounis had only two choices. Compliance with an Order that Defendant, Lisa Barbounis believed was manifestly unjust, which would result is irreparable harm to Defendant's privacy rights, or request reconsideration. The Court's decision in support of the Order was that relevance need not be addressed at this time. The Court stated that the parties could argue relevance after the information was produced. Defendant's Motion for Reconsideration is based

upon manifest unjust nature of proceeding in this manner. By putting relevance off to be considered another day, and requiring Defendant to list non- relevant information, the Court did not take into consideration the privacy concerns that would be rendered moot the moment her devices were imaged and turned over to an adverse party. Plaintiff cannot overcome these privacy interests with mere allegations. Plaintiff attempts to support its improper request by lobbing unfounded allegations such as accusing Defendant of demonstrating a "pattern of destroying information." These allegations are willfully misleading as Plaintiff cannot point to a single piece of evidence that Defendant destroyed. Plaintiff's newest attempt to accuse Defendant of destroying information is the Apple MacBook Pro which was factory reset upon its return to Plaintiff. Defendant's Declaration clearly explains that the factory reset was done so at the direction of The Middle East Forum's Chief Financial Officer and Director of Human Resources, Marnie Meyer. Marnie Meyer actually instructed Defendant, Lisa Barbounis to factory reset the device several times, one of them being through a text message sent by The Middle East Forum's Chief Financial Officer and Director of Human Resources, Marnie Meyer. A copy of the text message is attached. <u>A true and accurate copy of a text message sent by Marnie Meyer to Defendant, Lisa Barbounis is attached and marked Exhibit "C"</u>.

### III. CONCLUSION

Defendant, Lisa Reynolds Barbounis requests reconsideration of the January 15, 2020 Discovery Order, so that Plaintiff's discovery requests be in accord with the Federal Rules of Civil Procedure. Specifically, Defendant seeks a more narrowly tailored discovery request supported by a more specific showing of relevance.

                                              **DEREK SMITH LAW GROUP, PLLC**

By: _____
        Seth D. Carson, Esquire
        1835 Market Street, Suite 2950
        Philadelphia, Pennsylvania 19103
        Phone: 215.391.4790
        Email: seth@dereksmithlaw.com

DATED: February 3, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2020, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed and served electronically through the Court's CM/ECF system.

                              Sidney L. Gold sgold@discrimlaw.rf t
                              Sidney L. Gold & Associates P.C.
                              1835 Market Street, Suite 515
                              Philadelphia, PA 19103
                              Tel: (215) 569-1999
                              Fax: (215) 569-3870
                              Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

By:      /s/ Seth D. Carson
          Seth D. Carson, Esquire
          1835 Market Street, Suite 2950
          Philadelphia, Pennsylvania 19103
          Phone: 215.391.4790
          Email: seth@dereksmithlaw.com

DATED: January 20, 2020