# EXHIBIT A



January 22, 2020

*Via Email to sgold@discrimlaw.net*
Sidney L. Gold, Esquire
Sidney L. Gold & Associates, P.C.
1835 Market Street
Suite 515
Philadelphia, PA 19103

     RE: <u>Middle East Forum v. Lisa Barbounis</u>
        No. 2:19-cv-05697-JS

Dear Mr. Gold,

I write in connection with the above captioned matter to suggest the parties engage in discussions aimed at resolving the discovery dispute related to the imaging and production of electronic information contained in Ms. Barbounis's personal devices.  To set the table for discussions surrounding this issue, I think it would be productive to first agree that only a small percentage of information contained in Ms. Barbounis's personal devices relates in any way to her employment at the Middle East Forum.  My client estimates that less than 1% ("<1%") of the information in her personal devices is relevant to the claims and defenses presented in the instant matter.  And more than 99% (">99%") is personal and private information that your client has no right to review.

My client concedes that the <1% must be furnished and only seeks to protect the >99%.  Therefore, I would suggest that the parties engage in discussions aimed at producing the relevant, discoverable information only.  My client intends to challenge any Order that requires the production of Ms. Barbounis's personal, private, confidential information so that MEF (or its attorneys) can sift through her entire life in an attempt to identify relevant, discoverable information.  This is the definition of an overly broad discovery request.  In fact, I would challenge anyone to conceive of a discovery request that is more overly broad than requesting the production of someone's entire life.

The Motion for Reconsideration filed January 20, 2020 is a good faith attempt to work through these issues at the district court level; however, if the Motion for Reconsideration fails, my client has instructed me to file an Emergency Stay Request at the district court level pending the appeal.  If the Motion for Stay is denied, my client has instructed me to file an Emergency Stay Request with the Third Circuit pending the appeal.

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

The issues presented are clearly worthy of appeal in our Circuit. See Cohen v. Beneficial Indus. Loan Corp ("The Cohen collateral order doctrine permits review of interlocutory rulings that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."). Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47 (1949); see also Will v. Hallock, 126 S. Ct. 952, 957 (2006). The Third Circuit Court of Appeals has led its sister courts in promulgating caselaw predicated on the Cohen Collateral Doctrine related to discovery orders.

In past communications, you have stressed the importance of obtaining information in a timely manner, which Defendant agrees with. Accordingly, to avoid the time and cost in litigating the issues surrounding my client's privacy rights and Plaintiff's overly broad discovery request in violation of the Federal Rules of Civil Procedure, I would suggest the parties work together toward their mutually agreeable objectives. I would therefore ask Plaintiff to consider revising its discovery requests to more narrowly tailor its requests based upon a specific showing of relevance.

It is impossible for Defendant to list everything she does not wish to produce, and expecting Ms. Barbounis to attempt this task would improperly shift the burden of relevance from Plaintiff to Defendant. I would therefore suggest that Plaintiff consider a method of production aimed at only the relevant information my client has access to; the less than one percent of information contained in her personal electronic devices; and cease efforts aimed at obtaining the other 99%.

I am available for discussions surrounding these issues anytime.

Very Truly Yours,
**DEREK SMITH LAW GROUP, PLLC**

By:_____/s/ Seth D. Carson_____
         Seth D. Carson, Esquire


CC: Attison Barnes



January 29, 2020

*Via Email to sgold@discrimlaw.net*
Sidney L. Gold, Esquire
Sidney L. Gold & Associates, P.C.
1835 Market Street
Suite 515
Philadelphia, PA 19103

      RE: <u>Middle East Forum v. Lisa Barbounis</u>
         No. 2:19-cv-05697-JS

Dear Mr. Gold,

I write to follow up on your most recent correspondence dated January 29, 2020. The arguments presented in your January 29, 2020 correspondence are transparently perfidious. Your attempt to paint me or my client as some kind of bad faith actors is disappointing and unfortunate. The evidence does not demonstrate that my client has more than one device. As is clearly evident from the sworn Declaration executed by Lisa Barbounis, she has only one active device. In an effort to preserve any and all devices, my client did not return a broken, non-functioning smartphone she received at the end of November 2019 (months after she stopped working with MEF); at the risk of great expense and undue burden to my client. Accordingly, and as is clearly laid out in her Declaration, she will be able to search her records related to two devices, one which is active and one which has been deactivated because it is impossible to operate two phones with the same phone number at the same time. Presently, she continues to disregard her carrier's instruction to return the second device until it can be searched and relevant, nonprivileged materials turned over to Plaintiff. The attempt to characterize her ability to search two devices instead of one as evidence of Lisa Barbounis's bad faith is troubling to say the least, since Lisa Barbounis has provided documentation along with her Declaration that confirms the second device was in her possession only recently and for a very short period of time.

