# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS,<br>　　　　　　　　　　Plaintiff,<br>　　v.<br>THE MIDDLE EAST FORUM and<br>GREGG ROMAN (*individually*)<br>　　　　　　　　　　Defendants. | Case No. 2:19-cv-05030-JDW |

**JOINT RULE 26(f) REPORT**

　　Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

**I.   Counsel**

　　**A.  Lead counsel for Plaintiff:**   Seth D. Carson

　　**B.  Lead counsel for Defendants:**   David J. Walton

　　**C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff:**

　　Seth D. Carson

　　**D.  Counsel who participated in Rule 26(f) conference on behalf of Defendants:**

　　David J. Walton

**II.  Description of Claims and Defenses**

　　Plaintiff Ms. Lisa Barbounis ("Ms. Barbounis" or "Plaintiff") is a former employee of Defendant The Middle East Forum ("The Forum"). Defendant Mr. Gregg Roman ("Mr. Roman") is the Director of The Forum. Mr. Roman formerly supervised Ms. Barbounis. Ms. Barbounis alleges that she was subject to an ongoing campaign of discrimination and harassment including being subjected to alleged sexual assault during a work trip to Israel. Ms. Barbounis also alleges that she was subject to a hostile work environment and ongoing discrimination, harassment, and

retaliation. As a result, Plaintiff has brought four claims against the Defendants. Plaintiff's first claim of discrimination under Title VII has been brought against The Middle East Forum; Plaintiff's second claim of retaliation under Title VII has been brought against The Middle East Forum; Plaintiff's third claim of assault and battery has been brought against Mr. Roman; and Plaintiff's fourth claim of negligent hiring, retention, and supervision has been brought against The Middle East Forum. Plaintiff seeks damages to redress the alleged injuries that she allegedly suffered. Defendants deny all claims and any liability alleged by Plaintiff.

### III. Anticipated Scope of Discovery

**A. Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.**

  i. Plaintiff's employment history;

 ii. Plaintiff's job performance;

iii. Plaintiff's separation from the Middle East Forum;

iv. Communications between Parties;

 v. Similarly situated employees and interactions with superiors;

vi. The alleged incidents between Plaintiff and Gregg Roman;

vii. Plaintiff's efforts to report alleged incidents;

viii. Defendants efforts to investigate the alleged incidents and remedy the situation;

ix. Information obtained through subpoena from third-parties including Defendants former employees, and other witnesses present during the alleged incidents; and

 x. Plaintiff's alleged damages.

    B. **Anticipated number of interrogatories per Party:**     25

    C. **Anticipated number of depositions per Party:**   10

    D. **To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.**

        i. The Parties are not requesting any modifications at this time.

    E. **Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought.**

        i. Defendants anticipate issuing subpoenas for third-party discovery from colleagues, former co-workers, and associates of Plaintiff who interacted and communicated with her regarding her allegations and claims and Defendants' defenses.

    F. **Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.**

        i. Defendants will likely utilize a financial damages expert as well as a potential Rule 35 – Physical and Mental Examination medical expert.

**IV.   Status of Discovery**

The Parties must summarize the status of discovery to-date. If nothing has been done in terms of discovery, the Parties should explain why. In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

        i. Defendants served their initial disclosures to Plaintiff's counsel on January 20, 2020. Plaintiff has yet to serve her initial disclosures. The Parties anticipate serving other written discovery upon each other prior to the Rule 16 Conference.

**V.   Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will <u>not</u> bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): *January 24, 2020*

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): *June 20, 2020*

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): *October 1, 2020*

D. Deadline for rebuttal expert reports (if any): *November 1, 2020*

E. Deadline to complete discovery: *October 29, 2020*

F. If any Party seeks more than 120 days for fact discovery, explain why.

There are numerous related claims. Plaintiff identified numerous instances and individuals in her Complaint. Defendants will need to conduct extensive ESI-discovery, especially from social media and personal phones. Plaintiff also intends to conduct ESI-discovery related to the personal electronic devices of Daniel Pipes, Gregg Roman, Matthew Bennett and any other individual who might have relevant, discoverable information contained in their personal or business electronic devices including laptops and cellular phones**.**

G. Deadline to file motion for summary judgment*: December 4, 2020*

VI. **Deposition Scheduling**

**The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery.  If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.**

**Have the Parties set aside dates for deposition?**  No.

**If yes, what are those dates?**  N/A

**If no, when do the Parties intend to confer, and how many dates do they intend to set aside?**

The Parties anticipate a meet and confer prior to the Rule 16 conference to set aside dates to hold open for depositions. The Parties anticipate setting aside fifteen to twenty dates for depositions.

## VII. Electronic Discovery

The Parties anticipate the discovery of electronically stored information ("ESI") in this matter.  The Parties have identified extensive email correspondence, text messages, social media evidence, other non-email electronic communications and documents as the primary sources of ESI in this matter.  The Parties believe search terms will be necessary, and will work with each other to agree on search terms.  The Parties do not anticipate cost-shifting under the Federal Rules of Civil Procedure.  Defendants have reason to believe that Plaintiff has spoliated evidence, therefore we anticipate problems with electronic discovery.  The Parties have not agreed to an ESI stipulation.

## VIII. Protective Orders and Confidentiality Agreements

Defendants anticipate the need for a protective order in this case. Many of the documents referenced or included in email correspondence include Defendants' confidential trade secrets, and other confidential information relating to The Forum's donors and business initiatives.

## IX. Alternative Dispute Resolution

### A. Have the Parties engaged in any settlement discussions?  If so, set forth the status of those negotiations.  If not, explain why not.

   i. Plaintiff made an initial demand of $5 million. This was rejected by the Defendants who requested a new demand. Plaintiff recently proposed that the Parties agree to pursue mediation (or other form of alternative dispute resolution) after first agreeing to negotiate within a certain agreed-upon range. Plaintiff's first proposed bracket was $100,000.00 to $950,000.00.  Plaintiff made this proposal on January 21, 2020**.**

5

    **B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3**.

        i. Counsel for Parties have presented the idea of ADR, however, little progress has been made to effectuate ADR.

    **C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.**

        i. **Counsel on behalf of Defendants**: David J. Walton

        ii. **Counsel on behalf of Plaintiff**: Seth D. Carson

**X.  Consent to Send Case to a Magistrate Judge**

The Parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

**XI.  Policies and Procedures**

Judge Wolson's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Wolson will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**XII.  Other Matters**

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

Plaintiff Lisa Barbounis' lawsuit is one of three suits that were filed against The Forum where there are overarching issues of fact and law. Accordingly, the Parties have discussed the possibility of consolidating the three cases (2:19-cv-05030-JDW; 2:19-cv-05082-MAK; 2:19-cv-05029-AB) for discovery purposes only, and discovery would be consolidated with the Honorable Anita B. Brody.

Respectfully submitted,

| | |
|---|---|
| _____/s/ Seth D. Carson_____ | _____/s/ David J. Walton_____ |
| Seth D. Carson, Esq. (PA#319886) | David J. Walton, Esq. (PA#86019) |
| Derek Smith Law Group, PLLC | Leigh Ann Benson, Esq. (PA#319406) |
| 1835 Market Street | COZEN O'CONNOR |
| Suite 2950 | 1650 Market Street |
| Philadelphia, PA 19103 | Suite 2800 |
| Phone: 215-391-4790 | Philadelphia, PA 19103 |
| *Attorney for Plaintiff* | Phone: 215-665-2000 |
| | *Attorneys for Defendants* |
| Dated: January 24, 2020 | Dated: January 24, 2020 |