## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM,
      Plaintiff,

    :
    :

v.

    :

LISA REYNOLDS-BARBOUNIS,
      Defendant.

    :
    :    Civil Action No.: 2:19-cv-5697

### ORDER DENYING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT

It appearing to the Court that it is just and proper to do so and that good cause has been shown, it is hereby

ORDERED that Defendant's Motion to Vacate Entry of Default shall be, and hereby is, DENIED.

SO ORDERED this _____ day of February, 2020.

_____

The Honorable Juan R. Sánchez
United States District Court

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE MIDDLE EAST FORUM,                    :

       Plaintiff,                         :

       vs.                                :

                                          :

LISA REYNOLDS-BARBOUNIS,                   :          Civil Action No.: 2:19-cv-5697

       Defendant.                         :


## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT

Plaintiff, The Middle East Forum ("Plaintiff" or "MEF"), by counsel, submits this Opposition to the Motion to Vacate Entry of Default filed by Defendant, Lisa Reynolds-Barbounis ("Defendant" or "Barbounis"). Defendant's Motion is without merit in light of: (1) Defendant's violation of this Court's January 21, 2020 Order; (2) the requirements of Federal Rule of Civil Procedure 15(a)(3); and (3) the Defendant's history of, and continuing, dilatory conduct. For these reasons, this Court should deny Defendant's Motion.

### I.    Defendant's Motion to Vacate Entry of Default Should be Denied as Contrary to the Plain Language of this Court's January 21, 2020 Order.

Defendant would have this Court believe that her default was a result of a miscalculation of the deadline for filing a responsive pleading. However, no such "calculation" was required, as the Court's January 21, 2020 Order explicitly stated that "[p]ursuant to Federal Rule of Civil Procedure 15(a)(3), Reynolds-Barbounis has until January 29, 2020 to respond to the Middle East Forum's Amended Complaint." *See* Order, Dkt. 24. The language of this Court's Order is plain and lacks any need for a calculation. Moreover, even if the Court had not explicitly

1

determined the response date in its Order, Defendant's response would still have been due within 14 days (not 21 days as Defendant cites in her motion) under Federal Rule of Civil Procedure 15(a)(3). Defendant therefore had two chances to file a timely response (under the Court Order and under the rules), and she failed at both. Ultimately, Defendant's behavior is another instance of repeated dilatory and irresponsible conduct that continues to frustrate the judicial process. Plaintiff filed this case months ago, and despite two hearings where the Court unambiguously directed Defendant to deliver her devices to a discovery vendor for imaging, Defendant has not turned over a single device, even though the second Order was a negotiated "agreed" order jointly drafted by the parties. Defendant's games must stop, as the Defendant has demonstrated that a default is more than justified under these circumstances.

**A.    Defendant's Motion to Vacate Contravenes a Court Order.**

Defendant contends that Entry of Default by this Court should somehow be vacated because of a claimed improper calculation of a deadline for filing a response to Plaintiff's Amended Complaint. *See* Defendant's Memorandum, Dkt. 32, p. 2-3. But the January 29, 2020 due date for a response could not be more clear in the Court's January 21, 2020 Order, and no calculation of a response date is required as Defendant would have this Court believe. *See* Order, Dkt. 24 ("Pursuant to Federal Rule of Civil Procedure 15(a)(3), Reynolds-Barbounis has until January 29, 2020 to respond to the Middle East Forum's Amended Complaint"). Defendant has offered no viable excuse for failing to comply with this Court Order in the same way it has offered no viable excuses for failing to comply with prior direction from this Court (including twice refusing to comply with the Court's direction to deliver her devices for imaging).[1]

---

[1] Plaintiff continues to suffer prejudice, not only because of the escalating costs of having to address the Defendant's behavior and delay, but also the continuing spoliation of data and metadata while Defendant has been using the devices which were never preserved by Defendant's counsel at the outset of this dispute and with full knowledge that Defendant's laptop had been factory-reset (deleting its contents) in the face of a preservation notice.

Even if Defendant were to argue that she could not understand the plain language of the Court's January 21 Order, her claim that a response under Federal Rules of Civil Procedure 15(a)(3) would be due in 21 days is equally concerning.  The plain language of Rule 15(a)(3) states that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later".  Fed. R. Civ. P. 15(a)(3).  Thus, Defendant's Motion is another example of Defendant's continuing unwillingness or inability to play by the rules in this case, and a default is more than warranted.

**B.    Defendant's Dilatory and Disrespectful Conduct Must Not Be Rewarded.**

Defendant's default is not the isolated incident Defendant seeks to portray, rather it is a continuing pattern of disruptive and irresponsible behavior.  Over the course of these proceedings, this behavior has included but is not limited to:

- admitting to deleting the contents of her Apple Macbook laptop in violation of a preservation notice;

- failing to deliver her devices to the discovery vendor on or before January 6, 2020, as directed by the Court at a hearing on December 20, 2019;

- failing to timely respond to the discovery requests served on Defendant on December 5, 2020;

- between the time that this claim was filed and the Court's January 15, 2020 hearing, deleting social media posts that showed pictures of the devices she has used and which she previously claimed did not exist;

3

- failing to be forthright in statements to the Court (and indeed repeatedly representing to the Court at the January 15 hearing that only one device existed) regarding how many electronic devices she possesses or used over the course of her employment at MEF (until Plaintiff demonstrated at the hearing on January 15, 2020 that multiple devices and storage media exist through the social media posts);

- failing to personally appear at the expedited discovery hearing on January 15, 2020;[2]

- failing to deliver her verified discovery responses on or before 5:00 p.m. on January 16, 2020, as directed by the Court's January 15 Order;

- failing to deliver her devices and storage media to the discovery vendor on or before 5:00 p.m. on January 17, 2020, as directed by the Court's January 15 Order;

- failing to respond to the Plaintiff's Motion for Preliminary Injunction, which should be granted as unopposed;

- failing to comply with an agreed order negotiated by the parties in the courtroom during the Court's January 15 hearing, then claiming that defendant is somehow not bound by the agreed order; and

- failing to comply with the Court's January 21 Order to file a responsive pleading on or before January 29, 2020.

---

[2] Defendant did participate by telephone in the negotiation of the agreed order submitted jointly by the parties on January 15, 2020, and ultimately entered without alteration by the Court the same day.

Individually, these acts and omissions are inexcusable, and taken together, they demonstrate conduct that more than justifies default.  Defendant, who is not pro se, has had multiple opportunities to act responsibly as expected of litigants in this Court.  It is unfair and prejudicial to Plaintiff to allow this conduct to continue.  Defendant's Motion should be denied.

## **CONCLUSION**

For these reasons, the Plaintiff respectfully requests that the Court deny the Defendant's motion to vacate entry of default, and grant such further relief as this Court deems proper.

Dated: February 4, 2020                    THE MIDDLE EAST FORUM
                                           By counsel,


                                           s/ Sidney L. Gold
                                           Sidney L. Gold
                                           sgold@discrimlaw.net
                                           Sidney L. Gold & Associates P.C.
                                           1835 Market Street, Suite 515
                                           Philadelphia, PA 19103
                                           Tel: (215) 569-1999
                                           Fax: (215) 569-3870

                                           Attison L. Barnes III
                                           abarnes@wiley.law
                                           Wiley Rein LLP
                                           1776 K Street NW
                                           Washington, DC 20006
                                           Tel: (202) 719-7000
                                           Fax: (202) 719-7049

                                           *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 4, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*