IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION TO VACATE**

Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") hereby responds to Plaintiff's Opposition to Defendant's Motion to Vacate Entry of Default under Federal Rule of Civil Procedure 55(c).

## I.   INTRODUCTION

On February 4, 2020, Plaintiff filed an Opposition to Defendant's Motion to Vacate Entry of Default Judgment arguing continuing dilatory conduct on the part of Defendant.   Defense counsel made a mistake with a calendar entry that the Answer was due February 5, 2020. Plaintiff now argues that Lisa Barbounis is underserving of a meritorious defense, when the allegations contained in Plaintiff's First Amended Complaint are entirely without merit, and Ms. Barbounis will be able to prevail at trial, or more likely in a motion for summary judgment. Plaintiff's Opposition Motion suggests that the mistake made by counsel for Defendant was intentional. It was not.  Plaintiff goes on to claim that there is a record of repeated dilatory conduct and attempts to rely on the issues surrounding the outstanding Motion for Reconsideration as evidence of this delay.  Defendant suggests this is a collateral issue that has

no bearing on Defendant's Motion to vacate. To the extent that Plaintiff suggests that Defendant should have turned over her personal electronic devices, there is no order supporting Plaintiff's position. The January 15, 2020 Order was vacated.

Defendant has raised arguments in good faith suggesting the parties should engage in traditional discovery to identify and produce the relevant non privileged information contained in Defendant's personal electric devices. Plaintiff has invented a pattern of dilatory behavior, when Defendant and her counsel have worked hard to defend this case. Defendant will respond to each example proffered by Plaintiff:

- Admitting to deleting the contents of her Apple MacBook laptop in violation of a preservation notice.
    - While this has nothing to do with Defendant's Motion to Vacate Entry of Default Judgment, Defendant Lisa Barbounis provided a Declaration explaining that she was directed to return the laptop after a factory reset. Defendant was directed by the Chief Financial Officer ("COO") and Director of Human Resources, Marie Meyer. Marnie Meyer directed every MEF employee to take this action upon returning the device. Defendant has provided the Court with a text message exchange where Marnie Meyer specifically suggested a factory reset. (Doc 34 Exhibit C).
- Failure to deliver her devices to a discovery vender on or before January 6, 2020 as directed by the Court at a hearing on December 20, 2019.
    - The Court issued an Order pursuant to the December 20, 2019 hearing on December 27, 2019. The Order did not include language directing Defendant to turn her device over to a third party vender for imaging. The

> Court actually directed the parties to work through their discovery disputes on their own. Defendant attempted to work with Plaintiff who refused to engage in discovery with Defendant in any manner other than Plaintiff's overly broad intrusive requests. Defendant continues her attempts to resolve the current discovery dispute as evidenced by the January 21 and January 29, 2020 correspondence. (Doc 34 Exhibit A). Notwithstanding this has little to do with Defendant's Motion to Vacate.

- Failing to timely respond to the discovery requests served on Defendant on December 5, 2020.
    - Defendant has provided Plaintiff with verified responses to Plaintiff's discovery requests (which were expedited requests). Defendant had to travel to Philadelphia after the January 15, 2020 hearing to meet with counsel to work on her responses to Plaintiff's discovery requests. All responses have been provided. Notwithstanding this has little to do with Defendant's Motion to Vacate.
- Between the time when this claim was filed and the Court's January 15, 2020 hearing, deleting social media posts that showed pictures of the devices she has used and which she previously claims did not exists.
    - This has nothing to do with Defendant's Motion to Vacate. Moreover, this is not an example of spoliation or conduct indicating bad faith. Defendant is permitted to change the status of her social media. She did not destroy any evidence. She did not alter any evidence. Moving images from a public website does not constitute spoliation. The images were not

deleted. They were moved. The images were moved after Plaintiff informed Defendant that Plaintiff had copied such images. Defendant has preserved all images. Defendant has since provided a signed Declaration to confirm under penalty of perjury what devices she connected with the images Plaintiff has presented.

- Failing to be forthright in statements to the Court..
    - Plaintiff's argument suggests that counsel for Defendant was not forthright when he argued that Defendant has only one device. As is confirmed by the Declaration Defendant executed, Defendant *does have only one* functioning device. Notwithstanding, this has little to do with Defendant's Motion to Vacate. Correcting the record and notifying Plaintiff and the Court about a second device which is not functioning and which Defendant has preserved in good faith pursuant to her legal obligations is evidence of Defendant's credibility, good faith efforts, and integrity.
- Failing to personally appear at the expedited hearing.
    - As was covered at the discovery hearing, Lisa Barbounis was not notified that her attendance was required.
- Failing to deliver her verified discovery responses.
    - Defendant has provided Plaintiff with verified responses to Plaintiff's discovery requests (which were expedited requests). Defendant had to travel to Philadelphia after the January 15, 2020 hearing to meet with counsel to work on her responses to Plaintiff's discovery requests. All

responses have been provided.  Notwithstanding this has little to do with Defendant's Motion to Vacate.

