IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

**ORDER**

AND NOW, this 10th day of February, 2020, upon consideration of Defendant Lisa Reynolds-Barbounis's Motion to Vacate Entry of Default, Plaintiff The Middle East Forum's opposition, and Barbounis's reply, it is ORDERED the Motion (Document 32) is GRANTED.[1] The Clerk of Court is DIRECTED to VACATE the entry of default.

---

[1] Plaintiff The Middle East Forum alleges that its former employee, Defendant Lisa Reynolds-Barbounis, stole its trade secrets. Middle East filed its original Complaint in this case on December 3, 2019. Shortly after filing its Complaint, Middle East moved for a preliminary injunction. Then Barbounis moved to dismiss Middle East's original Complaint. In response, Middle East filed an Amended Complaint on January 15, 2020. Before Middle East filed this new pleading, the Court received multiple letters from the parties and spoke with them twice about discovery issues related to the preliminary injunction motion.

In light of Middle East's Amended Complaint, the Court dismissed Barbounis's earlier motion to dismiss as moot. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Barbounis had until January 29, 2020, to respond to Middle East's Amended Complaint. One day after this deadline, on January 30, 2020, Middle East requested an entry of default. The Clerk of Court entered default that same day. Three days later, on Sunday, February 2, 2020, Barbounis moved to vacate the entry of default. Along with that motion, Barbounis filed an Answer to Middle East's Amended Complaint.

The Court grants Barbounis's motion because there is good cause to vacate the entry of default. Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Third Circuit "does not favor defaults and . . . in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). To determine whether to vacate an entry of default, a court must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (internal citation omitted). All three of these factors weigh in favor of setting aside the entry of default here.

First, Middle East is not prejudiced by a four-day delay in Barbounis filing her answer. Even though Barbounis's Answer was late, Middle East was aware of Barbounis's position with respect to the Amended Complaint. Both parties have been extensively litigating this case since

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

shortly after it was filed. They have had numerous in-person discussions as well as written communications with each other and the Court. Because Middle East already understood the basic contours of Barbounis's Answer, the Court cannot conclude that it was prejudiced by a slight delay in receiving it. In addition, Middle East has not explained how this slight delay would cause it harm. It has instead claimed that it is harmed by Barbounis's failure to collaborate in discovery. This alleged harm is unrelated to the entry of default. The Court therefore finds Middle East was not prejudiced by the short delay in Barbounis's Answer. *See*, *e.g.*, *Campbell v. United States*, 375 F. App'x 254, 261 (3d Cir. 2010) (finding no prejudice when defendant filed an answer one day late); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (noting that delay "rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding").

Second, Barbounis has a plausible meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted). Here, Barbounis has alleged in her Answer that she did not forward Middle East documents to any third parties. At this early stage, the Court credits these allegations and finds Barbounis has a meritorious defense.

Third, Barbounis did not act culpably. Culpable conduct is "conduct that is 'taken willfully or in bad faith.'" *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). Barbounis's counsel explained the reason for his delay. He incorrectly believed his Answer was due on February 5, 2020. Middle East argues the Court should not believe Barbounis's counsel because both the Court's order dismissing Barbounis's motion to dismiss and the Federal Rules of Civil Procedure clearly stated the deadline for Barbounis's answer. While the Court expects counsel to be familiar with its orders and the Rules, the Court will not transform counsel's ignorance into willful conduct. *See, e.g., Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (finding a six-week delay in answering a complaint to be negligent but not culpable conduct); *see also Abulkhair v. Office of Attorney Ethics*, 753 F. App'x 132, 135 (3d Cir. 2018) (culpable conduct "does not include mere negligence"). Middle East also argues the Court should consider Barbounis's conduct in discovery as evidence of bad faith. The Court declines to do so. The parties' discovery disputes are unrelated to the entry of default, and the Court will address those disputes in a separate order. The Court therefore finds that Barbounis's delay in answering the Amended Complaint was not the result of culpable conduct.

Because Middle East will not be prejudiced, Barbounis has a meritorious defense, and Barbounis did not act culpably, the Court will grant Barbounis's motion to vacate the entry of default.