IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

## ORDER

AND NOW, this 19th day of February, 2020, upon consideration of Defendant Lisa Reynolds-Barbounis's Motion for Reconsideration, Plaintiff Middle East Forum's opposition, and Barbounis's reply, it is ORDERED the Motion (Document 23) is GRANTED in part.[1] The Court's January 15, 2020 discovery Order, which has since been vacated, is replaced by the following:

1. To the extent she has not done so already, Barbounis must provide verified responses to Middle East's interrogatories by February 21, 2020.

---

[1] Plaintiff Middle East Forum alleges its former employee, Defendant Lisa Reynolds-Barbounis, stole its trade secrets. Middle East filed its original Complaint in this case on December 3, 2019. Shortly after filing its Complaint, Middle East moved for a preliminary injunction. Middle East then sought expedited discovery to prepare for a preliminary injunction hearing. The Court orally granted the request for expedited discovery and instructed the parties to confer with one another on the scope of discovery. The parties failed to agree and sent the Court a series of letters outlining their discovery disputes. On January 15, 2020, the Court held an in-person hearing on these discovery issues. It again instructed the parties to negotiate the scope of discovery based on both relevance and privilege concerns. Middle East then sent the Court a proposed order, which the Court signed, believing both parties had agreed to it.

Barbounis then filed a motion for reconsideration of the January 15 Order. She stated she had not agreed to the Order, and she argued the Order required her to produce evidence beyond what is relevant to this dispute under the Federal Rules of Civil Procedure. The Court agrees that the January 15 Order was too broad because it allows Middle East to review almost the entire content of Barbounis's electronic devices regardless of whether that content is relevant to this dispute. The Court does not, however, accept Barbounis's proposal for the narrower scope of discovery that should be allowed. Instead, the Court is issuing this revised Order so that the scope includes all relevant, non-privileged information, but excludes irrelevant information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

2. To the extent she has not done so already, Barbounis must provide responses and objections to Middle East's requests for production by February 24, 2020. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), Barbounis must produce documents responsive to those requests she does not object to. If there are any disputes over Barbounis's objections, the parties are instructed to use the content of this Order as a guide to resolving those disputes. The parties are directed to agree on a format of production that is consistent with Federal Rule of Civil Procedure 34(b)(2)(E).

3. Barbounis must image all electronic devices in her possession, custody, or control which currently contain or have ever contained any of Middle East's documents[2] or any documents referring to or relating to Middle East's documents. These devices include, but are not limited to, cell phones, laptops, tablets, USB drives, or hard drives, without regard to whether the devices were purchased or paid for by Barbounis's husband. The imaging process must capture documents and metadata, including documents and metadata that have been deleted if those documents and metadata are recoverable. Barbounis must give these electronic devices to a third-party vendor for imaging by February 25, 2020.

4. The images from these devices will not be produced in their entirety to Middle East. Instead, the parties will follow the below procedure:

   a. The parties will meet and confer to determine search terms designed to capture relevant documents. Relevant documents are (1) all documents originally belonging to Middle East, and (2) all documents referring or relating to documents originally

---

[2] Throughout this order, the term "documents" includes, but is not limited to, word processing documents, PDFs, spreadsheets, presentations, emails, text messages, chats, pictures, and audio and video recordings.

belonging to Middle East, including any communications between Barbounis and any third party about documents originally belonging to Middle East.

    b.   Counsel for Barbounis will review the documents that are captured by these search terms and exclude (1) any documents that are privileged,[3] and (2) any documents that do not meet the definition of relevance in section 4(a) above.

    c.   Barbounis will produce all documents captured by the search terms agreed to under 4(a) above and not excluded by the exclusions in 4(b) above.

5.   All discovery related to the preliminary injunction hearing will be completed by March 20, 2020.

6.   Barbounis must file a brief in response to Middle East's Motion for a Preliminary Injunction by February 28, 2020.

7.   The preliminary injunction hearing will be held on April 8, 2020 at 9:30 a.m. in Court Room 14B.

It is further ORDERED Middle East's Motion for Contempt and Sanctions (Document 25) is DENIED.[4]

---

[3] This Order should not be interpreted as excusing Barbounis from her obligations under Federal Rule of Civil Procedure 26(b)(5)(A) concerning claims of privilege. The Court will not mandate a particular procedure for privilege designations, however, if the parties are unable to agree, the Court notes that a categorical privilege log may be appropriate for the expedited nature of this discovery.

[4] Middle East has asked this Court to grant judgment in its favor as a sanction for Barbounis's failure to follow the now-vacated January 15 discovery order. (The Court vacated the Order on January 21.) The Court will not impose such a drastic sanction as a remedy for Barbounis's failure to comply with the Order for the six days it was in force. *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) ("[D]ismissals with prejudice or defaults are drastic sanctions that must be a sanction of last, not first, resort. . . . If the case is close, doubts should be resolved in favor of reaching a decision on the merits." (internal citations and quotation marks omitted)). Middle East also asks the Court to require Barbounis to pay $1,500 a day until she complies with the Order and to pay Middle East's attorney's fees. Because the Court agrees with Barbounis that its original

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

order was overbroad, the Court finds these monetary sanctions are not warranted under Federal Rule of Civil Procedure 37(b)(2).

      Although the Court is not ordering sanctions, the Court reminds both parties of their duty to honor their discovery obligations, including their obligations to preserve relevant materials and to obey court orders. The Court also expects the parties to collaborate with one another regarding discovery, including by making reasonably tailored discovery requests and objections, and by making good faith efforts to resolve any disagreements without court intervention.