# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM,<br><br>                    Plaintiff,<br><br>v.<br><br>LISA REYNOLDS-BARBOUNIS,<br><br>                    Defendant. | Civil Action No.: 19-5697 |

## STIPULATED INJUNCTION ORDER

AND NOW, upon the motion for entry of this Stipulated Injunction Order, filed jointly by Plaintiff The Middle East Forum ("MEF") and Defendant Lisa Reynolds-Barbounis ("Barbounis"), the Court finds that:

1. MEF and Barbounis have stipulated and agreed to entry of this Injunction Order, and without a finding by the Court of law or fact other than as stated herein.

2. The Court has jurisdiction over the subject matter of this case, and it has jurisdiction over the parties.

3. Venue lies properly with this Court.

4. Plaintiff MEF asserts that there is good cause to believe that Barbounis has engaged in, or likely to engage in, acts and practices that violate Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stats. § 5304(a) ("PUTSA") and the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1) ("DTSA").

5. Plaintiff MEF asserts that there is good cause to believe that Barbounis has converted MEF's confidential information in breach of her Confidentiality & Non-Disclosure

Agreement with MEF, which has caused and is causing irreparable harm to MEF.

6. Plaintiff MEF asserts that there is good cause to believe that immediate and irreparable harm will result from Barbounis' violations of PUTSA, DTSA, and her contractual obligations to MEF unless Barbounis is immediately restrained and enjoined by an order of this Court.

7. Plaintiff MEF asserts that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for MEF will occur from the destruction of the converted confidential information and trade secrets unless Barbounis is immediately restrained and enjoined by Order of this Court.

8. Plaintiff MEF asserts that good cause exists for ordering that Barbounis: (a) preserve and not alter all documents and materials (hard copy and electronic) containing an/or referencing MEF, MEF work product, MEF donors, MEF contacts and business affiliations, and MEF finances and donations ("MEF Data"); (b) immediately return to MEF through its counsel all non-privileged hard copy documents and materials containing and/or referencing MEF Data; (c) once her electronic devices, including computers, cellular phones, USB and other physical storage devices, cloud-based storage accounts, messaging and social media accounts, and email accounts are processed and imaged by a reputable computer forensics vendor, including all data, metadata, and restored materials, and the parties' counsel have access to the data collected by the vendor (counsel for Barbounis must ensure that the imaged materials are kept under strict confidence in his sole possession during this litigation, then returned to MEF counsel at the conclusion of this action), promptly cooperate with the deletion of all non-privileged data and files containing MEF Data from her electronic devices and all other accounts, storage, and media; and

(d) take all steps to ensure that MEF Data is not further disseminated or used by Barbounis or any other person.

9. No security is required of any agency of the United States for issuance of an injunction. Fed. R. Civ. P. 65(c).

10. The entry of this Order is in the public interest.

## ORDER

The Court finds that the standard for a preliminary injunction has been met, and IT IS THEREFORE ORDERED that:

A. Barbounis will preserve and not alter all documents and materials (hard copy and electronic) containing and/or referencing MEF Data;

B. Barbounis will deliver to MEF counsel, on or before March 6, 2020, all non-privileged hard copy documents and materials containing and/or referencing MEF Data;

C. Once her electronic devices, including computers, cellular phones, USB and other physical storage devices, cloud-based storage accounts, messaging and social media accounts, and email accounts are processed and imaged by a reputable computer forensics vendor, including all data, metadata, and restored materials, and the parties' counsel have access to the data collected by the vendor (counsel for Barbounis must ensure that the imaged materials are kept under strict confidence in his sole possession during this litigation, then returned to MEF counsel at the conclusion of this action), Barbounis will promptly cooperate with the deletion of all non-privileged data and files containing MEF Data from her electronic devices and all other accounts, storage, and media; and

D. Barbounis will take all steps to ensure that MEF Data is not further disseminated or used by Barbounis or any other person.

-4-

SO ORDERED this ____ day of _____, 2020.

By: _____
United States District Court Judge

AGREED:

_____
*Counsel for Plaintiff The Middle East Forum*

_____
*Counsel for Defendant Lisa Reynolds-Barbounis*

_____
*Lisa Reynolds-Barbounis*