**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,           :

          Plaintiff,           :

v.           :

                     :

LISA REYNOLDS-BARBOUNIS,           :    Civil Action No.: 19-5697

          Defendant.           :    JURY TRIAL DEMANDED

                     :

**PLAINTIFF'S EMERGENCY THIRD MOTION TO COMPEL DISCOVERY, TO EXTEND TIME FOR PLAINTIFF TO COMPLETE DISCOVERY, AND FOR ENTRY OF A PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

      Plaintiff The Middle East Forum ("MEF"), by counsel, files its Emergency Third Motion to Compel Discovery. to Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order Governing Confidentiality, and states as follows:

      1.    MEF filed this action on December 5, 2019, and on that same date filed a Motion for Preliminary Injunction as well as a Motion for Expedited Discovery to aid the Court's decision on the Preliminary Injunction Motion. ***As of today, over three months later and despite this Court's direction, Plaintiff MEF has yet to receive a single electronic file or other documents ordered by this Court.***

      2.    Pursuant to Fed. R. Civ. P.  37(a)(3)(B)(iv) and as a follow-up to MEF's prior request to this Court on December 20, 2019, as well as its prior motions to compel argued on January 15, 2020 and set forth in MEF's filing dated January 28, 2020, MEF again requests this Court to compel Defendant Lisa Barbounis to provide full

and complete responses to MEF's discovery requests served on December 5, 2019. Most recently, on February 15, 2020, this Court entered an Order compelling Defendant to provide responses (*See* Dkt. 38), but despite this Court's Order and repeated requests by Plaintiff, Defendant has failed to comply.

3.  Defendant has used many excuses over the last three months, but this gamesmanship cannot continue, as the date this Court set for the Preliminary Injunction hearing is April 8, 2020, and prehearing depositions dependent on the responsive documents are being thwarted by Defendant's delay.  For the reasons set forth in MEF's accompanying Memorandum, this Court should grant MEF's Motion to Compel Discovery and order Defendant to fully comply within the next five (5) calendar days or sooner.

4.  Pursuant to Fed. R. Civ. P. 6(b)(1) and because certain depositions that MEF noticed/subpoenaed before the March 20, 2020 discovery cut-off could not be taken primarily because of Defendant's delay and failure to produce materials ordered by this Court,[1] MEF also requests this Court to grant MEF a brief extension of time to complete its noticed and subpoenaed depositions prior to the April 8 hearing on the Preliminary Injunction motion.

5.  Finally, Plaintiff prepared a standard Protective Order for a case involving sensitive proprietary information and trade secrets, but Defendant refuses to agree, resulting in additional delay.  Therefore, Plaintiff MEF seeks entry of its protective order governing confidentiality.

---

[1] While Plaintiff was willing to conduct these depositions by telephone and/or video, the coronavirus news has also affected Plaintiff's ability to assemble in a conference room with court reporters and videographers.  Regardless of these challenges, the depositions could not go forward in any event because of Defendant's delay and failure to comply with her discovery obligations for months.

WHEREFORE, for the reasons set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion, MEF, by counsel, respectfully requests this Court to:

1.      Enter the proposed order attached hereto;

2.      Order that Defendant is in violation of this Court's February 15 Order and that she must produce all documents responsive to the Court's February 19, 2020 Order on a rolling basis starting immediately, and the production must be fully completed within five (5) days of the Court's order;

3.      Order that time for MEF to complete the depositions it previously noticed/subpoenaed within the discovery period is extended beyond the March 20 discovery cut-off so that those depositions can be completed in advance of the scheduled April 8 preliminary injunction hearing, and Defendant and the other deponents subpoenaed for deposition prior to March 20, 2020 shall make themselves available for deposition at least five (5) days in advance of April 8, 2020 (or at least ten (10) days in advance of the preliminary injunction hearing if the Court must reschedule the hearing to a later date);

4.      Enter MEF's proposed Protective Order;

5.      Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred related to this motion; and

6.      Grant such further relief as this Court deems just and proper.


Dated: March 19, 2020                    THE MIDDLE EAST FORUM
                                         By counsel,


                                         s/ Sidney L. Gold
                                         Sidney L. Gold
                                         sgold@discrimlaw.net
                                         Sidney L. Gold & Associates P.C.

