# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,                       :

     Plaintiff,                              :

v.                                           :

                                             :

                                             :    Civil Action No.: 19-5697

LISA REYNOLDS-BARBOUNIS,                      :    JURY TRIAL DEMANDED

     Defendant.                              :

## <u>PROTECTIVE ORDER</u>

To facilitate the production of Confidential Information through the discovery process in the above-captioned litigation (the "Litigation"), the Court enters into the following Protective Order (the "Order" or "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.1.5, and states as follows:

1.      This Protective Order shall govern disclosure, use, and handling of all documents, electronically stored information, imaged materials, testimony, interrogatory answers, hearing transcripts, declarations, affidavits, reports, briefs, motions, and other information (other than information that is publicly known or available) disclosed in this Litigation ("Subject Discovery Material") and designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" by a party or a third party.  This Protective Order shall apply to and be binding upon any director, officer, employee, contractor, or agent of any of the parties to this litigation, as well as all outside counsel to the parties, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel, or any

agent or outside contractor of such outside counsel. This Protective Order shall also apply to any persons who sign an affirmation in the form of Addendum A, attached hereto.

2.       Subject Discovery Materials subject to this Protective Order shall not include (a) published advertising materials, and (b) materials that are known or available to the general public. Subject Discovery Materials designated as "CONFIDENTIAL" may include financial documents, confidential research, and private employee data unknown to the public.  Subject Discovery Materials designated as "ATTORNEY'S EYES ONLY" may include highly confidential and sensitive information related to sensitive MEF donor names, donor contributions, and any other trade secret or sensitive activities that the producing party reasonably and in good faith believes is so highly sensitive that its disclosure could reasonably be expected to result in harm to the producing party.  Subject Discovery Materials designated as "CONFIDENTIAL – PFI" may include private financial information such as banking statements, tax returns and related documents, financial statements, cancelled checks, and similar items of a financial or identifying nature (*e.g.*, SSN, phone numbers).

3.       Subject Discovery Materials designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" are referred to herein as "Confidential Information" and the identification of Subject Discovery Materials with either of these designations is referred to herein as "Confidential Designation."

4.       Any party (including any third party not named in this Litigation) that produces Subject Discovery Material in this Litigation may make Confidential Designations for which the producing party believes in good faith that there is a right to confidential treatment under Rule 26(c) or Local Civil Rule 5 consistent with the designation level.

5.      The inadvertent production of Subject Discovery Materials containing Confidential Information which are not designated "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" shall not be deemed a waiver in whole or in part of a claim for confidential treatment and shall be without prejudice to any claim that such Confidential Information should be designated as such.   In the event of the inadvertent production of Confidential Information that does not bear the appropriate designation, the producing party shall notify the receiving party in writing of the error and provide a revised copy of the document bearing the appropriate designation.  Upon receipt of such notice, the receiving party shall (a) use reasonable efforts to retrieve any copies of the document, including those disseminated to third parties; and (b) either (i) return all copies of the documents in its possession to the producing party; (ii) notify the producing party that all copies of the document in its possession have been destroyed; or, (iii) notify the producing party in writing that it will contest the producing party's claim that the document should be considered Confidential Information.

6.      Similarly, the inadvertent production of Subject Discovery Materials containing information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, common interest doctrine, and/or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of a claim that such materials are subject to the applicable privilege(s) and/or protection(s). If the producing party provides notice to the receiving party that it considers a document it produced to contain or constitute material subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity, the receiving party shall (a) use reasonable efforts to retrieve any copies of the document, including those disseminated to third parties; and (b) either (i) return all copies of the documents in its possession to the producing party; (ii) notify the producing party that all copies of the document in its

possession have been destroyed; or (iii) notify the producing party in writing that it will contest the producing party's claim that the document is subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity.

7.      All information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" (and all copies, summaries, or quotations of such information) shall not be disclosed to the public or otherwise put into the public domain.

8.      Information designated as "ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

     a.      outside counsel of record for a party, associates, legal assistants or regular employees of outside counsel of record, and in-house counsel for a party to the extent that in-house counsel is engaged in prosecution or defense of this Litigation;

     b.      experts or consultants engaged by counsel of record or a party to assist in this Litigation, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Litigation and further provided that such expert or consultant signs an undertaking in the form of Addendum A hereto prior to such disclosure; provided however, that no experts or consultants may receive or review Subject Discovery Materials designated as "ATTORNEY'S EYES ONLY" if such experts or consultants could be considered a competitor (or working with a competitor) of the designating party (unless the designating party consents in writing after advance notice);

9.      Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – PFI" may

be disclosed only to the following persons:

    a.    the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation, as long as the information is requested to be placed under seal;

    b.    outside counsel of record for a party, associates, legal assistants or regular employees of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this Litigation; except that, outside counsel of a party may show materials designated as "CONFIDENTIAL – PFI" to a party on the conditions that such party may not retain or copy such materials or take notes concerning them;

    c.    experts or consultants engaged by outside counsel of record to assist in this Litigation, provided that outside counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Litigation and further provided that such expert or consultant signs an undertaking in the form of Addendum A hereto prior to such disclosure; provided however, that no experts or consultants may receive or review Subject Discovery Materials designated as "CONFIDENTIAL" if such experts or consultants could be considered a competitor (or working with a competitor) of the designating party (unless the designating party consents in writing after advance notice);

    d.    any author, recipient, or producing party of such Subject Discovery Materials designated as "CONFIDENTIAL" including former employees or agents of the producing party, provided that, in the case of former

employees or agents of the producing party, such person signs an undertaking in the form of Addendum A hereto;

e.  any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – PFI" provided that such person signs an undertaking in the form of Addendum A hereto; and

10.  Neither CONFIDENTIAL, ATTORNEY'S EYES ONLY, nor CONFIDENTIAL – PFI information may be disclosed to spouses, family members, or friends of parties, unless the individual otherwise qualifies under this Order to review such material.

