# Exhibit A

Exhibit A

Re: MEF v. Lisa Barbounis

Seth Carson <seth@dereksmithlaw.com>
Wed 3/4/2020 12:27 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>

🔗 1 attachments (47 KB)
MEF v Barbounis Protective Order.docx;

Attached please find the proposed protective order with my initial thoughts. We do not need a 13 page document with three destinations and clauses about privileged documents and work product. Below is a protective order that accomplishing everything required by the parties that Defendant will agree to.

The parties agree that certain documents produced in this matter are subject to a designation of "confidential." Any documents marked confidential shall be filed under seal, however if redactions protecting all confidential information are made, the document may be filed through the standard process. The parties agree to keep any documents marked confidential as attorney's eyes only. Any document marked confidential may only be used to advance or defend the claims and allegations connected with the instant matter. All documents marked confidential will be returned or destroyed at the close of the instant matter including all appeals. The designation of a document as confidential shall not limit the parties in any way to advance their claims and defenses. No document marked confidential will be disclosed to a third party unless that third party agrees to the terms herein and signs a document confirming agreement to these terms and agrees to maintain the confidential status of the information marked. If a party wishes to protect a document with a confidential status, that party bears the burden of justifying the confidentiality of each and every document marked. The parties agree that the following list of information will be deemed to have the presumption that the information should be marked confidential. (insert list here). All documents marked confidential must be afforded protections to ensure that all confidential information is used only for the limited purposes described herein and then returned to the producing party or destroyed. No confidential information may be disclosed to the public. Confidential documents cannot be disclosed to any party other than attorneys, witnesses, deponents, the court, experts, investigators, paralegals, court reporters... Nothing in this order shall limit the parties ability to investigate the parties claims and defenses and use confidential information as exhibits at deposition, trial or in motions and memorandum, subject to the protections identified above.

I would agree to the above paragraph which achieves everything the parties require without shifting any burdens or attempting to include collateral issues into an agreement that should be narrowly tailored to protect so-called trade secrets.

Please let me know when you are ready to provide the search terms. We do not need a protective order to begin the search. I will not disclose any search terms to any parties until we are in agreement on the protective order.

I will agree that search terms are attorney's eyes only, however, I must be able to review the list of search criteria with my client. I will not provide her with a list, but I have to be able to talk with her about the search terms. I have no idea what any of the search terms mean and I cannot know if a search term is relevant to the instant matter without consulting my client. As your client is accusing Ms. Barbounis of having access to the information that is being used to search her devices, I can't imagine how asking my client to review the list of proposed search terms with me could alter, change, or impact your client's rights.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, March 2, 2020 8:55 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v. Lisa Barbounis

We disagree.  Please see the last paragraph of my e-mail where I reiterate the need for a Protective Order, as the search terms contain my client's sensitive information, including donor names.  I sent you a proposed Protective Order, and you have yet to respond.  I have been ready to send the search terms (because as you know, it is my client which is eager to get the imaged files), so please do not delay this process any more.  Can you let me know by noon tomorrow that the Protective Order is acceptable?



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Monday, March 2, 2020 8:28 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** Re: MEF v. Lisa Barbounis

The only party who is disregarding the Court is Plaintiff.  I remain available to receive a list of proposed key words and to discuss the same so that the search of the devices that were imaged on time by February 25, 2020 can occur.

Defendant has followed the February 19, 2020 Court Order in every way.

I ask again (for the fourth time) when can we expect a list of proposed search terms so that we can begin discussions connected with the searching of the electronic devices.

I find your position absurd, that you would even think to criticize me for following a Court Order.  Three days before the deadline provided by Judge Sanchez I received an email from Sidney Gold threatening my client.

("...my client stands ready to inform the Court if you continue to disobey Judge Sanchez' Order.  Therefore,it should come as no surprise, that my client has directed me to move for sanctions and contempt if you fail to abide with the Order of Court.  Sid").

If you want to continue wasting time, by all means, keep sending me emails like the last one you drafted.  If you want to schedule a call with Judge Sanchez, go ahead.  I am comfortable with Defendant's position.  At all times Defendant has exercised good faith in all matters.  Defendant is ready and willing to engage in discovery of her electronic devices.  Defendant did not do anything unilaterally.  Defendant is following the ORDERS OF THE COURT.  I would ask that you do the same.

I am not going to address anything else in your email because it is all in the correspondence that I sent.

Please send me a list of search terms.  Please let me know when you are able to discuss the list of search terms.

Thank you.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Sunday, March 1, 2020 12:04 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v. Lisa Barbounis

Seth –

I remain concerned:

- that you did not work with us in good faith on the selection of a mutually agreeable vendor, despite our multiple requests since at least December
- that you and your client only supplied two phones to the vendor you unilaterally selected
- that you did not work with us in good faith on instructions to the vendor about imaging the devices
- that you did not provide any written instructions to the vendor before imaging the two phones (for us to see what the directions to the vendor actually were)
- that, although you knew MEF has asserted since early last fall that that your client's devices contain highly sensitive data and trade secrets, you did not take care and attention to contacting us about how the vendor should process that information. Although you claim that your engagement letter with the vendor includes a non-disclosure clause (you have not forwarded that letter to us as promised), the MEF data on the devices belongs to MEF, and an engagement letter between you and the vendor does not provide MEF (as a non-signatory) with the ability to enforce the confidentiality restrictions against the vendor. That is why we have tried to work with you for months to mutually agree on this process and to mutually engage an independent vendor. Instead, you claim that you engaged this vendor as an "expert" for defendant, which is more troubling because an expert for defendant is not independent and now has possession of MEF's data without our consent and without our ability to protect MEF's data.

- that you did not work with us over the last five months to collect and preserve the data on your client's devices, accounts, and storage media, despite the fact that early last fall we raised concerns about preservation and spoliation by your client. Instead, you initially represented to the court that she had only one phone – despite now admitting there are at least three. You stated during our call last Thursday that you did not take possession of the first phone until January 15 and that you did not take possession of the second phone until last week. You have apparently never taken possession of the third phone, never taken possession of the iWatch, and never taken possession of, or otherwise secured, the remaining repositories of data, including all USB devices, cloud-based storage accounts (including, but not limited to, iCloud, Dropbox, and Google Drive), email accounts, and all messaging and social media accounts (including, but not limited to, Signal, WhatsApp, Telegram, and Facebook), as well as back-up for her husband's devices where we know MEF data resided (the Microsoft Surface shown in your client's Instagram post with an MEF document on the screen). Therefore, over the last five months, you have not taken appropriate steps to ensure that your client did not destroy, delete, or otherwise alter evidence. We already know that your client's laptop was wiped, thereby destroying data, and you should have been on notice of the need to preserve data and devices.

We will respond separately to your letter, but for now, we reserve all rights for failure to preserve data, and press again for collection and imaging of all information, not merely the two phones your client has finally delivered to you.

We do not appreciate the undue delay and unilateral nature of how you and your client have chosen to proceed. We have lost months, despite direction from the court in mid-December that your client must image her devices and despite our repeated efforts to work with you by proposing a mutually acceptable vendor in December.

In light of your decision to disclose highly sensitive MEF data with the vendor without our involvement or consent, we need to act quickly to avoid further harm. We have prepared the attached Protective Order, which would among other things require a written acknowledgement from your vendor that it will be subject to the contempt power of the court regarding the data. Please get back to us as soon as possible so we can finalize and submit this Protective Order as stipulated. Again, we are trying to mitigate the harm that your client continues to cause MEF.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o: 202.719.7385

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Thursday, February 27, 2020 9:13 PM
**To:** Sidney Gold <sgold@discrimlaw.net>; Barnes III, Attison <ABarnes@wiley.law>; Barnes III, Attison <ABarnes@wiley.law>; Denise Drages <ddrages@discrimlaw.net>
**Subject:** MEF v. Lisa Barbounis

Attached please find correspondence in connection with our telephone conversation earlier this evening.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC

1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law