# Exhibit C

## Re: MEF v Lisa Barbounis

**Seth Carson** <seth@dereksmithlaw.com>
Fri 3/13/2020 6:33 PM

**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>

📎 1 attachments (47 KB)
Proposed Protective Order - number 2.docx;

I attached the proposed protective order with my comments.

The proposed protective order violates Rule 26(c) entirely. I explained why and how in the attached document.

Please be advised: my offices are currently closed due to the current healthcare concerns. We have not yet scheduled a date when the office will be open again. We are all doing our best to work remotely, however, we would ask for patience. I assure you that all emails are being monitored and I will respond ASAP. I apologize for the delay in responding to your last email.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Thursday, March 12, 2020 3:19 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>

**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** FW: MEF v Lisa Barbounis

Seth –

I understood from our call last night that I was going to get confirmation from you this morning on the Protective Order so we could get that filed with the change to paragraph 13. It is now 3:00 p.m. Thursday afternoon, and this delay is affecting the plan we discussed last night for us to get the data and metadata from the two phones (responsive to the search terms) from the vendor tomorrow.

We still have an issue with the limited scope of what you provided the vendor and with the fact that you unilaterally selected this vendor as your expert, but I'm trying to mitigate the harm to my client with a reservation of rights. We have been waiting for this data for three months. As you know, we have not received a single electronic document in response to discovery requests we served on December 5.

Please confirm this afternoon that we can file the attached protective order, as I'd like to avoid further delay. Thanks.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Wednesday, March 11, 2020 8:54 PM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; 'Sidney Gold' <sgold@discrimlaw.net>
**Cc:** 'Bill Rieser' <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

As a follow-up to our call a few minutes ago about the provisions of the protective order, I added the language you requested about the burden in paragraph 13 as a compromise to get this protective order finalized. See attached redline. Please confirm that this can now be finalized (by accepting the redlined edit) and filed. Thank you.

Assuming this protective order is entered tomorrow, we will provide the search terms to the vendor after it signs the protective order acknowledgement, and we agreed that the plan is to get the data/metadata from the vendor for production to me on Friday (3/13). This will at least get us the data and metadata accessible on the two phones (although we still need to address the other devices, storage, and accounts).

We also discussed the depositions scheduled for next week. We agreed that the Marnie Meyer deposition will proceed next Wednesday morning (3/18), and that Lisa Barbounis's deposition will proceed next Thursday morning (3/19). You stated that Ms. Yonchek would like to change the date and location of her deposition so that she can be deposed in Washington, DC. Also, you stated that you represent Mr. Barbounis, and would like to change the date of his deposition next week as well. I will accommodate these requests as long as you send me by 5:00 p.m. tomorrow available dates and times for the depositions of Ms. Yonchek and Mr. Barbounis between 3/17 and 3/20 next week, and as long as these dates/times are okay on our end.

Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Barnes III, Attison
**Sent:** Wednesday, March 11, 2020 7:42 PM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

I'm calling your line.  I can see by your questions below that you prefer not to address the actual issues.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Wednesday, March 11, 2020 7:32 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** Re: MEF v Lisa Barbounis

My letter to the Court is entirely accurate.  It is also supported by the record.   I don't even know how to respond when you suggest that you have been trying to meet and confer since December.  We have met and conferred since December.

But what about yesterday?  What held you up yesterday?

The protective order you sent is not standard.  I provided you with clear and concise reasons explaining Defendant's position.  The parties do not have to agree on ways to handle work produce to protect confidential information.

The parties don't need a protective order to begin searching for documents with the key words like "MEF".   Are you suggesting that the word "MEF" is sensitive confidential proprietary information?  How about Greg Roman, Daniel Pipes and the names of other employees?   Will they be search terms?  Are their names sensitive, proprietary, trade secrets?

I am asking you if we can begin searching devices today; right now in fact.  Let's start the process.  Let's end the delay.  I am available right now if you would like to discuss these issues.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Wednesday, March 11, 2020 7:22 PM
**To:** Seth Carson <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

We couldn't be more clear that the search terms contain sensitive information, such as donor information.  We need a protective order, and your objection to standard protective order provisions is holding up the process, which is why we have been trying to reach you for a week or more.  And equally as concerning, the other devices, storage, and accounts have not been collected as required by the court order.  Your delay has reached a critical

level, especially with the depositions scheduled for next week. We have been trying to meet-and-confer with you on these issues since December, and three months later, we have no electronic data and no metadata, and we learn that the devices, storage, and accounts were never preserved.

I don't know why you wouldn't talk to us today, when you appear to have had time to draft a letter to the Court. Also, your letter to the Court does not accurately represent the situation.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o: 202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Wednesday, March 11, 2020 7:00 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** Re: MEF v Lisa Barbounis

Our offices are closed the rest of the week due to recent health concerns. We are playing things safe and hopefully we will be back in next Monday. Worst case the office could be closed a little longer than that.

I am working remotely but it's not the same so please work with me if I do not return an email right away.

I was under the impression that the parties has agreed to meet and confer. I thought we had tentatively scheduled a call for yesterday afternoon.

If you would like to avoid further delay, you can provide the list of search terms to me anytime. I assume that there are probably several search terms that will not implicate any issues such as:

1. MEF
2. Greg Roman
3. Daniel Pipes
4. Mark Fink

And so on...

Why don't you provide me with a list of search terms like which would allow the parties to continue moving forward?

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Wednesday, March 11, 2020 5:29 PM
**To:** Sidney Gold <sgold@discrimlaw.net>; Seth Carson <seth@dereksmithlaw.com>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

I did not hear back from you. As I mentioned, we need to seek court intervention because we do not want more delay.


Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o: 202.719.7385

Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Barnes III, Attison
**Sent:** Wednesday, March 11, 2020 9:06 AM
**To:** 'Seth Carson' <seth@dereksmithlaw.com>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

Seth –

We received that e-mail, then contacted you to discuss. We never heard back. Are you available to talk this morning, as we will need to seek court intervention right away on the protective order issue and the vendor imaging issues.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o: 202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Tuesday, March 10, 2020 1:01 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** Re: MEF v Lisa Barbounis

I did get back to you. I sent you a long email along with a red-line version of the protective order.

Can you please confirm whether you received my email?


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Tuesday, March 10, 2020 9:23 AM
**To:** Sidney Gold <sgold@discrimlaw.net>; Seth Carson <seth@dereksmithlaw.com>
**Cc:** Bill Rieser <brieser@discrimlaw.net>
**Subject:** RE: MEF v Lisa Barbounis

Seth -

I'm not sure why you did not get back to us last week when Sid reached out to meet with you to resolve these issues. We have search terms ready to go, but as we have informed you, they contain sensitive information (like private donor information), so we need some protection especially if the search terms are going to a third party with whom we have no relationship. As you know, we were ready in December to engage a mutually acceptable vendor to work with both of us and split the cost, but you selected a different path, putting us in this situation. If you can agree that those search terms are attorneys' eyes only (like you previously stated in your February 27 letter) until we can get a protective order entered, at least that process will move forward to avoid further delay. If after seeing the search terms you believe you need to share them with your client, we can work with you on a process (perhaps review in your office without obtaining a copy?) with appropriate restrictions (strict confidence, not to be discussed or disclosed except with counsel, and agreement that the information will remain protected), but that is why we have been trying to reach you to work something out in good faith.

And we are still concerned that you have only obtained the two phones, not all of the other devices, storage, and other accounts. Many months have now passed and with depositions next week, we are suffering prejudice. It seems we need to go to the Court on that issue, but can we at least agree on protecting the search terms to get those to your vendor for the phone searches? Please let us know as soon as possible, as we cannot wait for you any longer.

Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law
Wiley Rein LLP | 1776 K Street NW | Washington, DC 20006
o: 202.719.7385 | www.wiley.law

-----Original Message-----
From: Sidney Gold <sgold@discrimlaw.net>
Sent: Monday, March 9, 2020 8:47 PM
To: Seth Carson <seth@dereksmithlaw.com>
Cc: Barnes III, Attison <ABarnes@wiley.law>; Bill Rieser <brieser@discrimlaw.net>
Subject: MEF v Lisa Barbounis

Carson, On March 4 we sent you the proposed protective order which incorporated the terms which would accomplish everything required by the parties and to which MEF would agree. As of today you continue to stonewall every effort we have made to reach a resolution. Your objections to the standard language in a protective order is perplexing and stands in the way of getting anything done. We have also repeatedly asked you as to when you will be ready to provide search terms. We do not need a protective order to begin the search. We had agreed that the search terms would be for attorney's eyes only, however you have now changed your stance on this point and you now object to attorney's eyes only. We had agreed that both sides could review the search criteria with their respective clients. The only response we have received from you was to inform us that the vendor you retained to image your client's devices is demanding $30,000. to conduct the imaging and that you want MEF to bear the expense. The customary fee for imaging is $10,000-$12,000. You have prevented us from getting the searches done, which prevents us from getting the documents, which prevents us from having the materials for the preheating depositions. We need to hear from you no latter 10am tomorrow or we will seek judicial intervention. Sid.

Sent from my iPhone

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law