# Exhibit G

Re: MEF

Seth Carson <seth@dereksmithlaw.com>
Tue 2/25/2020 7:25 PM

**To:** Sidney Gold <sgold@discrimlaw.net>
**Cc:** Bill Rieser <brieser@discrimlaw.net>; Traci Greenberg <tgreenberg@discrimlaw.net>; Leanne Coyle <lcoyle@discrimlaw.net>; Attison Barnes III <ABarnes@wileyrein.com>

I write in response to the two letters sent by Plaintiff today, February 25, 2020.

Defendant has retained Capsicum to perform the forensic search of her devices. Here is a link to their website:

https://capsicumgroup.com/

I contacted Cornerstone, however, I was unable to retain Cornerstone as Attison Barnes had already contacted Cornerstone who sent an engagement letter to Attison Barnes in connection with the same case. Because the process explained to me by Capsicum and Cornerstone was the same, Defendant opted to engage Capsicum to image and search her devices.

I already informed you what devices were turned over, but to clarify: Defendant has turned over every device in her possession, which includes two cell phones. They are both i phones. I do not know the make or model number, but I can obtain that information from Capsicum tomorrow and provide it.

The devices will be completely imaged. I notified Capsicum that the parties require all information contained in the devices including all emails, text messages, applications, and everything else with any and all metadata.

The parties need to meet and confer to agree on the criteria for searching and identifying relevant information stored within the devices. Accordingly, I have suggested that we begin with a list of proposed search criteria to be provided by Plaintiff. Upon receipt of the proposed list, we should schedule a call to discuss the same and agree on a final list of keywords. I notified Capsicum that I will provide the search criteria as soon as the parties agree on the same. They did not require search criteria to image the devices. The example provided by Cornerstone is that once the devices are imaged, they can be thrown off a bridge and it would not matter, because the entire device would be copied and saved. Of course, the devices will simply be returned to Ms. Barbounis once they are imaged. As both devices were provided to Capsicum this morning, I would imagine that both have been imaged already.

I am told that the information subject to the search criteria can be provided by Capsicum in either PDF format or an excel spreadsheet, or both. If you would like to suggest another format, please let me know.

Your February 25, 2020 correspondence states that the Court Order specifically references Defendant's husband's devices. That is not what the Order says. The Order references Ms. Barbounis's devices "without regard to whether the devices were purchased or paid for by Barbounis's husband." Notwithstanding, the Microsoft Surface laptop that was damaged and disposed of in December 2018 was replaced only by the Mac-book Pro which was returned to MEF in accordance with the instructions provided by MEF's Chief Financial Officer and Director of Human Resources. This is explained thoroughly in the Declaration of Lisa Barbounis.

Regarding how photos and videos will be addressed, I believe the Court Order provides instruction. I will review the photos and videos and turn over all documents that meet the criteria provided for by Judge Sanchez. I am available to discuss this further during our scheduled conference. If you want, I can walk down to your office and we can discuss everything in person. We do share a building so it's an easy trip for me to make. I am also available by telephone, but I find that some discussions are more productive in person.

If it's not clear, I am reading your letter and addressing each point in the order it was presented. Accordingly, I will now address the last paragraph. I think I made it clear to Capsicum that all meta data is to be retrieved. I explained that Plaintiff is alleging that my client erased information from her phone. I explained that the search criteria is certainly going to be targeted for such information. It is my understanding that both devices have been imaged in their entirety and this includes all metadata.

I will now address the concerns raised in the second letter.

I believe that Defendant has already provided verified responses to Plaintiff's expedited discovery requests. I provided Plaintiff with all of the responsive emails which I can send over again. Regarding the voice memos, I believe the parties agreed this information would be turned over when the devices are imaged. I have no idea how to extract voice memos from an electronic device. The parties discussed this and agreed that any and all voice memos would be part of the discovery process once the devices were imaged. As that is happening now, the voice memos will be produced along with all other electronic discovery.

The devices were turned over to Defendant's expert for imaging and all voice memos will be part of the discovery produced subject to such imaging.

Please let me know when I can expect a list of proposed search terms. I am available all day tomorrow to discuss any matters further.

Seth D. Carson, Esquire

Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

_____


_____

**From:** Sidney Gold <sgold@discrimlaw.net>
**Sent:** Tuesday, February 25, 2020 5:31 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Bill Rieser <brieser@discrimlaw.net>; Traci Greenberg <tgreenberg@discrimlaw.net>; Leanne Coyle <lcoyle@discrimlaw.net>; Attison Barnes III <ABarnes@wileyrein.com>
**Subject:** Re: MEF

I need a response to ensure that you complied with the order of court. If you do not respond I will apprise the Court that you have ignored my inquiry. Sid


Sent from my iPhone


On Feb 24, 2020, at 9:07 PM, Sidney Gold <sgold@discrimlaw.net> wrote:


Seth, Please identify the third party vendor who is doing the imaging.  Also send me a list of all the devices, as defined in the Order of Court, that you are turning over to the vendor tomorrow. Moreover describe what efforts you have made to ensure that your client is in compliance with Judge Sanchez' Order or are you merely relying on your client's self serving certification which has been contradicted by the documentation presented at the hearing before Judge Sanchez. We will move to compel production of all devices if you insist on relying upon your client's certification.


Sent from my iPhone


On Feb 24, 2020, at 5:18 PM, Seth Carson <seth@dereksmithlaw.com> wrote:

The imaging of the devices will occur tomorrow within the time-frame provided by the February 19, 2020 Order.

I am available to discuss the keyword criteria almost anytime Tuesday or Wednesday this week. Do you want to begin by providing a proposed list of keywords designed to capture relevant documents, which are (1) all documents originally belonging to Middle East, and (2) all documents referring or relating to documents originally belonging to Middle East, including any communications between Barbounis and any third party about documents originally belonging to Middle East.

Regarding the devices to be imaged: I would refer you to the executed Declaration of Lisa Barbounis, which clearly identifies the devices in her possession today. All phones subject to the Order will be imaged.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Sidney Gold <sgold@discrimlaw.net>
**Sent:** Saturday, February 22, 2020 10:41 AM
**To:** Seth Carson <seth@dereksmithlaw.com>; Bill Rieser <brieser@discrimlaw.net>; Traci Greenberg <tgreenberg@discrimlaw.net>; Leanne Coyle <lcoyle@discrimlaw.net>
**Cc:** Attison Barnes III <ABarnes@wileyrein.com>
**Subject:** Re: MEF

Seth, I have checked with Cornerstone and the vendor is available to conduct the imaging on 2/25. Inasmuch as we had already agreed on Cornerstone, we would expect that you will use Cornerstone. Louis Cinquanto is the contact person at Cornerstone. Sid.

Sent from my iPhone

> On Feb 22, 2020, at 10:07 AM, Sidney Gold <sgold@discrimlaw.net> wrote:
>
> Seth, As you are aware, Judge Sanchez ordered that Barbounis must give all electronic devices, as defined in the Order of Court dated 2/19/2020, to a third party vendor for imaging on or before 2/25/2020. Have you selected a third party vendor? We expect that the imaging process should be completed in one day. Identify the electronic devises which you are turning over to the vendor.      When are you available to meet and confer to determine search terms?      Given your repeated noncompliance with court orders, my client stands ready to inform the Court if you continue to disobey Judge Sanchez' Order. Therefore,it should come as no surprise, that my client has directed me to move for sanctions and contempt if you fail to abide with the Order of Court. Sid
>
>
>
>
> Sent from my iPhone