IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
| | : | |
| Defendant. | : | |
| | : | |

**RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO
<u>COMPEL DISCOVERYAND FOR ENTRY OF A PROTECTION ORDER</u>**

Defendant hereby filed this Response to Plaintiff's Second Motion for Entry of a Protective Order and request for attorneys fees and costs.

WHEREFORE, for the reasons set forth more fully in the accompanying Memorandum in Response to Plaintiff's Second Motion, Defendant respectfully requests that this Court:

1.     Deny Plaintiff's request that Defendant pay Plaintiff's reasonable attorneys' fees and costs.

                                                    **DEREK SMITH LAW GROUP, PLLC**

                              By:     /s/ Seth D. Carson
                                      Seth D. Carson, Esquire
                                      1835 Market Street, Suite 2950
                                      Philadelphia, Pennsylvania 19103
                                      Phone: 215.391.4790
                                      Email: seth@dereksmithlaw.com

DATED: April 3, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S EMERGENCY
MOTION TO COMPEL DISCOVERYAND FOR ENTRY OF A PROTECTION ORDER**

Defendant through counsel, files this Memorandum in Opposition to Plaintiff's Emergency Motion to Compel Discovery and specifically in opposition to Plaintiff's requests that Defendant pay Plaintiff's attorney's fees and costs.

I.     **INTRODUCTION AND CONCLUSION**

That Defendant and counsel has to respond to such a frivolous, willfully misleading, deceitful, disingenuous motion, memorandum and request for attorney's fees and costs is flat out wrong.  There is no other way to put it.  Plaintiff's entire motion is a travesty.  Plaintiff begins by intentionally and improperly lengthening the timeline back to December 5, 2019, so that Plaintiff can falsely accuse Defendant of delaying discovery for four (4) months. (See Def Mot Doc 44 p. 1 of 25).  The parties did not have an Order in place to facilitate discovery until February 19, 2020.  Once the February 19, 2020 Order was issued, Defendant was tasked by the Court to turn her devices over to a vender for imaging by February 25, 2020.

When Plaintiff filed the instant Motion on March 19, 2020 (Doc 44), only twenty-three (23) days had passed since Defendant had turned her devices over to the vender for imaging.

2

There is no record of a delay for months and the record presented by Plaintiff (Doc 44) is manufactured to intentionally mislead the Court.

But way more importantly, Plaintiff, The Middle East Forum, did not provide Defendant with the list of search terms (as was required by the Court's February 19, 2020 Order) so that the devices could be searched until March 17, 2020.  See Doc 47 Exhibit F.  So it took Plaintiff three weeks to provide the search terms so that Defendant could begin the search process. Id. This means that Plaintiff's instant Motion and Memorandum *was filed only two (2) days* after Defendant had the ability to *begin s*earching the devices.  There was no way possible for Defendant to have completed the search process in only two days.  Moreover, if it took Plaintiff more than two (2) days to prepare the instant Motion and Memorandum, then Plaintiff began working on its Motion **BEFORE DEFENDANT HAD THE PHYSICAL ABILITY TO EVEN BEGIN SEARCHING THE DEVICES**! This is highly significant since Plaintiff's Motion accuses Defendant of improper delay and violating the Court's Order when in fact the complete opposite is true.

Plaintiff's Motion informs the Court that Plaintiff suggested that the search terms should be kept attorney's eyes only in order to continue the discovery process – because of Defendant's delay.  This is yet another false assertion to the Court.  When Plaintiff refused to provide the list of search terms, on March 4, 2020, counsel for Defendant sent an email to counsel for Plaintiff suggesting the parties did not need a protective order to begin the search process.  Defense counsel assured Plaintiff that the search terms would be kept attorney's eyes only until a protective order could be entered.  It still took Plaintiff another thirteen (13) days to provide the search terms to Defendant. See the email from Defendant to Plaintiff is attached to Document 47 Exhibit A.

The distinction that Defendant is making by stating "ability to *begin* searching" is highly relevant, because it took Defendant, and more importantly Capsicum, about two (2) weeks to search the devices and send the information to counsel for Defendant. No matter what, Plaintiff filed the instant motion accusing Defendant of violating the Court's Order and improperly delaying the entire case for months and months, ***before Defendant had the physical ability to furnish to Plaintiff a single kilobyte of electronically stored information***. In fact, it took only sixteen (16) days from the time Plaintiff finally sent the keywords to the time the searching of the devices was completed and sent by FedEx to counsel for Defendant. This is an amazing accomplishment considering the number of search terms involved.

The reason that searching the devices took several weeks instead of several days is because on March 17, 2020, when Plaintiff, The Middle East Forum finally decided to provide Defendant with the list of search terms, the list was seventeen pages long with thousands of proposed search terms. Evidently, the most search terms Capsicum has ever worked with prior to this case is about fifty. Instead of involving the Court, Defendant's counsel in good faith provided Capsicum with the list of search terms. In fact the search terms were forwarded to Capsicum ***only eight (8) minutes*** after they were sent to Defendant. Capsicum began working with the search terms immediately testing ideas for how to complete the search with so many search terms. Capsicum finally identified a solution which yielded 80 gigabytes of information and hundreds of thousands of false positives. The searching of the devices was completed this past week but the files were so large that downloading them using an internet connection was impracticable. Accordingly, Capsicum sent a representative to their closed offices (because of Covid-19) to download the information manually onto a drive which was sent to counsel for Defendant by FedEx. The FedEx package was received Thursday, April 2, 2020. A copy of the

FedEx slip and the devices that Capsicum used to download the search results is attached and marked Exhibit "A". An email was sent by Defendant to Plaintiff advising that the information had been sent by FedEx and received. A copy of the email is attached and marked Exhibit "B".

Again, it took only sixteen (16) days to complete the search with thousands of keywords once Plaintiff provided the search terms.

Defendant has not caused a single minute of unwarranted delay. Almost every assertion made by Plaintiff in the instant motion is false, willfully misleading, deceitful, disingenuous, and incorrect. The only delay that Defendant caused was when Defendant filed a Motion for Reconsideration to challenge the form in which the discovery of ESI should take in this case. The Court granted Defendant's Motion and issued the February 19, 2020 Order. Since then, Defendant and counsel for Defendant has worked on the discovery process diligently, with all due haste, and in the interest of judicial economy. Plaintiff's counsel is acting against their client's own interest in filing frivolous motions like the instant motion. In no way should Defendant be responsible for Plaintiff's decision to seek court intervention. Plaintiff's decision was unnecessary, unwarranted, and based on a revisionist history. Plaintiff did not even confer with Defendant before filing the instant motion. Had Plaintiff met and conferred with Defendant regarding the issues presented in the instant motion, Defendant would have agreed to the extension of time Plaintiff sought. Defendant has also expressed on numerous occasions that Defendant will agree to a protective order. Defendant received two proposed protective orders from Plaintiff and responded to both using Microsoft Track Changes. See Doc 47 Exhibit A and B. Defendant is permitted to challenge the form of the protective order in the interest of his client. But more importantly, a party is not entitled to attorney's fees and costs because they decided to file a motion.

The final issue relevant to this inquiry is that any delay not caused by Plaintiff can be attributed to the current healthcare crisis. Defendant was able to complete the search process in sixteen (16) days, from March 17 to April 2, 2020, amid the closing of both Capsicum and Derek Smith Law Group, PLLC. The docket in this case evidences a clear attempt by Plaintiff to use the court to penalize Defendant and Defendant's counsel. I have lost count of the number of emails where Plaintiff has laid out the same nonsensical, absurd, arguments presented to the Court in the instant Motion and Memorandum (Doc 44). Plaintiff has been highly combative and accusatory of Defendant without cause. Plaintiff always begins its assertion by suggesting that Defendant has delayed discovery since December 2019, when Plaintiff filed its civil action complaint. Plaintiff refuses to accept the Court's decision on February 19, 2020 requiring the parties to facilitate discovery using the same discovery process employed in every case across the county at both the state and federal level. Plaintiff has petitioned this court to sanction Defendant repeatedly without cause or foundation.

Accordingly, Defendant requests the Court to put a stop to Plaintiff's improper, inappropriate, willfully misleading attempts to use the court to penalize counsel for Defendant. Plaintiff filed a signed 26.1(f) Certification which was entirely false. Defendant had no idea that Plaintiff was planning to file the instant motion. Plaintiff certainly did not discuss this motion with Defendant prior to its filing.

For the foregoing reasons, Defendant requests that the Court order Plaintiff to pay the attorneys' fees and costs associated with responding to the instant Motion and Memorandum (Doc 44) and Document 46.

**DEREK SMITH LAW GROUP, PLLC**

By:     /s Seth D. Carson
       Seth D. Carson, Esquire
       1835 Market Street, Suite 2950
       Philadelphia, Pennsylvania 19103
       Phone: 215.391.4790
       Email: seth@dereksmithlaw.com

DATED: April 3, 2020

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 3, 2020, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed and served electronically through the Court's CM/ECF system.

                      Sidney L. Gold sgold@discrimlaw.rf  t
                      Sidney L. Gold & Associates P.C.
                      1835 Market Street, Suite 515
                      Philadelphia, PA  19103
                      Tel: (215) 569-1999
                      Fax: (215) 569-3870
                      Counsel for  The Middle East Forum

                      **DEREK SMITH LAW GROUP, PLLC**

            By:      /s/ Seth D. Carson_____
                  Seth D. Carson, Esquire
                  1835 Market Street, Suite 2950
                  Philadelphia, Pennsylvania 19103
                  Phone: 215.391.4790
                  Email: seth@dereksmithlaw.com

DATED: April 3, 2020