# Exhibit B

## MEF v. Lisa Barbounis

**Seth Carson** <seth@dereksmithlaw.com>
Fri 4/3/2020 12:35 AM
To: Sidney Gold <sgold@discrimlaw.net>; Barnes III, Attison <ABarnes@wiley.law>

Attison,

I am emailing you to provide an update on the discovery of ESI. Both devices have been searched. The size of the files (because of the amount of keywords provided) is 80 GB of data. There was 30 GB on one phone and 50 GB on the other. Once links to documents were added the files (at your specific request during our last meet and confer) the size of the files became much larger. In fact, they became too large to download on my computer. Both files were sent to me by FedEx and I received them today, Thursday, April 2, 2020.

According to Judge Sanchez's Order, I now have to review the information for relevance and privilege. This is where I have a problem. Based on the thousands of keywords provided, there are hundreds of thousands of returns. For example, the text message file for one of the phones had almost two hundred thousand returns. And this was the smaller phone with 30 GB. Text messages is one of eight categories. I have not counted the number of returns yet but I would estimate more than four hundred thousand.

If I am able to process one return every five seconds (which is probably a optimistic estimation) it will take me two million seconds to review. This is about 556 hours and 69.5 days if I work eight hours a day. This is just too much to review. I have briefly reviewed some of the information and its almost all false positives. That is almost all of the returns is personal private information that has no relation whatsoever to MEF, or my client's employment with MEF, or anyone who worked at MEF.

I am going to begin my review for relevance and privilege so that you can see what we are dealing with. I will work on it over the weekend and get the first batch of information ready to furnish my Monday.

But we need to begin thinking of a way to fix this issue. There is absolutely no reason to make this so difficult. I am coming to you first because I think the parties should be able to work this out. The information that MEF is after is very easy to understand. The allegations in the First Amended Complaint are very clear, albeit completely erroneous.

I would suggest that the parties limit the number of keywords to 50. 50 keywords is still a lot and your client will be able to obtain all discoverable information with much less burden.

If you want to discuss this, please let me know. I do not want to ask Judge Sanchez to intervene, however, I am confident that he will agree that thousands of keywords is overly

burdensome and not proportional to this case.  My confidence is based on reality.  It absolutely is overly burdensome and not proportional to the needs of this case.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.