UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : JURY TRIAL DEMANDED |
| | : |

**REPLY MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S SECOND MOTION FOR A PROTECTIVE ORDER</u>**

Plaintiff The Middle East Forum ("MEF"), by counsel, files this Reply in Support of MEF's Second Motion for a Protective Order ("Opposition").  Dkt. 47.  In short, Defendant's tardy filing (in violation of this Court's March 23 Order) does not provide a legitimate reason for her failure to comply with another court order, nor does she present a credible argument for why this Court should not enter Plaintiff's proposed protective order, *which mirrors other protective orders entered by this Court in similar cases*.  Instead, Defendant's tiresome excuses continue to delay this litigation, her contentions of law are not supported by actual caselaw from this circuit and indeed are contrary to the caselaw she cites, and she attaches for the first time (without ever previously providing her proposed version of a protective order to MEF's counsel, again violating this Court's Order to work with Plaintiff last week for a joint filing by Friday, March 27, 2020)[1] a proposed protective order that is wholly unreasonable given the nature of this case.

Defendant simply does not follow through on her commitments, causing significant extra expense to Plaintiff, which is why Plaintiff has reluctantly sought relief in this Court to reimbursement of Plaintiff's attorneys' fees and costs.  Defendant's failure to work with Plaintiff last week despite a court order to do so is only the latest iteration, and having now seen Defendant's proposed protective order, it is clear that there were no grounds for Defendant's delay of more than a month, holding up the entry of a proper protective order.

To give the Court perspective about the Defendant behavior, she tries to excuse her conduct

---

[1] In a meet-and confer call within two hours after the Court's Order, Plaintiff requested that Defendant send her proposed edits to Plaintiff's protective order.  Defendant agreed to do so by 5:00 p.m. on Thursday, March 26, and this was confirmed by e-mail at 4:53 p.m. on March 23.  Despite Plaintiff's reminders to Defendant about her commitments from the meet-and-confer, Defendant did not provide the promised edits by 5:00 p.m. on Thursday, and in fact, Defendant did not respond at all.  Defendant also did not participate in a joint filing on Friday, March 27, as ordered by the Court.  Instead, Defendant waited until Tuesday, March 31, 2020 to make a tardy filing with the Court, still never having contacted Plaintiff's counsel, and having never provided to Plaintiff for review the proposed protective order attached to her filing.  This is not the way counsel are supposed to handle matters in this or any other court, and even if there were not a pattern of this behavior by Defendant in this case, there should be some consequences, which should at the very least include reimbursement of attorneys' fees and costs to Plaintiff.

by arguing that Plaintiff did not provide search terms until March 17, but she chose not to share the entire factual history with the Court, because:

- there would have been no reason for Plaintiff to provide search terms to Defendant's vendor before Defendant devices were provided to and imaged by a vendor;
- Defendant did not provide devices (and still has only provided two phones to a vendor) until late February when this Court ordered her to do so after multiple motions to compel by Plaintiff;
- once two of Defendant's phones were imaged by a vendor, Plaintiff responded *the same day* that it would send the search terms (containing among other things sensitive donor names) to the vendor as soon as Defendant assured Plaintiff in writing that the search terms would be treated as "attorneys' eyes only"; and
- *the same day* Plaintiff received that written assurances, the search terms were provided to Defendant's counsel.

Defendant's half-truths and partial timelines seek to mask the Defendant's four-month delay. The flaw in each of Defendant's excuses and attempts to blame Plaintiff is that Plaintiff has no reason to delay; only the Defendant has an incentive to delay the production of data on her devices. Plaintiff has been trying to get access to the electronic data on Defendant's devices since it served "expedited" discovery on December 5, 2019. As the Court will recall, Plaintiff sought a prompt hearing from the Court to address the expedited nature of this proceeding and the injunctive relief sought, and during a telephonic hearing on December 20, 2019, the Court stated that it expected the Defendant's devices to be turned over to a vendor by January 6, 2020 so that Plaintiff could review the materials for an injunction hearing in January. Defendant did not comply, and in fact Defendant did not even supply her first phone to her counsel until January 15, 2020 (and on that day made representations to the Court that Defendant only had one phone, which we now know was not true).

This started Defendant's pattern of delay, preventing Plaintiff from prompt access to the data, and as of today (four months after serving its discovery requests), despite many broken promises and court orders, Plaintiff still does not have a single electronic document for any of

Defendant's devices. This was a problem long before Coronavirus, and even after Defendant's counsel claimed in an e-mail on March 25 that Defendant would finally produce documents by Monday, March 30, this was yet another unfulfilled commitment by Defendant.[2]

As this Court is aware, this is a trade secrets case, and such cases routinely require protective orders. Unfortunately, Defendant refused to engage with Plaintiff over the last month other than with broad objections to Plaintiff's language, and during that time, she never proposed an alternative protective order or a redline of Plaintiff's proposed order, even after this Court's March 23, 2020 Order to work with MEF to enter a stipulated Protective Order by March 27, 2020.

Defendant continues to use every conceivable excuse as a tactic to further prejudice MEF.

**I.  Argument**

    **a.  Defendant Did Not Comply with the Court's March 23, 2020 Order and Defendant's Tardy Submission Should Be Disregarded**

Despite the clear language of the Court's March 23, 2020 Order: (1) Defendant did not respond to Plaintiff's attempts to engage in efforts to come to agreement on a protective order last week; and (2) Defendant did not file a proposed order, or even a response, by the Order's deadline of March 27, 2020. This is not the first time Defendant has violated the Court's direction, and this behavior is a pattern that plagues this litigation. Defendant's late submission should be disregarded.

---

[2] After promising to finally produce materials on March 30, Defendant sent an e-mail on Friday, April 3, 2020, abruptly claiming that she will need more than 2 additional months to produce materials requested on December 5. An additional two-month period would be unreasonable for a case involving tens of millions of pages, and this review is much smaller involving only two phones. Even if we were to assume that a 69-day review period were reasonable (which it is not), if Defendant had properly started this process in December when Plaintiff served its "expedited" discovery requests, Plaintiff would have received her completed production on February 12, 2020 (69 days later). It is now April 6 (120 days later). Indeed, even if Defendant had delayed until January or February to do her job, Plaintiff would already have her completed production using a bloated 69-day review period. If Defendant now claims she needs another 69 days of delay, that would mean that she would not produce the documents until June 14, more than 6 months after Plaintiff's "expedited" requests were served. Moreover, to create even more delay and despite modern tools available, Defendant states that she intends to use an antiquated one-person document-by-document review process. This further demonstrates Defendant's unreasonable behavior in this case. The protective order issue is but one roadblock Defendant has tried, but all of Defendant's actions are important to consider to capture the full effect.

Consistent with the Court's order, MEF asked Defendant to provide counsel with a redline of its proposed Protective Order, including specific comments so that the parties could try to agree to an order, as the Court contemplated. Defendant's counsel agreed to do so by Thursday, March 26, 2020 at 5:00, after which undersigned counsel would review his proposals. *See* Dkt. 46, Ex. 2. Yet, Defendant's counsel never responded, forcing MEF to file alone on Friday. Defendant sent nothing to the Court by Friday as the Court ordered. Although Defendant sent a tardy proposed protective order to the Court after the Court's deadline, that proposed order had never been shared with MEF and was not consistent with the Court's order. This is not behavior that should be rewarded, and as this Court is aware, it has happened repeatedly. For these reasons, the Court should disregard Defendant's tardy submission and award fees and costs to Plaintiff.

### b. Defendant's Excuses Are No Longer Credible and Should be Disregarded at Best

Defendant provides only excuses as to why she violated the Court's Order. Given the number of excuses that Defendant and her counsel have tried over the last four months, her excuses are no longer credible.

Defense counsel's latest excuse is Coronavirus (although Defendant and her counsel do not claim to have Coronavirus). First, counsel for Plaintiff MEF is operating in the same environment and was able to meet the court-ordered deadline (which deadline this Court set *after* the Coronavirus precautions were already in place). Second, defense counsel stated weeks ago that he had moved his office to his home, which was his excuse for being unable to meet and confer almost a month ago. Third, to the extent that a party is unable to meet a deadline on which the Court and another party are relying, the proper course is to respond to counsel before the deadlines expire to not only inform the other party of the situation, but prevent further effort and expenditure of resources by the other party. Fourth, Plaintiff should not be required to suffer through more of

Defendant's excuses at this point, considering that Plaintiff's four document requests were served on the Defendant **four months** ago, before the virus had caused any precautions.

Defense counsel now claims it will take him another two months to produce documents Plaintiff requested in December. As stated above, if counsel had followed the rules of practice and this Court in December when MEF served its nine total "expedited" discovery requests, a complete production would have occurred by February 12, 2020 – even if one were to use Defendant's bloated 69-day estimate. Instead, it is now April 6 (123 days later), and Defendant wants this Court to believe that expedited discovery should last six months (another 69 days). Defendant should have started this process in December when the Court first directed her to do so, and she should have utilized modern resources available for review. Defendant has not met court-ordered deadlines even though the Court stated in its March 20 Order that it expected discovery to continue.[3]

### c. The Authority Cited by Defendant is Inapposite and, if Anything, Supports Plaintiff's Position

Defendant relies heavily on one case to support her contention that MEF's proposed Protective Order impermissibly shifts the burden if there is a dispute over the confidentiality of a document. Yet, this case, *Cipollane v. Ligget Grp., Inc.*, 785 F.2d 1108 (3d Cir. 1986), does not stand for the proposition she claims. In fact, the context of the quote on which Defendant relies makes clear that the Third Circuit supports protective orders that are constructed just the way that MEF's proposed Protective Order is constructed, *i.e.* an umbrella order that provides for a party to contest the confidentiality of a particular document on a document-by-document basis:

> It is correct that the burden of justifying the confidentiality of each and every document sough to be covered by a protective order remains on the party seeking

---

[3] As another example of Defendant's delay, despite multiple requests from Plaintiff over the last three weeks, defense counsel refuses to provide available deposition dates over the next month including for non-party depositions, even though Plaintiff has offered remote depositions, including on weekends if preferred by counsel or the witnesses.

the protective order; any other conclusion would turn Rule 26(c) on its head. **That does not mean, however, that the party seeking the protective order must necessarily demonstrate to the court in the first instance on a document-by-document basis that each item should be protected.** It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold showing by one part (the movant) of good cause. Under this approach, the umbrella order would initially protect all documents that the producing party designated in good faith as confidential. After the documents delivered under this umbrella order, the opposing party could indicate precisely which documents it believed to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents.

*Cipollane*, 785 F.2d at 1122 (emphasis added). As can be seen from this passage, the Third Circuit is stating that parties should follow **exactly** the procedure MEF has suggested. Defendant either does not understand the language used in this case, or she is seeking to rewrite the Third Circuit's opinion. All of Defendant's other statements about "established law" are unsupported by citations, and Defendant also ignores that this Court has entered numerous protective orders that use the same provisions as MEF's proposed Protective Order.

### d. Even if This Court Were to Consider the Tardy Protective Order Proposed by Defendant, it is Woefully Inadequate

Even if this Court were to consider Defendant's tardy proposal never before shared with Plaintiff, it is inadequate and should be rejected. As can be seen from the chart below, Defendant's proposed Order differs greatly from protective orders routinely entered by this Court in similar cases:

|  | *HMC Inc. v. Complete Bus. Sols.*, No. 2:19-cv-03285, Dkt. 34 | *Gray Manuf. Co., Inc. v. Sefac S.A.*, No. 2:19-cv-00899, Dkt. 22 | *Gillespie v. Loancare LLC*, No. 2:18-cv-05031, Dkt. 15 | MEF's Proposed Protective Order | Defendant's Proposed Protective Order |
|---|---|---|---|---|---|
| Multi-tiered designations? | Yes | Yes | Yes | Yes | No |
| Procedure for Inadvertent | Yes | Yes | Yes | Yes | No |

6

| Disclosure? | | | | | |
|---|---|---|---|---|---|
| Enforceable Third-Party Confidentiality Agreement? | Yes | Yes | Yes | Yes | No |

Defendant has no explanation or argument as to why a protective order in this case should so drastically differ from the routine practices of this Court.  In fact, this trade secrets case more than justifies a fulsome protective order, which includes layers of protection and the ability to bind third-parties, because of the many red flags in Defendant's behavior, including refusal to stipulate that she will not disclose and refusal to stipulate that she will delete MEF-related information on her devices.  Defendant's proposed order does not offer sufficient protection, and, as such, should not be entered or considered by the Court.

## II.     Conclusion

In light of the above, the Court should disregard Defendant's inexcusably late submission and enter the proposed Protective Order filed by MEF on March 27, 2020.  Further, the Court should take all appropriate measures, including sanctions, to stop Defendant from her continued prejudicial behavior.

Dated:  April 6, 2020                                         THE MIDDLE EAST FORUM
                                                              By counsel

                                                              s/ Sidney L. Gold
                                                              Sidney L. Gold
                                                              sgold@discrimlaw.net
                                                              Sidney L. Gold & Associates P.C.
                                                              1835 Market Street, Suite 515
                                                              Philadelphia, PA 19103
                                                              Tel: (215) 569-1999
                                                              Fax: (215) 569-3870

                                              Attison L. Barnes, III
                                              abarnes@wiley.law
                                              1776 K Street NW
                                              Washington, DC 20006
                                              Tel: (202) 719-7000
                                              Fax: (202) 719-7049

                                              *Counsel for Plaintiff The Middle East Forum*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 6, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for Plaintiff The Middle East Forum*
