**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : JURY TRIAL DEMANDED |
| | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUBMISSION REGARDING AN AWARD OF ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT**

Plaintiff, The Middle East Forum ("MEF"), through counsel, files this Response to Defendant Lisa Barbounis' Submission to the Court regarding an award of attorney's fees and costs against Defendant (Dkt. 48) and states as follows:

## I. INTRODUCTION

While Defendant's brief tries to lash out at Plaintiff, this is a situation of Defendant's own making. That is precisely why Plaintiff took the time to prepare the detailed timeline of Defendant's acts and omissions since the commencement of this litigation, and it is why Plaintiff included the timeline in its Motion. Dkt. 44 at 7-16. Plaintiff welcomes the Court's review of the revealing facts in the timeline, none of which the Defendant refutes in her brief.

On February 19, 2020, this Court ordered Plaintiff to produce the data from her devices and ordered that "[a]ll discovery related to the preliminary injunction hearing will be completed by March 20, 2020." After Plaintiff filed a Second Motion to Compel because Defendant had not complied with the February 19 Order and had not agreed to a standard protective order, the Court entered another order on March 23, 2020, making it clear that: (1) the parties should not halt the discovery process despite the coronavirus; (2) the parties should file their positions on the protective order on March 27, 2020; and (3) if Defendant did not comply with the Court's February 19 Order, "the Court will seriously consider Middle East's requests for costs and attorney's fees." Despite the Court's orders:

- Over the last four months since Plaintiff served nine (9) "expedited" discovery requests to Defendant on December 5, 2019, Plaintiff has not received a single electronic file from a single one of Defendant's devices, accounts, or cloud storage;

- Defendant concedes that she has not delivered all of her devices to a vendor;

- Defendant now claims it will take *another 69 days* to produce the electronic files to Plaintiff just from two of Defendant's phone, which would mean Defendant will have taken six (6) months to respond to the "expedited" discovery;

1

- Defendant refused to provide available dates for remote depositions in advance of the March 20 discovery cut-off, and now refuses to provide available dates for remote depositions over the next month, further delaying discovery;

- Defendant did not respond to Plaintiff last week to work out a protective order as ordered by this Court;

- Defendant did not make a filing of its position on the protective order by March 27 as ordered by the Court.

Defendant's continued failures to comply with court orders, produce discovery in a prompt and effective manner, and cooperate with MEF on any other matter perpetuates a pattern of conduct that warrants serious consequences. For these reasons, as well as those discussed below, Plaintiff MEF respectfully requests this Court, at the very least, order Defendant to pay MEF attorneys' fees and costs incurred in pursuing its various motions to compel and for a protective order.

## II. ARGUMENT

### a. Defendant's Incomplete Representation of the Facts Should be Disregarded

Defendant falsely represents that there was no discovery order in place until February 19, 2020. As demonstrated in the timeline incorporated into MEF's motion, there are a total of 3 discovery orders this Court has entered since December. *See* Dkt. 44 at 7-16. During a telephonic hearing on December 20, 2019, the Court first orally directed Defendant to respond to MEF's discovery requests and to turn over all her devices for imaging by January 6, 2020. Plaintiff made numerous attempts to cooperate with Defendant on engaging a mutually agreed upon vendor and begin imaging such devices. These efforts were met with Defendant's claim that, despite the Court's direction on December 20, no formal order was entered by the Court, requiring MEF to seek the January 15, 2020 in-person hearing. At this hearing, the Court entered a second discovery order which both parties drafted, reviewed, and approved together over 90 minutes of a 3-hour

hearing in the courtroom. Although Defendant and her counsel participated in drafting the agreed order, Defendant thereafter claimed that this order was not agreed. Because Defendant still had done nothing to respond to the discovery served months earlier, Plaintiff was forced to return to the Court for a third discovery order, which was entered by the Court on February 19, 2020.

Defendant next alleges that the delay in searching devices is somehow attributable to Plaintiff's delay in sending search terms to Defendant. This is also incorrect, primarily because there would have been no need for Plaintiff to send search terms until the devices were imaged and searches could be conducted by the vendor. The *same day* that one of two devices was imaged by Defendant's vendor, Plaintiff confirmed that it would provide the search terms as soon as it obtained written assurances through a protective order or other means that the search terms (which contained sensitive donor information, among other things) would be treated as "attorney's eyes only." On March 16, 2020, the *same day* that Plaintiff received such written assurances, the search terms were provided to Defendant.

Defendant also contends that Plaintiff filed this motion before she had the ability to begin searching devices. This is also untrue. Putting aside for the moment that Defendant should have preserved and imaged all of Defendant's devices, accounts, and cloud storage in October 2019 upon receipt of a preservation notice, Plaintiff did not file this motion until after sending the search terms to Defendant and in sufficient time to complete discovery before the March 20 deadline for completion of all discovery related to the preliminary injunction hearing. With the looming March 20 discovery cut-off, Plaintiff had no choice but to apprise the Court of the delays caused by Defendant (including the delays in forwarding her devices to the discovery, not agreeing to a standard protective order, and failure to produce responsive materials), because Plaintiff could not risk letting the discovery deadline pass.

Finally, Defendant wrongly contends that Plaintiff did not confer with Defendant before filing this motion. Plaintiff requested on multiple occasions to confer with Defendant, including March 10, March 11, and March 18. Defendant failed to respond to any of these three requests. A party cannot avoid a meet-and-confer solely to prevent the other party from seeking relief, especially on the eve of a discovery deadline after delays by that non-moving party. As stated in its motion, Plaintiff has gone above and beyond to seek cooperation with Defendant to resolve these issues, however Defendant refuses to move this litigation forward.

For these reasons and those set out below, the Court should order Defendant, at the very least, to pay MEF attorneys' fees and costs incurred in pursuing its various motions to compel and for a protective order. *See e.g., Doherty v. Allstate Indemnity Company*, 2019 WL 6877125 (E.D. Pa. Dec. 17, 2019) (awarding costs, expenses, and attorneys' fees for unreasonably multiplying the proceedings); *Polt v. Sandoz, Inc.*, 2018 WL 10509385 (E.D. Pa. Apr. 26, 2018) (awarding attorney fees for failures to comply with the court's directions).

### b. Defendant's Failure to Comply with Her Discovery Obligations in a Timely Manner and to Preserve Documents Merits an Award of Attorneys' Fees and Costs.

Had Defendant timely complied with any of the Court's discovery orders or signed a stipulated order, the parties would not find themselves in this situation. Defendant's violation of the Court's deadlines and continuing delay over the last four months has required Plaintiff to incur significant attorneys' fees and costs. Despite the Court's February 19 Order and its March 23 Order (warning Defendant that the Court would "seriously consider" and award of attorney's fees and costs), Defendant pattern of conduct has not changed, and she continues to stonewall this litigation from moving forward. For example, in a recent e-mail on March 25 to Plaintiff, Defendant's counsel asserted that Defendant would produce responsive discovery documents by

Monday, March 30.  Plaintiff received nothing by March 30.  Shockingly, on April 3, 2020, Defendant then sent an email to Plaintiff claiming that she will need an additional 69 days to review the imaged material.  Rewarding Defendant for this behavior is inappropriate at best.  It has caused Plaintiff to waste a significant amount of time and resources seeking to compel a few expedited discovery requests served on December 5.  Now even after the Court's Orders, Defendant claims that she will need more than 6 months to respond to Plaintiff's "expedited" discovery requests.  Defendant's disregard for this Court's orders and empty promises cannot be tolerated any longer.  Plaintiff has proceeded with urgency to obtain discovery in this case since filing it in December and faces increasing prejudice with every day that passes.  Plaintiff believes that the only mechanism to force Defendant to comply with her obligations is an award of sanctions, which should at the very least include MEF attorneys' fees and costs incurred in pursuing its various motions to compel and for a protective order.

### III.    CONCLUSION

For the foregoing reasons, MEF respectfully requests:

(1) the Court to order Defendant to pay MEF attorneys' fees and costs incurred in pursuing its various motions to compel and for a protective order;

(2) the Court's permission to submit a declaration setting forth the actual attorneys' fees and costs MEF incurred in preparing and responding to its various motions to compel and for a protective order; and

(3) grant such further relief as this Court deems proper.


Dated:  April 7, 2020                                            THE MIDDLE EAST FORUM
                                                                 By counsel,

                        s/                  
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for Plaintiff The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 7, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for Plaintiff The Middle East Forum*
