### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | JURY TRIAL DEMANDED |
| | : | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiff The Middle East Forum ("MEF"), through counsel, files this Supplemental Brief in Support of its Motion to Compel and for an Award of Attorney's Fees and Costs against Defendant (Dkt. 44, 50).

In its original Motion, Plaintiff set forth a detailed timeline of Defendant's acts and omissions since the commencement of this litigation, justifying the relief Plaintiff seeks in its Motion.  Dkt. 44 at 7-16.  Plaintiff filed its Motion on March 19, 2020, and therefore, given the passage of time since the filing of the Motion and to provide the Court with an up-to-date picture of the Defendant's discovery deficiencies through the present, MEF files this Supplemental Brief to provide the Court with an updated timeline.

As the Court will see in the updated timeline below, Defendant has continued to cause considerable delay and expense for the Plaintiff.  Still, not a single electronic document has been produced to Plaintiff in response to the five document requests served on December 5, 2019.  Defendant has refused to cooperate the scheduling of depositions.  Defendant has not complied with this Court's Orders to produce the responsive documents.  Defendant has not honored

commitments she made in meet-and-confer conferences.  When Plaintiff has attempted to obtain materials from non-parties (many of whom Defendant's counsel also represents), Defendant has refused to produce the witnesses or their documents or provide available dates for deposition.

Ultimately, this Court should not only enforce its prior direction to Defendant so that the she complies with her discovery obligations, but also award meaningful sanctions against Defendant, up to and including reimbursement of attorneys' fees and costs, adverse inferences, and issue preclusion.  Defendant acts as if there are not consequences for her actions, even after this Court's February 19, 2020 Order (Dkt. 38), wherein it warned the Defendant that "the Court will seriously consider Middle East's requests for costs and attorney's fees" if Defendant failed to comply with her discovery obligations.  After the Defendant failed to comply with her obligations under the February 19 Order, MEF sought assistance from the Court, after which the Court again warned the Defendant:

> Middle East asks the Court to compel Barbounis to produce documents pursuant to the Court's February 19, 2020, Order. Barbounis is already compelled to produce documents under that Order. She must produce all relevant documents, including metadata, from all electronic devices in her control.

March 20 Order (Dkt. 45, n.1).

Defendant's continued failure to comply with court orders, failure to produce documents, and failure to cooperate is exhibited by the seven-month pattern of conduct set forth below:

- <u>October 25, 2019</u> – Prior to filing this action, MEF sent a letter to Defendant asking for assurances that she would not disclose MEF's protected information.  Plaintiff reasonably asked Defendant, a former employee, to cease and desist from collecting, distributing, or disclosing MEF data and to permanently delete such information in a manner satisfactory to MEF.  Defendant did not provide the requested assurances.

- <u>November 12, 2019</u> – Not having received assurances from Defendant, MEF in good faith sent a follow-up communication to Defendant along with an affidavit for Defendant to sign to make it easy for Defendant to provide the assurances that she would not disclose the

1

sensitive information in her possession.  MEF also requested that Defendant preserve and not alter all hard copy and electronic documents in her possession, custody, or control.

- <u>November 25, 2019</u> – Concerned that Defendant was not willing to sign an affidavit, MEF began to prepare a lawsuit it hoped was not required, and again attempted in good faith to obtain Defendant's consent to a stipulated temporary restraining order in lieu of a lawsuit. In light of Defendant's unwillingness to agree not to disseminate MEF data, MEF counsel prepared, through the Thanksgiving holiday, a Complaint and a Motion for Preliminary Injunction.

- <u>December 5, 2019</u> – Unable to get Defendant to discuss this matter amicably, MEF filed a Complaint, a Motion for Preliminary Injunction, and a Motion for Expedited Discovery (consisting of only five interrogatories and four document requests).  Shortly thereafter, MEF requested a telephone conference with the Court to address MEF's concerns and the need for expedited discovery.  The Court agreed to hear the parties by telephone on December 20, 2019.

- <u>December 20, 2019</u> – During the hearing with the Court, MEF requested that the Court direct Defendant to respond in full to MEF's discovery in advance of a preliminary injunction hearing and to direct Defendant to have all of her electronic devices imaged by a mutually-agreeable discovery vendor.  The Court agreed and directed Defendant respond to MEF's discovery requests and to turn over all of her devices for imaging by January 6, 2020.

- <u>December 20, 2019</u> – In a letter shortly after the Court hearing, MEF provided Defendant with the name of an acceptable vendor and requested that Defendant inform MEF if Defendant wished to propose a different vendor.  Defendant did not respond or otherwise object to the vendor proposed by MEF.

- <u>December 30, 2019</u> – To avoid any confusion or dispute about the actual devices Defendant would need to turn over to the vendor, MEF informed Defendant of multiple devices of which MEF was aware (because of Defendant's social media posts), and noted that Defendant had not objected to the vendor proposed by MEF as the mutually-acceptable vendor.  MEF asked about Defendant's cloud-based data and requested a call with Defendant's counsel, but Defendant did not respond.

- <u>January 2, 2020</u> – MEF sends letter informing that Court that Defendant had not agreed to turn over devices to a mutually-acceptable vendor, that Defendant was now seeking to place conditions on the imaging and recovery of data, and that a follow-up conference was needed to address these issues.

- <u>January 6, 2020</u> – Defendant ignores the Court's direction to complete the imaging by this date, does not respond to Plaintiff's discovery requests, does not engage a mutually-agreeable discovery vendor (or any vendor), does not have her devices imaged, and as MEF later learns, still has not provided her devices to her counsel for preservation despite MEF's request for preservation in November 2019.

- <u>January 7, 2020</u> – the Court sets the hearing date on January 15, 2020.

- <u>January 14, 2020 at 10:58 p.m.</u> – Late the night before MEF's Motion to Compel hearing, Defendant sends incomplete and unverified answers to interrogatories, and does not provide a written response to the MEF document requests.

- <u>January 15, 2020</u> – At this lengthy Court appearance, Plaintiff presents photographic proof of Defendant's multiple phone and other devices that Defendant had posted on social media. Defendant did not appear at the hearing, and through counsel, represented to the Court (later proven untrue) that Defendant only had one phone and no other devices. Plaintiff also demonstrated to the Court that the data on the laptop Defendant returned to the company upon her departure had been deleted by a "factory reset" despite a prior preservation notice instituted by her own counsel. This spoliation heightened MEF's concerns about Defendant's failure to preserve the data and metadata on her other devices. At the conclusion of a two-hour hearing, the Court requested that the parties agree to the contents of an Order, which the parties negotiated for an hour, while defense counsel was on the phone with the Defendant. An Agreed Order was submitted to, and entered by, the Court.

- <u>January 20, 2020</u> – Despite agreeing to the Agreed Order, Defendant reneged and filed a Motion to Vacate, claiming contrary to the facts, that the Defendant had not agreed to the Agreed Order. During this time, Defendant still did not preserve the data and metadata on her devices and still did not work with Plaintiff on a mutually agreeable vendor to image the data/metadata. In addition, despite being served with the discovery requests on December 5, and having waived all objections, Defendant still did not provide verified answers to MEF's Interrogatories or written responses to MEF's Requests for Production of Documents (and produce all relevant documents).

- <u>February 19, 2020</u> – The Court again ordered Defendant to provide responses to MEF's Requests for Production and produce all of her devices to a third-party vendor for imaging by February 25, 2020. Defendant did not do so. The Court also ruled that "[a]ll discovery *related to the preliminary injunction hearing* will be completed by March 20, 2020." (emphasis added).

- <u>February 25, 2020</u> – MEF sends emails to Defendant about the imaging of devices and failure to provide responses to MEF's requests for production. Rather than cooperate with MEF on a mutually agreeable vendor, Defendant also abruptly informs MEF that it unilaterally engaged Capsicum Group ("Capsicum") as its discovery "expert" and released Defendant's devices containing MEF information to Capsicum for imaging without MEF's knowledge or any protective order/confidentiality agreement in place. Despite prior representations to the Court that Defendant had only one phone, two phones are released to the vendor, one of which defense counsel stated that he had just received from his client, raising additional concerns about why these devices were not preserved four months earlier when MEF requested that all such devices should be preserved and not altered in any way. Defendant did not, and has not, responded as to why Defendant's other devices have not

been supplied to the vendor, what instructions were provided to the vendor, and how the cloud storage and other accounts would be imaged and produced.  Defendant has still not produced iWatch, her third cell phone, USB devices, access to cloud storage, social media, and messaging accounts that require two-factor authentication.

- February 26, 2020 – MEF sends an email to Defendant expressing its deep concerns about lack of cooperation with regard to engaging Capsicum.  MEF's confidential information was now in the hands of another party without any protective order MEF could enforce, which is exactly what MEF's motion for preliminary injunction sought to prevent.

- February 27, 2020 – Having received no meaningful reply, MEF attempts to further engage Defendant multiple times to coordinate on the imaging of the Defendant's devices, cloud storage, and other accounts.  MEF also sought to address Defendant's apparent failure to preserve the data on the devices.

- February 28, 2020 – As stated above, the Court ruled on February 19, 2020 that ruled that "[a]ll discovery *related to the preliminary injunction hearing* will be completed by March 20, 2020."  To prepare for the upcoming injunction hearing and consistent with the Order, MEF sent Third-Party Subpoenas to Marnie Meyer, Delaney Yonchek, Matt Ebert, and a Notice of Deposition to Lisa Barbounis.  These depositions were set to take place on March 18 and 19, 2020.

- February 28, 2020 – Defendant suggests that she might finally be willing to agree to a stipulated injunction order, so MEF prepares and sends to Defendant a proposed Stipulated Injunction Order.

- February 28, 2020 – Defendant responds with a revision to the proposed stipulated injunction order.

- March 1, 2020 – MEF sends a proposed Protective Order to Defendant with the standard clauses for a proprietary information case, including a tier for "Attorneys' Eyes Only."

- March 4, 2020 – MEF is perplexed by Defendant's response to the draft Protective Order.  Defendant not only claimed that "[w]e do not need a 13 page document" to protect the information, but argued that a protective order was not even necessary to search the devices – devices that contain highly sensitive information and trade secrets. Defendant made general comments about the Protective Order, but uncooperatively did not make redline edits that the parties could discuss, causing even more delay.  Among Defendant's comments, Defendant claimed that the parties need not have a "plan for inadvertent disclosure of discovery materials" and instead "can deal with it" if it happens.  Defendant did not seem to comprehend that protective orders are intended to protect both parties, and she had previously complained to this Court in January that her devices could not be searched because of her privacy concerns. Despite those representations to the Court to limit MEF's discovery, she now claims she does not need a protective order, for privacy issues or otherwise.  This too gives MEF great concern that Defendant does not appreciate the need for a protective order for MEF materials she admits she sent to her personal e-

mail accounts, may still reside on her devices, and for MEF documents she concedes she still possesses. This again demonstrates why an injunction is required.

- March 4, 2020 – Because Defendant stated that one of the devices on which MEF data was loaded (as shown in a picture Defendant posted on social media), MEF sent a Third-Party Subpoena to Defendant's husband Vasili Barbounis on March 4, 2020, noticing a deposition for March 18, 2020.

- March 5, 2020 – Defendant then stalled discovery by raising false concerns about the cost of the Defendant's document production in response to Plaintiff's 9 discovery requests served months earlier on December 5, 2019. Defendant represented to MEF and to the Court that discovery with Capsicum would cost more than $50,000. MEF, incredulous that this could be an accurate estimate, contacted Cornerstone (the vendor originally identified by the court to undertake the discovery) who confirmed that the estimated cost is closer to $12,000. [*Defendant's communications with Capsicum on March 4, 2020 (but not revealed to Plaintiff until later) disturbingly reveal that to inflate a cost estimate for the Court, Defendant told Capsicum that she needed an estimate for "20 phones, emails and cloud storage" when she knew she was only providing 2 phones to Capsicum, and when Capsicum gave an estimate for $30,000 for 20 phones, Defendant then further inflated that estimate unilaterally to at least $50,000 in her representation to Plaintiff, presumably in an effort to avoid the discovery. Defendant's e-mail communications also revealed that Defendant did not start to work with a discovery vendor until late February 2020, almost three months after being served with Plaintiff's expedited discovery, two months after this Court's direction on December 20, 2019 to have the devices imaged by January 6, 2020, and more than a month after this Court's motion to compel hearing on January 15, 2020. Although this dispute arose in the fall of 2019 and Plaintiff reminded Defendant to preserve all documents and data in November 2019, Defendant did not seek a vendor to image the data until three months later. Defendant's e-mail communications with Capsicum are attached as Exhibit A.*] Plaintiff still does not have a single electronic file from any of Defendant's devices.

- March 9, 2020 – Again in a good faith effort to reach a resolution, MEF makes minor changes to Defendant's proposed Stipulated Injunction Order. Defendant, however, abruptly changes course and refuses to sign any stipulated order. Once again, this demonstrates the need for an injunction because Defendant refuses to agree to language that she drafted stating that she would not disclose MEF data.

- March 10, 2020 – MEF again emailed Defendant about impasse on protective order and offered alternative ways to reach agreement on PO before providing search terms. MEF received no reply.

- March 11, 2020 – MEF emailed Defendant to talk about protective order and vendor imaging issues and, after receiving no response, sent a letter to Court for emergency intervention on protective order and vendor imaging issues.

- <u>March 12, 2020</u> – MEF emailed Defendant about Defendant's failure to confirm her position on provisions on provisions for the protective order in accordance with agreement during call on March 11.  MEF received no response.

- <u>March 13, 2020</u> - MEF sent a letter to the Court regarding the inaccuracies contained within Defendant's March 11, 2020 letter, and only then did Defendant provide vague and open-ended comments on the proposed protective order, for which there was only one provision at issue during the call on March 11, 2020.

- <u>March 16, 2020</u> – Unable to get Defendant to agree to standard terms in a Protective Order, MEF made a final attempt to get access to the data it has been seeking for three months. To get the process moving, MEF proposed in the interim and before the parties could get a protective order entered, to have Capsicum and defense counsel agree to maintain the search terms and the information on the devices, cloud storage, and other accounts to remain "attorneys' eyes only."  Once MEF received the confirmation, MEF provided its proposed search terms.  To avoid arguments by Defendant that Plaintiff's search terms were too broad, Plaintiff provided very specific search terms with, for example, specific document names and specific e-mail addresses related to MEF business.

- <u>March 17, 2020</u> – Unable to obtain the data and metadata it is sought from Defendant for three months and as ordered by the Court, MEF was forced to inform the witnesses that the depositions could not proceed on March 18-19, 2020, but notified Defendant that Plaintiff would depose them in 7-10 days once Defendant produced the data and metadata as promised and as ordered by the Court.

- <u>March 18, 2020</u> – MEF requested in writing that Defendant: (1) provide available time to discuss how to resolve these pressing issues; (2) set up a conference call so that both parties could speak with Capsicum to confirm what is being searched and how; (3) clarify what will be searched in terms of cloud storage and other accounts, as well as deleted files and metadata; (4) confirm that searches and production will commence right away; and (5) provide available dates for rescheduled depositions. Plaintiff asked for a time to speak with Defendant on March 18, but as of the date of filing its Emergency Motion to Compel on March 19, 2020, Defendant had ignored this request.

- <u>March 19, 2020</u> – Without other options to obtain compliance from Defendant and after exhausting all good faith efforts over months, Plaintiff filed its Emergency Motions to Compel Discovery, Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order.

- <u>March 20, 2020</u> – MEF emailed Defendant about (1) Defendant's failure to respond to Plaintiff regarding a meet-and-confer call, (2) Defendant's failure to produce any electronic data responsive to its document discovery requests, (3) Defendant's failure to provide information on how cloud-based accounts and emails are being handled for discovery, and (4) Defendant's failure to provide any available dates for depositions of Delaney Yonchek, Vasili Barbounis, Lisa Barbounis, Marnie Meyer, and Matt Ebert.  Defendant's counsel

replied that he had not responded to these requests because he was busy setting up a home office, but that he would update the Court and Plaintiff "over the weekend" and would be available for a meet-and-confer call the following Monday.

- <u>March 20, 2020</u> – Plaintiff responded that MEF understood Capsicum had already searched the devices, that Defendant was going to review this information and would start to produce documents. Defendant requested confirmation that a Capsicum representative would be available for the call on Monday.

- <u>March 23, 2020</u> – MEF sent an email to Defendant to (1) confirm a time for the meet-and-confer, (2) request the name of the Capsicum representative that will be available for the call, (3) again ask for the number of hits Capsicum found on the variations of MEF just on the two phones, and (4) once again request available deposition dates over the next 10 days for the rescheduled depositions. Finally, Plaintiff highlighted that Defendant promised to provide more information about the Capcisum searches one week before, but never did.

- <u>March 23, 2020</u> – The Court orders that Plaintiff's Motion to Compel is granted in part, and (1) extended the March 20, 2020 discovery deadline "***for preliminary injunction related discovery***" until Governor Wolf lifts the March 19, 2020 order closing all nonlife sustaining businesses (emphasis added), (2) ordered that the parties "make reasonable efforts to continue any discovery that can be conducted remotely"; (3) ordered the parties to submit a joint proposed protective order by March 27, 2020 or if the parties disagree, each party would submit its own proposed order and an explanation by that date, (4) ordered Defendant to respond to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel by April 3, 2020, and (5) ordered that all provisions of the Court's February 19, 2020 Order remain in effect "including Barbounis's obligations to respond to written discovery requests, and produce relevant documents." The Court also states that "Barbounis is already compelled to produce documents under that Order. She must produce all relevant documents, including metadata, from all electronic devices in her control. If Barbounis has not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees associated with its Emergency Motion."

- <u>March 23, 2020</u> – The parties conducted a meet-and-confer call wherein Defendant agreed to (1) send Plaintiff an e-mail the same day identifying a time on March 24 for a 90-minute call with the most knowledgeable Capsicum representative, (2) send Plaintiff by the evening of March 23 a sample of the spreadsheet that Capsicum provided for Defendant after imaging her phones so that Plaintiff could understand what Capsicum had compiled, (3) send to Plaintiff an e-mail no later than the morning of March 24 to state when Plaintiff would receive the first production of materials responsive to the searches and when the production would be complete, (4) send to Plaintiff proposed redlines on MEF's proposed Protective Order by Thursday, March 26 at 5:00 pm, (5) send Plaintiff an e-mail by the end of the week with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert, Lisa Barbounis, and Vasili Barbounis. Finally, counsel for Defendant stated on the call that in addition to Defendant, he is also authorized to accept service for Delaney Yonchek, Matthew Ebert, and Vasili Barbounis.

- March 23, 2020 – Defendant emails MEF claiming that there is no longer any need to schedule depositions before April 8, 2020 and proposes that depositions should only be scheduled after written discovery requests by both parties have been answered. Defendant unilaterally declares that deposition dates should only be considered for some time after April 23, 2020.

- March 24, 2020 – Plaintiff emails Defendant that the first three items agreed in the meet-and-confer call were not provided to Plaintiff as promised. Defendant wrongly claims that the Court suspended discovery (even though the Court's Order expressly states that the parties should "make reasonable efforts to continue any discovery that can be conducted remotely"). Defendant also stated that it was in touch with Capsicum that morning and would send an update regarding the device searches by the afternoon. Plaintiff responded that the Court's Order noted that parties were expected to continue discovery, and that Plaintiff was not abiding by the agreed to plan in the meet-and-confer call.

- March 24, 2020 – Defendant emails MEF again claiming that the Court Order did not expect the parties to continue discovery. Defendant also provided a general update on the device searching process by Capsicum and stated that a 90-minute call with a Capsicum representative about the device searching process would cost $600.00. Defendant suggested a "soft deadline" of March 31, 2020 to provide the first batch of responsive electronic discovery and stated that Plaintiff would be sending discovery requests this week.

- March 25, 2020 – MEF emails Defendant twice to reiterate that the Court Order specifically stated that the parties are were to continue discovery and that Plaintiff does not agree to postpone depositions for a month. Plaintiff asked for available deposition dates (for remote depositions) over the following three weeks. Plaintiff then discussed Defendant's pattern of delay by highlighting Defendant's previous commitment to start production the previous week, which was then changed to March 31, 2020. Plaintiff requested again that Defendant provide the number of results by each search term provided to Defendant. In a good faith attempt to resolve the dispute over Capsicum, Plaintiff agreed to pay Capsicum's $275 fee (the rate in its engagement letter) for an hour-long call with a Capsicum representative to avoid any more delay by Defendant.

- March 25, 2020 – Defendant emails Plaintiff unilaterally declaring that there will be no depositions scheduled over the next three weeks, and that the first batch of information will be provided to Defendant on Monday, March 30. No such documents were produced on that date or for the next couple months.

- March 26, 2020 – Plaintiff emails Defendant with a list of ten tasks Defendant has failed to complete that were either promised or ordered by the Court. Defendant did not, as ordered by the Court, attempt to work with counsel for Plaintiff on reaching agreement on the proposed protective order before the joint filing due the next day.

- <u>March 26, 2020</u> –Plaintiff states that it will be flexible in the timing of depositions but does not want to delay depositions for multiple weeks.  Plaintiff again offers to conduct depositions remotely, in evenings, on weekends to accommodate counsel and witnesses.

- <u>March 27, 2020</u> – After Defendant failed to respond to Plaintiff or to work with Plaintiff's counsel as the Court ordered on March 23, Plaintiff filed its own motion for protective order as directed by the Court, including a proposed standard protective order after Defendant failed to engage in good faith discussions on the Protective Order as ordered by the Court on March 23, 2020.  Defendant did not comply with the Court's March 23 Order to file its position on the protective order by March 27.

- <u>March 31, 2020</u> – After failing to comply with the Court's March 23 Order to file its position on the protective order by March 27, Defendant files a response to Plaintiff's Second Motion for Protective Order.

- <u>April 3, 2020</u> – Defendant files response to Plaintiff's Emergency Motion to Compel Discovery and for Entry of a Protective Order responding to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel.

- <u>April 3, 2020</u> – Defendant sends email stating that two devices (phones) have been searched by Capsicum.  Defense counsel claims, however, that due to the amount of data, it will take him a staggering 69 eight-hour workdays to review the data.  He states that he will have the first batch of information available after the weekend.  This "first batch" is never made available, and no documents are produced.

- <u>April 6, 2020</u> – Defendant sends email to MEF stating that despite wanting to send responsive electronic discovery today, counsel for Defendant cannot due to the time it takes to extract the information from his computer.  Plaintiff requests that Defendant reduce the number of keywords to be searched.

- <u>April 6, 2020</u> – Plaintiff files Motion for Leave to file a Reply Brief in Further Support of Protective Order.

- <u>April 7, 2020</u> –Frustrated with Defendant's failure to cooperate with MEF and contentions that her document production would be delayed another 69 days for unreasonable total of over 6 months (to produce materials in response to five "expedited" document requests), MEF sent a detailed e-mail to Defendant on April, where it (1) expressed its objection to a delay of an additional 69 days to produce responsive documents to Plaintiff's discovery requests, (2) offered tutorials and assistance with modern discovery tools that could assist Defendant with the long-delayed production, (3) asked why Defendant had not followed through on commitments made in prior meet-and-confer conferences, (4) offered a compromise to limit the number of search terms to be analyzed by 20% so that Defendant could produce at least a portion of the responsive documents, and (5) again requested Defendant's counsel to set up a telephone conference with its discovery vendor, Capsicum Group, LLC to work through the alleged roadblock, which Defendant previously promised

but never scheduled.  Plaintiff never responded to this e-mail and has never provided available deposition dates.

- <u>April 8, 2020</u> – Plaintiff files its Response to Defendant's Submission Regarding an Award of Attorney's Fees and Costs associated with Emergency Motion to Compel and to Extend the Time for Plaintiff to Complete Discovery and Entry of Protective Order.

- <u>April 29, 2020</u> – Plaintiff sends letter to the Court to request assistance regarding Defendant's continued failure to respond to discovery requests, cooperate with Plaintiff in discovery, produce a single electronic document in response to MEF's document requests, provide available deposition dates, and continued delays causing MEF to incur unnecessary attorneys' fees and costs.  Defendant still has yet to produce a single electronic file from the devices and still has not provided any available deposition dates.

- <u>May 21, 2020</u> – Unable to get a response from Defendant on deposition dates, Plaintiff sends Defendant seven (7) notices of intent to serve document subpoenas with addendums upon Catriona Brady, Vasili Barbounis, Capsicum Group, Matthew Ebert, Patricia McNulty, Marnie O'Brien Meyer, and Delaney Yonchek.

- <u>May 21, 2020</u> – After failing to provide available dates for months,  Defendant nevertheless responds by providing blanket objections to all seven notices of intent to serve document subpoenas, and claims that the notices were not presented in accordance with the Federal Rules of Civil Procedure, that MEF cannot subpoena documents from Defendants "expert" Capsicum even when Defendant continues to withhold them from Plaintiff despite multiple court orders, and that these subpoenas are somehow harassing and causing unnecessarily delay.

- <u>May 27, 2020</u> – The Court requests an oral argument to resolve the outstanding motions before the Court.

- <u>June 1, 2020</u> – In a further good faith effort to have a meet-and-confer before the court hearing on Thursday, June 4, Plaintiff sends an e-mail to Defendant requesting Defendant's available times to talk over the next three days.  Plaintiff reiterated that it has been trying to get Defendant's cooperation on discovery and deposition dates for months, and that Plaintiff is still willing to work with Defendant on deposition dates that accommodate remote depositions, in evenings, on weekends, or other accommodations the witnesses may want.  Defendant did not respond to the e-mail.

<u>**CONCLUSION**</u>

For the foregoing reasons, MEF respectfully requests that:

(1) the Court enforce its prior Orders to ensure that Plaintiff obtains full and complete responsive materials from all of her devices;

(2) the Court order Defendant to pay MEF attorneys' fees and costs incurred in pursuing its various motions to compel, that the Court adopt an adverse inference against Defendant that she possesses MEF proprietary data and trade secrets, and that Defendant is precluded from putting on a defense at the preliminary injunction proceeding;

(3) the Court permit MEF to submit a declaration setting forth the reasonable attorneys' fees and costs MEF incurred in preparing and responding to its various motions to compel and for a protective order; and

(4) the Court grant such further relief as this Court deems proper.


Dated:  June 4, 2020                                   THE MIDDLE EAST FORUM
                                                       By counsel


                                                       s/ Sidney L. Gold
                                                       Sidney L. Gold
                                                       sgold@discrimlaw.net
                                                       Sidney L. Gold & Associates P.C.
                                                       1835 Market Street, Suite 515
                                                       Philadelphia, PA 19103
                                                       Tel: (215) 569-1999
                                                       Fax: (215) 569-3870

                                                       Attison L. Barnes, III
                                                       abarnes@wiley.law
                                                       1776 K Street NW
                                                       Washington, DC 20006
                                                       Tel: (202) 719-7000
                                                       Fax: (202) 719-7049

                                                       *Counsel for Plaintiff The Middle East
                                                       Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 4, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

*Counsel for Plaintiff The Middle East Forum*