# Exhibit A

**PRIVILEGED AND CONFIDENTIAL**

# DOCUMENT PRESERVATION NOTICE

TO:           Middle East Forum Officers and Administrative Staff

FROM:      Marc Fink, In-house Counsel

DATE:       June 26, 2019

RE:           Document Preservation Notice ("Notice")

---

The Middle East Forum (the "Forum") reasonably anticipates legal action concerning administrative staff (the "Matter"). The Forum strongly denies any wrongdoing and intends to defend itself vigorously.

In connection with the Matter, the Forum is legally obligated to take steps to preserve all potentially relevant information, including hard-copy documents and all forms of electronically stored information ("ESI") that could relate in any way to the topics listed in Section II below.  You are receiving this Notice because you may possess, manage or control hard-copy documents and/or ESI that relate to these issues and that must be preserved.

Please read the entire Notice and follow the instructions carefully.  **Your compliance is mandatory**. When you have finished reading the Notice, please follow the steps contained in Section IV below to acknowledge that you have read, understand and will comply with these instructions.  If you have any questions regarding the contents of this Notice and how best to comply with it, including questions concerning which documents need to be preserved, please contact me by email at Fink@meforum.org.

This is a **privileged and confidential** communication. Please take precautions to keep this Notice confidential and do not share it with others. Please do not discuss this Matter with anyone, including other employees, **except me**.

The obligations described in this Notice supersede any routine retention or discard procedures that you currently follow and are ongoing until you are explicitly directed otherwise that this Notice is no longer in effect.

## I.       YOUR OBLIGATIONS

**Until further written notice, you must not destroy, discard, alter, modify, or delete any paper documents or ESI that relate to the topics listed in Section II below and that were created, modified, sent, or received on or after June 1, 2016, including drafts, work papers, personal notes, emails (both sent and received), and other electronically stored documents.  This obligation applies both to existing documents and to documents that you may create or receive in the future.**

If you are concerned that certain potentially relevant information may be deleted or destroyed in the ordinary course of business, please contact me immediately.

For now, you are only obligated to keep these materials as-is.  You should not begin to segregate or collect relevant documents at this time as doing so may alter the documents' metadata.

**PRIVILEGED AND CONFIDENTIAL**

## II.      SUBJECT MATTER OF MATERIALS TO BE PRESERVED

Any potentially relevant information (in whatever form it exists, whether paper or ESI) regarding **administrative employees** must be preserved. This includes, but is not limited to, all communications, documents, and/or information regarding: (i) job performance; (ii) professional interactions;  and (iii) personal interactions (the "Subject Matter").

*You should interpret the Subject Matter broadly.  If you have any doubt or questions regarding whether certain materials should be preserved, always err on the side of caution and preserve the information.*

## III.     POSSIBLE FORMS AND LOCATIONS OF RELEVANT INFORMATION

Information in both paper and ESI format should be retained if it relates to the Subject Matter of the dispute described above, **including any relevant documents or information that you create or receive after the date of this Notice.**  All information related to the topics above, including both working/draft copies and formal business records, must be retained.  Likewise, you must retain any relevant documents that you may have inherited from another former or current employee or that you may have transferred to a personal device to facilitate working remotely.

The following materials must be saved if they contain potentially relevant information, regardless of where they may physically reside:

- •   Emails and attachments; calendar entries, meeting invitations, and contacts; Microsoft Word, Excel, PowerPoint, Access, Project, and Visio documents; PDF files; photographs and images; e-faxes; text messages, instant messages, Telegram messages, other electronic messages, and voicemails; video, audio, and other multimedia files; databases, data extracts, and reports; and social media content.

- •   Hard-copies of letters, reports, agreements, internal/external communications, correspondence, memoranda, calendars, journals, summaries or records of conversations or work assignments, formal/informal notes (typed or handwritten), envelopes, books, bulletins, and diaries, including copies of such documents that are not identical duplicates of the originals (e.g., with highlighting, handwritten comments, or margin notations).

Relevant documents may be found on a diverse array of data sources, including but not limited to:

- •   Corporate desktop or laptop computers; personal or departmental file shares; server-side email mailboxes (including one's "Inbox," "Deleted Items," "Sent Items," or any other subfolder); email archive files (e.g., PST or NSF files); optical disks (including CDs and DVDs), removable thumb drives or external hard drives, and other types of portable electronic storage media; backup tapes and other disaster-recovery systems; and internet, blog, intranet, extranet, portal, social media, or cloud-based sites and services; and Forum-issued mobile devices.

- •   Personal computers; personal iPhones or other smartphones; personal iPads or other tablet devices; personal email accounts (e.g., Gmail, Yahoo, Hotmail); thumb drives; social media sites (e.g., Facebook); and cloud-based storage locations (e.g., Dropbox).

## IV.     CERTIFICATION OF COMPLIANCE

**Compliance with the procedures outlined in this Notice is critical, and any failure to comply could result in serious ramifications for the Forum and for you.  Within three (3) business days of receiving this Notice, please send me an email stating that you acknowledge receiving this Notice and that you understand your obligations.**

Thank you for your prompt attention to, and ongoing cooperation with, this matter.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**
BY: _____
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated:  05/21/20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | ) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   19-5967 (JS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Marnie Meyer O'Brien c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached addendum for list of documents to be produced.

| Place:  Sidney L.Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff

Sidney L. Gold, Esquire, Counsel for Plaintiff , who issues or requests this subpoena, are:

Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-5967 (JS)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO MARNIE MEYER O'BRIEN

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Meyer," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Marnie Meyer O'Brien, in her personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.      "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.  If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.  the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

      iii.    the date of deposition;

      iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

    b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.     Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.     Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, and Caitrona Brady, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

*__The Middle East Forum v. Reynolds-Barbounis__*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File
     Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
     Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|-------|-----------|--------------|
|       |           |              |

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

# Exhibit C

4:47



factory

Ok.  He can text me or if he has Tricias.  Did you unhook all if your personal shit?  Maybe we should google how to return it to **factory** settings?

11:05 AM

I did it already!

11:06 AM

Ready to go

11:07 AM

11:07 AM   Ok good!!

I'll have him text you

11:07 AM

Have him trip and throw it across the lobby. Lmao

# Exhibit D

Tue, Aug 13, 10:17 AM

Morning!  Is Vasili dropping off laptop today?  I need to have that in hand before I go on vacation.  Today is my last day.

Thankeee.  Btw.  Watched your snap.  So cool!!!

Ok.  He can text me or if he has Tricias.  Did you unhook all if your personal shit?  Maybe we should google how to return it to factory settings?

Ok good!!

# Exhibit E

# FORENSIC MEMORANDUM

**CONTACT**

| | |
|---|---|
| **TO:** | Sidney Gold |
| **FROM:** | Jamente M. Cooper |
| **SUBJECT:** | Middle East Forum, MacBook Pro Device Reset Analysis - Lisa Barbounis |
| **DATE:** | August 28, 2020 |
| **CC:** | Luke La Rocca |

## ENGAGEMENT & SCOPE

Contact analyzed one forensic image to provide additional analysis surrounding the Mac operating system reset. The forensic analysis results are provided in more detail below.

## EVIDENCE SUMMARY

On November 11, 2019, Jamente Cooper of Contact obtained possession of a Apple MacBook Pro (Serial # FVFXQ5KKHV27) via FedEx. The MacBook Pro was assigned Evidence Identification Number (EIN) 10553-E0002. A forensic image was made of 10553-E0002 and saved onto a Toshiba hard drive (Serial # 79P2T0JATRRG) assigned EIN 10553-Backup001. The forensic image named 0542-E002-Barbounis_Lisa-20200103.E01 is a single E01 file stored on 10553-Backup001.

Mr. Cooper generated a duplicate, working copy image which was saved onto a Toshiba hard drive (Serial # X9HCT0RRTSCG). This storage device was assigned EIN 10553-Backup005. On August 25, 2020, Mr. Cooper removed the working copy drive (EIN 10553-Backup005) from evidence storage and connected it to a Mac workstation in Contact's forensic lab. All subsequent steps in the analysis process have been performed using this copy of the image.

## IMAGE VERIFICATION

Mr. Cooper loaded the 10553-E0002 image into BlackLight and RECON Lab forensic suites and verified the data extraction. The verification hash of EIN 10553-E0002 is the following:

*MD5: 21B72CF4E028EE826FC621338E4BD29C*

*SHA1: 1D40AD7AF9E1F374F58BF0F4E9FBB5761C8946EE*

## DEVICE ARTIFACTS

The following information is associated with EIN 10553-E0002 (*see Figure 1*):

- Internal Storage: Apple SSD SM0128L (Serial # C08842405CNL65YA8)
- File System: APFS with approximately 113 GB of storage capacity

```
MacQuisition Version: 2019.1.2

Case Identification:
-------------
Case Name:      Middle East Forum
Case Number/ID: 10553
Location:       Washington DC
Exhibit ID/Evidence #:  0542-E0002
Description:    Lisa Barbounis' MacBook Pro


Examiner Information:
-------------
Examiner:       Jamente Cooper
Agency/Company: Contact Discovery Services
Section/Department:     Forensics Department


Comments:
-------------



Source Device: /dev/rdisk0

Disk Identifer: disk0
Model: APPLE SSD SM012BL
Serial Number: C08842405CNL65YA8
Capacity: 113.0 GB (121332826112 Bytes)
Bus Protocol: PCI-Express

    Device Identifier: disk0s1
    Name: EFI
    Capacity: 300.0 MB (314572800 Bytes)
    Volume UUID: E783267B-A4C3-3556-B751-DBED770EB996

    Device Identifier: disk0s2
    Capacity: 112.7 GB (121018208256 Bytes)

Destination Path: /Volumes/10553-Backup001/0542-E002-Barbounis_Lisa-20200103/disk0 2019-01-01 00-13-50/0542-E002-Barbounis_Lisa-20200103

Acquisition Start Time: 2019-01-01 00:13:51 (TZ +0:00 UTC)
Acquisition End Time: 2019-01-01 01:12:38 (TZ +0:00 UTC)
Total Imaging Time: 58 minutes 47 seconds
Format: E01
Segmentation: No Segments
Compression: Uncompressed
```

**Figure 1.** *Screenshot from MacQuisition extraction summary.*

The Operating system installed on the Mac is macOS Mojave (Version 10.14.6) (*see Figure 2*).

```
                                    SystemVersion.plist                    Open with Xcode
<?xml version="1.0" encoding="UTF-8"?>
<!DOCTYPE plist PUBLIC "-//Apple//DTD PLIST 1.0//EN" "http://www.apple.com/DTDs/PropertyList-1.0.dtd">
<plist version="1.0">
<dict>
    <key>ProductBuildVersion</key>
    <string>18G87</string>
    <key>ProductCopyright</key>
    <string>1983-2019 Apple Inc.</string>
    <key>ProductName</key>
    <string>Mac OS X</string>
    <key>ProductUserVisibleVersion</key>
    <string>10.14.6</string>
    <key>ProductVersion</key>
    <string>10.14.6</string>
    <key>iOSSupportVersion</key>
    <string>12.3.1</string>
</dict>
</plist>
```

**Figure 2.** *Screenshot from RECON Lab of SystemVersion.plist.*

There were no user generated profiles present within the forensic image.

## FORENSIC ANALYSIS

Mr. Cooper focused the forensic analysis on the critical macOS system files which are generated whenever a Mac is setup. Mr. Cooper identified the Transparency Consent and Control system database (TCC.db) and the Mac file system events directory (.fseventsd). The Mac Spotlight indexing directory (.Spotlight-V100) maintains the VolumeConfiguration.plist, which stores the

logical volume's metadata (*see Figure 3*). The TCC.db, .fseventsd, and VolumeConfiguration.plist were created around August 8, 2019 2:27 PM UTC. These files are regularly created during an operating system installation or re-installation.



**Figure 3.** *Screenshot from RECON Lab of VolumeConfiguration.plist.*

The next artifacts analyzed were the system log files in order to determine a start date and time. Macs regularly log system activities such as file creations and modifications so it is noteworthy that the absence of log files prior to a specific time frame would provide a timeline of when the device reset took place. Mr. Cooper reviewed all accessible FS Events logs, Apple System logs, and Unified logs within the forensic image. It should be noted that the no log files were timestamped prior to August 8, 2019 2:26 PM UTC (*see Figure 4 and 5*).



**Figure 4.** *Screenshot from BlackLight of .fseventsd logs.*

**Figure 5.** *Screenshot from BlackLight of Unified logs.*

Lastly, a review of the install.log file will display the most recent installation of the present operating system. The install.log located in /var/log directory annotates in verbose detail the operating system installation information associated with the current operating system. Mr. Cooper observed around 1:52 PM UTC on August 8, 2019, that MacBook-Pro Disk utility was erasing a volume identified as "Macintosh HD" and creating a new "Macintosh HD" volume on the same hard drive. This action would remove any data which was previously on the hard drive to accommodate the new volume for a Mac operating system re-installation (*see Figure 6*).

**Figure 6.** *Screenshot from RECON Lab of install.log.*

## SUMMARY OF FINDINGS

The EIN 10553-E0002 forensic image was analyzed with BlackLight and RECON Lab. The analysis determined:

- The MacBook Pro with Serial # FVFXQ5KKHV27 had a Mac OS installation of August 8, 2019 at approximately 2:00 – 2:30 PM UTC.
- The MacOS installation deleted a previously installed APFS "Macintosh HD" prior to the reinstallation of macOS Mojave.
- No user-generated profiles were created on the MacBook Pro.
- No log files were present on the MacBook Pro prior to August 8, 2019 2:00 PM UTC.

The results of this analysis suggest a factory reset was performed on the device.

## TOOLS

BlackLight Version 10.1.1

RECON Lab Version 1.3.9 (A4)

## ATTACHMENTS

None

CLIENT CONFIDENTIAL DATA

## ABOUT CONTACT

Contact Discovery Services, LLC is a national ISO:27001 certified digital forensics and electronic discovery firm with offices in Washington D.C., Los Angeles, New York, Boston, and Miami. Contact provides end-to-end litigation support services to the world's top law firms and corporations and has been a trusted partner on a wide range of litigation matters. Contact regularly engages in digital forensic, data processing, analysis, and information management activities supporting large, complex litigations and internal investigations.

_____/s/ Jamente Cooper_____                          _____8/28/2020_____

Jamente M. Cooper                                                            **Date**

Lead Forensic Analyst


**Address:**

Contact Discovery Services, LLC

1100 13th St NW Suite 925

Washington, DC 20005

CLIENT CONFIDENTIAL DATA

# Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| Plaintiff, | : | NO.    2:19-cv-05697-JS |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS | : | |
| Defendant. | : | |

### DECLARATION OF SETH CARSON

I Seth Carson am the attorney representing Defendant, Lisa Reynolds-Barbounis in above captioned matter.

1. My name is Seth Carson.

2. I am an attorney licensed to practice law in the Commonwealth of Pennsylvania.

3. I represent, Defendant, Lisa Reynolds-Barbounis in the above captioned matter.

4. I have reviewed Plaintiff's Exhibit C attached to Document 6 filed December 5, 2019 on the court's ECF system.

5. Document 6 is correspondence by email that I sent to the attorney representing the Middle East Forum in this matter.

6. My reference to information that no longer exists on the devices of my clients: this in no way related to Defendant, Lisa Barbounis.

7. I was referring to information which other clients had properly made certain was not retained, stored, or preserved on any of their personal electronic devices.

8. I swear under penalty of perjury that the foregoing is accurate, true and correct.

Signature of Affiant: _____

Name of Affiant: _____Seth Carson_____

Date: _____January 20_____, 2020