**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,

        Plaintiff,

v.

LISA REYNOLDS-BARBOUNIS,

        Defendant.

Civil Action No.: 19-5697

## PLAINTIFF'S FOURTH MOTION TO COMPEL DEFENDANT TO PRODUCE FULL AND COMPLETE DISCOVERY

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to once again compel Defendant Lisa Barbounis ("Defendant" or "Barbounis") to provide full and complete responses to MEF's expedited discovery requests served on December 5, 2019 pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv).  In the past eight months, this Court has ordered Defendant to provide the requested discovery on multiple occasions.  Most recently, on June 25, 2020, this Court entered an Order requiring Defendant to provide Cornerstone Discovery ("Cornerstone") her usernames and passwords for a list of accounts and applications that the Court determined to be subject to discovery.  *See* Order, Dkt. 58.  Additionally, this Court entered an Order on February 19, 2020 compelling Defendant to deliver all electronic devices in her possession to a discovery vendor to be imaged.  *See* Order, Dkt. 38.  But despite multiple orders from this Court and repeated requests by Plaintiff, Defendant has failed to comply.

For the reasons set forth in MEF's accompanying Memorandum, this Court should order Defendant to fully comply within the next five (5) calendar days or sooner, and this Court should

1

award MEF its attorney's fees and costs for its repeated efforts to obtain this data, consistent with this Court's prior warning to Defendant that the Court would "seriously consider" such an award if Defendant failed to comply with the Court's direction (when this Court previously held MEF's prior requests for fees and costs in abeyance to see whether Defendant would comply, which she has not).

Wherefore, for the reasons set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion, MEF, by counsel, respectfully requests this Court to:

1.      Enter the proposed order attached hereto;

2.      Order that Defendant is in violation of this Court's two discovery orders and that she must produce all devices (including Defendant's iWatch and her husband's Lenovo computer) to Cornerstone responsive to the Court's February 19 and June 25, 2020 Orders, and the imaging of such devices must be fully completed within five (5) days of the Court's order;

3.      Order that Defendant is in violation of this Court's June 25 Order and that she must produce all account information that was listed in the Court's June 25 Order to Cornerstone within five (5) days of the Court's order;

4.      Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred related to Plaintiff's efforts to obtain these materials over the last eight months; and

5.      Grant such further relief as this Court deems just and proper.


Dated: August 31, 2020                    THE MIDDLE EAST FORUM
                                          By counsel


                                          s/ Sidney L. Gold
                                          Sidney L. Gold
                                          sgold@discrimlaw.net
                                          Sidney L. Gold & Associates P.C.

2

1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 31, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,                    :

              Plaintiff,                    :

v.                                                              :

                          :

LISA REYNOLDS-BARBOUNIS,               :          Civil Action No.: 19-5697

             Defendant.                    :

                          :

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FOURTH MOTION TO COMPEL DEFENDANT TO PRODUCE FULL AND COMPLETE DISCOVERY**</u>

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), submits the following Memorandum of Law in Support of its Fourth Motion to Compel Full and Complete Discovery against Defendant Lisa Barbounis ("Barbounis" or "Defendant"), and states as follows:

<u>**INTRODUCTION**</u>

In this action, MEF seeks to protect against and to remedy the substantial harm resulting from possession and use of MEF's sensitive, proprietary data by Defendant, a disgruntled former employee of MEF. Since filing this action on December 5, 2019, Defendant Barbounis has engaged in a never-ending pattern of dilatory conduct to prevent efficient fact-finding and other progress in these proceedings. The only party with an interest in delay and avoidance, Defendant has not only refused to respond to Plaintiff, but she has failed to comply with multiple orders of this Court. As this Court is aware, MEF has raised Defendant's delay and non-compliance with the Court many times over the last eight months, culminating in three prior orders dated January

1

15, 2020,[1] February 19, 2020 and June 25, 2020, each requiring specific action by Defendant within a specific deadline.

Still, Defendant continues to thwart proper fact-finding by withholding electronic devices account usernames and passwords to multiple accounts that were ordered to be turned over by the Court.  *See* Dkts. 38, 58.  As a result, MEF has been unable to obtain proper responses its "expedited" discovery and therefore unable to depose Defendant.   Defendant's conduct exacerbates the harm being caused to Plaintiff and demonstrates with even greater clarity why MEF is entitled to the relief it seeks.  Plaintiff has given Defendant multiple opportunities to agree in writing (through affidavits, agreed orders, and stipulated injunctions) that she will return and not disseminate MEF data, but she refuses, causing considerable concern for MEF.  Now, following eight months of withholding devices, account data, and passwords needed by the e-discovery vendor, MEF, as a small non-profit entity, is even more concerned and can no longer tolerate Defendant's apparent decision to violate this Court's orders.

For all of these reasons and as set forth below, MEF respectfully requests that the Court grant this Motion.

## **FACTS**

The most effective way to demonstrate MEF's diligence -- contrasted against Defendant's continuing antics and delay -- is through the following timeline:[2]

- <u>October 25, 2019</u> – Prior to filing this action, MEF sent a letter to Defendant asking for assurances that she would not disclose MEF's protected information.  *See* Pl.'s

---

[1] After false submissions to this Court addressed in another motion, Defendant convinced this Court to vacate the January 15 Order even after the parties spent approximately ninety minutes in the courtroom negotiating the agreed order submitted and ultimately entered by the Court.

[2] To attach all communications with Defendant over the last eight months would be too voluminous, but if the Court wishes to verify the full scope of Defendant's acts and omissions over this period as set forth in this timeline, MEF is willing to share the full set with the Court.

Mot. to Compel at Ex. 1, Dkt. 44-1. Plaintiff reasonably asked Defendant, a former employee, to cease and desist from collecting, distributing, or disclosing MEF data and to permanently delete such information in a manner satisfactory to MEF.

- <u>November 12, 2019</u> – Not having received assurances from Defendant, MEF sent an affidavit for Defendant to sign to make it easy for Defendant to provide the assurances that she would not disclose the sensitive information in her possession. MEF also requested that Defendant preserve and not alter all hard copy and electronic documents in her possession, custody, or control.

- <u>November 25, 2019</u> – Unsure why Defendant was not willing to sign a straightforward affidavit, MEF began to get concerned and while it was preparing a lawsuit it hoped was not required, again attempted in good faith to obtain Defendant's consent to a stipulated temporary restraining order in lieu of a lawsuit. *See* Pl.'s Mot. to Compel at Ex. 2, Dkt. 44-1. Defendant's refusal to agree not to disseminate MEF data raised many concerns for MEF, so after making multiple good faith efforts to avoid litigation and through the Thanksgiving holiday, MEF counsel prepared a Complaint and a Motion for Preliminary Injunction.

- <u>December 5, 2019</u> – Unable to get Defendant to discuss this matter amicably, MEF filed its Complaint, a Motion for Preliminary Injunction, and a Motion for Expedited Discovery (consisting of only five interrogatories and four document requests). Shortly thereafter, MEF requested a telephone conference with the Court to address MEF's concerns and the need for expedited discovery. The Court agreed to hear the parties by telephone on December 20, 2019.

- December 20, 2019 – At the hearing, MEF requested that the Court direct Defendant to respond in full to MEF's discovery requests in advance of a preliminary injunction hearing and that all of Defendant's devices must be imaged by a mutually-agreeable discovery vendor.  The Court agreed and directed Defendant respond to MEF's discovery requests and to turn over all of her devices for imaging by January 6, 2020.

- December 20, 2019 – In a letter shortly after the Court hearing, MEF provided Defendant with the name of an acceptable vendor (Cornerstone) and requested that Defendant inform MEF if Defendant wished to propose a different vendor.  *See* Pl.'s Mot. to Compel at Ex. 3, Dkt. 44-1.  Defendant did not respond or otherwise object to the vendor proposed by MEF.

- December 30, 2019 – MEF informed Defendant that it was aware of Defendant's multiple devices because of Defendant's social media posts, and that Defendant had not objected to the vendor proposed by MEF.  *See* Pl.'s Mot. to Compel at Ex. 4, Dkt. 44-1.  MEF asked about Defendant's cloud-based data and requested a call, but Defendant did not respond.

- January 2, 2020 – MEF sends letter informing that Court that Defendant refused to turn over devices to a mutually-acceptable vendor, that Defendant seeks to place conditions on the imaging and recovery of data, and that a follow-up conference to address these issues.  *See* Pl.'s Mot. to Compel at Ex. 5, Dkt. 44-1.

- January 6, 2020 – Defendant ignores the Court's direction to complete the imaging by this date, does not respond to Plaintiff's discovery requests, does not engage a mutually-agreeable discovery vendor (or any vendor), does not preserve of have

4

Defendant's devices imaged, and as MEF learns, still has not provided her devices to her counsel for preservation despite MEF's request for preservation in November 2019.

- <u>January 7, 2020</u> - Court sets the hearing date on January 15, 2020.

- <u>January 14, 2020 at 10:58 p.m.</u> – Late the night before MEF's Motion to Compel hearing, Defendant sends incomplete *and unverified* answers to interrogatories, and does not provide a written response to the MEF document requests.

- <u>January 15, 2020</u> – At this lengthy Court appearance, Plaintiff presents photographic proof of Defendant's multiple phone and other devices that Defendant had posted on social media.  Defendant did not appear at the hearing, and through counsel, represented to the Court that Defendant only had one phone and no other devices.  At the conclusion of a two-hour hearing, the Court requested that the parties agree to the contents of an Order, which the parties negotiated for approximately ninety minutes, while defense counsel was on the phone with the Defendant.  An Agreed Order was submitted to, and entered by, the Court.

- <u>January 20, 2020</u> - Despite agreeing to the Agreed Order, Defendant reneged and filed a Motion to Vacate, claiming contrary to the facts, that the Defendant had not agreed to the Agreed Order and falsely claiming that she followed MEF's instruction when she deleted the contents of her laptop despite the preservation notice.  During this time, Defendant still did not preserve the data and metadata on her devices and still did not work with Plaintiff on a mutually-agreeable vendor to image the data/metadata.  In addition, despite being served with the discovery requests on December 5, and having waived all objections, Defendant still did not

5

provide verified answers to MEF's Interrogatories or written responses to MEF's Requests for Production of Documents (and produce all relevant documents).

- <u>February 19, 2020</u> - The Court again ordered Defendant to provide responses to MEF's Requests for Production and produce all of her devices to a third-party vendor for imaging by February 25, 2020.  Defendant did not do so.

- <u>February 25, 2020</u> - MEF sends correspondence to Defendant about the imaging of devices and failure to provide responses to MEF's requests for production.  *See* Pl.'s Mot. to Compel at Ex. 6, Dkt. 44-1.  Again, rather than cooperate with MEF on a mutually-agreeable vendor, Defendant abruptly informs MEF that it unilaterally engaged Capsicum Group ("Capsicum") as its discovery "expert" and released two of Defendant's devices (two iPhones) containing MEF information to Capsicum for imaging *without MEF's knowledge and without having Capsicum agree to any protective order/confidentiality restrictions*.  *See* Pl.'s Mot. to Compel at Ex. 7, Dkt. 44-1.  Also, despite prior representations to the Court that Defendant had only one phone, two phones are released to the vendor,[3] one of which defense counsel stated that he had just received from his client, raising additional concerns about why these devices were not preserved four months earlier when MEF requested that all such devices should be preserved and not altered in any way. Defendant did not, and has not, responded as to why other devices have not been supplied to the vendor, what instructions were provided to the vendor, and how the cloud storage and other accounts would be imaged and produced.  Defendant has still not produced iWatch, her third cell phone, USB devices, a Lenovo laptop,

---

[3]  Even though defense counsel now concedes that a third phone exists, Defendant has neither preserved the contents of this phone, nor provided it to the vendor.

access to cloud storage, social media, and messaging accounts that require two-factor authentication.

- <u>February 26, 2020</u> - MEF sends an email to Defendant expressing its serious concerns about lack of cooperation with regard to engaging Capsicum.  *See* Pl.'s Mot. to Compel at Ex. 8, Dkt. 44-1.  MEF's confidential information was now in the hands of another party without any protective order MEF could enforce, which is exactly why MEF filed this case in the first place – to prevent further dissemination of MEF data.

- <u>February 27, 2020</u> - Having received no meaningful reply, MEF attempts to further engage Defendant multiple times to coordinate on the imaging of the Defendant's devices, cloud storage, and other accounts.  MEF also sought to address Defendant's apparent failure to preserve the data on the devices.  *See* Pl.'s Mot. to Compel at Ex. 9, Dkt. 44-1.

- <u>February 28, 2020</u> - To prepare for the upcoming injunction hearing and with knowledge that the Court's discovery deadline is on March 20, 2020, MEF sent Third-Party Subpoenas to Marnie Meyer, Delaney Yonchek, Matt Ebert and a Notice of Deposition to Lisa Barbounis.  *See* Pl.'s Mot. to Compel at Ex. 10, Dkt. 44-1.  These depositions were set to take place on March 18 and 19, 2020.

- <u>February 28, 2020</u> – Defendant suggests that she might finally be willing to agree to a stipulated injunction order, so MEF prepares and sends to Defendant a proposed Stipulated Injunction Order.  *See* Pl.'s Mot. to Compel at Ex. 11, Dkt. 44-1.

- February 28, 2020 - Defendant responds with a revision to the proposed stipulated injunction order.  *See* Pl.'s Mot. to Compel at Ex. 12, Dkt. 44-1.

- March 1, 2020 - MEF sends a proposed Protective Order to Defendant with the standard clauses for a proprietary information case, including a tier for "Attorneys' Eyes Only." [4]

- March 4, 2020 - Defendant's counsel responds to the draft Protective Order in a manner that cannot be perceived as rational.  He claimed that a protective order was not necessary to begin searching the devices – devices that contain highly sensitive information and trade secrets.  Defendant refused to agree to the standard protective order with multiple tiers of protection (as this Court later agreed), but did not make redline edits that the parties could discuss, causing even more delay.  Defendant also claimed that the parties need not have a "plan for inadvertent disclosure of discovery materials" and instead "can deal with it" if it happens.  Defendant did not seem to comprehend that protective orders are intended to protect ***both*** parties, and indeed, Defendant had previously complained to this Court in January that her devices could not be searched because of her privacy concerns.  Despite those representations to the Court to limit MEF's discovery, Defendant now claims she does not need a protective order, for privacy issues or otherwise.  This too gives MEF great concern that Defendant does not appreciate the need for a protective order for MEF materials she admits she sent to her personal e-mail accounts, still

---

[4]  Given the highly sensitive nature of the documents involved, a Protective Order with layers of confidentiality is necessary, as is routine in cases involving trade secrets.  *See C.A. Muer Corp. v. Big River Fish Co.*, No. Civ. A. 97-5402, 1998 WL 488007 (E.D. Pa. Aug. 10, 1998).

reside on her devices, and for MEF documents she concedes she still possesses. This again demonstrates why exactly why MEF pursues this action.

●  March 4, 2020 - MEF sent a Third-Party Subpoena to Vasili Barbounis on March 4, 2020, noticing a deposition for March 18, 2020.[5]  *See* Pl.'s Mot. to Compel at Ex. 13, Dkt. 44-1.

●  March 5, 2020 - Defendant also stalled discovery by raising false concerns about the cost.[6]  On March 5, 2020, Defendant represented to MEF that discovery with Capsicum would cost more than $50,000.[7]  MEF, incredulous that this could be an accurate estimate, spoke with Cornerstone (the vendor originally identified by the court to undertake the discovery) who confirmed that the estimated cost is closer to $12,000.  In any event, this was a situation of Defendant's own making as all along Plaintiff proposed a mutually-acceptable vendor.  (As the Court is aware, in a later compromise to obtain the data to avoid Defendant's continuing delay, MEF agreed to pay Cornerstone's fees once the Court ordered the data to be transferred from Capsicum to Cornerstone, although in light of the Defendant's antics, Plaintiff reserves the right to reimbursement for these costs).

---

[5]  Defendant did not timely notice any depositions within the discovery period, nor did she serve any subpoenas.

[6]  MEF repeatedly offered to split the costs of a mutually-agreeable vendor while attempting to resolve this matter amicably.  *See* Pl.'s Mot. to Compel at Ex. 15, Dkt. 44-1.  Defendant rejected this offer and chose to hire her own "expert."

[7]  E-mails received from Defendant also demonstrate that this was not an accurate representation by Defendant.  *See* Pl.'s Mot. to Compel at Ex. 16, Dkt. 44-1.  It was instead Defendant who manufactured the cost estimate of "up to $60,000" for the Court, not Capsicum.  And to get Capsicum to estimate $30,000, Defendant misrepresented the work to be done, claiming inaccurately to Capsicum that there were "20 devices."  Defendant has only turned over two phones.  Defendant clearly wanted to elicit an exorbitant cost estimate from Capsicum to use in Defendant's pleadings before this Court to get the Court to reject discovery of his client's devices.  The e-mails between Defendant and Capsicum also reveal that Capsicum raised the issue of two-factor authentication for the cloud storage with Defendant, but Defendant never raised that issue with MEF, but instead ignored MEF's consistent requests for information about the cloud data.  This shows why MEF has been unable to get the cooperation of Defendant for three months and what Defendant is willing to say or do to avoid turning over what is on the devices and in her cloud storage and other accounts.  By now, MEF fears that Defendant has destroyed the data on the devices because it was never preserved by Defendant or her counsel even though this case was filed in December 2019.

- <u>March 9, 2020</u> - In a good faith effort to reach a resolution, MEF makes minor changes to Defendant's proposed stipulated Injunction Order.  *See* Pl.'s Mot. to Compel at Ex. 14, Dkt. 44-1.  Defendant, however, abruptly changes course and refuses to sign any stipulated order.  Once again, this demonstrates the need for an injunction because Defendant refuses to agree to language that she drafted stating that she would not disclose MEF data.

- <u>March 10, 2020</u> - MEF again emailed Defendant about impasse on protective order and offered alternative ways to reach agreement on PO before providing search terms.  *See* Pl.'s Mot. to Compel at Ex. 17, Dkt. 44-1.  MEF received no reply.

- <u>March 11, 2020</u> - MEF emailed Defendant to talk about protective order and vendor imaging issues and, after receiving no response, sent a letter to Court for emergency intervention on protective order and vendor imaging issues.  *See* Pl.'s Mot. to Compel at Ex. 18, Dkt. 44-1.

- <u>March 12, 2020</u> - MEF emailed Defendant about Defendant's failure to confirm position on provisions for the protective order in accordance with agreement during call on March 11.  *See* Pl.'s Mot. to Compel at Ex. 19, Dkt. 44-1.  MEF received no response and concludes that Defendant is merely using the protective order as a means to delay.

- <u>March 13, 2020</u> - MEF sent a letter to the Court regarding the inaccuracies contained within Defendant's March 11, 2020 letter, and only then did Defendant provide vague and open ended comments on the proposed protective order, for which there was only one provision at issue during the call on March 11, 2020.

- <u>March 17, 2020</u> – Still unable to get Defendant to agree to standard terms in a protective order, MEF made a final attempt to get access to the data it has been seeking for three months.  To get the process moving, MEF proposed in the interim and before the parties could get a protective order entered, to have Capsicum and defense counsel agree to maintain the search terms and the information on the devices, cloud storage, and other accounts to remain "attorneys' eyes only."  Once MEF received the confirmation, MEF provided its proposed search terms (excluding search terms designated "Attorney's Eyes Only" by agreement).  *See* Pl.'s Mot. to Compel at Ex. 20, Dkt. 44-1.

- <u>March 17, 2020</u> - Unable to obtain the data and metadata it is sought for three months and as ordered by the Court, MEF was forced to inform the witnesses that the depositions could not proceed on March 18-19, 2020.

- <u>March 18, 2020</u> – MEF requested in writing that Defendant: (1) provide available time to discuss how to resolve these pressing issues; (2) set up a conference call so that both parties could speak with Capsicum to confirm what is being searched and how; (3) clarify what will be searched in terms of cloud storage and other accounts, as well as deleted files and metadata; (4) confirm that searches and production will commence right away; and (5) provide available dates for rescheduled depositions. Plaintiff asked for a time to speak with Defendant on March 18, but as of the date of this filing, Defendant has ignored the request.  *See* Pl.'s Mot. to Compel at Ex. 21, Dkt. 44-1.  Plaintiff has done all it can do to seek cooperation and compliance by Defendant.

11

- <u>March 19, 2020</u> – Without other options to obtain compliance from Defendant and after exhausting all good faith efforts over months, Plaintiff filed its Emergency Motions to Compel Discovery, Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order.

- <u>March 20, 2020</u> – MEF emailed Defendant about (1) Defendant's failure to respond to Plaintiff regarding a meet-and-confer call, (2) Defendant's failure to produce any electronic data responsive to its document discovery requests, (3) Defendant's failure to provide information on how cloud-based accounts and emails are being handled for discovery, and (4) Defendant's failure to provide any available dates for depositions of Delaney Yonchek, Vasili Barbounis, Lisa Barbounis, Marnie Meyer, and Matt Ebert.  Defendant's counsel replied that he had not responded to these requests because he was busy setting up a home office, but that he would update the Court and Plaintiff "over the weekend" and would be available for a meet-and-confer call the following Monday.

- <u>March 20, 2020</u> – Plaintiff responded that MEF understood Capsicum had already searched the devices, that Defendant was going to review this information and would start to produce documents.  Defendant requested confirmation that a Capsicum representative would be available for the call on Monday.

- <u>March 23, 2020</u> – MEF sent an email to Defendant to (1) confirm a time for the meet-and-confer, (2) request the name of the Capsicum representative that will be available for the call, (3) again ask for the number of hits Capsicum found on the variations of MEF just on the two phones, and (4) once again request available deposition dates over the next 10 days for the rescheduled depositions.  Finally,

12

Plaintiff highlighted that Defendant promised to provide more information about the Capsicum searches one week before, but never did.

- <u>March 23, 2020</u> – The Court orders that Plaintiff's Motion to Compel is granted in part, and (1) extended the March 20, 2020 discovery deadline, (2) ordered that the parties "make reasonable efforts to continue any discovery that can be conducted remotely"; (3) ordered the parties to submit a joint proposed protective order by March 27, 2020 or if the parties disagree, each party would submit its own proposed order and an explanation by that date, (4) ordered Defendant to respond to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel by April 3, 2020, and (5) ordered that all provisions of the Court's February 19, 2020 Order remain in effect "including Barbounis's obligations to respond to written discovery requests, and produce relevant documents." The Court also states that "Barbounis is already compelled to produce documents under that Order. She must produce all relevant documents, including metadata, from all electronic devices in her control. If Barbounis has not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees associated with its Emergency Motion."

- <u>March 23, 2020</u> – The parties conducted a meet-and-confer call wherein Defendant agreed to (1) send Plaintiff an e-mail the same day identifying a time on March 24 for a 90-minute call with the most knowledgeable Capsicum representative, (2) send Plaintiff by the evening of March 23 a sample of the spreadsheet that Capsicum provided for Defendant after imaging her phones so that Plaintiff could understand what Capsicum had compiled, (3) send to Plaintiff an e-mail no later

than the morning of March 24 to state when Plaintiff would receive the first production of materials responsive to the searches and when the production would be complete, (4) send to Plaintiff proposed redlines on MEF's proposed Protective Order by Thursday, March 26 at 5:00 pm, (5) send Plaintiff an e-mail by the end of the week with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert, Lisa Barbounis, and Vasili Barbounis. Finally, counsel for Defendant stated on the call that in addition to Defendant, he is also authorized to accept service for Delaney Yonchek, Matthew Ebert, and Vasili Barbounis.

- March 23, 2020 – Contrary to what the parties discussed on the meet-and-confer call earlier that day, Defendant's counsel emails MEF counsel and unilaterally declares that there is no longer any need to schedule depositions before April 8, 2020.

- March 24, 2020 – Plaintiff emails Defendant that the first three items agreed in the meet-and-confer call were not provided to Plaintiff as promised.  Defendant wrongly claims that the Court suspended discovery (even though the Court's Order expressly states that the parties should "make reasonable efforts to continue any discovery that can be conducted remotely").  Defendant also stated that it was in touch with Capsicum that morning and would send an update regarding the device searches by the afternoon.  Plaintiff responded that the Court's Order noted that parties were expected to continue discovery, and that Defendant was not abiding by the agreed plan in the meet-and-confer call.

- <u>March 24, 2020</u> – Defendant again claims without basis that the Court Order did not expect the parties to continue discovery.  Presumably to thwart a call with Capsicum, Defendant demands that MEF pay $600.00 for a call with a Capsicum representative about the device searching process.

- <u>March 25, 2020</u> – MEF emails Defendant twice to reiterate that the Court Order specifically stated that the parties are were to continue discovery and that Plaintiff does not agree to postpone depositions for a month.  Plaintiff again raised Defendant's pattern of delay by highlighting Defendant's previous commitment to start document production the previous week, which was then changed to March 31, 2020.  Plaintiff requested again that Defendant provide the number of results by each search term provided to Defendant.  In a good faith attempt to resolve the dispute over Capsicum, Plaintiff agreed to pay Capsicum's $275 fee (the rate in its engagement letter) for an hour-long call with a Capsicum representative to avoid any more delay by Defendant.

- <u>March 25, 2020</u> – Defendant emails Plaintiff unilaterally declaring that there will be no depositions scheduled over the next three weeks, and that the first batch of information will be provided to Plaintiff on Monday, March 30.  [No such documents were produced on that date or for the next couple months.]

- <u>March 26, 2020</u> – Plaintiff emails Defendant with a list of ten tasks Defendant has failed to complete that were either promised or ordered by the Court. Defendant did not, as ordered by the Court, attempt to work with counsel for Plaintiff on reaching agreement on the proposed protective order before the joint filing due the next day.

- <u>March 26, 2020</u> –Plaintiff states that it will be flexible in the timing of depositions but does not want to delay depositions for multiple weeks.  Plaintiff again offers to conduct depositions remotely, in evenings, on weekends to accommodate counsel and witnesses.

- <u>March 27, 2020</u> – After Defendant failed to respond to Plaintiff or to work with Plaintiff's counsel as the Court ordered on March 23, Plaintiff filed its own motion for protective order as directed by the Court, including a proposed standard protective order after Defendant failed to engage in good faith discussions on the Protective Order as ordered by the Court on March 23, 2020.  Defendant did not comply with the Court's March 23 Order to file its position on the protective order by March 27.

- <u>March 31, 2020</u> – After failing to comply with the Court's March 23 Order to file its position on the protective order by March 27, Defendant files a response to Plaintiff's Second Motion for Protective Order.

- <u>April 3, 2020</u> – Defendant files response to Plaintiff's Emergency Motion to Compel Discovery and for Entry of a Protective Order responding to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel.

- <u>April 3, 2020</u> – Defendant sends email stating that two devices (phone) have been searched by Capsicum.  Defense counsel claims, however, that he has to review the information for relevance and privilege and that, due to the amount of data, it will take him a staggering 69 eight-hour workdays to review the data.  He nevertheless that he will have the first batch of information available after the weekend.  This "first batch" is never made available, and no documents are produced.

- <u>April 6, 2020</u> – Defendant sends email to MEF stating that despite wanting to send responsive electronic discovery today, counsel for Defendant cannot due to the time it takes to extract the information from his computer.

- <u>April 7, 2020</u> –Frustrated with Defendant's failure to cooperate with MEF and contentions that her document production would be delayed another 69 days for unreasonable total of over 6 months (to produce materials in response to five "expedited" document requests), MEF sent a detailed e-mail to Defendant on April, where it (1) expressed its objection to a delay of an additional 69 days to produce responsive documents to Plaintiff's discovery requests, (2) offered tutorials and assistance with modern discovery tools that could assist Defendant with the long-delayed production, (3) asked why Defendant had not followed through on commitments made in prior meet-and-confer conferences, (4) offered a compromise to limit the number of search terms to be analyzed by 20% so that Defendant could produce at least a portion of the responsive documents, and (5) again requested Defendant's counsel to set up a telephone conference with its discovery vendor, Capsicum, to work through the alleged roadblock, which Defendant previously promised but never scheduled.  Defendant never responded to this e-mail and did not provide available deposition dates.

- <u>April 8, 2020</u> – Plaintiff files its Response to Defendant's Submission Regarding an Award of Attorney's Fees and Costs associated with Emergency Motion to Compel and to Extend the Time for Plaintiff to Complete Discovery and Entry of Protective Order.

- <u>April 29, 2020</u> – Plaintiff sends letter to the Court to request assistance regarding Defendant's continued failure to respond to discovery requests, cooperate with Plaintiff in discovery, produce a single electronic document in response to MEF's document requests, provide available deposition dates, and continued delays causing MEF to incur unnecessary attorneys' fees and costs.  Defendant had yet to produce a single electronic file from the devices and still had not provided any available deposition dates.

- <u>May 21, 2020</u> – Unable to get a response from Defendant on deposition dates, Plaintiff sends Defendant seven (7) notices of intent to serve document subpoenas with addendums upon Catriona Brady, Vasili Barbounis, Capsicum Group, Matthew Ebert, Patricia McNulty, Marnie O'Brien Meyer, and Delaney Yonchek.

- <u>May 21, 2020</u> – After failing to provide available dates for months,  Defendant nevertheless responds by providing blanket objections to all seven notices of intent to serve document subpoenas, and claims that the notices were not presented in accordance with the Federal Rules of Civil Procedure, that MEF cannot subpoena documents from Defendants "expert" Capsicum even when Defendant continues to withhold them from Plaintiff despite multiple court orders, and that these subpoenas are somehow harassing and causing unnecessarily delay.

- <u>May 27, 2020</u> – The Court requests an oral argument to resolve the outstanding motions before the Court.

- <u>June 1, 2020</u> – In a further good faith effort to have a meet-and-confer before the court hearing on Thursday, June 4, Plaintiff sends an e-mail to Defendant requesting Defendant's available times to talk over the next three days.  Plaintiff

reiterates that it has been trying to get Defendant's cooperation on discovery and deposition dates for months, and that Plaintiff is still willing to work with Defendant on deposition dates that accommodate remote depositions, in evenings, on weekends, or other accommodations the witnesses may want.  Defendant did not respond to the e-mail.

- June 4, 2020 – Plaintiff files supplemental brief in support of its motion to compel and for an award of attorneys' fees and costs against Defendant.  Plaintiff highlighted that despite repeated efforts to seek cooperation with Defendant, Defendant had still not produced a single electronic document in response to its five document requests served on December 5, 2019 and was in violation of multiple Court Orders to produce the responsive documents.

- June 4, 2020 – The parties appear before the Court for a scheduled oral argument regarding the outstanding motions before the court and the ongoing discovery dispute.  Defense counsel represented before the Court that he would provide, by June 5, 2020, a list of the search terms used to narrow down the search of Defendant's documents, confirm that the search will include applications Plaintiff identified, a hit report for each search term, all responsive documents already reviewed, and redline edits of the protective order.  Defense counsel also represented that he would provide between June 8-June 12, 2020, available times for depositions of the witnesses and document productions, available times to meet and confer about additional search terms.

- June 12, 2020 – The parties conduct a follow-up teleconference with the Court wherein the parties discussed Defendant's failure to provide responsive discovery,

agreed to a new approach to discovery of Defendant's phones whereby Defendant would search and produce responsive documents using a list containing 30 search terms, and Defendant agreed to enter a stipulated protective order. The protective order was sent and entered by Judge Sanchez.  The Court also ordered Defendant to produce documents and other responsive materials to outstanding subpoenas to third parties that counsel for Defendant represents by June 19, 2020.  The Court further ordered that the Defendant set up a teleconference with Capsicum, Defendant's expert discovery vendor, by June 15, 2020.

- <u>June 15, 2020</u> – Defendant failed to set up a teleconference with Capsicum Group as ordered by the Court in the June 12, 2020 Order.

- <u>June 16, 2020</u> – Defendant finally produced a Capsicum representative for a call where it is revealed that nothing besides what was resident on the phone was imaged and searched, and counsel for Defendant asked Capsicum to only search what was on the phones. Capsicum also represented that it would provide a hit report on the search terms for the two phones searched, which Plaintiff never received.  Finally, Capsicum revealed that it did not search any of Defendant's accounts associated with the applications downloaded on her phones.

- <u>June 17, 2020</u> – The parties conduct a second teleconference with the Court to discuss Defendant's limited progress with the new approach to discovery.  In response to Defendant's continued failure to produce relevant responses to Plaintiff's discovery requests as ordered by the Court on June 12, 2020, the Court requests Plaintiff to provide a detailed Order outlining the discovery required for Defendant to adequately respond to its document requests.

- June 18, 2020 – Plaintiff sends Court a detailed discovery order, as requested.

- June 22, 2020 – Plaintiff sends the Court a letter requesting an emergency call with a court reporter present to discuss defense counsel's failure to comply with discovery obligations pursuant to the Court's June 12, 2020 Order.

- June 25, 2020 – The Court orders: (1) Capsicum to transfer images of Defendant's phones to Cornerstone by June 29, 2020; (2) counsel for Defendant to provide Defendant's account information for the various applications on the phones by June 29, 2020; (3) Plaintiff to provide Cornerstone the search terms by June 29, 2020; and (4) by July 6, 2020, Cornerstone to search Defendant's devices and accounts and upload the documents to a mutually accessible database.

- June 26, 2020 – Court orders that in response to Plaintiff's June 22 letter, the parties must confer regarding the discovery dispute in an effort to resolve it, but if the parties cannot resolve the dispute, Plaintiff is permitted to renew its request for a teleconference.

- June 26, 2020- Defense counsel represents on a telephone call that he will produce all subpoenaed information by the close of business.  The third-party depositions are scheduled to begin at 9:00 a.m. on June 29, 2020.

- June 27, 2020 – Counsel for Plaintiff emails defense counsel that it did not receive any of the remaining subpoenaed information, as promised in the meet-and-confer on June 26.

- June 28, 2020 – At 9:25 p.m. the evening before a 9:00 a.m. third-party witness deposition, defense counsel produces hundreds of documents (in non-searchable

21

PDF form with no metadata) responsive to the subpoena requests served on Delaney Yonchek and Caitriona Brady in February 2020.

- June 29, 2020 – Consistent with the Court's June 25 Order (Dkt. 58), Plaintiff provides Cornerstone with a list of twenty-five (25) search terms before 5:00 p.m. Defendant violates the Court's June 25 Order by failing to have Capsicum transfer images of Defendant's phones to Cornerstone and failing to provide Defendant's account information for the various applications on the phones.

- July 1, 2020 – Only after prompted by an e-mail from Plaintiff's counsel, counsel for Defendant appears 25 minutes late for deposition of Vasili Barbounis.  Vasili Barbounis appears about 10 minutes later, and deposition begins 45 minutes later than originally scheduled.

- July 1, 2020 – The Court orders (Dkt. 60) that a letter Defendant submitted to the Court on June 25 but only received by the Court on June 29 due to an email error, will be construed as a request for reconsideration of the Court's June 25, 2020 discovery Order (Dkt. 58).  The Court also ordered Plaintiff to submit a response to Defendant's June 25 letter on or before July 2, 2020.

- July 2, 2020 – The data from Defendant's two phones (but no other devices) are finally sent to Cornerstone.  Defendant's failure also deliver the usernames and passwords for the listed accounts by 5:00 p.m. on June 29, 2020 further delays the processing and search of the images by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on July 6.

22

- July 2, 2020 – Plaintiff submits response to Defendant's June 25, 2020 letter as ordered by the Court on July 1, 2020 (Dkt. 60).

- July 6, 2020 – Counsel for Plaintiff receives confirmation from Cornerstone that some usernames and passwords for accounts were finally received by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on June 29.

- July 7, 2020 – Counsel for Defendant contacts Plaintiff seeking Plaintiff's agreement on modifications to the Court's June 25, 2020 Order.  Counsel for Defendant incorrectly asserts that Plaintiff had already agreed the terms Defendants proposed as modifications to the Order.

- July 8, 2020 – Plaintiff responds that it is willing to discuss with Defendant its proposed modifications to the June 25, 2020 Order and asks counsel for Defendant to provide available times for a call to discuss. Counsel for Defendant fails to provide times he is available to discuss and instead wrongly asserts that the proposed modifications were issues previously agreed upon in the January 15, 2020 Agreed Order.  In other words, six months after she convinced the Court to vacate the January 15 Order (resulting in another six months of costs for MEF to obtain the data MEF requested in 2019), counsel for Defendant now proposes to revert to provisions from that January 15 (Agreed) Order.

- July 14, 2020 – A representative for Cornerstone, Kyle McArdle, emails the parties with an update on what data sources Cornerstone had currently collected, where Cornerstone stood on each item, as well as addressed outstanding items on their

23

end. Notably, Cornerstone confirmed that Defendant has not provided access to and therefore Cornerstone could not capture Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts despite the Court's June 25, 2020 Order (Dkt. 58) requiring Defendant to provide this account information by June 29, 2020. Counsel for Defendant responds to Cornerstone's email insisting that in light of the Court's July 1, 2020 Order (Dkt. 60), Cornerstone should withhold all information until the Court rules on Defendant's request for reconsideration.

- July 16, 2020 – Solely in an effort to prevent many more months of delay and obfuscation by Defendant, Plaintiff agrees to certain modifications on Cornerstone's requirements.

- July 16, 2020 – Counsel for Defendant sends an email to all parties and Cornerstone promising to work with Cornerstone to get the Facebook access, and that if it was agreed that all accounts had been imaged, Cornerstone could move to the next phase of production. This was a misleading agreement because counsel for Defendant failed to provide access information for Defendant's Telegram, Signal, Proton mail, and Wickr accounts as previously ordered by the Court.

- July 16, 2020 – Counsel for Plaintiff emails Defendant with an updated version of the clarifications for Cornerstone but notes that these clarifications do not waive MEF's rights to materials from the missing devices and accounts as well as other information improperly withheld by Defendant. Plaintiff stated that its goal is to prevent further delay in the production of materials requested in December 2019.

- <u>July 16, 2020</u> – Court orders (Dkt. 61) that in consideration of Defendant's request for reconsideration (*see* Dkt. 60) and Plaintiff's July 2, 2020 response, Defendant's request for reconsideration is dismissed as moot.

- <u>July 21, 2020</u> – Cornerstone reports that it still does not have access to Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts. Counsel for Plaintiff confirms that these accounts were still missing from the production and that the parties had not yet received confirmation on the images of documents and audio/video recordings on the phones. While these accounts were still missing from the images, counsel for Plaintiff informs Cornerstone that these open issues should not prevent Cornerstone from processing the information is currently has in its possession. Finally, Plaintiff asks counsel for Defendant when he can get Cornerstone access to Defendant's Facebook and other missing accounts.

- <u>July 22, 2020</u> – Counsel for Defendant again holds up Cornerstone's production of documents by objecting to Plaintiff's 25 search terms. Counsel for Plaintiff responds that Plaintiff has provided 25 search terms consistent with the Court's June 25, 2020 Order (Dkt. 58) and claims that once Cornerstone conducts a search of the terms, a more accurate analysis can be conducted.

- <u>August 11, 2020</u> – After disposing of Defendant's objections to Plaintiff's search terms, Cornerstone provides Plaintiff its initial production of Defendant's incomplete discovery, more than eight (8) months after initially serving expedited discovery requests upon Defendant.

- <u>August 12, 2020</u> – Plaintiff sends two letters to Defendant. The first letter details the continuing discovery deficiencies of Defendant, including her failure to produce all electronic devices in her possession as ordered by the Court, failure to allow Cornerstone access to all applications and accounts as ordered by the Court, and failure to preserve evidence. Plaintiff requests that counsel work to resolve these issues so that Plaintiff can schedule a deposition of Defendant in early September. *See* Ex. A, Plaintiff's Letter Re Defendant Lisa Barbounis' Continuing Discovery Deficiencies (August 12, 2020).  The second letter addressed the ongoing discovery deficiencies of the third-party witnesses in the case.  Specifically, the letter details that in violation of the Order on June 12, 2020 (Dkt. 55), which required Defendant, among other things, to produce all documents responsive to these third-party subpoenas on or before June 19, 2020, Defendant produced random, incomplete documents purportedly responsive to the subpoenas for Ms. Yonchek and Ms. Brady at 9:26 p.m. on June 28, 2020, the night before their depositions were to commence at 9:00 a.m. the following morning. Additionally, Plaintiff notes that MEF did not receive any responsive documents from Ms. McNulty despite service of the subpoena. Finally, Plaintiff notes that Vasili Barbounis testified that he was neither aware of the requirement under the subpoena to search his email and electronic devices for communications or other information related to MEF, nor did he receive any instruction to do so. Accordingly, Plaintiff requested that Defendant produce all responsive documents to its subpoenas served on all third parties by Thursday, August 20, 2020.

- <u>August 20, 2020</u> – Defendant did not produce the responsive documents to its subpoenas served on all third parties as requested in MEF's letter to Defendant's counsel on August 12, 2020.

- <u>August 31, 2020</u> - As of the date of this filing, Defendant has not responded in any way to the two letters sent on August 12, 2020, has not provided the additional devices to Cornerstone, has not provided access information to the accounts as ordered by this Court, has not provided the missing documents from the third party witnesses he also represents, and has not cooperated with scheduling the depositions of his client and the other third parties.

By this Motion, MEF needs yet again to seek relief from this Court to remedy the travesty that has befallen MEF in its efforts to make any headway with Defendant, through court orders or otherwise. As shown by the timeline above, MEF has diligently and repeatedly attempted to resolve these discovery issues. MEF has proposed affidavits and, on three other occasions, proposed stipulated orders that would save both parties time and money. Since filing this action on December 5, at which time MEF served discovery requests on the Defendant, MEF has not received full and complete responses, which has prevented and otherwise hampered MEF in the pursuit of its case and from preparing and proceeding with depositions in this case. Defendant unilaterally halts productions of materials ordered by the Court, refuses to provide access to account information needed by Cornerstone, and when documents are required by subpoenas to his clients and even ordered by the Court, they are produced at 9:26 p.m. the night before a 9:00 a.m. deposition is to begin. And even that production was incomplete, in random PDF form, and without metadata.

MEF continues to be harmed by Defendant, who, despite repeated notices starting in October 2019, never preserved the discoverable information and refuses to agree to straightforward request that she not disclose MEF data and work with MEF on its return and destruction.  MEF is hopeful that the Court understands its concerns as a small non-profit entity incurring significant expenses to simply ensure that Defendant and her counsel perform their discovery obligations as repeatedly ordered by the Court.  In light of this history, MEF can come no other conclusion than Barbounis has this information in her possession and disclosed it to third parties. Otherwise, Defendant would have agreed to a stipulation that she would not disclose MEF data and agree on protocols to return it, and she would not actively work so hard to prevent discovery ordered by the Court if she truly believed that there was no basis for MEF's claims.  MEF should not be in this situation over eight months after serving "expedited" discovery, and pressing a Defendant and her counsel who have not acted diligently to preserve data and in fact Defendant has admitted to wiping her laptop clean after MEF issued a preservation notice.

This situation cries out for a meaningful order from this Court to rectify the Defendant's behavior.

## **ARGUMENT**

### I. **The Court should enforce its orders requiring Defendant to produce all relevant documents and information contemplated by the Court's February 19 and June 25, 2020 Orders**

The Court should find that Defendant violated this Court's prior discovery orders and if necessary, sanction Defendant to comply with her obligations to produce all relevant documents and information contemplated by the Court's February 19 and June 25, 2020 orders.  A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a); *see also Hadley v. Pfizer, Inc.*, No. 08–1440, 2009 WL 1597952, at *2 (E.D. Pa. June 4, 2009).  This Court and MEF can no

longer accept the evasive and incomplete discovery responses from Defendant.

The story continually changes regarding the number of devices Defendant possesses, the documents and materials she has in her possession,[8] what she did, if anything, to preserve her data, and when she will produce her files so that she can be deposed.  Plaintiff's attempts to reach Defendant and her counsel continue to go ignored, and indeed, two substantive letters sent to defense counsel on August 12 have gone unanswered for nearly three weeks.  Defendant's actions described above are the very definition of evasive.

Defendant has not produced complete discovery responses or fully complied with the Court's February 19 and June 25, 2020 Orders.  First, Defendant identified a number of documents in her responses to MEF's first requests for the production of documents, including voice memos of MEF meetings, that Defendant has never produced, despite having been ordered to do so by February 25, 2020.  *See* Ex. B, Lisa Barbounis's Responses to MEF's Expedited Discovery - Interrogatories at 4 ("There are several voice memos that Lisa Barbounis had stored on her phone which were recorded at the direction of Director of the Middle East Forum, Greg Roman and which were made in the course and scope of Lisa Barbounis's employment.").

Second, Defendant did not produce all of her devices for imaging.  The February 19, 2020 Order stated that these items must have been turned over by Defendant to a discovery vendor and imaged; "all electronic devices in her possession, custody, or control which currently contain or have ever contained any of Middle East's documents[] or any documents referring to or relating to Middle East's documents. These devices include, but are not limited to, cell phones, laptops, tablets, USB drives, or hard drives, without regard to whether the devices were purchased or paid for by Barbounis's husband."  *See* Order at ¶ 3 (Dkt. 38).  Defendant did not produce all these

---

[8] Defendant has admitted numerous times to possessing this information.  *See* Pl.'s Reply, Dkt. 43, at 1.

items, instead Defendant only turned over two cell phones and failed to turn over her iWatch and her husband's Lenovo computer, both of which were revealed during third-party depositions to have been used by Defendant during her employment at MEF.  *See* Vasili Barbounis Dep. Tr. at 86:9-20, 90:9-19, July 1, 2020.

Defendant also failed to turn over all usernames and passwords associated with the accounts that were listed by the Court in the June 25, 2020 Order.  Specifically, the June 25th Order required Defendant to provide Cornerstone with her "account usernames and passwords for Google accounts (including but not limited to Gmail, Google Drive, and Google Hangouts) for lisa.e.reynolds@gmail.com and lisabarbounis@gmail.com, ProtonMail, Facebook (including but not limited to Facebook Messenger), Twitter, Instagram, WhatsApp, Signal, Telegram, Wickr, iCloud, and Dropbox. . . ."  Order at ¶ 2 (Dkt. 58).  As of the date of the filing, Defendant has failed to provide Cornerstone access to a number of these applications and accounts including Telegram, Signal, Proton mail, Wickr, and Facebook. By not providing access to all the accounts and applications listed in the Court's June 25, 2020 Order, Defendant is effectively hiding such information from discovery, even though this data remains in Defendant's control (and if not, Defendant failed to preserve the data over the last eight months, in which case, the consequences for Defendant should be far greater).

## **CONCLUSION**

MEF filed action on December 5, 2019 and sought "expedited" discovery.  MEF still has not received full and complete discovery responsive to its requests despite multiple Court orders. Defendant should be held in violation of the Court's Orders, and MEF requests that the Court enter an order with appropriate sanctions to ensure, among other things, that Plaintiff obtains the responsive data from all devices (including the iWatch and the Lenovo computer) as well as detailed information about what was done to preserve the data if anything and when it was done

and that Cornerstone received the usernames and passwords for Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts as previously ordered by this Court.  For the foregoing reasons, MEF further respectfully requests that the Court order Defendant to pay the attorneys' fees and costs associated with obtaining this relief over the past eight months.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 26.1(f)</u>

Counsel for MEF hereby certifies pursuant to Local Rule of Civil Procedure 26.1(f) that the parties, after reasonable effort, are unable to resolve the present discovery dispute.  Plaintiff has attempted in good faith over eight months to obtain responsive documents, and Defendant now refuses to respond to written correspondence sent nearly three weeks ago.


Dated: August 31, 2020             THE MIDDLE EAST FORUM
                                   By counsel


                                   s/ Sidney L. Gold
                                   Sidney L. Gold
                                   sgold@discrimlaw.net
                                   Sidney L. Gold & Associates P.C.
                                   1835 Market Street, Suite 515
                                   Philadelphia, PA 19103
                                   Tel: (215) 569-1999
                                   Fax: (215) 569-3870

                                   Attison L. Barnes, III
                                   abarnes@wiley.law
                                   1776 K Street NW
                                   Washington, DC 20006
                                   Tel: (202) 719-7000
                                   Fax: (202) 719-7049

                                   *Counsel for The Middle East Forum*

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 31, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.


<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER GRANTING PLAINTIFF'S FOURTH MOTION TO COMPEL AND FOR**
**REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS**

It appearing to the Court that it is just and proper to do so and that good cause has been

shown, Plaintiff's Fourth Motion to Compel Defendant to Produce Full and Complete Discovery

("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1.      ORDERED that Defendant is in violation of this Court's discovery orders of

February 19 (Dkt. 38) and June 25, 2020 (Dkt. 58);

2.      ORDERED that Defendant must produce all devices (including Defendant's

iWatch and her husband's Lenovo computer) responsive to the Court's February 19 and June 25,

2020 Orders to Cornerstone, and the imaging of such devices must be fully completed within five

(5) days of this Order;

3.      ORDERED that Defendant must produce all account information that was listed in

the Court's June 25 Order to Cornerstone within five (5) days of the Court's order; and

4.      ORDERED that Defendant pay Plaintiff's reasonable attorneys' fees and costs

incurred related to its efforts to obtain these materials over the past eight months.  Plaintiff shall

submit its supporting documentation for the attorneys' fees and costs incurred by _____, 2020,

after which the Court will set the amount of the award.

SO ORDERED this _____ day of September 2020.

 

_____

The Honorable Juan R. Sánchez
United States District Court