UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF'S MOTION TO COMPEL THIRD PARTY WITNESSES TO PRODUCE FULL AND COMPLETE RESPONSES TO SUBPOENAS**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to compel third-party witnesses Delaney Yonchek, Catriona Brady, Patricia McNulty, and Vasili Barbounis (referred to collectively as "third-party witnesses"), all of whom are represented by Defendant's counsel, to provide full and complete responses to MEF's Subpoenas to Produce Documents, Information, or Objects ("subpoenas") served on each third-party witness individually on May 21, 2020 pursuant to Fed. R. Civ. P. 45(g). Most recently, on June 12, 2020, this Court ordered third-party witnesses represented by Defendant's counsel to provide documents and other materials responsive to the outstanding subpoenas by June 19, 2020. *See* Order, Dkt. 55. Despite this Court's Order and repeated requests by Plaintiff, the third-party witnesses have failed to comply. For the reasons set forth in MEF's accompanying Memorandum, this Court should grant MEF's Motion to Compel Production and order the third-party witnesses to fully comply with their subpoena requests within the next five (5) calendar days or sooner.

1

Wherefore, for the reasons set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion, MEF, by counsel, respectfully requests this Court to:

1. Enter the proposed order attached hereto;

2. Order that the third-party witnesses are in violation of this Court's June 12, 2020 Order and that each third-party witness must produce within five (5) days of the Court's order all documents and information responsive to the individual subpoenas served upon them on May 21, 2020;

3. Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred related to this motion; and

4. Grant such further relief as this Court deems just and proper.

Dated: August 31, 2020                    THE MIDDLE EAST FORUM
                                          By counsel

                                          s/ Sidney L. Gold
                                          Sidney L. Gold
                                          sgold@discrimlaw.net
                                          Sidney L. Gold & Associates P.C.
                                          1835 Market Street, Suite 515
                                          Philadelphia, PA 19103
                                          Tel: (215) 569-1999
                                          Fax: (215) 569-3870

                                          Attison L. Barnes, III
                                          abarnes@wiley.law
                                          1776 K Street NW
                                          Washington, DC 20006
                                          Tel: (202) 719-7000
                                          Fax: (202) 719-7049

                                          *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THIRD PARTY WITNESSES TO PRODUCE FULL AND COMPLETE RESPONSES TO SUBPOENAS**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Fed. R. Civ. P. 45(g), submits the following Memorandum of Law in Support of its Motion to Compel Full and Complete Responses to Subpoenas.

## INTRODUCTION

In this action, MEF seeks to protect against and to remedy the substantial harm resulting from possession and use of MEF's sensitive, proprietary data by Defendant, a disgruntled former employee of MEF. As this Court is aware, MEF has raised Defendant's delay and non-compliance with the Court multiple times over the last eight months, resulting in multiple orders that Defendant must provide responsive information to Plaintiff. Another motion to compel as well as a motion for contempt and sanctions are pending against the Defendant, as is a motion for attorneys' fees and costs that the Court held in abeyance a few months ago in an effort to ensure that Defendant complied with her obligations.

This motion is filed against Defendant's cohorts who are also represent by the same lawyer

1

(Seth Carson), and comes after numerous unsuccessful attempts to seek cooperation from Mr. Carson regarding the production of complete and responsive information from the third-party witnesses who have knowledge of Defendant's access to MEF data, and whom Plaintiff understood also possess MEF information.

After scheduling initial deposition dates for the third-party witnesses with Mr. Carson, MEF initially served subpoenas on February 28 and March 4, 2020.  On May 21, 2020, MEF gave notice to each third-party witness of its intent to serve subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action.  *See* Exs. A, B, C, and D.  Although slightly different for each third-party witness, the subpoenas generally requested any documents or communications (1) exchanged with Defendant referring to MEF data, (2) exchanged with other parties related to electronic devices owned by Defendant, the identification and location of such devices, or the replacement, destruction, or alteration of such devices, (3) exchanged with other parties about this case, (4) exchanged with any other party relating or referring to MEF and/or its principals, (5) exchanged with any other party discussing the sale of an Apple computer used by Defendant, and (6) exchanged with any other party discussing information security measures taken by MEF.  *See id.*

As this Court may recall, Mr. Carson refused to cooperate with Plaintiff's counsel in scheduling third-party witness depositions.  This prompted the Court on a telephonic hearing to direct defense counsel to commit to produce the third-party witnesses for deposition on June 29-30 and July 1, 2020.  On June 12, 2020, after a second telephonic hearing with the parties, the Court ordered Mr. Carson, among other things, to produce all documents responsive to the third-party subpoenas on or before June 19, 2020.  *See* Order, Dkt. 55 ("Documents and other materials responsive to any outstanding subpoenas issued by Plaintiff The Middle East Forum to any third

parties represented by counsel for Defendant Lisa Reynolds-Barbounis shall be produced to the Middle East Forum on or before June 19, 2020."). The Court's Order was based on specific representations by Mr. Carson to this Court during the June 12 telephonic hearing that he could produce all responsive documents on or before June 19, 2020. By June 19, 2020, Mr. Carson and the third-party witnesses failed to produce any information responsive to its subpoenas in violation of the Court's June 12, 2020 Order (Dkt. 55). Plaintiff's counsel relied on Mr. Carson to produce the third-party witness documents by June 19, 2020 so that Plaintiff could review the productions to adequately prepare for the third-party witness depositions commencing on June 29, 2020. Accordingly, Plaintiff sent the Court a letter on June 22, 2020 detailing the third-party witnesses' failure to comply with the Court's June 12, 2020 Order (Dkt. 50) and requested an emergency teleconference to discuss. *See* Ex. E, Plaintiff's Letter to the Court (June 22, 2020).

In response to Plaintiff's letter to the Court, on June 26, 2020 the Court ordered that the parties confer regarding the discovery dispute in an effort to resolve it, but if the parties could not resolve the dispute, Plaintiff was permitted under the Order to renew its request for a teleconference. *See* Order, Dkt. 59. That same day, the parties conferred via telephone regarding the discovery dispute wherein defense counsel stated that he would produce all subpoenaed information by the close of business. On June 27, 2020, Plaintiff emailed Mr. Carson that it did not receive any of the remaining subpoenaed information, as promised in the meet-and-confer the day prior.

Instead of producing the subpoenaed documents by June 19 as ordered by the Court or by the close of business on June 26 as thereafter promised by Mr. Carson, MEF received an incomplete batch of documents purportedly responsive to the subpoenas for only Ms. Delaney Yonchek and Ms. Catriona Brady at 9:26 p.m. on June 28, 2020, the night before their depositions

3

were to commence at 9:00 a.m. the following morning. Further, MEF did not receive any responsive documents from Ms. Patricia McNulty or Mr. Vasili Barbounis despite service of their subpoenas and this Court's June 12, 2020 Order (Dkt. 55). Even more concerning, Vasili Barbounis testified at his deposition that he was neither aware of the requirement under the subpoena to search his email and electronic devices for communications or other information related to MEF, nor did he receive any instruction to do so. *See* Vasili Barbounis Dep. Tr. at 22:10-17, 24:8-15, July 1, 2020.

As a result of counsel's continued failure to comply with all Court Orders and representations on the matter, at the commencement of the depositions MEF reserved its rights, including to obtain the responsive documents, to review the documents that were produced on the eve of the depositions, and to reconvene the depositions of the third-party witnesses. *See* Caitriona Brady Dep. Tr. at 109-10:13-1, June 29, 2020; Delaney Yonchek Dep. Tr. at 193-94:11-4, June 29, 2020; Patricia McNulty Dep. Tr. at 115:5-9, June 30, 2020. Finally, on August 12, 2020, Plaintiff sent a letter to counsel for the third-party witnesses that addressed the ongoing subpoena violations. *See* Ex. F, Letter to Seth Carson dated August 12, 2020. Among the many deficiencies, MEF specifically noted that Ms. Yonchek had failed to complete her production to account for the PDF files that appeared to be missing as reflected in the bates numbering of the produced documents. *See id.* at 1-2. MEF also noted that Ms. Yonchek had not produced native email files (only PDF format), and thereby deprived MEF of the attachments and metadata associated with such email files. As for Ms. Brady's production, MEF noted that Ms. Brady had failed to provide complete text conversations that contain legible dates since the initial production contained text communications that were cut off and did not contain the dates of such communications. *Id.* at 2. MEF also requested in light of Ms. Yonchek's and Ms. Brady's deposition testimony that they

would cooperate with MEF in MEF's retrieval of the responsive files in their respective Gmail and Google Drive accounts (after which they would be permanently destroyed in a mutually-acceptable manner) and to let MEF know by August 14 how defense counsel would like to proceed with such cooperation. *Id.* Nearly three weeks later, MEF has received no response to its August 12, 2020 letter.

Plaintiff had requested that the third-party witnesses produce all requested and responsive documents to its subpoenas by Thursday, August 20, 2020 so as to allow Plaintiff an opportunity to review the materials and reconvene the third-party witness depositions. Plaintiff did not receive any additional requested or subpoenaed information.

By this Motion, MEF needs yet again to seek relief from this Court to remedy the continuing breaches of this Court's orders. As shown by the factual history above, MEF has diligently and repeatedly attempted to resolve these subpoena issues. MEF continues to be harmed by the failure of Defendant's cohorts (represented by the same lawyer) for failing to provide complete documents and information in response to the third-party subpoenas. By refusing to produce such information in a timely manner for the third-party depositions, violating multiple Court Orders on the matter, and falsely committing to produce the information on multiple occasions, at the very least compels an order from this Court to rectify this conduct.

## ARGUMENT

### I. The Court should compel the third-party witnesses to produce all relevant third-party documents and information requested in the May 21, 2020 subpoenas

The Court should find that the third-party witnesses violated this Court's prior discovery order (Dkt. 50) and again compel them to produce all relevant the third-party documents and information subject to the subpoenas served on May 21, 2020. Rule 45(g) permits the court issuing a subpoena to "hold in contempt a person who, having been served, fails without adequate excuse

to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also High Tech National, LLC v. Stead*, No. 08–1440, 2020 WL 3605286, at *1 (E.D. Pa. July 2, 2020). MEF has received (long after the Court-set due dates, so that objections are waived) incomplete subpoena responses.

The third-party witnesses have not obeyed the terms of the subpoena and have provided no excuse for their failure to do so. They have only produced an incomplete batch of documents in response to the subpoenas served upon Ms. Yonchek and Ms. Brady. Moreover, they have not provided *any* responsive documents in response to the subpoenas served upon Ms. Patricia McNulty and Mr. Vasili Barbounis. As discussed above, in failing to obey the subpoenas, they have violated the Court's June 12, 2020 Order and falsely represented to Plaintiff's counsel his commitment to complying with the subpoena documents requests on an agreed upon date.

Accordingly, MEF has not received full and complete responses to its subpoenas as contemplated by this Court thus preventing MEF from meaningfully preparing for continued depositions and generally completing expedited discovery in this case. The information provided to Plaintiff late the evening before Ms. Yonchek and Ms. Brady's depositions is inadequate for the reasons set forth in MEF's letter dated August 12, 2020 (attached hereto as Ex. F), and the third-party witnesses should not be permitted to evade a court order in this fashion. MEF hereby asks the Court to consider consequences for the third-party witnesses and their counsel.

## **CONCLUSION**

MEF served Subpoenas to Produce Documents, Information, or Objects upon the third-party witnesses on May 21, 2020. Despite numerous efforts and the Court's intervention, Plaintiff has still has not received full and complete responses to these subpoenas. These third-party witnesses should be held in violation of the Court's June 12, 2020 Order and should be again ordered to immediately produce the requested documents and information. MEF also requests that the Court grant Plaintiff's Motion and enter its proposed order.

For the foregoing reasons, MEF further respectfully requests that the Court order these third-party witnesses and/or their counsel to pay the attorneys' fees and costs associated with this motion.

**CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 26.1(f)**

Counsel for MEF hereby certifies pursuant to Local Rule of Civil Procedure 26.1(f) that the parties, after reasonable effort, are unable to resolve the present discovery dispute.

Dated: August 31, 2020                             THE MIDDLE EAST FORUM
                                                   By counsel

                                                   s/ Sidney L. Gold
                                                   Sidney L. Gold
                                                   sgold@discrimlaw.net
                                                   Sidney L. Gold & Associates P.C.
                                                   1835 Market Street, Suite 515
                                                   Philadelphia, PA 19103
                                                   Tel: (215) 569-1999
                                                   Fax: (215) 569-3870

                                                   Attison L. Barnes, III
                                                   abarnes@wiley.law
                                                   1776 K Street NW
                                                   Washington, DC 20006
                                                   Tel: (202) 719-7000
                                                   Fax: (202) 719-7049

                                                   *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |
| | : |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE FULL AND COMPLETE DISCOVERY

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion to Compel Defendant to Produce Full and Complete Discovery ("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1. ORDERED Order that the third-party witnesses are in violation of this Court's June 12, 2020 Order (Dkt. 55);

2. ORDERED that each third-party witness (Delaney Yonchek, Catriona Brady, Patricia McNulty, and Vasili Barbounis) must produce within five (5) days of the Court's order all documents and information responsive to the individual subpoenas served upon them on May 21, 2020; and

3. ORDERED that the third-party witnesses and their counsel shall pay Plaintiff's reasonable attorneys' fees and costs incurred related to this motion.

SO ORDERED this _____ day of September, 2020.

_____
The Honorable Juan R. Sánchez
United States District Court

1