# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

## NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C., and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

# UNITED STATES DISTRICT COURT
### for the
Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Catriona Brady c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C. 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*

                        OR

_____      /s/Sidney L.Gold, Esquire
   *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:
Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DOCUMENT REQUEST TO CAITRIONA BRADY

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Brady," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Caitriona Brady, in her personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9. "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10. "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11. The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12. "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13. "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14. "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15. The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests. All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.   If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.  the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.     the date of deposition;

iv.     and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.   If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.     If any portion of a document is responsive to a document request, the entire document shall be produced.

22.     If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.     If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.     Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.     Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3. Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4. Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5. Documents and Communications between you and any person (including but not limited to Defendant and Delaney Yonchek, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File

Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file

```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| | | |
|---|---|---|
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

     Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

     Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**
BY: _____
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Delaney Yonchek  c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:

Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9744;  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

&#9744;  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO DELANEY YONCHEK

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Yonchek," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Delaney Yonchek, in her personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

- 1 -

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.     "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.    All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.    Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.    These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.    All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.    In responding to these discovery requests:

    a.   If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.   the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

       iii.    the date of deposition;

       iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## <u>REQUESTS FOR DOCUMENTS AND THINGS</u>

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.      Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.      Documents and Communications between you and any person (including but not limited to Defendant and Caitriona Brady, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

6.      Documents and Communications between you and any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) relating or referring to information security measures taken or implemented by MEF.

*The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File

    Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

    Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

## Metadata Fields

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

     Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

     Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files
        Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

                              **SIDNEY L. GOLD & ASSOC., P.C.**


                              **/s/ Sidney L. Gold, Esquire**
                    BY:  _____
                              SIDNEY L. GOLD, ESQUIRE
                              I.D. NO.: 21374
                              1835 Market Street, Suite 515
                              Philadelphia, PA 19103
                              (215) 569-1999
                              sgold@discrimlaw.net
                              Attorneys for Plaintiff

Dated: 05/21/20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of PA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Patricia McNulty c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached addendum for list of documents to be produced.

| Place:  Sidney L.Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:
Sidney L. Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO PATRICIA MCNULTY

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "McNulty," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Patricia McNulty, in her personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.       "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.       "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.      "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.   If a document was, but no longer is, in your possession, custody, or control, state:

        i.    how the document was disposed of;

        ii.   the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.   the date of deposition;

iv.   and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.   If any portion of a document is responsive to a document request, the entire document shall be produced.

22.   If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.   If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.   Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.   Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.      Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.      Documents and Communications between you and any person (including but not limited to Defendant and Delaney Yonchek, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

*The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File
 Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
 Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
| --- | --- | --- |
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

- 8 -

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

     Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**<u>TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated:  05/21/20

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Vasili Barbonis c/o Seth Carson, Esquire
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See attached addendum for list of documents to be produced.

| Place: Sidney L. Gold & Assoc., P.C. 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/Sidney L. Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:
Sidney L. Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

  ❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

  ❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO VASILI BARBOUNIS

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Vasili," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Vasili Barbounis, in his personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendant in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.     "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.    "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.    The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.    "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.    "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.    "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.    The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.  If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.  the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

           iii.    the date of deposition;

           iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

    b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.     If any portion of a document is responsive to a document request, the entire document shall be produced.

22.     If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.     If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## <u>REQUESTS FOR DOCUMENTS AND THINGS</u>

1.     Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data by any means including but not limited to via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.     Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel)

relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.      Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) relating or referring to the malfunctioning, replacement, destruction, or alteration of devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, a Microsoft Surface, her cell phones, and her storage devices.

4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

5.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

6.      Documents and Communications referring to or concerning the identification and location of electronic devices or accounts used by Defendant since December 2018, including but not limited to cell phones, email accounts, messaging accounts, USB and other storage devices, laptops, tablets, desktop computers, and other personal computing devices.

*The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File

Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file

```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

- 6 -

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

Text Files

      Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

      Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

      Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

# Exhibit E

LAW OFFICES OF

# SIDNEY L. GOLD & ASSOCIATES

### A PROFESSIONAL CORPORATION

_____

1835 MARKET STREET, SUITE 515
PHILADELPHIA, PA 19103
(215) 569-1999    FAX (215) 569-3870

SIDNEY L. GOLD **++ *
TRACI M. GREENBERG* **
NEELIMA VANGURI*
WILLIAM RIESER*
JAMIE L. FORD*
LEANNE LANE COYLE*

*         ALSO ADMITTED IN NEW JERSEY
**       ALSO ADMITTED IN NEW YORK
++      ALSO ADMITTED IN DISTRICT OF COLUMBIA

June 22, 2020

Via E-Mail

The Honorable Juan R. Sánchez
United States District Court
for the Eastern District of Pennsylvania
601 Market St., Room 14613
Philadelphia, PA 19106-1797

**RE:** **Plaintiff's Emergency Request to Enforce This Court's Order Dated June 12, 2020** -
*The Middle East Forum v. Lisa Reynolds-Barbounis*, C.A. No.: 19-5697-JS

Dear Judge Sánchez,

On behalf of Plaintiff The Middle East Forum ("MEF"), I write to inform the Court of the
failure of Defendant's counsel (who also represents certain non-parties[1] who were subpoenaed
by Plaintiff) to comply with the Court's June 12, 2020 Order (ECF No. 55) requiring production
to MEF by June 19, 2020 "[d]ocuments and other materials responsive to any outstanding
subpoenas issued by Plaintiff The Middle East Forum to any third parties represented by counsel
for Defendant Lisa Reynolds-Barbounis..."[2]  To date, MEF has not received any documents as

---

[1] The non-parties are Defendant's husband Vasili Barbounis, Delaney Yonchek, Caitriona Brady, Patricia McNulty,
and Matthew Ebert.
[2] It should also be noted that counsel for Defendant, as noted by Plaintiff in a telephonic conference with the Court
on Wednesday, June 17, 2020, also failed to comply with the second part of the Court's June 12, 2020 Order, which
required defense counsel to "participate in a telephone conference with Capsicum Group on or before June 15,
2020."

1

ordered by the Court in response to subpoenas served on February 28, 2020, almost four months ago.

As the Court will recall, although Plaintiff issued these subpoenas in February, defense counsel had not cooperated with Plaintiff's counsel to set these depositions over the last four months, prompting the Court at a recent telephonic hearing to direct defense counsel to commit to produce those witnesses for deposition on June 29-30 and July 1. The Court's Order was based on specific representations by defense counsel to this Court during a June 12 telephonic hearing that he could produce all responsive documents on or before June 19, 2020. Plaintiff's counsel relied on defense counsel to produce these non-party documents by last Friday so that Plaintiff could review the productions to adequately prepare for the depositions commencing on June 29, 2020. Defense counsel has made concerning statements that his non-party witnesses would simply produce documents identified for separate employment litigation without a diligent search for materials responsive to the issues in this trade secrets/proprietary information case. Even then, defense counsel and his non-party clients have failed to produce <u>any documents</u>, much less documents related to this case. Four months is more than sufficient time to compile, review, and produce responsive documents related to the issues in this case, especially when ordered to do so by this Court.

Accordingly, Plaintiff requests an emergency call with the Court with a court reporter present to discuss failure to comply with this Court's Order, which is preventing MEF from moving forward with discovery.

Separately from this emergency request to enforce the Court's June 12 Order, Plaintiff renews its motion for attorneys' fees (currently pending before this Court) because of the expensive and continuing six-month delay by Defendant and her counsel. Specifically, Plaintiff, a small non-profit entity, again requests that the Court: (1) grant Plaintiffs' Motion for Attorneys' Fees; and (2) permit Plaintiff to file a declaration to detail the reasonable attorneys' fees and costs incurred unnecessarily because of Defendant's and her counsel's months-long discovery abuse. Despite clear obligations under the discovery rules and this Court's various orders over the last six months, Defendant and her counsel do not comply, prejudicing Plaintiff with, among other things, unnecessary attorneys' fees and costs.

Thank you for your attention to this matter.

Respectfully,

*/s/Sidney L. Gold*

SIDNEY L. GOLD

cc:    Attison L. Barnes, III
       Seth Carson

2

# Exhibit F

Attison L. Barnes III
202.719.7385
abarnes@wiley.law

# wiley

Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202.719.7000

**wiley.law**

August 12, 2020

**BY E-MAIL**

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103

Re: *The Middle East Forum v. Lisa Reynolds-Barbounis*, C.A. No.: 19-5697-JS (E.D. Pa.) –
Continuing Third-Party Discovery Deficiencies

Dear Seth:

I write to follow up on our prior discussions regarding the continuing deficiencies of your clients
Delaney Yonchek, Catriona Brady, Patricia McNulty, and Vasili Barbounis with respect to the
subpoenas served upon them in the referenced action.

As you know, each of these individuals was served with a subpoena for the production of
documents in advance of their respective depositions. Additionally, on June 12, 2020 (Dkt. 55)
the Court ordered that you, among other things, produce all documents responsive to these third-
party subpoenas on or before June 19, 2020. Instead of producing subpoenaed documents by
June 19 as ordered by the Court, you sent some random, incomplete documents purportedly
responsive to the subpoenas for Ms. Yonchek and Ms. Brady at 9:26 p.m. on June 28, 2020, the
night before their depositions were to commence at 9:00 a.m. the following morning. This was
in violation of the court order that the materials should be produced by June 19. As discussed at
the commencement of the depositions, we did not have a reasonable opportunity to review the
documents produced late that evening before the depositions. In addition, MEF did not receive
any responsive documents from Ms. McNulty despite service of the subpoena. As we agreed at
the depositions, MEF reserved its rights, including to obtain the responsive documents, to review
the documents that were produced on the eve of the depositions, and to reconvene the
depositions of these individuals.

MEF is also troubled that in his deposition, Vasili Barbounis testified that he was neither aware
of the requirement under the subpoena to search his email and electronic devices for
communications or other information related to MEF, nor did he receive any instruction to do so.
Accordingly, MEF requests that all responsive documents to its subpoena served on Vasili
Barbounis be promptly collected and sent to MEF by Thursday, August 20, 2020 so that this
deposition can be promptly reconvened as well.

Regarding the tardy document production by Ms. Yonchek, the bates numbers are not sequential,
and therefore the production is incomplete. The first PDF file is numbered from 000010 through

Seth D. Carson, Esq.
August 12, 2020
Page 2

000051 and the second is numbered from 000227 through 000461.  Please produce documents numbered 000001-000010 and 000051-000227, as these appear to be missing from the production.  Upon review, the documents contained in the PDF files for Ms. Yonchek are mostly e-mail files, but yet they were produced in PDF format depriving MEF of the referenced attachments sent or received with the emails and depriving MEF of the metadata associated with the email files.  Accordingly, those files should be produced in native email file format to allow for meaningful review before we reconvene Ms. Yonchek's deposition.

Also, PDF documents produced by Ms. Brady reflect incomplete text message conversations cut off at the bottom or top.  Additionally, while some PDF chat messages show a day and month, there is no year included in the messages.  Thus, MEF requests prompt (no later than Thursday, August 20, 2020) production of the complete chat/text message conversations between Ms. Brady and Ms. Marnie Meyer, including full and legible dates for the chats/text messages exchanged.

Finally, Ms. Brady and Ms. Yonchek did not produce documents responsive to the subpoenas contained within their Gmail and cloud storage files.  This deprived MEF of the ability to review such files prior to the depositions.  They testified that they would be willing to turn over the materials and then work with us to permanently destroy all MEF information still in their possession.  We will need to work together to implement a protocol to ensure that their Gmail and cloud accounts are captured in a forensically-sound manner before anyone (including you or anyone else) accesses the files and alters the metadata.  I am fine using Cornerstone or some other mutually-acceptable vendor (not Capsicum), so please let me know by August 14 whether you have a preference or I will select a vendor.  Once the files are captured, we will implement a protocol for permanent deletion so that your clients no longer possess MEF-related materials and communications.

After having a reasonable opportunity to review all responsive documents as contemplated by the Court in its June 12, 2020 Order (Dkt. 55), MEF will reconvene these depositions.  Assuming we will have these materials by Thursday, August 20, 2020, we will need available deposition dates between August 20 and September 4, 2020.  Thank you in advance for your cooperation.


Very truly yours,

Attison L. Barnes III
*Counsel for The Middle East Forum*

wiley.law