IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
|  | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**DEFENDANT, LISA BARBOUNIS' MOTION FOR CONTEMPT
AND SANCTIONS, ATTORNEYS' FEES, AND COSTS AGAINST
PLAINTIFF,THE MIDDLE EAST FORUM AND PLAINTIFF'S COUNSEL
SYDNEY L. GOLD AND ATTISON BARNES AND RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT, SANCTIONS,
ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT AND HER COUNSEL**

Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") hereby files this Motion along with the accompanying Memorandum of Law in Support of her Motion for Contempt and Sanctions, Attorneys' Fees and Costs Against Plaintiff, The Middle East Forum ("MEF" or "Plaintiff") and Plaintiff's Counsel, Sydney L. Gold and Attison Barnes and Response in Opposition to Plaintiff's Motion for Contempt, Sanctions, Attorneys' Fees and Costs Against Defendant and Her Counsel.  Wherefore, for the reasons set forth more fully below, Defendant, Lisa Barbounis requests that Plaintiff's Motion (Doc 62) be denied, and that Plaintiff, The Middle East Forum, and Plaintiff's Counsel, Sydney L. Gold and Attison Barnes be held in contempt in connection with filing a recklessly frivolous, intentionally misleading motion calculated to deceive the Court and subject Defendant and her counsel to retaliation for filing lawful claims of discrimination, harassment and retaliation in the Eastern District of Pennsylvania.  Defendant requests that Plaintiff and Plaintiff's counsel be Ordered to pay Defendant's reasonable attorneys' fees and costs in connection with responding to Plaintiff's Motion (Doc 62)  and that the Court

consider further sanctions against The Middle East Forum, and counsel for The Middle East Forum, Sydney L. Gold and Attison Barnes as are just and proper for the disgraceful conduct associated with Plaintiff's Motion including but not limited to a withdraw of Attison Barnes' Pro Hoc Vice admission to this Court.  See Roberts v. Lyons, 131 F.R.D. 75 (E.D. Pa. 1990) citing ("Inherent power of court to manage its affairs necessarily includes authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it.").

                                 **DEREK SMITH LAW GROUP, PLLC**

By:    /s/ Seth D. Carson
       Seth D. Carson, Esquire
       1835 Market Street, Suite 2950
       Philadelphia, Pennsylvania 19103
       Phone: 215.391.4790
       Email: seth@dereksmithlaw.com

DATED: September 14, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
|  | : | NO.   2:19-cv-05697-JS |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| LISA REYNOLDS-BARBOUNIS | : | MOTION FOR SANCTIONS |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S EMERGENCY
MOTION TO COMPEL DISCOVERYAND FOR ENTRY OF A PROTECTION ORDER**

**I.      INTRODUCTION**

It is with heavy heart that Defendant, Lisa Barbounis and specially her counsel files this Motion and Memorandum of Fact and Law in Support of her Motion for Sanctions, Attorneys' Fees and Costs and in Opposition to Plaintiff's Motion (Doc 62) for Sanctions, Attorneys' Fees and Costs.  Ms. Barbounis and her counsel hoped to avoid filing this Motion, Memorandum, and Response by providing Plaintiff, The Middle East Forum an opportunity to withdraw the deceptive, misleading, disparaging Motion for Sanctions which Defendant suggests constitutes a disgrace to the legal profession.  MEF's Motion is the polar opposite of how Courts, the Rules of Professional Ethics and the Federal Rules of Civil Procedure intends parties and counsel to conduct themselves through contentious litigation.  Defendants' Motion trades cooperation for condemnation and elucidation for aspersion, by presenting arguments that would fail any test upon which sanctions should be considered.   Most of Plaintiff's Motion (Doc 62) attempts to regurgitate arguments precisely, which have already been presented and decided.  There is one notably difference. That is, Plaintiff now claims it has uncovered evidence that Lisa Barbounis

3

filed a false Declaration on January 20, 2020 in connection with her Motion for Reconsideration. If Plaintiff, The Middle East Forum believed it uncovered an inconsistency in connection with a Declaration and text messages, the proper response is to explore the inconsistency at deposition. Neither Plaintiff nor counsel considered a meet and confer to discuss any of the issues presented in the instant Motion.  Neither Plaintiff nor counsel considered exploring the issues presented through discovery devices like Interrogatories, Requests for Admissions, or Depositions.

Instead of exploring these issues through discovery, Plaintiff, The Middle East Forum opted to waste the Court's time and resources, along with those of Defendant and her counsel by fantasizing events where the conclusion is an attempted fraud perpetrated against The Middle East Forum.  This is not the first time the victimizer has attempted to play the victim.  Sadly, it probably won't be the last.

Plaintiff's Motion (Doc 62) is yet another attempt to publicly disparaged both Defendant and her counsel.

Importantly, Defendant, Lisa Barbounis stands by every word of her pleading and Declaration, and suggests the evidence unearthed through discovery will demonstrate the veracity of her sworn statement.  Moreover, counsel for Lisa Barbounis stands by every word of his Declaration, and every good faith oral argument presented to this Court.  Because none of these statements are false, none can be proven so.  At best they are disputed issues of material fact which the Court must resolve in favor of the non-moving party when deciding dispositive motions.

## II.   ARGUMENT

### A. Defendant, Lisa Barbounis did not spoliate evidence when she followed the advise of the Director of Human Resources and Factory Reset her Computer.

Upon ending her employment, Defendant, Lisa Barbounis was forced to return a MacBook Air laptop computer to MEF.  The MacBook Air was one of several laptops purchased for employees of The Middle East Forum and subject to a "Bring Your Device Agreement." Under the agreement, employees had the right to maintain possession of the laptop as a personal device upon discontinuation of their employment.  MEF maintained a policy whereby male employees like Matthew Bennett were gifted the laptop when their employment ended but female employees like Defendant, Lisa Barbounis were forced to pay the balance to keep the laptop (total cost minus depreciation).  Lisa Barbounis did not want to pay for the laptop and opted for its return when her employment ended on August 7, 2019.

During her employment, Ms. Barbounis used the laptop as a connection to cloud-based applications and Ms. Barbounis was concerned that personal usernames and passcodes would be ascertained by her former employers after the device's return.  Accordingly, Ms. Barbounis discussed with Marnie Meyer ("Ms. Meyer"), the current Director of Human Resources and CFO for MEF, options for clearing personal, private information from the computer.  Ultimately, Lisa Barbounis followed the instruction of Marnie Meyer and factory resent the computer.  Any information that was cleared from the computer upon factory reset had no relevance to any known litigation at the time.  Ms. Barbounis therefore did was not complicit in spoliation of evidence.

Moreover, the device was only used to access cloud-based applications so meta-data and cloud-based files remained unchanged upon its reset.  Finally, a reset to factory settings does not

necessarily mean that information was lost and Plaintiff is unable to identify any missing information.

Before her employment ended, Ms. Barbounis and Ms. Meyer discussed several options for protecting private information, including the factory reset. Defendant suggests that evidence unearthed through discovery will confirm that Director of Human Resources, Marnie Meyer held similar conversation with four (4) exiting employees including Lisa Barbounis about returning devices to factory settings to safeguard personal private information.

As it was an area of concern, Ms. Barbounis and Ms. Meyer discussed the return of the MEF laptop more than once including its return to factory settings. The text-message communication upon which MEF's Motion for Sanctions is based is a reference to an earlier conversation between Ms. Barbounis and Ms. Meyer. Defendant, Lisa Barbounis produced this text message to demonstrate that MEF's Director of Human Resources and CFO, Marnie Meyer suggested the device's return to factory settings. Had Plaintiff, The Middle East Forum deposed Ms. Barbounis before filing a recklessly frivolous, intentionally misleading Motion for Sanctions, Ms. Barbounis would have explained the meaning of the text message, produced to MEF sometime around February 3, 2020.

### B. Neither Plaintiff nor Counsel Intentionally Redacted or Obscured the text message upon which Plaintiff's entire Motion is Based.

Plaintiff, The Middle East Forum's Motion for Sanctions is based entirely upon the claim that MEF discovered the Declaration of Lisa Barbounis, executed January 17, 2020, was false when it finally reviewed a text message exchange between Lisa Barbounis and Marnie Meyer six (6) months later. Defendant estimates that from February 3, 2020 until the Motion for Sanctions was filed August 31, 2020, counsel for Plaintiff and counsel for Defendants spoke at least twenty (20) times about various issues including extensive conversations about discovery. Moreover,

6

the parties exchanged an estimated one-hundred (100) emails focusing almost exclusively on discovery and documents produced.

Plaintiff, The Middle East Forum's Motion for Sanctions does not present a single piece of evidence to demonstrate that Plaintiff once asked Defendant about the so-called intentionally obscured text message communication produced February 3, 2020.  The absence of this crucial evidence is because Plaintiff, The Middle East Forum, nor its attorneys, Sidney Gold, William Reiser, Leanne Lane Coyle, Jamie L. Ford, Traci M. Greenberg, Neelima-Vanguri, Attison Barnes *never once raised the issue of an obscured text message to Defendant or counsel*.  Had someone called, or sent an email on behalf of Plaintiff, stating, "we are having a hard time reading this one page photograph of a telephone which contains a text message… It appears that the text is white on white, which makes it difficult to read… "

Had someone communicated this on behalf of Plaintiff, Defendant would have responded, "Oh… Sorry about that.  We did not notice that it's difficult to read.  Let us send you a better photo immediately!"  **THIS IS THE WAY A SIMPLE DISCOVERY ISSUE MAY EASILY BE RESOLVED IN FIVE (5) MINUTES**.  **THIS IS THE WAY DISCOVERY ISSUES ARE INTENDED TO BE RESOLVED.**

Plaintiff filed three motion August 31, 2020, and did not pick up the phone or even attempt to call Defendant once about any of these motions.  The parties did not meet and confer a single time about any of the issues in the three motions filed.  Plaintiff continues to send letters to Defendant presenting unilateral, self-serving arguments, and counsel for Defendant has repeatedly suggested that it would be much more productive to discuss these issues in person before engaging in expensive, time consuming motion practice.  As it stands today, the parties have not communicated for well over a month.   Many of the issues were raised by Plaintiff for

the first time in the three Motions filed August 31, 2020.  Plaintiff claims compliance with the Court's Local Rules and 26.1(f), but rarely is compliance realized.

***Instead, of calling counsel for Defendant, or sending a single email on behalf of Plaintiff***, simply raising the issue of the so-called unobscured text message, Plaintiff, the Middle East Forum, and the four (4) law firms it retained, with the estimated twenty (20) attorneys, and the countless paralegals, said nothing.  ***There were zero emails on this issue.  There were zero phone calls.***

Counsel for Defendant did not notice that the text message image was hard to read.  Without violating attorney client privilege, counsel for Plaintiff will state that both sides of the text-message were reviewed, and the photo of the cell phone screen with the text message was produced with every intention of disclosing both sides of the conversation.  Of course this is true as there can be no objection raised to avoid production of two sides of the same conversation.  Moreover, the same text thread was produced again through Cornerstone.

Still, through MEF's unilateral, self-serving interpretation of the text message conversation, Plaintiff suggests the text message exchange indicates a contradiction.

There is no contradiction.  The text message exchange is accurate.  So is Defendant, Lisa Barbounis's Declaration.

Plaintiff's Motion for Sanctions connects many dots by resolving all disputed facts and inferences in favor of issuing sanctions.  This is yet another example.

### C. <u>The parties have yet to engage in extensive discovery.</u>

Many of the issues raised in Plaintiff, The Middle East Forum's Motion for Sanctions can be resolved through discovery.  MEF's Motion repeatedly asks the Court to accept as fact,

arguments that have little or no support or may yet be disputed. The following are examples of facts in dispute.

### 1. A laptop may be factory reset without spoliation of evidence.

Plaintiff, MEF asks the Court to conclude that evidence was spoliated when Defendant, Lisa Barbounis's computer was factory reset at the express instruction of Director of Human Resources, Marnie Meyer. This is not true. Throughout its Motion (Doc 62) Plaintiff, MEF repeatedly argues spoliation without identifying a single example. MEF writes, "we now know that Defendant did delete data from her laptop…" (Doc 62 at p3 ¶ 1.). However Plaintiff has no knowledge and asks the Court, yet again, to conclude disputed facts in Plaintiff's favor in its request for sanctions. Discovery will prove there was no information on Defendant's computer that is no longer accessible. Defendant used her computer to connect to cloud-based applications. Of course, none of the cloud-based applications were compromised when the computer was returned to factory settings. Moreover a computer may be returned to factory settings without compromising its data. This may be an area where the parties have to retain experts. Notwithstanding, the Court is asked to join Plaintiff on this leap with no support, that crucial evidence was stored on this computer that is no longer present. Yet Plaintiff has failed to demonstrate that any information was removed or destroyed.  Again, this is a question that is easily explored during discovery through the deposition of Lisa Barbounis as well as other witness for Plaintiff and possibly experts. If the computer was analyzed by an expert for Plaintiff, as is indicated in Plaintiff's Motion, Defendant has the right to depose this individual.

### 2. The preservation notice sent had no relationship to the instant matter.

Plaintiff, MEF repeatedly references Defendant, Lisa Barbounis' failure to act in accordance with a preservation notice. Yet, at the time the computer was returned to factory

settings, the preservation notice that Plaintiff references was sent in connection with the matters of <u>Lisa Barbounis v. The Middle East Forum</u>, <u>Patricia McNulty v. The Middle East Forum</u>, <u>Delaney Yonchek v. The Middle East Forum</u>, <u>Caitriona v. The Middle East Forum</u>, and <u>Marnie Meyer v. The Middle East Forum</u>.  The preservation notice did not reference, indicate, refer to, or suggest any of the counts brought in the instant matter.  And because the claims against Lisa Barbounis have no basis in law or fact, it would be impossible for Ms. Barbounis to contemplate preserving evidence related to a case for which there was no notice.

The work Lisa Barbounis performed on her computer is in no way related to Lisa Barbounis' claims for hostile work environment, disparate treatment, or retaliation.

The first indication of The Middle East Forum's intention to accuse Plaintiff, Lisa Barbounis of wrongful conduct in connection with her employment is set forth in correspondence dated October 25, 2019, months after Ms. Barbounis's employment with MEF ended and months after Ms. Barbounis was instructed by the current Director of Human Resources, Marnie Meyer to consider returning her computer to factory settings.  Plaintiff repeatedly attempts to conflate the preservation notice connected to Ms. Barbounis' Title VII claims for discrimination, harassment and retaliation with the claims upon which the instant matter is based.  Accordingly, the nature of the information that was supposedly deleted, removed, or spoliated from the MacBook Air is highly relevant.  And to date, Plaintiff, MEF has failed entirely to demonstrate a single example of information that is no longer accessible because of the factor reset.  Also, if a jury believes that Ms. Barbounis was instructed to take these steps by MEF's CFO and Director of Human Resources, then Ms. Barbounis can not be accused of spoliation.

### D. The Declaration of Lisa Barbounis is inherently credible as it identifies with precision when the factory reset was performed.

Defendant, Lisa Barbounis's Declaration executed January 17, 2020 describes with precision when the factory reset was performed. As is observed in Plaintiff's Motion (Doc 62), Lisa Barbounis' last day of employment was August 7, 2019. See Def Mot (Doc 62) at p17 ¶ 1.

Defendant, Lisa Barbounis describes when the factory reset was performed.

> "I followed the instructions of MEF's CFO, Marnie Meyer, and performed a factory reset and returned the Apple laptop to Marnie Meyer within a day or two of my last day working at MEF." A copy of Defendant's Declaration is attached and marked Defendant's Exhibit "A" at ¶ 25.

As Ms. Barbounis's last day of employment was August 7, 2019 and the factory reset was performed August 8, 2019 (See Def Mot p 9), the reset was indeed performed within one (1) day of Ms. Barbounis's last day of employment; this is what Ms. Barbounis swore to. That Ms. Barbounis performed the factory reset at the express direction of Director of Human Resources and CFO, Marnie Meyer is also accurate. Once again, had Plaintiff, MEF and its counsel thought to conduct discovery and possibly depose Ms. Barbounis, these facts would have been unearthed without the need for a thirty-seven (37) page motion, disparaging both Defendant and her counsel, and accusing the opposing party of undertaking a conspiracy to mislead the Court. This is not the way parties, and particularly their attorneys, are supposed to conduct themselves in contentious litigation. There was no need for the instant Motion for Sanctions to be filed. Plaintiff's Motion weaves an imaginary tail of willful delay, and bad faith actors, when open, amicable discussions would have resolved all issues presented.

E. **Plaintiff's Motion for Sanctions repeatedly attempts to mislead the Court.**

Plaintiff, MEF's Motion for Sanctions repeatedly presents information in a false and misleading light it is wrongful attempt at fee-shifting an estimated $100,000.00 of attorneys' fees and costs. The following list of misleading information supports Defendant's argument that Plaintiff should be assessed sanctions in the amount of the attorneys' fees and costs associated with Defendant's Response in Opposition to the instant Motion.

1. **Counsel for Defendant's argument that "she's never erased, never destroyed, never moved, looked at thought about any of the information in this case."**

Counsel for Defendant, Lisa Barbounis is quoted from the transcript of the January 15, 2020 hearing (Def Mot. at p 2 footnote 3). Plaintiff presents this quote in the context of arguing that "Mr. Carson later tried to claim that he never said Defendant had erased data from her laptop Id. at ¶ 3. This is a blatant lie presented to the Court and authored by the attorneys who drafted Plaintiff's Memorandum, Sydney L. Gold and Attison Barnes purportedly. A simple review of the same transcript which forms the basis for Plaintiff's intentionally deceitful argument (Plaintiff refuses to provide the full transcript which would reveal the deceitful citation) confirms that the parties argued this issue openly and on equal footing during the January 15, 2020 hearing; and that neither Plaintiff, Plaintiff's counsel, nor the Court can claim that this statement was made in context of the factory reset MacBook Air. Plaintiff cites to page 24:16-22 of the transcript. Had Plaintiff began the citation only seven (7) lines earlier on the same page (Page 24), it would have included counsel for Defendant, Lisa Barbounis informing the Court about the factory reset device.

> "We had no indication that this case was even considered, or conceptualized, at the time she left MEF. So when she left MEF, she worked with MEF and said, hey, I'mgoing to return my laptop. And before I return it, I don't want all my personal information on my laptop going back to my former Employer that I'm involved in litigation with for sexual assault and sexual harassment. So she reset her laptop. She did a hard reset and then returned it to them." Transcript January 15, 2020 hearing at 24:9-15.

12

This blatant misuse of a citation to deceive the Court while simultaneously arguing that opposing counsel is making false statements represents deplorable conduct on the part of Sydney L. Gold, Attison Barnes. It's disgraceful. Lawyers are supposed to win arguments on the merits. Lawyers are supposed to operate with a moral compass in consideration of the Rules of Professional Ethics and demonstrate that the legal profession is about character and justice. If you read Plaintiff's Motion for Sanctions without considering the full text of this transcript it sounds like counsel for Defendant was making a false statement. When the full context of the page is considered it is clear that counsel was explaining that everything but the laptop is exactly where it was when Ms. Barbounis left MEF. Plaintiff's Motion is full of these false and misleading arguments.

**2. Plaintiff attempts to mislead the Court by misrepresenting the timeline.**

Def Mot, Page 7 at ¶ 2 argues that Plaintiff did not receive the first set of responsive documents from Cornerstone until August 11, 2020. Plaintiff is clearly attempting to draw out the timeline by suggesting that it was Defendant's failure to provide Cornerstone with information that caused documents to be produced by August 11, 2020. All devices and information was provided to Cornerstone at the end of June 2020 and Lisa Barbounis provided Cornerstone with usernames and passcodes to social media accounts beginning of July. Cornerstone then took several weeks to process the information from the accounts and made the first batch of information available by August 11, 2020. Ms. Barbounis provided her user name and passcode to every account that Ms. Barbounis maintained including Facebook. Plaintiff complains that Ms. Barbounis did not provide information from Wickr, ProtonMail, Telegram, or Signal. Ms. Barbounis does not use these applications and either does not have an account or has used the account in a manner that has no relationship to the instant matter.

13

Plaintiff continues to argue about other devices, however, every device to which any MEF information was ever stored was turned over.

### III. CONCLUSION

For the reasons set fourth above, and because none of the statements, declarations, or arguments presented to the Court constitute false statements made under oath, Defendant requests that Plaintiff's Motion for Sanctions be denied. The parties are litigating this case and Plaintiff is attempting to use this Court to punish the Defendant for her lawful, justified defense to Plaintiff's claims. Plaintiff has repeatedly asked the Court to shift fees. Defendant suggests that fee-shifting is inapposite and requests that the Court deny Plaintiff's Motion for Sanctions. Defendant also requests that Plaintiff be sanctioned, at a minimum, the cost of attorneys' fees and costs associated with the Response to Plaintiff's Motion.

**DEREK SMITH LAW GROUP, PLLC**

By: ____/s Seth D. Carson_____
     Seth D. Carson, Esquire
     1835 Market Street, Suite 2950
     Philadelphia, Pennsylvania 19103
     Phone: 215.391.4790
     Email: seth@dereksmithlaw.com

DATED: September 14, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 3, 2020, a true and correct copy of the foregoing Motion and Response was filed and served electronically through the Court's CM/ECF system.

>Sidney L. Gold sgold@discrimlaw.rf  t
>Sidney L. Gold & Associates P.C.
>1835 Market Street, Suite 515
>Philadelphia, PA  19103
>Tel: (215) 569-1999
>Fax: (215) 569-3870
>Counsel for The Middle East Forum

>**DEREK SMITH LAW GROUP, PLLC**
>
>By:      /s/ Seth D. Carson
>    Seth D. Carson, Esquire
>    1835 Market Street, Suite 2950
>    Philadelphia, Pennsylvania 19103
>    Phone: 215.391.4790
>    Email: seth@dereksmithlaw.com

DATED: September 14, 2020