# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA**

|                          |   |                     |
|--------------------------|---|---------------------|
|                          | : |                     |
| THE MIDDLE EAST FORUM,   | : | CIVIL ACTION        |
| Plaintiff,               | : | NO. 2:19-cv-05697-JS |
| -vs-                     | : |                     |
|                          | : |                     |
| LISA BARBOUNIS           | : |                     |
|                          | : |                     |
| Defendants.              | : |                     |

## CAITRIONA BRADY'S OBJECTIONS TO DOCUMENTS REQUESTED

Non-party, Caitriona Brady hereby serves timely objections to Plaintiff's subpoena which has not yet been served.  While the following general objections were provided previously, Non-Party, Caitriona Brady provide specific objections and responses to Plaintiff's subpoena.

## GENERAL OBJECTIONS TO DOCUMENTS REQUESTED

1.      Caitriona Brady objects to the subpoenas overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Caitriona Brady objects to the Documents Requests to the extent they seek information that is protected the attorney-client privilege, attorney-work product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. Caitriona Brady hereby asserts all such applicable privileges, protections, and immunities.  Caitriona Brady intends to preserve all such privileges to the fullest extent, and any disclosure of privileged information in response to these Requests shall be deemed inadvertent and shall not

waive those privileges, protections, or immunities as to that or any other information or document.

3.      Caitriona Brady objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Caitriona Brady believes is sensitive, proprietary, or otherwise confidential.  Caitriona Brady agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement.

4.      Caitriona Brady objects to the Subpoenas to the extent they purport to impose on Caitriona Brady duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court or any other court with jurisdiction over this matter or subpoena.

5.      Caitriona Brady objects to the Subpoenas to the extent that any Request is unreasonably cumulative, redundant, or duplicative of any other discovery request.

6.      Caitriona Brady objects to the Subpoenas to the extent they seek information that is already in the possession of the party making the request or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7.      Caitriona Brady objects to the Subpoenas to the extent that any Request purports to require Caitriona Brady to provide information that does not exist or that is not in Caitriona Brady's possession, custody, or control.

8.      Caitriona Brady objects to the Subpoenas to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable or cannot be easily interpreted.

9.       Caitriona Brady objects to the Subpoenas to the extent any Request, whether standing alone or taken in conjunction with any other discovery request, is overbroad, seeks information that is not relevant to the claims or defenses of either party to this action or otherwise required to be disclosed under the Federal Rules of Civil Procedure, Local Rules, or any other Order of this Court, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to Caitriona Brady.

10.      Caitriona Brady objects to the subpoenas to the extent that any Request seeks information from a time period (including an unlimited time period) that is unduly burdensome or overbroad.

11.      Caitriona Brady objects to the Subpoenas as premature to the extent that any Request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.

## SPECIFIC OBJECTIONS TO DOCUMENTS REQUESTED

1.       Subject to the objections above, Non-Party, Caitriona Brady has searched documents in her possession and has not identified documents in connection with this document request.

2.       Subject to the objections above and objections based on attorney client privilege, Non-Party, Caitriona Brady has not identified any documents in her possession responsive to this request.

3.       Caitriona Brady objects to this request to the extent it seeks privileged communications. This request is overly broad and unduly burdensome and exceeds the bounds of discoverable information based on relevance.  By way of further answer, Caitriona Brady has searched her records and has not identified any documents about the instant litigation in any

format and has never communicated with anyone about the instant litigation – <u>MEF v. Lisa Barbounis</u>.

4.     This request is overly broad and unduly burdensome and exceeds the bounds of discoverable information based on relevance.  Every communication between Caitriona Brady, a non-party to the instant litigation and any other individual that relates or refers to The Middle East Forum and its principles would result in the production of information that does not meet the Court's decision of relevant information and does not meet the definition of relevance according to the Federal Rules of Civil Procedure.  By way of further answer, Caitriona Brady has searched her records and has been unable to identify any information responsive to this request.

5.     Caitriona Brady has not identified any information responsive to this request other than MEF 000001 through 000009

**DEREK SMITH LAW GROUP, PLLC**

By:_____/s/ Seth D. Carson_____
          SETH D. CARSON
          Derek Smith Law Group, PLLC
          1835 Market St, Ste 2950
          Philadelphia, PA 19103
          P: 215-391-4790
          E: seth@dereksmithlaw.com
          *Attorneys for Non Party Caitriona Brady*

<u>DATED: June 28, 2020</u>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date that I caused a true and correct copy of Non Party

Caitriona Brady's timely objections to the Subpoena to Produce Documents to be served

via email to:

> Clark Hill PLC
> 2001 Market Street
> Suite 2620
> Philadelphia, PA 19103
> klevine@clarkhill.com
> ABarnes@wiley.law
> sgold@discrimlaw.net
> brieser@discrimlaw.net

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
        SETH D. CARSON

DATED: June 28, 2020

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 2:19-cv-05697-JS |
| -vs- | : | |
| | : | |
| LISA BARBOUNIS | : | |
| | : | |
| Defendants. | : | |

## DELANEY YONCHEK'S OBJECTIONS TO DOCUMENTS REQUESTED

Non-party, Delaney Yonchek hereby serves timely objections to Plaintiff's subpoena which has not yet been served. While the following general objections were provided previously, Non-Party, Delaney Yonchek provide specific objections and responses to Plaintiff's subpoena.

## GENERAL OBJECTIONS TO DOCUMENTS REQUESTED

1.      Delaney Yonchek objects to the subpoenas overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Delaney Yonchek objects to the Documents Requests to the extent they seek information that is protected the attorney-client privilege, attorney-work product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. Delaney Yonchek hereby asserts all such applicable privileges, protections, and immunities. Delaney Yonchek intends to preserve all such privileges to the fullest extent, and any disclosure of

privileged information in response to these Requests shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other information or document.

3.       Delaney Yonchek objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Delaney Yonchek believes is sensitive, proprietary, or otherwise confidential.  Delaney Yonchek agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement.

4.       Delaney Yonchek objects to the Subpoenas to the extent they purport to impose on Delaney Yonchek duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court or any other court with jurisdiction over this matter or subpoena.

5.       Delaney Yonchek objects to the Subpoenas to the extent that any Request is unreasonably cumulative, redundant, or duplicative of any other discovery request.

6.       Delaney Yonchek objects to the Subpoenas to the extent they seek information that is already in the possession of the party making the request or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7.       Delaney Yonchek objects to the Subpoenas to the extent that any Request purports to require Delaney Yonchek to provide information that does not exist or that is not in Delaney Yonchek's possession, custody, or control.

8.      Delaney Yonchek objects to the Subpoenas to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable or cannot be easily interpreted.

9.      Delaney Yonchek objects to the Subpoenas to the extent any Request, whether standing alone or taken in conjunction with any other discovery request, is overbroad, seeks information that is not relevant to the claims or defenses of either party to this action or otherwise required to be disclosed under the Federal Rules of Civil Procedure, Local Rules, or any other Order of this Court, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to Delaney Yonchek.

10.     Delaney Yonchek objects to the subpoenas to the extent that any Request seeks information from a time period (including an unlimited time period) that is unduly burdensome or overbroad.

11.     Delaney Yonchek objects to the Subpoenas as premature to the extent that any Request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.

## SPECIFIC OBJECTIONS TO DOCUMENTS REQUESTED

1.      Subject to the objections above, Non-Party, Delaney Yonchek has searched documents in her possession and has not identified documents in connection with this document request.

2.      Subject to the objections above and objections based on attorney client privilege, Non-Party, Delaney Yonchek has not identified documents responsive to this request.

3.      Subject to the above objections, Delaney Yonchek objects to this request to the extent it seeks privileged communications. This request is overly broad and unduly burdensome

and exceeds the bounds of discoverable information based on relevance.  By way of further

answer, Delaney Yonchek has searched her records and has not identified any documents about

the instant litigation in any format and has never communicated with anyone about the instant

litigation – <u>MEF v. Lisa Barbounis</u>.

    4.    Subject to the above objections, this request is overly broad and unduly

burdensome and exceeds the bounds of discoverable information based on relevance.  Every

communication between Delaney Yonchek, a non-party to the instant litigation and any other

individual that relates or refers to The Middle East Forum and its principles would result in the

production of information that does not meet the Court's decision of relevant information and

does not meet the definition of relevance according to the Federal Rules of Civil Procedure.  By

way of further answer, Delaney Yonchek has searched her records and has been unable to

identify any information responsive to this request.

    5.    Subject to the above objections, Delaney Yonchek has not identified any

information responsive to this request.

    6.    Subject to the above objections, Delaney Yonchek has not identified any

information responsive to this request.

**DEREK SMITH LAW GROUP, PLLC**

By:_____/s/ Seth D. Carson_____
    SETH D. CARSON
    Derek Smith Law Group, PLLC
    1835 Market St, Ste 2950
    Philadelphia, PA 19103
    P: 215-391-4790
    E: seth@dereksmithlaw.com
    *Attorneys for Non Party Delaney Yonchek*

<u>DATED: June 28, 2020</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date that I caused a true and correct copy of Non Party Delaney Yonchek's timely objections to the Subpoena to Produce Documents to be served via email to:

> Clark Hill PLC
> 2001 Market Street
> Suite 2620
> Philadelphia, PA 19103
> klevine@clarkhill.com
> ABarnes@wiley.law
> sgold@discrimlaw.net
> brieser@discrimlaw.net

**DEREK SMITH LAW GROUP, PLLC**

BY:__/s/  Seth D. Carson_____
       SETH D. CARSON

DATED: June 28, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 2:19-cv-05697-JS |
| -vs- | : | |
| | : | |
| LISA BARBOUNIS | : | |
| | : | |
| Defendants. | : | |

## MATHEW EBERT'S OBJECTIONS TO DOCUMENTS REQUESTED

Non-party, Mathew Ebert hereby serves timely objections to Plaintiff's subpoena which has not yet been served. While the following general objections were provided previously, Non-Party, Mathew Ebert provide specific objections and responses to Plaintiff's subpoena.

## GENERAL OBJECTIONS TO DOCUMENTS REQUESTED

1.      Mathew Ebert objects to the subpoenas overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      Mathew Ebert objects to the Documents Requests to the extent they seek information that is protected the attorney-client privilege, attorney-work product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. Mathew Ebert hereby asserts all such applicable privileges, protections, and immunities. Mathew Ebert intends to preserve all such privileges to the fullest extent, and any disclosure of privileged information

in response to these Requests shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other information or document.

3.      Mathew Ebert objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Mathew Ebert believes is sensitive, proprietary, or otherwise confidential.  Mathew Ebert agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement.

4.      Mathew Ebert objects to the Subpoenas to the extent they purport to impose on Mathew Ebert duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court or any other court with jurisdiction over this matter or subpoena.

5.      Mathew Ebert objects to the Subpoenas to the extent that any Request is unreasonably cumulative, redundant, or duplicative of any other discovery request.

6.      Mathew Ebert objects to the Subpoenas to the extent they seek information that is already in the possession of the party making the request or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7.      Mathew Ebert objects to the Subpoenas to the extent that any Request purports to require Mathew Ebert to provide information that does not exist or that is not in Mathew Ebert's possession, custody, or control.

8.      Mathew Ebert objects to the Subpoenas to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable or cannot be easily interpreted.

9.      Mathew Ebert objects to the Subpoenas to the extent any Request, whether standing alone or taken in conjunction with any other discovery request, is overbroad, seeks information that is not relevant to the claims or defenses of either party to this action or otherwise required to be disclosed under the Federal Rules of Civil Procedure, Local Rules, or any other Order of this Court, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to Mathew Ebert.

10.      Mathew Ebert objects to the subpoenas to the extent that any Request seeks information from a time period (including an unlimited time period) that is unduly burdensome or overbroad.

11.      Mathew Ebert objects to the Subpoenas as premature to the extent that any Request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.

## SPECIFIC OBJECTIONS TO DOCUMENTS REQUESTED

1.      Subject to the objections above, Non-Party, Mathew Ebert has searched documents in his possession and has not identified documents in connection with this document request.

2.      Subject to the objections above and objections based on attorney client privilege, Non-Party, Mathew Ebert has not identified documents responsive to this request.

3.      Subject to the above objections, Mathew Ebert has not identified any documents about the instant litigation in any format and has never communicated with anyone about the instant litigation – <u>MEF v. Lisa Barbounis</u>.

4.      Subject to the above objections, Mathew Ebert has searched her records and has been unable to identify any information responsive to this request.

5.      Subject to the above objections, Mathew Ebert has not identified any information responsive to this request.

6.      Subject to the above objections, Mathew Ebert has not identified any information responsive to this request.

**DEREK SMITH LAW GROUP, PLLC**

By:_____/s/ Seth D. Carson_____
                SETH D. CARSON
                Derek Smith Law Group, PLLC
                1835 Market St, Ste 2950
                Philadelphia, PA 19103
                P: 215-391-4790
                E: seth@dereksmithlaw.com
                *Attorneys for Non Party Mathew Ebert*

DATED: June 28, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date that I caused a true and correct copy of Non Party

Mathew Ebert's timely objections to the Subpoena to Produce Documents to be served

via email to:

> Clark Hill PLC
> 2001 Market Street
> Suite 2620
> Philadelphia, PA 19103
> klevine@clarkhill.com
> ABarnes@wiley.law
> sgold@discrimlaw.net
> brieser@discrimlaw.net

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
         SETH D. CARSON

DATED: June 28, 2020

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA

|                          |   |                       |
|--------------------------|---|-----------------------|
|                          | : |                       |
| THE MIDDLE EAST FORUM,    | : | CIVIL ACTION          |
| Plaintiff,               | : | NO. 2:19-cv-05697-JS  |
| -vs-                     | : |                       |
|                          | : |                       |
| LISA BARBOUNIS           | : |                       |
|                          | : |                       |
| Defendants.              | : |                       |

### VASILLI BARBOUNIS'S OBJECTIONS TO DOCUMENTS REQUESTED

Non-party, Vasilli Barbounis hereby serves timely objections to Plaintiff's subpoena which has not yet been served. While the following general objections were provided previously, Non-Party, Vasilli Barbounis provide specific objections and responses to Plaintiff's subpoena.

### GENERAL OBJECTIONS TO DOCUMENTS REQUESTED

1.     Vasilli Barbounis objects to the subpoenas overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.     Vasilli Barbounis objects to the Documents Requests to the extent they seek information that is protected the attorney-client privilege, attorney-work product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. Vasilli Barbounis hereby asserts all such applicable privileges, protections, and immunities. Vasilli Barbounis intends to preserve all such privileges to the fullest extent, and any disclosure of

privileged information in response to these Requests shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other information or document.

3.      Vasilli Barbounis objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Vasilli Barbounis believes is sensitive, proprietary, or otherwise confidential.  Vasilli Barbounis agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement.

4.      Vasilli Barbounis objects to the Subpoenas to the extent they purport to impose on Vasilli Barbounis duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court or any other court with jurisdiction over this matter or subpoena.

5.      Vasilli Barbounis objects to the Subpoenas to the extent that any Request is unreasonably cumulative, redundant, or duplicative of any other discovery request.

6.      Vasilli Barbounis objects to the Subpoenas to the extent they seek information that is already in the possession of the party making the request or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7.      Vasilli Barbounis objects to the Subpoenas to the extent that any Request purports to require Vasilli Barbounis to provide information that does not exist or that is not in Vasilli Barbounis's possession, custody, or control.

8.      Vasilli Barbounis objects to the Subpoenas to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable or cannot be easily interpreted.

9.      Vasilli Barbounis objects to the Subpoenas to the extent any Request, whether standing alone or taken in conjunction with any other discovery request, is overbroad, seeks information that is not relevant to the claims or defenses of either party to this action or otherwise required to be disclosed under the Federal Rules of Civil Procedure, Local Rules, or any other Order of this Court, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to Vasilli Barbounis.

10.     Vasilli Barbounis objects to the subpoenas to the extent that any Request seeks information from a time period (including an unlimited time period) that is unduly burdensome or overbroad.

11.     Vasilli Barbounis objects to the Subpoenas as premature to the extent that any Request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.

## **SPECIFIC OBJECTIONS TO DOCUMENTS REQUESTED**

1.      Subject to the objections above, Non-Party, Vasilli Barbounis has searched documents in his possession and has not identified documents in connection with this document request.

2.      Subject to the objections above and objections based on attorney client privilege, Non-Party, Vasilli Barbounis has not identified documents responsive to this request.

3.      Subject to the above objections, Vasilli Barbounis has not identified any documents about the instant litigation in any format and has never communicated with anyone about the instant litigation – <u>MEF v. Lisa Barbounis</u>.

4.      Subject to the above objections, Vasilli Barbounis has searched her records and has been unable to identify any information responsive to this request.

5.      Subject to the above objections, Vasilli Barbounis has not identified any information responsive to this request.

6.      Subject to the above objections, Vasilli Barbounis has not identified any information responsive to this request.

**DEREK SMITH LAW GROUP, PLLC**

By:_____/s/ Seth D. Carson_____
        SETH D. CARSON
        Derek Smith Law Group, PLLC
        1835 Market St, Ste 2950
        Philadelphia, PA 19103
        P: 215-391-4790
        E: seth@dereksmithlaw.com
        *Attorneys for Non Party Vasilli Barbounis*

<u>DATED: June 28, 2020</u>

## CERTIFICATE  OF SERVICE

I hereby certify that on this date that I caused a true and correct copy of Non Party Vasilli Barbounis's timely objections to the Subpoena to Produce Documents  to be served via email to:

> Clark Hill PLC
> 2001 Market Street
> Suite 2620
> Philadelphia, PA 19103
> klevine@clarkhill.com
> ABarnes@wiley.law
> sgold@discrimlaw.net
> brieser@discrimlaw.net

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
            SETH D. CARSON

DATED: June 28, 2020