# Exhibit B



October 25, 2019

Attison L. Barnes, III
202.719.7385
abarnes@wileyrein.com

## BY E-MAIL AND OVERNIGHT MAIL

Mrs. Lisa Reynolds-Barbounis
2601 Pennsylvania Avenue, #1153
Philadelphia, PA 19130
lisabarbounis@gmail.com
lisa.e.reynolds@gmail.com

Re:    Post-employment Obligations to The Middle East Forum

Dear Mrs. Reynolds-Barbounis:

This law firm has been engaged by The Middle East Forum ("MEF" or the "Organization") to: (1) investigate your potential wrongdoing and hold you accountable, by legal action if necessary; and (2) ensure, by legal action if necessary, that you: (a) strictly adhere to your post-employment obligations to the Organization; (b) immediately cease and desist from any and all collection, gathering, distribution, or disclosure activities associated with MEF's donor information, financial information, funding source information, proposals, sensitive communications, or other confidential information as contemplated by the Agreement and Manual below ("MEF Data"); and (c) certify that all MEF Data has been permanently deleted from all personal computers or other electronic devices in a manner satisfactory to the Organization.

### I.  Your Obligations Under MEF Non-Disclosure Agreement

As you know, your post-MEF conduct is governed by, among other things, the provisions of the Confidentiality & Non-Disclosure Agreement, which you executed on or about October 16, 2017 (the "Agreement"), as well as the Organization's Personnel Manual (the "Manual"), dated May 2019.

In the Agreement (a copy of which is attached to this letter), you acknowledge among other classifications of information, the sensitivity and confidentiality of:

a.  The names and/or addresses (residential or business) utilized by donors (individuals, families and/or foundations) who provide financial or in-kind support to MEF.



  b. Any address (residential or business) utilized by: (i) MEF President Daniel Pipes; (ii) any MEF board member; (iii) any MEF officer; (iv) any MEF employee; and/or (v) any MEF contractor.

  c. Any materials and/or information clearly and prominently marked "Proprietary" and/or "Private" and/or "Confidential"; or materials and/or information clearly and prominently marked with some similar designation.

  d. Any information that is orally disclosed to EMPLOYEE and identified by MEF as proprietary and/or confidential and/or private.

(hereinafter "Confidential Information"). Agreement, section 2. In the Agreement you also acknowledged that you would have access to "Confidential Information" and agreed to your obligations to safeguard this information. Agreement, sections 3, 6; *see also* Personnel Manual at 11-12, 16.

You further agreed:

  not to disclose any Confidential Information to *any* third party, *including but not limited to family members, relatives, significant others, and friends*, unless (i) MEF provides prior written consent; *and* (ii) MEF and the third party execute a confidentiality agreement.

Agreement, section 4. You agreed to be bound by obligations under the Agreement "regardless of whether or not the parties end any such professional relationship". Agreement, section 7.

Moreover, you agreed that you would:

  take reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of Confidential Information…tak[ing] at least those measures that it takes to protect its own most highly confidential information, and shall promptly notify MEF of any misuse or misappropriation of Confidential Information of which it becomes aware.

Agreement, section 6. In the event that you violate or attempt to violate the Agreement, you agreed that MEF is entitled to seek "injunctive relief *in addition to* all legal remedies." Agreement, section 9.



## II. Your Obligations Under MEF Personnel Manual

Your conduct is also governed by the provisions of the Manual, of which you also acknowledged receipt on or about October 16, 2017. In the Manual (a copy of which is attached to this letter), you acknowledge that all MEF Confidential Information is "solely the property of MEF". Manual at 11. You also agreed to "exercise special care to protect the proprietary and/or confidential information of MEF" and to not "remove any MEF Confidential Information from MEF's premises or make copies of such materials except for use in MEF business." *Id.* at 12, 16.

Further, you agreed that you would:

> return to MEF all MEF Confidential Information, and copies of the foregoing, at any time upon the request of MEF and, in any event and without such request, prior to or upon the termination of employment by MEF. Employees agree not to retain any copies of any MEF Confidential Information, in any form, after termination of employment for any reason.

Manual at 12. In a written memorandum dated November 3, 2018, you were expressly requested to sign, and then executed, a new NDA ahead of a staff meeting on November 5, 2018. In a second memorandum sent on November 15, 2018, after it came to the attention of the Organization that Confidential Information had been improperly discussed, you were reminded of the definition of Confidential Information and your obligations to comply with the signed Agreement. *See* attached Middle East Forum Memoranda, dated November 3, 2018 and November 15, 2018.

## III. Your Obligations Under Pennsylvania Trade Secrets Act

In addition to ensuring that you comply with the Agreement and Manual, we are investigating your conduct which may result in the Organization bringing claims against you.

Under the Pennsylvania Uniform Trade Secrets Act, you are prohibited from misappropriating the trade secrets of MEF. These trade secrets include, but are not limited to, the names, addresses, and telephone numbers of MEF's clients, proposals, pricing structures, and business strategies, as well as MEF's operational requirements and the terms of present and anticipated contracts with clients.



Misappropriation includes, but is not limited to, the disclosure of trade secrets or the use of trade secrets for your own or someone else's benefit. This information is protected regardless of whether it exists in a document, file, or other record, or is simply remembered by you. Re-creating documents, files, or other records of such information after your employment ended also is prohibited. Moreover, any use of this information while working for MEF's competitors or in other organizations would constitute an unlawful and actionable misappropriation of MEF's proprietary information. There are substantial penalties should you fail to abide by these obligations. Separate and apart from the obligations contained in your agreements with MEF, Pennsylvania imposes severe burdens on entities and individuals found liable for wrongful interference and theft of trade secrets claims, including attorneys' fees and punitive damages.

### IV. Your Additional Tort Liability

In addition to the penalties for the misuse of MEF's trade secrets, any inducement by you of a donor, potential donor, contributor, or representative of the media not to do business with MEF may also result in tort claims. Similarly, to the extent we discover during our continuing investigation that you were induced to take action by another person or entity, it is well-settled that the "[s]ystematic inducing of employees to leave their present employment and take work with another" in order "to cripple and destroy an integral part of a [business]," or "for the purpose of having the employees commit wrongs, such as disclosing their former employer's trade secrets or enticing away his customers," rather than "to obtain the services of particularly gifted or skilled employees" is unfair competition under Pennsylvania law. *Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa. 177, 207 A.2d 768, 771 (1965); *see also Reading Radio, Inc. v. Fink et al.*, 833 A.2d 199, 212 (Pa.Super.Ct.2003); *Certified Laboratories of Texas, Inc. v. Rubinson*, 303 F.Supp. 1014 (E.D.Pa. 1969) (where competitor hired employers' former salesman and authorized and ratified conduct which included flagrantly inducing breaches of contract, destroying and altering subpoenaed documents, and falsely testifying before the court, employers were entitled to punitive damages from the competitor); *Colgate-Palmolive Co. v. Carter Prods.*, 230 F. 2d 855, 864 (4th Cir.), *cert. denied*, 352 U. S. 843, 77 S. Ct. 43, 1 L. Ed. 2d 59 (1956) ("One may not escape liability for appropriating the business secrets of another by employing one who has been entrusted with the secrets and permitting him to make use of them."). In other words,



> If an employee has been induced to breach his duty of loyalty to his present
> or former employer, "[n]ot only may liability for such inducement be
> imposed upon the employee who is guilty of a breach of fiduciary duty, but
> it may also be imposed upon any others who have cooperated in or reaped
> the benefits of such a breach."

*Id.* (citing Annotation, Liability for inducing employee not engaged for definite
term to move to competitor, 24 A.L.R. 3d 821).

### V. Your Other Potential Liability

The Organization is considering additional claims against you:

1. Conspiracy, in light of your apparent coordination of the actions above with
   other current and/or former employees of MEF.

2. Unfair trade practices, as a result of any deceptive and dishonest practice of
   collecting and distributing Confidential Information to third parties that
   result in irreparable injury to MEF.

3. Conversion, because of your intentional removal of proprietary information
   belonging to MEF.

4. Breach of your duty of loyalty, by engaging in these prohibited acts, which
   were patently adverse to the best interests of the Organization.

5. Unjust enrichment, to the extent you benefited from this prohibited activity
   at the expense of MEF.

6. Violation of the Computer Fraud and Abuse Act ("CFAA"). An employee-
   hacker violates the CFAA whether he or she uses the data with or without
   financial gain. *See United States v. Rodriguez, 628 F.3d 1258* (11th Cir.
   2010) (employee-hacker violated statute even though he never used the data
   for financial gain).

### VI. Conduct Violating the Agreement and Manual



We are troubled by your improper conduct as you were leaving the Organization and post-employment. It has been brought to the attention of the Organization that you forwarded MEF Confidential Information to your private email account, and to the private email account of a then employee of MEF whom you may have unlawfully induced to leave the Organization. We are investigating the extent to which you may have utilized the Organization's Confidential Information to support political activities of Paul Harris (formerly known as Tommy Robinson), in direct contravention of the Organization's policies and directives. This Confidential Information includes:

(1) a General Operating Support master document and email listing organizations and donors that had been approached or sent proposals for donations;

(2) a sensitive countering violent extremism MEF policy document, composed on MEF's letterhead;

(3) a proprietary MEF policy paper on United Nations Relief and Works Agency for Palestine Refugees ("UNRWA") funding; and

(4) MEF proprietary communications resources, including, but not limited to, media members lists and the Organization's Meltwater account.

Additionally, the Organization has reason to believe that you may possess vital MEF Confidential Information contained in:

1. Audio recordings you made during MEF meetings;

2. Written notes made during MEF meetings;

3. iPhone notes made during MEF meetings, including audio and textual;

4. Google calendar entries, including, but not limited to, Gregg Roman's activities and travels;

5. Google Drive documents containing MEF Data; and

6. University of Pennsylvania accounts used for MEF research.



In light of these developments, we have reason to be concerned that you are disclosing and/or may imminently disclose MEF Confidential Information to third parties in violation of the Agreement and Manual provision detailed above. As MEF's Director of Communications, you were fully aware of MEF's fundraising practices, funding sources, donor information, and policy positions and statements. In fact, during your employment at MEF, you had high-level access to the Organization's most sensitive proprietary information, sources of funding, donor contact information, sensitive proposals, and other MEF trade secrets. As a member of MEF's inner circle, you participated in the Organization's business strategy discussions, including but not limited to business development, marketing initiatives, and media engagements. If you do not immediately confirm in writing that you will cease and desist from any such conduct, MEF will have no choice but to pursue appropriate remedies against you, including injunctive relief.

MEF believes that if you engage in the actions described above, such actions would cause irreparable injury to MEF, whereby MEF's remedy at law for any such competitive breach would be inadequate. In addition to any other available remedies, MEF would seek temporary and permanent injunctive relief against you personally (*and any new employer if applicable*) to enjoin all actual or threatened action that would lead to such violations or otherwise impinge on MEF's trade secrets. MEF would further ask the Court to award to MEF any and all legal costs incurred by MEF to obtain injunctive or other relief. MEF will not only pursue actions against you, but will if appropriate, vigorously pursue its legal remedies against such other individuals or entities with whom you may conspire in derogation of MEF's rights.

## VII.  Demand

You should be fully aware that it is MEF's intention to vigorously enforce its rights; to protect its competitive and proprietary interests. Therefore, on behalf of MEF, I trust that you will fully comply with your legal obligations and that you will cease and desist as stated above. Please confirm by sworn written affidavit **on or before the close of business on Thursday, October 31, 2019** that:

> (1) you will abide by your obligations set forth in the Agreement and Manual as described in this letter;



    (2) you will immediately cease and desist from any and all collection, gathering, distribution, or disclosure activities related to MEF's trade secrets, Confidential Information, or MEF Data; and

    (3) with respect to all MEF Data (however saved, including but not limited to backup media, hard drives, Organization or personal email servers, cloud servers, server tapes, disks, thumb drives, home computers, laptops, PDAs, and/or zip drive media), you will immediately permanently delete this information, including all metadata, in a manner satisfactory to the Organization so that the Organization can confirm proper deletion of such information.

To meet this demand, you must **by close of business on Friday, November 15, 2019,** send to this law firm a register listing all MEF Data and Confidential Information that may be contained on all devices, along with the actual files/copies you possess, including but not limited to:

1. Audio recordings you made during MEF meetings;

2. Written notes made during MEF meetings;

3. iPhone notes made during MEF meetings, including audio and textual;

4. Google calendar entries, including, but not limited to, Gregg Roman's activities and travels;

5. Google Drive documents containing MEF Data; and

6. University of Pennsylvania accounts used for MEF research.

Then, once complete copies have been made and returned to my attention, you must immediately delete all MEF Data and Confidential Information from your devices and provide a written certification under oath to me.

In the meantime, while MEF would prefer an amicable solution, all rights are reserved against you and those acting in concert with you. And we continue our investigation into your potential wrongdoing as MEF considers claims against you.



Very truly yours,


Attison L. Barnes, III

cc:  The Middle East Forum

Exhibit C

**From:** Kyle McArdle <kmcardle@cornerstonediscovery.com>
**Sent:** Tuesday, July 14, 2020 11:50 AM
**To:** Sidney Gold <sgold@discrimlaw.net>; Gregg Roman <Roman@meforum.org>; Seth Carson
<seth@dereksmithlaw.com>; Forensics <Forensics@cornerstonediscovery.com>; Shane Herrmann
<sherrmann@cornerstonediscovery.com>
**Subject:** The Middle East Forum v. Lisa Reynolds-Barbounis Cloud Collection Status

Hello all,
I wanted to give a quick update on all the data sources Cornerstone has currently collected, and where we stand on each
item, as well as address any outstanding items on our end.

Below is an update for each service:

**Phones:**
There was no issue with the provided forensic images. A full filesystem was performed where possible.
Apple iPhone #1 - Fully processed, indexed, and searchable
Apple iPhone #2 - Fully processed, indexed, and searchable

**Cloud:**
Google (lisa.e.reynolds@gmail.com) - Preserved. Currently generating PST files of cloud emails.
Google (lisabarbounis@gmail.com) - Fully preserved, processed, and searchable.
Twitter - Preserved, processed, searchable.
Instagram - Preserved, processed, searchable.
iCloud - Preserved, processed, searchable.
Dropbox - Preserved, processed, searchable.
Facebook - This collection failed. I believe it is because this is for a "business account" on Facebook. We will need to
perform the collection a different way. I have reached out to Mr. Carson to set up a time for a quick call with
Ms. Barbounis to relay the two-factor code to us again so we can perform an additional collection of the page(s)
associated with the Facebook account.


**Work to be completed:**

With the exception of the Facebook account, all the data requested is preserved and currently processing/indexing (if
not already complete). We will need to collect this Facebook account again.

All the data was handed off to our e-Discovery department and it is currently being indexed. When that is complete,
Shane, our e-Discovery manager will run the required searches and provide a hit count and work on producing relevant
documents for review.

If you have any questions please let me know.

Thanks,
--

# Exhibit D

**From:** Barnes III, Attison
**Sent:** Tuesday, July 21, 2020 10:04 PM
**To:** Robert Centofanti; Seth Carson
**Cc:** Kyle McArdle; Sidney Gold; Gregg Roman; Forensics; Shane Herrmann; Briscoe, Adam
**Subject:** RE: The Middle East Forum v. Lisa Reynolds-Barbounis Cloud Collection Status

Rob and Seth -

At the outset, thank you to Rob and Cornerstone for handling this project. As I understand it, while it was not timely under the Court's order, certain imaged information from two iPhones was delivered from Capsicum to Cornerstone, and thereafter certain usernames and passwords were provided to Cornerstone. Cornerstone has compiled information set forth in the e-mail excerpted below, but the Facebook "collection failed." In addition, the collection is missing the following accounts: Telegram, Signal, Protonmail, and Wickr. We also do not yet have confirmation on the images of documents and the audio/video recordings. I'd also like confirmation from Cornerstone that Capsicum created the images of the two phones in a manner that would allow deleted items to be restored and searched.

While the parties' counsel need to address such other accounts, images, and videos, as well as devices other than the two iPhones, those open issues in collection should not prevent Cornerstone from processing the information is currently has in its possession, and I don't believe that Cornerstone is refusing to process the current data unless I confirm that "we are finished with ALL of the data collection" (as Seth's e-mail to me today suggested). In any event, there is no cost for Seth's client if Cornerstone performs subsequent searches on additional information when it is ultimately collected. So that we are all clear, I'll ask Rob to let us know if Cornerstone is refusing to process the data currently in Cornerstone's possession unless I confirm that we are finished with all of the data collection. I don't see any need to hold up the searches on the current data; we don't need further delay.

Finally, as Seth and I have discussed previously, there may also be documents referenced in materials identified by the search terms, as well as messages that refer to other conversations that need to be produced, but again, counsel will need to address those after the search is completed.

So, I agree that Cornerstone can begin the searches on the information is currently has in its possession, but I cannot confirm that all data has been collected. Seth, when can you get Cornerstone access to the Facebook and other accounts? If Seth takes the position that any of these accounts do not exist, Seth and I can discuss how to proceed with some type of declaration from his client, but there is a court order that she provide access to them.

Thanks all.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

Exhibit E

| | |
|---|---|
| **From:** | Kyle McArdle <kmcardle@cornerstonediscovery.com> |
| **Sent:** | Wednesday, July 22, 2020 10:00 AM |
| **To:** | Barnes III, Attison |
| **Cc:** | Robert Centofanti; Seth Carson; Sidney Gold; Gregg Roman; Forensics; Shane Herrmann; Briscoe, Adam |
| **Subject:** | Re: The Middle East Forum v. Lisa Reynolds-Barbounis Cloud Collection Status |

Following up on my previous email, as I mentioned the iPhone devices were imaged using best practices. One device is an iPhone XS and the other is an iPhone 11. Neither of these devices support full file system acquisitions. Logical extractions were performed on both devices using Cellebrite, which does give access to some deleted content and is considered best practices for these phones.

I briefly checked the images of the iOS devices and I can see that there are WhatsApp messages, however I do not see any from Telegram, Wickr, or Signal.

Let me know when you would like to set up a time to perform the Facebook collection.

Let me know if there are any additional questions.
Thank you,

Exhibit F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LISA REYNOLDS-BARBOUNIS, | :   Civil Action No.: 19-5697 |
| | : |
| Defendant. | : |
| | : |

## DECLARATION OF ROBERT CENTOFANTI

I, Robert Centofanti, declare and state as follows:

1. My name is Robert Centofanti, and I am a Director at Cornerstone Discovery ("Cornerstone"). I have held this position since November 2015. I am over the age of eighteen and am competent to testify to the matters that are the subject of this Declaration.

2. My primary work responsibility at Cornerstone is to manage client relations, including ongoing matters. I am the lead individual responsible for the management of Cornerstone's performance under the Court's Order dated June 25, 2020 (the "June 25 Order") appointing Cornerstone as the e-discovery vendor to implement the requirements of the June 25 Order.

3. Cornerstone has been providing e-discovery services to both parties to this litigation since the Court entered the June 25 Order instructing a prior vendor, Capsicum Group, LLC ("Capsicum"), to transfer existing forensic images to Cornerstone.

1

4.  In order to maintain the highest level of neutrality in providing e-discovery services to both parties for this matter, I made it clear to representatives of both parties on multiple occasions that the plain terms of the June 25 Order would dictate the services that Cornerstone provides, and any arising issues would need to be resolved through the agreement of both parties.

5.  Counsel for The Middle East Forum ("MEF") approached me to provide this Declaration to set forth the events surrounding Cornerstone's collection and processing of data sources in accordance with the June 25 Order.

6.  The Court's June 25 Order instructed that Cornerstone receive from Capsicum electronic images of Defendant's two iPhones by June 29, 2020. Cornerstone received this information on July 2, 2020. The iPhone images that Cornerstone received were not accompanied with any collected cloud data, and Cornerstone was provided no indication from Capsicum or the parties that the cloud-based data had been preserved prior to Cornerstone's receipt of the images on July 2, 2020.

7.  The June 25 Order also instructed that Defendant's counsel ("Mr. Seth Carson") provide to Cornerstone all of Defendant's account usernames and passwords by June 29, 2020 for lisa.e.reynolds@gmail.com and lisabarbounis@gmail.com, ProtonMail, Facebook, Twitter, Instagram, WhatsApp, Signal, Telegram, Wickr, iCloud, and Dropbox. On July 6, 2020, Cornerstone received account usernames and passwords for lisa.e.reynolds@gmail.com, lisabarbounis@gmail.com, Facebook, Twitter, Instagram, iCloud, and Dropbox.

2

8. On July 14, 2020, Cornerstone Digital Forensic Examiner Kyle McArdle provided the parties an update on the data sources collected at that point in time. Notably, the collection did not include Defendant's Facebook account due to a technical issue; an alternate collection method would be required. On July 22, 2020, Mr. McArdle sent the parties an additional update requesting that Mr. Seth Carson provide a time to perform the Facebook collection. Since that date, Mr. Seth Carson has not responded regarding our Facebook request, and we have been unable to collect the account as a result.

9. Cornerstone did not receive a username and password for a ProtonMail account as listed in the June 25 Order. The iPhone forensic images provided to Cornerstone by Capsicum on July 2, 2020 included WhatsApp data, but did not include Telegram, Signal, or Wickr data as listed in the June 25 Order. Cornerstone, however, is not able to confirm the existence of data sources outside of what was collected by Cornerstone or provided to Cornerstone by Capsicum.

10. On behalf of Cornerstone, I have communicated to the parties that Cornerstone intends to follow the June 25 Order. I have attempted to explain to the best of my ability how the e-discovery software and process will work. I have done all in my power to make this process as cooperative as possible consistent with the terms of the June 25 Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

_____

Robert Centofanti
Director
Cornerstone Discovery

Dated:  October 27, 2020

Exhibit G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**
BY: _____
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

# UNITED STATES DISTRICT COURT
### for the
Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM <br> *Plaintiff* <br> v. <br> LISA REYNOLDS-BARBOUNIS <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 19-5967 (JS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Catriona Brady c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C. <br> 1835 Market St., Ste 515, Philadelphia, PA 19103 <br> (215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

                           OR

_____           /s/Sidney L.Gold, Esquire
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:
Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DOCUMENT REQUEST TO CAITRIONA BRADY**

**DEFINITIONS AND INSTRUCTIONS**

The following requests are subject to the definitions and instructions set forth below:

1.     "Brady," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Caitriona Brady, in her personal capacity.

2.     "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.     "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.     "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.     "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.     "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.     "Case" shall mean any and all legal proceedings related to the Complaint.

8.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.     "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.    All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.    Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.    These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests. All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.    All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.    In responding to these discovery requests:

    a.   If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.   the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii. the date of deposition;

iv. and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b. If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21. If any portion of a document is responsive to a document request, the entire document shall be produced.

22. If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23. If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1. Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2. Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.        Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.        Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.        Documents and Communications between you and any person (including but not limited to Defendant and Delaney Yonchek, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File
    Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
    Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
| --- | --- | --- |

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

<u>Image Files</u>

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

## NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of PA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Delaney Yonchek c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:
Sidney L. Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-5967 (JS)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1

## DOCUMENT REQUEST TO DELANEY YONCHEK

### DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Yonchek," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Delaney Yonchek, in her personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.      "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.      "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.      The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.      "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.      "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.      "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.      The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16. All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17. Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18. These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests. All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19. All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20. In responding to these discovery requests:

    a. If a document was, but no longer is, in your possession, custody, or control, state:

        i. how the document was disposed of;

        ii. the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.   the date of deposition;

iv.   and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.     Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.     Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.     Documents and Communications between you and any person (including but not limited to Defendant and Caitriona Brady, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

6.     Documents and Communications between you and any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) relating or referring to information security measures taken or implemented by MEF.

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File

Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates BegþþBates EndþþBates BegAttþþBates EndAttþþDate ModþþDate SentþþDate Receivedþ
þSAMPLE0001þþSAMPLE0002þþSAMPLE0001þþSAMPLE0006þþþþ2016/04/01þþ2016/04/01þ
þSAMPLE0003þþSAMPLE0005þþSAMPLE0001þþSAMPLE0006þþ2016/01/01þþþþþ
þSAMPLE0006þþSAMPLE0006þþSAMPLE0001þþSAMPLE0006þþ2016/02/20þþþþþ
þSAMPLE0007þþSAMPLE0009þþSAMPLE0007þþSAMPLE0009þþþþ2016/03/27þþ2016/03/27þ
þSAMPLE0010þþSAMPLE0010þþSAMPLE0010þþSAMPLE0010þþþþ2016/04/05þþ2016/04/05þ
```

<u>Metadata Fields</u>

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| **Field Name** | **Sample Value** | **Field Description** |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| | | |
|---|---|---|
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

**File Formats**

Text Files

    Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

    Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

SIDNEY L. GOLD & ASSOC., P.C.

/s/ Sidney L. Gold, Esquire

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastern District of PA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | ) | |
| *Plaintiff* | ) | Civil Action No.   19-5967 (JS) |
| v. | ) | |
| LISA REYNOLDS-BARBOUNIS | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Patricia McNulty c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> See attached addendum for list of documents to be produced.

| Place:  Sidney L.Gold & Assoc., P.C. 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff

Sidney L. Gold, Esquire, Counsel for Plaintiff _____ , who issues or requests this subpoena, are:

Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-5967 (JS)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DOCUMENT REQUEST TO PATRICIA MCNULTY

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.     "McNulty," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Patricia McNulty, in her personal capacity.

2.     "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.     "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.     "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.     "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.     "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.     "Case" shall mean any and all legal proceedings related to the Complaint.

8.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.      "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.  If a document was, but no longer is, in your possession, custody, or control, state:

        i.   how the document was disposed of;

        ii.  the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.    the date of deposition;

iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## **REQUESTS FOR DOCUMENTS AND THINGS**

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.      Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.      Documents and Communications between you and any person (including but not limited to Defendant and Delaney Yonchek, but excluding privileged communications with your counsel) discussing sale of an Apple computer used by Defendant.

*The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination.  For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File

     Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

     Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|

| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
| --- | --- | --- |
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS OR**
**<u>TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**
BY: _____
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated: 05/21/20

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | ) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   19-5967 (JS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Vasili Barbonis c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached addendum for list of documents to be produced.

| Place:  Sidney L. Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/Sidney L. Gold, Esquire
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff_____, who issues or requests this subpoena, are:

Sidney L. Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-5967 (JS)

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                    *Server's signature*

                                                          _____
                                                                    *Printed name and title*

                                                          _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT 1**

## **DOCUMENT REQUEST TO VASILI BARBOUNIS**

## **DEFINITIONS AND INSTRUCTIONS**

The following requests are subject to the definitions and instructions set forth below:

1.      "Vasili," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Vasili Barbounis, in his personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendant in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.    "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.    "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania.  Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term.  Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.    The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.    "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control.  A person "employed" shall include any employee as defined herein.

13.    "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.    "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.    The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope. Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16. All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17. Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18. These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests. All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19. All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20. In responding to these discovery requests:

    a. If a document was, but no longer is, in your possession, custody, or control, state:

        i. how the document was disposed of;

        ii. the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.    the date of deposition;

iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.    If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data by any means including but not limited to via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel)

relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

      3.      Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) relating or referring to the malfunctioning, replacement, destruction, or alteration of devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, a Microsoft Surface, her cell phones, and her storage devices.

      4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

      5.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

      6.      Documents and Communications referring to or concerning the identification and location of electronic devices or accounts used by Defendant since December 2018, including but not limited to cell phones, email accounts, messaging accounts, USB and other storage devices, laptops, tablets, desktop computers, and other personal computing devices.

***The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)**

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

**General Specifications**

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

**Load File Formats**

Image Load File

      Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file

```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

      Metadata to be provided in a Concordance .DAT file using the following delimiters;

| **Value** | **Character** | **ASCII Number** |
|---|---|---|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| | | |
|---|---|---|
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

    Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

    Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

<u>Image Files</u>

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

### NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C., and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**


**/s/ Sidney L. Gold, Esquire**
BY: _____
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated:  05/21/20

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Matthew Ebert c/o Seth Carson, Esquire

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C.<br>1835 Market St., Ste 515, Philadelphia, PA 19103<br>(215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/Sidney L.Gold, Esquire |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Plaintiff___
Sidney L. Gold, Esquire, Counsel for Plaintiff_____, who issues or requests this subpoena, are:
Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO MATTHEW EBERT

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      "Ebert," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Matthew Ebert, in his personal capacity.

2.      "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.      "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.      "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.      "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.      "Complaint" shall mean the Complaint filed by Plaintiff against Defendant in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.      "Case" shall mean any and all legal proceedings related to the Complaint.

8.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.     "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

    a.  If a document was, but no longer is, in your possession, custody, or control, state:

        i.  how the document was disposed of;

        ii.  the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

iii.   the date of deposition;

iv.   and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.   If any portion of a document is responsive to a document request, the entire document shall be produced.

22.   If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.   If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## **REQUESTS FOR DOCUMENTS AND THINGS**

1.   Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data by any means including but not limited to via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.   Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel)

relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.      Documents and Communications you exchanged with any person (including but not limited to Defendant, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.      Documents and Communications you exchanged with any person (including but not limited to Defendant, Vasili Barbounis, Delaney Yonchek, Caitriona Brady, and Marnie Meyer, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

5.      Documents and Communications referring to or concerning the identification and location of electronic devices or accounts used by Defendant since December 2018, including but not limited to cell phones, email accounts, messaging accounts, USB and other storage devices, laptops, tablets, desktop computers, and other personal computing devices.

6.      Documents and Communications you exchanged with any person relating to phone calls you made to Gregg Roman in or around September 2019.

**The Middle East Forum v. Reynolds-Barbounis, Case No. 2:19-cv-05697 (E.D.P.A.)**

### APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

**General Specifications**

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

**Load File Formats**

Image Load File

Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File

Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|-------|-----------|--------------|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

    The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| | | |
|---|---|---|
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

## File Formats

### Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

### Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

      Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR
<u>TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.:  21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated:  05/21/20

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of PA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Marnie Meyer O'Brien c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C. | Date and Time: |
|---|---|
| 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999 telephone  &  (215) 569-3870 fax | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/Sidney L.Gold, Esquire |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff                            , who issues or requests this subpoena, are:
Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO MARNIE MEYER O'BRIEN

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.     "Meyer," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Marnie Meyer O'Brien, in her personal capacity.

2.     "MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.     "Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.     "Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.     "Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.     "Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.     "Case" shall mean any and all legal proceedings related to the Complaint.

8.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.     "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.     Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.     These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.     In responding to these discovery requests:

a.  If a document was, but no longer is, in your possession, custody, or control, state:

   i.     how the document was disposed of;

   ii.    the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

        iii.    the date of deposition;

        iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

    b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## **REQUESTS FOR DOCUMENTS AND THINGS**

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.     Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.     Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, and Caitrona Brady, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

***The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)**

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File
    Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
    Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|-------|-----------|--------------|

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

Metadata Fields

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| | | |
|---|---|---|
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

**File Formats**

Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.