**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,                    :
                                          :
     Plaintiff,                          :
                                          :
v.                                        :
                                          :   Civil Action No.: 19-5697
LISA REYNOLDS-BARBOUNIS,                   :
                                          :
     Defendant.                          :

**REPLY IN SUPPORT OF PLAINTIFF'S MOTIONS TO**
**COMPEL DEFENDANT AND THIRD-PARTY WITNESSES**

Plaintiff The Middle East Forum ("MEF"), by counsel, files this Reply to Defendant Lisa

Barbounis' Opposition (Dkt. No. 73) in response to MEF's Fourth Motion to Compel Defendant

and MEF's Motion to Compel Third-Party Witnesses (Dkt. Nos. 63 and 64) ("MEF's Motions").

**Preliminary Statement**

Rather than address the merits of MEF's Motions, Defendant seeks to weaponize

settlement discussions between the parties.  While courts encourage parties to discuss settlement,

Defendant, on the other hand, attempts to morph MEF's good faith efforts to discuss settlement

into a theory of retaliation or worse.  Ultimately, settlement discussions have no bearing on

whether Defendant failed to comply with her discovery obligations, and they certainly have

nothing to do with whether certain non-parties failed to comply with their discovery obligations.

This Court allowed Defendant a second chance to respond to MEF Motions, but Defendant

has no response to the numerous, and frankly disturbing, acts of discovery abuse that have occurred

since MEF first requested discovery from the Defendant in December of 2019.  *See* lengthy

timeline of events in MEF's Motion to Compel (Dkt. No. 63).  And her arguments about separate

legal proceedings cannot shield her from her failure to comply with discovery in this case.

1

Furthermore, none of the third parties opposed the substantive arguments in MEF's other Motion to Compel, and, without objection, MEF's motion is conceded and should also be granted.

It should now be evident from: (1) Defendant's Opposition; (2) her continuing failure to comply with this Court's orders; (3) her failure to honor deadlines and her own commitments; and (4) her delays which have caused MEF to incur significant unnecessary fees and expenses, that this Court should grant MEF's pending motion for attorneys' fees and costs (Dkt. No. 45) held in abeyance since March 23, 2020, and should grant MEF's pending Motion for Contempt (Dkt. No. 62).

## Argument

## I.    THIS COURT SHOULD GRANT MEF'S FOURTH MOTION TO COMPEL DEFENDANT TO PRODUCE FULL AND COMPLETE DISCOVERY.

### A. Defendant's Discussion of Settlement Talks and of Factual Allegations in Other Litigation Is Irrelevant to the Motions at Issue.

Defendant dedicates the vast majority of her Opposition to a discussion of Rule 408 settlement talks over the past two weeks.  *See* Def.'s Opp., Dkt. No. 73 at 2-5, 11.  Such communications have nothing to do with Defendant's discovery abuse, and the attempt to use settlement negotiations in a public filing is inappropriate at best.  *See Grant Mfg. & Alloying, Inc. v. Recycle Is Good, LLC*, Civ. A. No. 11-3115, 2011 WL 6015663, at *3 (E.D. Pa. Dec. 1, 2011) ("some courts in this District have applied Rule 408 to strike allegations in pleadings that clearly disclose the substance of settlement negotiations.").  Contrary to this sound policy, Defendant presumably seeks some tactical advantage by characterizing the negotiations as threats, blackmail, and waging war.  *See* Def.'s Opp., Dkt. No. 73 at 3.  None of this is true, and again, those negotiations have no impact on the motions at issue.[1]

---

[1] Unless the Court desires to hear MEF's view of its good faith effort to settle with Defendant, MEF does not believe it is appropriate to publicly file the content of inadmissible Rule 408 discussions in this Reply.

As this Court is aware, MEF filed this case only after Defendant refused to cooperate from October through December 2019 to identify, secure, and destroy MEF information in her possession when she departed from MEF.  The fact that she refused to return and delete the company's information from her devices and cloud-based accounts after her departure understandably caused great concern.  When Defendant failed to comply with her discovery obligations, this Court ordered her to produce the requested materials.  For some reason, Defendant opted in her response to argue about claims in a separate employment action, as if that would somehow justify her discovery abuse in this case.  Employment claims in other legal proceedings are not before this Court and cannot be used to thwart MEF's right to protect its trade secrets and confidential information.  Accordingly, Defendant's opposition is meritless and should be rejected.

B.  <u>Defendant Has Not Turned Over All Devices as Ordered by the Court and Continues to Delay the Production of Such Materials.</u>

Defendant does not deny the following:

1.  On December 20, 2019, this Court instructed Defendant to turn over all of her electronic devices for imaging by January 6, 2020;

2.  On February 19, 2020, this Court ordered Defendant to produce to a vendor by February 25, 2020 the electronic devices in her possession, custody, or control (including cell phones, laptops, tablets, USB drives, or hard drives) "without regard to whether the devices were purchased or paid for by Barbounis's husband";

3.  On March 20, 2020, this Court issued an Order noting that Defendant was already compelled to produce documents by the February 19 Order, and that "[i]f Barbounis had not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees."; and

4.  On June 25, 2020, this Court ordered Defendant to turn over the images of two iPhones to Cornerstone to avoid further delays in production and to provide account information for the various applications on her phones by June 29, 2020.

For Defendant to claim in her Opposition that "[t]here has been no delay caused by Lisa Barbounis" (Def's Opp., Dkt. No. 73 at 10) is astounding in light of the year-long saga of seeking

compliance, of which the Court is well-aware having issued multiple orders to force Defendant to comply.

Among other things, MEF's Fourth Motion to Compel notes that Defendant failed to turn over her iWatch and a Lenovo computer purchased by her husband.  In addition, Defendant failed to give Cornerstone access to multiple accounts containing cloud-based information.  Incredibly, Defendant nevertheless falsely represents in her Opposition filed with this Court that she complied with "every Order of this Court including the February 19, 2020 Order and the June 25, 2020 Order."  Def.'s Opp., Dkt. No. 73 at 4.  It is difficult to understand how Defendant could write those words in a court filing in light of the undisputed timeline in MEF's Motion.

C. <u>Defendant Did Not Preserve Documents as Required by Preservation Notices.</u>

Defendant also falsely claims that "[a]ll information" on Defendant's devices was preserved at the time she handed over her devices to an e-discovery vendor in February 2020.  *See* Def.'s Opp., Dkt. No. 73 at 6.  But Defendant does not deny that she factory-reset her laptop on August 13, 2019 after a preservation notice MEF instituted on June 26, 2019.  MEF through counsel sent Defendant another preservation notice in October 2019.  *See* Ex. B, Dkt. 44-1 at 2-10.  Even Defendant concedes that she took no actions to preserve data between June 2019 and February 2020.  *See* Def.'s Opp., Dkt. No. 73 at 6.  Moreover, contrary to Defendant's false claims that she "gave her devices to an e-discovery vender [sic] in February 2020, and the devices were imaged in their entirety," the email, social media, and **some** cloud accounts were not captured until at least July 6, 2020, and others accounts have still not been captured because she refuses to turn over the account logins and passcodes. *Id*. at 6. Thus, Defendant failed to preserve information (and still has not a year after discovery was served) despite multiple preservation notices over the last sixteen months.

4

Of central importance to MEF's Motions, multiple email and messaging accounts including Telegram, Signal, ProtonMail, Wickr, and Facebook **have not been imaged** and searched by Cornerstone because Defendant has not given Cornerstone access.  Defendant cites an email from Cornerstone on July 13, claiming that Cornerstone confirmed every account was searched and preserved.  However, she does not inform the Court that the same Cornerstone representative sent the parties another email on July 14 that the Facebook account collection had failed and that Cornerstone could not capture her Telegram, Signal, ProtonMail, and Wickr accounts.  *See* Ex. C, July 14 Email from Kyle McArdle.  On July 21, 2020, Counsel for Plaintiff confirmed that these accounts were still missing from the production.  Ex. D, July 21 Email from Attison Barnes.  Then, on July 22, 2020, Cornerstone's representative reported again that the production did not include any information from Defendant's Telegram, Signal, ProtonMail, Wickr, and Facebook accounts.  *See* Ex. E, July 22 Email from Kyle McArdle.   It is shocking that Defendant would represent to this Court that such accounts have been produced.  While Defendant claims that Cornerstone's representative agrees with her, this too is false.  *See* Ex. F, Declaration of Robert Centofanti.

As required by the express language of the Court's June 25 Order, Defendant was responsible for ensuring that Cornerstone received access to the accounts, including Telegram, Signal, ProtonMail, Wickr, and Facebook.  *See* Dkt. No. 58, Order at ¶ 2 ("Barbounis shall promptly cooperate with Cornerstone to provide all codes required to gain access to the Accounts.").  Defendant's failure to do so by June 29, 2020 as set forth in the June 25 Order is unacceptable, and her failure to do so is continuing.  Accordingly, the Court should grant MEF's Motion.

## II.   THIS COURT SHOULD GRANT MEF'S UNOPPOSED MOTION TO COMPEL THIRD PARTY WITNESSES.

### A.   The Third-Party Witnesses Did Not Oppose MEF's Motion to Compel.

MEF's second Motion sought information from non-parties Delaney Yonchek, Catriona Brady, Patricia McNulty, and Vasili Barbounis.  These individuals have not opposed MEF's Motion, and therefore it is conceded.[2]

B.  Even If This Court Were to Entertain Defendant's Position on the Third-Party Subpoenas, Defendant's Incomplete Arguments Must Fail.

Oddly, Defendant suggests that MEF believes Defendant is responsible for the subpoenas served upon the third-party witnesses.  *See* Def.'s Opp., Dkt. No. 73 at 10.  This is not the case. MEF filed two Motions to Compel, separately addressing the outstanding discovery deficiencies by Defendant and by third-party witnesses.  *See* Dkts. Nos. 63 and 64.  MEF's brief noted that the third-party witnesses are all represented by Defendant's counsel but did not assert that Defendant had an obligation or a right to respond for the third parties.  *See* Pl.'s Mtn. to Compel Third Party Witnesses, Dkt. No. 64 at 1.

Defendant's Opposition fails to address why the third parties failed to produce all responsive documents on or before June 19, 2020 as ordered by the Court.  *See* Pl.'s Mtn. to Compel Third Party Witnesses, Dkt. No. 64 at 2-3; *see also* Order, Dkt. No. 55 at ¶ 1.  Also, the Opposition also does not address why Patricia McNulty and Vasili Barbounis failed to provide any information in response to their subpoenas served on May 21, 2020.  *See* Pl.'s Mtn. to Compel Third Party Witnesses, Dkt. No. 64 at 4.  The Opposition further fails to explain why the limited information produced by Delaney Yonchek and Catriona Brady was not provided in native format, as requested in the subpoena.  *Id.*  There was similarly no response on why Ms. Brady failed to

---

[2]  In her pattern of making unsupported statements as if they were fact, Defendant (as opposed to the third parties) contends "none of these subpoenas were served."  Def.'s Opp., Dkt. No. 73 at 13.  This Court will recall that we plowed this ground before, and on June 12, 2020, the Court ordered all documents responsive to the subpoenas to be produced by June 19, 2020.  Dkt. No. 55.  Despite this Order to produce by June 19, defense counsel would have this Court believe that the production of documents nine days after the Court's deadline was "a courtesy."  Def.'s Opp., Dkt. No. 73 at 10.  Surely, a partial production of non-searchable PDFs with no metadata nine days late and at 9:25 p.m. on Sunday, June 28 before a 9:00 a.m. Monday, June 29 deposition is not "a courtesy."

provide complete text conversations after requests by MEF counsel.  *See id*.  And there was no explanation for why MEF received no response to its August 12, 2020 letter.  *See id.* at 4-5.  The Opposition also does not address why MEF has still not received any additional requested or subpoenaed information from the third-party witnesses.  *See id.* at 5.

Finally, contrary to Defendant's misstatement that the "subpoenas that MEF is referring to are subpoenas to attend and testify," MEF's subpoenas requested documents pursuant to Fed. R. Civ. P. 45(g).  *See* Ex. G, Third Party Witness Subpoenas for Documents, Information, or Objects.  The subpoenas specifically requested documents from each of the third-party witnesses "including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests."  *Id.*  The documents were to be "produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive."  *Id.*

For all of these reasons, MEF again requests that the Court order the third-party witnesses to produce full and complete information responsive to the subpoenas (as previously ordered by this Court on June 12, 2020), and award MEF its fees and costs associated with this motion.

<u>**Conclusion**</u>

For the foregoing reasons, MEF requests that this Court grant Plaintiff's Motion to Compel Defendant, grant Plaintiff's Motion to Compel the Third-Party Witnesses, order the full and complete productions within the next five (5) calendar days, permit MEF to reopen any deposition taken of the third parties, award MEF its attorney's fees and costs for its repeated efforts to obtain this data, and grant such further relief as this Court deems proper.

SIDNEY L. GOLD & ASSOC., P .C.

By:    s/ Sidney L. Gold         
SIDNEY L. GOLD, ESQUIRE
I.D.NO.:
WILLIAM RIESER, ESQUIRE
I.D. NO.: 312442
1835 Market Street, Suite 515
Philadelphia, PA 19103

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 27, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

1