IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

## **ORDER**

AND NOW, this 8th day of December, 2020, upon consideration of Plaintiff The Middle East Forum's Motion to Compel Third Party Witnesses to Produce Full and Complete Responses to Subpoenas, Defendant Lisa Reynolds-Barbounis's opposition, and Middle East Forum's reply, it is ORDERED the Motion (Document 64) is GRANTED in part as follows:

1. On or before December 15, 2020, Delaney Yonchek shall produce documents Bates-stamped 000001-000010 and 000051-000227, or show cause why these documents should not be produced. Yonchek shall further produce all responsive e-mails in native format, regardless of whether the e-mails have already been produced.

2. On or before December 15, 2020, Catriona Brady shall reproduce responsive text messages in their entirety such that no responsive messages are cut off.

3. To the extent he has not already done so, Vasili Barbounis is directed to search his e-mail and electronic devices for responsive documents, and to produce any responsive documents on or before December 15, 2020.

The Motion is DENIED in all other respects.[1]

---

[1] Middle East Forum asks the Court to compel third-party witnesses represented by counsel for Barbounis to produce documents and information responsive to the individual subpoenas directed to them, as previously ordered in the Court's June 12, 2020 Order. That Order compelled the production of "[d]ocuments and other materials responsive to any outstanding subpoenas issued by Plaintiff The Middle East Forum to any third parties represented by counsel for Defendant Lisa Reynolds-Barbounis" by June 19, 2020. The Order was entered following two discovery telephone

conferences with counsel for the parties in this action, during which issues regarding the scheduling of depositions for and the production of documents by third-party witnesses represented by counsel for Barbounis were raised by the parties and addressed by the Court. Middle East Forum acknowledges counsel for Barbounis produced documents for two of the four witnesses—Delaney Yonchek and Catriona Brady—on June 28, 2020. Mot. to Compel 3 (ECF No. 64). However, Middle East Forum contends these productions were "incomplete" because Yonchek's production had gaps in the Bates numbering amounting to approximately 200 pages and the produced documents were not produced in native format, and Brady produced text messages that lacked dates and were "cut off." *Id.* 4-5, Ex. F. In response to the motion, counsel for the third-party witnesses does not address any of these deficiencies, except to say all "images" were produced in native format. Resp. in Opp'n 13. Because these two witnesses have ostensibly failed to produce a portion of their responsive documents as required by their subpoenas, the Court directs them to cure these deficiencies or show cause why some or all of the documents should not be produced.

As to the remaining two witnesses—Vasili Barbounis and Patricia McNulty—Middle East Forum notes these witnesses have not produced any documents and asks this Court to order them to comply with their May 21 subpoenas. Mot. to Compel 3-4. Although Middle East Forum has not received any documents from these witnesses, both witnesses responded to the subpoenas, through counsel, indicating they did not possess any relevant documents. *See* Resp. in Opp'n Ex. D (ECF No. 73). Middle East Forum references a deposition of Mr. Barbounis, where he stated he was not aware he was required to search his e-mail and electronic devices for relevant documents. Mot. to Compel 4. Because the subpoena clearly encompasses e-mail and electronic files, to the extent he has not already done so, Mr. Barbounis is directed to search his e-mail and electronic devices for documents responsive to the May 21 subpoena and to produce any responsive documents. Absent any further reason to believe Mr. Barbounis and McNulty have failed to produce responsive documents, the Court will rely on the witnesses' representations in their responses to the subpoenas that no such documents exist.

Lastly, Middle East Forum seeks attorney's fees and costs incurred in connection with its efforts to obtain the requested materials. Under Federal Rule of Civil Procedure 45, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Here, the Court's June 26, 2020 Order (ECF No. 59) directed the parties to request a teleconference with the Court if they could not resolve their ongoing dispute regarding the production of documents by third-party witnesses represented by defense counsel. This Order cited Section II.C. of the Court's Policies and Procedures, which explicitly states motions to compel should not be filed until a teleconference has been held. Middle East Forum filed the instant motion to compel without requesting a teleconference, and a teleconference may have obviated the need for the motion. Therefore, the Court will not order attorney's fees as a contempt sanction for the portion of the motion the Court is granting at this time.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.