# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

## SUPPLEMENTAL DECLARATION OF ROBERT CENTOFANTI

I, Robert Centofanti, declare and state as follows:

1. My name is Robert Centofanti, and I am a Director at Cornerstone Discovery ("Cornerstone"). I have held this position at Cornerstone since November 2015. I am over the age of eighteen and am competent to testify to the matters that are the subject of this Declaration.

2. I have read both the Court's discovery Order of November 25, 2020 and Lisa Reynolds-Barbounis' Declaration of December 4, 2020.

3. I write this Supplemental Declaration to provide the Court a status update on data collections, clarify portions of the Lisa Reynolds-Barbounis' Declaration, and specifically to clarify her recitation of facts related to Cornerstone's services in this matter and my Declaration of October 27, 2020.

1

4. As I stated in my October 27 Declaration, the original phone images provided to Cornerstone by Capsicum on July 2, 2020 did not include Telegram, Signal, or Wickr data consistent with the June 25 Order. To date, Defendant has not provided Cornerstone with Telegram, Signal, or Wickr data. Importantly, Cornerstone does not have an investigative mandate from the Court to discover if Telegram, Signal, or Wickr data exists elsewhere.

5. At approximately 3:00 p.m. on December 4, 2020, Lisa Reynolds-Barbounis provided Cornerstone with account username and password for her Facebook account. As of December 9, 2020, Cornerstone was able to collect the Facebook account in one format, and we have contacted Ms. Reynolds-Barbounis to complete the process of collecting Facebook information in a second format.

6. Despite Defendant's statements in her December 4 declaration that she has a Telegram account, this information was not contained in the original phone images that Cornerstone received from Capsicum. Because Cornerstone does not have an investigative mandate, as discussed above, and because Defendant to date has not provided Cornerstone with a device containing Telegram data or provided authorization/access to attempt an alternate collection method, Cornerstone has not been able to access or collect this information.

7. On December 4, counsel for Ms. Reynolds-Barbounis stated that he would try to collect data from the Telegram account himself through a desktop application. It is not advisable that counsel attempt to conduct this data collection when Cornerstone has not been given authorization/access to attempt an alternate collection method.

2

8. Ms. Reynolds-Barbounis' Declaration states that Cornerstone "was unable to access any Telegram, Wickr, and Single [sic] account through login credentials" (see paragraph 13). To clarify, Cornerstone, to this point, has simply stated that the original phone images provided by Capsicum did not contain this data. Cornerstone has also attempted to convey to Defendant and her counsel that the location where this data is stored as well as the collection methods vary. Again, Cornerstone does not have an investigative mandate in this discovery. Cornerstone can only state that it has not been provided with this information to date, but we cannot state whether this data may exist elsewhere.

9. On December 4, 2020, Ms. Reynolds-Barbounis provided Cornerstone with the account login information for a ProtonMail account. ProtonMail is a cloud-based email account that is accessible through a username and password. However, as stated in Defendant's December 4 declaration it appears that this account was created very recently. Cornerstone did not receive account login information for any additional ProtonMail accounts belonging to Defendant.

10. At this time, Cornerstone cannot confirm the existence of data outside the data sources it has already collected. But Cornerstone can state that it has not received Telegram, Signal, or Wickr data as ordered by the Court on June 25 and November 25.

11. On the afternoon of December 15, a call was scheduled for the morning of December 16 with Cornerstone and Defendant to complete the collection of Defendant's Telegram and Facebook accounts. Consistent with Defendant's December 4 declaration stating that she is willing to "do whatever they need[] to access any of

these accounts" and "will provide Cornerstone access to any account [Cornerstone] need[s]" (see paragraphs 16 and 19), Cornerstone will request access to Defendant's outstanding accounts for collection in accordance with the Court's June 25 and November 25 Orders, including through alternate collection methods.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Robert Centofanti, Cornerstone

Dated: December 15, 2020