**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,               :

                    Plaintiff,        :

v.                                    :

                                      :

LISA REYNOLDS-BARBOUNIS,              :     Civil Action No.: 19-5697

                    Defendant.        :

                                      :

**PLAINTIFF'S MOTION TO SEAL SENSITIVE DOCUMENTS AND TESTIMONY PRESENTED AT PRELIMINARY INJUNCTION HEARINGS**

Pursuant to Local Rule 5.1.5(a)(2), Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court (consistent with the oral motion made to this Court at the outset of the hearing on December 17, 2020) to seal the exhibits and testimony presented at the Preliminary Injunction hearings on December 17 and 23, 2020. This request to seal is to protect information, and testimony related to information, that Plaintiff designated as "ATTORNEY'S EYES ONLY" pursuant to the Stipulated Confidentiality Agreement and Protective Order. *See* Stipulated Confidentiality and Protective Order, Dkt. No. 54. For the reasons set forth in MEF's accompanying Memorandum, this Court should grant MEF's Motion to Seal Documents and Testimony Presented at Preliminary Injunction Hearings.

Wherefore, for the reasons set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion, MEF, by counsel, respectfully requests this Court to:

1.      Enter the proposed order attached hereto; and

1

2.      Order that all documents and testimony presented at the Preliminary Injunction hearing on December 17 and 23, 2020 be sealed in accordance with Local Rule 5.1.5(b)(2).

Dated: December 22, 2020                    TTHE MIDDLE EAST FORUM
                                            By counsel


                                            s/ Sidney L. Gold
                                            Sidney L. Gold
                                            sgold@discrimlaw.net
                                            Sidney L. Gold & Associates P.C.
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            Tel: (215) 569-1999
                                            Fax: (215) 569-3870

                                            Attison L. Barnes, III
                                            abarnes@wiley.law
                                            1776 K Street NW
                                            Washington, DC 20006
                                            Tel: (202) 719-7000
                                            Fax: (202) 719-7049

                                            *Counsel for The Middle East Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 22, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO SEAL SENSITIVE DOCUMENTS AND TESTIMONY PRESENTED AT PRELIMINARY INJUNCTION HEARINGS**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Local Rule 5.1.5(a)(2), submits the following Memorandum of Law in Support of its Unopposed[1] Motion to Seal Documents and Testimony Presented at Preliminary Injunction Hearings. This request to seal is to protect information, and testimony related to information, that Plaintiff designated as "Confidential" and "Attorneys' Eyes Only" pursuant to the Stipulated Confidentiality Agreement and Protective Order. *See* Stipulated Confidentiality and Protective Order, Dkt. No. 54.

**INTRODUCTION**

At the commencement of the preliminary injunction hearing on December 17, 2020 and before submitting or referring to any evidence, counsel for MEF alerted this Court to the sensitive nature of information that would be presented in the hearing and orally moved to seal the

---

[1] On December 15, 2020, undersigned counsel for Plaintiff confirmed in an email to defense counsel the parties' agreement that the Preliminary Injunction proceeding be sealed to protect sensitive information from the public. *See* Ex. 1, Dec. 15 Email from Attison Barnes.

1

information.  This Court took the matter under advisement.  Now that the Court has heard testimony and seen the sensitive exhibits (including but not limited to personal identifiers, credit card information, donor (customer) data and donation amounts, and sensitive, internal MEF strategy materials protected from public disclosure, as well as information designated "ATTORNEY'S EYES ONLY" by the Defendant), MEF renews its motion.

MEF's Director, Gregg Roman, has testified at length about the numerous and existential threats to the organization, MEF's considerable efforts to keep MEF data private to avoid physical and other danger to MEF personnel and its affiliates and donors, and other harm that will befall the organization if the sensitive information is made public to journalists, entities threatening harm to MEF and its personnel, other entities competing with MEF for funding, and other third parties who would derive value from MEF data.  As it is entitled to do, MEF pursues this motion to protect against the substantial harm that would befall MEF upon the disclosure (and use) of such sensitive data.  This motion is consistent with the parties' obligations in the Stipulated Confidentiality Agreement and Protective Order previously entered by this Court.  *See* Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54.  In addition, defense counsel does not oppose this request to seal the information from the public.  *See* Ex. 1, Dec. 15 Email from Attison Barnes.

For the reasons discussed with the Court on December 17 and further discussed below, MEF requests that this Court grant the motion to seal.  To the extent preferable to the Court, MEF is willing to identify the specific exhibits and testimony to seal shortly the conclusion of the hearing and receipt of the transcript (once all exhibits are used and testimony received), at which time the Court will be able to seal only those exhibits and testimony deserving of protection and which documents and testimony can be partially redacted from the Court's file to avoid over-designation.

## **ARGUMENT**

2

This Court's Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), Dkt. No. 54, states that "Information designated as 'CONFIDENTIAL' or 'CONFIDENTIAL – PFI' may be disclosed only to… the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation, *as long as the information is requested to be placed under seal.*" *See* Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54 at ¶ 9(a) (emphasis added).  The agreement also states that "[a]ny information whether 'CONFIDENTIAL,' 'ATTORNEY'S EYES ONLY,' or 'CONFIDENTIAL – PFI' may be included with, or referred to in, papers filed with the Court where this Litigation is now pending only in accordance with the following procedures… *[t]his Information must be filed under seal.* Counsel for all parties shall follow Local Civil Rule 5.1.5 and all applicable Orders and customs of the Court when filing Confidential Information under seal." *Id.* at ¶ 16(a) (emphasis added).  In accordance with the Stipulated Confidentiality Agreement and Protective Order, when parties use information marked CONFIDENTIAL, ATTORNEY'S EYES ONLY, or CONFIDENTIAL – PFI  in these litigation proceedings the "parties will request that the Court *preserve the confidentiality protections set forth in this Protective Order* when such documents are submitted or otherwise used or referenced." *Id.* at ¶ 18 (emphasis added).

Most of the exhibits used in the hearings are designated by Plaintiff as "ATTORNEY'S EYES ONLY" under the Protective Order (Dkt. No. 54) and include sensitive personal identifying information such as Social Security numbers, driver's license numbers, bank account numbers, passport numbers, phone numbers, and email addresses.  Many of the exhibits also include highly sensitive information such as credit card numbers, MEF donor names and donation amounts, sensitive meeting information, MEF internal work product, and executive committee meeting minutes.  The Protective Order permits a person to designate as ATTORNEY'S EYES ONLY

information that "may include highly confidential and sensitive information related to sensitive MEF donor names, donor contributions, and any other trade secret or sensitive activities that the producing party reasonably and in good faith believes is so highly sensitive that its disclosure could reasonably be expected to result in harm to the producing party." *See* Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54 at ¶ 2.   MEF files this motion to defend its designation and seal the proceedings, as agreed by the parties on December 15.  *See* Ex. 1, Dec. 15 Email from Attison Barnes.  In the alternative and in an effort to find the most efficient solution, MEF requests the right (after conclusion of the injunction proceedings and once the submission of evidence and testimony is complete) to redact highly confidential and sensitive information contained in the exhibits and testimony produced at the Preliminary Injunction proceedings.

Pursuant to Local Civil Rule 5.1.5, MEF provides the following additional legal support for its motion.  Although there is a general presumption in favor of public access to judicial proceedings, *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001), "[c]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'"  *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also Leucadia, Inc. v. Applied Extrusion Techs.*, *Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("the strong common law presumption of access must be balanced against the factors militating against access").  Additionally, pursuant to Local Civil Rule 5.1.3, personal identifiers such as "Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically."  E.D. Pa. Local R. Civ. P. 5.1.3.  Further, "[d]ocuments containing trade secrets or other confidential business information may be protected from

disclosure," *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993), and "courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978).  But parties seeking to seal a portion of the judicial record bear the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir.1994).  Parties must demonstrate "good cause" to support an order of protection over discovery material at any stage of litigation.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994).

In *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995), the Third Circuit identified seven factors to consider in evaluating "good cause" to support a motion to seal:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede*, 56 F.3d at 483 (citing *Pansy*, 23 F.3d at 787-91).

First, the release of credit card information, social security numbers, immigration documents, and personal phone numbers, all information that is contained in the exhibits and testimony of the preliminary injunction hearing, clearly pose a risk that disclosure would violate privacy interests. Should any of the above-mentioned information be released to the public, the privacy of the owners of such information would be seriously jeopardized. Second, the highly sensitive information and trade secrets being submitted to the Court in these hearings, which has been authenticated to have come from Defendant's personal devices, is being sought for the sole purpose of return to MEF, the rightful owners of such information and *by using the court system to retrieve sensitive information, MEF should not be required to publicly disclose the very data it seeks to protect from disclosure*. Third, disclosure of the highly sensitive organizational, donor, and personal information revealed at these hearings such as dollar amounts of donations and personal contact information would not only jeopardize the business of MEF but also cause it tremendous embarrassment with the public, its donors, and its readership. Fourth, it is important to public safety and specifically to the safety of MEF and its personnel that the information is not disclosed such that entities and individuals desiring to do physical harm to MEF's office building and persons affiliated with MEF cannot do so. MEF is a small research organization focused on advancing US interests in the Middle East, and it has received multiple existential threats from foreign terror organizations that has necessitated MEF to take serious security and personnel precautions. Fifth, the highly sensitive information requested to be sealed in these hearings would remain available to the parties in this proceeding (subject to strict restrictions to maintain confidentiality and subject to MEF's request that at the end of these proceedings that Defendant isolate, return, and permanently destroy MEF data in her possession, custody, or control). Sixth, no public entity or official would benefit from the Court entering an order that these exhibits and

testimony be sealed.  Seventh, the issues being litigated are important to the public and advancing public policy in that the claim seeks to uphold enforceable non-disclosure obligations that are critical in today's world full of threats to US-based organizations.  Should the Court not enforce these agreements (and ultimately order the return and destruction of MEF information retained by Defendant in violation of these agreements), the public interest will not be served.

In addition to the extremely sensitive private data presented at the hearing, MEF's exhibits and testimony necessary for use at the Preliminary Injunction hearings has not been and should not now be released to the public.  They contain financial and budget information of MEF, strategic plans, project descriptions, organizational outlines, notes and audio recordings from executive committee meetings, and other highly sensitive business information that, if disclosed to the public, will unquestionably harm Plaintiff's continuity of business and its ability to compete.  In short, the exhibits and testimony contain information which, if made public, would "work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). *Cf. Bradburn Parent/Teacher Store, Inc. v. 3M*, No. 02-7676, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (holding disclosure of financial projections "could clearly cause competitive harm ..., by giving competitors an understanding of [the defendant's] view of the marketplace as well as [its] competitiveness within the marketplace").

## CONCLUSION

For the foregoing reasons, MEF respectfully requests that the Court order the documents and testimony presented at the Preliminary Injunction hearings be sealed from the public record. To the extent preferable to the Court, MEF is willing to identify the specific exhibits and testimony to seal shortly the conclusion of the hearing and receipt of the transcript (once all exhibits are used and testimony received), at which time the Court will be able to seal only those exhibits and

testimony deserving of protection and which documents and testimony can be partially redacted from the Court's file to avoid over-designation.

## **LOCAL RULE 7.1(b) CERTIFICATION**

Pursuant to Local Rule 7.1(b), the undersigned counsel hereby certifies that counsel for Plaintiff The Middle East Forum, conferred with counsel for Defendant, Lisa Reynolds-Barbounis, in a good faith effort to resolve the issues raised by this motion.  Defendant is not opposed to the relief requested in this motion and agrees that all exhibits and testimony submitted to the Court at the Preliminary Injunction hearings on December 17 and 23, 2020 should be sealed.

Dated: December 22, 2020                    THE MIDDLE EAST FORUM
                                            By counsel


                                            s/ Sidney L. Gold
                                            Sidney L. Gold
                                            sgold@discrimlaw.net
                                            Sidney L. Gold & Associates P.C.
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            Tel: (215) 569-1999
                                            Fax: (215) 569-3870

                                            Attison L. Barnes, III
                                            abarnes@wiley.law
                                            1776 K Street NW
                                            Washington, DC 20006
                                            Tel: (202) 719-7000
                                            Fax: (202) 719-7049

                                            *Counsel for The Middle East Forum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 22, 2020, a true and correct copy of the foregoing was

filed and served electronically through the Court's CM/ECF system.


<u>s/ Sidney L. Gold</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL DOCUMENTS
AND TESTIMONY PRESENTED AT PRELIMINARY INJUNCTION HEARINGS**

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion to Seal Documents and Testimony Presented at Preliminary Injunction Hearings ("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1.     ORDERED that all exhibits and testimony presented at Preliminary Injunction proceedings on December 17 and 23, 2020 be sealed from the public record.

SO ORDERED this _____ day of December, 2020.

_____
The Honorable Juan R. Sánchez
United States District Court

1