UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**SECOND STATUS REPORT REGARDING DEFENDANT'S CONTINUING VIOLATIONS OF THIS COURT'S ORDERS AND REQUEST FOR TELEPHONE CONFERENCE WITH THE COURT**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, submits this Second Status Report and Request for Telephone Conference with the Court in response to Defendant and third-party witnesses continuing violations of this Court's November 25 and December 8 discovery orders. *See* Dkt. Nos. 75, 78.

Since Plaintiff filed its first status report on December 16, 2020, Defendant is still in violation of the Court's November 25 and December 8 discovery orders. *See* Pl.'s Status Report, Dkt. No. 78. As discussed in its first status report, this Court's November 25, 2020 Order directed Defendant to "identify and supply to Cornerstone Discovery her account username and password for Protonmail, and shall promptly cooperate with Cornerstone to complete collection of her Facebook, Telegram, Signal, and Wickr accounts" by December 4, 2020. *See* Order, Dkt No. 75 at 1. Since that time, Plaintiff understands that Defendant only supplied Cornerstone Discovery ("Cornerstone") with credentials to her recently-created ProtonMail account (not the one that existed at the relevant time period) and her Facebook account. As of today however, Defendant

has ***still not cooperated with Cornerstone to complete collection of her Telegram, Signal, and Wickr accounts as ordered by the Court on November 25***. *See id.* Defendant's disregard for this Court's orders displayed on repeated occasions over the past 13 months of litigation should not be tolerated. The Court ordered this production to be completed by December 4, over three weeks ago and in advance of the injunction hearing on December 17 and 23, 2020. Plaintiff and this Court still do not have any explanation from Defendant why she has failed to comply with multiple court orders.

Plaintiff is exhausted by Defendant's failure to adhere to her discovery obligations. Plaintiff MEF is a small research center, and it simply wishes to protect the sensitive data still possessed by Defendant and, as this Court has already ordered, MEF is entitled to know what else Defendant has done to disclose or use the data in case MEF must take additional measures to contain the disclosure. MEF faces continuing prejudice (including failure to have this data for the injunction hearing as ordered by the Court), and MEF's ability to prosecute these claims with each passing day is compromised. It also continues to force MEF to incur unnecessary fees and costs (including multiple motions, status reports, hearings, telephone conferences, unanswered communications from Defendant, scheduled calls where Defendant does not appear, missed deadlines requiring follow-up, and the costs of Cornerstone when Defendant failed to produce the materials through her own vendor). Had Defendant timely complied with its discovery obligations as ordered by this Court, Plaintiff MEF would not have incurred significant expenses and would have obtained the evidence the Court ordered in advance of the injunction hearing. Thus, Plaintiff respectfully requests the Court to schedule a teleconference with the parties to discuss Defendant's continuing violations of this Court's orders, to require Defendant to produce this information immediately, and to make a strong statement with some type of relief against Defendant (because

mere court orders have done nothing to incentivize Defendant to comply with her obligations over the last year, and now it appears that Defendant did not preserve the data MEF requested last December and which was the subject of a preservation notice).

In addition, the third-party witnesses, also represented by Defendant's counsel, are in violation of this Court's December 8 Order for multiple reasons. The Court's December 8 discovery order required third-party witness, Delaney Yonchek, to "produce documents Bates-stamped 000001-000010 and 000051-000227, or show cause why these documents should not be produced" and "produce all responsive e-mails in native format, regardless of whether the e-mails have already been produced" by December 15 (in advance of the December 17 injunction hearing). Dkt. No. 78 at 1. The December 8 Order also required third-party witness, Catriona Brady to "reproduce responsive text messages in their entirety such that no responsive messages are cut off" by December 15. *Id.* Finally, the December 8 Order required third-party witness, Vasili Barbounis to "search his e-mail and electronic devices for responsive documents, and to produce any responsive documents on or before December 15, 2020." *Id.* These individuals failed to comply with this Order for at least five reasons:

1. First, nothing was provided in response to this Court's order until December 17, 2020 at 9:35 p.m. (beyond the due date of December 15 and more than 12 hours <u>after</u> the injunction hearing had commenced despite Court's clear direction to produce the material on December 15). *See* Dkt. No. 78 at 1.

2. Second, rather than provide the information ordered by the Court, defense counsel copy-pasted "objections" to the document responses, inserting two new sentences at the beginning of the responses. And those "objections" are dated June 28, 2020 (long before the Court's order) and were alleged to have been served to a law firm called "Clark Hill PLC" not affiliated with this action.

3. Third, in the tardy December 17 response, Delaney Yonchek failed to comply with the Order by not producing Bates stamped documents 000001-000010 and 000051-000227, or show cause why these documents should not be produced. In fact, Ms. Yonchek merely produced the ***same exact documents*** produced about six (6) months

    ago on June 29, 2020 and did not address any of the requirements in the December 8 Order.

4. It is very unclear what documents were produced by third-party witness, Caitriona Brady, in response to the Court's December 8 Order. After initially producing text message documents Bates numbered 000001-000009, which the Court required to be reproduced "in their entirety such that no responsive messages are cut off," Ms. Brady produced text messages Bates numbered 000469 to 000870 and included a redaction log that was produced in completely different matter on May 20, 2020. Thus, Ms. Brady also failed to comply with the clear directions of the Court's December 8 Order, and did nothing to explain these irregularities.

5. Third-party witness Vasili Barbounis did not produce any documents or provide any explanation as to why he was not producing any documents, contrary to the stated terms of the December 8 Order. In other words, Mr. Barbounis did nothing to comply with the Court's Order.

Plaintiff MEF should not be required to return to the Court multiple times and at its expense to force compliance with court orders, nor should this Court be required to address the continuing violations. It is clear that court orders compelling production alone are not sufficient to ensure compliance, and more serious consequences must be used.

    In sum, Defendant and the third-party witnesses are in violation of this Court's November 25 and December 8 discovery orders. This Court should schedule a teleconference with the parties to discuss these ongoing discovery deficiencies and order prompt and full compliance with the Court's orders. Again, the misconduct described herein and indeed throughout the last year of discovery are precisely the types of misconduct deserving of the contempt sanctions requested in MEF's pending motion for contempt and sanctions.

Dated: December 28, 2020　　　　　　　　THE MIDDLE EAST FORUM
　　　　　　　　　　　　　　　　　　　　By counsel

　　　　　　　　　　　　　　　　　　　　s/ Sidney L. Gold
　　　　　　　　　　　　　　　　　　　　Sidney L. Gold
　　　　　　　　　　　　　　　　　　　　sgold@discrimlaw.net
　　　　　　　　　　　　　　　　　　　　Sidney L. Gold & Associates P.C.

1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 28, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*
