**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

### THIRD STATUS REPORT REGARDING DEFENDANT'S CONTINUING VIOLATIONS OF THIS COURT'S ORDERS IN ADVANCE OF TELEPHONE CONFERENCE WITH THE COURT

In advance of the January 19, 2021 Telephone Conference with the Court, Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, submits this Third Status Report regarding continuing violations of multiple court orders, including: (1) this Court's February 19, 2020 Order (Dkt. No. 38); (2) this Court's March 20, 2020 Order (Dkt. No. 45); (3) this Court's June 25, 2020 Order (Dkt. No. 58); (4) this Court's November 25, 2020 Order (Dkt. No. 75); and (5) and this Court's December 8, 2020 Order (Dkt. No. 78).

As set forth in its two prior status reports on December 16 and December 28, 2020 (Dkt. Nos. 80 and 85), Plaintiff continues to suffer prejudice from Defendant's discovery deficiencies more than a year after Plaintiff served "expedited" discovery. Among other things, despite these multiple court orders requiring otherwise, Plaintiff was denied access to Defendant's application-based accounts subject to discovery before the injunction hearing three weeks ago. The Defendant's continuing violation of multiple court orders raises serious concerns because Defendant apparently believes she need not comply with the Court's unambiguous direction (just

1

as she breached numerous commitments to MEF). While Defendant has engaged in the misconduct, it is Plaintiff MEF that has been forced to incur all the prejudice as well as significant and unnecessary costs attempting to force Defendant to comply with basic discovery obligations and court orders.

Among other things, and as this Court is well-aware based on multiple motions, letters, status reports, and telephone conferences, Defendant has not provided access/authorization to data, much less preserved the data in the last year. Defendant failed to preserve the data contrary to critical obligations to preserve data subject to a litigation hold since last November 2019 (pursuant to a preservation notice)[1] and certainly since the case was filed and discovery served in early December 2019. It is now clear that when Defendant sent two phones (and none of her other devices) to a prior discovery vendor, that vendor was not asked to image cloud data or data from the various application-based accounts she used such as ProtonMail, Telegram, Signal, Wickr, and Facebook. As a result, Plaintiff has been unfairly denied access to Defendant's activities over the last year to show what she has done to use or disclose MEF's trade secrets during this time period. As this Court knows, this is not for lack of effort by Plaintiff, having served expedited discovery as soon as the Complaint was filed and having contacted the Court numerous times since then to address these deficiencies. It is difficult to hear Defendant argue that Plaintiff cannot prove Defendant's use and disclosure of MEF proprietary data over the last year, when at the same time, Defendant knows that she has actively prevented discovery of her activities over the past year by failing to preserve data, failing to provide authorization to whatever remains in those accounts,

---

[1] The undisputed testimony at the December injunction hearing showed that Defendant received a preservation notice in June 2019, after which she factory reset her laptop in August 2019. Thereafter, and shockingly to this date and even after this Court's orders, Defendant did nothing to collect her cloud and application-based account data. That means that even if Cornerstone is able to collect some data from these sources now (more than a year later), it will not contain the data that existed a year ago, and indeed, Defendant now argues that she no longer has access to the ProtonMail account she used and that other data cannot be recovered.

and failing to provide copies of the devices to Cornerstone to perform tasks that Defendant never performed through her prior discovery vendor. Defendant's conduct is unacceptable under any circumstances.

Defendant has still yet to produce Signal and Wickr account data (to the extent it still exists now that Defendant never preserved it) to Cornerstone as most recently ordered by the Court on November 25 to be completed by December 4, 2020. *See* Order, Dkt No. 75 at 1 ("On or before December 4, 2020, counsel for Barbounis shall identify and supply to Cornerstone Discovery her account username and password for ProtonMail, and shall promptly cooperate with Cornerstone to complete collection of her Facebook, Telegram, Signal, and Wickr accounts."); *see also* Ex. 1, Second Supplemental Declaration[2] of Robert Centofanti ("To date, Cornerstone has not been provided with Signal or Wickr data, nor has Cornerstone been provided with the ability to collect Signal or Wickr data. For Signal data, we have informed Defendant that Cornerstone needs a physical device containing this data to facilitate collection. For Wickr data, we have informed Defendant that in order to attempt an alternate collection method of this data Cornerstone needs account credentials."). Despite Defendant's misleading representation in her December 4 declaration that she "do[es] not have a Wickr account," images of Defendant's cell phone home screen produced during expedited discovery show that she in fact had the Wickr application on her device and was actively using her Signal account throughout 2019 and 2020. Declaration of Lisa Reynolds-Barbounis, Dkt. No. 77 at ¶ 17; *see also* Ex. 74 in the Binder of hearing materials Plaintiff submitted to the Court's chambers on December 16, 2020, Screenshot of Home Screen (Wickr identified by white icon in "Social" applications folder); Ex. 72 in Plaintiff's Binder,

---

[2] For the convenience of the Court, the two prior Declarations submitted by Mr. Centofanti are attached as Exs. 2 and 3.

Second Screenshot of Home Screen; Ex. 79 in Plaintiff's Binder, Screenshot of Telegram and ProtonMail Notifications; Ex. 80 in Plaintiff's Binder, Screenshot of Signal Notifications.[3]

It is misleading at best for Defendant to state in a declaration that she "do[es] not have a Wickr account" because it suggests that she never had one or that the Court should somehow be satisfied that she does not have one now. If the Wickr account and the other cloud and application-based account data had been preserved over the last year (as she was required to do), we would not be in the present situation where she has violated court orders without ramifications and at considerable prejudice and expense to MEF. To permit a defendant to unilaterally flaunt her discovery obligations and court orders is a travesty.

In addition, and as explained in detail in Plaintiff's December 28 Status Report (*see* Dkt. No. 85 at 3-4), the third-party witnesses to this action, *also represented by Defendant's counsel*, are still in violation of this Court's December 8 Order. *See* Order, Dkt. No. 78. To date, the deficiencies of the third-party witnesses' production, listed in Plaintiff's December 28 Status Report, have not been resolved, and their counsel has also provided no excuse for these violations. Specifically, contrary to the Court's December 8 Order, the following documents are still outstanding from the third-party witnesses:

1. Delaney Yonchek's Bates stamped documents 000001-000010 and 000051-000227, or showing cause why these documents should not be produced;
2. Catriona Brady's Bates stamped documents 000001-000009 in their entirety such that no responsive messages are cut off;

---

[3] Hard copies of these documents were previously submitted in a binder to the Court by Plaintiff in advance of the Preliminary Injunction hearing because they were designated "Attorney's Eyes Only" by the Defendant, and therefore, Plaintiff MEF did not wish to violate the protective order. However, Plaintiff does not believe they constitute attorney's eyes only materials because they are merely screenshots of the home screen of Defendant's phones.

3. Any documents from Vasili Barbounis, or an explanation as to why he was not producing any documents; and

4. Clarity on whether Defendant is withholding document by copy-pasting objections from previous filings, despite the court's orders to produce the responsive materials.

To date, Plaintiff has also not received from the third-party witnesses nor Defendant's counsel any explanation for the continued violation of the Court's December 8 Order.

As the Court will recall, in granting Plaintiff's Third Motion to Compel and Request for Attorneys' Fees on March 20, 2020, the Court ordered that if "Barbounis has not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees associated with its Emergency Motion." Order, Dkt. No. 45 at n. 1. Ten months have now passed, and Defendant still has not complied with the March 2020 Order, as well as the subsequent June 25, November 25, and December 8 Court Orders requiring her to produce among other things, her Wickr and Signal accounts. Order, Dkt. No. 45. Defendant's repeated disregard for this Court's Orders is the subject of Plaintiff's pending Motion for Contempt, Sanctions, and Attorneys' Fees filed on August 31, 2020. *See* Pl.'s Mtn. for Contempt, Sanction, and Attorneys' Fees, Dkt. No. 62. The fact that Defendant still has not complied over four months since Plaintiff filed its pending Motion for Contempt, Sanctions, and Attorneys' Fees is even more troubling and justifies meaningful sanctions. Plaintiff's and this Court's only hope to force Defendant's compliance with her obligations (despite multiple court orders) and to remedy the uncurable prejudice (because unpreserved data can never be recovered) is to issue contempt sanctions against Defendant.[4] There

---

[4] As the Court may already know, other judges in separate actions in this Court have agreed, awarding sanctions against Defendant and her counsel for violations in those matters. *See* Order, *Lisa Barbounis v. The Middle East Forum, et al.*, No. 19-5030 (E.D. Pa. Nov. 23, 2020) (finding that Plaintiff and her counsel, Seth Carson, failed to comply with multiple discovery obligations and therefore "sanctions are appropriate pursuant to Fed. R. Civ. P. 37(b)."); *see also* Order, *Patricia McNulty v. The Middle East Forum, et al.*, No. 19-5029 (E.D. Pa. Dec. 30, 2020)

is no reason that MEF should be forced to incur the significant cost and prejudice when it is the Defendant who has not complied with her obligations for over a year.

In sum, after multiple court orders, Defendant and the third-party witnesses remain in violation of court orders. Plaintiff respectfully requests that the Court address these ongoing discovery deficiencies in today's teleconference with the parties, and order sanctions as well as prompt and full compliance with the Court's orders.  The ongoing discovery deficiencies described herein and indeed throughout the last year of discovery are precisely the types of misconduct deserving of the contempt sanctions and attorneys' fees requested in MEF's pending motion for contempt and sanctions.

Dated: January 19, 2021                              THE MIDDLE EAST FORUM
                                                     By counsel


                                                     s/ Sidney L. Gold
                                                     Sidney L. Gold
                                                     sgold@discrimlaw.net
                                                     Sidney L. Gold & Associates P.C.
                                                     1835 Market Street, Suite 515
                                                     Philadelphia, PA 19103
                                                     Tel: (215) 569-1999
                                                     Fax: (215) 569-3870

                                                     Attison L. Barnes, III
                                                     abarnes@wiley.law
                                                     1776 K Street NW
                                                     Washington, DC 20006
                                                     Tel: (202) 719-7000
                                                     Fax: (202) 719-7049

                                                     *Counsel for The Middle East Forum*

---

(finding Plaintiff's counsel, Seth Carson, in civil contempt for failing to comply with the Court's discovery orders and failing to appear at Court-scheduled status conferences); Order, *Lisa Barbounis v. The Middle East Forum, et al.*, No. 19-5030 (E.D. Pa. Oct. 26, 2020) (finding Plaintiff in contempt for failing to comply with discovery obligations).

## CERTIFICATE OF SERVICE

I hereby certify that, on January 19, 2021, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*
