# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |

## SECOND SUPPLEMENTAL DECLARATION OF ROBERT CENTOFANTI

I, Robert Centofanti, declare and state as follows:

1. My name is Robert Centofanti, and I am a Director at Cornerstone Discovery ("Cornerstone"). I have held this position at Cornerstone since November 2015. I am over the age of eighteen and am competent to testify to the matters that are the subject of this Declaration.

2. I have re-read the Court's discovery orders of June 25, 2020 and November 25, 2020. I provide this Second Supplemental Declaration to provide the Court a further status update on data collections from Defendant as ordered by this Court.

3. As I stated in my October 27, 2020 Declaration and my December 15, 2020 Declaration, the original phone images provided to Cornerstone by Capsicum on July 2, 2020 did not include Telegram, Signal, or Wickr data.

1

4. As of January 5, 2021, Cornerstone has completed collection of Defendant's Facebook account data, and through an alternate collection method, Defendant's Telegram data.

5. To date, Cornerstone has not been provided with Signal or Wickr data, nor has Cornerstone been provided with the ability to collect Signal or Wickr data. For Signal data, we have informed Defendant that Cornerstone needs a physical device containing this data to facilitate collection. For Wickr data, we have informed Defendant that in order to attempt an alternate collection method of this data Cornerstone needs account credentials. As I stated in my October 27, 2020 Declaration and my December 15, 2020 Declaration, Cornerstone cannot confirm the existence of data outside the data sources already collected or provided.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Robert Centofanti, Cornerstone

Dated: January 19, 2020

# Exhibit 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

## DECLARATION OF ROBERT CENTOFANTI

I, Robert Centofanti, declare and state as follows:

1. My name is Robert Centofanti, and I am a Director at Cornerstone Discovery ("Cornerstone"). I have held this position since November 2015. I am over the age of eighteen and am competent to testify to the matters that are the subject of this Declaration.

2. My primary work responsibility at Cornerstone is to manage client relations, including ongoing matters. I am the lead individual responsible for the management of Cornerstone's performance under the Court's Order dated June 25, 2020 (the "June 25 Order") appointing Cornerstone as the e-discovery vendor to implement the requirements of the June 25 Order.

3. Cornerstone has been providing e-discovery services to both parties to this litigation since the Court entered the June 25 Order instructing a prior vendor, Capsicum Group, LLC ("Capsicum"), to transfer existing forensic images to Cornerstone.

1

4. In order to maintain the highest level of neutrality in providing e-discovery services to both parties for this matter, I made it clear to representatives of both parties on multiple occasions that the plain terms of the June 25 Order would dictate the services that Cornerstone provides, and any arising issues would need to be resolved through the agreement of both parties.

5. Counsel for The Middle East Forum ("MEF") approached me to provide this Declaration to set forth the events surrounding Cornerstone's collection and processing of data sources in accordance with the June 25 Order.

6. The Court's June 25 Order instructed that Cornerstone receive from Capsicum electronic images of Defendant's two iPhones by June 29, 2020. Cornerstone received this information on July 2, 2020. The iPhone images that Cornerstone received were not accompanied with any collected cloud data, and Cornerstone was provided no indication from Capsicum or the parties that the cloud-based data had been preserved prior to Cornerstone's receipt of the images on July 2, 2020.

7. The June 25 Order also instructed that Defendant's counsel ("Mr. Seth Carson") provide to Cornerstone all of Defendant's account usernames and passwords by June 29, 2020 for lisa.e.reynolds@gmail.com and lisabarbounis@gmail.com, ProtonMail, Facebook, Twitter, Instagram, WhatsApp, Signal, Telegram, Wickr, iCloud, and Dropbox. On July 6, 2020, Cornerstone received account usernames and passwords for lisa.e.reynolds@gmail.com, lisabarbounis@gmail.com, Facebook, Twitter, Instagram, iCloud, and Dropbox.

2

8. On July 14, 2020, Cornerstone Digital Forensic Examiner Kyle McArdle provided the parties an update on the data sources collected at that point in time. Notably, the collection did not include Defendant's Facebook account due to a technical issue; an alternate collection method would be required. On July 22, 2020, Mr. McArdle sent the parties an additional update requesting that Mr. Seth Carson provide a time to perform the Facebook collection. Since that date, Mr. Seth Carson has not responded regarding our Facebook request, and we have been unable to collect the account as a result.

9. Cornerstone did not receive a username and password for a ProtonMail account as listed in the June 25 Order. The iPhone forensic images provided to Cornerstone by Capsicum on July 2, 2020 included WhatsApp data, but did not include Telegram, Signal, or Wickr data as listed in the June 25 Order. Cornerstone, however, is not able to confirm the existence of data sources outside of what was collected by Cornerstone or provided to Cornerstone by Capsicum.

10. On behalf of Cornerstone, I have communicated to the parties that Cornerstone intends to follow the June 25 Order. I have attempted to explain to the best of my ability how the e-discovery software and process will work. I have done all in my power to make this process as cooperative as possible consistent with the terms of the June 25 Order.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[signature]*

Robert Centofanti
Director
Cornerstone Discovery

Dated: October 27, 2020

4

# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**SUPPLEMENTAL DECLARATION OF ROBERT CENTOFANTI**

I, Robert Centofanti, declare and state as follows:

1. My name is Robert Centofanti, and I am a Director at Cornerstone Discovery ("Cornerstone"). I have held this position at Cornerstone since November 2015. I am over the age of eighteen and am competent to testify to the matters that are the subject of this Declaration.

2. I have read both the Court's discovery Order of November 25, 2020 and Lisa Reynolds-Barbounis' Declaration of December 4, 2020.

3. I write this Supplemental Declaration to provide the Court a status update on data collections, clarify portions of the Lisa Reynolds-Barbounis' Declaration, and specifically to clarify her recitation of facts related to Cornerstone's services in this matter and my Declaration of October 27, 2020.

1

4. As I stated in my October 27 Declaration, the original phone images provided to Cornerstone by Capsicum on July 2, 2020 did not include Telegram, Signal, or Wickr data consistent with the June 25 Order. To date, Defendant has not provided Cornerstone with Telegram, Signal, or Wickr data. Importantly, Cornerstone does not have an investigative mandate from the Court to discover if Telegram, Signal, or Wickr data exists elsewhere.

5. At approximately 3:00 p.m. on December 4, 2020, Lisa Reynolds-Barbounis provided Cornerstone with account username and password for her Facebook account. As of December 9, 2020, Cornerstone was able to collect the Facebook account in one format, and we have contacted Ms. Reynolds-Barbounis to complete the process of collecting Facebook information in a second format.

6. Despite Defendant's statements in her December 4 declaration that she has a Telegram account, this information was not contained in the original phone images that Cornerstone received from Capsicum. Because Cornerstone does not have an investigative mandate, as discussed above, and because Defendant to date has not provided Cornerstone with a device containing Telegram data or provided authorization/access to attempt an alternate collection method, Cornerstone has not been able to access or collect this information.

7. On December 4, counsel for Ms. Reynolds-Barbounis stated that he would try to collect data from the Telegram account himself through a desktop application. It is not advisable that counsel attempt to conduct this data collection when Cornerstone has not been given authorization/access to attempt an alternate collection method.

2

8. Ms. Reynolds-Barbounis' Declaration states that Cornerstone "was unable to access any Telegram, Wickr, and Single [sic] account through login credentials" (see paragraph 13). To clarify, Cornerstone, to this point, has simply stated that the original phone images provided by Capsicum did not contain this data. Cornerstone has also attempted to convey to Defendant and her counsel that the location where this data is stored as well as the collection methods vary. Again, Cornerstone does not have an investigative mandate in this discovery. Cornerstone can only state that it has not been provided with this information to date, but we cannot state whether this data may exist elsewhere.

9. On December 4, 2020, Ms. Reynolds-Barbounis provided Cornerstone with the account login information for a ProtonMail account. ProtonMail is a cloud-based email account that is accessible through a username and password. However, as stated in Defendant's December 4 declaration it appears that this account was created very recently. Cornerstone did not receive account login information for any additional ProtonMail accounts belonging to Defendant.

10. At this time, Cornerstone cannot confirm the existence of data outside the data sources it has already collected. But Cornerstone can state that it has not received Telegram, Signal, or Wickr data as ordered by the Court on June 25 and November 25.

11. On the afternoon of December 15, a call was scheduled for the morning of December 16 with Cornerstone and Defendant to complete the collection of Defendant's Telegram and Facebook accounts. Consistent with Defendant's December 4 declaration stating that she is willing to "do whatever they need[] to access any of

3

these accounts" and "will provide Cornerstone access to any account [Cornerstone] need[s]" (see paragraphs 16 and 19), Cornerstone will request access to Defendant's outstanding accounts for collection in accordance with the Court's June 25 and November 25 Orders, including through alternate collection methods.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Robert Centofanti, Cornerstone

Dated: December 15, 2020

4