**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

THE MIDDLE EAST FORUM,                    :

           Plaintiff,                    :

v.                                        :

                                         :

LISA REYNOLDS-BARBOUNIS,                   :    Civil Action No.: 19-5697

           Defendant.                     :

                                         :

## PLAINTIFF'S MOTION TO COMPEL SUBPOENAS TO MARNIE O'BRIEN

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to compel non-party Marnie O'Brien ("O'Brien") to comply with MEF's Subpoenas dated February 28, 2020 and May 21, 2020 ("Subpoenas")[1] seeking: (1) documents responsive to a total of four (4) requests to which O'Brien never objected; and (2) a deposition after the document production is complete. Despite MEF's good faith accommodation of O'Brien over the last year, MEF has not received O'Brien's cooperation regarding the production of documents responsive to the four requests, followed by a deposition of O'Brien.

For the reasons set forth in MEF's accompanying Memorandum, this Court should grant MEF's Motion to Compel and order Ms. O'Brien to produce the documents responsive to the Subpoenas no later than seven (7) days after the Court's Order and to appear for a deposition no later than seven (7) to fourteen (14) days after all responsive documents are produced.

---

[1] The Subpoenas are attached as Exs. 1 and 2 to the accompanying Memorandum in Support of this Motion.

Plaintiff MEF requests that this Court enter the attached order granting this Motion to Compel, award MEF its reasonable attorneys' fees and costs related to this motion, and grant such further relief as this Court deems proper.

Dated: May 18, 2021        THE MIDDLE EAST FORUM
By counsel

/s/ Attison L. Barnes, III
Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2021, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system, and by e-mail and U.S. mail to O'Brien's counsel as follows:

> Erica Shikunov
> Derek Smith Law Group, PLLC.
> 1835 Market Street, Suite 2950
> Philadelphia, PA 19103
> Tel: (800) 807-2209

/s/ Attison L. Barnes, III
Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM SUPPORT OF PLAINTIFF'S MOTION TO COMPEL SUBPOENAS**
**TO MARNIE O'BRIEN**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Fed. R. Civ. P. 45(g), submits the following Memorandum in Support of its Motion to Compel Subpoenas to non-party Marnie O'Brien ("O'Brien").

**INTRODUCTION**

As stated in its Memorandum Opinion dated January 8, 2021, this Court has found that MEF is likely to succeed on the merits of its breach of contract claims and violation of trade secrets claims against Defendant Lisa Reynolds-Barbounis ("Barbounis" or "Defendant"). *See* Dkt. 91, Opinion at 5-10.  As this Court is aware, Barbounis (a disgruntled former employee of MEF) obtained, disclosed, and still retains MEF's sensitive, proprietary data and information.  MEF believes that further evidence of harm, breach, and violation of duty by Defendant Barbounis is in the possession of O'Brien, and for that reason, MEF served subpoenas on O'Brien in this matter.

In this motion, because O'Brien has not complied with the subpoenas, MEF seeks to compel proper responses from O'Brien, one of the Defendant's close associates who is also a

1

former MEF employee represented by the same law firm as counsel for Defendant.  Among other things, O'Brien is the former employee who Defendant Barbounis alleges instructed her to delete the contents of her MEF laptop (thereby failing to preserve data contrary to Defendant's document preservation obligations).  MEF understands that O'Brien may have further assisted Barbounis in her efforts to obtain money from MEF's confidential donors,[2] allegedly assisting Barbounis with methods of funding such efforts, including travel and expenses.  MEF further understands that O'Brien is aware of and may possess electronic communications and recorded conversations with Barbounis about Barbounis' breaches and further evidence of Barbounis' unlawful behavior.  MEF further understands that O'Brien may be aware of the scope of MEF proprietary information Barbounis obtained from MEF and still retains, as well as disputes between Barbounis and O'Brien regarding Barbounis' use of MEF information.

MEF comes to this Court only after numerous unsuccessful attempts over the last year to obtain O'Brien's documents responsive to the Subpoenas in this case, followed by scheduling a date and time for O'Brien's deposition after all such materials are produced.  To date, O'Brien has not produced documents responsive to the four document requests in this case, and has raised numerous excuses over the last 12 months, including but not limited to: (1) technology issues; (2) COVID-19; (3) unavailability of counsel; and (4) claims that documents were produced in a separate action to different counsel in response to different requests unrelated to the trade secrets claims in this case.  While MEF has been willing to accommodate O'Brien as a non-party, MEF is concerned about the year-long delay and that, despite her obligations under the Subpoenas over the last year, O'Brien has not preserved data, including application-based data and data stored in the cloud.  When asked whether O'Brien possesses responsive documents that have not been

---

[2] In its January 8, 2021 Memorandum Opinion, this Court ruled that MEF's donors are trade secrets of MEF.  Dkt. No. 91.

2

produced or whether anything is being withheld, O'Brien's counsel suggests that ***her client*** may have additional documents, but that ***counsel*** does not have any additional documents. Only producing documents in ***counsel's*** possession is not a proper standard for discovery.

O'Brien's undue delay and continued non-compliance prejudice Plaintiff as it prosecutes its claims. For the reasons stated herein, Plaintiff respectfully requests that the Court grant this motion to compel.

## **BACKGROUND**

MEF initially served a subpoena upon Ms. O'Brien on February 28, 2020. *See* Ex. 1, Subpoena of Marie O'Brien. After scheduling an initial deposition date of March 18, 2020 with O'Brien's counsel, this date was postponed due to the COVID-19 outbreak. On May 21, 2020, MEF gave notice to Ms. O'Brien of its intent to serve subpoenas to produce documents, information or objects, or to permit inspection of premises in a civil action. *See* Ex. 2, Notice of Intent to Serve Subpoena. The May 21 subpoena contained only four document requests including document and communications (1) exchanged with Defendant referring to MEF data, (2) exchanged with other individuals related to electronic devices owned by Defendant, (3) exchanged with any other individual about this trade secrets case, and (4) exchanged with any other individual relating or referring to MEF and/or its principals. *See id.* at 8-9. O'Brien did not serve any objections to the subpoenas.

Having received no response from Ms. O'Brien or her counsel, Ms. Shikunov, in connection with MEF's May 21, 2020 notice, Plaintiff's counsel followed up with Ms. Shikunov and again requested available dates for a deposition of her client, Ms. O'Brien, between the dates of June 16 and June 25, 2020. *See* Ex. 3, May 28 Email from Attison Barnes. Plaintiff's counsel demonstrated good faith and understanding in its May 28 communication by, among other things,

3

offering to conduct the deposition remotely, in the early morning or evening, or even over the weekend depending on what was most convenient for Ms. O'Brien.  *See id.*  Plaintiff's counsel also requested that Ms. Shikunov provide available dates for the deposition by Monday, June 1, 2020.  *See id.*  Ms. Shikunov responded on May 29 that she would check with her client as to her availability and would get back to Plaintiff's counsel.

By Friday, June 5, 2020, Plaintiff's counsel had not heard back from Ms. Shikunov and sent another email requesting an update on available dates.  *See* Ex. 4, June 5 Email from Attison Barnes.  Still having heard nothing from Ms. Shikunov, on June 15, 2020, Plaintiff's counsel sent Ms. Shikunov another email that the other third-party witness depositions would be taking place on June 29-30 and July 1 and requested that Ms. Shikunov select one of those dates for Ms. O'Brien's deposition and produce responsive documents to MEF's document requests before then. *See* Ex. 5, June 15 Email from Attison Barnes.  Ms. Shikunov claimed for the first time that she had not received any document requests from MEF, so Plaintiff's counsel provided them to Ms. Shikunov a second time.  Ms. Shikunov then claimed that she had produced these documents to "your counterparts" and that both she and Ms. O'Brien were "working on identifying a vendor that's open and operating in Philly to rip the data off [Ms. O'Brien's] phone."  *See id.*  Even after receiving the subpoena a second time, no objections were lodged to the four requests.

Rather than produce the documents responsive to the four requests in the subpoena served in this trade secrets case, Plaintiff's counsel discovered that O'Brien's counsel was attempting to claim that documents O'Brien produced to different attorneys, in a different lawsuit, involving different issues, and in response to different discovery requests was somehow responsive to the requests here.  On June 16, 2020, undersigned counsel informed O'Brien's counsel that the documents produced in the other case were not responsive to the subpoena in this trade secrets

case,[3] and again referred her to the four (4) requests in this case. *See* Ex. 6, June 16 Email from Attison Barnes. Having received no response from Ms. Shikunov, Plaintiff's counsel sent two additional emails on June 19 and June 20, 2020 requesting confirmation of Ms. O'Brien's availability for a deposition on July 1, 2020 and to forward the rest of the responsive documents by the following Monday. *See* Ex. 7, June 20 Email from Attison Barnes.

Again receiving no response from Ms. Shikunov, Plaintiff's counsel emailed her on June 23, 2020 stating that MEF intends to proceed with the deposition on July 1, requesting an update on the production of documents, and providing information on the court reporting firm. *See* Ex. 8, June 23 Email from Attison Barnes. Ms. Shikunov responded on June 24, 2020 neither confirming or denying her client's availability for the July 1 deposition and stated that "[w]hen things open back up I will be able to produce the other documents," confirming that there are additional responsive documents that had not been produced until that date (and still not produced to date). *See* Ex. 9, June 24 Email from Erica Shikunov. Plaintiff's counsel responded again that MEF has still not received responses to its document requests, and requested a time to meet and confer to discuss these issues so as to avoid Court intervention. *See* Ex. 10, June 24 Email from Attison Barnes.

On June 25, 2020, Ms. Shikunov responded with excuses about a deposition of O'Brien in this case in addition to a lawsuit that she had filed. Additionally, Ms. Shikunov admitted that there were additional documents on Ms. O'Brien's phone that would be responsive to the requests, but confusingly claimed that "I have provided all responsive documents in my possession" (as opposed to her client's possession). *See* Ex. 11, June 25 Email from Erica Shikunov. Straightening out the

---

[3] Undersigned counsel noted one possible exception, an incomplete and undated text message about Barbounis' deletion of data. Plaintiff's counsel asked Ms. Shikunov to provide the complete text chain on this issue and to show the date and time of the text exchange that did not appear on the screenshot. O'Brien has never provided this information despite MEF's request.

record, Plaintiff's counsel responded that the terms of the document requests dictate the production and that any documents produced in separate litigation would not be responsive. *See* Ex. 12, June 26 Email from Attison Barnes. Ms. Shikunov did not respond to this communication from MEF, did not provide any additional documents responsive to MEF's documents request sent on May 21, or and did not produce her client for a deposition as previously agreed.

Plaintiff has reached out to Ms. Shikunov on numerous occasions to address her contention that O'Brien produced some documents in separate proceeding involving different claims. At no time has O'Brien identified how any documents produced in the other proceeding are responsive to any of the requests in this trade secrets case. On January 18, 2021, Plaintiff's counsel sent Ms. Shikunov a letter renewing requests for all documents responsive to the subpoena served on O'Brien and to request available dates to conduct the deposition. *See* Ex. 13, January 18, 2021 Letter to Erica Shikunov. Ms. Shikunov responded again that for some reason the information could be extracted by a vendor and was still in the possession of forensic e-discovery experts. *See* Ex. 14, January 18 Email from Erica Shikunov.

After permitting O'Brien some additional time to resolve the alleged technology issue, Plaintiff's counsel still did not receive the responsive documents nor any update on the responsive documents in possession of O'Brien. On April 15, 2021, Plaintiff's counsel sent Ms. Shikunov another letter following up on production of all responsive documents to MEF's May 21, 2020 subpoena and the schedule for a deposition. *See* Ex. 15, April 15, 2021 Letter to Erica Shikunov. Plaintiff's counsel stressed that the only documents sought are those responsive to the four requests sent to O'Brien on May 21, 2020. *Id.* Undersigned counsel requested that O'Brien search her devices, as well as her electronic accounts (including cloud-based accounts). *Id.* Frustrated by

O'Brien's delay and failure to comply, Plaintiff's counsel again raised the need for a meet and confer to discuss these issues. *Id.*

On multiple occasions, Plaintiff's counsel has requested that Ms. Shikunov provide available dates and times for a meet and confer discussion. Rather than provide her availability, Ms. Shikunov merely repeats that some documents were produced in separate litigation involving different issues. This tactic of refusing to schedule a meet and confer then morphed into a request by Ms. Shikunov that MEF should tell her what specific documents it wants, implying that the four documents requests (to which she never objected as unclear) are now somehow unclear a year after they were served. In addition, like any party without visibility into the documents in another's possession, MEF should not be expected to know what specific responsive documents Ms. O'Brien has in her possession. Indeed, the purpose of discovery is to "discover" what a witness may possess, not be limited to only what specific documents a requesting party can identify in the possession of a witness. MEF has only served four total requests on O'Brien, and there was no objection claiming the subpoena requests were burdensome (nor any other objection for that matter). Despite MEF's service of a reasonable number of requests, MEF's good faith accommodations over the past eleven months, the excuses provided by O'Brien and her counsel, the refusal to provide available times for a meet and confer to further delay resolution of this matter,[4] MEF has no other option but to approach the Court.

By this Motion, MEF seeks relief from this Court to remedy O'Brien's continuing non-compliance with the Subpoenas. MEF has diligently attempted to resolve these discovery issues in an amicable manner over an year-long period. O'Brien's refusal to produce information

---

[4] In an apparent effort to avoid MEF's enforcement of the Subpoenas, O'Brien's counsel threatened to seek attorneys' fees and costs against MEF, even though responsive documents have not been produced and MEF has been extremely patient before raising this issue with the Court. MEF has allowed O'Brien more than enough time (a year) to comply with Subpoenas reasonable in scope without objection from the subpoenaed witness.

responsive to the four subpoena requests in a timely manner, and to facilitate a deposition that Plaintiff has been attempting to conduct for a year, warrants an order from this Court to rectify this conduct.

## **ARGUMENT**

### I.     **The Court should compel Ms. O'Brien to produce all responsive documents and information requested in the May 21, 2020 subpoena.**

The Court should compel Ms. O'Brien to produce all responsive documents and information.  Federal Rule of Civil Procedure 26(b)(1) provides the general scope of discovery in civil matters.  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The general scope of discovery is broad, and information sought in discovery need not be admissible in evidence to be discoverable.  Here, MEF seeks through its four requests, document and communications (1) exchanged with Defendant referring to MEF data, (2) exchanged with other individuals related to electronic devices owned by Defendant, (3) exchanged with any other individual about this case, and (4) exchanged with any other individual relating or referring to MEF and/or its principals.  *See* Ex. 2, Notice of Intent to Serve Subpoena. These requests specifically relate to the parties in the civil action (MEF and Lisa Reynolds-Barbounis) and are, as discussed above, highly relevant to MEF's claims in this litigation.  *See In re Schaefer*, 331 F.R.D. 603, 607 (W.D. Pa. 2019) ("The scope of discovery available from a subpoenaed nonparty is the same as the general scope of civil discovery under Rule 26.") (citing *In re Rainwater*, No. 18-10051, 2018 WL 2088736, at *2 (D. Idaho May 4, 2018)).

Further, pursuant to Federal Rule of Federal Procedure 45, nonparties to a civil action may be subpoenaed to produce documents, tangible things, and electronically stored information as well as to appear at a deposition.  And when parties fail to comply with such subpoenas, Rule 45

permits the court issuing a subpoena to grant a motion to compel and to enforce an order compelling the discovery. Fed. R. Civ. P. 45(g); *see also High Tech National, LLC v. Stead*, No. 08–1440, 2020 WL 3605286, at *1 (E.D. Pa. July 2, 2020) (granting motion to compel against party that failed to comply with subpoena and court order).

After nearly a year, O'Brien's excuses are tiresome. Whether or not O'Brien has produced a few dozen pages in another lawsuit involving different issues and different requests is not a good faith search and response for the documents requested <u>in this case</u>. Whether or not O'Brien claims to have technology issues with a phone, O'Brien has had more than enough time to resolve the alleged issues, and a ***primary source for the data requested by MEF should be contained in application-based data and cloud storage, such that the actual device used to obtain the data is a red herring***. O'Brien's counsel's latest tactic to say "[t]ell me what you want" in the face of four discovery requests (to which O'Brien never objected for any reason) is exhausting and only delays resolution of this issue. And finally, failure to provide available dates and times for a meet and confer to thwart a motion to compel is inappropriate, at best.

**II.     The Court should compel O'Brien to appear for a deposition shortly after she has produced all responsive documents and information.**

When pressed, O'Brien's counsel claims in her e-mails that her client will appear for a deposition (without providing any dates), but MEF is entitled to the benefit of O'Brien's responsive documents before the deposition. MEF is concerned that if it proceeds with a deposition before obtaining the documents, then MEF will not be able to adequately depose the witness, and the witness will refuse to appear a second time to respond to questions about those documents, requiring court intervention anyway. MEF believes that the deposition should be scheduled 7-14 days after all responsive documents are produced, and MEF will (as it has offered multiple times in the past) to accommodate the witness's work schedule with a virtual deposition,

and if desired by the witness, in the morning before work, in the evenings after work, or on a weekend. MEF also does not expect the deposition to last more than 3 hours.

MEF has made numerous attempts to resolve the issue without Court intervention over the past year.  As set forth above, O'Brien has not responded to the four document requests in the subpoena and has provided ever-changing excuses for her failure to do so.  In truth, it is unclear whether O'Brien has done anything to comply with the subpoena other than to have her counsel refer to a document production in another case involving different claims and different requests.  O'Brien's failure to produce full and complete responses to MEF's subpoenas as contemplated by this Court is prejudicing MEF in the pursuit of its claims in this case.  O'Brien should not be permitted to evade Subpoena in this fashion.

## **CONCLUSION**

For the foregoing reasons, MEF respectfully requests that the Court grant its motion to compel, order O'Brien to respond fully and completely to the document requests in the subpoena no later than seven (7) days after the Court's Order, order O'Brien to appear for a deposition no later than seven (7) to fourteen (14) days after all responsive documents are produced, order O'Brien and/or her counsel to pay the attorneys' fees and costs associated with this motion, and grant such further relief as this Court deems proper.

**CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 26.1(f)**

Counsel for MEF hereby certifies pursuant to Local Rule of Civil Procedure 26.1(f) that the parties, after reasonable effort, are unable to resolve the present discovery dispute.


Dated: May 18, 2021                    THE MIDDLE EAST FORUM
                                       By counsel

                                       /s/ Attison L. Barnes, III
                                       Attison L. Barnes, III
                                       abarnes@wiley.law
                                       1776 K Street NW
                                       Washington, DC 20006
                                       Tel: (202) 719-7000
                                       Fax: (202) 719-7049

                                       *Counsel for The Middle East Forum*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 18, 2021, a true and correct copy of the foregoing was filed

and served electronically through the Court's CM/ECF system, and by e-mail and U.S. mail to

O'Brien's counsel as follows:

> Erica Shikunov
> Derek Smith Law Group, PLLC.
> 1835 Market Street, Suite 2950
> Philadelphia, PA 19103
> Tel: (800) 807-2209

> <u>/s/ Attison L. Barnes, III</u>
> Attison L. Barnes, III
> abarnes@wiley.law
> 1776 K Street NW
> Washington, DC 20006
> Tel: (202) 719-7000
> Fax: (202) 719-7049

> *Counsel for The Middle East Forum*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL SUBPOENAS TO**
**MARNIE O'BRIEN**

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion to Compel Subpoenas to Marnie O'Brien ("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1.      ORDERED that Marnie O'Brien produce to Plaintiff within seven (7) days of the Court's order all documents and information responsive to the Subpoenas served upon her on February 28, 2020 and May 21, 2020; and it is further

2.      ORDERED that Marnie O'Brien appear for a deposition no later than seven (7) to fourteen (14) days after all responsive documents are produced; and it is further

3.      ORDERED that Marnie O'Brien and her counsel shall pay Plaintiff's reasonable attorneys' fees and costs incurred related to this motion.

SO ORDERED this _____ day of May, 2021.


_____
The Honorable Juan R. Sánchez
United States District Court

1