# Exhibit 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF PA

| | |
|---|---|
| THE MIDDLE EAST FORUM | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   19-5697 |
| LISA REYNOLDS-BARBOUNIS | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                            Marnie O'Brien
                                                c/o attorney
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Building Conference room- Suite 1720<br>1835 Market St.<br>Philadelphia, PA 19103 | Date and Time:<br>03/18/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:   Video Taped / Court Stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  At least one day prior to the deposition please provide any/all documents reflecting or constituting communications and materials exchanged with Lisa Barbounis since August 1, 2019 mentioning MEF, its personnell, its data, and/or its property.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/28/2020

*CLERK OF COURT*
                                                                    OR
_____                    /s/Sidney L. Gold, Esquire
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Sidney L. Gold, Esquire
_____ , who issues or requests this subpoena, are:
1835  Market St., Suite 515, Philadelphia, PA 19103  (215) 569-1999

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**
(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

(A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR
<u>TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

Plaintiff by and through their undersigned counsel, Sidney L. Gold & Associates, P.C.,

and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, hereby gives notice of the

intent to serve a Subpoena identical to the one attached hereto.

**SIDNEY L. GOLD & ASSOC., P.C.**

**/s/ Sidney L. Gold, Esquire**

BY: _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorneys for Plaintiff

Dated:  05/21/20

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of PA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-5967 (JS) |
| LISA REYNOLDS-BARBOUNIS | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Marnie Meyer O'Brien c/o Seth Carson, Esquire

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached addendum for list of documents to be produced.

| Place: Sidney L.Gold & Assoc., P.C. <br> 1835 Market St., Ste 515, Philadelphia, PA 19103 <br> (215) 569-1999 telephone  &  (215) 569-3870 fax | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/Sidney L.Gold, Esquire |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Sidney L. Gold, Esquire, Counsel for Plaintiff_____ , who issues or requests this subpoena, are:
Sidney L.Gold & Assoc., 1835 Market St., Ste 515, Philadelphia, PA 19103 (215) 569-1999  sgold@discrimlaw.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-5967 (JS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DOCUMENT REQUEST TO MARNIE MEYER O'BRIEN

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.　　"Meyer," or "you" or "your" shall mean, unless otherwise expressly indicated by the particular context, Marnie Meyer O'Brien, in her personal capacity.

2.　　"MEF" shall mean, unless otherwise expressly indicated by the particular context, Plaintiff The Middle East Forum, and shall include all of its owners, members, principals, employees, agents, independent contractors, and representatives.

3.　　"Plaintiff" shall mean, unless otherwise expressly indicated by the particular context, MEF.

4.　　"Barbounis" shall mean, unless otherwise expressly indicated by the particular context, Defendant Lisa Reynolds Barbounis, former employee of MEF.

5.　　"Defendant" shall mean, unless otherwise expressly indicated by the particular context, Barbounis.

6.　　"Complaint" shall mean the Complaint filed by Plaintiff against Defendants in this action, *The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.), any attachments or exhibits thereto, and any subsequent amendments to the same.

7.　　"Case" shall mean any and all legal proceedings related to the Complaint.

8.　　"Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between persons, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences,

emails, text messages, app-based messaging, notes, facsimiles, social media postings, correspondence, seminars, and all other forms of electronic communications.

9.      "Date" shall mean the exact day, month, year, if ascertainable, or if not, the best approximation, including the relationship to other events.

10.     "Document" is synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the applicable rules of the Eastern District of Pennsylvania. Each comment, or addition to, deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the possession, custody, or control of any Defendants, including, without limitation, computer email.

11.     The phrase "electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

12.     "Employee" shall mean an employee, contractor, or other person paid by or under an entity's direct control. A person "employed" shall include any employee as defined herein.

13.     "Person" shall mean any natural person or entity, and shall include, without limitation, individuals, associations, companies, divisions, corporations, partnerships, and any business entities, whether formal or informal.

14.     "Regarding," "referring to," "in connection with," or any similar terms shall mean incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence concerning.

15.     The terms "and" as well as "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents

which might otherwise be construed to be outside its scope.  Wherever appropriate herein, the singular form of a word should be interpreted in the plural and the plural should be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be construed to be outside its scope.

16.    All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting Pennsylvania law.

17.    Unless otherwise specified, the time period for the requested documents is from August 1, 2017 through the present date.

18.    These requests cover all documents, including electronically stored information in, or subject to, your possession, custody, or control, including all documents or electronically stored information that you have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

19.    All documents shall be produced in a format consistent with the instructions provided in Appendix A.

20.    In responding to these discovery requests:

    a.  If a document was, but no longer is, in your possession, custody, or control, state:

        i.    how the document was disposed of;

        ii.    the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

      iii.    the date of deposition;

      iv.    and the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

   b.  If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

21.    If any portion of a document is responsive to a document request, the entire document shall be produced.

22.    If you assert that any portion of a request is objectionable, answer those remaining parts of the request to which you do not object.

23.    If you withhold any documents on grounds of a claim or attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by Pennsylvania law and the Rules of the Eastern District of Pennsylvania.

## REQUESTS FOR DOCUMENTS AND THINGS

1.    Documents and Communications that you exchanged with Defendant concerning or referring to MEF data, including but not limited to Communications referring to: (a) the retention of MEF data; (b) the transfer of MEF data via email, USB device, or cloud-based storage; (c) the deletion of MEF data; and (d) the current location of MEF data in Defendant's possession, custody, or control.

2.    Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your

own counsel) relating or referring to devices owned or used by Defendant, including but not limited to Defendant's Apple computer, her workspace computer, her cell phones, and her storage devices.

3.     Documents and Communications you exchanged with any person (including but not limited to Defendant and her counsel, but excluding any privileged communications with your own counsel) about this Case, whether documented in a letter, note, email, or memorialized telephone call.

4.     Documents and Communications you exchanged with any person (including but not limited to Defendant, Matthew Ebert, Delaney Yonchek, and Caitrona Brady, but excluding privileged communications with your counsel) since July 2019, relating or referring to MEF and/or its principals.

*The Middle East Forum v. Reynolds-Barbounis*, Case No. 2:19-cv-05697 (E.D.P.A.)

## APPENDIX A – DOCUMENT PRODUCTION SPECIFICATIONS

### General Specifications

- We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

- All documents should have a unique reference number (i.e., a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in Bates numbers.

- Please programmatically deduplicate electronic materials globally, providing in metadata other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

### Load File Formats

Image Load File
    Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file
```
SAMPLE00001,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00001.TIF,Y,,,4
SAMPLE00002,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\IMAGES\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
    Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|-------|-----------|--------------|
|       |           |              |

| Column | ¶ | 20 |
|---|---|---|
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

<u>Metadata Fields</u>

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| **Field Name** | **Sample Value** | **Field Description** |
|---|---|---|
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |

| File Name | Sample.PDF | Name of the native file as it existed originally |
|---|---|---|
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| Relativity Folder Path | CAH Insurers\Plaintiff Discovery Responses\Subfolder1 | Full folder path existing within original Relativity workspace. Should contain full path to lowest subfolder for each record |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| Redacted | Yes / No | Populated with Y for all documents which have been produced with redactions |
| Confidentiality Designation | CONFIDENTIAL | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file |

**File Formats**

Text Files

   Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

   Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains

the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.

Exhibit 3

| | |
|---|---|
| **From:** | Barnes III, Attison |
| **Sent:** | Thursday, May 28, 2020 10:54 PM |
| **To:** | Erica Shikunov |
| **Cc:** | Seth Carson |
| **Subject:** | Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS |

Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

Exhibit 4

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

Any word from your client on her available dates?  Thank you.




Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

1

Exhibit 5

| | |
|---|---|
| **From:** | Barnes III, Attison |
| **Sent:** | Monday, June 15, 2020 9:56 AM |
| **To:** | Erica Shikunov |
| **Cc:** | Seth Carson |
| **Subject:** | RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS |

Erica –

I have worked with Mr. Carson to select dates for non-party depositions as I assume he has discussed with you in light of the court's involvement in this issue.  Those dates are June 29-30 and July 1.  Please let me know if Ms. Meyer has a preference for one of those three days.  Her responsive documents would be due in advance, but since the document requests were sent to you months ago, your client has had plenty of time to compile them by now.  The Court has ordered Mr. Carson to produce all responsive documents from his clients this week.  Please confirm which of the three days mentioned above that you and your client would prefer for her deposition and that your client's responsive documents will also be produced this week.  Thanks.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, June 5, 2020 3:53 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

I think we should wait until after the call next week to discuss scheduling.  That seems to be what the next call is going to be about.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

Any word from your client on her available dates?  Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, May 29, 2020 10:26 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Hi Attison,

I will confer with my client on her availability and get back to you.

Erica

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Thursday, May 28, 2020 10:54 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 6

| From: | Barnes III, Attison |
|---|---|
| Sent: | Tuesday, June 16, 2020 9:23 AM |
| To: | Erica Shikunov |
| Subject: | RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS |

Erica –

Thanks for forwarding these materials, but they are generally unresponsive to our document requests in the referenced case because they appear to be about unrelated employment litigation.

The one exception is a conversation between Marnie and Barbounis on the last page of the production, which is a conversation about a factory reset.  Please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that we can see if it captures the full context of the discussion.  The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.  In addition, please refer again to the 4 document requests in the subpoena to ensure that your client produces all such documents related to this litigation (not unrelated employment litigation).  I look forward to receiving those documents this week.

Finally, in my e-mail below, I asked whether Ms. Meyer has a preference for a deposition on one of the following dates: June 29-30 and July 1.  Please let me know today or tomorrow.  Thanks.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 11:02 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Oh- Ok I did have this and produced to your counterparts. I thought you meant you had sent a separate request. As I already advised them, my client changed cell phone carriers during the relevant period and while she has the physical cell phone, it has complicated being able to produce those text messages. I'm working on identifying a vendor that's open and operating in Philly to rip the data off the phone. For spoliation reasons I'm concerned with mailing it anywhere. Everything else I have that is responsive is in this .pdf.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 10:51 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

See attached.  Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 9:58 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison,

I have not received any document requests from you?

Erica

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 9:56 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

I have worked with Mr. Carson to select dates for non-party depositions as I assume he has discussed with you in light of the court's involvement in this issue.  Those dates are June 29-30 and July 1.  Please let me know if Ms. Meyer has a preference for one of those three days.  Her responsive documents would be due in advance, but since the document requests were sent to you months ago, your client has had plenty of time to compile them by now.  The Court has ordered Mr. Carson to produce all responsive documents from his clients this week.  Please confirm which of the three days mentioned above that you and your client would prefer for her deposition and that your client's responsive documents will also be produced this week.  Thanks.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, June 5, 2020 3:53 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

I think we should wait until after the call next week to discuss scheduling.  That seems to be what the next call is going to be about.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

_____


_____

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

Any word from your client on her available dates?  Thank you.


   Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, May 29, 2020 10:26 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Hi Attison,

I will confer with my client on her availability and get back to you.

Erica

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Thursday, May 28, 2020 10:54 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.




Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard


NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 7

**From:** Barnes III, Attison
**Sent:** Saturday, June 20, 2020 10:09 AM
**To:** Erica Shikunov
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

We first contacted you in February to schedule a deposition of your client, and since that time, I have reiterated that I am willing to take the 2-3 hour deposition remotely, in the evenings, on weekends, and otherwise at the convenience of you and your client.  This hardly justifies your accusation of "aggressive."  I have tried to work cooperatively with you on scheduling, and I expected the courtesy of a reply, especially 4 months after your receipt of the subpoena.

As requested below, please send me the rest of the responsive documents by close of business Monday.  I believe four months is a sufficient time to have compiled them.

Please also confirm on Monday that your client will show for her deposition on July 1.  Mr. Carson (who represents the Defendant) is available that day.  The holiday is not until July 4, and in these days of COVID, not many people are "going away."  In any event, the deposition will be remote, so she can be anywhere.  Thanks.


 |  Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, June 19, 2020 5:55 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

That's because I'm still waiting to hear from my client. You are attempting to schedule the week of a holiday when many people go away. I'm not sure why you insist on being so aggressive with a fact witness.


On Jun 19, 2020, at 5:29 PM, Barnes III, Attison <ABarnes@wiley.law> wrote:


Erica -

I did not hear back from you in response to the e-mail below.  We have scheduled the deposition of Ms. Meyer for July 1 at 2:00 p.m.  Since we are doing the deposition remotely, I will send video log-in

1

information to you so you can forward it to your client.  Please send me the rest of the responsive documents by close of business Monday.  Thank you.

<image001.png>          Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Tuesday, June 16, 2020 9:23 AM
**To:** 'Erica Shikunov' <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

Thanks for forwarding these materials, but they are generally unresponsive to our document requests in the referenced case because they appear to be about unrelated employment litigation.

The one exception is a conversation between Marnie and Barbounis on the last page of the production, which is a conversation about a factory reset.  Please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that we can see if it captures the full context of the discussion.  The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.  In addition, please refer again to the 4 document requests in the subpoena to ensure that your client produces all such documents related to this litigation (not unrelated employment litigation).  I look forward to receiving those documents this week.

Finally, in my e-mail below, I asked whether Ms. Meyer has a preference for a deposition on one of the following dates: June 29-30 and July 1.  Please let me know today or tomorrow.  Thanks.

<image001.png>          Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 11:02 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Oh- Ok I did have this and produced to your counterparts. I thought you meant you had sent a separate request. As I already advised them, my client changed cell phone carriers during the relevant period and while she has the physical cell phone, it has complicated being able to produce those text messages. I'm working on identifying a vendor that's open and operating in Philly to rip the data off the phone. For spoliation reasons I'm concerned with mailing it anywhere. Everything else I have that is responsive is in this .pdf.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 10:51 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


See attached.  Thank you.



<image001.png>          Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 9:58 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison,

I have not received any document requests from you?

Erica

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 9:56 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

I have worked with Mr. Carson to select dates for non-party depositions as I assume he has discussed with you in light of the court's involvement in this issue.  Those dates are June 29-30 and July 1.  Please let me know if Ms. Meyer has a preference for one of those three days.  Her responsive documents would be due in advance, but since the document requests were sent to you months ago, your client has had plenty of time to compile them by now.  The Court has ordered Mr. Carson to produce all responsive documents from his clients this week.  Please confirm which of the three days mentioned

above that you and your client would prefer for her deposition and that your client's responsive documents will also be produced this week.  Thanks.

 Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, June 5, 2020 3:53 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

I think we should wait until after the call next week to discuss scheduling.  That seems to be what the next call is going to be about.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

Any word from your client on her available dates?  Thank you.

|  |  |
|---|---|
| <image001.png> | Attison L. Barnes, III<br>Attorney at Law<br>abarnes@wiley.law |

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, May 29, 2020 10:26 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Hi Attison,

I will confer with my client on her availability and get back to you.

Erica

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Thursday, May 28, 2020 10:54 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.


|  |  |
|---|---|
| <image001.png> | Attison L. Barnes, III<br>Attorney at Law<br>abarnes@wiley.law |

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 8

| | |
|---|---|
| **From:** | Barnes III, Attison |
| **Sent:** | Tuesday, June 23, 2020 6:21 PM |
| **To:** | Erica Shikunov |
| **Subject:** | RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS |

Erica —

I did not the courtesy of a response to my e-mails of last Tuesday and last Friday, nor did I receive the rest of the responsive documents by close of business yesterday.  I still intend to take the remote deposition of your client at 2:00 p.m. on July 1, although without the subpoenaed documents, I will leave the deposition open to the extent that a motion to compel is necessary.  What has been done to search for and produce the responsive materials?

I will be using DEG at the court reporting/video vendor for the deposition.  So that you and your client can verify ahead of time that you are able to connect and participate in the deposition, you may contact the following individual at DEG:

Dave Wiseman
Office: (202) 706-6000
Mobile: (301) 520-0847
Email: dwiseman@digitalevidencegroup.com

As is typical for a remote deposition in these times of COVID, the court reporter will not be in same room as the deponent so the oath will be by video as well.  To the extent you would like to discuss this or any other logistics of the deposition, please let me know.  Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Friday, June 19, 2020 5:29 PM
**To:** 'Erica Shikunov' <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica -

I did not hear back from you in response to the e-mail below.  We have scheduled the deposition of Ms. Meyer for July 1 at 2:00 p.m.  Since we are doing the deposition remotely, I will send video log-in information to you so you can forward it to your client.  Please send me the rest of the responsive documents by close of business Monday.  Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Barnes III, Attison
**Sent:** Tuesday, June 16, 2020 9:23 AM
**To:** 'Erica Shikunov' <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

Thanks for forwarding these materials, but they are generally unresponsive to our document requests in the referenced case because they appear to be about unrelated employment litigation.

The one exception is a conversation between Marnie and Barbounis on the last page of the production, which is a conversation about a factory reset.  Please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that we can see if it captures the full context of the discussion.  The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.  In addition, please refer again to the 4 document requests in the subpoena to ensure that your client produces all such documents related to this litigation (not unrelated employment litigation).  I look forward to receiving those documents this week.

Finally, in my e-mail below, I asked whether Ms. Meyer has a preference for a deposition on one of the following dates: June 29-30 and July 1.  Please let me know today or tomorrow.  Thanks.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 11:02 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Oh- Ok I did have this and produced to your counterparts. I thought you meant you had sent a separate request. As I already advised them, my client changed cell phone carriers during the relevant period and while she has the physical cell phone, it has complicated being able to produce those text messages. I'm working on identifying a vendor that's open and operating in Philly to rip the data off the phone. For spoliation reasons I'm concerned with mailing it anywhere. Everything else I have that is responsive is in this .pdf.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 10:51 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


See attached.  Thank you.




Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 9:58 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison,

I have not received any document requests from you?

Erica

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 9:56 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

I have worked with Mr. Carson to select dates for non-party depositions as I assume he has discussed with you in light of the court's involvement in this issue.  Those dates are June 29-30 and July 1.  Please let me know if Ms. Meyer has a preference for one of those three days.  Her responsive documents would be due in advance, but since the document requests were sent to you months ago, your client has had plenty of time to compile them by now.  The Court has ordered Mr. Carson to produce all responsive documents from his clients this week.  Please confirm which of the three days mentioned above that you and your client would prefer for her deposition and that your client's responsive documents will also be produced this week.  Thanks.




Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, June 5, 2020 3:53 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

I think we should wait until after the call next week to discuss scheduling.  That seems to be what the next call is going to be about.


Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

Any word from your client on her available dates?  Thank you.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, May 29, 2020 10:26 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Hi Attison,

I will confer with my client on her availability and get back to you.

Erica

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Thursday, May 28, 2020 10:54 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.




Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 9

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Wednesday, June 24, 2020 10:14 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Please refer to my prior correspondences regarding the issues with other documentation you have requested.

Marnie is a fact witness, and is under no obligation to submit to multiple depositions. As I understand it, you have not even had a Rule 16 conference at this juncture. When things open back up I will be able to produce the other documents. Right now you have everything responsive that is in mine or my client's possession.

Exhibit 10

**From:** Barnes III, Attison
**Sent:** Wednesday, June 24, 2020 8:31 PM
**To:** Erica Shikunov
**Cc:** Seth Carson
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

To be clear, I have not asked for multiple depositions of your client in this case, nor has she previously been deposed in this case.  Your client was served with a subpoena many months ago for documents and a deposition in this case, and I have been trying to work with you to obtain those documents and the deposition.  By your response below, I am concerned that your client is trying to delay and/or avoid her obligations under the subpoena.  While your e-mail below confirms that there are "other documents" I have not received them, nor have you responded to my reasonable request on June 16 (below in this chain) about the factory reset conversation between your client and Ms. Barbounis.  I renew my request that you please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that the full context of the discussion is provided.  The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.

Again, please refer again to the 4 document requests in the subpoena to ensure that your client produces the responsive documents related to this litigation (not unrelated employment litigation).  I look forward to receiving those documents this week.

It also seems that your reference to a Rule 16 conference is the same unsuccessful argument that Mr. Carson made to the Court before Judge Sanchez directed Mr. Carson to confirm that his clients would appear for depositions on June 29-30 and July 1.

If I do not receive confirmation that you will produce the documents requested in the subpoena and produce your client for deposition, please let me know your earliest available time for a meet-and-confer discussion tomorrow or Friday.  I'd prefer to avoid court intervention, but we may not have a choice if we do not get compliance with the subpoena.  Thank you in advance for your prompt reply.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

Exhibit 11

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Thursday, June 25, 2020 5:35 AM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison- I don't like repeating myself. It makes me tired. As I previously explained, the text messages are on a different phone. The phone is deactivated. I cannot have her mail it for spoliation purposes- if it's lost then I can't get the data off of it. Philly is still yellow. She can't come to my office. I need to get it from her, have a company do a pull, and go through those documents. You aren't going to get that this week or next week. I have explained this to your colleagues. They seemed to understand. They have actually helped me locate a vendor that is operating during Covid.

I have provided all responsive documents in my possession. You are making sweeping comments that you need "more documents" without identifying how the responses are insufficient. You just want "more documents." I cannot prove a negative.

My client is testifying one time, on one date. She will not be commenting on any documents I have not seen first. If you want a second bite at the apple for a non-party witness you will need court intervention. Further, if you are attempting to shove several documents in her face that I have not been provided with she will be instructed not to answer and you will need court intervention.

Other than documents off the phone, and I have explained that situation now twice in the king's  English, so you should understand, what "more documents" are you alleging haven't been produced?

Finally, I'm not making any arguments here. I don't have a dog in this fight. I'm pointing out that you seem unready tomorrow  take a deposition of anyone at this time based on where you are in the litigation process, and I'm not subjecting my client, a non-party, to multiple deposition appearances. That's your strategy call to make when you want her dep and I have no problem producing her- but it's not happening more than once.

Exhibit 12

| | |
|---|---|
| **From:** | Barnes III, Attison |
| **Sent:** | Friday, June 26, 2020 11:11 AM |
| **To:** | Erica Shikunov |
| **Subject:** | RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS |

Erica –

Many months ago, I served a subpoena on your client.  The subpoena was served in the case referenced above, and I am not involved in any other lawsuits involving MEF or your client, and I have never previously requested a deposition of your client.  Therefore, your references below to events that appear to involve other matters have no bearing on your client's obligations in this case.  Furthermore, this is a case involving trade secrets and related issues, not other issues in other cases.  Those other cases may have different deadlines, and we have been seeking prompt discovery related to a preliminary injunction motion.  Also, I should not be required to guess from documents that you may have produced in other litigation what may be responsive to the requests in this case, and I am entitled to know whether there are responsive documents to the requests I have served here.  So, in reference to your comment about the "king's English," I hope it is clear that I am seeking the documents responsive to the subpoena in this case (not a sperate lawsuit), and your e-mail below demonstrates that there is at least one phone that has not been searched, despite the passage of months since the service of the subpoena.  By nevertheless stating in your e-mail below that you have produced all documents "in your possession" related to some separate litigation with different requests does not mean that the requests have been satisfied in this case, especially without searching the phone and without searching for materials responsive to the requests in this case as opposed to some other case.  Lawyers and clients across the country have been engaged in remote discovery for months, so I'm not sure why you believe it should be otherwise for you and your client.

If you need additional suggestions on vendors, I am happy to provide names.  This is the first I am hearing about this, but my experience over the last several months is that most, if not all, of these vendors are operating fine.  That should not be a reason for further delay.

Whether counsel in other cases wish to take your client's deposition, I cannot control.  But that does not affect obligations under the subpoena in this case.  I have offered many times over the last three or four months to conduct the deposition with the least interruption to you and your client, including by remote means, in the evening, on weekends, and in a span of only 2-3 hours.  I don't see why you will not cooperate with me on these issues.

If you are still refusing to agree to my reasonable requests, I asked below for your available times to meet-and-confer yesterday or today, but you have not provided any available dates and times.  Please confirm that you are not willing to comply or speak with me, I will reluctantly need to involve the Court.  Thank you in advance for your prompt response.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Thursday, June 25, 2020 5:35 AM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison- I don't like repeating myself. It makes me tired. As I previously explained, the text messages are on a different phone. The phone is deactivated. I cannot have her mail it for spoliation purposes- if it's lost then I can't get the data off of it. Philly is still yellow. She can't come to my office. I need to get it from her, have a company do a pull, and go through those documents. You aren't going to get that this week or next week. I have explained this to your colleagues. They seemed to understand. They have actually helped me locate a vendor that is operating during Covid.

I have provided all responsive documents in my possession. You are making sweeping comments that you need "more documents" without identifying how the responses are insufficient. You just want "more documents." I cannot prove a negative.

My client is testifying one time, on one date. She will not be commenting on any documents I have not seen first. If you want a second bite at the apple for a non-party witness you will need court intervention. Further, if you are attempting to shove several documents in her face that I have not been provided with she will be instructed not to answer and you will need court intervention.

Other than documents off the phone, and I have explained that situation now twice in the king's  English, so you should understand, what "more documents" are you alleging haven't been produced?

Finally, I'm not making any arguments here. I don't have a dog in this fight. I'm pointing out that you seem unready tomorrow  take a deposition of anyone at this time based on where you are in the litigation process, and I'm not subjecting my client, a non-party, to multiple deposition appearances. That's your strategy call to make when you want her dep and I have no problem producing her- but it's not happening more than once.


On Jun 24, 2020, at 8:57 PM, Seth Carson <seth@dereksmithlaw.com> wrote:


I don't see any emails on June 16, 2020 about a factory reset conversation.  Would you mind forwarding those conversations to me?

Also, I did not make an argument to the court regarding the Rule 16 conference.  The parties simply agreed on certain dates, however, I was under the impression that all those dates were being canceled in light of the court's most recent ruling and Lisa Barbounis's intention to file a motion for reconsideration and an appeal of the court's decision if the motion is not successful.  To date, I don't think any depositions have been scheduled for any of the dates that were set aside, but you are welcome to discuss scheduling deps with me for those dates.

The parties have not exchanged written discovery. The parties have not had a rule 16 conference yet. The parties do not have a scheduling order. These are not arguments. They are the facts we are working within.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Wednesday, June 24, 2020 8:30 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

To be clear, I have not asked for multiple depositions of your client in this case, nor has she previously been deposed in this case. Your client was served with a subpoena many months ago for documents and a deposition in this case, and I have been trying to work with you to obtain those documents and the deposition. By your response below, I am concerned that your client is trying to delay and/or avoid her obligations under the subpoena. While your e-mail below confirms that there are "other documents" I have not received them, nor have you responded to my reasonable request on June 16 (below in this chain) about the factory reset conversation between your client and Ms. Barbounis. I renew my request that you please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that the full context of the discussion is provided. The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.

Again, please refer again to the 4 document requests in the subpoena to ensure that your client produces the responsive documents related to this litigation (not unrelated employment litigation). I look forward to receiving those documents this week.

It also seems that your reference to a Rule 16 conference is the same unsuccessful argument that Mr. Carson made to the Court before Judge Sanchez directed Mr. Carson to confirm that his clients would appear for depositions on June 29-30 and July 1.

If I do not receive confirmation that you will produce the documents requested in the subpoena and produce your client for deposition, please let me know your earliest available time for a meet-and-confer discussion tomorrow or Friday. I'd prefer to avoid court intervention, but we may not have a choice if we do not get compliance with the subpoena. Thank you in advance for your prompt reply.

<image001.png>    Attison L. Barnes, III
                   Attorney at Law
                   abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Wednesday, June 24, 2020 10:14 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Please refer to my prior correspondences regarding the issues with other documentation you have requested.

Marnie is a fact witness, and is under no obligation to submit to multiple depositions. As I understand it, you have not even had a Rule 16 conference at this juncture. When things open back up I will be able to produce the other documents. Right now you have everything responsive that is in mine or my client's possession.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Tuesday, June 23, 2020 6:21 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

I did not the courtesy of a response to my e-mails of last Tuesday and last Friday, nor did I receive the rest of the responsive documents by close of business yesterday. I still intend to take the remote deposition of your client at 2:00 p.m. on July 1, although without the subpoenaed documents, I will leave the deposition open to the extent that a motion to compel is necessary. What has been done to search for and produce the responsive materials?

I will be using DEG at the court reporting/video vendor for the deposition.  So that you and your client can verify ahead of time that you are able to connect and participate in the deposition, you may contact the following individual at DEG:

Dave Wiseman
Office: (202) 706-6000
Mobile: (301) 520-0847
Email: dwiseman@digitalevidencegroup.com

As is typical for a remote deposition in these times of COVID, the court reporter will not be in same room as the deponent so the oath will be by video as well.  To the extent you would like to discuss this or any other logistics of the deposition, please let me know.  Thank you.

<image001.png>    Attison L. Barnes, III
                  Attorney at Law
                  abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Barnes III, Attison
**Sent:** Friday, June 19, 2020 5:29 PM
**To:** 'Erica Shikunov' <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica -

I did not hear back from you in response to the e-mail below.  We have scheduled the deposition of Ms. Meyer for July 1 at 2:00 p.m.  Since we are doing the deposition remotely, I will send video log-in information to you so you can forward it to your client.  Please send me the rest of the responsive documents by close of business Monday.  Thank you.

<image001.png>    Attison L. Barnes, III
                  Attorney at Law
                  abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Barnes III, Attison
**Sent:** Tuesday, June 16, 2020 9:23 AM
**To:** 'Erica Shikunov' <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

Thanks for forwarding these materials, but they are generally unresponsive to our document requests in the referenced case because they appear to be about unrelated employment litigation.

The one exception is a conversation between Marnie and Barbounis on the last page of the production, which is a conversation about a factory reset.  Please provide the rest of the discussion about this issue (preferably 24 hours before and after the text you produced) so that we can see if it captures the full context of the discussion.  The date of the discussion is also not evident from the limited screenshot you have produced, so we will need that as well.  In addition, please refer again to the 4 document requests in the subpoena to ensure that your client produces all such documents related to this litigation (not unrelated employment litigation).  I look forward to receiving those documents this week.

Finally, in my e-mail below, I asked whether Ms. Meyer has a preference for a deposition on one of the following dates: June 29-30 and July 1.  Please let me know today or tomorrow.  Thanks.


<image001.png>          Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 11:02 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Oh- Ok I did have this and produced to your counterparts. I thought you meant you had sent a separate request. As I already advised them, my client changed cell phone carriers during the relevant period and while she has the physical cell phone, it has complicated being able to produce those text messages. I'm working on identifying a vendor that's open and operating in Philly to rip the data off the phone. For spoliation reasons I'm concerned with mailing it anywhere. Everything else I have that is responsive is in this .pdf.

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 10:51 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


See attached.  Thank you.


<image001.png>          Attison L. Barnes, III
                        Attorney at Law
                        abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Monday, June 15, 2020 9:58 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Attison,

I have not received any document requests from you?

Erica

---

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, June 15, 2020 9:56 AM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Erica –

I have worked with Mr. Carson to select dates for non-party depositions as I assume he has discussed with you in light of the court's involvement in this issue.  Those dates are June 29-30 and July 1.  Please let me know if Ms. Meyer has a preference for one of those three days.  Her responsive documents would be due in advance, but since the document requests were sent to you months ago, your client has had plenty of time to compile them by now.  The Court has ordered Mr. Carson to produce all responsive documents from his clients this week.  Please confirm which of the three days mentioned above that you and your client would prefer for her deposition and that your client's responsive documents will also be produced this week.  Thanks.

<image001.png>     Attison L. Barnes, III
                   Attorney at Law
                   abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

---

**From:** Seth Carson <seth@dereksmithlaw.com>
**Sent:** Friday, June 5, 2020 3:53 PM
**To:** Barnes III, Attison <ABarnes@wiley.law>; Erica Shikunov <eshikunov@pondlehocky.com>
**Subject:** Re: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

I think we should wait until after the call next week to discuss scheduling.  That seems to be what the next call is going to be about.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and
confidential information intended only for the use of the individual or entity named above. If
the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly prohibited. If you
have received this transmission in error, do not read it. Please immediately reply to the
sender that you have received this communication in error and then delete it. Thank you.

_____

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Friday, June 5, 2020 1:39 PM
**To:** Erica Shikunov <eshikunov@pondlehocky.com>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS


Erica –

Any word from your client on her available dates?  Thank you.


<image001.png>           Attison L. Barnes, III
                         Attorney at Law
                         abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

**From:** Erica Shikunov <eshikunov@pondlehocky.com>
**Sent:** Friday, May 29, 2020 10:26 AM
**To:** Barnes III, Attison <ABarnes@wiley.law>
**Cc:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** RE: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Hi Attison,

I will confer with my client on her availability and get back to you.

Erica

From: Barnes III, Attison <ABarnes@wiley.law>
Sent: Thursday, May 28, 2020 10:54 PM
To: Erica Shikunov <eshikunov@pondlehocky.com>
Cc: Seth Carson <seth@dereksmithlaw.com>
Subject: Deposition of Marnie Meyer in MEF v. Barbounis, Case No. 2:19-cv-05697-JS

Ms. Shikunov –

I am renewing my request for your client's available dates for deposition in the referenced lawsuit.  Please let me know which days and times are most convenient for you and your client between June 16 and June 25.  To accommodate schedules and preferences, I am willing to conduct the deposition: (1) remotely to avoid an in-person deposition if agreed by all involved; (2) in the early mornings or in the evenings if that is more convenient for you and your client; and/or (3) on the weekends if that is preferable.  I do not expect the deposition to last more than 2-3 hours, so I assume there are available blocks of time during this two-week period.  Please work with me cooperatively to lock in a date during this reasonable window.  I look forward to hearing back from you with available dates by end of the day Monday (June 1)  Thank you.

I have copied counsel for Ms. Barbounis to the extent he would like to participate as well.

<image001.png>    Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 13

Attison L. Barnes, III
202.719.7385
abarnes@wiley.law

# wiley

Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel:  202.719.7000

**wiley.law**

January 18, 2020

**VIA EMAIL**

Erica Shikunov, Esq.
Derek Smith Law Group, PLLC
1835 Market Street,
Suite 2950
Philadelphia, PA 19103

Re:   *The Middle East Forum v. Lisa Reynolds-Barbounis,* No. 19-5697 (E.D. Pa.) (the "Action") – Subpoena to Marnie Meyer-O'Brien

Dear Ms. Shikunov:

I write to renew the Middle East Forum's ("MEF") request for all documents responsive to the subpoena to your client, Ms. Marnie Meyer O'Brien, last year and to schedule a date to conduct a deposition of your client.

As you will recall, a deposition of your client was previously scheduled for March 18, 2020, but due to the COVID-19 outbreak, it was postponed.  A second subpoena was issued in May 2020 which included document requests related to this trade secrets matter, but I did not receive responsive documents.  Despite my follow-up requests, I still have not received the documents requested.  Your stated reason for the delay was that you were still in the process of getting your client's phone imaged, so please confirm that the phone has now been imaged (although the requests are not limited to what Ms. Meyer may have on a phone).  Also, note that the documents requested in this trade secrets action involving Ms. Lisa Reynolds-Barbounis are independent of any documents requested or produced by your client in a separate employment action involving your client.

Accordingly, I write again to seek: (1) the prompt production of the documents responsive to the requests in this trade secrets action by no later than February 1, 2021; and (2) available (virtual) deposition dates for you and your client within seven days after the date all such documents are produced.  Please let me know when you are available this week for a meet-and-confer call to ensure that we are on the same page.  Thank you in advance for your willingness to cooperate. All rights are reserved.

Very truly yours,

Attison L. Barnes, III
*Counsel for The Middle East Forum*

Exhibit 14

| | |
|---|---|
| **From:** | Erica Shikunov <erica@dereksmithlaw.com> |
| **Sent:** | Monday, January 18, 2021 1:10 PM |
| **To:** | Barnes III, Attison |
| **Cc:** | Briscoe, Adam |
| **Subject:** | RE: Follow-up on Marnie Meyer |

**External Email**

Attison,

I hope you enjoyed the holidays and are having a productive new year. With regard to the phone that is no longer in use, as your client's counsel can inform you, we have spent thousands of dollars and the information cannot be extracted- it is still in the custody of the forensic experts. The contents of my client's current phone has been produced to your client by and through counsel and they are in possession of that information.

If you will recall, outside of the phone, I have specifically asked you to clarify what else it is you are seeking but have not gotten a response unless I missed an email from you during the process of my changing firms. As your colleagues at Cozen and Clark Hill will tell you, I have endeavored to be helpful with discovery so long as it does not place an undue burden on my client as a non-party witness. I'm always happy to take a call and see what I can do to help or make my position on any particular request clear.

I'm happy to produce Ms. O'Brien for a deposition. Your client is also seeking her deposition in the other related Lisa Barbounis matter. I would prefer to produce her one time as she is a non-party witness in both cases and she has already testified once. We have been in deps on this matter for the past two weeks with SJ motions due 1/28- there are counter claims here and all parties are filing SJ motions. I would propose mid- Feb dates for deps unless you have an approaching deadline, in which case I'll work with you. For scheduling, I would suggest that we select two hard dates and then get Mr. Carson involved- it will go much more quickly.

Erica

**From:** Barnes III, Attison <ABarnes@wiley.law>
**Sent:** Monday, January 18, 2021 12:34 PM
**To:** Erica Shikunov <erica@dereksmithlaw.com>
**Cc:** Briscoe, Adam <ABriscoe@wiley.law>
**Subject:** Follow-up on Marnie Meyer

Erica -

Please see attached letter and let me know when you have time to discuss.  Once we get your client's documents, I'd like to get your client's available dates for deposition, and then I can contact Ms. Barbounis' counsel to confirm a date that works for everyone.  I look forward to hearing from you promptly.



Attison L. Barnes, III
Attorney at Law
abarnes@wiley.law

Wiley Rein LLP • 1776 K Street NW • Washington, DC 20006
o:  202.719.7385
Download V-Card | wiley.law | Bio

Note: The firm's domain has changed to wiley.law. To update my contact information, please download my vCard

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wiley.law

Exhibit 15

Attison L. Barnes III
202.719.7385
abarnes@wiley.law

# wiley

Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel:  202.719.7000

**wiley.law**

April 15, 2021

**<u>BY E-MAIL</u>**

Erica Shikunov, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103

Re:     *The Middle East Forum v. Lisa Reynolds-Barbounis*, C.A. No.: 19-5697-JS (E.D. Pa.) –
        Subpoena for Document Production and Deposition of Marnie Meyer

Dear Ms. Shikunov:

I write again as a follow-up to my January 18 correspondence that all documents responsive to MEF's May 21, 2020 subpoena to your client Marnie Meyer must be produced and that we need to schedule a deposition date for your client in the referenced matter.  Since the subpoena in May of last year, I have not received any documents from your client in this matter, and I await deposition dates for your client.

As you know, I have made multiple attempts over the past year to obtain compliance with the subpoena's document requests and to conduct a deposition of your client.  In this final attempt before seeking court intervention, we write to request a written response from you: (1) confirming that all responsive documents will be produced to my attention on or before April 22, 2021; (2) if your client seeks to withhold any responsive documents, please identify in your response what documents are being withheld for each request and for what reason; and (3) available dates and times for your client's deposition between 5-10 days after all responsive documents are produced.

Please note that the documents requested in this trade secrets action are succinctly set forth in the attached subpoena from last May, so please do not suggest again that you need some clarification of what is requested.  While your client may want to delay this process further, there are only four (4) document requests in the subpoena, and they are wholly independent of any documents that may have been produced to other lawyers in any other litigation.  Moreover, the requested documents are not limited to information that is resident on your client's phone(s).  In response to the document requests, your client should, as detailed in the requests, search for responsive documents in her possession including but not limited to phone, laptop, cloud or application-based accounts, and any hard copy materials that are responsive to these document requests.  Furthermore, eleven months is plenty of time for your client to have forensically captured the responsive materials from a phone, so those excuses will not work any longer.

To the extent that you disagree with the requests in this letter, please provide available dates and times over the next five days for a meet-and-confer conference call to discuss whether we can resolve the matter or whether we need to seek court intervention.

Agee, Grant
April 15, 2021
Page 2


Thank you in advance for your cooperation.  All rights are reserved.


Very truly yours,

Attison L. Barnes III
*Counsel for The Middle East Forum*