# DEREK SMITH LAW GROUP, PLLC
**Employment Lawyers Representing Employees Exclusively**

June 1, 2021

**<u>VIA ELECTRONIC FILING</u>**
Juan R. Sanchez, Chief Judge
Eastern District of Pennsylvania

      **RE:** <u>**Middle East Forum v. Lisa Barbounis**</u>
              **Civil Action No. Case No: 2:19-cv-05697-JS**

Your Honor,

    I write in response to the Motion to Compel Subpoena responses directed towards my client, Marnie O'Brien, which was filed on May 18, 2021.

    The Court's procedures clearly state that a call is to be requested with the Court via facsimile before such motions are filed. The Court's procedures were not followed with respect to this Motion. Nevertheless, Ms. O'Brien, by and through counsel, has attempted to work through the Motion with Plaintiff's counsel and was advised that Plaintiff's counsel would be filing an update with the Court at the end of last week advising that the parties were attempting to resolve the matter. Seeing no such filing on the docket, having not been copied on a letter to chambers, and with her response due today, Ms. O'Brien is now compelled to waste time and resources responding to a Motion that never should have been filed.

    Ms. O'Brien received a subpoena from attorney Sidney Gold, Esq. last year.  Attorney Gold conflicted out of any matters concerning Ms. O'Brien. Thereafter, Plaintiff's counsel corresponded via email with Attorney Attison Barnes who undertook the representation that was

relinquished by Mr. Gold. As a result of the email correspondence, Plaintiff's counsel did turn over all responsive documents in Ms. O'Brien's possession that were responsive to Mr. Gold's original subpoena. Mr. Barnes failed to issue a new subpoena as undersigned counsel.

Subsequently, Mr. Barnes expressed dissatisfaction with the production and this counsel also attempted to call him regarding the production and he refused to meaningfully participate in the call or initiate further calls until nearly a year later after exchanging dozens of emails with this counsel, wherein this counsel repeatedly sought clarification as to what was unsatisfactory about the initial production and was never provided any further specificity. This counsel has repeatedly offered to help Mr. Barnes locate whatever it is he is seeking that he believes to be in Ms. O'Brien's possession, if it is, in fact, in her possession. Additionally, this Counsel has repeatedly offered to make Ms. O'Brien available for a deposition.

After the filing of the motion Mr. Barnes had a call with this counsel wherein he clarified what he was seeking. Most of his requests were already within his client's possession, but as a gesture of good faith this counsel re-produced the documents to him and engaged in a second call with Mr. Barnes. Mr. Barnes desires to image Ms. O'Brien's laptop and we have agreed to make that available as well at Plaintiff's expense. Additionally, this counsel is currently holding June 15, 2021 as a deposition date for Ms. O'Brien.

Plaintiff has no further responsive documents in her possession, which Mr. Barnes is aware of because this Counsel informed him of the same in writing on a multitude of occasions. Ms. O'Brien and Ms. Barbounis are not "close associates" as falsely stated in Mr. Barnes' motion, but rather their behavior towards one another, on the record, has forced our law firm to institute an

iron curtain to maintain these clients' files and communications completely separately from one another, despite the commonality of the causes of action contained in each case.

Mr. Barnes' Motion further makes reference to a phone which remains with a vendor after three different vendors could not pull information from it. Ms. O'Brien also would have liked to have the information off of that phone for her own case against Plaintiff. The data cannot be retrieved. Simply put, this Counsel is baffled as to the filing of a Motion to Compel when Ms. O'Brien's deposition has been offered several times. Further, documentation was already in Plaintiff's possession and a call was not first scheduled with the Court. This counsel is happy to provide copies of all emails exchanged between herself and Mr. Barnes since the commencement of her employment with her current firm if the Court would find it helpful to demonstrate Ms. O'Brien's complete willingness to cooperate in the present matter as dictated by the Federal Rules of Civil Procedure.

      Respectfully Submitted,

      **DEREK SMITH LAW GROUP, PLLC**

      */s/ Erica A. Shikunov, Esq.*
      Erica A. Shikunov, Esq.
      1835 Market Street, Suite 2950
      Philadelphia, PA 19103
      Tel. (215) 391-4790
      Fax: (215) 893-5288
      erica@dereksmithlaw.com

      *Attorneys for Plaintiff*

Cc:    Attison L. Barnes, III, Esq. <*via email: abarnes@wiley.law*>
        Adam R. Briscoe, Esq. <*via email*: *abriscoe@wiley.law*>
        Martha G. Vasquez, Esq. <via email: mvazquez@wiley.law>

Seth D. Carson, Esq. <via email: seth@dereksmithlaw.com>