IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

## ORDER

AND NOW, this 27th day of August, 2021, upon consideration of Plaintiff The Middle East Forum's Motion for Contempt Sanctions and Attorney's Fees and Costs, Defendant Lisa Reynolds-Barbounis's Motion for Contempt and Sanctions, and the parties' briefing on the Motions, it is ORDERED the Motions (Documents 62 and 65) are DENIED.[1]

---

[1] Plaintiff the Middle East Forum and Defendant Lisa Reynolds-Barbounis filed cross-motions for contempt and sanctions against one another and counsel. Middle East Forum claims contempt and sanctions are warranted against Barbounis because she willfully submitted false statements, failed to comply with discovery orders of this Court, and spoliated evidence. Barbounis claims contempt and sanctions are warranted against Middle East Forum because its Motion is frivolous and intentionally misleading, and because Middle East Forum's lawsuit is retaliatory in nature. Both parties seek costs and attorney's fees. The Court held the motions in abeyance pending the resolution of several discovery disputes between the parties. The Court now denies both motions.

A court may "adjudge persons who willfully disobey its order to be in civil contempt." *Winterland Concessions Co. v. MacIntosh*, No. 89-8342, 1992 WL 170897, at *10 (E.D. Pa. July 14, 1992) (citing *United States v. Mine Workers*, 330 U.S. 258 (1957)). Whether to hold someone in civil contempt "rests within the sound discretion of the court." *Erie Bottling Corp. v. Donovan*, 539 F. Supp. 600, 609 (W.D. Pa. 1982). "To prove civil contempt the court must find that (1) a valid order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995). "A finding of civil contempt must be supported by clear and convincing evidence." *Id.* at 1321. The district court must resolve ambiguities in favor of the party charged with contempt. *Id.* at 1326. Contempt should not be granted where "'there is ground to doubt the wrongfulness of the defendant's conduct.'" *Id.* (quoting *Quinter v. Volkswagen of America*, 676 F.2d 969, 974 (3d Cir. 1982)).

As an initial matter, much of Middle East Forum's Motion is based on discovery disputes that have since been resolved. *See* Nov. 25, 2020, Order, ECF No. 75; December 8, 2020, Order, ECF No. 78; Feb. 3, 2021, Order, ECF No. 96. The Court will not order contempt based on non-compliance with orders where Barbounis has since complied. Further, as the Court stated in its November 25, 2020, Order denying attorney's fees, Barbounis facially attempted to comply with the Court's prior discovery orders, and any potential non-compliance was resolved after teleconferences with the parties and third-party vendor Cornerstone Discovery. The Court thus

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

does not find Middle East Forum has proved Barbounis knowingly failed to comply with a court order by clear and convincing evidence.

Middle East Forum also seeks an adverse inference for Barbounis's alleged spoliation of evidence. Middle East Forum alleges Barbounis factory-reset her laptop computer, which contained relevant proprietary information, despite knowledge of a litigation hold unrelated to this case. Spoliation occurs where "(1) the evidence was in the party's control; (2) the evidence is relevant to the claims or defenses in the case; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party." *Clarion Brands, LLC v. Llorens Pharm. Int'l Div., Inc.*, No. 14-6592, 2018 WL 2689267, at *31 (E.D. Pa. June 5, 2018) (citing *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012)). "A finding of bad faith is pivotal to a spoliation determination." *Id.* at *32 (quotations and citation omitted). After the Court determines spoliation of evidence has occurred, the Court has discretion to craft an appropriate sanction, including an adverse inference. *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 507 (W.D. Pa. 2011). Granting an adverse inference for spoliation is "an extreme remedy." *Clarion Brands*, 2018 WL 2689267, at *31 (citation omitted).

With respect to spoliation, Middle East Forum's Motion is premature. Discovery in this case has not closed, and the record is incomplete. The Court is thus unable to make factual determinations as to whether Barbounis suppressed relevant evidence in bad faith at this stage. The Court therefore denies without prejudice Middle East Forum's request for a finding of spoliation and an adverse inference. *See Benkovich v. Gorilla Inc.*, No. 15-7806, 2017 WL 4005452, at *3 (D.N.J. Sept. 12, 2017) (holding request for adverse inference due to spoliation was premature); *Bracey v. Harlow*, No. 11-04, 2012 WL 6629592, at *3 (W.D. Pa. Dec. 19, 2012) (deferring spoliation issue until after full development of the factual record); *Swindell*, 827 F. Supp. 2d at 508 (denying spoliation motion because case was still in discovery phase and the motion was premature). Middle East Forum may renew its spoliation arguments at trial if it so chooses.

As for Barbounis's Motion, Barbounis has not established, nor does the Court find, any basis for holding Middle East Forum or its counsel in contempt. Barbounis has thus not met the standard of proving the necessity of civil contempt, which requires clear and convincing evidence.

Accordingly, the Court will deny both parties' motions.