

## **MOTION TO STRIKE OR IN THE ALTERNATIVE FOR EXTENSION OF TIME**

September 30, 2021

*Via ECF*
United States District Court
Eastern District of Pennsylvania
Honorable Juan R. Sanchez
601 Market Street
Room 14613
Philadelphia, PA 19106-1726

        RE:    <u>Middle East Forum v. Lisa Reynold-Barbounis</u>
              No. 2:19-cv-05697-JS

Dear Judge Sanchez:

Defendant, Lisa Barbounis ("Defendant") files this letter-brief Motion to request the Court strike Plaintiff's expert report as untimely, resulting in prejudice to Defendant. The current Scheduling Order in place (Document 101) required Plaintiff to produce all expert discovery by September 23, 2021. Plaintiff did not produce expert discovery by September 23, 2021, in compliance with this Court's Order. Moreover, Plaintiff did not even produce the required Rule 26(a) disclosures that would notify Defendant that Plaintiff was even considering retaining an expert in this matter. It was not until after the close of fact discovery, and after the close of expert discovery, that Plaintiff decided to first produce its Rule 26(a) disclosures along with Plaintiff's expert report, on September 24, 2021, at the close of business late Friday afternoon. Plaintiff did not notify Defendant that Plaintiff intended to produce this report and required an extra day or two. When the time for fact discovery expired, Defendant reasonably assumed that Plaintiff did not retain an expert. This is because Plaintiff also refused to produce the required Rule 26(a) disclosures identifying an expert, which importantly were due within 14 days of the initial status conference almost two years previously.

The time to conduct expert discovery came and went, and then, on September 24, 2021, Plaintiff, Middle East Forum, through counsel, sent an email to Defendant. The email contained a two-page Rule 26(a) disclosure along with a forty-two (42) page comprehensive narrative report from a purported economics expert on the issue of damages. <u>The email and attachments are hereto attached as Defendant's Exhibit "A"</u>.

Defendant is at a loss. To respond to this report would require Defendant to engage an expert of her own, to send this expert hundreds, if not thousands of pages of exhibits and testimony to review and expound upon. Had Plaintiff produced the required Rule 26(a) disclosures notifying Defendant that Plaintiff intended to produce an expert on the issue of damages, then Defendant

could have begun the process of retaining an expert in advance of receiving the late report. But the Rule 26(a) disclosures came on the same day that Defendant received the report, one day after the close of expert discovery. Defendant is now at a loss.

This Court squarely placed the issue of damages front and center when Your Honor issued his Opinion on January 8, 2021, nearly ten (10) months ago. There is no justification for Plaintiff's refusal to act in compliance with the Federal Rules of Civil Procedure and Your Honor's Orders other than to attempt trial by fire by blitzing Defendant with this late report with no way to respond in time. As it stood, Defendant had only seven days to respond to Plaintiff's expert report, where Plaintiff had from the inception of this litigation, almost two years ago, to retain and present its expert's opinions. Certainly, Plaintiff had time to disclose the fact that Plaintiff was even considering retaining an expert.

Now, Defendant is in a position where dispositive motions are due in two (2) weeks. It will be all but impossible for Defendant to retain an expert to refute Plaintiff's report in that time, and then depose Plaintiff's expert.

This case has been in litigation for almost two years. Plaintiff has had every opportunity to conduct fact and expert discovery in the time allotted. There is no justification for Plaintiff's behavior which will result in severe prejudice to Defendant's case.

For these reasons, Defendant requests that Plaintiff's expert report by stricken. In the alternative, Defendant requests a status conference to discuss the current Scheduling Order in consideration of Defendant's right to retain an expert and respond to Plaintiff's expert report.

Because dispositive Motions are currently due October 14, 2021, Defendant is prejudiced by this turn of events, as the primary issue upon which this case may turn is damages. Defendant suggests it is this very fact that motivated Plaintiff's strategy: trial by fire.

Very Truly Yours,

**DEREK SMITH LAW GROUP, PLLC**

BY:    /s/ Seth D. Carson
        Seth D. Carson, Esquire

CC: Attison Barnes and Sidney Gold via ECF