# Exhibit 6

# The Middle East Forum v. Lisa Reynolds-Barbounis

**Timeline of Defendant's Misconduct**

Defendant's and her counsel's continued failure to comply with court orders, failure to produce documents, and failure to cooperate is exhibited in the below, non-exhaustive timeline:

- October 25, 2019 – Prior to filing this action, MEF sent a letter to Defendant asking for assurances that she would not disclose MEF's protected information. Plaintiff reasonably asked Defendant, a former employee, to cease and desist from collecting, distributing, or disclosing MEF data and to permanently delete such information in a manner satisfactory to MEF. Defendant did not provide the requested assurances.
- November 12, 2019 – Not having received assurances from Defendant, MEF in good faith sent a follow-up communication to Defendant along with an affidavit for Defendant to sign to make it easy for Defendant to provide the assurances that she would not disclose the sensitive information in her possession. MEF also requested that Defendant preserve and not alter all hard copy and electronic documents in her possession, custody, or control. Defendant did not sign the affidavit or offer alternative language.
- November 25, 2019 – Concerned that Defendant was not willing to sign an affidavit, MEF began to prepare a lawsuit it hoped was not required, and again attempted in good faith to obtain Defendant's consent to a stipulated order in lieu of a lawsuit. In light of Defendant's unwillingness to agree not to disseminate MEF data, MEF counsel prepared, through the Thanksgiving holiday, a Complaint and a Motion for Preliminary Injunction.
- December 5, 2019 – Unable to get Defendant to discuss this matter amicably, MEF filed a Complaint, a Motion for Preliminary Injunction, and a Motion for Expedited Discovery (consisting of only five interrogatories and four document requests). Shortly thereafter, MEF requested a telephone conference with the Court to address MEF's concerns and the need for expedited discovery. The Court agreed to hear the parties by telephone on December 20, 2019.
- December 20, 2019 – During the hearing with the Court, MEF requested that the Court direct Defendant to respond in full to MEF's discovery in advance of a preliminary injunction hearing and to direct Defendant to have all of her electronic devices imaged by a mutually-agreeable discovery vendor. The Court agreed and directed Defendant respond to MEF's discovery requests and to turn over all of her devices for imaging by January 6, 2020.
- December 20, 2019 – In a letter shortly after the Court hearing, MEF provided Defendant with the name of an acceptable vendor (Cornerstone) and requested that Defendant inform MEF if Defendant wished to propose a different vendor. Defendant did not respond.
- December 30, 2019 – To avoid any confusion or dispute about the actual devices Defendant would need to turn over to the vendor, MEF informed Defendant of multiple devices of

which MEF was aware (because of Defendant's social media posts), and noted that Defendant had not objected to the vendor proposed by MEF as the mutually-acceptable vendor. MEF asked about Defendant's cloud-based data and requested a call with Defendant's counsel, but Defendant did not respond.

- January 2, 2020 – MEF sent a letter informing that Court that Defendant had not agreed to turn over devices to a mutually-acceptable vendor, that Defendant was now seeking to place conditions on the imaging and recovery of data, and that a follow-up conference was needed to address these issues.

- January 6, 2020 – Defendant ignored the Court's direction to complete the imaging by this date, did not respond to Plaintiff's discovery requests, did not engage a mutually-agreeable discovery vendor (or any vendor), did not have her devices imaged, and as MEF later learns, still had not provided her devices to her counsel for preservation despite MEF's request for preservation in November 2019.

- January 7, 2020 – The Court set the hearing date on January 15, 2020.

- January 14, 2020 at 10:58 p.m. – Late the night before MEF's Motion to Compel hearing, Defendant sent incomplete and unverified answers to interrogatories, and did not provide a written response to the MEF document requests.

- January 15, 2020 – At this lengthy Court appearance, Plaintiff presented photographic proof of Defendant's multiple phone and other devices that Defendant had posted on social media. Defendant did not appear at the hearing, and through counsel, represented to the Court (later proven untrue) that Defendant only had one phone and no other devices. Plaintiff also demonstrated to the Court that the data on the laptop Defendant returned to the company upon her departure had been deleted by a "factory reset" despite a prior preservation notice instituted by her own counsel. This spoliation heightened MEF's concerns about Defendant's failure to preserve the data and metadata on her other devices. At the conclusion of a two-hour hearing, the Court requested that the parties agree to the contents of an Order, which the parties negotiated for an hour, while defense counsel was on the phone with the Defendant. An Agreed Order was submitted to, and entered by, the Court.

- January 20, 2020 – Despite agreeing to the Agreed Order, Defendant reneged and filed a Motion to Vacate, claiming, contrary to the facts, that the Defendant had not agreed to the Agreed Order. During this time, Defendant still did not preserve the data and metadata on her devices and still did not work with Plaintiff on a mutually agreeable vendor to image the data/metadata. In addition, despite being served with the discovery requests on December 5, and having waived all objections, Defendant still did not provide verified answers to MEF's Interrogatories or written responses to MEF's Requests for Production of Documents (and produce all relevant documents).

- February 19, 2020 – The Court again ordered Defendant to provide responses to MEF's Requests for Production and produce all of her devices to a third-party vendor for imaging

by February 25, 2020. Defendant did not do so. The Court also ruled that "[a]ll discovery ***related to the preliminary injunction hearing*** will be completed by March 20, 2020." (emphasis added).

- February 25, 2020 – MEF sent emails to Defendant about the imaging of devices and failure to provide responses to MEF's requests for production. Rather than cooperate with MEF on a mutually agreeable vendor, Defendant also abruptly informed MEF that it unilaterally engaged Capsicum Group ("Capsicum") as its discovery "expert" and released Defendant's devices containing MEF information to Capsicum for imaging without MEF's knowledge or any protective order/confidentiality agreement in place. Despite prior representations to the Court that Defendant had only one phone, two phones are released to the vendor, one of which defense counsel stated that he had just received from his client, raising additional concerns about why these devices were not preserved four months earlier when MEF requested that all such devices should be preserved and not altered in any way. Defendant did not, and has not, responded as to why Defendant's other devices were not been supplied to the vendor, what instructions were provided to the vendor, and how the cloud storage and other accounts would be imaged and produced. Defendant had still not produced iWatch, her third cell phone, USB devices, access to cloud storage, social media, and messaging accounts that require two-factor authentication.

- February 26, 2020 – MEF sent an email to Defendant expressing its deep concerns about lack of cooperation with regard to engaging Capsicum. MEF's confidential information was now in the hands of another party without any protective order MEF could enforce, which is exactly what MEF's motion for preliminary injunction sought to prevent.

- February 27, 2020 – Having received no meaningful reply, MEF attempted to further engage Defendant multiple times to coordinate on the imaging of the Defendant's devices, cloud storage, and other accounts. MEF also sought to address Defendant's apparent failure to preserve the data on the devices.

- February 28, 2020 – As stated above, the Court ruled on February 19, 2020 that ruled that "[a]ll discovery ***related to the preliminary injunction hearing*** will be completed by March 20, 2020." To prepare for the upcoming injunction hearing and consistent with the Order, MEF sent Third-Party Subpoenas to Marnie Meyer, Delaney Yonchek, Matt Ebert, and a Notice of Deposition to Lisa Barbounis. These depositions were set to take place on March 18 and 19, 2020.

- March 1, 2020 – MEF sent a proposed Protective Order to Defendant with the standard clauses for a proprietary information case, including a tier for "Attorneys' Eyes Only."

- March 4, 2020 – MEF was perplexed by Defendant's response to the draft Protective Order. Defendant not only claimed that "[w]e do not need a 13 page document" to protect the information, but argued that a protective order was not even necessary to search the devices – devices that contain highly sensitive information and trade secrets. Defendant did not make any redline edits that the parties could discuss, causing even more delay. Among Defendant's comments, Defendant claimed that the parties need not have a "plan for

inadvertent disclosure of discovery materials" and instead "can deal with it" if it happens. Defendant did not seem to comprehend that protective orders are intended to protect both parties, and she had previously complained to this Court in January that her devices could not be searched because of her privacy concerns. Despite those representations to the Court to limit MEF's discovery, she now claims she does not need a protective order, for privacy issues or otherwise. This too gives MEF great concern that Defendant does not appreciate the need for a protective order for MEF materials she admits she sent to her personal e-mail accounts, may still reside on her devices, and for MEF documents she concedes she still possesses. This again demonstrates why an injunction is required.

- March 5, 2020 – Defendant further stalled discovery by raising false concerns about the cost of the Defendant's document production in response to Plaintiff's 9 discovery requests served months earlier on December 5, 2019. Defendant represented to MEF and to the Court that discovery with Capsicum would cost more than $50,000. MEF, incredulous that this could be an accurate estimate, contacted Cornerstone (the vendor originally identified by the court to undertake the discovery) who confirmed that the estimated cost is closer to $12,000. [*Defendant's communications with Capsicum on March 4, 2020 (but not revealed to Plaintiff until later) disturbingly reveal that to inflate a cost estimate for the Court, Defendant told Capsicum that she needed an estimate for "20 phones, emails and cloud storage" when she knew she was only providing 2 phones to Capsicum, and when Capsicum gave an estimate for $30,000 for 20 phones, Defendant then further inflated that estimate unilaterally to at least $50,000 in her representation to Plaintiff, presumably in an effort to avoid the discovery. Defendant's e-mail communications also revealed that Defendant did not start to work with a discovery vendor until late February 2020, almost three months after being served with Plaintiff's expedited discovery, two months after this Court's direction on December 20, 2019 to have the devices imaged by January 6, 2020, and more than a month after this Court's motion to compel hearing on January 15, 2020. Although this dispute arose in the fall of 2019 and Plaintiff reminded Defendant to preserve all documents and data in November 2019, Defendant did not seek a vendor to image the data until three months later. Defendant's e-mail communications with Capsicum are attached as Exhibit A*.] Plaintiff still did not have a single electronic file from any of Defendant's devices.

- March 9, 2020 –Defendant abruptly changed course and refused to sign any stipulated order.

- March 10, 2020 – MEF again emailed Defendant about impasse on protective order and offered alternative ways to reach agreement on PO before providing search terms. MEF received no reply.

- March 11, 2020 – MEF emailed Defendant to talk about protective order and vendor imaging issues and, after receiving no response, sent a letter to Court for emergency intervention on protective order and vendor imaging issues.

- March 12, 2020 – MEF emailed Defendant about Defendant's failure to confirm her position on provisions for the protective order in accordance with agreement during call on March 11. MEF received no response.

- March 16, 2020 – Unable to get Defendant to agree to standard terms in a Protective Order, MEF made a final attempt to get access to the data it has been seeking for three months. To get the process moving, MEF proposed in the interim and before the parties could get a protective order entered, to have Capsicum and defense counsel agree to maintain the search terms and the information on the devices, cloud storage, and other accounts to remain "attorneys' eyes only." Once MEF received the confirmation, MEF provided its proposed search terms. To avoid arguments by Defendant that Plaintiff's search terms were too broad, Plaintiff provided very specific search terms with, for example, specific document names and specific e-mail addresses related to MEF business.

- March 17, 2020 – Unable to obtain the data and metadata it is sought from Defendant for three months and as ordered by the Court, MEF was forced to inform the witnesses that the depositions could not proceed on March 18-19, 2020, but notified Defendant that Plaintiff would depose them in 7-10 days once Defendant produced the data and metadata as promised and as ordered by the Court.

- March 18, 2020 – MEF requested in writing that Defendant: (1) provide available time to discuss how to resolve these pressing issues; (2) set up a conference call so that both parties could speak with Capsicum to confirm what is being searched and how; (3) clarify what will be searched in terms of cloud storage and other accounts, as well as deleted files and metadata; (4) confirm that searches and production will commence right away; and (5) provide available dates for rescheduled depositions. Plaintiff asked for a time to speak with Defendant on March 18, but as of the date of filing its Emergency Motion to Compel on March 19, 2020, Defendant had ignored this request.

- March 19, 2020 – Without other options to obtain compliance from Defendant and after exhausting all good faith efforts over months, Plaintiff filed its Emergency Motions to Compel Discovery, Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order.

- March 20, 2020 – MEF emailed Defendant about (1) Defendant's failure to respond to Plaintiff regarding a meet-and-confer call, (2) Defendant's failure to produce any electronic data responsive to its document discovery requests, (3) Defendant's failure to provide information on how cloud-based accounts and emails are being handled for discovery, and (4) Defendant's failure to provide any available dates for depositions of Delaney Yonchek, Vasili Barbounis, Lisa Barbounis, Marnie Meyer, and Matt Ebert. Defendant's counsel replied that he had not responded to these requests because he was busy setting up a home office, but that he would update the Court and Plaintiff "over the weekend" and would be available for a meet-and-confer call the following Monday.

- March 20, 2020 – Plaintiff responded that MEF understood Capsicum had already searched the devices, that Defendant was going to review this information and would start to produce documents. Defendant requested confirmation that a Capsicum representative would be available for the call on Monday.

- March 23, 2020 – MEF sent an email to Defendant to (1) confirm a time for the meet-and-confer, (2) request the name of the Capsicum representative that will be available for the call, (3) again ask for the number of hits Capsicum found on the variations of MEF just on the two phones, and (4) once again request available deposition dates over the next 10 days for the rescheduled depositions. Finally, Plaintiff highlighted that Defendant promised to provide more information about the Capsicum searches one week before, but never did.

- March 23, 2020 – The Court ordered that Plaintiff's Motion to Compel is granted in part, and (1) extended the March 20, 2020 discovery deadline "***for preliminary injunction related discovery***" until Governor Wolf lifts the March 19, 2020 order closing all nonlife sustaining businesses (emphasis added), (2) ordered that the parties "make reasonable efforts to continue any discovery that can be conducted remotely"; (3) ordered the parties to submit a joint proposed protective order by March 27, 2020 or if the parties disagree, each party would submit its own proposed order and an explanation by that date, (4) ordered Defendant to respond to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel by April 3, 2020, and (5) ordered that all provisions of the Court's February 19, 2020 Order remain in effect "including Barbounis's obligations to respond to written discovery requests, and produce relevant documents." The Court also states that "Barbounis is already compelled to produce documents under that Order. She must produce all relevant documents, including metadata, from all electronic devices in her control. If Barbounis has not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees associated with its Emergency Motion."

- March 23, 2020 – The parties conducted a meet-and-confer call wherein Defendant agreed to (1) send Plaintiff an e-mail the same day identifying a time on March 24 for a 90-minute call with the most knowledgeable Capsicum representative, (2) send Plaintiff by the evening of March 23 a sample of the spreadsheet that Capsicum provided for Defendant after imaging her phones so that Plaintiff could understand what Capsicum had compiled, (3) send to Plaintiff an e-mail no later than the morning of March 24 to state when Plaintiff would receive the first production of materials responsive to the searches and when the production would be complete, (4) send to Plaintiff proposed redlines on MEF's proposed Protective Order by Thursday, March 26 at 5:00 pm, (5) send Plaintiff an e-mail by the end of the week with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert, Lisa Barbounis, and Vasili Barbounis.

- March 23, 2020 –Defendant unilaterally declared that deposition dates should only be considered for some time after April 23, 2020.

- March 24, 2020 – Plaintiff emailed Defendant that the first three items agreed in the meet-and-confer call were not provided to Plaintiff as promised. Defendant wrongly claims that the Court suspended discovery (even though the Court's Order expressly states that the parties should "make reasonable efforts to continue any discovery that can be conducted remotely"). Defendant also stated that it was in touch with Capsicum that morning and would send an update regarding the device searches by the afternoon. Plaintiff responded that the Court's Order noted that parties were expected to continue discovery, and that Plaintiff was not abiding by the agreed to plan in the meet-and-confer call.

- March 24, 2020 – Defendant emailed MEF again claiming that the Court Order did not expect the parties to continue discovery. Defendant also provided a general update on the device searching process by Capsicum and stated that a 90-minute call with a Capsicum representative about the device searching process would cost $600.00. Defendant suggested a "soft deadline" of March 31, 2020 to provide the first batch of responsive electronic discovery and stated that Plaintiff would be sending discovery requests this week.

- March 25, 2020 – MEF emailed Defendant twice to reiterate that the Court Order specifically stated that the parties are were to continue discovery and that Plaintiff does not agree to postpone depositions for a month. Plaintiff asked for available deposition dates (for remote depositions) over the following three weeks. Plaintiff then discussed Defendant's pattern of delay by highlighting Defendant's previous commitment to start production the previous week, which was then changed to March 31, 2020. Plaintiff requested again that Defendant provide the number of results by each search term provided to Defendant. In a good faith attempt to resolve the dispute over Capsicum, Plaintiff agreed to pay Capsicum's $275 fee (the rate in its engagement letter) for an hour-long call with a Capsicum representative to avoid any more delay by Defendant.

- March 25, 2020 – Defendant emailed Plaintiff unilaterally declaring that there will be no depositions scheduled over the next three weeks, and that the first batch of information will be provided to Defendant on Monday, March 30. No such documents were produced on that date or for the next couple months.

- March 26, 2020 – Plaintiff emailed Defendant with a list of ten tasks Defendant has failed to complete that were either promised or ordered by the Court. Defendant did not, as ordered by the Court, attempt to work with counsel for Plaintiff on reaching agreement on the proposed protective order before the joint filing due the next day.

- March 26, 2020 –Plaintiff stated that it did not want to delay depositions for multiple weeks, again offering to conduct depositions remotely, in evenings, on weekends to accommodate counsel and witnesses.

- March 27, 2020 – After Defendant failed to respond to Plaintiff or to work with Plaintiff's counsel as the Court ordered on March 23, Plaintiff filed its own motion for protective order as directed by the Court, including a proposed standard protective order after

Defendant failed to engage in good faith discussions on the Protective Order as ordered by the Court on March 23, 2020. Defendant did not comply with the Court's March 23 Order to file its position on the protective order by March 27.

- March 31, 2020 – After failing to comply with the Court's March 23 Order to file its position on the protective order by March 27, Defendant filed a response to Plaintiff's Second Motion for Protective Order.

- April 3, 2020 – Defendant sent an email stating that two devices (phones) have been searched by Capsicum. Defense counsel claimed, however, that due to the amount of data, it would take him sixty-nine, eight-hour workdays to review the data. He states that he will have the first batch of information available after the weekend. This "first batch" was never made available, and no documents are produced.

- April 7, 2020 –Frustrated with Defendant's failure to cooperate with MEF to respond to discovery requests served in December 2019, MEF sent a detailed e-mail to Defendant on April, where it (1) expressed its objection to a delay of an additional 69 days to produce responsive documents to Plaintiff's discovery requests (for unreasonable total of over 6 months to produce materials in response to five "expedited" document requests), (2) offered tutorials and assistance with modern discovery tools that could assist Defendant with the long-delayed production, (3) asked why Defendant had not followed through on commitments made in prior meet-and-confer conferences, (4) offered a compromise to limit the number of search terms to be analyzed by 20% so that Defendant could produce at least a portion of the responsive documents, and (5) again requested Defendant's counsel to set up a telephone conference with its discovery vendor, Capsicum Group, LLC to work through the alleged roadblock, which Defendant previously promised but never scheduled. Plaintiff never responded to this e-mail and has never provided available deposition dates.

- April 29, 2020 – Still unable to get cooperation from Defendant, Plaintiff sent a letter to the Court to request assistance regarding Defendant's continued failure to respond to discovery requests, cooperate with Plaintiff in discovery, produce a single electronic document in response to MEF's document requests, provide available deposition dates, and continued delays causing MEF to incur unnecessary attorneys' fees and costs. Defendant still had yet to produce a single electronic file from the devices or provided any available deposition dates.

- May 21, 2020 – Unable to get a response from Defendant on deposition dates, Plaintiff sent Defendant seven (7) notices of intent to serve document subpoenas with addendums upon Catriona Brady, Vasili Barbounis, Capsicum Group, Matthew Ebert, Patricia McNulty, Marnie O'Brien Meyer, and Delaney Yonchek.

- May 21, 2020 – After failing to provide available dates for months, Defendant responded by providing blanket objections to all seven notices of intent to serve document subpoenas, and claims that the notices were not presented in accordance with the Federal Rules of Civil Procedure, and that these subpoenas are somehow harassing and causing unnecessarily delay.

- May 27, 2020 – The Court requested an oral argument to resolve the outstanding motions before the Court.

- June 1, 2020 – In a further good faith effort to have a meet-and-confer before the court hearing on Thursday, June 4, Plaintiff sent an e-mail to Defendant requesting Defendant's available times to talk over the next three days. Plaintiff reiterated that it has been trying to get Defendant's cooperation on discovery and deposition dates for months, and that Plaintiff is still willing to work with Defendant on deposition dates that accommodate remote depositions, in evenings, on weekends, or other accommodations the witnesses may want. Defendant did not respond to the e-mail.

- June 4, 2020 – MEF filed supplemental brief in support of its motion to compel. Plaintiff highlights that despite repeated efforts to seek cooperation with Defendant, Defendant has still not produced a single electronic document in response to its five document requests served on December 5, 2019 and is in violation of multiple Court Orders to produce the responsive documents.

- June 4, 2020 – The parties appeared before the Court for a scheduled oral argument regarding the outstanding motions and the ongoing discovery dispute. Defense counsel represented before the Court that he would provide, by June 5, 2020, a list of the search terms used to narrow down the search of Defendant's documents, confirm that the search will include applications MEF identified, a hit report for each search term, all responsive documents already reviewed, and redline edits of the protective order. Defense counsel also represented that he would provide between June 8-June 12, 2020, available times for depositions of the witnesses and document productions, available times to meet and confer about additional search terms.

- June 12, 2020 – The parties conducted a teleconference with the Court wherein the parties discussed Defendant's failure to provide responsive discovery, agreed to a new approach to discovery of Defendant's phones whereby Defendant would search and produce responsive documents using a list containing 30 search terms, and Defendant agreed to enter a stipulated protective order. The protective order was sent and entered by Judge Sanchez.

- June 12, 2020 – The Court further ordered the parties to conduct a teleconference with Capsicum Group, Defendant's expert discovery vendor, by June 15, 2020.

- June 15, 2020 – Defendant failed to set up a teleconference with Capsicum Group as ordered by the Court on June 12, 2020.

- June 16, 2020 – The parties conducted a teleconference with Capsicum Group where it was revealed that nothing besides what was resident on the phone was imaged and searched, and counsel for Defendant asked Capsicum to only search what was on the phones. Capsicum also represented that it would provide a hit report on the search terms for the two phones searched, which MEF never received. Finally, Capsicum revealed that it did not

search any of Defendant's accounts associated with the applications downloaded on her phones.

- June 17, 2020 – The parties conducted a second teleconference with the Court to discuss progress with the new approach to discovery. In response to Defendant's continued failure to produce relevant responses to MEF's discovery requests as ordered by the Court on June 12, 2020, the Court requested MEF to provide a detailed Order outlining the discovery required for Defendant to adequately respond to its document requests.

- June 22, 2020 – MEF sent the Court a letter requesting an emergency call with a court reporter present to discuss defense counsel's failure to comply with discovery obligations pursuant to the Court's June 12, 2020 Order.

- June 25, 2020 – The Court ordered Capsicum group to transfer images of Defendant's phones to Cornerstone Discovery by June 29, 2020, counsel for Defendant to provide Defendant's account information for various applications by June 29, 2020, MEF to provide Cornerstone a list of 25 search terms by June 29, 2020, and by July 6, 2020 Cornerstone to search Defendant's devices and accounts and upload the documents to a mutually accessible database.

- June 27, 2020 – Counsel for MEF emailed defense counsel that it did not receive any of the remaining subpoenaed information, as promised in a meet-and-confer on June 26.

- June 29, 2020 – MEF provided Cornerstone with a list of twenty-five (25) search terms before 5:00 pm in accordance with the Court's June 25 Order (Dkt. 58).

- July 1, 2020 – Only after MEF sent a reminder email, counsel for Defendant appeared 25 minutes late for deposition of Vasili Barbounis. Vasili Barbounis appears about 10 minutes later, and deposition begins 45 minutes later than originally scheduled.

- July 2, 2020 – Counsel for MEF received confirmation from Cornerstone that the images of Defendant's two phones (no other devices) were received by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on June 29. Further, there was no confirmation that the usernames and passwords for the listed accounts were received by Cornerstone, as ordered by the Court. Defendant's failure to deliver these items to Cornerstone by 5:00 p.m. on June 29, 2020 further delayed the processing and search of the images by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on July 6.

- July 14, 2020 – Representative for Cornerstone, Kyle McArdle, emailed the parties with an update on what data sources Cornerstone had currently collected, where Cornerstone stood on each item, as well as addressed outstanding items on their end. Notably, Defendant had not given Cornerstone access to, and therefore Cornerstone could not image, Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts despite the Court's June 25, 2020 Order (Dkt. 58) requiring Defendant to provide this account information by June 29, 2020.

- July 21, 2020 – Cornerstone emailed the parties that all data sources, except Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts, had been collected. Counsel for MEF responded to confirm that these accounts were still missing from the production and that the parties had not yet received confirmation on the images of documents and audio/video recordings. While these accounts were still missing from the images, counsel for MEF informed Cornerstone that these open issues should not have prevented Cornerstone from processing the information it had in its possession. Finally, MEF asked counsel for Defendant when Cornerstone could have access to Defendant's Facebook and other missing accounts.

- August 11, 2020 –MEF received an initial production of Defendant's incomplete discovery, more than eight (8) months after initially serving expedited discovery requests upon Defendant.

- August 12, 2020 – MEF sent two letters to Defendant. The first letter detailed the continuing discovery deficiencies of Defendant, including her failure to produce all electronic devices in her possession as ordered by the Court, failure to allow Cornerstone access to all applications and accounts as ordered by the Court, and failure to preserve evidence. MEF requested that counsel work to resolve these issues so that Plaintiff can schedule a deposition of Defendant in early September.

- August 31, 2020 – MEF filed a motion for contempt, sanctions and attorneys' fees after discovering from a third-party witness document production that contrary to Defendant's obligations in MEF's June 26 Preservation Notice, Defendant factory reset her MEF-issued laptop upon resigning from the organization in August 2019. Further, Defendant represented to this Court in her February 3, 2020 Reply brief that Ms. Meyer had instructed Barbounis to factory reset the laptop, which was demonstrably false and intended to mislead the Court.

- August 31, 2020 – MEF also filed two motions to compel: one for Defendant and the second for the third-party witnesses (also represented by Defendant's counsel), who, despite multiple court orders related to discovery, had still failed to produce the ordered materials.

- September 14, 2020 – Defendant provided a generic and non-substantive response to the motions to compel, failing to address any of the issues raised in either of MEF's motions to compel Defendant and third-party witnesses.

- September 18, 2020 – The Court held a teleconference hearing to address the remaining discovery issues. During the teleconference, defense counsel represented to the Court that he believed a stipulated injunction order could be worked out by the parties. After the teleconference, MEF's counsel sent defense counsel a stipulated injunction order for review.

- September 24, 2020 – Counsel for MEF sent a written request to defense counsel regarding the draft Stipulated Order and to discuss the disagreements and understand defense counsel's position. MEF received no response from defense counsel.

- September 25, 2020 – MEF's counsel informed the Court that MEF was waiting for defense counsel to respond and that the parties would provide a status report to the Court by 5:00 p.m. on Tuesday, September 29, 2020. Again, MEF received no response from defense counsel.

- September 27, 2020 – MEF's counsel sent another request to defense counsel seeking available times to talk about the stipulated injunction order. Again, Plaintiff received no response from defense counsel.

- September 29, 2020 – MEF's counsel sent another request to defense counsel to discuss the stipulated injunction order, and again did not receive any response from defense counsel.
- October 6, 2020 – The Court gave Defendant a second chance to respond to MEF's motions to compel on the merits, and orders Defendant to respond by October 20. This was despite the fact that Defendant's September 14 response failed to address any of the issues raised in MEF's motions and should have been granted as unopposed.

- October 13, 2020 – Counsel for Defendant and MEF set up a call for noon, but counsel for Defendant did not show up. Counsel agreed to schedule a call to discuss the remaining discovery on October 14 at 4:00 p.m.

- October 14, 2020 – Counsel for MEF logged in to the call on time, but counsel for Defendant never showed. Counsel for MEF remained on the line waiting for 45 minutes, resulting in completely wasted time for MEF. Defense counsel never communicated to MEF's counsel that he was held up or unable to attend.

- November 25, 2020 – The Court ordered Defendant on or before December 4 to "identify and supply to Cornerstone Discovery her account username and password for ProtonMail, and shall promptly cooperate with Cornerstone to complete collection of her Facebook, Telegram, Signal, and Wickr accounts." If Defendant did not have any of these accounts, the Court ordered her to provide a declaration stating such.

- December 4, 2020 – Late in the afternoon on the day that Defendant's additional discovery was due, Cornerstone received a call from defense counsel to provide Defendant's Facebook and ProtonMail account information. Rather than cooperate with Cornerstone on the collection of the other accounts, defense counsel claimed that he would try to collect Defendant's Telegram account information on his computer and send it to Cornerstone. As detailed in MEF's December 28 Status Report, Cornerstone had not received any

communication or cooperation by Defendant or her counsel to facilitate the production of the Telegram, Signal, and Wickr accounts as ordered by the Court.

- December 16, 2020 – Counsel for the parties had a scheduling teleconference at 11:30 a.m. to discuss the proposed stipulated injunction order before the commencement of the preliminary injunction hearing on December 17. Counsel for MEF logged onto the teleconference on time and waited for defense counsel for an hour, and even emailed defense counsel after 11:30 a.m. to remind defense counsel about the teleconference. Despite scheduling the call for a time that would specifically accommodate defense counsel's schedule, defense counsel again wasted MEF's counsel's time and failed to appear and even failed to extend counsel the courtesy of informing MEF he could not attend beforehand, or follow-up to say why he did not show up for the teleconference.

- December 16, 2020 – MEF filed a status report, pointing out among other things, that Defendant's December 4 Declaration exposed that Defendant waited until 3:00 p.m. on December 4, 2020 (a year after discovery was served), to provide login credentials to less than all of Defendant's accounts. As MEF raised to the Court's attention on multiple occasions, MEF has serious concerns about Defendant's failure to preserve evidence in this case as evidenced by this Declaration and in light of Defendant's obligations since receiving a preservation notice from MEF's counsel in October 2019.

- December 28, 2020 – Plaintiff MEF filed a status report highlighting the Defendant's and third-party witnesses' continued discovery deficiencies and violations of the November 25 and December 28 discovery orders. Among the major issues was Defendant's failure to preserve evidence (including cloud data and application-based date) despite a preservation notice, and she then claimed she was unable to collect it. This was also compounded by Defendant's decision to factory-reset her computer when she departed MEF in early August 2019 despite an earlier preservation notice to MEF personnel.

- January 2021 – In communications with Cornerstone and Defendant's counsel since at least December 2020, Plaintiff MEF continued to demand a privilege log of materials excluded from the Cornerstone discovery production to be produced in accordance with the Court's June 25, 2020. Despite being ordered on June 25, 2020 to produce a privilege log of excluded "emails, texts, voicemails, and other communications to or from Seth Carson, Derek Smith Law Group (e-mail: seth@dereksmithlaw.com and phone: 484-678-2210)" from the Cornerstone production "within twenty (20) days after the date of this Order," Defendant's counsel has yet to produce the privilege log for 7 months (and counting) since the passing of this deadline.

- February 10, 2021 – MEF sent a letter to defense counsel describing that the Court's January 11 injunction order stated that MEF was likely to succeed on the merits, and therefore MEF again, as it did before this action was filed, asked the Defendant and her counsel to work with MEF to remove the MEF data from her devices using a mutually-acceptable vendor. In response on February 11 and February 17, Defendant refused to

cooperate, claiming that she herself would delete the MEF information on her devices and would only remove items MEF specifically identified by Bates number.

- February 17, 2021 – On February 3, 2021, Defendant was ordered to provide a declaration related to her possession of a Wickr account and if so, whether she can gain access to that account "on or before February 16, 2021." Dkt. No. 96. Defendant failed to provide the declaration on February 16, as ordered. This continues the steady habit of Defendant and her counsel completely disregarding and disrespecting Court deadlines.

- March 16, 2021 – MEF sent defense counsel two letters. The first related to Defendant's obligations with regard to the collection of the Wickr account and her inaccurate statement in the February 17 declaration that Cornerstone must inform her that such data was retrievable through an alternate collection method when the February 3 Court Order clearly states that it is her obligation to cooperate with Cornerstone on this matter. The second letter related to defense counsel's continued failure to provide the privilege log, more than seven months after the Court specifically ordered it to be produced. MEF requested that the privilege log be produced no later than March 25, 2021.

- March 22, 2021 – Defense counsel emailed MEF requesting a time to meet and discuss the remaining discovery, including Defendant's Wickr account which he claimed could not be recovered by Cornerstone. MEF responded that it had concerns about the manner and scope of collection and requested a time to discuss the following Tuesday or Wednesday morning. Defense counsel did not respond, or provide any available times to speak as counsel for MEF requested.

- April 15, 2021 – MEF sent defense counsel letters, one of which related to defense counsel's continued failure to produce a privilege log as requested in MEF's March 16, 2021 letter. MEF requests a time to meet and confer on this matter, otherwise it will be forced to approach the Court. Another letter related to Defendant's failure to cooperate in finding a third-party vendor to work with to remove MEF confidential information from her devices in accordance with her employment agreements with MEF. The letter also requested Defendant's agreement with a process to identify and delete such information.

- April 20, 2021 – Defense counsel and MEF conducted a meet and confer call. The parties discussed the deletion of MEF documents from Defendant's devices, for which defense counsel stated that they would only cooperate if MEF put together a list of documents it wanted deleted from his client's devices. The parties also discussed the privilege log, and defense counsel claimed he had no knowledge of his obligation to provide it. He also claimed that he has never seen a privilege log, ever looked at it up until that point, or even started drafting a privilege log. Defendant had been ordered to produce the privilege log by Order dated June 25, 2020, and despite numerous requests by MEF, it had not been provided ten months later.