## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION NO.: 19-5697 |
| *Plaintiff* | : | Hon. Juan R. Sánchez |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL

**I.  INTRODUCTION**

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Local Rule 5.1.5(a)(2), submits the following Memorandum of Law in Support of its Motion to Seal. This request to seal is to protect information, and testimony related to information, that Plaintiff has designated as "Confidential" and "Attorneys' Eyes Only" pursuant to the Stipulated Confidentiality Agreement and Protective Order. *See* Stipulated Confidentiality and Protective Order, Dkt. No. 54.

**II.  ARGUMENT**

This Court's Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), Dkt. No. 54, states that "Information designated as 'CONFIDENTIAL' or 'CONFIDENTIAL – PFI' may be disclosed only to… the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation, as long as the information is requested to be placed under seal." *See* Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54 at ¶ 9(a).  The agreement also states that "[a]ny information whether 'CONFIDENTIAL,' 'ATTORNEY'S EYES ONLY,' or 'CONFIDENTIAL – PFI' may

1

be included with, or referred to in, papers filed with the Court where this Litigation is now pending only in accordance with the following procedures… [t]his Information must be filed under seal. Counsel for all parties shall follow Local Civil Rule 5.1.5 and all applicable Orders and customs of the Court when filing Confidential Information under seal." *Id*. at ¶ 16(a).  In accordance with the Stipulated Confidentiality Agreement and Protective Order, when parties use information marked CONFIDENTIAL, ATTORNEY'S EYES ONLY, or CONFIDENTIAL – PFI in these litigation proceedings the "parties will request that the Court preserve the confidentiality protections set forth in this Protective Order when such documents are submitted or otherwise used or referenced." *Id.* at ¶ 18.

Many of the exhibits used in the upcoming Motions for Summary Judgment are designated by Plaintiff as "ATTORNEY'S EYES ONLY" under the Protective Order (Dkt. No. 54) and may include sensitive trade secret materials as well as personal identifying information such as Social Security numbers, driver's license numbers, personal phone numbers, and personal email addresses.

Many of the exhibits also include highly sensitive information such as credit card numbers, MEF donor names and donation amounts, sensitive meeting information, MEF internal work product, and executive committee meeting minutes. The Protective Order expressly permits a person to designate as ATTORNEY'S EYES ONLY information that "may include highly confidential and sensitive information related to sensitive MEF donor names, donor contributions, and any other trade secret or sensitive activities that the producing party reasonably and in good faith believes is so highly sensitive that its disclosure could reasonably be expected to result in harm to the producing party."  *See* Stipulated Confidentiality Agreement

and Protective Order, Dkt. No. 54 at ¶ 2.  MEF files this motion to defend its designation and seal the proceedings.

Although there is a general presumption in favor of public access to judicial proceedings, *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001), "[c]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (*quoting Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc*., 998 F.2d 157, 165 (3d Cir. 1993) ("the strong common law presumption of access must be balanced against the factors militating against access").

Additionally, pursuant to Local Civil Rule 5.1.3, personal identifiers such as "Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically." E.D. Pa. Local R. Civ. P. 5.1.3. Further, "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure," *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993), and "courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Comms*., 435 U.S. 589, 597 (1978). But parties seeking to seal a portion of the judicial record bear the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Miller v. Ind. Hosp*., 16 F.3d 549, 551 (3d Cir.1994).  Parties must demonstrate "good cause" to support an order of protection over discovery material at any stage of litigation.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994).

In *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995), the Third Circuit identified seven factors to consider in evaluating "good cause" to support a motion to seal:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede*, 56 F.3d at 483 (*citing Pansy*, 23 F.3d at 787-91).

First, the release of credit card information, social security numbers, immigration documents, and personal phone numbers, clearly pose a risk that disclosure would violate privacy interests. Should any of the above-mentioned information be released to the public, the privacy of the owners of such information would be seriously jeopardized. Second, the highly sensitive information and trade secrets being submitted to the Court, which has been authenticated to have come in large part from Defendant's personal devices, is being sought for the sole purpose of return to MEF, the rightful owners of such information and by using the court system to retrieve sensitive information, MEF should not be required to publicly disclose the very data it seeks to protect from disclosure. Third, disclosure of the highly sensitive organizational, donor, and personal information revealed at these hearings such as dollar amounts of donations and personal contact information would not only jeopardize the business of

MEF but also cause it tremendous risk to its donors, and its readership. <u>Fourth</u>, it is important to public safety and specifically to the safety of MEF and its personnel that the information is not disclosed such that entities and individuals desiring to do physical harm to MEF's office building and persons affiliated with MEF cannot do so. MEF is a small research organization focused on advancing US interests in the Middle East, and it has received multiple existential threats from foreign terror organizations that has necessitated MEF to take serious security and personnel precautions. <u>Fifth</u>, the highly sensitive information requested to be sealed would remain available to the parties in this proceeding (subject to strict restrictions to maintain confidentiality and subject to MEF's request that at the end of these proceedings that Defendant isolate, return, and permanently destroy MEF data in her possession, custody, or control). <u>Sixth</u>, no public entity or official would benefit from the Court entering an order that these exhibits and testimony be sealed. <u>Seventh</u>, the issues being litigated are important to the public and advancing public policy in that the claim seeks to uphold enforceable non-disclosure obligations that are critical in today's world full of threats to US-based organizations.

      Should the Court not enforce these agreements (and ultimately order the return and destruction of MEF information retained by Defendant in violation of these agreements), the public interest will not be served.  Particularly when Defendant agreed in her employment agreement to maintain the strict confidentiality of such materials, the public interest does not support a failure to uphold such restrictions, such that MEF's exhibits and testimony has not been and should not now be released to the public. They contain financial and budget information of MEF, strategic plans, project descriptions, organizational outlines, notes and audio recordings from executive committee meetings, and other highly sensitive business information that, if disclosed to the public, will unquestionably harm Plaintiff's continuity of

business and its ability to compete. In short, the exhibits and testimony contain information which, if made public, would "work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). *Cf. Bradburn Parent/Teacher Store, Inc. v. 3M,* No. 02-7676, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (holding disclosure of financial projections "could clearly cause competitive harm ..., by giving competitors an understanding of [the defendant's] view of the marketplace as well as [its] competitiveness within the marketplace").

### III. CONCLUSION

For the foregoing reasons, MEF respectfully requests that the Court enter MEF's proposed order that Plaintiff's Partial Motion for Summary Judgement and accompanying exhibits, Defendant's Motion for Summary Judgment and accompanying exhibits, and any responses or replies thereto be sealed from the public record.

Respectfully submitted,

/s/Sidney L. Gold
sgold@discrimlaw.net
William Rieser
brieser@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999

Attison L. Barnes, III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
*Counsel for The Middle East Forum*

Dated: October 13, 2021

## **LOCAL RULE 7.1(b) CERTIFICATION**

Pursuant to Local Rule 7.1(b), the undersigned counsel hereby certifies that counsel for Plaintiff, The Middle East Forum, conferred with counsel for Defendant, Lisa Reynolds-Barbounis, in a good faith effort to resolve the issues raised by this motion. Defendant's counsel responded that he would not agree to the relief sought by this motion. *See* October 13, 2021 Email exchange between counsel, attached hereto as "Exhibit A."

                                          Respectfully submitted,

                                          /s/Sidney L. Gold
                                          sgold@discrimlaw.net
                                          William Rieser
                                          brieser@discrimlaw.net
                                          Sidney L. Gold & Associates P.C.
                                          1835 Market Street, Suite 515
                                          Philadelphia, PA 19103
                                          Tel: (215) 569-1999
                                          Fax: (215) 569-3870

                                          Attison L. Barnes, III
                                          abarnes@wiley.law
                                          Wiley Rein LLP
                                          1776 K Street NW
                                          Washington, DC 20006
                                          Tel: (202) 719-7000
                                          Fax: (202) 719-7049
                                          *Counsel for The Middle East Forum*

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2021, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system upon all counsel of record.

s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000

*Counsel for The Middle East Forum*
