IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIDDLE EAST FORUM<br><br>      Plaintiff,<br><br>v.<br><br>LISA REYNOLDS-BARBOUNIS<br><br>      Defendants. | Civil Action No. 2:19-cv-05697-JS |

Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") hereby presents the within Motion in Limine to preclude Plaintiff, Middle East Forum ("MEF" or "Plaintiff") from presenting any witnesses at trial based on Plaintiff's violations of the Federal Rules of Civil Procedure, Rule 26.

I.    INTRODUCTION AND ARGUMENT

Plaintiff, Middle East Forum initiated a lawsuit against Lisa Barbounis as part of a campaign of retaliation due to Lisa Barbounis' lawful claims of sexual harassment in the workplace and sexual assault which created a hostile work environment for Ms. Barbounis. Middle East Forum filed its case on December 3, 2019, 34 days after Lisa Barbounis' sexual harassment case was filed. Federal Rule of Civil Procedure Rule 26(a)(1) lists the initial disclosures that Plaintiff was required to furnish "without awaiting a discovery request…" Id. Rule 26(a)(1) required Plaintiff to disclose: (i) the name … of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses…" (ii) a copy—or a description by category and location—of all documents, … and may use to support its claims or defenses…" (iii) a

1

computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered…" FRCP Rule 26(a)(i) – (iii).

The time to produce Initial Disclosures is provided in Rule 26(a)(D). "In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…"

In this case, there was no Court Order that Defendant is aware of that extended or addressed the time for Plaintiff to furnish its Initial Disclosures.  Plaintiff still has not provided a list of proposed witnesses who may have information relevant to Plaintiff's case.   Plaintiff still has not provided a computation of damages under Rule 26.  Plaintiff still has not furnished documents Plaintiff intended to use.  The only Initial Disclosures Plaintiff produced were sent to Defendant after the close of fact discovery and were highly deficient.  Plaintiff's Initial Disclosures only provides the names for two witnesses, both of whom are purportedly experts. There is no other substantive information contained in Plaintiff's Initial Disclosures. <u>A copy of Plaintiff's Initial Disclosures and the email communication is attached as Exhibit A</u>.

 Plaintiff has attached documents to its Motion for Summary Judgment that were never produced during discovery.  Plaintiff may argue that Defendant did not make a discovery request, however, initial disclosures are self-executing because they are made without awaiting a Rule 34 request for document production or any other request for information. See <u>Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.</u>, 60 F.3d 153, 155–56 (3d Cir. 1995) ("As amended in 1993, Fed.R.Civ.P. 26(a)(1) provides for self-executing disclosures, as it requires a party upon

its own initiative to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts...." Rule 26(a)(3)(A) requires disclosure of "the name ... of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises." Furthermore, Rule 26(a)(5) provides that a party may discover additional matter through, inter alia, written interrogatories. Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses."). Id.

The goal of the initial disclosure requirement is to "accelerate the exchange of basic information about the case." Advisory Committee Notes to the 1993 amendments; ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc., 167 F.R.D. 668, 671 (D.N.J.1996). The Advisory Committee Notes also suggest that the framers had a pragmatic notion of the term "particularity"; in short, the Rule 26 disclosure requirement should be applied with "common sense ... keeping in mind the salutary purposes that the rule is intended to accomplish." Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 589 (D.N.J. 1997). Rule 26(e), Fed.R.Civ.P. imposes a continuous duty on all parties "to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 589 (D.N.J. 1997).

Federal Rule of Civil Procedure, Rule 37 establishes the penalties for a party's failure to disclosure under Rule 26. See Fed.R.Civ.P. Rule 37((c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless…"). In addition to precluding testimony or evidence at trial, Rule 37 also empowers the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Rule 37(c)(1) allows Plaintiff to present information indicating that the nondisclosure was harmless or substantially justified. Plaintiff cannot present information indicating either. Moreover, Plaintiff has failed to supplement, or provide the Rule 26(a) information in another form. Accordingly, the Federal Rules provide for precluding the nondisclosed witness from participating in the case, either as an affiant for summary judgment or other purposes as well as a trial witness.

The same holds true for the non-disclosed information, including documents attached to Plaintiff's summary judgment motions and affidavits. Rule 37(c)(1) gives the court the ability to impose sanctions on the nondisclosing party. The sanctions could include informing the jury that the party failed to disclose required information, striking pleadings, entering a default judgment or dismissing claims or defenses, among other things.

The application of Rule 37(c)(1) for a failure to meet the disclosure requirements of Rule 26(e) occurred in the Gen-Probe case. There, Gen-Probe moved in limine to preclude Becton Dickinson from calling two witnesses. Those witnesses were not identified in Becton's Rule 26(a)(1)(A)(i) disclosures; however, they were identified as potential witnesses after the court ordered the parties to revise the pretrial order. Becton did not attempt to explain or justify the delayed disclosure and the court excluded that witness from testifying. Gen-Probe Inc. v. Becton Dickinson & Co., 899 F. Supp. 2d 971 (S.D. Cal. 2012) Accord Federal Rule of Civil Procedure

37(c)(1) ("[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").

"As also revised in 1993, Rule 37(c)(1) provides that a party who without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995). Rule 37 is written in mandatory terms, and "is designed to provide a strong inducement for disclosure of Rule 26(a) material." Harlow v. Eli Lilly & Co., 1995 WL 319728 at *2, 1995 U.S.Dist. LEXIS 7162 at *7 (N.D.Ill. May 25, 1995). Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995).

See also Roberts v. United States, No. CIV.A. 09-6212 WJM, 2012 WL 2374656, at *2 (D.N.J. June 22, 2012) ("A party who has made a disclosure under Rule 26(a)… must supplement or correct its disclosure or response [i]n a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ...." (Fed.R.Civ.P. 26(e)(1)(A)). "The obligation to update initial disclosures is meant to ensure that the playing field remains level, narrow the relevant issues, and avoid "undue prejudice and surprise" to the opposing party. Reed v. Iowa Repair & Marine Co., 16 F.3d 82, 85 (5th Cir.1994); see Poulin v. Greer, 18 F.3d 979, 984 (1st Cir.1994); Am. Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y.2002).

In evaluating whether a non-disclosure warrants exclusion, the Third Circuit has identified four factors to consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir.2000). Roberts v. United States, No. CIV.A. 09-6212 WJM, 2012 WL 2374656, at *3 (D.N.J. June 22, 2012).

The party who has failed to disclose information bears the burden to show that the nondisclosure was substantially justified or is harmless. See D & D Assoc., 2006 WL 1644742, at *4.  The exclusion of evidence is a matter left to the trial court's discretion. See, e.g., Fed.R.Civ.P. 37(c)(1)(A)-(C); Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir.1995) ("[T]he imposition of sanctions under Rule 37 is a matter within the discretion of the trial court.").

Applying the four factors to Plaintiff, Middle East Forum's violation of the Federal Rules of Civil Procedure, it seems evident that the only remedy precluding Middle East Forum from presenting witnesses at trial, which may warrant dismissal of Plaintiff's case.

Plaintiff's failure to comply with its discovery obligations is not substantially justified.  If Plaintiff took 10% of the time spent trying to convince this Court of Defendant's sanctionable conduct, and reallocated it toward considering its own obligations under the Federal Rules of Civil Procedure, this would never have occurred.   Plaintiff filed this case in December 2019. The parties met with the Court at hearings to discuss discovery obligations in January 2020, almost two years ago.  Plaintiff's Initial Disclosures are overdue by about 23 months.  And

Plaintiff still, even after the close of fact and expert discovery, has not complied with its obligations under Rule 26 and 37.  Defendant has no idea who Plaintiff plans to call upon to testify at trial.  This has severely prejudiced Defendant's ability to plan her defense.

Defendant seeks to exclude any witnesses or documents that were never identified by Plaintiff, Middle East Forum.   To allow Plaintiff to present witnesses that were never disclosed would be extremely prejudicial and require the reopening of discovery, additional depositions, additional expert reports, and the expenditure of additional time and money.  There is no justification for Plaintiff's failure.  Plaintiff has engaged two (2) law firms with at least four lawyers who have spent enormous time working on this case.  Plaintiff's counsel includes Attison Barnes, Sydney Gold, Adam Briscoe, and Bill Reiser.  There is no excuse for the outright refusal to identify witnesses and produce documents that Plaintiff intended to use at trial.  Defendant brought this issue to Plaintiff's attention multiple times, and Plaintiff has been steadfast in its refusal to consider MEF's discovery obligations.  On October 22, 2021, Defendant sent Plaintiff an email inquiring about Defendant's failure. <u>The October 22, 2021, email is attached as Exhibit B</u>.  When Plaintiff did not respond, Defendant sent another email on October 25, 2021, inquiring yet again as to the discovery obligations Plaintiff ignored for the past 23 months.  <u>The October 25, 2021, email is attached as Exhibit C</u>.  Plaintiff responded to the October 25, 2021, email by asking (inter alia) when the Initial Disclosures were due.  <u>Plaintiff's email response is attached as Exhibit D</u>.  Of course the Federal Rules of Civil Procedure provide the due date which is within 14 days of the parties first meet and confer.  Even viewing the due date in the most generous manner possible, Plaintiff's Initial Disclosures were due long before October 25, 2021.  Importantly, Plaintiff still has not taken steps to address this issue.

IV. **CONCLUSION**

Based on the above arguments, Plaintiff should be precluded from presenting any witnesses, or documents that were not disclosed during the course of discovery in accordance with Plaintiff's obligations under Rules 26 and 37. Because Plaintiff has failed in its discovery obligations, Plaintiff's case should be dismissed.

                                    **DEREK SMITH LAW GROUP, PLLC**

BY:    /s Seth D. Carson
            Seth D. Carson, Esq.
            Attorney ID. No. 319886
            1845 Walnut Street, Suite 1601
            Philadelphia, PA 19103
            (215) 391-4790
            seth@dereksmithlaw.com
            *Attorney for Plaintiff*

DATED: November 11, 2021

**CERTIFICATE OF SERVICE**

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby have been served upon the following counsel of record, electronically:

TO:

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:      /s/ **Seth D. Carson**
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: November 11, 2021

9