UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF MIDDLE EAST FORUM'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO OTHER LITIGATION**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to prohibit Defendant from introducing evidence and testimony or making reference, arguments, or comments before the jury relating to other litigation involving Defendant and/or MEF. This evidence is irrelevant and prejudicial, and therefore inadmissible under Rules 402 and 403 of the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

This case involves Defendant's misappropriation of MEF's highly confidential donor information and trade secrets, which MEF procured and maintained at great cost through tremendous efforts over the past decade. *See* First Am. Compl. 1, ECF No. 20. MEF's claims include breach of contract, misappropriation of trade secrets, unlawful access, conversion, breach of fiduciary duty, and declaratory judgment. *See id.* at 14–24. Defendant asserted no counterclaims in this action, and this case has nothing to do with alleged workplace discrimination,

harassment, RICO, or any other claims or allegations that are or may have been at issue in other cases involving the Defendant and/or MEF.

However, in several filings in this case, Defendant has referenced allegations from *other* proceedings.  *See, e.g.*, Def.'s Statement of Undisputed Facts, ECF No. 113-3; Def.'s Opp'n to Pl.'s Mot. Contempt, ECF No. 129.  Among other things, Defendant used the opening pages of her statement of "undisputed" facts to cite her own allegations of workplace discrimination and harassment—not to mention her defenses to a RICO claim—that stem from two other cases involving MEF: Case No. 19-cv-5030 (E.D. Pa.) and Case No. 21-310 (E.D. Pa.).  *See* Def.'s Statement of Undisputed Facts 1–3, ECF. 113-3.  Such allegations have no place in this litigation, and such claims will not be adjudicated in this matter.  Proving or disproving such allegations would unduly complicate and lengthen this trial and must be left for other triers of fact to consider with a complete set of evidence that is not part of the record here.

## ARGUMENT

This Court should preclude Defendant from offering any testimony, evidence, or argument at trial that relates to other litigation involving MEF because such evidence is inadmissible as irrelevant and prejudicial under Rules 402 and 403.  Rule 402 excludes irrelevant evidence— evidence that has no tendency to make a fact of consequence in determining the action more or less probable.  *See* Fed. R. Evid. 401 & 402.  Rule 403 is an "umbrella rule spanning the whole of the Federal Rules of Evidence."  *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005). It permits the Court even to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.  "That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ."  *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002).

Here, unproven (and reckless) claims or allegations in other cases—none of which involves facts relating to the misappropriation and breach of contact claims at issue in this case—are both irrelevant and substantially prejudicial to MEF. This evidence is irrelevant because it has no tendency to make any fact of consequence in this case more or less likely. For example, Defendant's discrimination allegations have no bearing on whether Defendant breached the Non-Disclosure Agreement or Bring Your Own Device Agreement at issue in this case. Likewise, statements about a RICO claim in another case has no effect on MEF's ability to prevail on its misappropriation of trade secrets claims in this case. Nor do hostile work environment, retaliation, or any of Defendant's other allegations constitute defenses to the contract, statutory, and tort claims asserted by MEF in this case. Indeed, this Court previously found that MEF is likely to prevail on its breach of contract and misappropriation claims, underscoring the irrelevant and meritless nature of any allegations by Defendant that these claims somehow constitute improper retaliation. *See* Prelim. Inj. Mem. Op. 5, ECF No. 91 (finding that MEF "has demonstrated a reasonable probability of success on the merits for both its breach of contract claims and violation of trade secrets claims"). For these reasons, any evidence relating to claims or allegations in other litigation should be excluded as irrelevant under Rule 402.

Evidence relating to other cases should also be excluded as substantially prejudicial under Rule 403. Several different civil actions involving either MEF or the Defendant are being simultaneously litigated. None of these other actions, however, involve the claims or allegations at issue in this case. Defendant's unfounded and sensational allegations of workplace discrimination would be particularly inflammatory if raised in front of the jury. MEF would be significantly prejudiced if Defendant is permitted to drag unrelated allegations about other

litigations into the trial for this case.[1]  Permitting this evidence also would also have the tendency to confuse the issues and mislead the jury.  In fact, given the past track record of carelessness by Defendant and her counsel, *see* Pl.'s Mot. Contempt, ECF No. 110, this Court should be explicit in barring Defendant or her counsel from mentioning other cases—or any allegations related to those cases—at trial.  The jury must decide this case on its own merits using facts relevant only to this case.  Accordingly, evidence related to other litigation involving MEF should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court preclude Defendant from introducing evidence, arguments, or testimony, as well as making reference or comments before the jury relating to other litigation involving MEF and/or Defendant.


Dated: November 11, 2021                    THE MIDDLE EAST FORUM
                                            By counsel

                                            /s/ Sidney L. Gold
                                            Sidney L. Gold
                                            sgold@discrimlaw.net
                                            Sidney L. Gold & Associates P.C.
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            Tel: (215) 569-1999
                                            Fax: (215) 569-3870

                                            Attison L. Barnes, III
                                            abarnes@wiley.law
                                            Wiley Rein LLP
                                            1776 K Street NW
                                            Washington, DC 20006
                                            Tel: (202) 719-7000
                                            Fax: (202) 719-7049

                                            *Counsel for The Middle East Forum*

---

[1] Not only would MEF be required to counter such unrelated allegations without the benefit of discovery in this case, MEF counsel in this case, Attison Barnes, is not involved in the other litigation, causing further prejudice to MEF unless this motion is granted.

## CERTIFICATE OF SERVICE

I hereby certify that, on November 11, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

/s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*