UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF MIDDLE EAST FORUM'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF RETALIATION**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to preclude Defendant Lisa Barbounis ("Defendant" or "Barbounis") from introducing evidence and testimony or making reference, argument, or comments before the jury referencing or suggesting in any way that this litigation constitutes retaliation against Defendant for her claims of hostile work environment, harassment, and related allegations in *Barbounis v. The Middle East Forum*, No. 19-cv-5030 (E.D. Pa.) (the "Employment Action"). This evidence is irrelevant and prejudicial, and therefore inadmissible under Rules 402 and 403 of the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

*First*, Defendant's claims for retaliation and constructive discharge were dismissed in the unrelated employment claims filed in this Court, and in any event, Defendant never filed a charge of discrimination involving retaliation even if employment-related claims had been alleged in this matter. *Second*, this Court previously found that MEF is likely to succeed on the merits of its claims in this case, undercutting any argument by Defendant that MEF brought these claims only

as retaliation against Defendant.  ***Third***, Rules 402 and 403 of the Federal Rules of Evidence require the exclusion of evidence or testimony on this issue because it lacks relevance, would be substantially more prejudicial than probative, and it will confuse or mislead the jury and waste time.  ***Fourth***, retaliation is not a defense to any of the claims alleged in this case.  ***Fifth***, retaliation was never asserted as an affirmative defense in this case even if it had been a defense to one of the claims asserted by MEF.

## **ARGUMENT**

Pursuant to Rule 401, evidence is only relevant if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.  Rule 402 excludes irrelevant evidence.  *See* Fed. R. Evid. 401 & 402.  "Rule 403 is an 'umbrella rule spanning the whole of the Federal Rules of Evidence.'"  *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005) (citation omitted).  It permits the Court even to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 403.  "That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).  Assessing the probative value of proffered evidence, and any factors that counsel against admission is matter of sound judgment for the trial court.  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citations omitted).

Here, in unrelated employment actions, Plaintiff's Title VII and PHRA retaliation and constructive discharge claims were dismissed by Judge Wolson at the summary judgment stage. Order, No. 19-cv-5030, ECF No. 133.  These claims included the express allegation that the present litigation was retaliation against Defendant for her claims of hostile work environment, harassment, and related allegations.  *See* Consolidated Civil Action Compl. ¶ 475, No. 19-cv-5030,

2

ECF No. 51 ("Defendant, Middle East Forum has filed a Civil Action Complaint against Plaintiff, Lisa Barbounis.  Defendants have accused Plaintiff of violations of Breach of Contract – Confidentiality & Non-Disclosure Agreement (Count I), Breach of Contract – Bring Your Own Device Agreement (Count II), Computer Fraud and Abuse Act (Count III), Pennsylvania Uniform Trade Secrets Act (Count IV), Defend Trade Secrets Act (Count V), Stored Communications Act (Count VI), Conversion of Confidential Information (Count VII), Breach of Fiduciary Duty (Count VIII), and Declaratory Judgment (Count IX).  [MEF's] attempt to litigate these frivolous claims is nothing more than retaliation.")  Because Judge Wolson already dismissed Barbounis's retaliation claims, permitting her to raise them in this separate and unrelated litigation is wholly improper.

In addition, following extensive testimony and evidence, this Court determined that MEF is likely to succeed on the merits of its claims in this case.  *See* Prelim. Inj. Mem. Op. 5, ECF No. 91.  Therefore, any argument that MEF brought the claims to retaliate against Defendant is wholly without merit.

Moreover, evidence relating to alleged retaliatory conduct or constructive discharge is not relevant to this case.  MEF's tort and contract claims involve Defendant's improper disclosure of MEF's valuable trade secrets and confidential data.  Allegations concerning retaliatory conduct or constructive discharge do not make any element of MEF's claims any more or less likely.

Not only is any testimony alleging retaliatory conduct irrelevant, its inclusion would be unfairly prejudicial to Plaintiff.  Defendant's unfounded and charged allegations of workplace discrimination have the potential to be particularly inflammatory if raised in front of the jury.  MEF would be substantially prejudiced if Defendant is permitted to drag unrelated allegations about other litigations into the trial for this case.  Permitting this evidence also would also have the tendency to confuse the issues and mislead the jury.  Accordingly, Plaintiff respectfully requests

that any testimony concerning retaliation or constructive discharge be precluded from trial. *See Young v. Smith,* No. 3:07-cv-00854, 2016 WL 3522965, at *4 (M.D. Pa. June 28, 2016) (granting defendant's motion to exclude evidence of retaliation because retaliatory evidence was irrelevant to the surviving claim of hostile educational environment and would "ris[k] prejudicing the jury and confusing the issues.")

Finally, allegations of retaliation should be excluded because retaliation is not a defense to the claims alleged by MEF in this case. And even if it had been a defense to one of the claims asserted by MEF, Defendant never raised retaliation as an affirmative defense in this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court preclude Defendant from introducing evidence and testimony or making reference, argument, or comments before the jury referencing or suggesting in any way that this litigation constitutes retaliation against Defendant for her claims of hostile work environment, harassment, and related allegations in the Employment Action.

Dated: November 11, 2021            THE MIDDLE EAST FORUM
                                                        By counsel

                                                        /s/ Sidney L. Gold
                                                        Sidney L. Gold
                                                        sgold@discrimlaw.net
                                                        Sidney L. Gold & Associates P.C.
                                                        1835 Market Street, Suite 515
                                                        Philadelphia, PA 19103
                                                        Tel: (215) 569-1999
                                                        Fax: (215) 569-3870

                                                        Attison L. Barnes, III
                                                        abarnes@wiley.law
                                                        Wiley Rein LLP
                                                        1776 K Street NW
                                                        Washington, DC 20006
                                                        Tel: (202) 719-7000
                                                        Fax: (202) 719-7049

                                                        *Counsel for The Middle East Forum*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on November 11, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

                                   /s/ Sidney L. Gold
                                   Sidney L. Gold
                                   sgold@discrimlaw.net
                                   Sidney L. Gold & Associates P.C.
                                   1835 Market Street, Suite 515
                                   Philadelphia, PA 19103
                                   Tel: (215) 569-1999
                                   Fax: (215) 569-3870

                                   Attison L. Barnes III
                                   abarnes@wiley.law
                                   Wiley Rein LLP
                                   1776 K Street NW
                                   Washington, DC 20006
                                   Tel: (202) 719-7000
                                   Fax: (202) 719-7049

                                   *Counsel for The Middle East Forum*