UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF MIDDLE EAST FORUM'S MOTION *IN LIMINE* TO EXCLUDE UNAUTHENTICATED HEARSAY EVIDENCE REGARDING MEF DONORS**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to prohibit Defendant from introducing evidence or testimony, or from making reference or comments before the jury, consisting of or about Google search screenshots and website articles (collectively "internet materials") concerning MEF's donors. This evidence constitutes unreliable, unauthenticated hearsay and is therefore inadmissible under Rules 901, 801, and 802 of the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

In her summary judgment filings, Defendant attempted to rely on never-before-seen internet materials in her effort to claim that certain individuals and entities donated to MEF and that their identity and/or donation amounts are public. *See, e.g.*, Def.'s Mem. Supp. Mot. Summ. J. Exs. I–L, O–S, U–Y, ECF No. 113. Defendant has never accompanied the production of these materials with any extrinsic evidence proving their authenticity and Plaintiff anticipates that

Defendant will improperly attempt to offer these and other internet materials as evidence at trial in front of the jury.

## ARGUMENT

This Court should prohibit Defendant from offering any evidence of internet materials that lack proper authentication and constitute inadmissible hearsay.

### I. THIS COURT SHOULD BAR DEFENDANT FROM OFFERING UNRELIABLE, UNAUTHENTICATED INTERNET MATERIALS AS EVIDENCE.

If past is prologue, Defendant will attempt to offer a grab bag of internet materials with zero regard for their authentication. Evidence of this ilk must be excluded under Rules 901 and 902 of the Federal Rules of Evidence. To begin, the website printouts and articles offered by Defendant do not qualify as "evidence that [is] self-authenticating" under Rule 902. *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d Cir. 2007) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902." (citation omitted)). Instead, Defendant must authenticate any internet materials with the types of extrinsic evidence permitted under Rule 901, which presents a steep uphill climb for Defendant.

"To satisfy the requirement under Rule 901(a) of the Federal Rules of Evidence that all evidence be authenticated or identified prior to admission, the proponent of the evidence must offer 'evidence sufficient to support a finding that the item is what the proponent claims it is.'" *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016) (citation omitted). "Rule 901(b), in turn, sets forth a non-exhaustive list of appropriate methods of authentication, including not only '[t]estimony that an item is what it is claimed to be,' Fed. R. Evid. 901(b)(1), but also 'appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances,' Fed. R. Evid. 901(b)(4)" and other methods. *Id.*

Here, Defendant has not offered any "[t]estimony that an item is what it is claimed to be."

Fed. R. Evid. 901(b)(1). Defendant has merely attempted to use screenshots of Google searches and website printouts. Defendant did not accompany these materials with any testimony or declarations. *See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-cv-223, 2006 WL 1320242, at *1 (M.D. Fla. May 12, 2006) ("To authenticate printouts from a website, the party proffering the evidence must produce 'some statement or affidavit from someone with knowledge [of the website] . . . for example, [a] web master or someone else with personal knowledge would be sufficient.'" (citation omitted) (alterations in original)).

Nor has Defendant demonstrated that the "characteristics of the [internet materials], taken together with all the circumstances," satisfy Rule 901's authentication requirement. Indeed, many courts are skeptical of information "discovered on the Internet" because it "is inherently untrustworthy." *E.g.*, *St. Clair*, 76 F. Supp. 2d at 774; *see id.* at 775 ("[A]ny evidence procured off the Internet is adequate for almost nothing.").

This Court should prevent Defendant from recycling the same, unauthenticated Google search screenshots and website printouts on which she has previously attempted to rely—as well as any other similarly unauthenticated internet materials. *See, e.g.*, Def.'s Mem. Supp. Mot. Summ. J. Exs. I–L, O–S, U–Y, ECF No. 113.

II.  **THIS COURT SHOULD EXCLUDE EVIDENCE OF INTERNET MATERIALS BECAUSE THEY CONSTITUTE INADMISSIBLE HEARSAY.**

This Court should also bar Defendant from offering internet materials that violate the rule against hearsay, like the Google search screenshots and website printouts Defendant attached to her motion for summary judgment. Even "evidence that is properly authenticated may nonetheless be inadmissible hearsay if it contains out-of-court statements, written or oral, that are offered for the truth of the matter asserted and do not fall under any exception enumerated under Federal Rule of Evidence 802." *Browne*, 834 F.3d at 442. Indeed, courts have routinely excluded internet

materials on hearsay grounds.  *See, e.g.*, *Southco, Inc. v. Fivetech Tech. Inc.*, 982 F. Supp. 2d 507, 515 (E.D. Pa. 2013) ("Internet websites and web postings are . . . typically inadmissible as hearsay."), *aff'd,* 611 F. App'x 681 (Fed. Cir. 2015); *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, 16-cv-1267, 2018 WL 3407709, at *8 (S.D.N.Y. Jan. 12, 2018) (rejecting a party's reliance on "unsworn [internet] articles, containing out-of-court declarants, for the truth they assert" because they "constitute[d] inadmissible hearsay").

The internet materials in this case are hearsay, and they fail to qualify for any exception. The materials are hearsay because they contain out-of-court statements that the Defendant will "offer[ ] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2).  And hearsay, of course, is inadmissible unless an exception applies.  *See* Fed. R. Evid. 802–804.  None of the possible exceptions has merit.

*First*, Defendant is offering the internet materials for their truth.  Any argument otherwise "is nothing more than a thinly veiled pretext" for Defendant's only real purpose for offering the internet materials—to show that certain donors, in fact, made contributions to MEF.  *Gov't of Virgin Islands v. Muiruri*, 340 F. App'x 794, 798 (3d Cir. 2009).  The "not for the truth of the matter" defense only comes into play in instances where the proponent shows some relevant alternative purpose for offering the evidence.  *See, e.g.*, *United States v. Figaro*, 126 F. App'x 75, 78 (3d Cir. 2005).  Here though, Defendant has offered no relevant alternative purpose for using the internet materials for anything other than their truth value—nor could she.

*Second*, the business record exception found in Rule 803(6) does not apply.  The business records exception only "permits admission of document containing hearsay provided foundation testimony is made by 'the custodian or other qualified witness,' that: (1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the

4

statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business." *United States v. Pelullo*, 964 F.2d 193, 200 (3d Cir. 1992). Defendant has not provided any information concerning the primary source, creation, and maintenance of these records, and has not come close to offering the required foundation for admission under Rule 803(6). *See United States v. Jackson*, 208 F.3d 633, 637–38 (7th Cir. 2000) (finding that "web postings" did not qualify for admission under Rule 803(6)); *Aldana v. Del Monte Fresh Produce N.A., Inc.* 578 F.3d 1283, 1291 n.3 (11th Cir. 2009) (finding that press release posting on internet does not qualify for admission under Rule 803(6)).

***Third***, the market report exception in Rule 803(17) does not apply. Rule 803(17) "is limited to a published tabulation, compilation or collection of objective factual data such as stock market closings, currency exchange rates, bank interest rates, weights and measurements or similar information." *Triple Crown Am., Inc. v. Biosynth AG*, Civ. A. No. 96-7476, 1999 WL 305342, at *2 (E.D. Pa. May 14, 1999). Screenshots and printouts from the internet do not fall in any of these categories. *See, e.g.*, *Commercial Credit Grp., Inc. v. Falcon Equip., LLC of Jax*, No. 3:09-cv-376, 2010 WL 144101, at *12 (W.D.N.C. Jan. 8, 2010) ("[A] printout from an internet website . . . does not fall within the Fed. R. Evid. 803(17) exception for market reports and commercial publications.").

For these reasons, Defendant's internet materials fail to qualify for any exception to the rule against hearsay, and they should be excluded.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that this Court bar Defendant from introducing evidence or testimony, or from commenting before the jury, about unauthenticated

5

internet search screenshots and website articles that violate well-established rules requiring authenticity of exhibits and prohibiting hearsay.


Dated: November 11, 2021							THE MIDDLE EAST FORUM
									By counsel

									/s/ Sidney L. Gold
									Sidney L. Gold
									sgold@discrimlaw.net
									Sidney L. Gold & Associates P.C.
									1835 Market Street, Suite 515
									Philadelphia, PA 19103
									Tel: (215) 569-1999
									Fax: (215) 569-3870

									Attison L. Barnes, III
									abarnes@wiley.law
									Wiley Rein LLP
									1776 K Street NW
									Washington, DC 20006
									Tel: (202) 719-7000
									Fax: (202) 719-7049

									*Counsel for The Middle East Forum*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 11, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

/s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*