IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIDDLE EAST FORUM

                Plaintiff,

     v.

LISA REYNOLDS-BARBOUNIS

               Defendants.

Civil Action No. 2:19-cv-05697-JS

Defendant, Lisa Barbounis ("Ms. Barbounis" or "Defendant") hereby presents the within

Motion in Limine to preclude Plaintiff, Middle East Forum ("MEF" or "Plaintiff") from claiming

trade secrets protections for information that is available on public websites and can be accessed

by anyone with an internet connection or smart phone.

## I.     INTRODUCTION AND ARGUMENT

Plaintiff, Middle East Forum has included two counts under federal and commonwealth

laws for trade secrets violations.  It has become apparent that Plaintiff is playing fast and loose

with the truth.  A trade secret by definition cannot exists in the public space.  If the information

is available on publicly accessible websites, it can never be claimed a trade secret.  Defendant

has presented ample evidence that there are numerous (too many to count) websites that are

dedicated to reporting on Middle East Forum donors, donation amounts, time of donations and

more.  This is the same information that Middle East Forum has attempted to persuade is

protected by trade secrets laws.  In any trade secret case, the court must first determine whether

there exists, in fact, a trade secret. Baxter Healthcare Corp. v. HQ Specialty Pharma Corp., 157

F. Supp. 3d 407 (D.N.J. 2016).  Matters of public knowledge or information completely

disclosed by marketed goods cannot qualify as trade secrets. Baxter Healthcare Corp. v. HQ Specialty Pharma Corp., 157 F. Supp. 3d 407 (D.N.J. 2016). The subject of a trade secret must be secret and must not be of public knowledge or of general knowledge in the trade or business. Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 94 S. Ct. 1879, 40 L. Ed. 2d 315 (1974). To prevail on misappropriation of trade secrets claim under Pennsylvania Uniform Trade Secrets Act (PUTSA) and Defend Trade Secrets Act (DTSA), alleged trade secret must be particular to plaintiff and not to industry itself and must not be available through independent source such as customers. Ecosave Automation, Inc. v. Delaware Valley Automation, LLC, No. CV 20-5564, 2021 WL 1998708 (E.D. Pa. May 19, 2021). Extent of property right in a trade secret is defined by extent to which the owner of a secret protects his interest from disclosure to others' information that is public knowledge or that is generally known in an industry could not be a trade secret and if an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 104 S. Ct. 2862, 81 L. Ed. 2d 815 (1984). Competitor's alleged alteration of formulation of its genetically engineered human blood hormone after obtaining samples of drug manufacturer's hormone was not actionable misappropriation of manufacturer's trade secrets; competitor's change to its formulation was based on publicly available information and resulted from ten years of well-documented laboratory research. Merckle GmbH v. Johnson & Johnson, 961 F. Supp. 721 (D.N.J. 1997).

There is no legal basis for Middle East Forum to claim trade secret protections for information that is available on the many online properties dedicated to disclosure of MEF donors, donations amounts, and the wealth of information available on these websites. Any

person with five minutes and a smart phone can assemble a list that is almost identical (if not

identical) to the list that Middle East Forum is attempting to base its case upon.  Defendant

requests the Court preclude Plaintiff from claiming trade secret protections for any donor that is

listed on these public websites, as the very listing on the public site precludes a plaintiff from

invoking trade secret protections.

IV.     **CONCLUSION**

Based on the above arguments, Plaintiff should be precluded from claiming trade secret

protections for any information that is available in the public space.


                                        **DEREK SMITH LAW GROUP, PLLC**

                              BY:_____/s Seth D. Carson_____
                                         Seth D. Carson, Esq.
                                         Attorney ID. No. 319886
                                         1845 Walnut Street, Suite 1601
                                         Philadelphia, PA 19103
                                         (215) 391-4790
                                         seth@dereksmithlaw.com
                                         *Attorney for Plaintiff*

DATED: November 11, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has

been electronically filed with the Court and is available for viewing and downloading from the

ECF System and thereby have been served upon the following counsel of record, electronically:

TO:

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:_____**/s/ Seth D. Carson** _____
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: November 11, 2021

4