# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

## PLAINTIFF MIDDLE EAST FORUM'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S MISREPRESENTATION OF "LAWFARE" OR SIMILAR PRACTICES

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to prohibit Defendant from introducing evidence or testimony, or from making reference or comments before the jury suggesting that MEF engages in "Lawfare" or anything similar in nature. Counsel for Defendant Lisa Barbounis ("Defendant") has intentionally claimed that MEF engages in "lawfare" when the actual testimony of MEF's representative is the opposite. Such misrepresentations have no place in this Court, constitutes harassing and extremely prejudicial behavior, and would mislead and confuse the jury. These misrepresentations are therefore inadmissible under Rules 401, 402, and 403 of the Federal Rules of Evidence.

### PRELIMINARY STATEMENT

Defendant began her response to Plaintiff's recent motion for sanctions by misquoting the deposition of an MEF representative in an unrelated case and claiming that MEF engages in "lawfare" (a play on "warfare" with litigation). Opp'n to Pl.'s Mot. for Sanctions 1, ECF No. 129.

**Had Defendant properly quoted the testimony, it would reflect that MEF's in-house counsel is involved in an organization to stop the use of litigation to harass people**. *See* Marc Fink Dep. Tr. Ex. A, at 6:15–17 ("I am also director of the Legal Project, it's an external project that assists people around the world who are victims of lawfare."); *see also* Def.'s SUMF ¶ 11, ECF No. 113-3.

Given Defendant's propensity for misciting a portion of this transcript to suggest that MEF is engaged in "lawfare," Plaintiff is very concerned that Defendant will continue to misquote this deposition to mislead the jury, including in Defendant's opening statement. Plaintiff requests that the Court enter an Order excluding any references to or misrepresentation about "lawfare" or anything similar in nature, including but not limited to reference to or use of the above-quoted deposition testimony or similar references suggesting that MEF uses the "civil litigation system as a weapon to harass and bankrupt people." Def.'s SUMF ¶ 10.

## ARGUMENT

Federal Rule of Evidence 403 precludes the admission of evidence that would be prejudicial or tend to confuse the jury. For obvious reasons, Defendant's selective and misleading quotation of deposition testimony on the Lawfare project to improperly suggest that MEF engages in the very practice it works so hard to combat would be highly prejudicial in front of a jury and would serve only to mislead the jurors. Plaintiff has pointed out that Defendant's reliance on this testimony is inaccurate, but Defendant's continued misquotation is intentional and harassing. *See Draper v. Airco, Inc.*, 580 F.2d 91, 96 (3d Cir. 1978) (ordering new trial because counsel's repeated mischaracterizations made it "reasonably probable" that the verdict was influenced by improper prejudice); *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 211 (3d Cir. 1992) (affirming award of new trial "[g]iven the wealth of questionable remarks by . . . counsel"). If it continues at

2

trial, the Defendant's misconduct will unfairly prejudice MEF in front of the jury for no reason. "Rule 403 is an 'umbrella rule spanning the whole of the Federal Rules of Evidence.'" (citation omitted). *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005). It permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

Such statements should be prohibited under Rule 403 alone, but Rule 402 also prohibits irrelevant evidence—evidence that has no tendency to make a fact of consequence in determining the action more or less probable. *See* Fed. R. Evid. 401 & 402. Here, the testimony misquoted by Defendant is not relevant to any of the issues in this case and should therefore be excluded under Rule 402. None of the testimony concerning "lawfare"—even it were quoted accurately— bears on whether Defendant misappropriated MEF's confidential trade secrets, or breached the agreements at issue in this case. Nor is it a defense to any of MEF's claims against Defendant in this case. Defendant does not deny that she forwarded MEF data outside of MEF using her personal Gmail, and the Court has already determined that MEF is likely to succeed on the merits with respect to its breach of contract and trade secret misappropriation claims, *see* Prelim. Inj. Mem. Op. 6, 8, ECF No. 91, so Defendant's misquotation of a deposition in an attempt to claim that this litigation is somehow engaging in "lawfare" is inappropriate at best. MEF is entitled to pursue relief to protect its legal rights under contracts signed by Defendant and to protect its trade secrets.

## CONCLUSION

For all of these reasons, Plaintiff respectfully request that this Court bar Defendant from suggesting, misquoting, referencing, or introducing its purported evidence about the "Lawfare"

project or from making similar statements suggesting that MEF engages in harassing or abusive litigation or anything similar in nature.

Dated: November 11, 2021             THE MIDDLE EAST FORUM
                                     By counsel

                                     /s/ Sidney L. Gold
                                     Sidney L. Gold
                                     sgold@discrimlaw.net
                                     Sidney L. Gold & Associates P.C.
                                     1835 Market Street, Suite 515
                                     Philadelphia, PA 19103
                                     Tel: (215) 569-1999
                                     Fax: (215) 569-3870

                                     Attison L. Barnes, III
                                     abarnes@wiley.law
                                     Wiley Rein LLP
                                     1776 K Street NW
                                     Washington, DC 20006
                                     Tel: (202) 719-7000
                                     Fax: (202) 719-7049

                                     *Counsel for The Middle East Forum*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 11, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

    /s/ Sidney L. Gold
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*