## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S REQUESTED POINTS FOR CHARGE AND VERDICT SLIPS

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully submits the following Requested Points for Charge and Verdict Slips pursuant to this Court's Scheduling Order, ECF No. 101, and this Court's Policies and Procedures, § III.D.2.[1]  Plaintiff respectfully reserves its right to modify these instructions based on this Court's rulings on the pending cross motions for summary judgment and pending motions *in limine*.  Plaintiff also reserves the right to modify based on the testimony and evidence presented at trial.

---

[1]  Plaintiff has made a good faith attempt to agree with Defendant on "joint requested points for charge and a joint verdict slip" as stated in this Court's *Policies & Procedures*, § III.D.2.  After sending drafts of these document to Defendant's counsel yesterday, Plaintiff's counsel did not receive any comments from Defendant's counsel until after 7:00 p.m. this evening.  The comments from Defendant's counsel were not in redline.  In many cases, the comments are simply opinions or statements by counsel, and it is hard to decipher what Defendant's counsel is proposing.  For those reasons, Plaintiff is filing its version of the points for charge and verdict slip in order to file timely.

Dated: November 18, 2021

THE MIDDLE EAST FORUM
By counsel

/s/ Sidney L. Gold, Esquire
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

# PLAINTIFF'S PROPOSED POINTS FOR CHARGE

## TABLE OF CONTENTS

1.   Preliminary Instructions—Introduction; Role of Jury.................................................7

2.   Preliminary Instructions—Identification of Plaintiff .................................................8

3.   Preliminary Instructions—Identification of Defendant ..............................................9

4.   Preliminary Instructions—Description of Case; Summary of Applicable Law ..............10

5.   Preliminary Instructions—Conduct of the Jury .......................................................12

6.   Preliminary Instructions—Bench Conferences ........................................................13

7.   Preliminary Instructions—Evidence.......................................................................14

8.   Preliminary Instructions—Direct and Circumstantial Evidence..................................16

9.   Preliminary Instructions—Credibility of Witnesses .................................................17

10.  Preliminary Instructions—Jury Questions for Witnesses ...........................................18

11.  Preliminary Instructions—Note Taking By Jurors....................................................19

12.  Preliminary Instructions—Preponderance of the Evidence ........................................20

13.  Preliminary Instructions—Description of Trial Proceedings ......................................21

14.  Preliminary Instructions—All Persons Equal Before the Law ....................................22

15.  General Instructions For Use During Trial—Opinion Testimony ................................23

16.  General Instructions For Use During Trial—Recess Admonition ................................24

17.  Breach of Contract—General.................................................................................25

18.  Breach of Contract—Restitutionary Damages..........................................................26

19.  Trade Secret Misappropriation—Explanation of State and Federal Claims....................27

20.  Trade Secret Misappropriation—Elements...............................................................28

21.  Trade Secret Misappropriation—Trade Secrets Defined ............................................29

22.  Trade Secret Misappropriation—Plaintiff's Alleged Trade Secrets ..............................30

23.  Trade Secret Misappropriation—Interstate or Foreign Commerce...............................31

24.  Trade Secret Misappropriation—Level of Secrecy....................................................32

25.  Trade Secret Misappropriation—Compilation Entitled to Protection .............................33

26.  Trade Secret Misappropriation—Reasonable Efforts to Maintain the Secrecy Explained ...................................................................................................34

27.  Trade Secret Misappropriation—"Independent Economic Value Explained" ................35

28.  Trade Secret Misappropriation—"Misappropriation" of Alleged Trade Secrets ...........36

29.  Trade Secret Misappropriation—Misappropriation by Disclosure of the Trade Secret .........................................................................................................37

30.  Trade Secret Misappropriation—Misappropriation Is Harm ...........................................38

31.  Trade Secret Misappropriation—Competitive Harm .......................................................39

32.  Trade Secret Misappropriation— Damages Caused by the Misappropriation ................40

33.  Trade Secret Misappropriation—Exemplary Damages ....................................................41

34.  Trade Secret Misappropriation—Misappropriation Damages Not Quantifiable .............42

35.  Computer Fraud and Abuse Act—General .......................................................................43

36.  Computer Fraud and Abuse Act—Protected Computer ...................................................44

37.  Computer Fraud and Abuse Act—Damages .....................................................................45

38.  Stored Communications Act—General .............................................................................46

39.  Stored Communications Act—Authority ..........................................................................47

40.  Stored Communications Act—Damages ...........................................................................48

41.  Conversion—General ........................................................................................................49

42.  Conversion—Intent ...........................................................................................................50

43.  Conversion—Damages ......................................................................................................51

44.  Breach of Fiduciary Duty—General .................................................................................52

45.  Breach of Fiduciary Duty—Standard of Care and Factual Cause ...................................53

46.  Breach of Fiduciary Duty—Damages ...............................................................................54

47.  Compensatory Damages—General ...................................................................................55

48.  General—Adverse Inference for Spoliation of Evidence .................................................56

49.    General—Client Liability for Counsel's Acts and Omissions ..........................................57

50.    General Instructions For Use At End of Trial—Deliberations .....................................58

51.    General Instructions For Use At End of Trial—Deadlock ..............................................60

[PLAINTIFF'S PROPOSED] VERDICT FORMS ...................................................................62

COUNT I—BREACH OF CONTRACT ....................................................................................62

COUNT II—BREACH OF CONTRACT ...................................................................................63

COUNT III—COMPUTER FRAUD AND ABUSE ACT ..........................................................64

COUNT IV—PENNSYLVANIA UNIFORM TRADE SECRETS ACT ...................................65

COUNT V—DEFEND TRADE SECRETS ACT.......................................................................66

COUNT VI—STORED COMMUNICATIONS ACT ................................................................67

COUNT VII—CONVERSION ...................................................................................................68

COUNT VIII—BREACH FIDUCIARY DUTY.........................................................................69

CERTIFICATE OF SERVICE....................................................................................................70

**POINTS FOR CHARGE**

**1.**      **Preliminary Instructions—Introduction; Role of Jury**[2]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

---

[2]  Third Circuit Model Civil Jury Instructions 1.1.

POINTS FOR CHARGE

**2.** **Preliminary Instructions—Identification of Plaintiff**

The Plaintiff in this case is The Middle East Forum.  Throughout these instructions, The Middle East Forum may be referred to as "The Middle East Forum," "MEF," or "Plaintiff."  Each term may be used to identify The Middle East Forum.  No inference shall be drawn by the specific term used to identify The Middle East Forum.

**POINTS FOR CHARGE**

**3.**      **Preliminary Instructions—Identification of Defendant**

The Defendant in this case is Lisa Reynolds-Barbounis.  Throughout these instructions Lisa Reynolds-Barbounis may be referred to as "Lisa Reynolds-Barbounis," "Lisa Barbounis," "Barbounis," or "Defendant."  Each term may be used to identify Lisa Reynolds-Barbounis.  No inference shall be drawn by the specific term used to identify Lisa Reynolds-Barbounis.

## POINTS FOR CHARGE

**4.**     **Preliminary Instructions—Description of Case; Summary of Applicable Law**[3]

In this case, Plaintiff The Middle East Forum claims (1) that Defendant Lisa Reynolds-Barbounis breached two agreements that she entered with MEF:  a Confidentiality and Non-Disclosure Agreement, as well as a Bring Your Own Device Agreement; (2) that Defendant Barbounis misappropriated MEF's trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act; (3) that Defendant Barbounis violated the Stored Communications Act; (4) that Defendant Barbounis violated the Computer Fraud and Abuse Act; (5) that Defendant Barbounis converted MEF's property; and (6) that Defendant Barbounis breached the fiduciary duties of good faith and loyalty that she owed to MEF.

Defendant Barbounis denies these claims.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make its case:

To prove that Defendant breach her agreements with Plaintiff, Plaintiff must prove that the agreements existed, that Defendant breached those agreements, and that Plaintiff suffered harm.[4]

To prove that Defendant misappropriated Plaintiff's trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act, Plaintiff must prove that it owned a trade secret and that Defendant misappropriated it.[5]

To prove that Defendant violated the Stored Communications Act, Plaintiff must prove that Defendant intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceeded an authorization to access that facility.  Plaintiff must also prove that Defendant's unauthorized access "obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system."[6]

To prove that Defendant violated the Computer Fraud and Abuse Act, Plaintiff must prove that Defendant, knowingly and with an intent to defraud, accessed a protected computer in an unauthorized manner—or a manner that exceeded authorized access—and obtained something of value.[7]

---

[3]  Third Circuit Model Civil Jury Instructions 1.2.

[4]  *HR Staffing Consultants LLC v. Butts*, No. 15–2357, 2015 WL 3492609 (3d Cir. 2015).

[5]  *Herley Indus. v. R. Cubed Eng'g, LLC*, No. 5:20-cv-2888, 2020 WL 6504588, at *5 (E.D. Pa. Nov. 5, 2020); *Teva Pharms. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 675 (E.D. Pa. 2018) ("Although the DTSA and PUTSA use different wording to define a trade secret, they essentially protect the same type of information.").

[6]  *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015).

[7]  18 U.S.C. § 1030.

### POINTS FOR CHARGE

To prove that Defendant converted Plaintiff's property, Plaintiff must prove that Defendant deprived Plaintiff of the right or use of property, and that Defendant did so without Plaintiff's consent and without legal justification.[8]

To prove that Defendant breached the duty of good faith and loyalty, Plaintiff must prove that Defendant failed to act in good faith for MEF in matters for which Defendant was employed, that MEF was injured, and that Defendant's failure to act for MEF was a real factor in bringing about those injuries.[9]

Plaintiff must prove the elements of its claims by a preponderance of the evidence.

---

[8]  *Wen v. Willis*, 117 F. Supp. 3d 673, 684 (E.D. Pa. 2015).
[9]  *Synthes, Inc. v. Emerge Med., Inc.*, 25 F. Supp. 3d 617, 667 (E.D. Pa. 2014).

POINTS FOR CHARGE

**5.** **Preliminary Instructions—Conduct of the Jury**[10]

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

---

[10]  Third Circuit Model Civil Jury Instructions 1.3.

POINTS FOR CHARGE

**6.**     **Preliminary Instructions—Bench Conferences**[11]

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[11]  Third Circuit Model Civil Jury Instructions 1.4.

POINTS FOR CHARGE

**7.** **Preliminary Instructions—Evidence**[12]

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated--that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed—that is, facts I say you must accept as true even without evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence

---

[12]  Third Circuit Model Civil Jury Instructions 1.5.

POINTS FOR CHARGE

that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

POINTS FOR CHARGE

**8.**     **Preliminary Instructions—Direct and Circumstantial Evidence**[13]

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[13] Third Circuit Model Civil Jury Instructions 1.6.

POINTS FOR CHARGE

**9.**      **Preliminary Instructions—Credibility of Witnesses**[14]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

1.      the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2.      the quality of the witness's understanding and memory;

3.      the witness's manner while testifying;

4.      whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.      whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.      how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.      any other factors that bear on believability.

---

[14]  Third Circuit Model Civil Jury Instructions 1.7.

POINTS FOR CHARGE

**10.**     **Preliminary Instructions—Jury Questions for Witnesses**[15]

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.

---

[15]  Third Circuit Model Civil Jury Instructions 1.8.

POINTS FOR CHARGE

**11.**     **Preliminary Instructions—Note Taking By Jurors**[16]

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  You must pay close attention to the testimony as it is given.

You may not take notes during the course of the trial.  There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying and the witness's manner while testifying.  One of the reasons for having a number of persons on the jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts.  While some of you might feel comfortable taking notes, other members of the jury may not feel as comfortable and may not wish to do so.  Notes might be given too much weight over memories, especially the memories of those who do not take notes.  So, for those reasons, I ask that you not take notes during the trial.

---

[16]  Third Circuit Model Civil Jury Instructions 1.9

POINTS FOR CHARGE

**12.**      **Preliminary Instructions—Preponderance of the Evidence**[17]

This is a civil case.  The Middle East Forum is the party that brought this lawsuit.  Lisa Barbounis is the party against which the lawsuit was filed.  The Middle East Forum has the burden of proving its case by what is called the preponderance of the evidence.  That means The Middle East Forum has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to The Middle East Forum and the evidence favorable to the Defendant on opposite sides of the scales, The Middle East Forum would have to make the scales tip somewhat on its side.  If The Middle East Forum fails to meet this burden, the verdict must be for the Defendant.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.  In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

---

[17]  Third Circuit Model Civil Jury Instructions 1.10.

POINTS FOR CHARGE

**13.     Preliminary Instructions—Description of Trial Proceedings**[18]

The trial will proceed in the following manner:

First, an attorney for The Middle East Forum will make an opening statement to you.  Next, an attorney for Lisa Barbounis may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff The Middle East Forum goes first because plaintiff has the burden of proof.  Plaintiff will present witnesses whom counsel for defendant may cross-examine, and Plaintiff may also present evidence.  Following Plaintiffs' case, Defendant may present evidence.  Counsel for Plaintiff may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing arguments are not evidence.  After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

---

[18]  Third Circuit Model Civil Jury Instructions 1.12.

POINTS FOR CHARGE

**14.** **Preliminary Instructions—All Persons Equal Before the Law[19]**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A nonprofit organization is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

---

[19]  *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 8, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing 3 Fed. Jury Prac. & Instr. § 103:02 (6th ed.)).

POINTS FOR CHARGE

**15.**     **General Instructions For Use During Trial—Opinion Testimony**[20]

You have heard [will hear] testimony containing opinions from Stephen A. Holzen.  In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of Mr. Holzen should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of Mr. Holzen, you may consider any bias that he may have, including any bias that may arise from evidence that Mr. Holzen has been or will be paid for reviewing the case and testifying.

---

[20]  Third Circuit Model Civil Jury Instructions 2.11.

POINTS FOR CHARGE

**16.**   **General Instructions For Use During Trial—Recess Admonition**[21]

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors, but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.]  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

---

[21]  Third Circuit Model Civil Jury Instructions 2.14.

POINTS FOR CHARGE

**17.**     **Breach of Contract—General[22]**

The Middle East Forum has brought claims against Lisa Barbounis for breaching two agreements: (i) a Confidentiality and Non-Disclosure Agreement; and (ii) a Bring Your Own Device Agreement.   You will be asked to decide whether The Middle East Forum has proven by a preponderance of the evidence that Lisa Barbounis breached either or both of the agreements she entered with The Middle East Forum.  The law is the same for both breach of contract claims, so you are instructed to use the following law in deciding each claim:

In this matter, The Middle East Forum has alleged that it had contracts with Lisa Barbounis, that Lisa Barbounis breached or violated the terms of each contract, and that The Middle East Forum has been harmed by Lisa Barbounis's breach of the contracts.  A breach of contract is a failure to comply with one or more material, or significant, terms of the contract.

In order to succeed on this claim, The Middle East Forum must prove each of the following elements by a preponderance of the evidence:

1.     That there was a valid contract, including proof of the terms of the contract;

2.     that The Middle East Forum performed its obligations under the contract (or because of the conduct of the other party, is excused from performance);

3.     that Lisa Barbounis breached or violated the contract; and

4.     that The Middle East Forum suffered damages as a result of the breach of contract.

---

[22] *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 34–35, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing 2 Mass. Superior Court Civil Practice Jury Instrs. § 14.1 (2014)) (noting that because there is no meaningful difference among the laws of New York, Massachusetts, or Pennsylvania with respect to breach of contract, Dalmatia proposes the Massachusetts model jury instruction for its clarity).

POINTS FOR CHARGE

**18.**     **Breach of Contract—Restitutionary Damages**

If you find that the Defendant breached the contract, then you must decide, based on the evidence the Plaintiff has presented, the amount of money damages owed by Defendant.  A plaintiff whose contract has been breached is entitled to recover whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.[23]

This measure of damages does not require Plaintiff to provide financial information such as lost profits[24] and can be governed by traditional principles of equity such as those utilized under unjust enrichment.[25]  In the trade secret context, unjust enrichment damages can be calculated based on the costs incurred by the Plaintiff in developing and maintaining the misappropriated trade secrets.[26]

---

[23] *Ferrer v. Trs. of the Univ.*, 825 A.2d 591, 610 (Pa. 2010).

[24] *Synthes (USA) v. Globus Med., Inc.*, No. 04-1235, 2007 WL 2043184, at *7-8 (E.D. Pa. July 12, 2007).

[25] *Crown Coal & Coke Co. v. Powhatan Mid-Vol Coal Sales, L.L.C.*, 929 F. Supp. 2d 460, 472 (W.D. Pa. 2013).

[26] *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 914 (3d Cir. 2021); *see also* 18 U.S.C. § 1836(b)(3)(B); 2 Pa. Cons. Stat. §§ 5304(a)–(b), 5305.

POINTS FOR CHARGE

**19.    Trade Secret Misappropriation—Explanation of State and Federal Claims**[27]

The Middle East Forum has brought claims for misappropriation of trade secrets under both Pennsylvania and federal law.  Although The Middle East Forum's trade secret actions under the Pennsylvania Uniform Trade Secrets Act (a state law) and the Defend Trade Secrets Act (a federal law) contain different wording to define a trade secret, they protect the same type of information and both offer injunctive and monetary relief to a successful plaintiff.  Therefore, if you find that The Middle East Forum has established by a preponderance of the evidence that Lisa Barbounis misappropriated The Middle East Forum's trade secrets under state law, you should then consider whether The Middle East Forum may recover under federal law.  To do that, The Middle East Forum must establish by a preponderance of the evidence that "the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."[28] Interstate commerce includes business transactions between parties in different states.  Foreign commerce involves transactions between a business in the United States and a foreign entity.

---

[27] 18 U.S.C. § 1836; 12 Pa. Cons. Stat. §§ 5301–5308.
[28] 18 U.S.C. § 1836(b)(1).

**POINTS FOR CHARGE**

**20.**   **Trade Secret Misappropriation—Elements**

To succeed on its claim for misappropriation of any given Alleged Trade Secret, The Middle East Forum must prove the following:

1.   The Middle East Forum was the owner or licensee of the Alleged Trade Secrets;

2.   The Alleged Trade Secrets qualified as a trade secret at the time they were allegedly misappropriated;

3.   Lisa Barbounis improperly acquired, used and/or disclosed the Alleged Trade Secrets;

4.   Such unlawful acquisition, use, or disclosure was a substantial factor in harming the plaintiff; and

5.   The Middle East Forum sustained harm as a result of the misappropriation or Lisa Barbounis was unjustly enriched by the misappropriation.[29]

---

[29]  18 U.S.C. § 1836(b)(1); 12 Pa. Cons. Stat. § 5302; *Herley Indus. v. R. Cubed Eng'g, LLC*, No. 5:20-cv-2888, 2020 WL 6504588, at *5 (E.D. Pa. Nov. 5, 2020); *Teva Pharms. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 675 (E.D. Pa. 2018).

POINTS FOR CHARGE

**21.**     **Trade Secret Misappropriation—Trade Secrets Defined**

A "trade secret" involves information that The Middle East Forum owned or licensed and covers any form of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if:

1.     the information is not generally known to, or readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

2.     The Middle East Forum has taken reasonable measures to keep such information secret;

3.     the information derives independent economic value, actual or potential, from being secret; and

4.     whether or not any particular information qualifies as a trade secret depends upon factors that I will describe in a moment but, by way of introduction, I want you to understand that a trade secret concerns information.[30]

---

[30]  18 U.S.C. §1839(3); 12 Pa. Cons. Stat. § 5302.

POINTS FOR CHARGE

**22.** **Trade Secret Misappropriation—Plaintiff's Alleged Trade Secrets**

This trial concerns The Middle East Forum's Alleged Trade Secrets including donor information and gifts, as well as The Middle East Forum's internal, highly confidential strategy materials, academic research, media engagement, and government and general public outreach efforts as defined in Plaintiff's Complaint. The Middle East Forum contends that Lisa Barbounis misappropriated these Alleged Trade Secrets.[31]

---

[31]  *InteliClear, LLC v. ETC Holdings, Inc.*, 978 F.3d. 653, 659 (9th Cir. 2020).

POINTS FOR CHARGE

**23.**   **Trade Secret Misappropriation—Interstate or Foreign Commerce**

For the Defend Trade Secrets Act claim (the federal claim), you should consider whether The Middle East Forum has established by a preponderance of the evidence that trade secrets are "related to a product or service used in, or intended for use in, interstate or foreign commerce."[32] Interstate commerce includes business transactions between parties in different states.  Foreign commerce involves transactions between a business in the United States and a foreign entity.  Use or intended use of the product or service in interstate commerce means that the product or service involves travel, trade, transportation, or communication between a place in one state and a place in another state.  Use of the product or service in foreign commerce means that the product or service involves travel, trade, transportation, or communication between a place in the United States and a place outside of the United States.

---

[32]   18 U.S.C. § 1836(b)(1).

POINTS FOR CHARGE

**24.**     **Trade Secret Misappropriation—Level of Secrecy**

The secrecy required to prove that something is a trade secret does not have to be absolute secrecy in the sense that no one else in the world possessed the information at the relevant time. It may have been disclosed to employees involved in The Middle East Forum's use of the trade secret as long as they were instructed to keep the information secret.   It may also have been disclosed to nonemployees if they were obligated to keep it secret, including by way of a non-disclosure or other confidentiality agreement.[33]

---

[33]  18 U.S.C. § 1839(3)(A); 12 Pa. Cons. Stat. § 5302; *See InteliClear, LLC v. ETC Holdings, Inc.*, 978 F.3d. 653, 661 (9th Cir. 2020) (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (finding that a confidentiality agreement supported "reasonable efforts").

POINTS FOR CHARGE

**25.** **Trade Secret Misappropriation—Compilation Entitled to Protection**

The compilation of confidential information—especially where that information is aggregated and organized into spreadsheets—can be a protected trade secret, even if some information in that compilation is publicly available.[34]

---

[34] *Freedom Med. Inc. v. Whitman*, 343 F. Supp. 3d 509, 519 (E.D. Pa. 2018) (quoting *Amerisourcebergen Drug Corp. v. Am. Associated Druggists, Inc.*, No. 05-5927, 2008 WL 248933, at *25 (E.D. Pa. Jan. 29, 2008)).

POINTS FOR CHARGE

**26.**   **Trade Secret Misappropriation—Reasonable Efforts to Maintain the Secrecy Explained**

Reasonable efforts to keep the information secret are the efforts that would have been made by a reasonable individual or business in the same situation, and with the same knowledge and resources, as the alleged owner, exercising due care to protect important information of the same kind.

In determining whether or not The Middle East Forum made reasonable efforts to keep the information secret, the listed factors should be considered, among any other factors pertinent to the issue.  The presence or absence of any one or more of these factors is not determinative, and the importance of any single factor depends upon all the circumstances.

1.   Whether The Middle East Forum required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

2.   Whether products, hardware, documents or computer files containing the information were marked with confidentiality warnings;

3.   Whether The Middle East Forum instructed its employees to treat the information as confidential;

4.   Whether The Middle East Forum limited the access or use of the Alleged Trade Secrets to those who had a need to know the information;

5.   Whether The Middle East Forum kept the information in a restricted or secured area;

6.   Whether The Middle East Forum used passwords, firewalls, encryption or other electronic means to protect the information;

7.   Whether The Middle East Forum took any action to protect the specific information; and

8.   The extent to which any general measures taken by The Middle East Forum would prevent the unauthorized disclosure of the information.[35]

---

[35] *See supra* notes 30 & 34.

POINTS FOR CHARGE

**27.**     **Trade Secret Misappropriation—"Independent Economic Value Explained"**

A trade secret has independent economic value if it would have given The Middle East Forum an actual or potential business advantage over others who did not know the information and who could have obtained economic value from that information.  In determining whether the information had actual or potential independent economic value because it was secret, you may consider the following list.  The presence or absence of any one or more of these factors is not determinative.

1.     The extent to which The Middle East Forum obtained or could have obtained economic value from the information by keeping it secret;

2.     The extent to which others could have obtained economic value from the information if it was not secret;

3.     The amount of time, money, or labor that The Middle East Forum expended in developing the information; and

4.     The amount of time, money, or labor that Lisa Barbounis saved by using the information.[36]

---

[36] 18 U.S.C. §1839(3)(B); 12 Pa. Cons. Stat. § 5302.

POINTS FOR CHARGE

**28.**     **Trade Secret Misappropriation—"Misappropriation" of Alleged Trade Secrets**

The Middle East Forum must also prove that the Alleged Trade Secrets were "misappropriated," which means they were acquired by improper means or used or disclosed by Lisa Barbounis without The Middle East Forum's consent.[37]

---

[37] 18 U.S.C. § 1839(5)–(6); 12 Pa. Cons. Stat. § 5302.

POINTS FOR CHARGE

**29.** **Trade Secret Misappropriation—Misappropriation by Disclosure of the Trade Secret**

Misappropriation by disclosure requires the unauthorized disclosure of the Alleged Trade Secret.

The disclosure may be within Lisa Barbounis's business to co-workers; there is no requirement that the disclosure be made outside Lisa Barbounis's business to third parties. The disclosure must be made without The Middle East Forum's authorization.[38]

---

[38] 18 U.S.C. § 1839(5)(B).

POINTS FOR CHARGE

**30.**   **Trade Secret Misappropriation—Misappropriation Is Harm**

Loss of the exclusive use of a trade secret constitutes harm.[39]  Therefore, if you find that Lisa Barbounis misappropriated The Middle East Forum's trade secrets, you must find that The Middle East Forum suffered harm.[40]

---

[39]   *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 914 (3d Cir. 2021).
[40]   *Id.* at 913–14.

POINTS FOR CHARGE

**31.** **Trade Secret Misappropriation—Competitive Harm**

In determining the scope of any harm suffered by The Middle East Forum, you should consider any "competitive harms."[41]  Competitive harms include things like Lisa Barbounis getting a "jumpstart" for any fundraising or strategic foreign policy work, as well as avoiding the substantial research and development costs that The Middle East Forum incurred to create and maintain its alleged trade secrets and confidential information.[42]

---

[41] *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 914 (3d Cir. 2021).

[42] *Id.*

POINTS FOR CHARGE

**32.**   **Trade Secret Misappropriation— Damages Caused by the Misappropriation**[43]

　　If you should find by the preponderance of the evidence presented that Lisa Barbounis has misappropriated The Middle East Forum's trade secrets, then you must determine the amount of damages The Middle East Forum is entitled to receive.[44]

　　You may consider, in awarding such damages, the cost Lisa Barbounis would have incurred in acquiring the same information or trade secrets through her own experimentation or through other lawful means, or you may consider the actual value of what has been appropriated, or the reasonable royalty as of the time of the misappropriation due to The Middle East Forum as a result of the misappropriation.[45]

---

[43]  18 U.S.C. § 1836(b)(3)(B)(i), (ii); 12 Pa. Cons. Stat. § 5304.

[44]  *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 61, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing 3 Fed. Jury Prac. & Instr. § 127:14 (6th ed.)).

[45]  *Id.*

POINTS FOR CHARGE

**33.    Trade Secret Misappropriation—Exemplary Damages**

If you find that Lisa Barbounis engaged in the misappropriation of one or more Alleged Trade Secrets and that Lisa Barbounis is liable for unjust enrichment or a reasonable royalty, then you may also decide whether that Lisa Barbounis's misappropriation of the Alleged Trade Secrets was willful and malicious. If you find that the misappropriation was willful and malicious by clear and convincing evidence, then you may award exemplary damages.

Exemplary damages are intended to punish and to deter misappropriation of trade secrets. You may determine an amount of exemplary damages up to two times any amount awarded.

For conduct to be both willful and malicious, there must be clear and convincing evidence of the following:

Conduct is "willful" if done with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

Conduct is "malicious" if done with an intent to cause injury or was despicable and done with a willful and knowing disregard for the rights of others. Conduct is despicable when it is so vile or wretched that it would be looked down upon and despised by ordinary decent people. Someone acts with knowing disregard when she is aware of the probable consequences of her conduct and deliberately fails to avoid those consequences.

"Clear and convincing evidence" means evidence that is highly and substantially more likely to be true than untrue; the fact finder must be convinced that the contention is highly probable.[46]

---

[46]  18 U.S.C. § 1836(b)(3)(C); *Mattel, Inc. v. MGA Entertainment, Inc.*, 801 F. Supp. 2d 950, 953 (C.D. Cal. 2011); *Bladeroom Group Limited v. Emerson Electric Co.*, Case No. 5:15-cv-01370-EJD, 2019 WL 1117538, *1 (N.D. Cal. Mar. 11, 2011).

POINTS FOR CHARGE

**34.**     **Trade Secret Misappropriation—Misappropriation Damages Not Quantifiable**

If you find, as to any Alleged Trade Secret, that it was used or disclosed but that The Middle East Forum has failed to prove a calculable dollar amount, we may have a short supplemental instruction and supplemental closing argument to assist you in arriving at an alternative form of award.[47]

---

[47]  18 U.S.C. § 1836(b)(3)(B)(ii).

POINTS FOR CHARGE

**35.**    **Computer Fraud and Abuse Act—General**[48]

The Middle East Forum has alleged Lisa Barbounis violated various provisions within Section 1030 of the Computer Fraud and Abuse Act.  To meet its burden of proof, The Middle East Forum must demonstrate the following by a preponderance of the evidence:

(1)    Lisa Barbounis acted knowingly and with intent to defraud; and

(2)    Lisa Barbounis accessed a "protected computer"

(3)    Lisa Barbounis

   (a)    accessed the protected computer without authorization, or

   (b)    exceeded their authorized access.

(4)    By such conduct, Lisa Barbounis furthered the intended fraud; and

(5)    By such conduct; Lisa Barbounis obtained anything of value; and

(6)    Lisa Barbounis's actions were the direct cause of loss to The Middle East Forum during a one-year period totaling at least $5,000 in value.

---

[48]  18 U.S.C. 1030(e)(2)(B); *Brett Senior v. Fitzgerald*, No. 06-1412, 2007 U.S. Dist. LEXIS 50833, at * 8–9 (E.D. Pa. July 13, 2007); *B&B Microscopes v. Armogida*, No. 06-492, 2007 U.S. Dist. LEXIS 70978, at *34 (W.D. Pa. Sept. 25, 2007); *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 509 (3d Cir. 2005).

POINTS FOR CHARGE

**36.**     **Computer Fraud and Abuse Act—Protected Computer**[49]

A protected computer is one which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

---

[49]  18 U.S.C. 1030(e)(2).

POINTS FOR CHARGE

**37.     Computer Fraud and Abuse Act—Damages[50]**

If you have found Lisa Barbounis liable for violating the Computer Fraud and Abuse Act, you may award monetary damages to compensate The Middle East Forum if you find The Middle East Forum has suffered damage or loss flowing directly from Lisa Barbounis's violations.

The Middle East Forum has suffered damage if you conclude The Middle East Forum suffered an impairment to the integrity or availability of its data, program(s), system(s), and/or information.

Loss is defined as any reasonable cost to The Middle East Forum, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damage incurred because of an interruption of service.

To compensate The Middle East Forum for any such loss, however, you must first find The Middle East Forum has suffered at least $5,000 worth of loss. In determining whether The Middle East Forum has met the $5,000 threshold, you may not consider litigation expenses, attorneys fees and the cost of hiring experts.

---

[50] *Healthcare Advocates, Inc. v. Hardy, Early, Follmer & Frailey*, 497 F. Supp. 2d 627, 647 (E.D. Pa. July 20, 2007); 18 U.S.C. §§ 1030(e)(8), 1030(e)(11), 1030(g).

POINTS FOR CHARGE

**38.**    **Stored Communications Act—General**

The Middle East Forum has also sued Lisa Barbounis under the Stored Communications Act ("SCA").  The SCA prohibits "intentionally access[ing] without authorization a facility through which an electronic communications service is provided" or doing so in excess of authorization, and, in so doing, obtaining access to an electronic communication, including emails, while it is in electronic storage.  The SCA prohibits unauthorized access to The Middle East Forum's computer systems and email accounts.[51]

You shall find your verdict for The Middle East Forum on its claim for violation of the SCA if it has proved by a preponderance of the evidence that Lisa Barbounis:

(1)    intentionally accesse[d] without authorization a facility through which an electronic communication service is provided; or

(2)    intentionally exceed[ed] an authorization to access that facility;

(3)    and thereby obtain[ed], alter[ed], or prevent[ed] authorized access to a wire or electronic communication while it is in electronic storage in such system.[52]

You shall find your verdict in favor of Lisa Barbounis if The Middle East Forum fails to prove any of the elements above.

If you find that The Middle East Forum proved by a preponderance of the evidence a violation of the SCA against Lisa Barbounis, then The Middle East Forum is entitled to recover actual damages proven that were proximately caused by Lisa Barbounis's violation of the SCA.[53]

---

[51]    18 U.S.C. § 2701(a)(1)-(2).

[52]    *Id.*

[53]    *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007); *Alystyne v. Electronic Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009).

POINTS FOR CHARGE

**39.   Stored Communications Act—Authority**[54]

In considering whether Lisa Barbounis under the Stored Communications Act had "authority" or "exceeded authority" to access the facility, you may consider whether the access was authorized on the basis of the expected norms of intended use or the nature of the relationship established between the computer owner and the user.  Factors you may consider, include but are not limited to:

1.    Lisa Barbounis's position at The Middle East Forum;

2.    the ownership of the email account and the relationship between the owner of the email account and any users of the email account;

3.    the intended use of the email account;

4.    whether Lisa Barbounis's conduct was in line with the reasonable expectations of the owner of the e-mail account and its users;

5.    any policies that governed use or access to the email account;

6.    who paid for the account;

7.    who set up the account;

8.    the purpose for which the account was used;

9.    the parties' understanding as to the nature of the account;

10.    whether Lisa Barbounis used the account to send and receive emails; and

11.    whether The Middle East Forum had a reasonable expectation of privacy in the account.

---

[54]  *U.S. v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007).

POINTS FOR CHARGE

**40.**     ***Stored Communications Act—Damages***[55]

If you find that The Middle East Forum has proven a violation of the SCA by Lisa Barbounis, then The Middle East Forum is entitled to recover actual damages that The Middle East Forum proved by a preponderance of the evidence proximately caused by the violation.  The Middle East Forum shall be entitled to recover a sum of at least $1,000 per violation of the Stored Communications Act by Lisa Barbounis.

Damages means the amount of money that will reasonably and fairly compensate The Middle East Forum for any injury you find was proximately caused by Lisa Barbounis's violation of the Stored Communications Act.  You should not award actual damages for speculative injuries, but only for those injuries which The Middle East Forum has actually suffered.

---

[55]  18 U.S.C. § 2707(c); *Van Alstyne v. Electronic Scriptorium, Ltd.*, 560 F.3d 199, 205 (4th Cir. 2009); *see also* O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, 5th Ed. Thomson West §§ 106.04, 128.01, 159.91.

**POINTS FOR CHARGE**

**41.**    **Conversion—General**[56]

If you find from the evidence that, more likely than not:

1.    The Middle East Forum was the owner of property at issue in this case such as documents and computer files and drives and entitled to its immediate possession;

2.    Lisa Barbounis exercised dominion over the property, wrongfully and inconsistently with The Middle East Forum's interest in the property; and

3.    The Middle East Forum has been damaged as a result of Lisa Barbounis's action,

4.    then you will find for The Middle East Forum. Otherwise, you will find for Lisa Barbounis.

---

[56] *Am. Hearing Aid Assocs. v. GN ReSound N. Am.*, 309 F. Supp. 2d 694 (E.D. Pa. 2004); *Famology.Com, Inc. v. Perot Sys. Corp.*, 158 F. Supp. 2d 589 (E.D. Pa. 2001).

**POINTS FOR CHARGE**

**42.**   **Conversion—Intent**[57]

In order for The Middle East Forum to recover, it is necessary for Lisa Barbounis to have intended to exercise control over the property allegedly taken from The Middle East Forum.

You are further instructed that it is not necessary for The Middle East Forum to prove that Lisa Barbounis intended to do The Middle East Forum any harm or fraud. It is not even necessary to prove that Lisa Barbounis knew that the property was properly in the possession of The Middle East Forum. If you find from the facts that Lisa Barbounis intended to exercise control over the property in a manner that indicated a decision by Lisa Barbounis to use the property as if she had the right of possession, then you will find that Lisa Barbounis had sufficient intent under these instructions.

---

[57] *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard Inc.*, 777 A.2d 1090, 1095–96 (Pa. Super. Ct. 2001).

POINTS FOR CHARGE

### 43.    Conversion—Damages

If you find for The Middle East Forum on its conversion claim, then you must determine the amount of damages which The Middle East Forum is entitled to receive.  The Middle East Forum may recover the full, fair market value of the property that was converted at the time and place of conversion.[58]

The Middle East Forum's damages for conversion also include:

(a)      the amount of any further loss caused by the deprivation of property;

(b)      interest from the time at which the value is fixed; and

(c)      compensation for the loss of use not otherwise compensated.[59]

Compensation for "loss of use" is "an additional sum sufficient to compensate The Middle East Forum for the loss of use of The Middle East Forum's property, but only for such time as was reasonably required to replace the property.[60]

---

[58]   *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard Inc.*, 777 A.2d 1090 (Pa. Super. Ct. 2001).

[59]   *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 65, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing Restatement (Second) of Torts § 927); *see also Adams Outdoor Advertising, LP v. Menegatos*, No. 1119 EDA 2012, 2013 WL 11256844, at *6 (Pa. Sup. Ct. 2013) (quoting Restatement (Second) of Torts § 927(2)(d)).

[60]   *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 65, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing 3 Fed. Jury Prac. & Instr. § 129:03 (6th ed.)).

POINTS FOR CHARGE

**44.** **Breach of Fiduciary Duty—General**

When a person authorizes another to act as his or her agent, the relationship between the two may be characterized as a fiduciary relationship.[61] The duty of an agent to her principal is one of loyalty in all matters affecting the subject of his agency and the agent must act with the utmost good faith in furtherance of the interests of her principal.[62]

In Pennsylvania, an employee is an agent of her employer and owes her employer a duty of loyalty.[63] An agent's specific duties of loyalty include a duty to refrain from competing with the principal and from taking action on behalf of, or otherwise assisting, the principal's competitors throughout the duration of the agency relationship, as well as a duty not to use property or confidential information of the principal for the agent's own purpose or those of a third party.[64] Pursuant to this duty, an employee may not act for a person or entity whose interests conflict with the employer.[65]

To award damages to The Middle East Forum on this claim, you must find that The Middle East Forum has demonstrated by the fair weight of the evidence:

1. that Lisa Barbounis negligently or intentionally failed to act in good faith and solely for the benefit of The Middle East Forum in all matters for which she was employed;

2. that The Middle East Forum suffered an injury; and

3. that Lisa Barbounis's failure to act solely for The Middle East Forum's benefit was a real factor in bringing about The Middle East Forum's injuries.[66]

---

[61] *Synthes, Inc. v. Emerge Med., Inc.*, 25 F. Supp. 3d 617, 667 (E.D. Pa. 2014).

[62] *Id.*

[63] *Id.*; *see also Advanced Fluid Sys., Inc. v. Huber*, 958 F.3d 168, 184 n.19 (3d Cir. 2020).

[64] *Synthes, Inc. v. Emerge Med., Inc.*, 25 F. Supp. 3d at 667.

[65] *Id.*

[66] *Conquest v. WMC Mortgage Corp.*, 247 F. Supp. 3d 618, 633–34 (E.D. Pa. 2017).

POINTS FOR CHARGE

**45.**   **Breach of Fiduciary Duty—Standard of Care and Factual Cause**

In addition to acting in the utmost faith, a fiduciary is required to use reasonable care in carrying out her duties.

You must decide whether Lisa Barbounis negligently or intentionally failed to use reasonable care in carrying out her duty as a Middle East Forum employee. If you find that The Middle East Forum has proven by a preponderance of the evidence that Lisa Barbounis negligently or intentionally failed to fulfill her duties, then you must determine whether their negligence or intentional misconduct was a factual cause in bringing about The Middle East Forum's damages.[67]

To establish that Lisa Barbounis's breach of fiduciary duty was the factual cause of The Middle East Forum's harm, The Middle East Forum need only prove by a preponderance of the evidence that Lisa Barbounis received a benefit as a result of her breach.  You may also consider whether Lisa Barbounis's own conduct has prevented The Middle East Forum from showing that Lisa Barbounis's breach of fiduciary duty was the factual cause of The Middle East Forum's harm.[68]

---

[67]  Pennsylvania Suggested Standard Civil Jury Instructions, § 4.17.
[68]  *Syntheses (USA) v. Globus Meical Inc.*, No. 04-1235, 2007 WL 2043184, at *11 (E.D. Pa. July 12, 2007).

POINTS FOR CHARGE

**46.** **Breach of Fiduciary Duty—Damages**

The Middle East Forum is entitled to be fairly and adequately compensated for all financial losses it suffered as a result of the Lisa Barbounis's improper conduct. In addition, if you find that Lisa Barbounis failed to act in the utmost good faith, The Middle East Forum is entitled to recover any salary, reimbursements and benefits it paid her from the first time Lisa Barbounis failed to act in good faith until their relationship ended.[69]

---

[69] Pennsylvania Suggested Standard Civil Jury Instructions, § 4.19.

POINTS FOR CHARGE

**47.     Compensatory Damages—General**

Now I will talk about compensatory damages, which is relevant to all claims.  If you find for The Middle East Forum on one or more of its claims, you must consider whether, and to what extent, monetary damages should be awarded. The fact that I am instructing you on the subject of damages does not mean that The Middle East Forum is or is not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you if you find from a fair preponderance of the evidence The Middle East Forum is entitled to recover damages.[70]

In deciding the amount of damages to award, you should consider the amount of money that will reasonably and fairly compensate The Middle East Forum for any injury you find was proximately caused by Lisa Barbounis.[71]

The Middle East Forum has the burden of proving damages by a preponderance of the evidence. Damages must be determined with reasonable certainty from the evidence presented. Mathematical precision need not be shown, but you are not to guess or speculate as to damages.[72]

---

[70] *Dalmatia Import Grp. Inc. v. Foodmatch, Inc.*, Plaintiff's Proposed Final Jury Instructions 58, No. 16-2767 (E.D. Pa. filed Jan. 20, 2017), ECF No. 210 (citing 3 Fed. Jury Prac. & Instr. § 127.14 (6th ed.)).

[71] *Id.* (citing 3A Fed. Jury Prac. & Instr. § 159.91 (6th ed.)).

[72] *Id.* (citing 3 Fed. Jury Prac. & Instr. § 127.14 (6th ed.)).

POINTS FOR CHARGE

**48.**     **General—Adverse Inference for Spoliation of Evidence**[73]

I instruct you that Defendant Barbounis failed to preserve evidence after her duty to preserve arose.  This failure to preserve is known as "spoliation of evidence." In other words, spoliation is the destruction or material alteration of evidence or the failure to preserve evidence for another's use in pending or reasonably foreseeable litigation. Based on Defendant's spoliation, you may presume that the lost evidence would have been relevant and helpful to MEF's case and/or would have been harmful to Defendant's case.

Alternatively, you may infer that the evidence not produced would merely have been duplicative of, or similar to, the evidence before you. In other words, your role is to determine whether Defendant's spoliation tilted the playing field against MEF.  If so, the permission given to you by the Court to infer that the missing documents would have been relevant and helpful to MEF and/or harmful to Defendant is designed to allow you to balance that playing field, should you feel it is necessary.

It is up to you to decide the extent to which the lost evidence was relevant and helpful to MEF and/or harmful to Defendant.  Of course, it is impossible to know exactly what evidence was lost - although the parties have tried—so you must make these determinations to the best of your ability based on all of the facts and circumstances of this case.  You must then decide how much weight and effect to give to your belief about spoliation in reaching your verdict.

---

[73] This instruction is the subject of a pending motion in limine.  *See* Pl.' Mot. *in Limine* for an Adverse Inference, ECF No. 144.  The parties reserve the right to alter or amend this instruction pending the outcome of this motion.

POINTS FOR CHARGE

**49.    General—Client Liability for Counsel's Acts and Omissions**

You may hold Lisa Barbounis accountable for the acts and omissions of her counsel.[74]

---

[74]  *See, e.g.*, *Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017) ("It is well established that 'clients must be held accountable for the acts and omissions of their attorneys.'" (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 396 (1993))).

POINTS FOR CHARGE

**50.**     **General Instructions For Use At End of Trial—Deliberations[75]**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

---

[75]  Third Circuit Model Civil Jury Instructions 3.1.

**POINTS FOR CHARGE**

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

POINTS FOR CHARGE

**51.**     **General Instructions For Use At End of Trial—Deadlock**[76]

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions.  You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

---

[76]  Third Circuit Model Civil Jury Instructions 3.4.

# PLAINTIFF'S PROPOSED VERDICT FORMS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LISA REYNOLDS-BARBOUNIS, | :    Civil Action No.: 19-5697 |
| | : |
| Defendant. | : |
| | : |

**[PLAINTIFF'S PROPOSED] VERDICT FORMS**

We, the jury, make the following conclusions to the questions submitted by the Court to which we have all agreed:

**COUNT I—BREACH OF CONTRACT**

QUESTION:  Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis breached the Confidentiality and Non-Disclosure Agreement that she signed with Plaintiff The Middle East Forum?

ANSWER:     Yes _____               No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:     $ _____

Dated: December __, 2021                    _____
                                            FOREPERSON

## COUNT II—BREACH OF CONTRACT

QUESTION: Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis breached the Bring Your Own Device Agreement that she signed with Plaintiff The Middle East Forum?

ANSWER:     Yes _____               No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:     $ _____

Dated: December ___, 2021                    _____
                                             FOREPERSON

## COUNT III—COMPUTER FRAUD AND ABUSE ACT

QUESTION:  Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1080(g)?

ANSWER:     Yes _____              No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:     $ _____

Dated: December __, 2021                    _____
                                            FOREPERSON

## COUNT IV—PENNSYLVANIA UNIFORM TRADE SECRETS ACT

QUESTION NO. 1:    Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis violated the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5304(a)?

ANSWER:    Yes _____            No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:    $ _____


QUESTION NO. 2:   If you answered yes to Question No. 1, do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis acted willfully and maliciously in misappropriating Plaintiff's trade secrets?

ANSWER:    Yes _____            No _____

If yes, what amount of punitive damages, if any, do you award Plaintiff for this claim? This amount may be up to, but not more than, double the amount you listed in your answer to Question No. 1.

AMOUNT:    $ _____


Dated: December __, 2021                      _____
                                              FOREPERSON

## <u>COUNT V—DEFEND TRADE SECRETS ACT</u>

QUESTION NO. 1:    Do you find by a preponderance of the evidence that Defendant Lisa

Reynolds-Barbounis violated the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1)?

ANSWER:    Yes _____        No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:    $ _____


QUESTION NO. 2:    If you answered yes to Question No. 1, do you find by a

preponderance of the evidence that Defendant Lisa Reynolds-Barbounis acted willfully and

maliciously in misappropriating Plaintiff's trade secrets?

ANSWER:    Yes _____        No _____

If yes, what amount of exemplary damages, if any, do you award Plaintiff for this claim?

This amount may be up to, but not more than, double the amount you listed in your answer to

Question No. 1.

AMOUNT:    $ _____


Dated: December __, 2021            _____

FOREPERSON

## COUNT VI—STORED COMMUNICATIONS ACT

QUESTION:  Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis violated the Stored Communications Act, 18 U.S.C. § 2701?

ANSWER:     Yes _____              No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:     $ _____

Dated: December ___, 2021                    _____
                                             FOREPERSON

## COUNT VII—CONVERSION

QUESTION:  Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis unlawfully converted Plaintiff The Middle East Forum's confidential information?

ANSWER:     Yes _____              No _____

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:     $ _____

Dated: December __, 2021                    _____
                                            FOREPERSON

## COUNT VIII—BREACH FIDUCIARY DUTY

QUESTION:  Do you find by a preponderance of the evidence that Defendant Lisa Reynolds-Barbounis breached her fiduciary duty to Plaintiff The Middle East Forum?

ANSWER:    Yes \_\_\_\_\_          No \_\_\_\_\_

If yes, what amount of damages, if any, do you award Plaintiff for this claim?

AMOUNT:    $ _____


Dated: December \_\_, 2021              _____
                                       FOREPERSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 18, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.  I further certify that I have caused a true and correct copy of the foregoing to be sent by email to sanchezdocs@paed.uscourts.gov in Microsoft Word format, pursuant to this Court's Policies and Procedures, § III.D.2.

Dated: November 18, 2021

THE MIDDLE EAST FORUM
By counsel

/s/ Sidney L. Gold, Esquire
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*