## LAW OFFICES OF
## SIDNEY L. GOLD & ASSOCIATES
A PROFESSIONAL CORPORATION
_____

1835 MARKET STREET, SUITE 515
PHILADELPHIA, PA 19103
(215) 569-1999   FAX (215) 569-3870

SIDNEY L. GOLD * + **       JAMIE L. FORD *
TRACI M. GREENBERG * +      LEANNE LANE COYLE * +
NEELIMA VANGURI *           MARGARET KING *
WILLIAM RIESER *            SAMANTHA PANKEY MARTIN

\*     ALSO ADMITTED IN NEW JERSEY
\+     ALSO ADMITTED IN NEW YORK
\*\*   ALSO ADMITTED IN DISTRICT OF COLUMBIA

November 30, 2021

**Via ECF**

The Honorable Juan R. Sánchez
United States District Court
for the Eastern District of Pennsylvania
601 Market St., Room 14613
Philadelphia, PA 19106-1797

RE:   ***Recent Third Circuit Law on Trade Secret Misappropriation***; *The Middle East Forum v. Barbounis*, No. 2:19-cv-05697-JS

Dear Judge Sanchez:

On behalf of Plaintiff The Middle East Forum ("MEF" or "Plaintiff"), I write to alert the Court to two recent opinions that further support MEF's trade secret misappropriation claims and that are instructive for Plaintiff's Motion for Summary Judgment as well as Plaintiff's proposed Points of Charge.

***First***, in late September 2021, the Third Circuit stated in *Mallet & Co. v. Lacayo* confirmed the generally accepted view in most circuits that "[a] confidential compilation and organization of public information can amount to a trade secret."  16 F.4th 364, 386 (3d Cir. Sept. 24, 2021). Indeed, the Third Circuit stated that "[c]ourts have long recognized that a trade secret can exist in a combination of characteristics and components, each of which, by itself is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable trade secret." *Id.* (cleaned up); *see also id.* at 386 n.28 (collecting cases). This binding Third Circuit precedent codifies MEF's position that the compilation of donor names, donation and target amounts, and donor contacts constitutes a protected trade secret, even if Defendant could somehow show that parts of that compilation exist in the public domain.  *See* Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 112-1; Pl.'s Opp'n to Def.'s Mot. Summ. J. 7–10, ECF No. 121; Pl.'s Reply Supp. Mot. Summ. J. 6, ECF No. 124.  MEF denies Defendant's argument that such MEF data is public, but this caselaw expressly negates Defendant's contention that a trade secret cannot, by definition, exist if data can be found in the public sphere.  *See, e.g.*, Def.'s Reply Supp. Mot. Summ. J. 3, ECF No. 123.

The Honorable Juan R. Sánchez
November 30, 2021
Page II.

   ***Second***, in late October 2021, Judge Wolson decided *Alchem Inc. v. Cage*, in which the Court ruled that "[i]t is possible that [a] customer database, Salesforce, and the compilation of data within it constitutes a trade secret under Pennsylvania law." No. 2:20-cv-3142, 2021 WL 4902331, at *4 (E.D. Pa. Oct. 21, 2021) (Wolson, J.).  While the court in *Alchem* ultimately found no evidence that the defendant in that case improperly accessed or disclosed "data from Salesforce," *id.*, it is undisputed that Defendant Barbounis accessed MEF's confidential Salesforce account hours before she disclosed that same information to a third-party.  *See* Pl.'s Mem. Supp. Mot. Summ. J. 8–9; Pl.'s Opp'n to Def.'s Mot. Summ. J. 8–10.

   In sum, these recent decisions compel a finding in MEF's favor on its Motion for Summary Judgment on its trade secret misappropriation claims (Counts IV & V).  Additionally, MEF has enclosed a revised point for charge to capture this precedent.

   Thank you for your attention to this matter.

              Respectfully,

              ***/s/Sidney L. Gold***

              Sidney L. Gold

cc:  All Counsel of Record
    Attachment