UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF'S MOTION TO SEAL PRETRIAL CONFERENCE AND TRIAL**

Pursuant to Local Rule 5.1.5(a)(2), Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, respectfully moves this Court to seal the Pretrial Conference (December 6, 2021) and Trial (December 13, 2021 trial pool).  This request to seal is to protect sensitive trade secret and private financial information, and testimony discussing such information, that Plaintiff designated as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" pursuant to the Stipulated Confidentiality Agreement and Protective Order.  *See* Ex. 1, Stipulated Confidentiality and Protective Order, Dkt. No. 54.  This Court previously issued orders to seal protecting the same information.  *See* Ex. 2, Order Granting Motion to Seal, Dkt. No. 84.  For the reasons set forth in MEF's accompanying Memorandum, this Court should grant MEF's Motion to Seal the Pretrial Conference and Trial.

Wherefore, for the reasons set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion, MEF, by counsel, respectfully requests this Court to:

1. Enter the proposed order attached hereto; and

2. Order that Pretrial Conference (December 6, 2021) and Trial (currently on December 13, 2021 trial pool) be sealed in accordance with Local Rule 5.1.5(b)(2).

Dated: December 6, 2021                    THE MIDDLE EAST FORUM
                                           By counsel

                                           s/ Sidney L. Gold, Esquire
                                           Sidney L. Gold
                                           sgold@discrimlaw.net
                                           Sidney L. Gold & Associates P.C.
                                           1835 Market Street, Suite 515
                                           Philadelphia, PA 19103
                                           Tel: (215) 569-1999
                                           Fax: (215) 569-3870

                                           Attison L. Barnes, III
                                           abarnes@wiley.law
                                           1776 K Street NW
                                           Washington, DC 20006
                                           Tel: (202) 719-7000
                                           Fax: (202) 719-7049

                                           *Counsel for The Middle East Forum*

Dated: 12/06/2021

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 6, 2021, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

s/ Sidney L. Gold, Esquire
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL THE PRETRIAL CONFERENCE AND TRIAL

Plaintiff The Middle East Forum ("MEF"), by counsel and pursuant to Local Rule 5.1.5(a)(2), submits the following Memorandum of Law in Support of its Motion to Seal the Pretrial Conference and Trial. This request to seal is to protect trade secret and other financial information, and testimony discussing such information, that Plaintiff designated as "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by the Court. *See* Ex. 1, Stipulated Confidentiality and Protective Order, Dkt. No. 54.

### INTRODUCTION

On December 23, 2020, this Court granted MEF's Motion to Seal Documents and Testimony Presented at Preliminary Injunction Hearings (Dkt. No. 83) and ordered that "[a]ll exhibits and testimony presented at" the preliminary injunction proceedings "shall be sealed from the public record, until further order from the Court." Ex. 2, Order Granting Motion to Seal, Dkt. No. 84 at 1. The testimony and exhibits presented at the preliminary injunction hearing included

1

personal identifiers, credit card information, donor information and donation amounts, and sensitive, internal MEF strategy materials protected from public disclosure, which were designated by the parties as "ATTORNEY'S EYES ONLY."  Close to one year later, the issues, testimony, and exhibits central to the December 6, 2021 Pretrial Conference and Trial beginning on or about December 13, 2021, involve the same and additional trade secret and highly sensitive information that has been designated either as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" pursuant to the Stipulated Confidentiality Agreement and Protective Order.  Accordingly, this Court should similarly grant this motion to seal.

MEF pursues this motion to protect against the substantial harm that would befall MEF upon the public disclosure of sensitive data that, as this Court is aware, MEF has spent two years trying to protect.  This motion is also consistent with the parties' obligations in the Stipulated Confidentiality Agreement and Protective Order previously entered by this Court.  *See* Ex. 1, Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54.

For the reasons discussed below, MEF requests that this Court grant this Motion to Seal.

## **ARGUMENT**

Most of the materials that may be referenced at the Pretrial Conference and Trial[1] have been designated by Plaintiff as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" under the Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), Dkt. No. 54. The Protective Order permits the parties to designate as "ATTORNEY'S EYES ONLY" information that "may include highly confidential and sensitive information related to sensitive MEF donor names, donor contributions, and any other trade secret or sensitive activities that the producing

---

[1] In violation of Local Rule 16.1(d)(1)(a), MEF did not receive specific exhibit designations from Defendant.  Those exhibit designations were due on November 18, 2021, and therefore any subsequent attempts by defendant to designate tardy exhibits should be stricken as violating the Court's Scheduling Order and as prejudicial to MEF.  *See* Pl.'s Mot. to Strike Def.'s Pretrial Mem., Dkt. No. 156.

party reasonably and in good faith believes is so highly sensitive that its disclosure could reasonably be expected to result in harm to the producing party." *See* Ex. 1, Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54 at ¶ 2.  Similarly, the Protective Order permits the parties to designate as "CONFIDENTIAL" information that "may include financial documents, confidential research, and private employee data unknown to the public." *Id.*  The information that will likely be referenced at the Pretrial Conference and Trial includes trade secret and highly sensitive information such as MEF donor names and donation amounts, sensitive MEF meeting information, sensitive contacts information, MEF internal work product, MEF internal databases, MEF financial, accounting, and tax information, and executive committee meeting minutes.  MEF's Director, Gregg Roman, is anticipated to testify at trial about the organization's sensitive data and its efforts to avoid disclosure and to prevent other harm to its personnel, its affiliates, and its donors, other sensitive relationships, competition for funding, and private financial data regarding the value from MEF data.

The Protective Order also provides guidance on who can be given access to designated materials and the obligations of the parties with respect to such information.  The Protective Order states that "[i]nformation designated as 'CONFIDENTIAL' or 'CONFIDENTIAL – PFI' may be disclosed only to… the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation, *as long as the information is requested to be placed under seal.*"  *See* Ex. 1, Stipulated Confidentiality Agreement and Protective Order, Dkt. No. 54 at ¶ 9(a) (emphasis added).  It also states that "[a]ny information whether 'CONFIDENTIAL,' 'ATTORNEY'S EYES ONLY,' or 'CONFIDENTIAL – PFI' may be included with, or referred to in, papers filed with the Court where this Litigation is now pending only in accordance with the following procedures… *[t]his Information must be filed under seal.* Counsel for all parties shall

follow Local Civil Rule 5.1.5 and all applicable Orders and customs of the Court when filing Confidential Information under seal." *Id.* at ¶ 16(a) (emphasis added).  In accordance with the Protective Order, when parties use information marked CONFIDENTIAL, ATTORNEY'S EYES ONLY, or CONFIDENTIAL – PFI  in these litigation proceedings the "parties will request that the Court *preserve the confidentiality protections set forth in this Protective Order* when such documents are submitted or otherwise used or referenced." *Id.* at ¶ 18 (emphasis added).  Accordingly, MEF files this motion to seal the proceedings pursuant to its obligations to do so under the terms of the Protective Order and to ensure enforcement of its prior designations of these highly sensitive materials.

The Third Circuit and this Court agree that highly sensitive information like the exhibits and testimony at issue in this case should be sealed.  Although there is a general presumption in favor of public access to judicial proceedings, *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001), "[c]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("the strong common law presumption of access must be balanced against the factors militating against access").  Additionally, pursuant to Local Civil Rule 5.1.3, personal identifiers such as "Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically." E.D. Pa. Local R. Civ. P. 5.1.3.  Further, "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure," *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998

F.2d 157, 166 (3d Cir. 1993), and "courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978).  Therefore, parties may obtain a seal order if "disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir.1994).  Good cause will support an order of protection over discovery material at any stage of litigation.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994).

In *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995), the Third Circuit identified seven factors to consider in evaluating "good cause" to support a motion to seal:

1. whether disclosure will violate any privacy interests;
2. whether the information is being sought for a legitimate purpose or for an improper purpose;
3. whether disclosure of the information will cause a party embarrassment;
4. whether confidentiality is being sought over information important to public health and safety;
5. whether the sharing of information among litigants will promote fairness and efficiency;
6. whether a party benefitting from the order of confidentiality is a public entity or official; and
7. whether the case involves issues important to the public.

First, the release of MEF donor contact information, including phone numbers and addresses which is displayed on multiple trial exhibits and will be discussed in witness testimony, into the public domain poses a high risk of violating those individuals' privacy interests, and well as MEF's private interests.  Second, in this action MEF is seeking to recover and prevent any further dissemination or use of ***its own*** highly sensitive information.  Therefore, MEF should not be required to disclose into the public domain the very information it is trying to protect from further disclosure.  Third, disclosure of the highly sensitive organizational, donor, and personal information revealed in exhibits and testimony at these two upcoming proceedings such as dollar

amounts of donations and personal contact information would not only jeopardize the business of MEF but also cause it tremendous embarrassment with the public, its donors, and its readership. Fourth, the confidentiality being sought over this information is important to public safety and specifically to the safety of MEF and its personnel such that entities and individuals desiring to do physical or other harm to MEF's office building, and persons affiliated with MEF, cannot obtain this information that would empower them to do so. Fifth, the highly sensitive information requested to be sealed in these two upcoming proceedings would remain available to the parties in this action (subject to the strict restrictions under the Protective Order and subject to MEF's request that at the end of these proceedings that Defendant isolate, return, and permanently destroy all MEF data in her possession, custody, or control). Sixth, no public entity or official would benefit from the Court entering an order that these exhibits and testimony be sealed. Seventh, the issues being litigated are important to the public and advancing public policy in that the claim seeks to uphold enforceable non-disclosure obligations that are critical in today's world full of threats to U.S.-based organizations. Should the Court not enforce these agreements (and ultimately order the return and destruction of MEF information retained by Defendant in violation of these agreements), the public interest will not be served. *See Glenmede*, 56 F.3d at 483 (citing *Pansy*, 23 F.3d at 787-91).

## **CONCLUSION**

For the foregoing reasons, MEF respectfully requests that the Court order the documents and testimony presented at the Pretrial Conference and Trial be sealed from the public record and grant such further relief as this Court deems proper.

Dated: December 6, 2021                    THE MIDDLE EAST FORUM
                                                       By counsel

<u>s/ Sidney L. Gold, Esquire</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 6, 2021, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

<u>s/ Sidney L. Gold, Esquire</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes, III
abarnes@wiley.law
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL THE PRETRIAL CONFERENCE AND TRIAL**

It appearing to the Court that it is just and proper to do so and that good cause has been shown, Plaintiff's Motion to Seal the Pretrial Conference and Trial ("Plaintiff's Motion") shall be, and hereby is, GRANTED and it is hereby ORDERED as follows:

1. ORDERED that the December 6, 2021 Pretrial Conference and Trial (currently scheduled for trial pool on December 13, 2021) be sealed from the public record.

SO ORDERED this _____ day of December, 2021.

 

The Honorable Juan R. Sánchez
United States District Court