# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 19-5697 |
| LISA REYNOLDS-BARBOUNIS, | : JURY TRIAL DEMANDED |
| Defendant. | : |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To facilitate the production of Confidential Information through the discovery process in the above-captioned litigation (the "Litigation") and upon the Stipulation of the parties, the Court enters into the following Protective Order (the "Order" or "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.1.5, and states as follows:

1. This Protective Order shall govern disclosure, use, and handling of all documents, electronically stored information, imaged materials, testimony, interrogatory answers, hearing transcripts, declarations, affidavits, reports, briefs, motions, and other information (other than information that is publicly known or available) disclosed in this Litigation ("Subject Discovery Material") and designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" by a party or a third party. This Protective Order shall apply to and be binding upon any director, officer, employee, contractor, or agent of any of the parties to this litigation, as well as all outside counsel to the parties, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel, or any agent or outside contractor of such outside counsel. This Protective Order shall also apply to any persons who sign an affirmation in the form of Addendum A, attached hereto.

2. Subject Discovery Materials subject to this Protective Order shall not include (a) published advertising materials, and (b) materials that are known or available to the general public. Subject Discovery Materials designated as "CONFIDENTIAL" may include financial documents, confidential research, and private employee data unknown to the public. Subject Discovery Materials designated as "ATTORNEY'S EYES ONLY" may include highly confidential and sensitive information related to sensitive MEF donor names, donor contributions, and any other trade secret or sensitive activities that the producing party reasonably and in good faith believes is so highly sensitive that its disclosure could reasonably be expected to result in harm to the producing party. Subject Discovery Materials designated as "CONFIDENTIAL – PFI" may include private financial information such as banking statements, tax returns and related documents, financial statements, cancelled checks, and similar items of a financial or identifying nature (*e.g.*, SSN, phone numbers).

3. Subject Discovery Materials designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" are referred to herein as "Confidential Information" and the identification of Subject Discovery Materials with either of these designations is referred to herein as "Confidential Designation."

4. Any party (including any third party not named in this Litigation) that produces Subject Discovery Material in this Litigation may make Confidential Designations for which the producing party believes in good faith that there is a right to confidential treatment under Rule 26(c) or Local Civil Rule 5 consistent with the designation level.

5. The inadvertent production of Subject Discovery Materials containing Confidential Information which are not designated "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" shall not be deemed a waiver in whole or in part of a claim for

confidential treatment and shall be without prejudice to any claim that such Confidential Information should be designated as such. In the event of the inadvertent production of Confidential Information that does not bear the appropriate designation, the producing party shall notify the receiving party in writing of the error and provide a revised copy of the document bearing the appropriate designation. Upon receipt of such notice, the receiving party shall (a) use reasonable efforts to retrieve any copies of the document, including those disseminated to third parties; and (b) either (i) return all copies of the documents in its possession to the producing party; (ii) notify the producing party that all copies of the document in its possession have been destroyed; or, (iii) notify the producing party in writing that it will contest the producing party's claim that the document should be considered Confidential Information.

6. Similarly, the inadvertent production of Subject Discovery Materials containing information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, common interest doctrine, and/or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of a claim that such materials are subject to the applicable privilege(s) and/or protection(s). If the producing party provides notice to the receiving party that it considers a document it produced to contain or constitute material subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity, the receiving party shall (a) use reasonable efforts to retrieve any copies of the document, including those disseminated to third parties; and (b) either (i) return all copies of the documents in its possession to the producing party; (ii) notify the producing party that all copies of the document in its possession have been destroyed; or (iii) notify the producing party in writing that it will contest the producing party's claim that the document is subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity.

7. All information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" (and all copies, summaries, or quotations of such information) shall not be disclosed to the public or otherwise put into the public domain.

8. Information designated as "ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

    a. outside counsel of record for a party, associates, legal assistants or regular employees of outside counsel of record, and in-house counsel for a party to the extent that in-house counsel is engaged in prosecution or defense of this Litigation;

    b. experts or consultants engaged by counsel of record or a party to assist in this Litigation, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Litigation and further provided that such expert or consultant signs an undertaking in the form of Addendum A hereto prior to such disclosure; provided however, that no experts or consultants may receive or review Subject Discovery Materials designated as "ATTORNEY'S EYES ONLY" if such experts or consultants could be considered a competitor (or working with a competitor) of the designating party (unless the designating party consents in writing after advance notice);

9. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – PFI" may be disclosed only to the following persons:

a. the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation, as long as the information is requested to be placed under seal;

b. outside counsel of record for a party, associates, legal assistants or regular employees of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this Litigation; except that, outside counsel of a party may show materials designated as "CONFIDENTIAL – PFI" to a party on the conditions that such party may not retain or copy such materials or take notes concerning them;

c. experts or consultants engaged by outside counsel of record to assist in this Litigation, provided that outside counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Litigation and further provided that such expert or consultant signs an undertaking in the form of Addendum A hereto prior to such disclosure; provided however, that no experts or consultants may receive or review Subject Discovery Materials designated as "CONFIDENTIAL" if such experts or consultants could be considered a competitor (or working with a competitor) of the designating party (unless the designating party consents in writing after advance notice);

d. any author, recipient, or producing party of such Subject Discovery Materials designated as "CONFIDENTIAL" including former employees or agents of the producing party, provided that, in the case of former

employees or agents of the producing party, such person signs an undertaking in the form of Addendum A hereto;

e. any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – PFI" provided that such person signs an undertaking in the form of Addendum A hereto; and

10. Neither CONFIDENTIAL, ATTORNEY'S EYES ONLY, nor CONFIDENTIAL – PFI information may be disclosed to spouses, family members, or friends of parties, unless the individual otherwise qualifies under this Order to review such material.

11. Notwithstanding the foregoing, the restrictions on disclosure set forth in this Protective Order shall not:

a. apply to information that was or becomes public knowledge not in violation of this Protective Order;

b. restrict a designating party from using documents that it drafted or created in any way;

c. prevent disclosure of any document to a witness at deposition or trial for purposes of a deposition or testimony, as long as the information remains protected under this Protective Order; or

d. prevent modification of any designation as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" on written consent of the producing party without further decision of the Court.

12. All Subject Discovery Material shall be identified and disclosed to the designating party's counsel before it is disclosed to a consulting or testifying expert who may be a competitor

of the Producing Party and before it is used in any deposition, hearing, or trial.

13. Any party may at any time challenge the designation of Subject Discovery Material as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" and contend that certain Subject Discovery Material is not entitled to be treated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" or that disclosure should be permitted in some manner not otherwise authorized herein. Such a challenge shall be made by notifying the designating party in writing. The opposing party need only indicate precisely which documents it believes to be not confidential. The burden of proof would be at all times on the designating party; only the burden of raising the issue with respect to certain documents would remain on the non-designating party. The parties shall cooperate to schedule a hearing on any challenged documents with reasonable promptness. Subject Discovery Materials in dispute shall continue to be subject to the specific confidentiality designation noted thereon and as provided in this Protective Order unless and until the Court determines that the Subject Discovery Material is not entitled to confidentiality designation noted thereon or the designating party agrees in writing that the Subject Discovery Material is not entitled to the confidentiality designation noted thereon. The fact that a party agrees to abide by the terms of this Protective Order, and receives information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" under it, shall not be deemed an admission by the receiving party that any information is correctly so designated.

14. All documents produced during the course of the Litigation—including documents produced by non-parties in response to subpoenas—shall initially be treated as "CONFIDENTIAL" according to the terms of this Protective Order for five (5) business days after service of the initial production upon the receiving party. Thereafter, no designation of

information as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" shall be effective unless a "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" label or notice is put on the Subject Discovery Material containing such information. Throughout the course of the Litigation, the parties shall have a good faith duty to promptly notify the opposing party upon receipt of any document in which the party believes should be marked with a Confidential Designation. Nothing in this provision will prevent a party from discussing documents with clients or presenting witnesses documents at trial or deposition, subject to the terms of this Protective Order.

15. Specific portions of testimony given at a deposition or other similar proceeding may be designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" by an appropriate statement on the record at the deposition or by designation within thirty (30) days after receipt of the transcript of the deposition or similar proceeding. Counsel making a Confidential Designation with respect to testimony shall be responsible for instructing the court reporter to mark the designated portions of the testimony as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI."

16. Any information whether "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" may be included with, or referred to in, papers filed with the Court where this Litigation is now pending only in accordance with the following procedures:

    a. This Information must be filed under seal. Counsel for all parties shall follow Local Civil Rule 5.1.5 and all applicable Orders and customs of the Court when filing Confidential Information under seal.

    b. All papers filed with the Court, including but not limited memoranda of law, which include, in their entirety or in part, any "CONFIDENTIAL," "ATTORNEY'S

EYES ONLY," or "CONFIDENTIAL – PFI" must be filed under seal in accordance with the terms and procedures set forth in this Order. Counsel for the party filing papers shall be responsible for appropriately designating the papers filed with the Court as having "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI". Such papers shall be subject to the terms of this Order. To the extent the Parties agree on the scope of redactions prior to the filing of any document designated "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI," such redacted documents may be filed without a motion to seal.

17. Redacted versions of papers with Confidential Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

   a. All Confidential Information set forth in the papers is irreversibly deleted or obscured; and

   b. Redacted versions of the papers are clearly marked "Public Version Confidential Information Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

18. Nothing herein shall restrict in any way the ability of the parties to use material designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" during this Litigation, except that the parties will request that the Court preserve the confidentiality protections set forth in this Protective Order when such documents are submitted or otherwise used or referenced.

19. Nothing in this Protective Order shall be construed as limiting or negating the right

of any party hereto to bring a motion to compel discovery in this Litigation, or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper, or as limiting or negating the right of any party to object on any ground to the introduction or use as evidence of any of the material covered by this Protective Order.

20. Nothing herein is intended to restrict the ability of counsel to use (in this Litigation and only as provided in this Protective Order) "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" material in examining or cross-examining any witness, subject to the terms of this Protective Order.

21. In the event that any other parties are added or substituted into this Litigation, those Parties may join this Protective Order to the extent they agree to be bound by its terms.

22. At the conclusion of the Litigation, including all appeals, documents containing or constituting information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI," and all copies or portions thereof, shall be returned to the producing party's counsel or counsel for the receiving party shall certify that all such copies or portions thereof that have not been returned have been destroyed.

23. In the event a party receiving documents designated "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" is subpoenaed to testify or produce such documents, the subpoenaed party shall immediately notify the producing party who designated such documents as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" —in no event less than five (5) business days before the intended production—to allow the designating party an opportunity to challenge the subpoena and protect the Confidential Information.

24. The Court retains jurisdiction to make amendments, modifications, and additions

to this Protective Order. Any party may apply to the Court for amendment or modification of or addition to this Protective Order at any time for good cause.

25. This Protective Order shall survive the final disposition of this Litigation. After the conclusion of all proceedings herein, this Protective Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to ensure compliance.

26. Nothing in this Protective Order shall prejudice any party from seeking amendments hereto broadening or restricting the rights of access to or the use of material marked "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PFI" or otherwise seeking to modify this Order. Any non-party to the Litigation who provides discovery material shall be entitled to avail itself of the provisions and protections of this Protective Order and, by doing so, assumes the duties and obligations imposed by this Protective Order. Any such non-party desiring to avail itself of the provisions and protections of this Protective Order shall do so in writing addressed to counsel of record for all the parties to this Litigation.

The Parties, through their counsel of record in the Litigation, have reviewed and agree to the Protective Order set forth above, which they agree may be executed by their counsel of record in the Litigation in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement which shall be binding.

UPON THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

DATED: June 12, 2020                      /s/ Juan R. Sánchez
                                                     Chief Judge Juan R. Sánchez
                                                     U.S. District Court Judge

STIPULATED TO AND AGREED BY:

Dated: June 12, 2020                                     THE MIDDLE EAST FORUM
                                                        By counsel


                                                        s/_____
                                                        Sidney L. Gold
                                                        sgold@discrimlaw.net
                                                        Sidney L. Gold & Associates P.C.
                                                        1835 Market Street, Suite 515
                                                        Philadelphia, PA 19103
                                                        Tel: (215) 569-1999
                                                        Fax: (215) 569-3870

                                                        Attison L. Barnes, III
                                                        abarnes@wiley.law
                                                        1776 K Street NW
                                                        Washington, DC 20006
                                                        Tel: (202) 719-7000
                                                        Fax: (202) 719-7049



Dated: June 12, 2020                                     LISA REYNOLDS-BARBOUNIS
                                                        By counsel



                                                        s/_____
                                                        Seth D. Carson
                                                        seth@dereksmithlaw.com
                                                        Sidney L. Gold & Associates P.C.
                                                        1835 Market Street, Suite 2950
                                                        Philadelphia, PA 19103
                                                        Tel: (215) 391-4790

# **ADDENDUM A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Protective Order") that was issued by the United States District Court for the Eastern District of Pennsylvania in the case of *The Middle East Forum v. Lisa Reynolds-Barbounis*, U.S. District Court for the Eastern District of Pennsylvania Civil Action Case No. 19-5697 (the "Action").

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. Unless the Protective Order specifically provides otherwise, within 60 days of any request to do so, after receiving notice of the entry of orders, judgments or decrees finally disposing of the Action, I will return the Confidential Information — including any copies, notes, summaries, excerpts, and compilations made from it — or certify its destruction to the counsel who provided me with the Confidential Information.

I further agree to submit to and consent to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of the Action. Furthermore, I have provided accurate information below about my address and telephone number, as well as any agent for service of process, if any.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, _____ at _____, _____.

_____  _____
Signature                                                                                    Date

Address:                                                                                       Telephone: