UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MIDDLE EAST FORUM, | : |
| Plaintiff, | : |
| v. | : |
| LISA REYNOLDS-BARBOUNIS, | : Civil Action No.: 19-5697 |
| Defendant. | : |

**PLAINTIFF MIDDLE EAST FORUM'S EMERGENCY MOTION TO STRIKE DEFENDANT'S EXHIBITS OR, IN THE ALTERNATIVE, TO RESTRICT DEFENDANT TO OFFERING ONLY THE EXHIBITS SPECIFICALLY IDENTIFIED IN HER TARDY PRETRIAL MEMORANDUM**

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, files this Emergency Motion to Strike Defendant's exhibits or, in the alternative, moves to restrict Defendant to offering only those exhibits specifically identified by a URL in Defendant's tardy and non-compliant pretrial memorandum (ECF No. 154).[1]  **Only three business days before trial and after the deadline set by the Court at the Pretrial Conference, Defendant dumped over 3,285 pages of documents never previously provided to Plaintiff, and at least 120 new documents not identified in Defendant's Pretrial Memorandum**.  This ambush of documents comes **nearly three weeks after the Court's Scheduling Order deadline for identifying exhibits**.  Plaintiff incorporates by reference the objections previously made to Defendant's disorganized and

---

[1] Plaintiff vigorously disputes the admissibility of Defendant's exhibits, including those specifically mentioned in her tardy and non-compliant pretrial memorandum.  Plaintiff has previously stated its objections to their admissibility (ECF No. 164) and in its Motion to Strike the Pretrial Memorandum (ECF No. 156) and reserves all rights to raise these objections at trial.

deficient "exhibit list" (ECF No. 164) and objects on those same grounds to each exhibit contained in Defendant's eleventh-hour production.  **Plaintiff requests an emergency telephone conference with the Court to discuss this motion**.  Undersigned counsel certifies that he asked Mr. Carson to withdraw Defendant's untimely and improper document production, but Mr. Carson refused.

## PRELIMINARY STATEMENT

If Defendant gets away with this behavior, every lawyer in this district will know that they can avoid the Court's Scheduling Order and dump thousands of pages on the opposing party three business days before trial.  This case has been litigated for over two years.  *See* Pl.'s Verified Compl., ECF No. 1 (filed Dec. 3, 2019).  During this time, Defendant has had ample opportunity to identify "each document or other exhibit" she "expect to offer" or "may offer" at trial, in compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's many prior Orders.  Fed. R. Civ. P. 26(a)(3)(A)(iii).  But last night, less than **three business days before trial** before trial, Defendant ambushed Plaintiff with 142 documents consisting of over 3,285 pages Defendant "plans to use during the trial next week."  *See* Ex. 1 (Email re Defendant's New Documents).  Defendant failed to identify these documents in her tardy Pretrial Memorandum, ECF No. 154.  Defendant also failed to produce a single one of these documents by the 5:00 p.m. deadline this Court set in Monday's Pretrial Conference.  Defendant must not be permitted to avoid (yet again) violations of this Court's orders and to benefit from her trial-by-ambush strategy.

## ARGUMENT

1. Defendant's latest decision to flout the Court's order to timely produce documents identified in her tardy pretrial memorandum further illustrates Defendant's pattern and practice of

ignoring this Court's Orders. For example, Defendant not only failed to timely file a pretrial memorandum—she filed a memorandum containing numerous substantive deficiencies. *See* Pl.'s Mot. Strike Def.'s Pretrial Mem., ECF No. 156. It identified no exhibits and only vaguely cited a few inadmissible internet search engines of websites that Plaintiff could not decipher. Also, while Defendant missed the deadline for designating an expert witness two months ago, she tried to backdoor in her expert designation notwithstanding a Court order denying her request for an extension. *See id.*; Order, ECF No. 101; Order, ECF No. 114. Defendant even failed to appear for a Court-ordered settlement conference the day after a hearing on contempt and sanctions for Defendant and her counsel. Defendant's latest violation is a "sad spectacle of wholesale surprise on the eve of trial involving hundreds of exhibits and thousands of pages of material, and an inexplicable failure to engage in even minimal transparency over months and years of litigation." *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-cv-2284, 2016 WL 590370, at *11 (M.D. Pa. Feb. 12, 2016) (restricting defaulting party "to using those 24 exhibits that they identified in their pretrial memorandum").

2. The Federal Rules require parties to timely identify the exhibits they expect to offer or may offer at trial. *See* Fed. R. Civ. P. 26(a)(3)(B). The Local Rules of this Court additionally require "[a] schedule of all exhibits to be offered at trial." LCvR 16.1(c)(5). In May 2021—over six months ago—this Court ordered the parties simultaneously to file their pretrial memoranda with exhibit lists on November 18, 2021. Order, ECF No. 101. Plaintiff timely filed its memorandum that evening, identified its numbered exhibits, and shortly thereafter sent Defendant the corresponding documents. *See* Pl.'s Pretrial Mem., App'x A, ECF No. 153; Ex. 2 (Email re Plaintiff's Exhibit Production). Defendant, on the other hand, sailed past this Court's pretrial memorandum deadline, choosing instead to file her memorandum the next week. *See* Def.'s

3

Pretrial Mem., ECF No. 154.  Defendant's memorandum offered no real schedule of exhibits and, until yesterday, never sent Plaintiff her underlying "exhibits."  Defendant's hide-the-ball strategy has put the parties on an unequal footing for weeks as Plaintiff attempts to prepare for trial.

3.    At the December 6 Pretrial Conference, this Court, acknowledging Plaintiff's continued objection to the tardy website materials, ordered Defendant to produce the underlying documents specifically mentioned in Defendant's non-compliant pretrial memorandum.  *See also Sturgeon v. Pharmerica*, 438 F. Supp. 3d 246, 258 n.72 (E.D. Pa. 2020) (ordering party to disclose underlying documents where party only provided hyperlinks in its memorandum).  This Court ordered Defendant to produce these underlying documents by 5:00 p.m. on Tuesday, December 7, 2021.  Defendant, however, failed to provide Plaintiff with a **single document** before this 5:00 p.m. deadline.  *See* Ex. 3 (Dropbox Screenshot, 5:14 p.m.).

4.    After this Court's deadline had passed, Defendant uploaded some documents between 5:16 p.m. and 5:22 p.m.  *See* Exs. 4 & 5 (Dropbox Screenshots, 5:16 p.m. and 5:22 p.m.).  Other documents were uploaded at 6:04 p.m.  *See* Ex. 6 (Dropbox Screenshot, 6:05 p.m.).  Defendant never requested leave to miss any of these deadlines, again violated the Court's directives, and continues to foist unfair prejudice on Plaintiff.

5.    The prejudice to Plaintiff is real and substantially unfair.  Days before trial, instead of preparing for trial, Plaintiff now must try to make sense of Defendant's "voluminous, contradictory, cryptic, . . . and confusing exhibits . . . many of which have long existed but have never been previously disclosed."  *Ely*, 2016 WL 590370, at *1.  Plaintiff cannot be expected to redo its trial preparation, including preparation of its witnesses, just because Defendant decides not to comply with the Court's rules.  This is especially true when Plaintiff would need to analyze 3,285 pages of new documents and prepare for trial—all in three business days.

6.  The date stamps on Defendant's exhibits reveals yet another "unexplained and profoundly troubling development." *Ely*, 2016 WL 590370, at *1. Some of Defendant's documents are dated in October 2021, which demonstrates that Defendant sat on these documents for months instead of disclosing them to Plaintiff. Defendant surely could have identified and produced these documents to Plaintiff on the date such exhibits were due on November 18, 2021— but she chose to do nothing. *See, e.g.*, Exs. 7-1 & 7-2 (October Exhibits). This raises serious questions about whether Defendant pre-meditated her ambush. Other documents are date-stamped from yesterday—**even after this Court's 5:00 p.m. deadline**—demonstrating that Defendant was continuing to hunt for exhibits two years after this case was filed and even though (1) the exhibits were supposed to be exchanged simultaneously according to this Court's Scheduling Order (ECF No. 101); and (2) the Court-ordered 5:00 p.m. deadline for production had passed. *See, e.g.*, Ex. 8 (December Exhibits).

7.  Defendant's documents are also plainly irrelevant. They reflect internet searches conducted in December 2021, not in April 2019 when Defendant disclosed MEF's highly confidential donor information to third parties. Any claim (which MEF vigorously disputes) that the donor information was somehow publicly available in April 2019 cannot be supported with internet searches conducted in December 2021. Moreover, the documents reveal searches conducted by defense counsel, not Defendant. And counsel conducted these searches with advance knowledge of the donors' names—something no person would have if they truly tried to create Plaintiff's highly sensitive donor list from scratch.

8.  In addition to their lack of relevance, Defendant's new documents are also prejudicial, unauthenticated, and inadmissible hearsay. For the most part, they appear to be unauthenticated Google search screenshots and internet articles. Accordingly, Defendant moves

to preclude Defendant from offering these exhibits for the same reasons discussed at the Pretrial Conference and in Plaintiff's Motion *in Limine* to Exclude Unauthenticated Hearsay Evidence, ECF No. 137.  *See also* Pl.'s Objs. Def.'s Witness & Ex. Lists, ECF No. 164.

9. Defendant shockingly misrepresented that "[m]ost (if not all) of the documents that are shared have been produced to Plaintiff already in paper format."  Ex. 1 (Email re Defendant's New Documents).  Nothing could be further from the truth.  Unlike Plaintiff's exhibits, none of Defendant's new documents have Bates numbers.  *Cf.* Pl.'s Pretrial Mem., App'x A, ECF No. 153 (Exhibit List with Bates Numbers and Deposition Stamps).  And Defendant cannot credibly claim that "[t]hese documents were attached as exhibits to Defendant's Motion for Summary Judgment." Defendant only attached 25 exhibits to her Motion for Summary Judgment, ECF No. 113.  Last night, Defendant produced 142 documents.  These documents are a poorly hidden attempt to make good on Defendant's promise to surprise Plaintiff with any "information that is readily available in the public domain."  Def.'s Pretrial Mem. 10; *see also* Pl.'s Mot. Strike Def.'s Pretrial Mem. 3; Pl.'s Objs. to Def.'s Witness & Ex. List 12–13.  This Court must recognize Defendant's latest chicanery for what it is—yet another attempt by Defendant to run "fast and free with the rules of this Court," causing extreme prejudice to Plaintiff on the eve of trial.  *Heisman v. Giordano*, 343 F. Supp. 1258, 1260 (E.D. Pa. 1972).

10. Defendant's attempt to surprise Plaintiff with over 140 new documents again merits a finding of contempt and severe sanctions.  Defendant has either sat on these documents for weeks or hunted for them after she took advantage of reviewing Plaintiff's exhibit list and underlying documents.  When faced with a last-minute ambush, courts in this Circuit have appropriately restricted parties to the specific documents identified in their pretrial memoranda.  *See, e.g.*, *Ely*, 2016 WL 590370, at *1.  Plaintiff renews its request that this Court "render[ ] a default judgment

against" Defendant as the "disobedient party" for her repeated decisions to ignore this Court's orders to the prejudice of MEF. Pl.'s Mot. Strike Def.'s Pretrial Mem. 7 (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi)). Additionally, this Court should also order Defendant to pay Plaintiff's attorneys' fees and costs pursuant to Rule 37(b)(2)(C). "Gamesmanship, ambush, surprise, and concealment have no place in federal practice." *Ely*, 2016 WL 590370, at *11 (quoting *Styer v. Frito-Lay, Inc.*, No. 1:13-CV-833, 2015 WL 1243423, at *5 (M.D. Pa. Mar. 18, 2015)). Consequently, the "fair application of the law to the facts created by [Defendant's] own regrettable choices in this litigation . . . now calls for the imposition of the sanctions required by law." *Id.*

## CONCLUSION

For all of the reasons discussed herein, the Court should enter an order (1) striking all of Defendant's exhibits or, in the alternative, restricting Defendant to offering only those exhibits specifically identified in her tardy pretrial memorandum (if the Court does not otherwise strike those exhibits for the reasons previously identified by Plaintiff); (2) finding Defendant and her counsel in contempt and ordering severe sanctions including default judgment and an award of attorneys' fees and costs; and (3) granting such further relief as this Court deems proper. **Plaintiff respectfully requests an emergency telephone conference with the Court to discuss this motion**.

Dated: December 8, 2021				THE MIDDLE EAST FORUM
						By counsel

						/s/ Sidney L. Gold, Esquire
						Sidney L. Gold
						sgold@discrimlaw.net
						Sidney L. Gold & Associates P.C.
						1835 Market Street, Suite 515
						Philadelphia, PA 19103
						Tel: (215) 569-1999
						Fax: (215) 569-3870

7

Attison L. Barnes, III
abarnes@wiley.law
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on December 8, 2021, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

                /s/ Sidney L. Gold
                Sidney L. Gold
                sgold@discrimlaw.net
                Sidney L. Gold & Associates P.C.
                1835 Market Street, Suite 515
                Philadelphia, PA 19103
                Tel: (215) 569-1999
                Fax: (215) 569-3870

                Attison L. Barnes III
                abarnes@wiley.law
                Wiley Rein LLP
                1776 K Street NW
                Washington, DC 20006
                Tel: (202) 719-7000
                Fax: (202) 719-7049

                *Counsel for The Middle East Forum*