**LAW OFFICES OF**

# SIDNEY L. GOLD & ASSOCIATES

**A PROFESSIONAL CORPORATION**
_____

**1835 MARKET STREET, SUITE 515**
**PHILADELPHIA, PA 19103**
**(215) 569-1999   FAX (215) 569-3870**

| | |
|---|---|
| SIDNEY L. GOLD * + ** | JAMIE L. FORD * |
| TRACI M. GREENBERG * + | LEANNE LANE COYLE * + |
| NEELIMA VANGURI * | MARGARET KING * |
| WILLIAM RIESER * | SAMANTHA PANKEY MARTIN |

\*   ALSO ADMITTED IN NEW JERSEY
+   ALSO ADMITTED IN NEW YORK
\*\* ALSO ADMITTED IN DISTRICT OF COLUMBIA

December 10, 2021

**BY [HAND DELIVERY/E-MAIL]**

The Honorable Juan R. Sánchez
United States District Court
for the Eastern District of Pennsylvania
601 Market St., Room 14613
Philadelphia, PA 19106-1797

RE:    ***Exhibit Binders***; *The Middle East Forum v. Barbounis*, No. 2:19-cv-05697-JS

Dear Judge Sanchez:

On behalf of Plaintiff The Middle East Forum ("MEF" or "Plaintiff"), I write to inform the Court that Plaintiff has made a good faith attempt to create joint exhibit binders with Defendant. *See* The Honorable Juan. R. Sánchez, *Policies & Procedures* § III.G.  Plaintiff began the process of digitally stamping, tabbing, and printing its exhibit binders early this week.  On Tuesday night, Defendant surprised MEF with over three thousand pages of documents she claimed to be her exhibits.  Defendant attached no index or table of contents, and the documents were not numbered or tabbed.

Plaintiff filed an emergency motion to strike Defendant's exhibits or, in the alternative, to restrict Defendant to offering only the exhibits specifically identified in her tardy and non-compliant Pretrial Memorandum.  *See* Pl.'s Emergency Mot. Strike Def.'s Exhibits, ECF No. 167. On Wednesday morning, this Court granted in part Plaintiff's emergency motion and ordered that "Defendant shall be restricted to offering only those exhibits **specifically identified or hyperlinked in the Pretrial Memorandum (Document Number 154)** at trial."  Order, ECF No. 168 (emphasis added).

Based on this Order, Plaintiff asked Defendant to provide a table of contents listing "only those exhibits specifically identified or hyperlinked in [her] Pretrial Memorandum."  Order, ECF No. 168.  Despite the Court's Order striking the new exhibits and despite a meet-and-confer conference between counsel this afternoon, Defendant stated that she nevertheless still intended to identify all documents including those stricken by the Court.  For multiple reasons, Plaintiff objects

to Defendant's cryptic table listing 97 separate document entries.  ***First***, only 14 document entries match "those exhibits specifically identified or hyperlinked in [Defendant's] Pretrial Memorandum."  Order, ECF No. 168; *see* Ex. A (Defendant's Highlighted Table of Contents).  Defendant is not complying with this Court's December 8 Order by including the additional 83 entries that fail to appear in her Pretrial Memorandum.  Plaintiff has attached Defendant's proposed table of contents and highlighted every entry that fails to specifically appear in Defendant's Pretrial Memorandum.  *See* Ex. A.  Plaintiff shared this document with Defendant's counsel, but he still insisted on including the additional 83 documents.  ***Second***, Defendant's description of documents in the table of contents fail to match the file names that Defendant provided in her document dump, forcing Plaintiff to guess what specific documents Defendant plans to offer.  ***Third***, Defendant's table of contents contains 97 entries, but the document dump on Tuesday night contained 142 documents—again forcing Plaintiff to scramble to comprehend Defendant's exhibits.

Today is the last business day before trial, and Plaintiff still does not have a list of Defendant's exhibits matched to the underlying documents Defendant apparently seeks to include on her "exhibit" list.  Plaintiff vigorously objects and reserves all rights.  This is substantial prejudice to Plaintiff as it prepares for trial on Monday.

Mr. Carson further represented that his portion of the joint exhibit binder was not yet ready.  Plaintiff had initially offered to courier Defendant's exhibits to Chambers, so long as Defendant provided Plaintiff with her exhibits by noon today (December 10, 2021).  Upon learning that Defendant's exhibits were not ready, Plaintiff advised Defendant that she would need to deliver her portion of the joint exhibit binder to Chambers.

For these reasons, this Court should require Defendant to remove her already-stricken exhibits from the exhibit binders to halt Defendant's trial-by-ambush strategy.  Accordingly, Plaintiff's Master Table of Contents only includes Defendant's exhibits to the extent that "those exhibits [were] specifically identified or hyperlinked in the Pretrial Memorandum."  Order, ECF No. 168.

Respectfully,

/s/Sidney L. Gold

Sidney L. Gold

cc:     All Counsel of Record