IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

**<u>ORDER</u>**

AND NOW, this 10th day of December, 2021, upon consideration of Plaintiff Middle East Forum's Motion in Limine to prohibit inflammatory references to Plaintiff, Defendant Lisa Reynolds-Barbounis's opposition, and the arguments presented during the December 6, 2021 pre-trial conference, it is ORDERED the motion (Document No. 143) is hereby GRANTED.[1]

---

[1] The Eastern District of Pennsylvania does not permit "vituperative" or "gratuitous" or "inflammatory language." *See Fineman v. Armstrong World Indus.*, 980 F.2d 171, 209 (3d Cir. 1992); *Merisant Co. v. McNeil Nutritionals*, LLC, 242 F.R.D. 303, 306 (E.D.P.A.). Such statements are impermissible under Rule 403, which explicitly prohibits even relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. In other words, "evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ." *Coleman v. Home Depot, Inc.*, 306 F.33d 1333, 1344 (3d Cir. 2002).

Inflammatory references by *either* party are not permissible if their negligible probative value is outweighed by the significant danger of creating unfair prejudice. Baseless or inflammatory accusations must not, and will not, be made by either party in this case, and have no place in this court.

Furthermore, Defendant's Opposition to this motion states that she will "present her theory of the case without inflaming the jury . . ." and notes that she "does not plan to use 'inflammatory' language at trial, in front of the jury." *See* ECF Document No. 148 at 14. As such, because the use of such inflammatory language is prejudicial, has negligible probative value, and is, by Defendant's own words, not necessary to present her theory of the case, the motion is therefore granted.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez, C.J.