IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

**ORDER**

AND NOW, this 10th day of December 2021, upon consideration of Plaintiff Middle East Forum's Fourth Motion in Limine to exclude Defendant's misrepresentation of Lawfare or similar practices, Defendant Lisa Reynold-Barbounis's opposition, and the arguments presented during the December 6, 2021 pre-trial conference, it is hereby ORDERED the motion (Document No. 139) is hereby GRANTED.[1]

---

[1] The term "Lawfare" is a play on litigation and warfare. The term itself is often used to describe the act of using litigation to harass people. Here, Plaintiff motions to prohibit Defendant Barbounis from using Lawfare under Rule 402 and 403, alleging that it is unduly prejudicial and irrelevant. In response, Defendant Barbounis yet again asserts that the term lawfare is critical to her theory of the case, which is that this lawsuit is an example of lawfare and is in fact retaliatory due to a suit Ms. Barbounis filed against MEF in 2019.

The Court has reviewed the Defendant's prior uses of "lawfare" and the deposition transcripts, and read the briefing for the motion in limine and the related opposition.

Repeated mischaracterizations can improperly prejudice a trial and can even require a new trial to be awarded. *See Fineman v. Armstrong World Indus.*, 980 F.2d 171, 211 (3d Cir. 1992). Furthermore, repeated mischaracterizations can improperly prejudice a jury and influence the verdict. *Draper v. Airco, Inc.*, 580 F.2d 91, 96 (3d Cir. 1978). As a result, avoiding these types of mischaracterizations are of critical importance. Misleading characterizations, or misrepresentations, of Lawfare or MEF's involvement in or stance on lawfare, are prohibited under Rule 403.

BY THE COURT:


/s/ Juan R. Sánchez

Juan R. Sánchez, C.J.

---

      Furthermore, as articulated in earlier orders regarding the Motions in Limine to prohibit evidence related to other litigation and evidence of retaliation, this type of evidence is not relevant under Rule 402. Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable that it would be without the evidence" if "the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence that is not relevant must be excluded. Fed. R. Evid. 402.

      Evidence that MEF filed suit to engage in "lawfare" is unrelated to the issues in this case and likely to mislead the jury. MEF alleges misappropriation of trade secrets and breach of contract claims. MEF's motive for filing suit, even if improper, has no bearing on the facts underlying these claims. This case is not about retaliation or lawfare. MEF's motion is therefore granted.