IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| | : | No. 19-5697 |
| v. | : | |
| | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

**<u>ORDER</u>**

AND NOW, this 10th day of December 2021, upon consideration of Plaintiff Middle East Forum's First Motion in Limine to Exclude Evidence Relating to Other Litigation, Defendant Reynolds-Barbounis's opposition, and the arguments presented during the December 6, 2021, pre-trial conference, it is ORDERED the Motion (Document No. 135) is hereby GRANTED.[1]

---

[1] Middle East Forum (MEF) claims evidence relating to other litigation irrelevant to this case and is therefore inadmissible. Specifically, MEF seeks to bar evidence of the sexual harassment lawsuit Reynolds-Barbounis filed against MEF in 2019 as well as a third RICO suit. Reynolds-Barbounis asserts this evidence is critical to her theory of the case, which is that this lawsuit was filed in retaliation, and that she has significant evidence to support this assertion.

Rule 401 defines relevant evidence as that which" has any tendency to make a fact more or less probable that it would be without the evidence" if "the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence that is not relevant must be excluded. Fed. R. Evid. 402. Even relevant evidence, however, can be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. In other words, "evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002).

Evidence that MEF filed suit for retaliatory purposes is unrelated to the issues in this case and likely to mislead the jury. MEF alleges misappropriation of trade secrets and breach of contract claims. MEF's motive for filing suit, even if improper, has no bearing on the facts underlying these claims. This case is not about sexual harassment, retaliation, or allegations of RICO violations. Even if this evidence were relevant, references to sexual harassment and other lawsuits would be immensely prejudicial and would outweigh any probative value such evidence could provide. MEF's motion is therefore granted.

1

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.