IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM | : | CIVIL ACTION |
| | : | |
| | : | No. 19-5697 |
| v. | : | |
| | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

## **ORDER**

AND NOW, this 10th day of December 2021, upon consideration of Plaintiff Middle East Forum's Third Motion in Limine to Exclude Evidence of Retaliation, Defendant Lisa Reynolds-Barbounis's opposition, and the arguments presented during the December 6, 2021, pre-trial conference, it is ORDERED the Motion (Document No. 136) is hereby GRANTED.[1]

---

[1] In 2019, Middle East Forum (MEF) filed suit against Defendant Lisa Reynolds-Barbounis, alleging the misappropriation of trade secrets, breach of contract, and unlawful access. This is not the only lawsuit involving MEF and Lisa Reynolds-Barbounis. Renolds-Barbounis filed a sexual harassment case against MEF on October 27, 2019. *See Barbounis v. The Middle East Forum*, No. 19-cv-5030 (E.D. Pa. 2019). This lawsuit was subsequently filed just a few weeks later. MEF now seeks to exclude evidence that this suit was filed in retaliation. MEF claims evidence of retaliation is inadmissible because it is not relevant, unfairly prejudicial, and would mislead the jury. Reynolds-Barbounis asserts this evidence is critical to her theory of the case and that she has significant evidence that MEF filed suit with the sole purpose of retaliating against her for the sexual harassment suit.

Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable that it would be without the evidence" if "the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence that is not relevant must be excluded. Fed. R. Evid. 402. Even relevant evidence, however, can be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. In other words, "evidence may be excluded if its probative value is not worth the problems that its admission may cause . . . ." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002).

Evidence that MEF filed suit for retaliatory purposes is unrelated to the issues in this case and likely to mislead the jury. MEF alleges misappropriation of trade secrets and breach of contract claims. MEF's motive for filing suit, even if improper, has no bearing on the facts underlying these claims. This case is not about sexual harassment or retaliation. Even if this evidence were relevant, references to sexual harassment would be immensely prejudicial and would outweigh any probative value such evidence could provide. MEF's motion is therefore granted.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez, C.J.