IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5697 |
| | : | |
| LISA REYNOLDS-BARBOUNIS | : | |

**ORDER**

AND NOW, this 10th day of December 2021, upon consideration of Plaintiff MEF's Motion in Limine to exclude evidence of settlement communications, Defendant Reynolds-Barbounis's opposition, and the arguments presented during the December 6, 2021 pre-trial conference, it is hereby ORDERED the motion (Document No. 142) is hereby GRANTED.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[1] Middle East Forum seeks to exclude evidence of settlement communications at trial. As part of their justification for this Motion in Limine, Middle East Forum cites Defendant's use of emails from Mr. Daniel Pipes, and alleges such statements are inadmissible under Rule 408. Defendant Lisa Reynolds-Barbounis opposes the motion, alleging that the statements of Mr. Pipes are not all covered under Rule 408.

Rule 408 prohibits the use of "conduct" or "statement[s] made during compromise negotiations about the claim" if the evidence is used to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Ev. 408(a). In order for Rule 408 to apply, there must be a dispute between the parties which, in the Third Circuit, is defined to include "both litigation and less formal stages of dispute." *Affiliated Mfrs. v. Aluminium Co. of Am.*, 56 F.3d 521, 526-28 (3d Cir. 1995). Given the timing of the communications in question (October 6th to 10th, 2020), it was clear that the parties had an ongoing dispute (as this lawsuit was filed in late 2019) at the time of these communications.

While Reynolds-Barbounis is correct that Rule 408 is "inapplicable if offered to show that a party made fraudulent statements in order to settle a litigation" nor can it cover extortion or illegal activity, the statements made by Mr. Pipes to Ms. Reynolds-Barbounis in a conversation initiated to discuss settlement are nonetheless covered by Rule 408. None of the examples of exceptions to Rule 408 that Defendant raises in her opposition papers apply, and even if there was a relevant exception, much of the precedent cited in defense of Defendants position is from other circuits, or lower courts and thus not strictly precedential.