# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIDDLE EAST FORUM

                Plaintiff,

v.

LISA REYNOLDS-BARBOUNIS,

                Defendant.

Civil Action No. 2:19-cv-05697-JS

And now comes Defendant's Motion under Rule 54(d)(1) and (2) of the Federal Rules of Civil Procedure, which provides that except under some circumstances, not applicable here, within fourteen days after entry of judgment the prevailing party may file a motion claiming "attorney's fees and related nontaxable expenses. "The motion must "specify the judgment (attached as Exhibit A) and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it."

### I. ATTORNEY'S FEES AND EXPENSES UNDER PUTSA (PENNSYVLANIA UNIFORM TRADE SECRETS ACT) and UNIFIRM TRADE SECRETS ACT(UTSA)

The Pennsylvania Uniform Trade Secrets Act, which closely follows the Uniform Trade Secrets Act ("UTSA") allows a court to award reasonable attorney fees, expenses and costs to the prevailing party:

    (1) if a claim of misappropriation is made in bad faith (12 Pa.C.A.§5305).

Attorneys' Fee Provisions in the Uniform Trade Secret Act (UTSA) includes an attorneys' fee provision that permits but does not require, an award of attorneys' fees in certain situations arising in trade secrets litigation. In this regard, the UTSA provides that "the court may award reasonable attorneys' fees to the prevailing party" if: (i) claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or resisted in bad faith, or (iii) willful and malicious misappropriation exists ( Unif.. Trade Secrets Act, §4).

The drafters of the UTSA, as well as the state legislatures adopting the uniform law, included the attorneys' fee provision "as a deterrent to specious claims of misappropriation, to specious efforts by a misappropriator to terminate injunctive relief, and to willful and malicious misappropriation." Unif.. Trade Secrets Act, §4, Cmt; see also, Optic Graphics, Inc. v. Agee, 591 A.2d 578, 587 (Md. Ct. Spec. App. 1991) (stating that "[t]he purpose of this provision is to 'discourage conduct that abuses legal and business process.'"); Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc., 116 Cal. Rptr. 2d 358, 367 (Ct. App. 2002).

Thus, the uniform act provides attorneys' fee reimbursement to defendants faced with baseless misappropriation claims, plaintiffs that are the victim of willful and malicious misappropriation, and to any party that acts in bad faith regarding a motion to terminate a previously obtained injunction. This reimbursement, however, is only awarded to the prevailing party in one of these three scenarios

**ATTORNEY'S FEE AWARD TO THE DEFENDING PARTY**

Unlike many one-sided fee-shifting statutes, the PUTSA and UTSA attorneys' fee provision recognize that a defendant is entitled to attorneys' fees if the plaintiff's "claim of misappropriation is made in bad faith." Unif. Trade Secrets Act, §4(i). The purpose of this potential award to defendants is to deter "specious claims of misappropriation." Unif. Trade

Secrets Act, §4 Cmt.  Of course, even if a specious claim is asserted in bad faith, before actually receiving attorneys' fees the defendant must be deemed a prevailing party and persuade the court to exercise discretion in its favor.

## II. Middle East Forum's should be required to reimburse Defendant's attorney's fees.

Neither the UTSA nor PUTSA define the term "bad faith" for purposes of permitting a court to award attorneys' fees to a defendant. Much like the "willful and malicious" phrase, however, a court will generally look to its own state's comparable statutes or common law to determine the appropriate standard.

No reported Pennsylvania case has discussed this specific issue and the term "bad faith" is not defined in the PUTSA.  In the context of discerning the meaning of the term as applied under 28 U.S.C. § 1927 (discussed below), the Third Circuit Court of Appeals has stated that indications of bad faith include evidence that the claims advanced were meritless or that the motive for filing the suit was for an improper purpose such as harassment.  In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 188 (3d Cir. 2002),  Yountie v. Macy's Retail Holding, Inc., 653 F. Supp.2d 612, 630-631 (E.D. Pa. 2009), and Fisher Bioservices, Inc., v. Bilcare, Inc., CA No. 06-567, 2006 U.S. Dist. LEXIS 34841, *50-*54 (E.D. Pa. May 31, 2006), both discuss the award of attorneys' fees under § 5305(3).

Other Federal Courts have provided similar definitions in the context of claims brought under their versions of the UTSA. See, e.g., ANSYS, Inc. v. Computational Dynamics N. Am., Ltd., CA No. 09-284, 2011 U.S. Dist. LEXIS 13993, (D. N.H. Feb. 10, 2011), concluding that under New Hampshire law, "[a] party pursues a claim in bad faith if the claim is frivolous," i. e., one which "lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be"}; and Sun Media Inc. v. KDSM 587 F.

Supp.2d 1059, 1072 (S.D. Iowa 2008), noting that under Iowa law, a suit brought in bad faith carries the connotation of being "frivolous, unduly prolonged and harassing in nature," as compared to being "the result of sincere difference of opinion or interpretation of fact or law."

The California Uniform Trade Secrets Act contains language almost identical to that of § 5305 of PUTSA.  In addressing the issue of what constitutes bad faith of the type and degree sufficient to support an award of attorney's fees, the California Court of Appeals held that establishing bad faith under the California Act requires proof of two elements: (1) objective speciousness of the plaintiff's claim and (2) subjective bad faith in bringing or maintaining the claim. (see Geminin Aluminum Corp. V. Cal. Custom Shapes, Inc., 95 Cal.App. 4th 1249, 1262 (Ct. App. 2002).

### III.     LISA BARBOUNIS IS THE PREVAILING PARTY.

In determining the prevailing party, the Third Circuit examines whether the plaintiff achieved some of the benefit sought by the party bringing the suit. Tyler v. O'Neil, 112 Fed.Appx. 158, 161 (3d Cir. 2004). Where, as here, a defendant has successfully defended against a plaintiff's substantial claims and a judgment has been entered accordingly, the defendant is generally considered the prevailing party for Purposes of Rule 54(d)(1). Id. (citing Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)).

### IV.     BAD FAITH ANALYSIS

A claim is brought in bad faith where there is proof of: (1) the objective speciousness of the claim; and (2) the subjective misconduct by the plaintiff in making the claim. Hill v. Best Medical Intern. Inc., 2011 WL 5082208, *3, 2011 U.S. Dist. LEXIS 147853, *10 (W.D. Pa.

2011). Objective speciousness exists where there is a complete lack of evidence supporting the plaintiff's claims. Id. at *3, 2011 U.S. Dist. LEXIS 147853, at 11, 2011 WL 5082208 (quoting Contract Materials Processing v. Kataleuna GmbH Catalysts, 222 F.Supp.2d 733, 744 (D. Md. 2002)). Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. Id. (quoting Computer Econs., Inc. v. Gartner Group, Inc., 1999 WL 33178020, *, 1999 U.S. Dist. LEXIS 22205, *17 (S.D. Cal. Dec. 14, 1999)); see also Krafft v. Downey, 68 A.3d 329, 333 (Pa. Super. 2013).

## V.       OBJECTIVE SPECIOUSNESS

The test for objective speciousness, as stated above, is whether there is a complete lack of evidence to support the plaintiff's claims. Contract Materials, 222 F. Supp 2d. at 744, quoting Computer Econs., Inc. V. Gartner Group, Inc,. CA No. 98-0312, 1999 U.S.Dist. .LEXIS 22205, Here, the objective speciousness prong has been met in relation to the Middle East Forum's misappropriation of trade secrets claim because the Plaintiff failed, at trial, to convince the jury that a Trade Secret existed that could have been afforded protection under the State and Federal Trade Secret Acts. Prong One of the test has been met by the Defendant.

Moreover, the Court repeatedly warned Plaintiff that Plaintiff's case lacked one of the primary elements required to bring a claim under state and federal trade secrets statutes: damages.  The Court warned Plaintiff and instead of back off, Plaintiff engaged an expert with no experience in the non-profit space to invent an unsupported theory of damages that had never been argued prior in a courtroom.  The Plaintiff attempted to turn the trade secrets laws into a strict liability statute and failed.  The jury deliberated and in only hours returned with the same prognosis that Plaintiff had been warned of by the Court so many times– no case.

VI.     **SUBJECTIVE MISCONDUCT**

Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. Computer Econs., Inc. id at 18.

Subjective misconduct has been established in this case. Therefore, Prong two of the test has been met by the defendant.

The Plaintiff's claim in this case was made in a reckless manner and without merit. The facts elicited at trial established, conclusively, that the alleged trade secret was not, in fact, a trade secret at all and was made without merit. Evidence established that the plaintiff made no attempt to determine if the purported trade secret was readily available in the public domain and therefore could not be a trade secret. On cross examination, it was revealed that none of the plaintiff's witnesses made any attempt to search the internet to see if the trade secret was no secret at all.

Then the primary witness for the Plaintiff admitted on the stand that it was not even the name or donation amount that was the trade secret, it was the email addresses. Plaintiff did not even understand the theory of its own case and failed at every point to prove any of the elements required for a valid trade secrets claim.

Furthermore, the Plaintiff was unable to prove any damages that flowed from the alleged trade secret. In fact, plaintiff was cautioned many times, that the court was having trouble with the damage allegations. More importantly, the jury found against the plaintiff on all counts.

## VII. ATTORNEY FEES OF DEFENDANT

Attached to this application is the Declaration of lead counsel Seth Carson, Esq. and the Declaration of trial counsel, Scott Diamond, Esq, (Exhibits B and C, respectively) which enumerates the fees and costs incurred for the representation of the defendant. The total attorney fees claimed are $985,000.00. The total expenses claims have been filed on the same day as this motion in Defendant's Bill of Costs.

For the foregoing reasons it is respectfully requested that that the court enter an award of $985,000.00 in attorney fees against the Plaintiff due to the plaintiff bringing a meritless and reckless claim under the trade secrets statutes.

BY: ____/s/ Seth D. Carson_____
Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: Seth@ DerekSmithLaw.com
Counsel for Plaintiff

DATED: December 30, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this date that I caused a true and correct copy of Defendant's Motion to be served via ECF.

        Sidney L. Gold sgold@discrimlaw.
        Sidney L. Gold & Associates P.C.
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        Tel: (215) 569-1999
        Fax: (215) 569-3870
        Counsel for The Middle East Forum

        **DEREK SMITH LAW GROUP, PLLC**

BY:  /s/ Seth D. Carson_____
        SETH D. CARSON
        Derek Smith Law Group, PLLC
        1835 Market Street
        Suite 2950
        Philadelphia, PA 19103
        Phone: 215.391.4790
        Facsimile: 215.893.5288
        Email: Seth@DerekSmithLaw.com

DATED: December 30, 2021