## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| Defendant. | : | |
| | : | |
| | : | |

## PLAINTIFF MIDDLE EAST FORUM'S OPPOSITION
## TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, files this Opposition to Defendant's Motion for Leave to File a Reply in Support of her Motion for Attorneys' Fees (*see* Def.'s Mot. Leave to File Reply, ECF No. 201 ("Def.'s Mot.")), and states as follows:

## PRELIMINARY STATEMENT

This Court should deny Defendant's motion for leave to file a reply because, contrary to this Court's rules and well-settled practices in this Circuit, it raises new arguments for the first time on reply, fails to address the issues in MEF's Opposition, and it is untimely.[1]  This Court has a clear policy that:

1. A reply brief may only be submitted "with the Court's permission in support of non-dispositive motions";

---

[1] Consistent with her *modus operandi* throughout this litigation, Defendant **failed to file a timely motion**, namely within "seven days after the opposition is filed." *Policies & Procedures* § II.E.8. MEF filed its opposition on January 13, 2021.  *See* Pl.'s Opp'n Mot. Fees, ECF No. 198. Defendant did not file her motion for leave and proposed reply until <u>eight</u> days later on January 21, 2021.  *See* Def.'s Mot.

    2. A reply brief "should address **only** issues raised in the opposition to the motion";

    3. A reply brief shall be submitted "no later than seven days after the opposition is filed."

*Policies & Procedures* § II.E.8 (emphasis in original).  Defendant has violated the Court's policy. Moreover, Defendant's deficient two-sentence motion offers no legitimate reason—or any reason—for this Court to grant the motion.  In fact, at least two factors weigh strongly *against* permitting Defendant's reply.

    *First*, Defendant's proposed reply improperly **<u>raises new arguments</u>** not addressed in prior filings.  In Defendant's initial motion, she argued that, despite having no contemporaneous time records or other support for a single hour of time, she was entitled to nearly a million dollars in attorneys' fees because she believed that MEF's evidentiary presentation at trial proved both objective speciousness and subjective misconduct with respect to MEF's Pennsylvania Uniform Trade Secrets Act claim.  *See* Def.'s Mot. Fees 5–6, ECF No. 187.  In her proposed reply, however, Defendant largely abandons her original arguments and raises a new theory:  that MEF brought its PUTSA claim in bad faith because, in Defendant's view, MEF perjured itself based on statements made in its amended complaint and at trial.  These bold claims are brand new and highly improper under Third Circuit precedent. *See, e.g.*, *Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009) ("It is, of course, inappropriate to raise an argument for the first time in a reply brief.").  Raising such new arguments in a reply greatly prejudices MEF, as MEF was not provided an opportunity to address these new theories.

    *Second*, in addition to prohibiting Defendant's new arguments by reply, this Court should also reject Defendant's proposed reply because it **<u>fails to address "issues raised in the opposition to the motion."</u>** *Policies & Procedures* § II.E.8.  In its Opposition, MEF argued that Defendant

failed to satisfy her burden of proving bad faith.  *See* Pl.'s Opp'n Mot. Fees, ECF No. 198 ("Pl.'s Opp'n").  Specifically, MEF showed that Defendant failed to prove objective speciousness because (1) substantial evidentiary support existed for MEF's PUTSA claim and (2) this Court's past rulings—on four separate occasions—permitted MEF to pursue its PUTSA claim to a verdict.  *See* Pl.'s Opp'n 4–8.  In fact, the undisputed evidence shows that MEF acted reasonably and in good faith to protect the lifeblood of its organization—the same donor information this Court ruled as likely to constitute a trade secret after a multi-day, evidentiary hearing on MEF's preliminary injunction.  *See id.* at 9–11.  MEF also demonstrated that Defendant's fee request was unreasonable given the complete lack of substantiation for the number of hours claimed or the rates charged.  *See id.* at 11–15.  Defendant's newly minted frolic-and-detour sidesteps these fatal issues and focuses instead on *ad hominem* attacks and meritless (indeed scandalous) accusations of perjury.

As shown more fully below, this Court should deny Defendant's tardy and deficient motion and decline to consider her proposed reply.

## ARGUMENT

I.  **THIS COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE HER PROPOSED REPLY IMPROPERLY RAISES NEW ARGUMENTS TO THE PREJUDICE OF MEF.**

In the Third Circuit, "[i]t is, of course, inappropriate to raise an argument for the first time in a reply brief."  *Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009); *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) ("Raising an issue in a reply brief is too late, for '[a]s a general matter, [a party] waives an argument . . . if it is not raised in the opening brief.'" (quoting *In re: Asbestos Prod. Liab. Litig. (No. IV)*, 873 F.3d 232, 237 (3d Cir. 2017)).  For this reason, courts in the Eastern District of Pennsylvania have routinely declined to consider new arguments raised in reply briefs.  *See, e.g.*, *United States v. McNish*, No. 18-267, 2021 WL

5495287, at *7 (E.D. Pa. Nov. 22, 2021) ("The Court will not address this claim because [the party] did not raise it in a timely manner, failing to mention it prior to his supplemental reply brief.").

Two prudential considerations support this rule. ***First***, as this Court recognizes in its policies, "a reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." *United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006); *see also Policies & Procedures* § II.E.8 ("Replies shall . . . address **only** issues raised in the opposition to the motion, without repeating arguments made in the initial brief." (emphasis in original)). ***Second***, courts "follow this rule so that [one party is] not prejudiced by the lack of an opportunity to respond to issues raised for the first time in [the other party's] reply brief." *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996).

Ignoring this rule, Defendant's proposed reply abandons the arguments offered in her initial motion (i.e., MEF's unsuccessful presentation at trial shows bad faith) and retreats to a new theory (i.e., MEF's alleged perjury on its initial claim shows bad faith). In her motion, Defendant argued that "Plaintiff failed at trial to convince the jury" of its PUTSA claim.[2]  Def.'s Mot. Fees 5.  And Defendant argued that MEF, in her view, "was unable to prove any damages." *Id.* at 6.  Essentially, Defendant argued in her initial motion that MEF's *unsuccessful position* at trial established the presence of bad faith.

Now, however, for the first time in a proposed reply, Defendant's argument centers around her repeated *ad hominem* attack that MEF "committed perjury" in its verified amended complaint and testimony at trial.  *See* Def.'s Mot. 4–9.  A quick lexical analysis confirms the novelty of this

---

[2]  Of course, Defendant's *per se* understanding of bad faith flouts the American rule and "turns centuries of fee-shifting jurisprudence on its head."  Pl.'s Opp'n 8, 10.

argument.  For example, some variation of the word "perjury" appears **seven** times in Defendant's reply—but that word appears **nowhere** in her initial motion.  Some variation of the word "false" appears **eight** times in the reply—but **nowhere** in her initial motion.  And the word "complaint" appears **15** times in the reply—but **nowhere** in the initial motion.  Defendant cannot now ambush MEF with these new arguments in the hope that MEF is "prejudiced by the lack of an opportunity to respond."  *Boggi*, 74 F.3d at 478.

Furthermore, Defendant seeks to resuscitate a bad faith retaliation argument that this Court already rejected.  In fact, the first two lines of Defendant's first argument in her proposed reply attempt to draw some connection between a sexual harassment case filed by Defendant and this subsequent trade secret action filed by MEF.  *See* Def.'s Mot. 4.  As the Court will recall, Defendant has trotted out this retaliation theory multiple times during this litigation, but it was laid to rest after MEF's Motion in Limine (ECF No. 136) on this issue was granted by Order of this Court, dated December 10, 2021 (ECF No. 174).  In its Order precluding Defendant from raising a retaliation theory, the Court expressly ruled that "[e]vidence that MEF filed suit for retaliatory purposes is unrelated to the issues in this case . . . . MEF's motive for filing suit, even if improper, has no bearing on the facts underlying these claims."  Order 1 n.1 (Dec. 10, 2021).  Defendant cannot now seek to backdoor an argument previously rejected by this Court.

## II.    THIS COURT SHOULD ALSO DENY DEFENDANT'S MOTION BECAUSE HER PROPOSED REPLY FAILS TO ADDRESS THE ISSUES RAISED IN MEF'S OPPOSITION.

Defendant's proposed reply is not a "reply" at all because it does not address the "issues raised in the opposition to the motion."  *Policies & Procedures* § II.E.8.  In its Opposition, MEF set forth the many reasons why its PUTSA claim was not objectively specious, including the fact that this Court correctly recognized at least four times that MEF should be permitted to try this claim to verdict over Defendant's objections.  Pl.'s Opp'n 4–8.  Additionally, statements by MEF's

principals showed that it acted reasonably and in good faith when it brought a PUTSA claim to defend the lifeblood of its operations—its donor information. *Id.* at 9–11. Bad faith aside, MEF also argued that Defendant's million-dollar request should fail because it lacked any substantiation and smacked of unreasonableness. *Id.* at 11–15. Each of these arguments independently dooms Defendant's request, but Defendant's proposed "reply" does not "reply" to these arguments at all. Because of this wholesale failure to respond to MEF's Opposition, the Court should reject Defendant's proposed reply or consider MEF's Opposition unopposed. *Cf. Bordoni v. Chase Home Fin. LLC*, 374 F. Supp. 3d 378, 384 (E.D. Pa. 2019) ("[F]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed.").

\* \* \*

To the extent the Court nevertheless permits the filing of Defendant's proposed reply, MEF reserves all rights to address the new theories raised for the first time in her filing. MEF specifically reserves the right to address Defendant's **<u>false and scandalous perjury accusations</u>** in a sur-reply. *See Policies & Procedures* § II.E.8 ("A sur-reply may only be filed with permission of the Court upon good cause shown . . . ."). MEF also specifically reserves its right to seek "vindication or redress" from Defendant's baseless attacks on MEF's reputation and the reputation of its principals in a public filing. *See Milkovich v. Lorain J. Co.*, 497 U.S. 1, 21–22 (1990) (finding that newspaper column gave rise to actionable libel claim where the column implied that an individual committed perjury).

6

## **CONCLUSION**

For these reasons, MEF respectfully requests that the Court deny Defendant's tardy and deficient Motion for Leave, deny Defendant's unsubstantiated Motion for Attorney's Fees for the unrebutted reasons set forth in MEF's Opposition, and grant such further relief as this Court deems proper.  If this Court, contrary to its policies and procedures, permits Defendant to file her proposed reply, MEF seeks leave to file a sur-reply for the reasons stated above.

Dated: January 24, 2022               THE MIDDLE EAST FORUM
                                       By counsel

                                       */s/ Sidney L. Gold*
                                       Sidney L. Gold
                                       sgold@discrimlaw.net
                                       Sidney L. Gold & Associates P.C.
                                       1835 Market Street, Suite 515
                                       Philadelphia, PA 19103
                                       Tel: (215) 569-1999
                                       Fax: (215) 569-3870

                                       Attison L. Barnes, III
                                       abarnes@wiley.law
                                       Wiley Rein LLP
                                       2050 M Street NW
                                       Washington, DC 20036
                                       Tel: (202) 719-7000
                                       Fax: (202) 719-7049

                                       *Counsel for The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2022, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

/s/ Sidney L. Gold, Esquire
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*