# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIDDLE EAST FORUM<br>　　　　　　　Plaintiff,<br>　v.<br>LISA REYNOLDS-BARBOUNIS,<br>　　　　　　　Defendant. | Civil Action No. 2:19-cv-05697-JS |

The following Reply is submitted in Opposition to Plaintiff's Motion for a New Trial. Defendant Replies in bullet points to Plaintiff's arguments filed February 3, 2022.

- Defendant made no statements at closing warranting a new trial.  Defendant's closing *in its entirety* confirms all statements were legitimate.  Plaintiff relies on out of context arguments.

- Roman was not accused of perjury.  Roman said things not true under oath.  Roman said computers were wiped that were not wiped.  Maybe Roman was just wrong.  Maybe he lied or misunderstood.  Maybe he has memory issues.  Whatever the reason, closing remarks were confined to facts.  A review of Roman's cross confirms approximately 30 examples of Roman changing testimony from one claim to its opposite (Day Two Trial Page 47 – 157).  If a witness says things not true under oath, a lawyer is permitted to point that out in closing.

- Roman testified the USB and desktop computers were wiped, multiple times.  (Day Two Page 47:19 – 48:6).  Roman even said his information came from the "consultant."  The consultant testified and Roman was wrong.  (Id. p 266:2 – 9).  Even Daniel Pipes parroted Roman's false testimony (Id. p 194:18 –25).  This is one of many examples of Plaintiff's false testimony.

- The attempt to rely on Fineman v. Armstrong is inappropriate.  This case was about remarks directed toward ***opposing counsel's*** credibility.  Statements made about opposing counsel's credibility is a far cry from statements made about a witness under oath: no comparison!

- Draper v. Airco can also be differentiated. The Draper Court ruled many statements went "beyond the brink of rational argument…" Id.  The Draper Court ordered a new trial because the "thrust" of the argument was that "defendants were rich (giants of the industrial world) and because the plaintiff was poor, the jury should base its verdict in favor of plaintiff on this financial disparity." Id.  This ruling does not apply.

- Defendant never once offered his personal opinion about Roman.  All closing remarks were limited to the fact that Roman said things that were not true.

- Plaintiff's argument about public information was centered on Lisa Barbounis' statement that Ms. Barbounis could prove it if she was given a computer.  Not every statement Ms. Barbounis made about public information was stricken.  The Court did not strike any statements Roman and Pipes made about public information.  Roman himself admitted that information was available to anyone with an internet connection.  (Day Two p135).

- Plaintiff only preserved the objections (or in this case objection, singular) that Plaintiff made during Defendant's closing argument. None of the closing remarks implicated limine motions.

- Defendant's closing remarks were centered around the primary deficiency in Plaintiff's case.  Defendant began, middled and ended with the same argument.  Plaintiff did not prove damages.  Defendant repeatedly reminded the jury that MEF was entirely unaffected by the conduct at issue.  MEF did not lose anything.  Lisa Barbounis did not gain anything.  Plaintiff is screaming bloody-murder but the conduct does not rise to the level where a new trial would be appropriate.  Plaintiff received a fair trial and has not demonstrated any valid reason to disturb the jury's verdict.

**CONCLUSION**

Plaintiff has failed to demonstrate entitlement to a new trial.

                                      **DEREK SMITH LAW GROUP, PLLC**

                  BY: _____/s/ Seth D. Carson_____
                              Seth D. Carson, Esquire
                              Derek Smith Law Group, PLLC
                              1835 Market Street, Suite 2950
                              Philadelphia, PA 19103
                              Phone: 215.391.4790
                              Email: Seth@ DerekSmithLaw.com
                              Counsel for Plaintiff

DATED: February 13, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on this date that I caused a true and correct copy of Defendant's Reply Motion to be served via ECF.

        Sidney L. Gold sgold@discrimlaw.
        Sidney L. Gold & Associates P.C.
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        Tel: (215) 569-1999
        Fax: (215) 569-3870
        Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY: /s/ Seth D. Carson_____
        SETH D. CARSON
        Derek Smith Law Group, PLLC
        1835 Market Street
        Suite 2950
        Philadelphia, PA 19103
        Phone: 215.391.4790
        Facsimile: 215.893.5288
        Email: Seth@DerekSmithLaw.com

DATED: February 13, 2022