## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE MIDDLE EAST FORUM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LISA REYNOLDS-BARBOUNIS, | : | Civil Action No.: 19-5697 |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF MIDDLE EAST FORUM'S OPPOSITION
## TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff The Middle East Forum ("Plaintiff" or "MEF"), by counsel, files this Opposition to Defendant's Motion for Leave to File a Sur-Reply to Plaintiff's Motion for a New Trial ("Def.'s Mot."), and states as follows:

## PRELIMINARY STATEMENT

Contrary to this Court's policies and well-settled practice in this Circuit, Defendant's motion for leave to file a sur-reply is: (1) untimely; (2) fails to satisfy good cause; and (3) merely repeats arguments Defendant already raised. As this Court has stated, sur-replies "may only be filed with permission of the Court upon good cause shown" and a reply brief shall not "repeat[] arguments made in the initial brief." *Policies & Procedures* § II.E.8. As for timing, the Court's policy states that replies "shall be submitted no later than seven days after the opposition is filed," *id.*, so any sur-reply should also not exceed that timeframe (to the extent a sur-reply were permitted). Defendant's motion runs afoul of this Court's policies and should be denied.[1]

---

[1]  Moreover, for the reasons stated in MEF's prior filings, Defendant's arguments are also factually and legally unsupported. Defendant's conclusory statements without citation do not make them true. Once again, Defendant's purported excuses and arguments fall flat, further justifying MEF's Motion for a New Trial.

**ARGUMENT**

I.   **THIS COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE SHE FAILS TO ARGUE GOOD CAUSE, MUCH LESS DEMONSTRATE GOOD CAUSE.**

Contrary to this Court's policy requiring a demonstration of "good cause" for a sur-reply, Defendant's motion provides no legitimate reason—or any reason—for this Court to grant the motion.  Courts within this Circuit have found that "[s]ur-reply briefs are seldom necessary," and that "[t]hey are appropriate only where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party." *Gentry v. Sikrosky Aircraft Corp.*, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (quoting *No Fab Corp. v. Travelers Indem. Co.*, 55 F. Supp. 2d 505, 513 (E.D. Pa. 2008)).  Sur-reply submissions "are not permitted as of right."  *Marchbanks Truck Serv., Inc. v. Comdata Network, Inc.*, No. 07-CV-01078, 2011 WL 11559549, at * 17 (E.D. Pa. Mar. 24, 2011); *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quotation omitted).  This Court's Local Rules also make clear, the Court may only permit a sur-reply brief "if the Court deems them necessary."  E.D. Pa. Civ. R. 7.1(c).

Here, Defendant provides no good cause for requesting leave to file the sur-reply and simply states that the brief "responds only to the arguments Plaintiff raised in Plaintiff's Reply." Def.'s Mot. at 1.  She makes no argument that MEF raised a new argument in its reply, nor could she.  In fact, as discussed below, Defendant's sur-reply arguments improperly repeat the arguments in her opposition.  Defendant's transparent attempt to "get the last word" is precisely the reason good cause is required before filing a sur-reply; otherwise, parties would always file sur-replies contrary to the Court's rules.  Accordingly, Defendant's motion should be denied.

II.   **EVEN IF DEFENDANT HAD SHOWN GOOD CAUSE (SHE HAS NOT), THIS COURT SHOULD DENY DEFENDANT'S MOTION AS UNTIMELY.**

As has become routine throughout this litigation, Defendant's motion was filed untimely and should be denied.  Defendant's continued disregard for the stated policies and procedures that

2

guide litigation not only in this Court, but the federal court system, is troubling.  This Court's rules and policies should be enforced if they are to have any meaning, and if only MEF adheres to the guidelines set by the Court, it fosters gross inequities.

In violation of the Court's policies, Defendant did not file her motion within "seven days after the opposition is filed."  *Policies & Procedures* § II.E.8.  MEF filed its reply brief on February 3, 2022.  *See* Pl.'s Mot. For Leave to File Reply, ECF No. 204.  Defendant did not file her motion for leave and proposed sur-reply until ***ten days*** later, on February 13, 2022.  *See* Def.'s Mot.  Even Defendant had demonstrated good cause to file a sur-reply (which again, she has not), this Court should deny the motion because it was filed three days late.  For this reason as well, Defendant's motion should be denied.

### III.   THIS COURT SHOULD DENY DEFENDANT'S PROPOSED SUR-REPLY BECAUSE IT SOLELY REPEATS THE ARGUMENTS RAISED IN HER RESPONSE BRIEF.

Even if Defendant had shown good cause and even if Defendant had filed a timely motion, Defendant's proposed sur-reply brief raises no new arguments that were not previously raised in her response brief.  As stated above, Defendant does not even contend that MEF raised any new arguments in its reply.  In fact, as set forth below, all nine items raised in Defendant's untimely sur-reply are the same unsupported arguments Defendant made in her opposition.

1.  Whether Defendant's counsel crossed the line in closing with baseless, inflammatory accusations.  *Compare* Def.'s Opp'n Br. at 4, 7, 9 *with* Def.'s Mot., Ex. A at 1;

2.  Whether Defendant's counsel improperly accused Mr. Roman of perjury.  *Compare* Def.'s Opp'n Br. at 5-6 *with* Def.'s Mot., Ex. A at 1;

3.  Whether the testimony of Mr. Roman and a consultant were consistent regarding the wiping of devices.  *Compare* Def.'s Opp'n Br. at 5 *with* Def.'s Mot., Ex. A at 1;

4.  Whether MEF properly relied on *Fineman v. Armstrong*.  *Compare* Def.'s Opp'n Br. at 8 *with* Def.'s Mot., Ex. A at 1;

3

5.      Whether Defendant's counsel improperly argued wealth disparity in closing. *Compare* Def.'s Opp'n Br. at 8, 10 *with* Def.'s Mot., Ex. A at 2;

6.      Whether Defendant's counsel improperly offered his personal opinions. *Compare* Def.'s Opp'n Br. at 5-6 *with* Def.'s Mot., Ex. A at 2;

7.      Whether Defendant failed to follow the Court's direction regarding unsupported statements about information purportedly in the public domain. *Compare* Def.'s Opp'n Br. at 9-10 *with* Def.'s Mot., Ex. A at 2;

8.      The number of times MEF objected during Defendant's closing argument. *Compare* Def.'s Opp'n Br. at 7-8 *with* Def.'s Mot., Ex. A at 2; and

9.      Whether Defendant's objections to MEF's damages calculations were proper. *Compare* Def.'s Opp'n Br. at 8 *with* Def.'s Mot., Ex. A at 2.

Because Defendant's proposed sur-reply does not address any new issues raised in MEF's reply brief, this Court should enforce the terms of its Policies and Procedures and deny the motion. *Policies & Procedures* § II.E.8.

## <u>CONCLUSION</u>

For these reasons, MEF respectfully requests that the Court deny Defendant's untimely and deficient Motion for Leave to File a Sur-Reply and grant such further relief as this Court deems proper.

Dated: February 17, 2022                    THE MIDDLE EAST FORUM
                                            By counsel

                                            /s/Sidney L. Gold, Esquire
                                            Sidney L. Gold
                                            sgold@discrimlaw.net
                                            Sidney L. Gold & Associates P.C.
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            Tel: (215) 569-1999
                                            Fax: (215) 569-3870

                                            Attison L. Barnes, III
                                            abarnes@wiley.law
                                            Wiley Rein LLP
                                            2050 M Street NW

Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on February 17, 2022, a true and correct copy of the foregoing was filed and served on all parties by electronic mail.

<u>/s/ Sidney L. Gold, Esquire</u>
Sidney L. Gold
sgold@discrimlaw.net
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870

Attison L. Barnes III
abarnes@wiley.law
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for The Middle East Forum*