**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIDDLE EAST FORUM<br><br>                    Plaintiff,<br><br>    v.<br><br>LISA REYNOLDS-BARBOUNIS,<br><br>                    Defendant. | Civil Action No. 2:19-cv-05697-JS |

Defendant, Lisa Barbounis, through counsel, hereby files this memorandum in support of Defendant's Petition for Attorney's fees.  On April 12, 2022, the Court issued an Order requiring Defendant to "submit time sheets and/or a significantly more detailed accounting of his and his colleague's time for the Court's consideration. Mr. Carson must do so within 7 days (April 19, 2022).  The following is Defendant's more detailed analysis.  The following analysis comes directly from detailed time sheets.  These time sheets include indications and sometimes specific disclosure of attorney client communications and litigation strategy that is protected by attorney-client privilege and the work product doctrine.  If the Court would like to review these time sheets, Defendant will make them available to the Court, but requests an in-camera review to protect Plaintiff, Lisa Barbounis' right to privileged communications with her counsel.

**I.      INTRODUCTION**

The following is a detailed accounting of Defendant's fees and costs incurred in connection with Plaintiff, Middle East Forum's lawsuit filed December 3, 2022.  The first communication from Plaintiff, Middle East Forum ("Plaintiff" or "MEF") in connection with the trade secrets case

was sent from attorney, Attison Barnes at Weily Rein, directly to Lisa Barbounis in a letter dated October 25, 2019 ("claim letter").  Lisa Barbounis gave this letter to her counsel, Seth Carson on November 28, 2019.   At that time, Seth Carson already represented Lisa Barbounis in an employment discrimination case that began in June 2019 with a Charge of Discrimination filed at the EEOC.  The EEOC issued a notice of rights that required Lisa Barbounis to file her lawsuit in the last week of October 2019.  It was around this time that Seth Carson agreed to represent Lisa Barbounis in connection with the trade secrets claims.

Attorney, Seth Carson reviewed the 9-page claim letter sent by Attison Barnes, and the exhibits attached including the (1) confidentiality and non-disclosure agreement, (2) MEF's personnel manual, and (3) 2 memorandums regarding donor information.   On November 5, 2019, counsel for Ms. Barbounis responded to the allegations in the claim letter through an email to Attison Barnes.  Over the next three weeks Defendant communicated a willingness to delete all information from her devices by agreement.  A November 15, 2019, email sent to Attison Barnes at 4:33 P.M., stated, "I had the chance to look at the Affidavits that you provided.  Generally they are OK, however, I have some suggestions for the language that you used…"  Counsel for the parties continued to discuss the affidavits, however, on December 3, 2019, MEF filed a lawsuit against Lisa Barbounis alleging breach of state and federal trade secrets statutes.  For the next two years the parties engaged in contentious, document intensive litigation.  Defendant had no choice but to respond to Plaintiff's scorched earth litigation strategy, which included 15 motions asking for sanctions in the form of attorney's fees.  These 15 motions were accompanied by several unfiled letters sent to the Court also asking for sanctions and attorney's fees.  Plaintiff's first motion for sanctions and contempt was filed January 21, 2020 (Document 25), only 49 days after the initial complaint (Document 1) and 18 days after Defense counsel entered his appearance.

(Document 17).  The same day that Plaintiff filed its first motion for sanctions, the Court entered an Order that rendered Plaintiff's motion for sanctions moot. (Document 26).  Plaintiff still forced Defendant to prepare briefs in response to its mooted motion.  This is Defendant's way of arguing that the work performed by Defendant to achieve a successful outcome was reasonable and necessary given Plaintiff's obvious strategy to use motion practice for every perceived hiccup. Plaintiff left no stone unturned and argued for MEF's right into every facet of Lisa Barbounis's life.  In the end, there were almost no constraints.  MEF was afforded access into every email account, social media account, cloud account, online storage account, communication account and device that Lisa Barbounis personally owned.  Plaintiff also argued for access to other people's accounts including a work computer owned by Vasili Barbounis, access to United States congressional servers and devices, and access to third party email accounts to which Lisa Barbounis had no control.  Almost every motion in this case was initiated by Plaintiff and required a response from Defendant.  Plaintiff was able to obtain a complete history of Lisa Barbounis' communications through email, text, telegram, and other applications.

Plaintiff used this information in its case in chief by submitting 179 exhibits at trial. Defendant did not lodge a single objection to any of the exhibits.  Plaintiff also drafted a lengthy set of jury instructions, which were ultimately read to the jury.  This is to say that Plaintiff was afforded every opportunity to present its case to a jury.  Despite this, Plaintiff was entirely unsuccessful, and failed to prove its case for preliminary injunction and failed again at trial.  It is undisputed that the representation provided to Lisa Barbounis resulted it total success on each and every claim Plaintiff alleged.

Plaintiff forced Lisa Barbounis to defend herself at trial even though Defendant agreed to total deletion of all MEF information on multiple occasions before and after MEF filed its

complaint.   There are numerous communications from Defendant to Plaintiff where Lisa Barbounis offered to provide all of her devices to Cornerstone for deletion of all MEF related information.  Defendant offered to begin this process multiple times throughout the case including several emails sent after Plaintiff was unsuccessful in satisfying the burden required to obtain injunctive relief.  Two of these offers were sent February 11, 2021, at 2:37 P.M. and February 17, 2021, at 1:28 P.M, and are listed below in the accounting of time for the month of February 2021.

The fees that Defendant seeks not only the result of the inherent complexity and difficulty of the legal issues presented, but also of Plaintiff's resistance to discuss any other alternative other than litigation.   Plaintiff had no problem identifying MEF information to use as exhibits but refused to identify MEF information for deletion from Lisa Barbounis's devices.  Defendant's position throughout the case was reasonable given the highly contentious relationship between the parties and the sensitive nature of the sexual assault allegations presented in Lisa Barbounis's case against MEF.  Lisa Barbounis asked only for a method of production that considered the highly sensitive information contained in her accounts and devices that did not relate to the instant matter. Plaintiff responded to Ms. Barbounis' position by hurling accusations and filing motion after motion and letter after letter asking for sanctions and attorney's fees that were never awarded.  It is well settled that a reasonable attorney's fee considers the tactics of the parties including aggressiveness.

For these reasons, Defendant, Lisa Barbounis submits the following accounting, which comes directly from detailed time sheets that Defendant will provide to the Court should the Court request.  If the Court asks to see the time records, Defendant asks only that this be done through an in-camera review due to assertions of attorney client privilege and work product.

## II.    ACCOUNTING FROM DETAILED TIME RECORDS OF SETH CARSON

The following analysis comes from Defendant's detailed time records which are organized in chronological order in an excel document.  The time records contain four columns.  They are: (Column 1) Date of Performed Work, (Column 2) Description of Performed Work, (Column 3) Time Spent on Performed Work, and (Column 4) Discovery Vender.

Column 4 was included to differentiate the work related to Capsicum versus the work related to Cornerstone.  Defendant believes that this column would be productive to maintain.

### A.  Time Keeping for work performed by Seth Carson on a month by month basis.

#### 1.  October 2019 through November 2019.  (Total hours: 17.1 hours)

The first entry in the time sheet is October 28, 2019, when Lisa Barbounis forwarded a claim letter drafted by Plaintiff and dated October 25, 2019.   There are eleven entries in Defendant's time sheet between October 2019 and end of November 2019.  Attorney Seth Carson spent 17.1 hours during this period reviewing MEF claims.  Review of the initial claim letter and exhibits including discussion with the client took 2.5 hours.  Thereafter, Seth Carson spent another 8 hours analyzing MEF claims, researching legal and factual issues connected to MEF claims. Performing a cursory investigation which included talking to third parties about MEF claim involving Lisa Barbounis.  Seth Carson spoke to Patricia McNulty, Delaney Yonchek, and Caitriona Brady about the claims directed at Lisa Barbounis.   Counsel for the parties exchanged several emails during this time.  The emails are dated, November 5, 8, 12, 15, 17, 17, and 25. Counsel reviewed and responded to the emails received, discussed with client, saved to case file, and considered the information alongside other documents provided.  The total time spent between October and November 2019, was 17.1 hours.  All time spent was reasonable and necessary in response to Plaintiff's claims.

2. **December 1, 2019, through December 31, 2019.  (Total Hours = 76.9 hours).**

The first entry for December 2019 is on December 3, 2019, when Plaintiff, Middle East Forum filed a 44-page civil action complaint which included Exhibits A through D (Document 1). Seth Carson spent 5 hours reviewing the complaint which included legal research to test the sufficiency of the allegations in Counts 1 through 9.  Counsel discussed the complaint with his client and continued to research the issues presented in the complaint to formulate a legal strategy and respond.  This included research that ultimately fed Defendant's Rule 11 letter and Motion to Dismiss.  Between December 3 and December 5, 2019, Seth Carson spent 16.6 hours working on this case.  This time was spent reviewing the complaint, legal research, reviewing case file exhibits and other documents, discussing the case with the client, reviewing filed Documents 1, 2, 3, 4, 5, 6, 7, and 8 (filed on the docket), and reviewing four emails sent by Denies Drages from Sydney Gold's office including attachments.

Seth Carson continued work on December 6, 2019, spending 2.7 hours working with the above filed documents, reviewing with client, researching, and formulating a Defendant's response.

December 10, 2019, Seth Carson continued to work on the case and billed 5 hours.  This time was spent reviewing Plaintiff's motion (Document 9) for 6 minutes and saving in the case file.  Counsel also received and reviewed multiple emails from Denisse Drages, with attachments and saved to case file.  Seth Carson also discussed the investigation strategy with client and organized documents provided by client making note of issues implicated in connection with a pending Rule 11 letter and Motion to Dismiss.

There are 66 entries in the time sheet for the month of December 2019.  Tasks that required completion in December 2019 included, responding to letters sent by Plaintiff to the Court in

connection with Preliminary Injunction petition, drafting a Rule 11 letter that explained the many reasons Plaintiff's case was filed in bad faith.  Defendant's Rule 11 letter was a detailed analysis of the case that responded to the allegations in the 44-page civil action complaint.  Seth Carson also prepared for and attended the first hearing with the Court by telephone on December 20, 2019. In December 2019, Seth Carson also responded to another letter to the Court by Plaintiff dated December 26, 2019.  Seth Carson also began the research and drafting of Defendant's Motion to Dismiss.  These tasks took about 36.2 hours and are detailed in Defendant's time sheet.

Defense counsel also received and/or sent emails in December 2019 including a December 18, 2019, email from Denise Drages, 6 emails dated December 19, 2019, a December 20 and 21 email, 5 emails dated December 23, 2019, 4 emails dated December 26, 2019, 8 emails dated December 27, 2019, plus a meet and confer scheduled the same day (which was ultimately rescheduled for late that week), and 5 emails on December 30, 2019.

Plaintiff's total hours worked in December was 76.9 hours.  This is an average of about 19 hours per week.  This is a conservative estimate and represents work that was reasonable and necessary to respond to the Plaintiff's 12 documents filed in December 2019, plus the Court's Orders in connection therewith.

### 3.  <u>January 1, 2020, through January 31, 2020. (Total Hours = 96.5 hours).</u>

Defense counsel, Seth Carson spent 96.5 hours between January 1, 2020, and January 31, 2020, working on the instant matter.  There are 54 entries for the month of January 2020.  Work on behalf of Lisa Barbounis in January 2020 began on January 1, 2020, when counsel researched, drafted, edited, and finalized Defendant's Motion to Dismiss Plaintiff's Complaint.  Seth Carson spent 7 hours on January 1, 2019 on this task.  Seth Carson drafted and filed a notice of appearance, reviewed the docket and Plaintiff's summons, reviewed and discussed Plaintiff's letter to the Court

dated January 2, 2020 , and reviewed an email from Denise Drages with letter attachment.  The attachment was a 2-page letter sent to the Court, asking for a hearing with, was scheduled through Stacy Wertz.  As per the Court's Order, an in-person hearing was scheduled for January 15, 2020. Seth Carson prepared for this hearing and discussed he same with his client, reviewed email exchanges between the parties and Court scheduling a hearing.  Seth Carson also received and reviewed emails from Sidney Gold requesting Defendant agree to provide Plaintiff with an extension to respond to Defendant's Rule 11 letter.  Seth Carson also researched and reviewed caselaw regarding outstanding discovery disputes and the parties positions regarding e-discovery, drafted a rough draft of Defendant's responses to Plaintiff's first set of Interrogatories and request for production of documents, continued working on Defendant's responses to Plaintiff's expedite discovery requests, held discussions with client in connection with counsel's investigation, reviewed the case file and information provided by client, reviewed email exchanges between the parties and their employees, reviewed the civil action complaint in connection with discovery responses to provide Plaintiff with verified responses to expedited discovery requests, reviewed email exchange between counsel for the parties and agreed to a second extension should Plaintiff need it, held a meeting with client to review Defendant's responses to Plaintiff's expedited discovery requests, edited the written responses, sent a rough draft of proposed discovery responses to client who responded with notes for Seth Carson, drafted and reviewed emails and notes offered by client, sent email to Lisa Barbounis with draft responses to expedited discovery requests. Reviewed email from Denise Drages with letter attachment, which was a 20-page document with a 2-page cover letter dated January 13, 2020.

In his letter, Mr. Barnes expressed concern that discovery requests were not yet answered. By January 13, 2020.  The case had only been active for 40 days.  Plaintiff ignored Defendant's

request for additional time.  Moreover, the discovery responses were furnished the next day.

On January 13, 2020, Seth Carson reviewed the documents attached to the January 13, 2020 email and letter including (1) November 12, 2019 letter, (2) proposed affidavits, (3) November 25, 2019 letter, (4) Stipulated TPO, (5) stipulated injunction order.  Discussed with supervising attorney Sam Wilson.

January 14, 2020, finalized Defendant's Responses to Plaintiff's expedited discovery requests and sent by email to Sidney Gold, Attison Barnes, and Denise Drages.

January 14, 2020, Plaintiff sent an email to Court with 20-page attachment - sent despite Defendant's responses to expedited discovery that same day.  Plaintiff did not change the letter denying Defendant's furnished discovery.

January 15, 2020, reviewed, researched, and discussed Plaintiff's First Amended Complaint with Lisa Barbounis and Samuel Wilson; made note of language changes Plaintiff used in response to Defendant's Motion to Dismiss.

January 15, 2020, prepared for and attended the in person hearing scheduled January 15, 2020, and discussed the hearing with client.

January 15, 2020, received email from Denise Drages with attachment - First Amended Complaint - Reviewed email and First Amended Complaint and saved to case file.

January 15, 2020, reviewed email from Wiley Rein with proposed order for expedited discovery.

January 16, 2020, reviewed and researched the Court's January 15, 2020, Order for expedited discovery.  Reviewed with Client.  Reviewed with Samuel Wilson. Discussed strategy for how to respond in meeting with client and Mr. Wilson.  Researched legal issues.

January 16, 2020, researched and drafted Defendant's Motion for Reconsideration.

January 16, 2020, drafted email requesting Cornerstone's information and response from Attison Barnes.

1/17/2020, Researched and drafted Defendant's Motion for Reconsideration.

1/17/2020, Email from Denise Drages with proposed injunctive relief order. Defendants researched the proposed Order and did not agree that Plaintiff was entitled to the relief requested. Reviewed email and attachment - research issues in connection therewith.

1/17/2020, Discussion with client, Lisa Barbounis about Plaintiff's claim of evidence indicating that Lisa Barbounis had electronic devices that she did not possess. Lisa Barbounis provided a thorough response explaining the reason for Plaintiff's misunderstanding - Reviewed Lisa's response and claim history attachments.

1/17/2020, Discussion with Derek Smith regarding strategy and response to the Court's Order in contemplation of Lisa's privacy interest. Researched and discussed issues and strategy.

1/18/2020, Researched and drafted Defendant's Motion for Reconsideration.

1/19/2020, Research and drafted Defendant's Motion for Reconsideration.

1/19/2020, Drafted and sent an email to Attison Barnes asking Mr. Barnes to identify any discovery Mr. Barnes believed was outstanding. Defendant reiterated her position that all issues had been resolved. Defendant tried to schedule a meet and confer. Plaintiff did not respond.

1/20/2020, Edited and finalized Defendant's Motion for Reconsideration.

1/21/2020, Research regarding e-discovery and production of electronic information including devices, data and meta data.

1/21/2020, Reviewed the docket and the Court's Order and saved to file.

1/21/2020, Reviewed and researched and discussed Plaintiff's First Motion for Sanctions. Plaintiff did not win the motion which required Defendant to file a response. Plaintiff filed the

motion despite the Court's direction and Defendant's position to work with the Court and parties to try and find a resolution.

1/21/2020, Reviewed the docket and the Court's Order vacating the January 15, 2020 Order and continuing the January 27, 2020 hearing and discussed with client.

1/21/2020, Email from Denise Drages with letter attachment that was purportedly sent to the Court.  The attachment was a 3-page letter that did not take into account Defendant's Motion for Reconsideration. Reviewed email and attachment.  Saved to case file.

1/21/2020, About 1 month after Plaintiff filed suit, Plaintiff had already asked the Court to assess sanctions multiple times claiming prejudice because discovery requests were claimed not to have been furnished.  Defendant reviewed Plaintiff's letter to the court and compared the letter to the case file and emails to confirm that Plaintiff was offering false information.

1/21/2020, Drafted and sent a letter to the Court confirming that Defendant did respond to Plaintiff's expedited discovery requests.  The letter was also a courtesy letter to explain why Defendant did not comply with the Court Order - due to Defendant's Motion for Reconsideration.

1/22/2020, Drafted and sent a letter to Plaintiff dated January 22, 2020, to try and be amicable and work with Plaintiff to resolve by agreement disagreements regarding discovery.

1/28/2020, Reviewed Plaintiff's response to Defendant's Motion for Reconsideration.

1/28/2020, Email discussion with counsel for Marnie O'Brien regarding MEF's position that Lisa Barbounis and Marnie O'Brien held opposing accounts of the way in which Lisa's laptop was factory reset.  Reviewed information offered by Ms. O'Brien including text messages produced to MEF.

1/28/2020, Email from Denise Drages with attachment.  Reviewed email and attachment which was a subpoena for Lisa's phone records from AT&T.

1/28/2020, Sent Plaintiff a list of objections to Plaintiff's subpoena.

1/29/2020, Drafted and sent a letter to the Court requesting an opportunity to file a reply brief.

1/29/2020, Reviewed email from Denise Drages with letter from Sidney Gold regarding e-discovery. Reviewed email and 2-page letter attachment.

1/29/2020, Sidney Gold responded to objections by email confirming that Plaintiff would not serve the subpoena.

1/29/2020, Drafted and sent a letter to Plaintiff to try and resolve Plaintiff's repeated attempts to insult Defendant and her counsel. The parties were about 1 month into the case and Plaintiff had made several accusations, requesting sanctions and contempt. This letter was an attempt to resolve this disrespectful litigation style.

1/30/2020, Reviewed Plaintiff's request for default judgment and discussed with client.

1/30/2020, Letter request to file a reply brief - researched, drafted and sent to Court.

1/31/2020, Reviewed the docket and the Court's Order filed January 31, 2020, and saved to file.

The total hours Seth Carson spent in January 2020, was 96.5 hours. The time spent was reasonable and necessary considering the work that had to be accomplished that month. Defendant filed 2 motions in January 2020. The first was a Motion to Dismiss which forced Plaintiff to amend its complaint and file a First Amended Complaint on January 15, 2020. The second was a Motion for Reconsideration which was granted. All other motions filed by Plaintiff that month were denied in part or denied.

**4.   February 1, 2020, through February 28, 2020.  Total Hours = 42.4 hours.**

Defendant, Lisa Barbounis recorded 35 entries to the time sheets for work performed in February 2020.  The total hours worked in February 2020 was 42.4 hours. The following is an accounting of the work performed in February 2020.

2/2/2020: Researched, drafted and filed Defendant's Motion to vacate default judgment. Another attempt by Plaintiff to disregard the merits of the case and force the parties into writing motions and memos. This was a waste of the parties time and resources.  The parties should have simply agreed that Lisa Barbounis could Answer the complaint.  The Answer was filed one day late because Defendant believed she had 21 days and not 14 days to Answer.  There should have been no time spent on this but Plaintiff chose to force Defendant to brief the issue and the Court to rule upon it taking up 4 more hours.

2/2/2020: Drafted and filed Defendant's Answer to Plaintiff's Amended Complaint in 6.7 hours.

2/3/2020: Researched, drafted, and filed Defendant's Response to Plaintiff's Opposition to Motion for Reconsideration.  This took 5.5 hours.

2/4/2020: Reviewed case file and organized file including all folders and documents received to date and prepared a strategy document moving forward to try and move the case along. Made a list of issues that required attention.  Discussed case with Samuel Wilson and Lisa Barbounis.  This was completed in 2.5 hours.

2/4/2020: Researched default judgment issues and identified caselaw to support Defendant's argument in opposition to default judgment - in response to Plaintiff's motion: 2 hours.

2/10/2020: Reviewed docket and the Court's Order filed February 10, 2020, vacating default judgment: in 6 minutes – 0.1 hours.

2/19/2020: Reviewed docket and the Court's Order granting Defendant's Motion for Reconsideration - and discussed with client. Discussed devices with client that required imaging: 1.5 hours.

2/22/2020: Received and reviewed email from Sidney Gold requesting information about Defendant's third-party e-discovery vender. 12 minutes or 0.2 hours.

2/22/2020: Email from Sidney Gold identifying Cornerstone - however, I attempted to use Cornerstone and they would not get involved due to potential conflict that had not been resolved. 12 minutes or 0.2 hours.

2/24/2020: Received and reviewed email from Cornerstone's Robert Centofanti. 0.1 hours.

2/24/2020: Telephone conference with Robert Centofanti to discuss using Cornerstone for e-discovery: 0.4 hours.

2/24/2020: Email from Seth Carson to Sidney Gold providing information about e-discovery and discussing the criteria for the key words for use to retrieve potentially relevant information: 0.2 hours.

2/24/2020: Email from Sidney Gold responding to email from Seth Carson earlier same day. Mr. Gold sent a follow up email again that day: 0.2 hours.

2/25/2020: Email from Cornerstone - Robert Centofanti - confirming that he had already been contacted by Plaintiff which created a conflict of interest: 0.1 hours.

2/25/2020: Email from Denise Drages with 2 letter attachments. Reviewed email and letter attachments which were two letters dated February 25, 2020. The letters indicated a disconnect as Defendant had furnished responses to Plaintiff's only discovery requests over a month earlier: 0.8 hours.

2/25/2020      Email from Seth Carson to Sidney Gold.  This email was a response to the two letters dated February 25, 2020.  Defendant drafted and sent a detailed response to the concerns raised by Plaintiff in these two letters: 0.8 hours.

2/25/2020: Reviewed the two letters sent by Plaintiff to Defendant dated February 25, 2020.  Reviewed the case file and emails to compare information presented by Plaintiff to the record.  It appeared that Plaintiff was offering false information that was contradicted by Plaintiff in Plaintiff's letters.  Plaintiff accused Defendant of not responding to discovery requests and referenced Defendant's verified responses to rogs: 0.7 hours.

2/26/2020: Provided electronic devices to Capsicum for copying of entire device.  These copies were paid for by Defendant and used by Cornerstone for the production of all e-discovery that commenced including Cornerstone: 2 hours.

2/26/2020: Email from Attison Barnes regarding issues raised by Plaintiff and addressed by Seth Carson in an email the day before: 0.3 hours.

2/26/2020: Seth Carson drafted a response to the email of Attison Barnes and attempted to answer all concerns raised by Mr. Barnes.     0.7 hours.

2/27/2020: Reviewed email from Attison Barnes and responded the same day, trying to schedule a meet and confer in order to discuss the issues and resolve them. 0.9 hours.

2/27/2020: Meet and confer held evening of February 27, 2020 to discuss outstanding issues between the parties and try to resolve same.  Prepared for and attended the meet and confer: 0.6 hours.

2/27/2020: Email sent by Seth Carson to Plaintiffs in connection with the meet and confer and outstanding issues that Defendants identified in a 4-page letter attached.  Drafted the letter and sent to Plaintiff: 1.5 hours.

2/28/2020: Researched and drafted Defendant's Response to Plaintiff's Motion for injunctive relief: 4.5 hours.

2/28/2020: Plaintiff emailed Defendant a Notice of Deposition for the deposition of Lisa Barbounis to take place March 19, 2020, at 9:30 A.M. - reviewed Notice and email. Saved to case file.  Spoke to Lisa Barbounis about the Notice: 0.8 hours.

2/28/2020: Subpoena for the deposition of Marnie O'Brien sent by email and copied Seth Carson - Reviewed subpoena and email: 0.2 hours.

2/28/2020: Email thread concerning subpoenas for the depositions of Mathew Ebert, Delaney Yonchek and Marnie O'Brien in the matter of MEF v. Lisa Barbounis - reviewed and responded to emails.   0.6 hours.

2/28/2020: Emails discussing proposed protective order which was part of the conversation the night before during the meet and confer.  0.5 hours.

2/28/2020     Email from Attison Barnes with attachment.   The attachment was a stipulated injunctive relief order that Plaintiff hoped Defendant would sign.  Defendant did not believe that injunctive relief was appropriate or required to accomplish the objectives  Reviewed the proposed order and email: 1 hours.

2/28/2020: Emailed a response to Plaintiff declining agreement to the proposed injunctive relief order: 0.1 hours.

2/28/2020: Defendant edited the proposed order to a version that Defendant would have signed.  Defendant's changes were rejected: 1 hours.

2/28/2020: Email from Denise Drages with 3 subpoenas to (1) Marnie O'Brien, (2) Delaney Yonchek, and (3) Matthew Ebert. - Reviewed the email and 3 subpoenas: 0.8 hours

2/28/2020: Defendant responded to the proposed subpoenas and communicated an intention to challenge the subpoenas. 0.4 hours.

2/28/2020: Attison Barnes sent an email with Plaintiff's response to Defendant's position with regard to the 3 subpoenas: 0.2 hours.

2/28/2020: Seth Carson sent an email regarding the 3 subpoenas to Plaintiff along with information requesting Plaintiff to produce witnesses under Plaintiff's control including Roman and Pipes: 0.3 hours.

The total work performed in the month of February 2020 was 42.4 hours.

5. **March 1, 2020, through March 31, 2020.  (Total Hours – 127.4 hours).**

Defendant, Lisa Barbounis recorded 77 entries to the time sheets for work performed in March 2020.  The total hours worked in March 2020 was 127.4 hours. The following is an accounting of the work performed in March 2020.

35 of the 77 time-sheet entries was for work performed that took between 6 and 12 minutes or 0.1 to 0.2 on the time sheet.  Most of this work was review of short documents or sending or receiving short emails.  In these instances Seth Carson had to review the information, note the file, and save to the correct folder.

The parties discussed issues related to the protective order, stipulated injunctive relief, and discovery in emails sent and/or received on March 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 23, 24, 31.  Many days included multiple emails sent and received the same day.

The majority of work performed in March 2020, was related to review of information from Lisa Barbounis devices.  Capsicum began the process of providing e-data for review in March 2020.  About 91.3 hours out of the total 127.4 was time that it took to review e-discovery.

**6.  April 1, 2020, through May 30, 2020.  (Total Hours = 416.6 hours).**

In the two (2) month period between April 1, 2020, and May 30, 2020, Defendant, Lisa Barbounis recorded 10 entries to the time sheets.  The total hours worked in April and May 2020 was 416.6 hours. The breakdown of these hours is identified as time spent reviewing e-discovery provided by Capsicum.  There was 200 hours spent in April and May for a total of 400 hours reviewing e-discovery in order to produce relevant information to MEF.  Capsicum produced hundreds of thousands of documents that required review where each document required enormous time reading and redacting, among other tasks in connection with the e-discovery Order.

The other 16.6 hours was spent responding to emails sent and received between the parties, organizing the case file, making note of information relevant to Lisa Barbounis arguments and defenses.  This 16.6 hours was time spent between April 1, 2020, and May 30, 2020, other than reviewing e-discovery.

**7.  June 1, 2020, through June 30, 2020.  (Total Hours = 111.8 hours).**

Defendant, Lisa Barbounis recorded 66 entries to the time sheets for work performed in June 2020.  The total hours worked in June 2020 was 111.8 hours. The following is an accounting of the work performed in June 2020.

6/1/2020: Email from Capsicum discussing data produced from LB devices.  With new version of data for review: 0.4 hours.

6/2/2020: Email from Capsicum discussing data produced from LB devices: 0.5 hours.

6/4/2020: Prepared for and attended telephone conference with Court and Parties to discuss outstanding motions: 2.5 hours.

6/4/2020: Reviewed docket and Plaintiff's Response in Support of Plaintiff's Motion for extra time for discovery and protective order: 0.4 hours.

6/5/2020: Email from Capsicum with link to folder where e-discovery from LB devices was placed: 0.5 hours.

6/6/2020: Drafted an email addressed to Attison Barnes providing Plaintiff with a link to the shared Dropbox folder - "MEF v. Lisa Barbounis" and the password for access: 0.5 hours. Used this folder to provide Plaintiff with responses to third-party subpoenas.

6/6/2020: Worked with Caitriona Brady that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Caitriona to draft a written response to each and every document request from Plaintiff: 8 hours.

6/6/2020: Worked with Delaney Yonchek that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Delaney to draft a written response to each and every document request from Plaintiff: 8 hours.

6/8/2020: Email from Attison Barnes and response from Seth Carson - attempting to resolve discovery concerns including scheduling depositions, the protective order, and the privilege log. Reviewed Mr. Barnes' email and drafted and sent a response: 0.9 hours.

6/8/2020: Email from Attison Barnes once again presenting a long timeline of complaints. Response from Seth Carson asking for a meet and confer to resolve the issues by conversation. Reviewed email and sent response: 0.4 hours.

6/8/2020: Worked with Mathew Ebert that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Mr. Ebert to draft a written response to each and every document request from Plaintiff: 3.2 hours.

6/9/2020: Worked with Vasili Barbounis that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Vasili to draft a written response to each and every document request from Plaintiff: 3.6 hours.

6/11/2020: Email from Capsicum discussing data produced from LB devices: 0.2 hours.

6/11/2020: Final version of protective order is sent to Defendant.  - Reviewed email and protective order.  Agreed to protective order: 0.5 hours.

6/11/2020: Reviewed proposed stipulation: 0.5 hours.

6/12/2020: Email from Capsicum with link to folder where new version of data was produced for review by Defendant: 0.3 hours.

6/12/2020: Reviewed stipulation filed June 12, 2020, and reviewed the Court's Order filed the same day: 0.2 hours.

6/12/2020: Telephone conference with Court and Plaintiff to discuss outstanding discovery - prepared for and attended: 1 hours.

6/12/2020: Reviewed docket and Court Order in connection with subpoenas and discovery and saved and discussed with client   0.5 hours.

6/12/2020: Email sent from Seth Carson to agreeing to protective order: 0.1 hour.

6/15/2020: Email exchange from June 15 - June 16, 2020, with Capsicum discussing the e-discovery produced from LB devices: 0.5

6/16/2020: Email exchange with Capsicum discussing the e-discovery produced from LB devices: 0.7 hours.

6/16/2020: Received email from Plaintiff with documents that Plaintiff received from a subpoena that was never properly noticed.  Mr. Gold represented that the subpoena would be withdrawn pursuant to Defendant's objections and it was never presented again. Reviewed documents.  Discussed with client: 1.3 hours.

6/17/2020: Telephone conference with Court and Plaintiff to discuss outstanding discovery -prepared for and attended: 1  hours.

6/17/2020: Email sent by Seth Carson to Plaintiff attempting to resolve by agreement the issues related to Ms. Barbounis' privacy: 0.2 hours.

6/18/2020: Email exchange with Capsicum beginning June 18 until June 25, discussing e-discovery produced from LB devices: 1 hours.

6/19/2020: Email received from Attison Barnes with letter attachment confirming depositions for Delaney Yonchek, Caitriona Brady, Patricia McNulty, Vasili Barbounis, and Mathew Ebert. - Reviewed email and letter: 0.7 hours.

6/19/2020: Received subpoenas for 5 non-party witnesses in the matter of MEF v. Barbounis.  Reviewed the subpoenas with each individual and saved to file: 1.5 hours.

6/19/2020: Plaintiff sent Defendant a 66-page document containing a letter dated June 19, 2020, identifying 5 non-party witnesses who Plaintiff needed to depose.   Each subpoena was accompanied by a Notice of Intent, Document requests, instructions, document production specifications, and sample format for responding.  Defendant saved these documents to the case file and finished reviewing each subpoena and accompanying  information: 1 hour.

6/19/2020: Attison Barnes drafted and sent a response notifying Defendant of Plaintiff's position - reviewed email: 0.3 hours.

6/19/2020: Proposes Order sent to Court by Plaintiff subject to the June 17, 2020, hearing and decision to use Cornerstone moving forward.  The Capsicum images were used to save time and money however all e-discovery moving forward was conducted by Cornerstone.  Reviewed proposed Order and compared to earlier communications between parties discussing areas of agreement.  Made note of issues that still required resolution: 1.8 hours.

6/22/2020: Reviewed and saved letter to case file sent by Plaintiff dated June 22, 2020. The document requests and subpoenas were sent to Defendant on June 19, 2020.  Three days later,

Plaintiff argued to the Court that Defendant should be sanctioned and that Defendant was causing a delay by not responding to subpoenas sent only 3 days before.  Reviewed file and emails to confirm communications: 0.7 hours. (Note the subpoenas were issued after the Court order).

6/22/2020: Email from Denise Drages to Court with letter to Court regarding subpoenas and documents that the witnesses represented did not exist.  Reviewed email and letter to Court: 0.7 hours.

6/22/2020: Prepared for depositions of (1) Delaney Yonchek, (2) Mathew Ebert, (3) Delany Yonchek, (4) Caitriona Brady, (5) Patricia McNulty - reviewed documents and case file: 8 hours.

6/23/2020: Email received from Attison Barns confirming dates of non-party witnesses for depositions: 0.5 hours.

6/23/2020: Drafted written responses to Plaintiff's document requests per subpoena and forwarded to Plaintiff 4.5

6/24/2020: Response drafted and sent to Plaintiff regarding nonparty witness depositions: 0.2 hours.

6/24/2020: Discussed deposition with Patricia McNulty and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 2.2 hours.

6/24/2020: Discussed deposition with Mathew Ebert and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.8 hours.

6/24/2020: Discussed deposition with Caitriona Brady and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 2 hours.

6/25/2020: Reviewed docket and Court Order requiring Capsicum to turn e-data over to Cornerstone - reviewed, discussed with client and saved: 2.3 hours.

6/25/2020: Drafted letter and sent to Court and Plaintiff regarding discovery issues: 1.5 hours.

6/25/2020: Discussed times to schedule subpoenas and facilitate the depositions Plaintiff wanted to conduct: 1 hours.

6/25/2020: Drafted and sent an email to Plaintiff confirming dates and times for the 5 nonparty witnesses depositions: 0.6 hours.

6/25/2020: Drafted and furnished responses to Plaintiff's subpoena to Patricia McNulty for production of documents: 2 hours.

6/25/2020: Drafted and sent a letter to the Court regarding Defendant's attempts to work with Plaintiff.  The letter was dated June 25, 2020, and outlined the reasons beyond Defendant's control that e-discovery was not progressing at a faster rate.  Plaintiff had provided a 17-page list with over a thousand keywords and derivations that was all but impossible to process faster: 2.5 hours.

6/25/2020: Email to Attison Barnes notifying Plaintiff regarding the position of non-party witnesses with respect to documents related to Plaintiff's trade secrets case.  Reviewed the file.  Reviewed information provided by the non-party witnesses. Reviewed subpoenas.  Drafted response: 1.5 hours.

6/25/2020: The parties continued their discussion by email and Defendant's attempts to come to an agreement regarding privacy concerns and relevancy concerns: 0.4 hours.

6/25/2020: Discussed deposition with Vasili Barbounis and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.5 hours.

6/25/2020: Discussed deposition with Delaney Yonchek and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.8 hours.

6/26/2020: Reviewed docket and Court Order requiring parties to meet and confer regarding discovery issues: 0.2 hours.

6/26/2020     Email from Attison Barnes received in connection with subpoenas of non-party witnesses and Seth Carson's willingness to assist in facilitating the scheduling of depositions: 0.3 hours.

6/26/2020: Email drafted and sent to Addison Barnes notifying Plaintiff regarding objections to documents requested.  The subpoenas were dated May 21, 2020, and Defendant responded with objections within days.  Mr. Barnes again claims prejudice for failure to receive documents subject to timely objections.  Also, the third-party witnesses did not have information related to the trade secrets case.  Plaintiff sent multiple emails on June 26, 2020, trying to resolve these issues: 0.4 hours.

6/26/2020: Continued working with Delaney Yonchek to respond to Plaintiff's document requests.  Ms. Yonchek provided Seth Carson with usernames and passcodes to directly access her accounts and identify communications that Plaintiff requested: 6 hours.

6/27/2020: Email received from Attison Barnes regarding documents Mr. Barnes requested.  During subsequent depositions it was confirmed by the witnesses that they were not in possession of said documents.  Reviewed email: 0.3 hours.

24

6/27/2020: Finalized responses to Plaintiff's document requests to Caitriona Brady and furnished through the shared Dropbox folder: 3.5 hours.

6/27/2020: Finalized written responses to document requests and furnished through shared Dropbox folder: 1.5 hours.

6/27/2020: Finalized written responses to document requests and furnished through shared Dropbox folder: 1 hours.

6/27/2020: Finalized written responses to document requests and furnished through shared Dropbox folder: 1 hours.

6/29/2020: Prepared for and attended the depositions of Delaney Yonchek and Caitriona Brady.  Discussed the depositions with Lisa Barbounis thereafter: 8.5 hours.

6/30/2020: Email exchange with Capsicum from June 30, 2020 until July 7, 2020, discussing e-discovery from LB devices including hard copies of the devices sent by FedEx: 0.6 hours.

6/30/2020: Email from Attison Barnes received confirming what occurred during the deposition of Mathew Ebert while some of the lawyers had to take a break: 0.3 hours.

6/30/2020: Prepared for and attended the depositions of Patricia McNulty and Mathew Ebert. Discussed the depositions with Lisa Barbounis thereafter: 8 hours.

6/30/2020: Reviewed information and accounts subject to discovery through Cornerstone and obtained usernames and passwords to provide to Cornerstone: 2 hours.

6/30/2020: Received and reviewed email from Attison Barnes confirming images of Lisa Barbounis' devices were sent by Capsicum to Cornerstone: 0.1 hours.

6/30/2020: Contacted Cornerstone to confirm compliance with the Court Order directing images of devices would be sent from Capsicum to Cornerstone: 0.2 hours.

In addition to the 111.8 hours calculated for the month of June 2020, Defense counsel also spent 40 more hours between June 1, 2020, and June 30, 2020, reviewing date from Lisa Barbounis' devices.   Accordingly, the total for the month of June 2020 is 151.8 hours.

### 8.   July 1, 2020, through July 30, 2020.  (Total Hours = 20 hours).

Defendant, Lisa Barbounis recorded 40 entries to the time sheets for work performed in July 2020.  The total hours worked in July 2020 was 20 hours. The following is an accounting of the work performed in July 2020.

From July 1, 2020, through July 30, 2020, Seth Carson worked 20 hours in connection with the instant matter.  All work was reasonable and necessary.  The primary work completed in July 2020, was to make Cornerstone ready to collect and process all data subject to e-discovery.  The parties were able to save time by using the images taken by Capsicum which were provided to Cornerstone.  Cornerstone also brough data down from all of Lisa Barbounis accounts including email, social media, communication, and storage.

31 of the 40-time sheet entries were emails drafted or received by the parties.  Many of these emails included Cornerstone.  The deposition of Vasili Barbounis was conducted on July 1, 2020, which took about 5.4 hours to prepare for, attend, and discuss with client.

### 9.   August 1, 2020, through September 30, 2020.  (Total Hours = 105.1 hours).

Defendant, Lisa Barbounis recorded 37 entries to the time sheets for work performed from August 1, 2020, through September 30, 2020.  The total hours worked in August and September 2020, was 75.1 hours.  The following is an accounting of the work performed in August and September 2020.

Cornerstone provided the parties with information related the data collection from Lisa Barbounis' devices and accounts. Defendant worked on review of this information which consisted of documents Bates stamped "MEF-000000001 - MEF-000127274" and "MEF-AEO-000000001 - MEF-AEO-000211451" as documents obtained from Defendant's two iPhones and processed by Cornerstone Discovery as ordered by the Court.

8/4/2020: After some emails back and forth both parties confirmed with Cornerstone and Cornerstone confirmed with the parties that the list of terms and conditions was agreed upon and would be implemented: 0.2 hours.

8/7/2020: Email from Cornerstone tech confirming that the first set of data - the non-AEO set was being produced to the Junto platform - with notes regarding conditions: 0.2 hours.

8/8/2020: Received and reviewed email from Defendants confirming information with Cornerstone for receipt of the first set of data from the LB devices: 0.1 hours.

8/9/2020: Drafted and sent an email from Seth Carson to Parties and cornerstone confirming who on Defendant's side would receive access to the first set of data: 0.1 hours.

8/9/2020: Email from Cornerstone confirming conditions agreed upon by the parties would be considered and reflected in the data pushed to the Junto platform: 0.1 hours.

8/12/2020: Email with letter attachment from Attison Barnes. The misleading letter can best be described as intentionally incorrect. The letter accused Defendant of violating a June 12, 2020, Order because Plaintiff was not satisfied with third party documents and objections. The document request and subpoena was dated June 19, 2020 -a week after the Court's order. Clearly the Court did not order Defendant to respond to a request that didn't happen yet. This did not stop Mr. Barnes from claiming prejudice and asking for sanctions and attorney's fees. Reviewed letter and saved to case file: 0.4 hours.

8/12/2020: Attison Barnes drafts and sends a second letter dated August 12, 2020. The letter does not help advance any issues and relives Plaintiff's theory: 0.5 hours.

8/13/2020: Attison Barnes and Erika Shinkunov and Seth Carson discuss the scheduling of the deposition of Marnie O'Brien -email thread beginning August 13, 2020, through August 25, 2020.  Reviewed the emails and marked the case file for resolution of issues related to third party witness Marnie O'Brien: 0.6 hours.

8/31/2020: Reviewed Plaintiff's Motion for Sanctions and Contempt - Reviewed, researched, discussed, and saved: 2.5 hours.

9/4/2020: Email from Cornerstone confirming that the AEO discovery produced to both parties at the same time is ready for review:  0.1 hours.

9/9/2020: Drafted and sent letter to Plaintiff in at attempt to resolve the issues raised by Plaintiff in Plaintiff's motions for sanctions: 0.6 hours.

9/12/2020: Researched and drafted Defendant's Response to Plaintiff's Motion to compel third party witnesses to produce documents: 4.5 hours.

9/13/2020: Researched and drafted Defendant's Response to Plaintiff's Motion for contempt and sanctions: 6 hours

9/14/2020: Response in Opposition to Plaintiff's Motion for Sanctions and Contempt - researched, drafted, and filed: 8 hours.

9/14/2020: Response to Plaintiff's Motion to compel third party witnesses to respond to subpoenas - finalized and filed: 2 hours.

9/15/2020: Discussions with counsel for Derek Smith Law Group regarding Samuel Wilson entering his appearance and helping to oversee case management : 1.5 hours.

9/16/2020: Email thread scheduling status conference with the Court and parties for September 18, 2020, at 2:00 P.M. - Calendar marked: 0.2 hours.

9/18/2020: Telephone conference with the Court and Plaintiff to discuss outstanding issues including discovery and motions - prepared for and attended: 1.5 hours.

9/18/2020: Drafted Samuel Wilson's notice of appearance which was entered on the docket September 18, 2020: 0.2 hours.

9/22/2020: Review of data provided by Cornerstone in connection with LB devices and accounts: 5 hours.

9/22/2020: Email from Plaintiff with proposed stipulation for injunctive relief. Mr. Barnes continued to argue that the only way that Defendant would have a problem agreeing to subject herself to the Court's jurisdiction is if she had bad intentions. Lisa Barbounis reviewed the proposed stipulation and made edits and returned it but Plaintiff did not agree to Defendant's changes. Review emails and stipulation and edit stipulation and return: 1.4 hours.

9/23/2020: Reviewed Plaintiff's Motion in opposition to Defendant's Motion for sanctions - researched caselaw identified by Plaintiff and compared Plaintiff's arguments to Defendant's case file and notes: 1.5 hours.

9/23/2020: Organized case file, files and folders. Compared the paper file to the difital file and made sure that all documents were downloaded and organized into the correct file and folder. Reviewed the docket and made note of issues that required resolution. Made a timeline for work that needed to be accomplished: 5.5 hours.

9/23/2020: Telephone conference with Robert Centofanti from Cornerstone to discuss how to best provide whatever information Cornerstone needs to facilitate Plaintiff's requests: 0.4 hours.

9/24/2020: Email from Denise Drages with letter to the Court in connection with Defendant's Emergency letter sent to the Court.  Reviewed email and letter: 0.9 hours.

9/24/2020: Drafted and sent a letter to the Court to try and protect personal private information that was not relevant and that was produced by Cornerstone to Plaintiff including the parties, Greg Roman and Daniel Pipes: 0.3 hours.

9/24/2020: Email thread scheduling status conference with the Court and parties for September 25, 2020, at 9:30 A.M: 0.1 hours.

9/24/2020: Review of data provided by Cornerstone in connection with LB devices and accounts: 8 hours.

9/24/2020: Email to Rob from Cornerstone inviting Rob to attend the status conference scheduled for Friday.  Rob responded but could not attend on Friday due to a prior engagement: 0.2 hours.

9/25/2020: Prepared for and attended a status conference scheduled  by the Court: 2.5 hours.

9/25/2020: Email to the Court with letter addressed to Judge Sanchez from Defendant requesting relief in connection with Cornerstone documents produced that does not relate to the case: 1.5 hours.

9/25/2020: Drafted and sent a follow up letter to the Court to try and protect personal private information that was not relevant and that was produced by Cornerstone to Plaintiff including the parties, Greg Roman and Daniel Pipes: 1.2 hours.

9/26/2020: Review of data provided by Cornerstone in connection with LB devices and accounts: 7 hours.

9/27/2020: Review of data provided by Cornerstone in connection with LB devices and accounts: 9 hours.

9/29/2020: Reviewed docket and report of Plaintiff (Document 71) - Reviewed the proposed stipulation for injunctive relief.  Discussed with client to confirm Defendant's position.  Lisa did not want to agree to be subject to the Court's jurisdiction when Plaintiff could not demonstrate that injunctive relief was even appropriate: 1.1 hours.

9/29/2020: Email from Cornerstone scheduling telephone conference: 0.1 hours.

9/30/2020: Email scheduling telephone conference with parties and Cornerstone: 0.1 hours.

09/01/2020 through 09/30/2020:  Reviewed data from devices and accounts of Lisa Barbounis in connection with e-discovery.  30 hours.

### 10. October 1, 2020, through November 33, 2020.  (Total Hours = 96.4 hours).

Defendant, Lisa Barbounis recorded 28 entries to the time sheets for work performed in October and November 2020.  The total hours worked in October and November 2020 was 96.4 hours. The following is an accounting of the work performed in October and November 2020.

Defense counsel Seth Carson was provided with 338,725 documents in the form of e-discovery that required review.  Counsel for Lisa Barbounis, Seth Carson spent 80 hours in October and November reviewing data collected from Lisa Barbounis' devices.  The number of false positives was over welcoming and finding responsive information was like finding a needle in a haystack.  This was due to the search terms which were never modified despite the fact that 99% of the documents returned had nothing to do with any litigation, ever.

The other 16.4 hours in October and November 2020 was spent reviewing information sent by Plaintiff and responding.  The communications related to issues like Plaintiff's attempt to

persuade Defendant to agree to injunctive relief by stipulation.  There were 16 emails sent by the parties or from the Court in October and November 2020.

### 11. <u>December 1, 2020, through December 31, 2020.   (Total Hours = 110.9 hours).</u>

Defendant, Lisa Barbounis recorded 52 entries to the time sheets for work performed in December 2020.  The total hours worked in December 2020 was 108.9 hours. The following is an accounting of the work performed in December 2020.

The two-day hearing for injunctive relief was scheduled for December 17 and December 23, 2020.  Plaintiff presented 83 exhibits that required review, including discussion with client as to each and every exhibit.  This was the first time that Defendant learned what arguments Plaintiff intended to make to try and prove the claims alleged in the civil action complaint.  Review of the evidence, preparation, client discussion, attending the hearings, and drafting closing arguments took about 70 of the 110.9 hours worked in December 2020.  The rest of the time in December was spent working on the case and responding to Plaintiff's attempts to persuade Defendant to agree to the injunctive relief.  For example:

12/2/2020: Email from Attison Barnes requesting a conversation regarding a stipulation for injunctive relief: 0.1 hours.

12/3/2020: Researched and drafted declaration in connection with Plaintiff's Motion: 4.5 hours.

12/3/2020: Met with client to review case and Plaintiff's Motions and Court Orders in connection with discovery:4 hours.

12/3/2020: Email response asking Plaintiff to discontinue attempts to secure injunctive relief based on the lack of any harm or injury: 0.1 hours.

12/3/2020: Attison Barnes responds and expressed interest in continuing the conversation despite difference in point of view: 0.1 hours.

12/3/2020: Drafted a response to email of Attison Barnes and sent: 0.1 hours.

12/3/2020: Attison Barnes sends another email on the same topic: 0.2 hours.

12/4/2020: Finalized and filed Defendant's Declaration clarifying issues surrounding text messages: 2 hours.

12/6/2020: Email thread beginning 12/6/2020 and continuing until 12/12/2020 discussing injunctive relief hearing and stipulation: 0.3 hours.

12/7/2020:  Email from Denise Drages with 4 subpoenas to attend and testify to Terry Giles and Amy Mekelburg along with document requests to both.  Reviewed  the subpoenas and saved to case file: 0.3 hours.

12/8/2020: Reviewed docket and Court Order granting in part and denying in part third party document production: 0.3 hours.

12/8/2020: Email scheduling test session in preparation for injunctive relief hearing scheduled for December 16, 2020, at 11:30 A.M.: 0.1 hours.

12/10/2020: Reviewed docket and Order scheduling hearing for preliminary injunction for December 17, 2020,: 0.1 hours.

All work performed in December 2020 was reasonable and necessary in order to reasonable defense Lisa Barbounis against the claims alleged.

### 12. <u>January 1, 2021, through February 28, 2021.  (Total Hours = 142.5 hours).</u>

Defendant, Lisa Barbounis recorded 32 entries to the time sheets for work performed in February 2021.  The total hours worked in February 2021, was 142.5 hours. The following is an accounting of the work performed in February 2021.

1/8/2021: Reviewed the Court's Order denying injunctive relief due to Plaintiff's failure to demonstrate any damages and specifically because there was no proof of irreparable harm. Discussed the Court's Order and Opinion with client: 1.5 hours.

1/12/2021: Email thread setting up and scheduling a status conference with the parties and Court for January 19, 2021, at 2:30 - and added to calendar: 0.2 hours.

1/12/2021:  Plaintiff asks for another accommodation but refuses to grant any.  I believe this is the 5th time Plaintiff asked and Defendant agreed not to oppose or allow extra time or more pages: 0.1 hours.

1/13/2021:  Reviewed email and letter sent by Plaintiff to the Court: 0.2 hours.

1/18/2021:  Email from Attison Barnes confirming scheduling of deposition for Amy Mekelburg: 0.1 hours.

1/18/2021:  Email drafted and sent by Seth Carson to Plaintiff asking Plaintiff if all outstanding discovery is resolved.  Defendant suggested the parties work by agreement to resolve outstanding discovery but suggested that there was nothing outstanding as all issues had been resolved:  0.3 hours.

1/19/2021:  Reviewed docket and Document 93 and 93-1, which are Plaintiff's third status report and 3 declarations from Robert Centofanti at Cornerstone regarding e-discovery that Plaintiff sought: 1 hour.

1/19/2021:  Reviewed case file and discussed discovery issues with client to compare Plaintiff's position outlined in Document 93, to the declarations from Cornerstone in 93-1, with Defendant's position and the position of Lisa Barbounis who believed that she had complied with all court orders and that there was no additional documents available:  3.7 hours.

1/19/2021: Reviewed the docket and Document 94 - Plaintiff's Motion to seal documents: 0.1 hour.

1/19/2021: Attison Barnes responded to the January 18, 2021, email from Seth Carson by criticizing Mr. Carson for attempts to resolve outstanding discovery issues.  Mr. Barnes claimed significant discovery outstanding but did not identify even one item: 0.2 hours.

1/19/2021: Seth Caron sent multiple emails to Plaintiff asking Plaintiff to meet and confer and asking if there were any issues that needed discussion or resolution.  The communications suggested a preference for agreements versus court intervention.  Plaintiff responded by filing Document 93 and 93-1, which provided the Court with a narrative that Plaintiff refused to even discuss with Defendant.  Reviewed the status reports.  Reviewed the case file and communications. Reviewed previous orders.  Reviewed discussions with Cornerstone and e-discovery produced: 4.5 hours.

1/19/2021: Email from Denise Drages with attachments - received and saved to case file: 0.1 hour.

1/19/2021: Rescheduling the status conference with the Court: 0.1 hour.

1/19/2021: Email with attachment - Plaintiff's request to seal or redact the hearing transcript.  Reviewed email and attachment: 0.2 hours.

1/19/2021: Email from Seth Carson to Plaintiff attempting to obtain Plaintiff's cooperation to discuss and resolve outstanding discovery issues by agreement.  Defendant, pointed out that Plaintiff was needlessly creating more work for the parties ... claiming prejudice and asking for fees and costs.  Plaintiff did not try to work with Defendant first and the list of outstanding issues. Drafted and sent this email: 0.3 hours.

1/20/2021: Prepare for and attend telephone conference with Court in connection with Plaintiff's status reports and the parties positions in connection with e-discovery.  Discussion with client in connection with the call: 1.5 hours.

1/20/2021: As Plaintiff would only communicate with Defendant through accusations presented to the Court, counsel for Defendant attempted to draft a list of outstanding issues as per Mr. Barnes January 18, 2021, status report.   The information in this status report is not true.  (1) There are no preservation issues.  There are no facts to suggest that information was lost.  (2) There are no other devices. (3) Lisa never had a Protonmail account. The account Plaintiff keeps referring to belongs to someone else.  It was never Lisa's account. (4) There was no data on her phone from telegram, wicr, or singal.  This was confirmed by Cornerstone. (5) Lisa provided access to Facebook. Confirmed the list with client: 1 hour.

1/20/2021: Email from Mr. Barnes in response to Defendant's email and attempt to resolve issues by agreement: 0.2 hours.

1/20/2021: A status call between the parties was held at 11:30 P.M. - Prepared for and attended the meet and confer and then reviewed notes taken during the meeting to provide Plaintiff with Defendant's position: 0.7 hours.

1/20/2021: Email drafted and sent responding to Plaintiff's list of concerns and addresses each one in turn.  The answers were very simple and easy to resolve (1) Documents 1 through 10 were in a folder labeled Brady that Plaintiff had access to.  (2) Defendant identified Documents 52 through 226 and showed Plaintiff where to find them. (3) Defendant has no Wicr account and would swear to it. (4) There was no Singal data on any of Lisa'a devices. (5) Lisa has no Proton Mail account. These were the issues identified by Plaintiff during the meet and confer.  None of the issues required Lisa to produce more information or caused Plaintiff prejudice: 0.6 hours.

1/27/2021: Researched issues in connection with Plaintiff's Motion for New Trial including caselaw attached to each of Plaintiff's arguments: 5 hours.

2/2/2021: Plaintiff sends an email to Defendant asking for another accommodation - reviewed the email and discussed with Scott Diamond: 0.1 hours.

2/3/2021: Reviewed docket and Document 96, the Court's Order in connection with the status conference and status reports.  Discussed the Court's Order with client and ways to attempt to provide the information Plaintiff requested: 0.8 hours.

2/8/2021: Cornerstone confirmed that it could collect and provide data from Defendant's Facebook account and Telegram account.  Of course there is no information in either of these accounts that is relevant to this case.: 0.1 hours.

2/8/2021: Email from Denise Drages confirming deposition of Amy Mekelburg for February 11, 2021: 0.1 hours.

2/10/2021: Prepared for deposition of Amy Mekelburg - drafted question outline and reviewed file and documents.  Discussed strategy with client: 8.5 hours.

2/10/2021: Email from Plaintiff with letter attached and dated February 10, 2021.  The letter explained how pleased Plaintiff was in failing to demonstrate injunctive relief was appropriate.  Reviewed email and letter: 0.5 hours.

2/11/2021: The deposition started at 8:00 A.M. and continued until 4:12 P.M: 8.2 hours.

2/11/2021: Drafted and sent Plaintiff an email.  The email explained that Plaintiff's case was brough in bad faith.  The email stated that Plaintiff was not going to prevail at trial either.  The email identified the reasons Plaintiff's case was frivolous and retaliatory.  All that said, Defendant tried to resolve the issues between the parties.  Defendant's attempt to resolve this case by agreement went answered: 0.5 hours.

2/17/2021: Drafted and filed a declaration in connection with the Court's Order (Document 96): 1.5 hours.

2/17/2021: Attison Barnes addressed an email to Defense counsel under the subject MEF v. Lisa Barbounis 19-5697 and tried to expand the case to include obtaining a third-party vender to remove information from Patricia McNulty, Caitriona Brady, and Delaney Yonchek's accounts and devices.  Defendant responded and suggested a easier, less expensive way to accomplish this.  Plaintiff never raised the issue again; 0.4 hours.

2/17/2021: When Plaintiff did not respond to Defendant's first request to settle the case by agreement and begin a process to remove everything from Lisa's devices and accounts, Defendant sent another email on February 17, 2021.  This email also went without a response: 0.2 hours.

Defense counsel Seth Carson was provided with 338,725 documents in the form of e-discovery that required review.  Counsel for Lisa Barbounis, Seth Carson spent 100 hours in January and February 2021, reviewing data collected from Lisa Barbounis' devices.

### 13. <u>March 1, 2021, through June 30, 2021.  (Total Hours = 218.4 hours).</u>

Defendant, Lisa Barbounis recorded 17 entries to the time sheets for work performed between March 1, 2021, and June 30, 2021.  The total hours worked between March 1, 2021, and June 30, 2021, was 18.4 hours. The following is an accounting of the work performed in March, April, May and June 2021.

3/16/2021: Email with letter attached and dated March 16, 2021 - regarding Defendant's privilege log. Reviewed email and letter: 0.2 hours

3/16/2021:  Email with letter attached and dated March 16, 2021.  This letter is a waste of time and money.  Again, Plaintiff is forcing Defendant to respond to non-issues.  Cornerstone confirmed that there was no alternative way to collect the data from Wicr.  This has nothing to do

with Lisa Barbounis or preserving information.  There is no reason to even suggest that a Wicr account Lisa barely used contains discoverable information.  And she does not know how to access the account and neither does Cornerstone: 0.2 hours.

3/22/2021: Email from Seth Carson to Attison Barnes assuring Plaintiff that Defendant does not care if Plaintiff sees her Wicr account.  This is not an attempt to hide information.  Cornerstone tried.  Lisa tried.  There is no way to access the information: 0.2 hours.

3/30/2021: Attison Barnes sends another email to Seth Carson raising issues that were raised months ago and addressed.  The last issue was the Wicr account.  Attison Barnes writes that there are many concerns regarding the manner and scope of collection and removal.  Never-ending discovery: 0.1 hours.

4/30/2021: Email from Seth Carson to Plaintiff once again suggesting a method for deleting all information from all devices and accounts so that all issues are resolved and so that there is no more concern.   This is the third email trying to accomplish what MEF and its counsel claimed is all they care about.  Plaintiff's response - an email stating: "where is the privilege log?": 0.6 hour.

5/4/2021: Privilege log prepared by Cornerstone forwarded to Plaintiff.  - Reviewed log and sent to Plaintiff: 1.5 hours.

5/18/2021: Reviewed docket and Document 98 - Plaintiff's Motion to compel non-party witness, Marnie O'Brien: 0.2 hours.

5/18/2021: Reviewed docket and Document 99 - Documents supporting exhibits 1 - 15 - in connection with motion to compel non-party witness Marnie O'Brien: 0.7 hours.

5/18/2021: Email from Stacy Wertz scheduling statis conference with Court and parties: 0.1 hours.

5/19/2021: Reviewed docket and Document 100 - Notice of Appearance by Jon Cavalier: 0.1 hours.

5/20/2021: Reviewed docket and Document 101 - Court's Scheduling Order setting deadlines for dispositive motions and trial - added to calendar and reviewed w/client: 1.3 hours.

6/1/2021: Reviewed docket and Document 103 - Plaintiff's Motion to Compel testimony of witness Marnie O'Brien: 0.3 hours.

6/2/2021: Scheduled the deposition of Marnie O'Brien for June 15, 2021 at 8:30 A.M.: 0.2 hours.

6/14/2021: Received email and link to zoom conference for deposition on June 15, 2021: 0.1 hours.

6/14/2021: Prepared for deposition for Marnie O'Brien.  Reviewed file and documents. Discussed with client.  Drafted an outline of questions and issues to address: 5 hours.

6/15/2021: Email to O'Brien and counsel requesting agreement to sign confidentiality order: 0.1 hours.

6/15/2021: Attended the deposition of Marnie O'Brien beginning at 8:30 A.M. and discussed the deposition with client thereafter.   Made note to file: hours.7.5

Counsel for Lisa Barbounis also spent significant time between March and June 2021, reviewing the documents, recordings, and videos produced through Cornerstone as required by Plaintiff, Middle East Forum.  Defense counsel Seth Carson was provided with 338,725 documents in the form of e-discovery that required review.  These documents included emails, images, voice recordings, videos and other forms of communications.   These documents came from Lisa Barbounis' two devices, several Gmail accounts, Facebook account, Twitter,  Instagram, iCloud, Dropbox, and other accounts.  Between March and June 2021, counsel, Seth Carson spent another

200 hours reviewing this information for relevance and use.  Due to the list of keywords provided by Middle East Forum, there were hundreds of thousands of documents that had no connection to the case but required review.

**14. July 1, 2021, through August 30, 2021.  (Total Hours = 217.2 hours).**

Defendant, Lisa Barbounis recorded 14 entries to the time sheets for work performed in July and August 2021.  The total hours worked in July and August 2021, was17.2 hours. The following is an accounting of the work performed in July 2021.

7/27/2021: Email scheduling depositions of Gregg Roman, Daniel Pipes, and Steve Levey: 0.1 hours.

7/29/2021: Email response discussing dates when Plaintiff can produce the three requested individuals for depositions: 0.1 hours.

8/18/2021: Reviewed docket and Document 104 - Order granting Plaintiff's Motion to compel: 0.1 hours.

8/18/2021: Email attempting to schedule depositions of Roman, Pipes and Levey: 0.1 hours.

8/23/2021: Response scheduling depositions for first week of September: 0.1 hours.

8/27/2021: Reviewed docket and Document 105 - Order denying motions for sanctions and attorney's fees: 0.3 hours.

8/29/2021: Email from Plaintiff scheduling deposition of Lisa Barbounis and response - setting date for September 6, 2021: 0.2 hours.

8/30/2021: Email exchange confirming the exact dates and times for depositions of (1) Roman, (2) Pipes, and (3) Barbounis for September 2, 3, and 6 respectively: 0.1 hours.

8/30/2021: Email thread beginning August 30, 2021, to August 31, 2021, with 15 emails sent and received rescheduling depositions dates and times at Plaintiff's request: 0.3 hours.

8/30/2021: Prepared for depositions of Roman and Pipes scheduled September 2 and 3, 2021. Reviewed documents and exhibits. Reviewed hearing transcript from injunctive relief hearing. Discussed with client. Made notes and outlines issues: 8 hours.

8/31/2021: Email from Seth Carson confirming an accommodation at Plaintiff's request for a late start time: 0.2 hours.

8/31/2021: Notices of Deposition drafted and sent to Plaintiff for Roman and Pipes on September 2, and 3: 0.5

8/31/2021: Video conference links sent and received to parties including Plaintiff's counsel. 0.1 hours.

8/31/2021: Reviewed and marked Exhibit 1 through Exhibit 83 for use during the September 2 and 3 depositions: 7 hours.

Counsel for Lisa Barbounis also spent significant time between July and August 2021, reviewing the documents, recordings, and videos produced through Cornerstone as required by Plaintiff, Middle East Forum. Defense counsel Seth Carson was provided with 338,725 documents in the form of e-discovery that required review. These documents included emails, images, voice recordings, videos and other forms of communications. These documents came from Lisa Barbounis' two devices, several Gmail accounts, Facebook account, Twitter, Instagram, iCloud, Dropbox, and other accounts. Between July and August 2021, counsel, Seth Carson spent another 200 hours reviewing this information for relevance and use. Due to the list of keywords provided by Middle East Forum, there were hundreds of thousands of documents that had no connection to the case but required review.

15. **September 1, 2021, through September 30, 2021.   (Total Hours = 75.6 hours).**

Defendant, Lisa Barbounis recorded 16 entries to the time sheets for work performed in September 2021.  The total hours worked in September 2021, was 75.6 hours. The following is an accounting of the work performed in September 2021.

9/1/2021: Prepared for depositions of Roman and Pipes scheduled September 2 and 3, 2021.  Reviewed documents and exhibits.  Reviewed hearing transcript from injunctive relief hearing.  Discussed with client.  Made notes and outlines issues: 5 hours.

9/1/2021: Downloaded and reviewed Plaintiff's production of documents bates stamped P0001 through P0601 5

9/2/2021: Prepared for and attended deposition of Daniel Pipes: 9.5 hours.

9/3/2021: Prepared for and attended deposition of Gregg Roman: 10 hours.

9/11/2021: Prepared for deposition of Lisa Barbounis for September 14, 2021.  Prepped client.  Reviewed documents and communications.  Reviewed Plaintiff's production of documents and hearing exhibits: 6.5 hours.

9/13/2021: Email from Plaintiff with link to Lisa Barbounis' September 14, 2021 deposition: 0.1 hours.

9/13/2021: Prepared for deposition of Lisa Barbounis for September 14, 2021.  Prepped client.  Reviewed documents and communications.  Reviewed Plaintiff's production of documents and hearing exhibits: 8 hours.

9/14/2021:  Prepared for and attended the deposition of Lisa Barbounis - the deposition was continued due to an issue with the Court reporter: 7.7 hours.

9/15/2021: Email continuing the deposition of Lisa Barbounis for September 27, 2021: 0.1 hours.

9/17/2021:  Email to Everest regarding AEO designations for portions of the depsition transcripts of Roman and Pipes: 0.2 hours.

9/23/2021:  Email from Plaintiff with expert report attached. - Cursory review and saved to case file: 1 hours.

9/24/2021: Email with zoom instructions for Lisa Barbounis deposition for September 27, 2021:  0.1 hours.

9/25/2021:  Reviewed Plaintiff's expert report from Steven Holzen and compared Mr. Holzen's assertions and conclusions to the case file and documents referenced by Mr. Holzen. Made note of issues to consider and research: 6.6 hours.

9/27/2021: Prepared for and attended day 2 of deposition of Lisa Barbounis - discussed the deposition with client thereafter and discussed next steps in the case and strategy: 6 hours.

9/30/2021: Motion to Strike or for extension to respond to Plaintiff's expert report: 2.5 hours.

9/30/2021:  Reviewed the deposition transcript of Amy Mekelburg and took note of designations to include in Defendant's statement of facts that would accompany Defendant's Motion for Summary Judgment: 7.3 hours.

### 16. <u>October 1, 2021, through October 31, 2021.  (Total Hours = 120.8 hours).</u>

Defendant, Lisa Barbounis recorded 52 entries to the time sheets for work performed in October 2021.  The total hours worked in October 2021, was 120.8 hours. The following is an accounting of the work performed in October 2021.

In October 2021, the parties dispositive motions were due.  Plaintiff filed a partial motion for summary judgement.  Defendant also filed a motion for summary judgment.  Accordingly, the month of October 2021, required the parties to draft facts statements, motions and memorandum, responses in opposition to motions and reply briefs to oppositions.  More than 80 of the 120.8 hours billed in the month of October 2021, involved researching, investigating, drafting, editing, and finalizing the memorandums and fact statements in connection with dispositive motions.  The other 40 hours were spend receiving or drafting emails from Plaintiff, reviewing the docket and all docketing filings in October 2021 (Documents 108 – 127).  Defendant also began trial preparations in October 2021.  October 2021 is when Scott Diamond was retained to begin assisting Seth Carson with trial preparation.  Mr. Diamond did not enter his appearance until he had to in order to attend the pre-trial conference, however, the communications between counsel confirm that Scott Diamond began researching issues and assisting with strategy formulation in October 2021.

17. <u>**November 1, 2021, through November 30, 2021.  (Total Hours = 192.2 hours).**</u>

Defendant, Lisa Barbounis recorded 62 entries to the time sheets for work performed in November 2021.  The total hours worked in November 2021, was 112.2 hours. The following is an accounting of the work performed in November 2021.

The following is a list of dates and entries to Defendant's time sheet: 4 entries on November 1, 2021, November 2 entry, November 3 entry, 2 November 4 entries, November 5 entry, 2 November 8 entries, November 9 entry, 2 November 10 entries, 11 entries on November 11, 3 November 12 entries, November 13 entry, November 14 entry, November 15 entry, November 16 entry, 3 November 17 entries, 14 entries on November 18, 2 November 19 entries, November 20 entry, November 21 entry, November 22 entry, November 24 entry, 3 November 29 and 3

November 30 entries.  Essentially, Seth Carson worked every day of November 2021, preparing for the trial scheduled for December 13, 2021.

The parties worked all month in November 2021 to prepare for the December 13, 2021, trial date.  The parties exchanged jury instructions and voir dire questions.  The parties exchanged pre-trial memos.  Defense counsel reviewed the numerous documents produced from Lisa Barbounis' devices to determine how to use and respond to the exhibits.  Defense counsel held numerous strategy conferences with Scott Diamond to review testimony and review the documents, making note of cross examination issues.

## 18. December 1, 2021, through December 31, 2021.  (Total Hours = 193.6 hours).

Defendant, Lisa Barbounis recorded 63 entries to the time sheets for work performed in December 2021.  The total hours worked in December 2021, was 193.6 hours. The following is an accounting of the work performed in December 2021.

The trial of Middle East Forum v. Lisa Barbounis was held on December 13, 14, 15, and 16, 2021.  For each of the 4 days of trial, Seth Carson worked from 6:00 A.M. until 10:00 P.M. Accordingly 64 hours was spent on the 4 days of trial.  From December 1 through December 12, 2021, Seth Carson worked every day preparing for trial at least 10 hours per day.  This time was spent making ready Defendant's case for trial.  The 193.6 hour was almost entirely spent between December 1, 2021, and December 17, 2021.

## 19. January 1, 2022, through the present  (Total Hours = 71.5 hours).

From January 1, 2022, until the present, Defense counsel, Seth Carson spent 71.5 hours drafting Defendant's Motion for fees and responding to Plaintiff's Motion for a New Trial.  This was spent researching the motions, reviewing the trial transcript, and arguing in favor of

Defendant's position.   There are 16 entries to Defense counsel, Seth Carson's time sheet that document the work done in these 71.5 hours.

### B. Attorney Seth Carson's rate of $500.00 is reasonable considering the relevant factors.

Attorney, Seth Carson agreed to represent Lisa Barbounis at a rate of $500.00 per hour.  A Party seeking attorney fees has burden to prove that its request for attorney fees is reasonable. Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990).   After determining number of hours reasonably expended, district court must examine whether requested hourly rate is reasonable in awarding attorney fees. Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990).     Generally, reasonable hourly rate for awarding attorney fees is to be calculated according to prevailing market rates in relevant community. Id.  In determining reasonable hourly rate for award of attorney fees, court should assess experience and skill of prevailing party's attorneys and compare their rates to rates prevailing in community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Id.  In this case it is difficult to find examples that relate directly to the complex issues involved in this case, but Defendant suggests that Plaintiff has provided some guidance in Plaintiff's own fee petition.  The law firm of Weily Rein presented the Court with an analysis of what MEF is paying for legal services in this very case.  R. Shane Roberts, a law clerk at Weily Rein is billing at a rate of $495.00 per hour.  Ashley Bouchez, an second year Associate who was just recently licensed to practice law billed Middle East Forum at a rate of $550.00 per hour.  Seth Carson is an attorney who has practiced for 8 years and was lead counsel at the trial which cleared Lisa Barbounis of all allegations to which she was accused.  Accordingly, Mr. Carson's hourly rate of $500.00 per hour is reasonable for this case.

An analysis of the rate multiplied by hours worked is provided below.

| | |
|---|---|
| October through November 2019 | 17.1 hours |
| December 2019 | 76.9 hours |
| January 2020 | 96.5 hours |
| February 2020 | 42.4 hours |
| March 2020 | 127.4 hours |
| April through May 2020 | 416.6 hours |
| June 2020 | 111.8 hours |
| July 2020 | 20 hours |
| August through September 2020 | 105.1 hours |
| October through November 2020 | 96.4 hours |
| December 2020 | 110.9 hours |
| January through February 2021 | 142.5 hours |
| March through June 2021 | 218.4 hours |
| July through August 2021 | 217.2 hours |
| September 2021 | 75.6 hours |
| October 2021 | 120.8 hours |
| November 2021 | 192.2 hours |
| December 2021 | 193.6 hours |
| January 2022 through present | 71.5 hours |
| Total | 2442.9 |

**(Total time spent by Seth Carson: 2442.9) times (Hourly Rate: $500.00) = $1,221,450.00.**

### III.    ACCOUNTING FROM DETAILED TIME RECORDS OF SCOTT DIAMOND

Attorney, Scott Diamond also maintained time records in connection with work performed on behalf of Lisa Barbounis in the above captioned matter.  Scott Diamond worked 180 hours beginning at the end of October 2021.  Scott Diamond spent the entire month of November 2021, working with Seth Carson to review documents, testimony, and prepare trial strategy.  In the final two weeks of November 2021, (November 15, 2021, through November 19, 2021, and November

22, 2021, through November 26, 2021), Scott Diamond spent 8 hours a day, five days a week preparing for the trial MEF v. Barbounis.  Scott Diamond billed 80 hours for these two weeks.  In the first week of December 2021, Scott Diamond billed 30 hours totaling 110 hours by December 3, 2021.  The remaining 70 hours were billed between December 6, 2021, and December 16, 2021.  Scott Diamond worked every day between December 6, 2021, and December 16, 2021, including the weekend to prepare for trial.  Mr. Diamond was present for every strategy session which were held on a daily basis beginning in November 2021.   The 180 hours that Mr. Diamond billed to the case was all substantive work performed to prepare for and attend the trial.

Scott Diamond also billed 40 hours between January 2022 and the present.  This time was spent on post-trial motions, their research and preparation.  According, to date, Scott Diamond's total hours multiples by the rate per hour would produce the following product:

**(220 hours including post trial motions) times ($750.00 per hours) = $165,000.00**.

Scott Diamond bills as a rate that is substantiated by Middle East Forun filings.  Scott Diamond was recently afforded a managing role at the Derek Smith Law Group, Philadelphia offices.  Scott Diamond is a graduate of 1985 Temple University School of Law with an L.L.M in Trial Advocacy and Scott has been practicing law in the Commonwealth for more than 30 years.  Mr. Diamond's practice focuses on sophisticated litigation, including employment and civil rights matters.  As of March 11, 2022, Mr. Diamond's regular billing rate was $750.00 per hour which is within the typical range of prevailing market rates charged by attorneys with similar experience performing similar work in this geographic region and in this area of law.  Mr. Diamond is also a Certified Civil Trial Lawyer in New Jersey as well as Board Certified by The National Board of Trial Advocacy in Civil Litigation and Pre Trial-Practice.  Scott Diamond has been lead counsel in well over 150 trials and was retained for his experience and expertise in a trial setting.  Scott

Diamond's experience is comparable to Attison Barnes who has represented to this Court that he is billing at $895.00 per hour to Middle East Forum, for this very case; a rate significantly higher that Mr. Diamond's $750.00 hourly rate.

## IV.    CONCLUSION

Based on the above accounting, Defendant is entitled to an award of attorney's fees in connection with Defendant's Petition for Attorney's fees previously filed. As indicated within, Defendant spent significantly more time working on this case than what Defendant requested in Defendant's initial fee petition.  The difference between the total time worked and the time indicated in the previous fee petition represents the time that Defendant spent reviewing documents in connection with Capsicum.  Because Defendant had to redo that work, Defendant does not ask to be paid twice for substantially similar work.  It should be noted that Defendant's Fee Petition had increased somewhat due to the work that Defendant has continued to perform in connection with this case including post trial motions.

<div style="margin-left: 50%;">

BY: _____/s/ Seth D. Carson_____
        Seth D. Carson, Esquire
        Derek Smith Law Group, PLLC
        1835 Market Street, Suite 2950
        Philadelphia, PA 19103
        Phone: 215.391.4790
        Email: Seth@ DerekSmithLaw.com
        Counsel for Plaintiff

</div>

DATED: April 19, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date that I caused a true and correct copy of Defendant's Motion and Accounting of Fees to be served via ECF.

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
        SETH D. CARSON
        Derek Smith Law Group, PLLC
        1835 Market Street
        Suite 2950
        Philadelphia, PA 19103
        Phone: 215.391.4790
        Facsimile: 215.893.5288
        Email: Seth@DerekSmithLaw.com

DATED: April 19, 2022