# EXHIBIT A

## REPRIMANDS OF MR. CARSON'S DISCOVERY MISCONDUCT

| Misconduct | Description |
|---|---|
| *McNulty v. The Middle East Forum*, No. 19-cv-5029 (E.D. Pa.) | |
| Civil Contempt (Dec. 30, 2020) | Judge Strawbridge holds Mr. Carson (and his client), in civil contempt for failing to comply with discovery order and failing to appear at status conferences. *See* ECF No. 40, at 5–8. |
| Sanctions (Dec. 30, 2020) | Judge Strawbridge sanctions Mr. Carson (and his client) and awards MEF attorneys' fees and costs. *See* ECF No. 40, at 7 ("Awards of attorneys' fees and costs are particularly appropriate sanctions in instances of civil contempt."). |
| Discovery Default (Nov. 1, 2021) | Mr. Carson failed to respond timely to admissions requests, so Judge Lloret deems that 81 requests are deemed admitted by his client because of Mr. Carson's misconduct. *See* ECF No. 90, at 4. |
| Reprimand (Nov. 1, 2021) | Judge Lloret states that Mr. Carson's "conduct has been far from a model of how a party should conduct discovery. . . . Plaintiff's counsel has flat out refused to respond to prior discovery requests, even as ordered by the Court, and even has a spotty record of attendance at critical status conferences." ECF No. 90, at 6. |
| Sanctions (Nov. 1, 2021) | Judge Lloret sanctions Mr. Carson and awards MEF attorneys' fees and costs. *See* ECF No. 90, at 7–8 ("[C]onsidering [Mr. Carson]'s history of dilatoriness and Judge Strawbridge's December 2020 order mandating Ms. McNulty's and Mr. Carson's compliance with the Federal Rules, I find that . . . sanctions in the amount of attorney's fees and costs in bringing and defending against the motions before me is an appropriate sanction."). |
| *Barbounis v. The Middle East Forum*, No. 19-cv-5030 (E.D. Pa.) | |
| Contempt & Sanctions (Nov. 13, 2020) | Judge Wolson finds Mr. Carson in contempt and awards MEF attorneys' fees and costs associated with its Motion for Contempt. *See* ECF No. 74, at 1, 3. |
| Reprimand (Nov. 17, 2020) | Judge Wolson issues order for Mr. Carson to show cause why the Court should not sanction him for failing to comply with the Court's discovery order. ECF No. 77. |

*FILED UNDER SEAL*

| | |
|---|---|
| Reprimand (Nov. 17, 2020) | • Judge Wolson: "Mr. Carson, it's not clear to me that what you've been doing is fulfilling your discovery obligations in the case. I know this is not exactly the normal case for you, but you don't seem to be—you don't seem to understand the e-discovery process here. You don't seem to understand the platform you're using . . . and it's not clear to me that you understand some of the technical implications around all that, which is troubling to me. I do think, Mr. Carson, that you in significant ways ignored my order of October 26th . . . . That's troubling to me. I think what I tried to convey at the last hearing and what the order tried to convey is that I expected a fairly herculean effort to get the documents out and produced so that discovery could wrap up in this case." Hr'g Tr. 34:22–35:15.<br><br>• Judge Wolson: "I'm not interested in hearing 'I can't do it,' Mr. Carson. Okay? I mean a deposition is something that has some flexibility to it. A court order is not." Hr'g Tr. 39:22–24.<br><br>• Judge Wolson: "You'd better be really careful. This is not the time you want to be arguing with me and snippy with me about this Mr. Carson. I'm going to tell you right now that you conceded earlier on the record that you can't file a certification right now that you're in compliance with my order of October 26th because you haven't reviewed all the media files. You don't know what's in those media files, so you can't sit here and tell me that you know definitively that all responsive materials have been produced." Hr'g Tr. 43:2–10.<br><br>• Judge Wolson: "I don't have any confidence that you really know what's been produced in this case or you've done it in a way that is forensically sound and consistent with your ESI obligations." Hr'g Tr. 48:2–5. |
| Reprimand (Nov. 23, 2020) | • "Plaintiff's counsel has failed to comply with the Court's Order dated November 13, 2020, that required him to work with Cornerstone Discovery and Defendants' Counsel to submit a joint status report." ECF No. 82, at 1.<br><br>• "Plaintiff's Counsel has not filed a single status report" despite a Court Order, ECF No. 74. ECF No. 82, at 1.<br><br>• "Plaintiff's Counsel has not responded to the Court's Order" ordering him "to show cause, by November 20, 2020, why the Court should not sanction him for his failure to provide the daily updates." ECF No. 82, at 2. |

*FILED UNDER SEAL*

| | |
|---|---|
| | • Plaintiff failed to show cause as to whether the Court should determine that Plaintiff failed to fulfil discovery obligations and impose sanctions. ECF No. 82, at 2.<br><br>• "Plaintiff has failed to comply with her discovery obligations in this matter, and sanctions are appropriate . . . . Plaintiff is barred from making any affirmative use of any document that she does not produce on or before close of discovery on November 25, 2020." ECF No. 82, at 2.<br><br>• Ordering hearing for Court to consider whether to "find that Plaintiff and/or her counsel are in contempt of Court and to impose additional sanctions" ECF No. 82, at 2. |
| Reprimand (Dec. 4, 2020) | • Judge Wolson: "I'm troubled Mr. Carson, because—I don't understand the explanation . . . when courts issue orders, you need to read the orders.  And when courts impose deadlines, you need to comply with the deadlines . . . I just don't understand how when an order to show cause comes out, it can just go unnoticed.  That, frankly, doesn't make a lot of sense to me."  Hr'g Tr. 4:10–20.<br><br>• Judge Wolson: "So I'm just befuddled at the idea that I told you and then I issued an order telling you to do it, requiring you to do it, and you just didn't do it."  Hr'g Tr. 7:16–18 (referring to order requiring daily status updates).<br><br>• Judge Wolson: "You may think you're complying with the spirit of what I'm trying to do, but that's not how court orders work.  You don't get to divine what the spirit of the order is and then try to comply with that.  You've got to comply with what I said . . . . That's how it's got to work.  And it's not how it worked here."  Hr'g Tr. 9:5–12.<br><br>• Judge Wolson: "[I]t's clear to me on the record that you know about my orders.  And frankly, to the extent you didn't know about the order requiring the response to the order to show cause, that's more than just negligence from my perspective."  Hr'g Tr. 15:17–20.<br><br>• Judge Wolson: "Mr. Carson, I can see you, so I can see you smirking at me and rolling your eyes."  Hr'g Tr. 24:13–14.<br><br>• Judge Wolson: "[T]he record is pretty clear here that the plaintiff and Mr. Carson more directly has not complied with my orders on discovery . . . ."  Hr'g Tr. 71:22–24.<br><br>• Judge Wolson: "[S]anctions are appropriate.  I think that the record shows that there was at minimum a reckless disregard if not a willful |

*FILED UNDER SEAL*

| | |
|---|---|
| | disregard of my orders.  And so I think a contempt finding is appropriate [as] well."  Hr'g Tr. 72:4–7.<br><br>• Judge Wolson:  "Mr. Carson, I'm troubled by what seem to be some lack of facility with some of the core e-discovery concepts that have given rise to where we find ourselves here, and so I'm going to order you to take six hours of CLE on e-discovery—really e-discovery basics."  Hr'g Tr. 77:12–16. |
| Contempt & Sanctions (Dec. 4, 2020) | Judge Wolson finds Mr. Carson in contempt, orders Mr. Carson to pay monetary fine for each day that he fails to comply with the Court's orders, and orders Mr. Carson to complete six CLE credits on the topic of e-discovery.  *See* ECF No. 85, at 1, 4. |
| *Brady v. The Middle East Forum*, No. 19-cv-5082 (E.D. Pa.) | |
| Reprimand (Mar. 5, 2020) | Judge Kearney reprimands Mr. Carson for failing to comply with the Court's order, failing to appear at a hearing, and failing to oppose a motion for attorney's fees.  Orders Mr. Carson to show cause why the Court should not issue sanctions. *See* ECF No. 23. |
| Reprimand (June 18, 2020) | Judge Kearney reprimands Mr. Carson because he "inexplicably again did not appear [for a hearing] (as he did not for our initial pretrial conference resulting in a sanction to be determined at our July 6, 2020 hearing)."  *See* ECF No. 57, at 1. |
| Reprimand (July 6, 2020) | • Judge Kearney:  "[Y]ou don't show up for the hearing, and you don't call us.  So, that's sanctionable.  You got that.  Now, the question is— and then—and then one of the issues we have to consider about, sir, as—as for deterrence is a couple—a couple of weeks ago, we had another hearing, a discovery hearing, and you didn't appear.  So, what I'm concerned about is that this—whether I should refer you to the disciplinary board.  That's really what I'm concerned about.  That's two hearings in the same case that you just ignored.  You didn't call the court.  You didn't write the court and apologize.  You didn't ask for an extension.  You just didn't show."  Hr'g Tr. 7:22–8:10.<br><br>• Judge Kearney:  "Sir, you can't get back your reputation.  You can win a thousand cases and not get back your reputation.  I ask you as a member of the bar of this court, I'm going to give you a chance before I report you to some disciplinary board to show us, as a Court, this was an |

*FILED UNDER SEAL*

|  |  |
|---|---|
|  | anomaly.  This was aberrant behavior.  If it's not, I've made a record and I'll have an order out there that will address your name, and I suggest there will be a problem for you and Mr. Wilson and maybe Mr. Smith."  Hr'g Tr. 19:11–21.<br><br>• Judge Kearney:  "The disrespect shown to opposing counsel, its client, and me and this Court is that you don't even write to us.  You just ignore us.  My strong suggestion to you, this is a record of this hearing.  My strong suggestions is to don't ever do that again."  Hr'g Tr. 23:9–13. |
| Contempt & Sanctions (Aug. 13, 2020) | Judge Kearney granted MEF's motion for contempt, sanctioned Mr. Carson, and awarded MEF attorneys' fees and costs associated with preparing its Motion for Contempt.  *See* ECF No. 71. |