But your attempts to manufacture evidence and arguments on the fly to support this frivolous bad faith litigation is well documented. For example, the attempt to characterize the January 15, 2020 Order as an "agreed [to] order" ignores the relevant history that led to the order's issuance. Defendant objected to and argued throughout the January 15, 2020 hearing until its conclusion against the order. Defendant objected and argued against the imaging of her device. Defendant objected and argued against providing the imaged contents directly to Plaintiff. Defendant objected to and argued against protections based on relevance. Defendant objected to and argued against allowing Plaintiff to slowly review the entire imaged contents of her personal device in search of relevant evidence that Plaintiff could not identify. Defendant lost every one of these

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

arguments which constituted a manifest injustice.  So Defendant filed a motion for reconsideration to correct this clear error of law and to prevent a manifest injustice.  The attempt to characterize the entire order as an agreement is simply false as the Honorable Judge Sanchez specifically ordered Defendant to provide Plaintiff with a list of information Defendant wished to protect and stated on the record that the hearing would not be adjourned until this information was provided.  The decision to shift the burden of relevance to Defendant constituted abuse of discretion for the reasons clearly set forth in Defendant's Motion for Reconsideration.

There is ample evidence of Plaintiff's willful attempts to improperly use the court to retaliate against Lisa Barbounis.  By way of example only, and certainly not an exhaustive list, Plaintiff continues to adjust arguments of fact to suit Plaintiff's needs after Plaintiff's false assertions are exposed.  Plaintiff's most recent argument which is not included in Plaintiff's original filing is that Plaintiff's case is somehow predicated upon the condition of the MEF laptop returned to MEF when Lisa Barbounis's employment ended.  MEF has been in receipt and possession of this laptop since August 13, 2019.  Notwithstanding, MEF failed to mention the condition of the returned laptop from August 2019 until December 2019, after Defendant explained that she did not download information on her personal computer.   Defendant only raised this argument as a last ditch effort to preserve claims based on Count II of Plaintiff's Complaint – Violation of the Bring Your Own Device Agreement.  Evidence produced through discovery will demonstrate that MEF's own Chief Financial Officer and Director of Human Resources suggested to several employees including Lisa Barbounis to factory reset their devices before returning them.

Finally, Plaintiff continues to suggest that Lisa Barbounis has some other motive other than a desire to avoid having her entire life imaged and furnished to an adverse party.  As if privacy concerns were an insufficient motive for denying personal, private information to an adverse party.  Of course, there is no evidence to support Plaintiff's preposterous assertions; just blanket conjecture.

Still, Defendant will renew its good faith offer to begin the discovery process aimed at ESI today.  First Plaintiff needs to abandon its unlawful attempts to gain access to Lisa Barbounis's entire life.  Defendant is willing to have her devices imaged.  Defendant is willing to provide imaged contents proportional to the needs of this litigation to Plaintiff.  Defendant is willing to do this today.  Her devices can be imaged within the next 24 hours.  As a show of good faith, if Defendant does not take affirmative steps to turn her devices over for imaging within the next 24 hours, Defendant will cover the cost of ESI (but reserve the right to recover her expenses when she prevails in this litigation). The only reservation that Defendant maintains is that the imaged contents should be searched according to keywords aimed at identifying information relevant to Plaintiff's case.  Once the devices are imaged, and the initial batch of information is furnished by counsel for Defendant to Plaintiff, Plaintiff can determine whether additional discovery is required.  Plaintiff can also attempt the drastic measures to obtain discoverable information at a

later date, should the traditional discovery process be insufficient.  To require such drastic measures at the outset is unreasonably overly broad and unduly burdensome.  There is a reasonable way to engage in this discovery of ESI that protects both Defendant's privacy concerns and Plaintiff's attempts to obtain relevant information to prove its case.  This is the only argument that Defendant has raised from the beginning.   Defendant seeks a way to participate in the discovery process without producing personal, private, information that is not relevant to this case.  Plaintiff's refusal to allow discovery to proceed according to the traditional discovery process applied in every case in this court is confusing.  Plaintiff has not cited to a single case where discovery occurred the way Plaintiff argues it should occur here.

Defendant is available at anytime should Plaintiff wish to resolve this discovery dispute amicably.

Very Truly Yours,

**DEREK SMITH LAW GROUP, PLLC**

By:____/s/ Seth D. Carson_____
       Seth D. Carson, Esquire