- Failing to deliver her devices and storage media by January 17, 2020.
    - The Order requiring Defendant to deliver devices was vacated.  Defendant filed a lawful, motion for reconsideration which is currently under review.
- Failing to respond to Plaintiff's Motion for Preliminary Injection.
    - Defendant and Plaintiff discussed an agreement to this motion.  Defendant filed a motion for reconsideration and the preliminary injection hearing was canceled.  Defendant's response to Plaintiff's Motion for Preliminary Injunction is forthcoming, however, Defendant was under the impression that the parties would agree to the preliminary injunction in all aspects but the one matter that is under review: the manner in which discovery of ESI should take place.
- Failing to comply with the agreed to order.
    - Plaintiff's characterization of the January 15, 2020 Order as an agreed to Order is not accurate.
- Failing to comply with the Court's January 21 Order to file a responsive pleading on or before January 29, 2020.
    - This is the issue under consideration.

Plaintiff's list is connected with the same issue: the discovery of Defendant's electronic devices.  Defendant has clearly advanced a defense to Plaintiff's case on the merits.  Lisa Barbounis should not be denied the opportunity to present a meritorious defense because she filed her Answer four days past the deadline.  Defendant's counsel made an honest mistake.

Defendant requests that she be permitted to defend Plaintiff's case on the merits.

    II.    **ARGUMENT**

There is no evidence that Defendant acted in bad faith.  Instead, everything suggests that Defendant, as soon as the error was realized, sought to remedy the problem.  The entry of default judgment docketed January 31, 2020 should be vacated and Defendant's Answer to Plaintiff's First Amended Complaint should be permitted.  Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987).  It is clear from Defendant's Answer that she has presented a meritorious defense.  The time of only four days poses no prejudice to Plaintiff.  The Motion to Vacate and Answer were filed only two business days after the Answer was due.  Defendant suggests that default is not appropriate in this circumstance.  "Default is a sanction of last resort." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867–68 (3d Cir.1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions"). "To this end, district courts must resolve all doubt in favor of proceeding on the merits. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir.1987).

    Upon realizing the error Defendant immediately filed a Motion to Vacate and Answer to the First Amended Complaint.  Moreover, Defendant has actively defended this case from the onset.  Plaintiff is attempting to use a discovery dispute as evidence of dilatory motive or bad faith.  Plaintiff has not demonstrated either.  Accordingly, because it is clear that Defendant has presented a meritorious defense, there is little or no prejudice, and there was no culpable conduct (no willfulness or bad faith) Defendant requests that the default judgment be vacated.

**III.     CONCLUSION**

The default Judgment entered January 31, 2020 shall be vacated and Defendant, Lisa Barbounis's should be permitted to Answer Plaintiff's First Amended Complaint.  Defendant's Answer was previously filed February 2, 2020.

                                    **DEREK SMITH LAW GROUP, PLLC**

                          By:     /s/ Seth D. Carson
                                Seth D. Carson, Esquire
                                1835 Market Street, Suite 2950
                                Philadelphia, Pennsylvania 19103
                                Phone: 215.391.4790
                                Email: seth@dereksmithlaw.com

DATED: February 4, 2020

# CERTIFICATE OF SERVICE

I hereby certify that, on February 4, 2020, a true and correct copy of the foregoing Response to Plaintiff's Opposition to Defendant's Motion to Vacate the Default Judgment was filed and served electronically through the Court's CM/ECF system.

                                Sidney L. Gold sgold@discrimlaw.
                                Sidney L. Gold & Associates P.C.
                                1835 Market Street, Suite 515
                                Philadelphia, PA  19103
                                Tel: (215) 569-1999
                                Fax: (215) 569-3870
                                Counsel for  The Middle East Forum

                                **DEREK SMITH LAW GROUP, PLLC**

                        By:      /s/ Seth D. Carson
                                Seth D. Carson, Esquire
                                1835 Market Street, Suite 2950
                                Philadelphia, Pennsylvania 19103
                                Phone: 215.391.4790
                                Email: seth@dereksmithlaw.com

DATED:  February 4, 2020