1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*


## CERTIFICATE OF SERVICE

I hereby certify that, on March 19, 2020, a true and correct copy of the foregoing was

filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,

           Plaintiff,

v.

LISA REYNOLDS-BARBOUNIS,

           Defendant.

           :
           :
           :
           :    Civil Action No.: 19-5697
           :
           :
           :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY THIRD MOTION TO COMPEL DISCOVERY, TO EXTEND TIME FOR PLAINTIFF TO COMPLETE DISCOVERY, AND FOR ENTRY OF A PROTECTIVE ORDER <u>GOVERNING CONFIDENTIALITY</u>**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) and 6(b)(1), submits the following Memorandum of Law in Support of its Emergency Third[1] Motion to Compel Discovery, to Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order Governing Confidentiality.

## <u>INTRODUCTION</u>

In this action, MEF seeks preliminary injunctive relief, as well as other relief, to protect MEF from irreparable harm related to MEF proprietary and confidential information obtained by Defendant Lisa Reynolds-Barbounis, a disgruntled former employee of MEF. Since filing this action on December 5, 2019, Defendant has engaged in a never-ending pattern of dilatory conduct to prevent any fact-finding and other progress in these proceedings. MEF has every interest to

---

[1] Following the parties' December 20, 2019 telephonic hearing with the Court, MEF approached the Court about Defendant's failure to comply discovery: (1) by its filing on January 2, 2020 (followed by a Court hearing on January 15, 2020); (2) by its filing on January 28, 2020 (followed by the Court's Order dated February 19, 2020); and (3) by its filing on March 12, 2020 (which MEF incorporates herein).

obtain the data and metadata MEF requested in its discovery requests in early December, and the only party with an interest in delay is the Defendant. As this Court is aware, MEF has raised Defendant's delay and non-compliance with the Court multiple times over the last three months, culminating in an Order dated February 19, 2020, requiring specific action by Defendant within a specific deadline.

Despite the Court's Order as well as Plaintiff's efforts to resolve these issues without court intervention, Defendant has continued her dilatory conduct, and indeed has not yet provided a single piece of electronic data and corresponding metadata from Defendant's devices, cloud storage, and other accounts.[2] *See* Dkt. 38. As a result, MEF's efforts to complete discovery and take depositions on this material has been thwarted, and the discovery period comes to a close on March 20, 2020. The preliminary injunction hearing is scheduled for April 8. Plaintiff wishes to retain that hearing date to ensure there is no further delay, but MEF needs to promptly obtain the "expedited" discovery it has been seeking for *over three months*. Defendant's conduct exacerbates the irreparable harm being caused to Plaintiff and demonstrates with even greater clarity why injunctive relief is necessary. Plaintiff has given Defendant multiple opportunities to agree in writing (through affidavits and agreed orders) that she will return and not disseminate MEF data, but she refuses, causing considerable concern for MEF. Because Defendant is a disgruntled former employee with access of sensitive MEF data, MEF, a small non-profit, cannot tolerate this continuing risk to the entity's business.

Over the last week, MEF was unable to complete depositions that it had noticed and subpoenaed weeks earlier. These depositions were set before the Court's March 20 deadline for

---

[2] The playing field is not level because as of today, at the end of discovery, Defendant has withheld all electronic data and metadata on her devices, which means that only one party has access. That is not consistent with our system of justice.

discovery, and in these depositions, MEF intended to seek testimony regarding the electronic

materials that have been improperly withheld by Defendant's in violation of the Court's Order.

Those depositions that MEF noticed/subpoenaed before the March 20, 2020 discovery cut-off

could not be taken primarily because of Defendant's delay and failure to produce materials ordered

by this Court,[3] so MEF comes to this Court seeking a brief extension of time to complete its noticed

and subpoenaed depositions prior to the April 8 hearing on the Preliminary Injunction motion.

MEF's lawful right to pursue protection of its sensitive information and trade secrets

continues to be hampered by the improper actions of Defendant, including her failure to agree to

a standard protective order governing confidentiality. For all of these reasons, MEF respectfully

requests that the Court grant this Motion.

## **FACTS**

MEF has been attempting to protect its confidential information and trade secrets for

months, and the best way to demonstrate MEF's diligence -- contrasted against Defendant's efforts

to prevent this lawful action -- is through the following timeline:[4]

- October 25, 2019 – Prior to filing this action, MEF sent a letter to Defendant asking
  for assurances that she would not disclose MEF's protected information. Ex. 1.
  Plaintiff reasonably asked Defendant, a former employee, to cease and desist from
  collecting, distributing, or disclosing MEF data and to permanently delete such
  information in a manner satisfactory to MEF.

---

[3] While Plaintiff was willing to conduct these depositions by telephone and/or video, the coronavirus news
has also affected Plaintiff's ability to assemble in a conference room with court reporters and videographers.
Regardless of these challenges, the depositions could not go forward in any event because of Defendant's
delay and failure to comply with her discovery obligations for months.

[4] To attach all communications with Defendant over the last four months would have been too voluminous,
but if the Court wishes to verify the full scope of Defendant's acts and omissions over this period, MEF is
willing to share the full set with the Court.

- <u>November 12, 2019</u> – Not having received assurances from Defendant, MEF sent an affidavit for Defendant to sign to make it easy for Defendant to provide the assurances that she would not disclose the sensitive information in her possession. MEF also requested that Defendant preserve and not alter all hard copy and electronic documents in her possession, custody, or control.

- <u>November 25, 2019</u> – Unsure why Defendant was not willing to sign a straightforward affidavit, MEF began to get concerned and while it was preparing a lawsuit it hoped was not required, again attempted in good faith to obtain Defendant's consent to a stipulated temporary restraining order in lieu of a lawsuit. Ex. 2.  Defendant's refusal to agree not to disseminate MEF data raised many concerns for MEF, so through the Thanksgiving holiday, MEF counsel prepared a Complaint and a Motion for Preliminary Injunction.

- <u>December 5, 2019</u> – Unable to get Defendant to discuss this matter amicably, MEF filed a Complaint, a Motion for Preliminary Injunction, and a Motion for Expedited Discovery (consisting of only five interrogatories and four document requests). Shortly thereafter, MEF requested a telephone conference with the Court to address MEF's concerns and the need for expedited discovery.  The Court agreed to hear the parties by telephone on December 20, 2019,

- <u>December 20, 2019</u> – At the hearing MEF requested that the Court direct Defendant to respond in full to MEF's discovery requests in advance of a preliminary injunction hearing and that all of Defendant's devices must be imaged by a mutually-agreeable discovery vendor.  The Court agreed and directed Defendant

respond to MEF's discovery requests and to turn over all of her devices for imaging by January 6, 2020.

- December 20, 2019 – In a letter shortly after the Court hearing, MEF provided Defendant with the name of an acceptable vendor and requested that Defendant inform MEF if Defendant wished to propose a different vendor. Ex. 3. Defendant did not respond or otherwise object to the vendor proposed by MEF.

- December 30, 2019 – MEF informed Defendant that it was aware of Defendant's multiple devices because of Defendant's social media posts, and that Defendant had not objected to the vendor proposed by MEF. Ex. 4. MEF asked about Defendant's cloud-based data and requested a call, but Defendant did not respond.

- January 2, 2020 – MEF sends letter informing that Court that Defendant refused to turn over devices to a mutually-acceptable vendor, that Defendant seeks to place conditions on the imaging and recovery of data, and that a follow-up conference to address these issues. Ex. 5.

- January 6, 2020 – Defendant ignores the Court's direction to complete the imaging by this date, does not respond to Plaintiff's discovery requests, does not engage a mutually-agreeable discovery vendor (or any vendor), does not have her devices imaged, and as MEF learns on December 30, 2019 still has not provided her devices to her counsel for preservation despite MEF's request for preservation in November 2019.

- January 7, 2020 - Court sets the hearing date on January 15, 2020.

- January 14, 2020 at 10:58 p.m. – Late the night before MEF's Motion to Compel hearing, Defendant sends incomplete *and unverified* answers to interrogatories, and does not provide a written response to the MEF document requests.

- January 15, 2020 – At this lengthy Court appearance, Plaintiff presents photographic proof of Defendant's multiple phone and other devices that Defendant had posted on social media.  Defendant did not appear at the hearing, and through counsel, represented to the Court that Defendant only had one phone and no other devices.   Plaintiff also demonstrated to the Court that the data on the laptop Defendant returned to the company upon her departure had been deleted by a "factory reset" despite a prior preservation notice *instituted by her own counsel*. This spoliation heightened MEF's concerns about Defendant's failure to preserve the data and metadata on her other devices.   At the conclusion of a two-hour hearing, the Court requested that the parties agree to the contents of an Order, which the parties negotiated for an hour, while defense counsel was on the phone with the Defendant.  An Agreed Order was submitted to, and entered by, the Court.

- January 20, 2020 - Despite agreeing to the Agreed Order, Defendant reneged and filed a Motion to Vacate, claiming contrary to the facts, that the Defendant had not agreed to the Agreed Order.  During this time, Defendant still did not preserve the data and metadata on her devices and still did not work with Plaintiff on a mutually-agreeable vendor to image the data/metadata.  In addition, despite being served with the discovery requests on December 5, and having waived all objections, Defendant still did not provide verified answers to MEF's Interrogatories or written responses

to MEF's Requests for Production of Documents (and produce all relevant documents).

- <u>February 19, 2020</u> - The Court again ordered Defendant to provide responses to MEF's Requests for Production and produce all of her devices to a third-party vendor for imaging by February 25, 2020.  Defendant did not do so.

- <u>February 25, 2020</u> - MEF sends emails to Defendant about the imaging of devices and failure to provide responses to MEF's requests for production.  Ex. 6.  Rather than cooperate with MEF on a mutually-agreeable vendor, Defendant also abruptly informs MEF that it unilaterally engaged Capsicum Group ("Capsicum") as its discovery "expert" and released Defendant's devices containing MEF information to Capsicum for imaging *without MEF's knowledge or any protective order/confidentiality agreement in place*.  Ex. 7.  Despite prior representations to the Court that Defendant had only one phone, two phones are released to the vendor,[5] one of which defense counsel stated that he had just received from his client, raising additional concerns about why these devices were not preserved four months earlier when MEF requested that all such devices should be preserved and not altered in any way.  Defendant did not, and has not, responded as to why other devices have not been supplied to the vendor, what instructions were provided to the vendor, and how the cloud storage and other accounts would be imaged and produced.  Defendant has still not produced iWatch, her third cell phone, USB devices, access to cloud storage, social media, and messaging accounts that require two-factor authentication.

---

[5] Even though defense counsel now concedes that a third phone exists, Defendant has neither preserved the contents of this phone, nor provided it to the vendor.

- February 26, 2020 - MEF sends an email to Defendant expressing its deep concerns about lack of cooperation with regard to engaging Capsicum.  Ex. 8.  MEF's confidential information was now in the hands of another party without any protective order MEF could enforce, which is exactly what MEF's motion for preliminary injunction sought to prevent.

- February 27, 2020 - Having received no meaningful reply, MEF attempts to further engage Defendant multiple times to coordinate on the imaging of the Defendant's devices, cloud storage, and other accounts.  MEF also sought to address Defendant's apparent failure to preserve the data on the devices.  Ex. 9.

- February 28, 2020 - To prepare for the upcoming injunction hearing and with knowledge that the Court's discovery deadline is on March 20, 2020, MEF sent Third-Party Subpoenas to Marnie Meyer, Delaney Yonchek, Matt Ebert and a Notice of Deposition to Lisa Barbounis.  Ex. 10.  These depositions were set to take place on March 18 and 19, 2020.

- February 28, 2020 – Defendant suggests that she might finally be willing to agree to a stipulated injunction order, so MEF prepares and sends to Defendant a proposed Stipulated Injunction Order.  Ex. 11.

- February 28, 2020 - Defendant responds with a revision to the proposed stipulated injunction order.  Ex. 12.

- March 1, 2020 - MEF sends a proposed Protective Order to Defendant with the standard clauses for a proprietary information case, including a tier for "Attorneys'

Eyes Only." [6]

- <u>March 4, 2020</u> - Defendant's counsel responds to the draft Protective Order in a manner that cannot be perceived as rational.  He stated "[w]e do not need a 13 page document" to protect the information, and claimed that a protective order was not even necessary to begin searching the devices – devices that contain highly sensitive information and trade secrets.  Defendant made general comments about the Protective Order, but uncooperatively did not make redline edits that the parties could discuss, causing even more delay.  Incredibly, Defendant also claimed that the parties need not have a "plan for inadvertent disclosure of discovery materials" and instead "can deal with it" if it happens.  Defendant did not seem to comprehend that protective orders are intended to protect ***both*** parties, and she had previously complained to this Court in January that her devices could not be searched because of her privacy concerns.  Despite those representations to the Court to limit MEF's discovery, she now claims she does not need a protective order, for privacy issues or otherwise.  This too gives MEF great concern that Defendant does not appreciate the need for a protective order for MEF materials she admits she sent to her personal e-mail accounts, may still reside on her devices, and for MEF documents she concedes she still possesses.  This again demonstrates why an injunction is required.

- <u>March 4, 2020</u> - MEF sent a Third-Party Subpoena to Vasili Barbounis on March

---

[6]  Given the highly sensitive nature of the documents involved, a Protective Order with layers of confidentiality is necessary, as is routine in cases involving trade secrets.  *See C.A. Muer Corp. v. Big River Fish Co.*, No. Civ. A. 97-5402, 1998 WL 488007 (E.D. Pa. Aug. 10, 1998).

4, 2020, noticing a deposition for March 18, 2020.[7]  Ex. 13.

- March 5, 2020 - Defendant also stalled discovery by raising false concerns about
  the cost.[8]  On March 5, 2020, Defendant represented to MEF that discovery with
  Capsicum would cost more than $50,000.[9]  MEF, incredulous that this could be an
  accurate estimate, spoke with Cornerstone (the vendor originally identified by the
  court to undertake the discovery) who confirmed that the estimated cost is closer to
  $12,000.

- March 9, 2020 - In a good faith effort to reach a resolution, MEF makes minor
  changes to Defendant's proposed stipulated Injunction Order.  Ex. 14.  Defendant,
  however, abruptly changes course and refuses to sign any stipulated order.  Once
  again, this demonstrates the need for an injunction because Defendant refuses to
  agree to language that she drafted stating that she would not disclose MEF data.

---

[7] Defendant did not timely notice any depositions within the discovery period, nor did she serve any subpoenas.

[8] MEF repeatedly offered to split the costs of a mutually-agreeable vendor while attempting to resolve this matter amicably.  Ex. 15.  Defendant rejected this offer and chose to hire her own "expert."

[9] E-mails received from Defendant in the last several days show that this was not an accurate representation by Defendant.  *See* Ex. 16, Emails with Capsicum.  It was instead Defendant who manufactured the cost estimate of "up to $60,000" for the Court, not Capsicum.  And to get Capsicum to estimate $30,000, Defendant misrepresented the work to be done, claiming inaccurately to Capsicum that there were "20 devices."  Defendant clearly wanted to elicit an exorbitant cost estimate from Capsicum to use in Defendant's pleadings before this Court to get the Court to reject discovery of his client's devices.  The e-mails between Defendant and Capsicum also reveal that Capsicum raised the issue of two-factor authentication for the cloud storage with Defendant, but Defendant never raised that issue with MEF, but instead ignored MEF's consistent requests for information about the cloud data.  This explains perfectly why MEF has been unable to get the cooperation of Defendant for three months and what Defendant is willing to say or do to avoid turning over what is on the devices and in her cloud storage and other accounts.  By now, MEF fears that Defendant has destroyed the data on the devices, but ***the cloud storage is the key source of data and one that Defendant should not be able to withhold from MEF and this Court.***

- <u>March 10, 2020</u> - MEF again emailed Defendant about impasse on protective order and offered alternative ways to reach agreement on PO before providing search terms.  Ex. 17.  MEF received no reply.

- <u>March 11, 2020</u> - MEF emailed Defendant to talk about protective order and vendor imaging issues and, after receiving no response, sent a letter to Court for emergency intervention on protective order and vendor imaging issues.  Ex. 18.

- <u>March 12, 2020</u> - MEF emailed Defendant about Defendant's failure to confirm position on provisions for the protective order in accordance with agreement during call on March 11. Ex. 19.  MEF received no response.

- <u>March 13, 2020</u> - MEF sent a letter to the Court regarding the inaccuracies contained within Defendant's March 11, 2020 letter, and only then did Defendant provide vague and open ended comments on the proposed protective order, for which there was only one provision at issue during the call on March 11, 2020.

- <u>March 16, 2020</u> – Unable to get Defendant to agree to standard terms in a Protective Order, MEF made a final attempt to get access to the data it has been seeking for three months.  To get the process moving, MEF proposed in the interim and before the parties could get a protective order entered, to have Capsicum and defense counsel agree to maintain the search terms and the information on the devices, cloud storage, and other accounts to remain "attorneys' eyes only."  Once MEF received the confirmation, MEF provided its proposed search terms.  Ex. 20 (excluding search terms designated "Attorney's Eyes Only" by agreement).

- <u>March 17, 2020</u> - Unable to obtain the data and metadata it is sought for three months and as ordered by the Court, MEF was forced to inform the witnesses that

the depositions could not proceed on March 18-19, 2020.

- <u>March 18, 2020</u> – MEF requested in writing that Defendant: (1) provide available time to discuss how to resolve these pressing issues; (2) set up a conference call so that both parties could speak with Capsicum to confirm what is being searched and how; (3) clarify what will be searched in terms of cloud storage and other accounts, as well as deleted files and metadata; (4) confirm that searches and production will commence right away; and (5) provide available dates for rescheduled depositions. Plaintiff asked for a time to speak with Defendant on March 18, but as of the date of this filing, Defendant has ignored the request. Ex. 21. Plaintiff has done all it can do to seek cooperation and compliance by Defendant.

- <u>March 19, 2020</u> – Without other options to obtain compliance from Defendant and after exhausting all good faith efforts over months, Plaintiff filed this Motion.

By this Motion, MEF needs yet again to seek relief from this Court to remedy the travesty that has befallen MEF in its efforts to make any headway with Defendant, through court orders or otherwise. As shown by the timeline above, MEF has diligently and repeatedly attempted to resolve these discovery issues. MEF has proposed affidavits and, on three other occasions, proposed stipulated orders that would save both parties time and money. MEF similarly drafted a proposed Protective Order and thereafter made attempts to get actual redline edits from Defendant to move the ball forward, to no avail. It now appears based on communications recently received from Defendant showing communications with its discovery vendor that this is an intentional obstruction of the discovery process by Defendant. Since filing this action on December 5, at which time MEF served discovery requests on the Defendant, MEF has not received a single electronic document (with or without metadata), which has prohibited MEF from taking the

depositions that it noticed within the discovery period set by this Court.  MEF continues to be harmed by Defendant, who, despite repeated notices starting in October 2019, never preserved the discoverable information and refuses to agree to straightforward request that she not disclose MEF data and work with MEF on its return and destruction.  MEF is confident that the Court understands the concerns for a non-profit entity such as Plaintiff.  In light of this history, MEF can come no other conclusion than she is planning to share the information, and if that is not the case, Defendant could cooperate with the entry of an order that she does not so intend.  By refusing to do so, she more than justifies the basis for an injunction, but at the very least, compels an order from this Court to rectify the Defendant's behavior.

## **ARGUMENT**

I.   **The Court should compel Defendant to produce all relevant documents and information subject to the Court's February 19, 2020 order, and the Court should enter the Protective Order**

The Court should find that Defendant has violated this Court's prior order and again compel defendant to produce all relevant documents and information subject to the Court's February 19, 2020 order.  A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought.  Fed. R. Civ. P. 37(a);  *see also Hadley v. Pfizer, Inc.*, No. 08–1440, 2009 WL 1597952, at *2 (E.D. Pa. June 4, 2009).  MEF has received (long after the due dates so that objections are waived) both evasive and incomplete discovery responses.

The story continually changes regarding the number of devices Defendant possesses, the documents and materials she has in her possession,[10] whether or not she will agree to a protective order, and even whether or not she will appear to be deposed.  Phone calls, letters, and emails go

---

[10] Defendant has admitted numerous times to possessing this information.  *See* Pl.'s Reply, Dkt. 43, at 1.

ignored.  Defense counsel constantly contradicts himself with regards to the need for a protective order or whether documents will actually be produced.  These actions are the very definition of evasive.

Further, Defendant has not produced complete discovery responses or fully complied with the Court's February 19, 2020 Order.  First, Defendant identified a number of documents in her responses to MEF's first requests for the production of documents, including voice memos of MEF meetings, that Defendant has never produced, despite having been ordered to do so by February 25, 2020.  Second, Defendant did not produce all of her devices for imaging.  The Court specifically ordered that she turn over all "cell phones, laptops, tablets, USB drives, or hard drives."  Instead, Defendant turned over two cell phones, did not provide access to any of her cloud storage accounts, and did not provide access to any messaging accounts or backups of those accounts.  Third, Defendant did not turn over all documents that may be relevant in this matter. The Order stated that these items must have been produced; "the term 'documents' includes, but is not limited to, word processing documents, PDFs, spreadsheets, presentations, emails, text messages, chats, pictures, and audio and voice recordings."  Defendant did not produce these items, instead only turning over two cell phones and failing to provide access to cloud-based storage, which should have been done pursuant to the order.  As a result, MEF has not received any meaningful discovery; indeed, although MEF requested the production of electronic data and metadata in early December, MEF has received not such production from Defendant to date.  MEF asks the Court to consider consequences for Defendant's behavior.

As merely one example of how Defendant has treated this electronic discovery process, with respect to cloud-storage accounts, MEF has been requesting discovery of cloud-based data since the beginning to ensure that Defendant does not simply claim that there is no data "on the

phones." On March 4, 2020, Defendant, after apparently looking into this issue for the first time, was notified by Capsicum that "iCloud accounts are not accessible at this time. No forensic tools can collect them because of two factor authentication." Ex. 22. Defendant failed to inform MEF of this development, or in any way seek to ensure that this information was obtained. Two factor authentication only requires the account owner (Defendant) to provide an account password while logging into an account, and then sends a unique code to the account owner's cell phone or email address that the account owner must also provide in order to access the account. All that is needed for two factor authentication is the cooperation of the account owner (Defendant) to provide the unique codes to access the accounts to Capsicum. By not providing access to these cloud-based storage accounts, Defendant is effectively hiding such information from discovery, even though this data remains in Defendant's control.

Despite having depositions scheduled this week and an impending preliminary injunction hearing on April 8, 2020, MEF has not received a single piece of electronic data from Defendant's devices, thus preventing MEF from meaningfully preparing for depositions and the preliminary injunction hearing. Further, it now appears that the vendor was not given access to cloud-based storage, social media, and messaging accounts, meaning that all information Defendant saved to those locations is beyond MEF's reach (although it belongs to MEF).[11] The devices that Carson provided to Capsicum is an incomplete picture of the MEF information that Defendant has in her possession, and Defendant should not be permitted to evade a court order in this fashion.

---

[11] To the extent Defendant argues it is impossible to access these accounts, that is inaccurate. Review of these accounts is a common part of modern electronic discovery.

Finally, to ensure that the data and metadata retrieved from the devices, the cloud storage, and the other accounts remains protected, the Court should enter the Protective Order attached hereto as Ex. 23.[12]

**II.      The Court should grant Plaintiff an extension of time to complete discovery before the preliminary injunction hearing**

The Third Circuit accords district courts great deference with regard to case management. *Drippe v. Gototweski*, 604 F.3d 778, 783 (3d Cir. 2010).  Matters of scheduling are uniquely within the discretion of the trial court to control its docket and dispatch the business of the Court.  *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817-18 (3d Cir. 1982).  With that in mind, MEF submits a request that MEF's deadline for the completion of expedited discovery be extended pursuant to Federal Rule of Civil Procedure 6(b)(1).  Under Rule 6(b)(1), a court may extend a deadline when good cause is shown.  The actions described above represent far greater than good cause.

Defendant's actions have prevented MEF from obtaining discovery of her devices and receiving documents for review and deposition prior to the injunction hearing scheduled for April 8, 2020.  MEF recently learned that Capsicum apparently has not yet obtained access to the Defendant's cloud-based storage, something that MEF has been diligently trying to have imaged and searched the past four months.  Ex. 20.  Through no fault of its own, MEF has been prevented from conducting adequate discovery.

Further, even if Defendant had complied with her discovery obligations (which she did not), logistical issues caused by the COVID-19 virus are complicating factors.  Counsel expressed

---

[12]  The attached version of the Protective Order is the version MEF sent to Defendant after inserting Defendant's proposed change regarding the burden of proof in section 13, but does not include the language related a stipulation between the parties.

concern about letting her client Marnie Meyer appear for in-person deposition, although counsel originally said that Ms. Meyer would appear at her rescheduled time. Additionally, MEF is having difficulty securing court reporters to administer an oath or transcribe the depositions in person. The COVID-19 virus and subsequent closings of businesses and courts was not something that could have been anticipated and is also good cause to extend the discovery deadline for MEF. However, this recent complication should in no way excuse the behavior and delay of the Defendant over the past four months, and Defendant should not be rewarded because of this COVID-19 development. MEF should never have been in this situation caused by the Defendant, and indeed, MEF wanted this injunction hearing months ago. In other words, Defendant cannot use the event of this past week as a get-out-of-jail-free card, as her behavior is not excusable.

## **CONCLUSION**

MEF filed for injunctive relief on December 5, 2019, and still has not received one single document or piece of electronic information responsive to its discovery requests because of Defendant's dilatory conduct and efforts to delay the production of evidence for as long as possible. Defendant should be held in violation of the Court's order and should be again ordered to immediately produce the data and metadata required by this Court's February 19, 2020 Order, including information from Defendant's cloud-based storage, social media, and messaging accounts. This Court should also enter MEF's proposed Protective Order. MEF also asks this Court to extend the deadline for Plaintiff to complete the depositions previously noticed and subpoenaed during the discovery period in sufficient time to prepare for the preliminary injunction hearing. MEF also requests that the Court grant Plaintiff's Motion and enter its proposed order.

For the foregoing reasons, MEF further respectfully requests that the Court order Defendant to pay the attorneys' fees and costs associated with this motion.

## <u>Certification Pursuant to Local Rule of Civil Procedure 26.1(f)</u>

Counsel for MEF hereby certifies pursuant to Local Rule of Civil Procedure 26.1(f) that

the parties after reasonable effort are unable to resolve the dispute.


Dated: March 19, 2020                                      THE MIDDLE EAST FORUM
                                                            By counsel,


                                                            s/ Sidney L. Gold
                                                            Sidney L. Gold
                                                            sgold@discrimlaw.net
                                                            Sidney L. Gold & Associates P.C.
                                                            1835 Market Street, Suite 515
                                                            Philadelphia, PA 19103
                                                            Tel: (215) 569-1999
                                                            Fax: (215) 569-3870

                                                            Attison L. Barnes, III
                                                            abarnes@wiley.law
                                                            1776 K Street NW
                                                            Washington, DC 20006
                                                            Tel: (202) 719-7000
                                                            Fax: (202) 719-7049

                                                            *Counsel for The Middle East Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 19, 2020, a true and correct copy of the foregoing was

filed and served electronically through the Court's CM/ECF system.


<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049


*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,

       Plaintiff,

v.

LISA REYNOLDS-BARBOUNIS,

       Defendant.

Civil Action No.: 2:19-cv-5697

**ORDER GRANTING PLAINTIFF'S EMERGENCY THIRD MOTION TO COMPEL DISCOVERY, TO EXTEND TIME FOR PLAINTIFF TO COMPLETE DISCOVERY, AND FOR ENTRY OF A PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Emergency Third Motion to Compel Discovery, to Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order Governing Confidentiality (the "Emergency Motion"), it is therefore

1.    ORDERED that Defendant has not complied with this Court's February 15 Order, and Plaintiff's Emergency Motion shall be, and hereby is, GRANTED.

2.    ORDERED that Defendant shall immediately produce all material and documents referenced in its February 19, 2020 Order, including all cloud-based files and other accounts, on a rolling basis starting immediately, and the production must be fully completed within five (5) calendar days of this Order;

3.    ORDERED that time for MEF to complete the depositions it previously noticed/subpoenaed within the discovery period is extended beyond the March 20 discovery cut-off so that those depositions can be completed in advance of the scheduled April 8 preliminary injunction hearing, and Defendant and the other deponents subpoenaed for deposition prior to

March 20, 2020 shall make themselves available for deposition at least five (5) days in advance of

April 8, 2020 (or at least ten (10) days in advance of the preliminary injunction hearing if the Court

must reschedule the hearing to a later date);

      4.     ORDERED that the Protective Order proposed by MEF on March 11, 2020 shall

be entered; and

      5.     ORDERED that Defendant must pay Plaintiff's reasonable attorneys' fees and costs

incurred related to this motion.


      SO ORDERED this _____ day of March, 2020.


                                        _____

                                        The Honorable Juan R. Sánchez
                                        United States District Court