11.  Notwithstanding the foregoing, the restrictions on disclosure set forth in this Protective Order shall not:

a.  apply to information that was or becomes public knowledge not in violation of this Protective Order;

b.  restrict a designating party from using documents that it drafted or created in any way;

c.  prevent disclosure of any document to its original author or original recipient for purposes of a deposition or testimony, as long as the information remains protected under this Protective Order; or

d.  prevent modification of any designation as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" on written consent of the producing party without further decision of the Court.

12.  All Subject Discovery Material shall be identified and disclosed to the designating party's counsel before it is disclosed to a consulting or testifying expert who may be a competitor

of the Producing Party and before it is used in any deposition, hearing, or trial.

13.     Any party may at any time challenge the designation of Subject Discovery Material as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" and contend that certain Subject Discovery Material is not entitled to be treated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" or that disclosure should be permitted in some manner not otherwise authorized herein.  Such a challenge shall be made by notifying the designating party in writing.  The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection.  If, after the parties confer regarding the informal challenge to the Confidential Designation, the challenging party still believes that the designation should be withdrawn or modified, that party shall file a motion to lift the confidentiality protection on those portions of the Subject Discovery Materials about which the parties disagree, and the designating party shall have the burden of justifying the designation.  The parties shall cooperate to schedule a hearing on any such motion with reasonable promptness.  Subject Discovery Materials in dispute shall continue to be subject to the specific confidentiality designation noted thereon and as provided in this Protective Order unless and until the Court determines that the Subject Discovery Material is not entitled to confidentiality designation noted thereon or the designating party agrees in writing that the Subject Discovery Material is not entitled to the confidentiality designation noted thereon.  The fact that a party agrees to abide by the terms of this Protective Order, and receives information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" under it, shall not be deemed an admission by the receiving party that any information is correctly so designated.

14.     All documents produced during the course of the Litigation—including documents produced by non-parties in response to subpoenas—shall initially be treated as "CONFIDENTIAL" according to the terms of this Protective Order for ten (10) business days after service of the initial production upon the receiving party.   Thereafter, no designation of information as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" shall be effective unless a "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" label or notice is put on the Subject Discovery Material containing such information.  Throughout the course of the Litigation, the parties shall have a good faith duty to promptly notify the opposing party upon receipt of any document in which the party believes should be marked with a Confidential Designation.

15.     Specific portions of testimony given at a deposition or other similar proceeding may be designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" by an appropriate statement on the record at the deposition or by designation within thirty (30) days after receipt of the transcript of the deposition or similar proceeding.  Counsel making a Confidential Designation with respect to testimony shall be responsible for instructing the court reporter to mark the designated portions of the testimony as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI."

16.     Confidential Information may be included with, or referred to in, papers filed with the Court where this Litigation is now pending only in accordance with the following procedures:

    a. Confidential Information must be filed under seal.  Counsel for all parties shall follow Local Civil Rule 5.1.5 and all applicable Orders and customs of the Court when filing Confidential Information under seal.

    b.   All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any Confidential Information must be filed under seal in accordance with the terms and procedures set forth in this Order.  Counsel for the party filing papers with Confidential Information shall be responsible for appropriately designating the papers filed with the Court as having Confidential Information.  Such papers shall be subject to the terms of this Order.

17.    Redacted versions of papers with Confidential Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

    a.   All Confidential Information set forth in the papers is irreversibly deleted or obscured; and

    b.   Redacted versions of the papers are clearly marked "Public Version Confidential Information Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

18.    Nothing herein shall restrict in any way the ability of the parties to use material designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" during this Litigation, except that the parties will request that the Court preserve the confidentiality protections set forth in this Protective Order when such documents are submitted or otherwise used or referenced.

19.    Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this Litigation, or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good

faith to be improper, or as limiting or negating the right of any party to object on any ground to the introduction or use as evidence of any of the material covered by this Protective Order.

20.    Nothing herein is intended to restrict the ability of counsel to use (in this Litigation and only as provided in this Protective Order) "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" material in examining or cross-examining any witness, including any employee, future employee, agent, expert, or consultant of the producing party, or any person who authored, received, or is named a recipient of the "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" material.

21.    In the event that any other parties are added or substituted into this Litigation, this Protective Order shall be binding on and inure to the benefit of such new parties.

22.    At the conclusion of the Litigation, including all appeals, documents containing or constituting information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI," and all copies or portions thereof, shall be returned to the producing party's counsel or counsel for the receiving party shall certify that all such copies or portions thereof that have not been returned have been destroyed.

23.    In the event a party receiving documents designated "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" is subpoenaed to testify or produce such documents, the subpoenaed party shall immediately notify the producing party who designated such documents as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" —in no event less than five (5) business days before the intended production—to allow the designating party an opportunity to challenge the subpoena and protect the Confidential Information.

24.    The Court retains jurisdiction to make amendments, modifications, and additions

to this Protective Order.  Any party may apply to the Court for amendment or modification of or addition to this Protective Order at any time for good cause.

26. This Protective Order shall survive the final disposition of this Litigation.  After the conclusion of all proceedings herein, this Protective Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to ensure compliance.

26. Nothing in this Protective Order shall prejudice any party from seeking amendments hereto broadening or restricting the rights of access to or the use of material marked "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" or otherwise seeking to modify this Order.  Any non-party to the Litigation who provides discovery material shall be entitled to avail itself of the provisions and protections of this Protective Order and, by doing so, assumes the duties and obligations imposed by this Protective Order.  Any such non-party desiring to avail itself of the provisions and protections of this Protective Order shall do so in writing addressed to counsel of record for all the parties to this Litigation.

The Parties, through their counsel of record in the Litigation, have reviewed and agree to the Protective Order set forth above, which they agree may be executed by their counsel of record in the Litigation in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement which shall be binding.

IT IS SO ORDERED.

DATED: March _____, 2020            _____
                                      Chief Judge Juan R. Sánchez
                                      U.S. District Court Judge

## **ADDENDUM A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare
under penalty of perjury that I have read in its entirety and understand the Protective Order (the
"Protective Order") that was issued by the United States District Court for the Eastern District of
Pennsylvania in the case of *The Middle East Forum v. Lisa Reynolds-Barbounis*, U.S. District
Court for the Eastern District of Pennsylvania Civil Action Case No. 19-5697 (the "Action").

I agree to comply with and to be bound by all the terms of the Protective Order, and I
understand and acknowledge that failure to so comply could expose me to sanctions and
punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner
any information or item that is subject to this Protective Order to any person or entity except in
strict compliance with the provisions of the Protective Order. Unless the Protective Order
specifically provides otherwise, within 60 days of any request to do so, after receiving notice of
the entry of orders, judgments or decrees finally disposing of the Action, I will return the
Confidential Information — including any copies, notes, summaries, excerpts, and compilations
made from it — or certify its destruction to the counsel who provided me with the Confidential
Information.

I further agree to submit to and consent to the jurisdiction of the United States District
Court for the District of Columbia for the purpose of enforcing the terms of the Protective Order,
even if such enforcement proceedings occur after termination of the Action. Furthermore, I have
provided accurate information below about my address and telephone number, as well as any agent
for service of process, if any.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct. Executed this _____ day of _____, _____
at _____, _____.


_____          _____
Signature                                  Date



Address:                                   Telephone:

# EXHIBIT 2

## Barnes III, Attison

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 4:53 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


Seth,

I write to summarize what we discussed during the call this afternoon.  You agreed that:

1. You will send us an e-mail <u>today</u> identifying a time tomorrow for a 90-minute call with the most knowledgeable Capsicum representative (you said it was "Brian" but couldn't remember his last name).  As I mentioned, I have a hard stop at 3:00 p.m. tomorrow, so the call needs to start at 1:30 or earlier;
2. You will send us <u>tonight</u> a sample of the spreadsheet that Capsicum provided for you after imaging Lisa's phones so that we can understand what Capsicum has compiled (to facilitate the call with Capsicum tomorrow).  You stated that the collected materials are in a Relativity database, and that we will get a record of how many hits there are for each search term, and how many hits for all search terms in each category (for example, you stated that there are 144,120 hits in the SMS and WhatsApp category);
3. You will send an e-mail <u>no later than tomorrow morning</u> to state when we will receive the first production of materials responsive to the searches and when the production would be complete;
4. You will send your proposed redlines on MEF's proposed Protective Order by <u>Thursday (3/26) at 5:00 pm</u>;
5. <u>By the end of the week</u>, you will send us an e-mail with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert (who you stated during the call you now represent), Lisa Barbounis, and Vasili Barbounis, as well as your additional available dates and times over the same three-week period so we can separately coordinate with Marnie Meyer's counsel on a date for her client's deposition;
6. You have not collected the iWatch from the Defendant, and it has not been provided to Capsicum for preservation, imaging, or searching; and
7. You are authorized to accept service for Delaney Yonchek, Matthew Ebert, Vasili Barbounis, and of course the Defendant. We will therefore direct any future subpoenas or notices intended for these individuals to you.

We await your responses.


 | Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Monday, March 23, 2020 2:37 PM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha

<mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


I'm am dialed in to the conference line.  Please let Capsicum's representative know to dial in too.


 | Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Monday, March 23, 2020 2:34 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

Attison,

You said 2:30.  I am available now.

Let me know if you are ready to do it now.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 2:33 PM
**To:** Sidney Gold <sgold@discrimlaw.net>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


Seth –

You did not dial in to our scheduled teleconference at 2:00 p.m., nor did you extend the courtesy of sending an e-mail that you we not going to participate.  You have again caused a waste of resources and an unnecessary expenditure of attorneys' fees, which we will share with the Court at the appropriate time.


 Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 8:48 AM
**To:** Sidney Gold <sgold@discrimlaw.net>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


I'll send an invite to 2:00 instead.


 Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Sidney Gold <sgold@discrimlaw.net>
**Sent:** Monday, March 23, 2020 8:46 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

can we stick to 2pm. i have a call at 3

Sent from my iPhone

On Mar 23, 2020, at 8:38 AM, Barnes III, Attison <ABarnes@wiley.law> wrote:

I'll send a calendar invite for 2:30 p.m. today.  What is the name of the Capsicum representative who will be on the call?

My e-mail below also asked for: (1) the number of hits Capsicum found on the variations of MEF just on the two phones; and (2) available deposition dates over the next 10 days for the rescheduled depositions.  We have asked for available deposition dates multiple times over the last week.  Please send them before the call so that we can finalize them on the call.

You promised last Tuesday that you would send "more definitive information" from Capsicum by last Wednesday, but it never arrived.  We still reserve our rights as to your unilateral selection of Capsicum, but we can wait no longer for the data/metadata we requested in early December.

<image001.png>   Attison L. Barnes, III
                 Attorney at Law
                 abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Monday, March 23, 2020 7:51 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

9:00 A.M., this morning does not work for me.  I am available any time today after 12:00 P.M.

Get Outlook for iOS

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, March 20, 2020 4:32:59 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

9:00 a.m. on Monday works.  I'll send a dial-in number.

While you claim that the number of search terms is the reason for delay: (1) I understood that Capsicum (which you said was working this week) was to have already searched the variations of MEF, and those materials were to have been reviewed and produced this week on a rolling basis, which did not happen; and (2) as I explained when I sent the search terms to you on March 17, we endeavored to be specific with names, e-mail addresses, document names, etc. so as to ensure that responsive data was captured and that it was captured in appropriate subsets. In other words, it is wise for Capsicum to have a record of what data is responsive to which specific search terms, and this should also speed up any review done by your firm (fewer false positives) on the specific categories. Capsicum should retain a record of the number of hits for each term. Please also have Capsicum keep a record of what devices, storage media, cloud and other accounts were searched because we will all need clarity for the Court on whether Defendant has complied with the Court Order.

In addition, please confirm that a knowledgeable Capsicum representative will be available for Monday's call for the portion that relates to the electronic materials, the cloud data, the deleted data and metadata, the e-mail accounts, etc. You have stated before that you are not adept at these electronic search procedures and mechanics, so it is best to have Capsicum explain what has been done and the plan going forward.

By the way, how many hits did Capsicum find on the variations of MEF just on the two phones?

Please send me the available deposition dates before Monday's call. Thanks.

<image001.png>    Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o: 202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, March 20, 2020 3:09 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

I spent the last couple days moving everything from my office and setting up an office in my house. I've been packing and unpacking boxes and buying office furniture for my house so I can keep working during this quarantine. I'll get caught up over the weekend and respond.

Capsicum is in the process of searching the devices and sending me information to review. You gave me over 1400 keywords Attison. It's not possible to go through that number of keywords in a day or two. It's not possible for capsicum to search in that time. It is not possible for me to review the searched information and remove all the non relevant and privileged information in that time.

I am working on it. I'll update the court and plaintiff over the weekend.

If you want to plan a call for Monday let me know what time you will be available.

Get Outlook for iOS

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, March 20, 2020 3:01:24 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


Seth –

I did not receive a response from you over the last three days.  No response on a meet-and-confer call.  No response on a call with Capsicum.  No response on the "definitive information" you promised to send me on Wednesday morning.  No production of any electronic data.  No response of how the cloud-based storage and e-mail accounts are being handled.  No response on deleted files and metadata.  No response on available deposition dates (which I requested in my e-mails of March 17 and March 18, which follows your failure to respond to my e-mail request on March 11 seeking to lock down deposition dates).

As I have mentioned, we are willing to reschedule the depositions as video/telephone depositions to accommodate any concerns and schedules, and we are also willing to reschedule the depositions for weekends if that is preferable.  Also, Ms. Yonchek can be deposed without leaving DC if she wants.  To make this as easy as possible for your response, please fill out the chart below  to confirm availability during the next two weeks between March 21 and April 3:

Delaney Yonchek is available for her rescheduled deposition on the following days and times between March 21 and April 3: _____
Vasili Barbounis is available for his rescheduled deposition on the following days and times between March 21 and April 3: _____
Lisa Barbounis is available for her rescheduled deposition on the following days and times between March 21 and April 3: _____
To facilitate rescheduling of depositions of Marnie Meyer and Matt Ebert, Seth Carson is available on the following days and times between March 21 and April 3: _____

Please respond.  If I do not receive available dates and times from you in a written reply by Monday at 10:00 a.m. (which will be nearly a week since I asked you for available dates), I will need to serve a subpoenas/notices on dates I select.  Thank you.


<image001.png>          Attison L. Barnes, III
                              Attorney at Law
                              abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Wednesday, March 18, 2020 9:54 AM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>

**Cc:** 'Sidney Gold' <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


Please let me know as soon as you are available for a meet-and-confer call.  I would like to have the Capsicum representative on the phone to address these issues and to confirm what is being searched and how.  For example, you continue to be unclear on what will be searched in terms of cloud storage and the other accounts.  We'd also like some clarity on deleted files and metadata.

By the way, this should not hold up the searches and production with respect to the variations of MEF.  Please provide them on a rolling basis.

We would also like to discuss dates for the rescheduled depositions.

I look forward to your reply email on available times today for this call.

Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

# EXHIBIT 3

**Barnes III, Attison**

---

**From:** Barnes III, Attison
**Sent:** Thursday, March 26, 2020 10:15 AM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; 'Sidney Gold' <sgold@discrimlaw.net>
**Cc:** Vázquez, Martha <mvazquez@wiley.law>; Briscoe, Adam <ABriscoe@wiley.law>; 'Bill Rieser'
<brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

I did not receive the courtesy of a response to the e-mail below, and among other things you:

1. Still have not complied with the Court's order dated February 19, 2020 (over a month ago) to produce responsive documents to "expedited" discovery requests Plaintiff served on December 5 (nearly four months ago).
2. Still have not complied with the Court's order to have all of Defendant's devices imaged.
3. Revealed on Monday (3/20/20), over a month after the Court's Order dated February 19, 2020 that only one of Defendant's phones has been searched.
4. Still have not produced a single electronic document in response to Plaintiff's "expedited" discovery requests served nearly four months ago.
5. Have failed to provide available deposition dates for your clients (Defendant, her husband Vasili Barbounis, Matthew Ebert, and Delaney Yonchek) and Marnie Meyer over the next three weeks despite reasonable requests from Plaintiff over the last two weeks and my willingness to accommodate these deponents with remote technology (video, telephone, etc.) as contemplated by the Court's Order dated March 20, 2020.  We're willing to work with you in that three-week window, but asking that we wait over a month is not acceptable.
6. Have not, despite promising to do so on Monday (3/20) and despite my follow-up requests since that time, set up a joint call with the discovery vendor (Capsicum).  I even expressed my willingness to pay the Capsicum's hourly fee when you added that condition at the last minute, and still you have not followed through as you represented.
7. Ignore the request I have made multiple times over the last week to share the number of hits on the Defendant's devices (the ones she has delivered to the vendor so far – only two phones) for variations of the Plaintiff's name (e.g., MEF, Middle East Forum, Forum).
8. Have not, despite promising to do so on Monday (3/20), forwarded the sample spreadsheet prepared by Capsicum - on the single device that has been searched - so that we can all understand what Capsicum is compiling and to work together on how the information is collected and searched.  Recall that we contemplated a mutually-agreeable vendor back in December, but you unilaterally engaged your own expert, and the process is now hidden from Plaintiff.
9. Have not provided a current list of how many hits there are for each search term, and how many hits for all search terms in each category you unilaterally created with Capsicum.
10. Have not explained why Defendant's devices were not collected and preserved at least five months ago when this dispute arose.

Especially with the delay of over five months since this dispute arose, and in light of Defendant's failure to preserve her devices (incredibly, her phones were not even collected for imaging until at least three months after this dispute arose, and other devices have never been collected), we have serious concerns about spoliation and the ability to recover the necessary data and metadata.  You represented on Monday that there is "no cloud data" which would be astonishing unless it had been tampered with in some way.  We reserve all rights.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Wednesday, March 25, 2020 11:20 AM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; 'Sidney Gold' <sgold@discrimlaw.net>
**Cc:** Vázquez, Martha <mvazquez@wiley.law>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser
<brieser@discrimlaw.net>
**Subject:** FW: MEF v Lisa Barbounis


Seth –

The Order clearly states that the judge expects the parties to continue discovery.  I'm not sure how you can claim to read the Order that any other way.  Why would the judge refer to his expectation that the parties continue discovery if he didn't want the parties to do so?

You also claim that you are too busy to comply with a court order.  We are all busy, and this is an excuse when you would have known on Monday that you had "60 cases" and you still agreed to the timeline we discussed.  And, in any event, claiming to be too busy to comply with a Court order compelling you respond to discovery served on December 5 is not credible.  You have had nearly 4 months to respond to these discovery requests.

In addition, expecting that you and your client comply with your commitments and with a court order does not constitute "making threats."  MEF and the Court should be able to hold you and your client to prior commitments and to obligations under a court order.  MEF should not be prejudiced nor forced to incur substantial additional expenses because of your tiresome pattern of not honoring your commitments over the last four months.

You appear to be trying to slow roll the production, now refusing to start with a rolling production until next Monday.  You previously committed to start production last week (over three months late), and now the story keep changing.  And this only includes the two phones (only one of which has been searched as you concede for the first time below), not the rest of the data/metadata in your client's control.  We have serious concerns about your responses below, including on the cloud data.  Again, your client is under a court order, and a complete production should have been completed in early January.

As we agreed on Monday during our meet-and-confer (and as accentuated by the contents of your e-mail below), we need to have a call with a Capsicum representative on the line.  When we agreed to such a call on Tuesday during our call on Monday, you did not mention anything about charging MEF for Capsicum's time.  We did not create this situation because, as you will recall, we offered back in December to work with you to engage a mutually-acceptable vendor, but instead you unilaterally decided to hire Capsicum as your "expert."  In addition, despite the fact that your engagement with Capsicum sets a rate of $275 an hour for "searching and reporting" (see e-mail from Alexi Michaels at Capsicum to you dated February 24, 2020 at 6:15 p.m.), you are now demanding $400 an hour from MEF.  While reserving all rights, including our objection to your engagement of a vendor that needs to be unbiased as your "expert" then requiring MEF to pay a fee of your expert, we will pay $275 for an hour long call this afternoon or tomorrow morning solely to avoid any more delay on your side.  You previously promised the "definitive" information from Capsicum last Wednesday, and it never arrived.  Then you promised to provide the sample spreadsheet on Monday, and it never arrived.  Then you

promised to set a call with Capsicum on Tuesday, and you didn't follow through. Then you make a new demand for payment. As discussed we'll need the sample spreadsheet to review before the call so understand what is being discussed and how Capsicum has set up the reporting. Please send that as soon as possible, along with available times for the Capsicum call this afternoon or tomorrow morning.

To be clear, I did not "interrogate" you on the definition of two-factor authentication. You used the term as grounds to claim that certain data could not be collected. I asked you to define what you understood to be two-factor authentication, and you were not able to define it.

I have asked multiple times for number of hits on the MEF variations. It is important to get the number of hits by search terms for the reason we discussed on the call. That's also the reason we used very specific search terms because we anticipated this scenario and a potential dispute over what you unilaterally seek to exclude as irrelevant. It also makes your review easier; for example, a hit on a specific donor name is clearly relevant. I assume if we had only provided general search terms, you would have complained that we didn't provide specific terms. There is always an excuse, and we are not willing to further prejudice our client because of your client's failure to comply with her discovery obligations. The virus does not explain the months of delay before that, and these tasks can be handled remotely as the Court contemplated in its Order. It is almost April and despite serving our discovery requests in early December, we have yet to receive a single electronic file. This is unacceptable.

Finally, we do not agree with your proposal to postpone depositions for a month. Again, the judge's Order specifically says that he "expects" us to continue discovery. I know your client prefers delay, but we are not willing to entertain more delay. By the end of this week, please send me your available deposition dates over the next three weeks, as you and I agreed on Monday after the Court issued its Order and as I confirmed in my e-mail below in this chain at 4:53 p.m. on Monday. We're willing to work with you in that three-week window, but asking that we wait over a month is not acceptable.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Tuesday, March 24, 2020 3:59 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

The Order does not state that the parties are expected to continue discovery. Please refer to the Order again, which states:

"However, the parties are expected to make reasonable efforts to continue conducting any discovery that can be conducted remotely."

I am working very hard on this case as well as the other 60 cases I am litigating.  I would ask that you please be patient and considerate if I cannot respond to a deadline in 6 hours.  I would therefore ask that you please stop making threats.

Regarding the progress of ESI discovery:

I spoke with Capsicum this morning to answer some of your questions.

1.   They are going to provide an updated excel spread sheet that includes links to native images or documents referenced in the spread sheet.  So if there is an image (JPEG - TIFF - GIF - PNG etc) the viewer can click to view that file.  This will be finished this afternoon.

2.  The updated document I received includes the keywords for each set of information.  I believe I informed you about this yesterday.

3.  Capsicum has relegated all the searching to one device so far.  They wanted to figure out a way to search the thousands of keywords you provided which again, is an absurd amount of keywords and is an issue that still needs to be resolved.   Both devices were imaged at the same time - back in February when they were turned over.  Now that we have determined a way to do the searching, they can apply that method to the second device.  Because the devices are part of the same account, it is posited that the same information is going to be included for both devices.  And because there are so many false positives, this is another reason why the number of keywords is not at all reasonable.  If the parties cannot agree on the number of keywords, we are going to have to ask the court to intervene.

4.  Regarding the i Cloud account:  the information I provided to you yesterday was entirely accurate.  There is no way to bring information from an i Cloud account into searchable format.  It is not possible.  I tried to explain this to you yesterday and you decided to interrogate me about two factor authentication.  Other accounts, like the email accounts do present this issue.  This issue is relegated to the i Cloud accounts.

5.  Capsicum searched for deleted information as part of their search criteria.  I notified Capsicum from the onset that locating deleted information was an important concern and should be part of the search criteria.  So far, no deleted information has been identified.

6.  I informed Brian that you would like to scheduled a 90 minute telephone call.  Brian charges $400.00 per hour.  Accordingly, a 90 minute telephone call will cost $600.00.  Brian informed me that he would be willing to talk for five to ten minutes without charges his hourly rate.  If you would like him to set aside 90 minutes, he has to charge his hourly rate.  I believe I answered all the questions you had yesterday in this email, so maybe a call with Brian is no longer necessary.  You can also email me a list of questions that I can get answered for you.

7.  The amount of information that I have to review for relevance and privilege is extraordinary.  This is a direct result of the number of keywords that were presented.  In good

faith, I attempted to work with you on the keywords, however, it is unreasonable, overly broad and unduly burdensome to have to filter out hundreds of thousands of false positives.  I would therefore ask that you begin to consider a way to reduce this number of false positives.

8.  I did not say that I would provide a record of how many hits there are for each search term, and how many hits for all search terms in each category.  I said that for each item that hit, there would be a record of the reason that it hit.  In other words, Capsicum added a column to identify the keywords for each row-item.  Providing a list with the number of hits for each search term would be a reasonable request if we were dealing with 25 search terms.  Instead we are dealing with thousands of search terms.  Still, I will find out how long this will take and the cost involved.  If it's an easy request, I will provide you that information ASAP.  Providing a list of the number of search terms for each category - to the extent that you are referring to the 9 categories I identified yesterday is easy.

Calendar: 493
Call log: 134
Chats: 189,334
Contacts: 354
Images: 418
MMS: 470
SMS: 6,538
Voicemails: 3

Keep in mind this is for one of the devices only.  It is posited that there will be an almost identical list for the second device which will be finished, hopefully today.  The email accounts are also not calculated in the above numbers.  Capsicum will start on the email accounts when they are finished with the devices.

I am not going to start going through the search results until I have a final list for each category.  Today, Capsicum is updating the list to add the links to native images and documents.  They are trying to finish that task today.  When I receive the final list I will begin to review for relevance and privilege in accordance with the instructions Ordered by Judge Sanchez.  I will suggest a soft deadline of next Monday, March 31, 2020 to produce the first batch of information.  I will produce each category of information upon receipt on a rolling basis.

Regarding dates for depositions, since there is no longer a hearing scheduled for April 8, 2020, I would suggest that the parties plan to begin depositions at the end of April 2020.  This will provide Plaintiff with time to respond to Defendants' discovery requests, which I will send this week.

Finally, it has only been one week since the keywords were provided by MEF and everyone is working from their home offices and dealing with the restrictions presented by the current healthcare crisis.  Therefore, I ask again for patience as I work with Capsicum to search, set up,

and review the information that will ultimately be furnished in response to Plaintiff's discovery requests.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

_____

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Tuesday, March 24, 2020 11:06 AM
**To:** Sidney Gold <sgold@discrimlaw.net>; Seth Carson <seth@dereksmithlaw.com>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

The judge's Order yesterday specifically says that he "expects" us to continue discovery.  We spoke after the Court's Order yesterday, and we agreed to a plan.  It now appears that you are not following that agreed plan.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385

6

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Tuesday, March 24, 2020 10:52 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

I would remind you that the court suspended discovery yesterday and ordered the parties to be respectful of delays considering the global pandemic we are living through.  You might want to reflect on what that means Attison.

Regarding the progress of ESI discovery, there is no delay.  I had a conversation with Capsicum this morning to discuss the questions we touched on during our telephone meet and confer.

I will send you an update this morning/early afternoon.

Get Outlook for iOS

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Tuesday, March 24, 2020 10:44:39 AM
**To:** Sidney Gold <sgold@discrimlaw.net>; Seth Carson <seth@dereksmithlaw.com>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

Consistent with your pattern of not following through on your commitments in discovery, you did not respond by last night to the first two items below.  You agreed to provide the third item no later than this morning, and we have yet to receive a response on that either.

We reserve all rights, including the right to seek additional relief from the Court for continuing delay.  None of this would have been required if you had worked with us in late December to engage a mutually-acceptable vendor to image the materials by January 6 following instructions from the Court at the telephonic hearing on December 20.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 4:53 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha

<<u>mvazquez@wiley.law</u>>
**Subject:** RE: MEF v Lisa Barbounis


Seth,

I write to summarize what we discussed during the call this afternoon.  You agreed that:

1. You will send us an e-mail <u>today</u> identifying a time tomorrow for a 90-minute call with the most knowledgeable Capsicum representative (you said it was "Brian" but couldn't remember his last name).  As I mentioned, I have a hard stop at 3:00 p.m. tomorrow, so the call needs to start at 1:30 or earlier;
2. You will send us <u>tonight</u> a sample of the spreadsheet that Capsicum provided for you after imaging Lisa's phones so that we can understand what Capsicum has compiled (to facilitate the call with Capsicum tomorrow).  You stated that the collected materials are in a Relativity database, and that we will get a record of how many hits there are for each search term, and how many hits for all search terms in each category (for example, you stated that there are 144,120 hits in the SMS and WhatsApp category);
3. You will send an e-mail <u>no later than tomorrow morning</u> to state when we will receive the first production of materials responsive to the searches and when the production would be complete;
4. You will send your proposed redlines on MEF's proposed Protective Order by <u>Thursday (3/26) at 5:00 pm</u>;
5. <u>By the end of the week</u>, you will send us an e-mail with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert (who you stated during the call you now represent), Lisa Barbounis, and Vasili Barbounis, as well as your additional available dates and times over the same three-week period so we can separately coordinate with Marnie Meyer's counsel on a date for her client's deposition;
6. You have not collected the iWatch from the Defendant, and it has not been provided to Capsicum for preservation, imaging, or searching; and
7. You are authorized to accept service for Delaney Yonchek, Matthew Ebert, Vasili Barbounis, and of course the Defendant. We will therefore direct any future subpoenas or notices intended for these individuals to you.

We await your responses.




Attison L. Barnes, III
Attorney at Law
<u>abarnes@wiley.law</u>

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
<u>Download V-Card</u> | <u>wiley.law</u> | <u>Bio</u>

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my <u>vCard</u>

---

**From:** Barnes III, Attison
**Sent:** Monday, March 23, 2020 2:37 PM
**To:** 'Seth Carson' <<u>seth@dereksmithlaw.com</u>>; Sidney Gold <<u>sgold@discrimlaw.net</u>>
**Cc:** Briscoe, Adam <<u>ABriscoe@wiley.law</u>>; Bill Rieser <<u>brieser@discrimlaw.net</u>>; Vázquez, Martha
<<u>mvazquez@wiley.law</u>>
**Subject:** RE: MEF v Lisa Barbounis


I'm am dialed in to the conference line.  Please let Capsicum's representative know to dial in too.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Monday, March 23, 2020 2:34 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

Attison,

You said 2:30.  I am available now.

Let me know if you are ready to do it now.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 2:33 PM
**To:** Sidney Gold <sgold@discrimlaw.net>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

You did not dial in to our scheduled teleconference at 2:00 p.m., nor did you extend the courtesy of sending an e-mail that you you we not going to participate. You have again caused a waste of resources and an unnecessary expenditure of attorneys' fees, which we will share with the Court at the appropriate time.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 23, 2020 8:48 AM
**To:** Sidney Gold <sgold@discrimlaw.net>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

I'll send an invite to 2:00 instead.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Sidney Gold <sgold@discrimlaw.net>
**Sent:** Monday, March 23, 2020 8:46 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

can we stick to 2pm. i have a call at 3

Sent from my iPhone

On Mar 23, 2020, at 8:38 AM, Barnes III, Attison <ABarnes@wiley.law> wrote:

I'll send a calendar invite for 2:30 p.m. today.  What is the name of the Capsicum representative who will be on the call?

My e-mail below also asked for: (1) the number of hits Capsicum found on the variations of MEF just on the two phones; and (2) available deposition dates over the next 10 days for the rescheduled depositions.  We have asked for available deposition dates multiple times over the last week.  Please send them before the call so that we can finalize them on the call.

You promised last Tuesday that you would send "more definitive information" from Capsicum by last Wednesday, but it never arrived.  We still reserve our rights as to your unilateral selection of Capsicum, but we can wait no longer for the data/metadata we requested in early December.


<image001.png>

Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Monday, March 23, 2020 7:51 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Sidney Gold <sgold@discrimlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

9:00 A.M., this morning does not work for me.  I am available any time today after 12:00 P.M.

Get Outlook for iOS

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, March 20, 2020 4:32:59 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Sidney Gold <sgold@discrimlaw.com>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


9:00 a.m. on Monday works.  I'll send a dial-in number.

While you claim that the number of search terms is the reason for delay: (1) I understood that Capsicum (which you said was working this week) was to have already searched the variations of MEF, and those materials were to have been reviewed and produced this week on a rolling basis, which did not happen; and (2) as I explained when I sent the search terms to you on March 17, we endeavored to be specific with names, e-mail addresses, document names, etc. so as to ensure that responsive data was captured and that it was captured in appropriate subsets.  In other words, it is wise for Capsicum to have a record of what data is responsive to which specific search terms, and this should also speed up any review done by your firm (fewer false positives) on the specific categories.  Capsicum should retain a record of the

number of hits for each term.  Please also have Capsicum keep a record of what devices, storage media, cloud and other accounts were searched because we will all need clarity for the Court on whether Defendant has complied with the Court Order.

In addition, please confirm that a knowledgeable Capsicum representative will be available for Monday's call for the portion that relates to the electronic materials, the cloud data, the deleted data and metadata, the e-mail accounts, etc.  You have stated before that you are not adept at these electronic search procedures and mechanics, so it is best to have Capsicum explain what has been done and the plan going forward.

By the way, how many hits did Capsicum find on the variations of MEF just on the two phones?

Please send me the available deposition dates before Monday's call.  Thanks.

<image001.png>       Attison L. Barnes, III
                     Attorney at Law
                     abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, March 20, 2020 3:09 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** Re: MEF v Lisa Barbounis

I spent the last couple days moving everything from my office and setting up an office in my house.  I've been packing and unpacking boxes and buying office furniture for my house so I can keep working during this quarantine.  I'll get caught up over the weekend and respond.

Capsicum is in the process of searching the devices and sending me information to review.  You gave me over 1400 keywords Attison.  It's not possible to go through that number of keywords in a day or two.  It's not possible for capsicum to search in that time.  It is not possible for me to review the searched information and remove all the non relevant and privileged information in that time.

I am working on it.  I'll update the court and plaintiff over the weekend.

If you want to plan a call for Monday let me know what time you will be available.

Get Outlook for iOS

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, March 20, 2020 3:01:24 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Sidney Gold <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>; Bill Rieser <brieser@discrimlaw.net>; Vázquez, Martha <mvazquez@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

I did not receive a response from you over the last three days.  No response on a meet-and-confer call.  No response on a call with Capsicum.  No response on the "definitive information" you promised to send me on Wednesday morning.  No production of any electronic data.  No response of how the cloud-based storage and e-mail accounts are being handled.  No response on deleted files and metadata.  No response on available deposition dates (which I requested in my e-mails of March 17 and March 18, which follows your failure to respond to my e-mail request on March 11 seeking to lock down deposition dates).

As I have mentioned, we are willing to reschedule the depositions as video/telephone depositions to accommodate any concerns and schedules, and we are also willing to reschedule the depositions for weekends if that is preferable.  Also, Ms. Yonchek can be deposed without leaving DC if she wants.  To make this as easy as possible for your response, please fill out the chart below  to confirm availability during the next two weeks between March 21 and April 3:

Delaney Yonchek is available for her rescheduled deposition on the following days and times between March 21 and April 3: _____
Vasili Barbounis is available for his rescheduled deposition on the following days and times between March 21 and April 3: _____
Lisa Barbounis is available for her rescheduled deposition on the following days and times between March 21 and April 3: _____
To facilitate rescheduling of depositions of Marnie Meyer and Matt Ebert, Seth Carson is available on the following days and times between March 21 and April 3: _____

Please respond.  If I do not receive available dates and times from you in a written reply by Monday at 10:00 a.m. (which will be nearly a week since I asked you for available dates), I will need to serve a subpoenas/notices on dates I select.  Thank you.

<image001.png>           Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Wednesday, March 18, 2020 9:54 AM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>
**Cc:** 'Sidney Gold' <sgold@discrimlaw.net>; Briscoe, Adam <ABriscoe@wiley.law>
**Subject:** RE: MEF v Lisa Barbounis


Please let me know as soon as you are available for a meet-and-confer call.  I would like to have the Capsicum representative on the phone to address these issues and to confirm what is being searched and how.  For example, you continue to be unclear on what will be searched in terms of cloud storage and the other accounts.  We'd also like some clarity on deleted files and metadata.

By the way, this should not hold up the searches and production with respect to the variations of MEF.  Please provide them on a rolling basis.

We would also like to discuss dates for the rescheduled depositions.

I look forward to your reply email on available times today for this call.

&lt;image001.png&gt;        Attison L. Barnes, III
                      Attorney at Law
                      abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard