# EXHIBIT B

**CHART OF DEFICIENCIES IN DEFENDANT'S CLAIMED ATTORNEYS' FEES**

**TABLE OF CONTENTS**

I.      ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK ...................................................................... 1

II.     ATTORNEYS' FEES CLAIMED FOR ELECTRONICALLY STORED INFORMATION ("ESI") REVIEW ....................... 28

III.    ATTORNEYS' FEES CLAIMED IN BULK HOURS ........................................................................... 31

IV.     ATTORNEYS' FEES CLAIMED FOR REPRESENTING THIRD PARTIES ........................................................ 35

V.      ATTORNEYS' FEES CLAIMED FOR WORK CONDUCTED BY MEF COUNSEL ............................................ 42

VI.     ATTORNEYS' FEES CLAIMED FOR WORK UNABLE TO BE CONDUCTED AT THE TIME ....................................... 44

VII.    ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK ........................................................ 45

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| December 10, 2019 | 5 | Counsel also received and reviewed multiple emails from Denisse Drages, with attachments and saved to case file. Seth Carson also discussed the investigation strategy with client and organized documents provided by client making note of issues implicated in connection with a pending Rule 11 letter and Motion to Dismiss. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed).

MEF specifically objects to the 154.3 hours claimed by Mr. Carson for clerical tasks not associated with substantive legal work to Defendant.  For example, Mr. Carson's entry on September 23, 2020 where Mr. Carson claims to have spent 5.5 hours "[o]rganiz[ing] case file, files and folders. Compared the paper file to the difital [sic] file and made sure that all documents were downloaded and organized into the correct file and folder. Reviewed the docket and made note of issues that required resolution. Made a timeline for work that needed to be accomplished."  At the very least, courts in this circuit have recognized that rates must be adjusted downward for clerical and administrative work such as this.  *See McKenna I*, 2008 WL 4435939, at *7 (finding that an attorney should not "be paid his top rate by his opponent for doing ho-hum work" and recognizing that administrative tasks include "time spent on emails, faxes, filing, scanning, assembling, and conforming.").  All of the identified time entries for this category constitute administrative tasks that, in accordance with established precedent in this Circuit, should not be included in any fees award. |
| December 10, 2019 | 0.1 | Reviewing Plaintiff's motion (Document 9) for 6 minutes and saving in the case file. | |
| February 4, 2020 | 2.5 | Reviewed case file and organized file including all folders and documents received to date and prepared a strategy document moving forward to try and move the case along. Made a list of issues that required attention. Discussed case with Samuel Wilson and Lisa Barbounis. This was completed in 2.5 hours. | |
| February 10, 2020 | 0.1 | Reviewed docket and the Court's Order filed February 10, 2020, vacating default judgment: in 6 minutes – 0.1 hours. | |
| February 19, 2020 | 1.5 | Reviewed docket and the Court's Order granting Defendant's Motion for Reconsideration - and discussed | |

| Date | Claimed Hours | Alleged Time Description | Objections and Response |
|---|---|---|---|
| **I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK** | | | |
| | | with client. Discussed devices with client that required imaging: 1.5 hours. | |
| February 22, 2020 | 0.2 | Received and reviewed email from Sidney Gold requesting information about Defendant's third-party e-discovery vender. 12 minutes or 0.2 hours. | |
| February 22, 2020 | 0.2 | Email from Sidney Gold identifying Cornerstone - however, I attempted to use Cornerstone and they would not get involved due to potential conflict that had not been resolved. 12 minutes or 0.2 hours. | |
| February 24, 2020 | 0.1 | Received and reviewed email from Cornerstone's Robert Centofanti. 0.1 hours. | |
| February 24, 2020 | 0.2 | Email from Seth Carson to Sidney Gold providing information about e-discovery and discussing the criteria for the key words for use to retrieve potentially relevant information: 0.2 hours. | |
| February 24, 2020 | 0.2 | Email from Sidney Gold responding to email from Seth Carson earlier same day. Mr. Gold sent a follow up email again that day: 0.2 hours. | |
| February 25, 2020 | 0.1 | Email from Cornerstone - Robert Centofanti - confirming that he had | |

| I.   ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | already been contacted by Plaintiff which created a conflict of interest: 0.1 hours. | |
| February 25, 2020 | 0.8 | Email from Denise Drages with 2 letter attachments. Reviewed email and letter attachments which were two letters dated February 25, 2020. The letters indicated a disconnect as Defendant had furnished responses to Plaintiff's only discovery requests over a month earlier: 0.8 hours. | |
| February 25, 2020 | 0.8 | Email from Seth Carson to Sidney Gold. This email was a response to the two letters dated February 25, 2020. Defendant drafted and sent a detailed response to the concerns raised by Plaintiff in these two letters: 0.8 hours. | |
| February 25, 2020 | 0.7 | Reviewed the two letters sent by Plaintiff to Defendant dated February 25, 2020. Reviewed the case file and emails to compare information presented by Plaintiff to the record. It appeared that Plaintiff was offering false information that was contradicted by Plaintiff in Plaintiff's letters. Plaintiff accused Defendant of not responding to discovery | |

| I.   ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | requests and referenced Defendant's verified responses to rogs: 0.7 hours. | |
| February 26, 2020 | 2.0 | Provided electronic devices to Capsicum for copying of entire device. These copies were paid for by Defendant and used by Cornerstone for the production of all e-discovery that commenced including Cornerstone: 2 hours. | |
| February 26, 2020 | 0.7 | Seth Carson drafted a response to the email of Attison Barnes and attempted to answer all concerns raised by Mr. Barnes. 0.7 hours. | |
| February 27, 2020 | 0.9 | Reviewed email from Attison Barnes and responded the same day, trying to schedule a meet and confer in order to discuss the issues and resolve them. 0.9 hours. | |
| February 27, 2020 | 1.5 | Email sent by Seth Carson to Plaintiffs in connection with the meet and confer and outstanding issues that Defendants identified in a 4-page letter attached. Drafted the letter and sent to Plaintiff: 1.5 hours. | |
| February 28, 2020 | 0.8 | Plaintiff emailed Defendant a Notice of Deposition for the deposition of Lisa Barbounis to take place March 19, 2020, at 9:30 A.M. - reviewed Notice and email. Saved to case file. | |

4

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | Spoke to Lisa Barbounis about the Notice: 0.8 hours. | |
| February 28, 2020 | 0.2 | Subpoena for the deposition of Marnie O'Brien sent by email and copied Seth Carson - Reviewed subpoena and email: 0.2 hours. | |
| February 28, 2020 | 0.6 | Email thread concerning subpoenas for the depositions of Mathew Ebert, Delaney Yonchek and Marnie O'Brien in the matter of MEF v. Lisa Barbounis - reviewed and responded to emails. 0.6 hours. | |
| February 28, 2020 | 0.5 | Emails discussing proposed protective order which was part of the conversation the night before during the meet and confer. 0.5 hours. | |
| February 28, 2020 | 1.0 | Email from Attison Barnes with attachment. The attachment was a stipulated injunctive relief order that Plaintiff hoped Defendant would sign. Defendant did not believe that injunctive relief was appropriate or required to accomplish the objectives Reviewed the proposed order and email: 1 hours. | |
| February 28, 2020 | 0.1 | Emailed a response to Plaintiff declining agreement to the proposed injunctive relief order: 0.1 hours. | |

| I.   ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| February 28, 2020 | 0.8 | Email from Denise Drages with 3 subpoenas to (1) Marnie O'Brien, (2) Delaney Yonchek, and (3) Matthew Ebert. - Reviewed the email and 3 subpoenas: 0.8 hours | |
| February 28, 2020 | 0.3 | Seth Carson sent an email regarding the 3 subpoenas to Plaintiff along with information requesting Plaintiff to produce witnesses under Plaintiff's control including Roman and Pipes: 0.3 hours. | |
| April and May 2020 | 16.6 | Spent responding to emails sent and received between the parties, organizing the case file, making note of information relevant to Lisa Barbounis arguments and defenses. This 16.6 hours was time spent between April 1, 2020, and May 30, 2020, other than reviewing e-discovery. | |
| June 1, 2020 | 0.4 | Email from Capsicum discussing data produced from LB devices. With new version of data for review: 0.4 hours. | |
| June 2, 2020 | 0.5 | Email from Capsicum discussing data produced from LB devices: 0.5 hours. | |
| June 4, 2020 | 0.4 | Reviewed docket and Plaintiff's Response in Support of Plaintiff's | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | Motion for extra time for discovery and protective order : 0.4 hours. | |
| June 5, 2020 | 0.5 | Email from Capsicum with link to folder where e-discovery from LB devices was placed: 0.5 hours. | |
| June 6, 2020 | 0.5 | Drafted an email addressed to Attison Barnes providing Plaintiff with a link to the shared Dropbox folder - "MEF v. Lisa Barbounis" and the password for access: 0.5 hours. Used this folder to provide Plaintiff with responses to third-party subpoenas. | |
| June 8, 2020 | 0.9 | Email from Attison Barnes and response from Seth Carson - attempting to resolve discovery concerns including scheduling depositions, the protective order, and the privilege log. Reviewed Mr. Barnes' email and drafted and sent a response: 0.9 hours. | |
| June 8, 2020 | 0.4 | Email from Attison Barnes once again presenting a long timeline of complaints. Response from Seth Carson asking for a meet and confer to resolve the issues by conversation. Reviewed email and sent response: 0.4 hours. | |

7

| I.   ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| June 11, 2020 | 0.2 | Email from Capsicum discussing data produced from LB devices: 0.2 hours. | |
| June 11, 2020 | 0.5 | Final version of protective order is sent to Defendant. - Reviewed email and protective order. Agreed to protective order: 0.5 hours. | |
| June 12, 2020 | 0.3 | Email from Capsicum with link to folder where new version of data was produced for review by Defendant: 0.3 hours. | |
| June 12, 2020 | 0.5 | Reviewed docket and Court Order in connection with subpoenas and discovery and saved and discussed with client 0.5 hours. | |
| June 12, 2020 | 0.1 | Email sent from Seth Carson to agreeing to protective order: 0.1 hour. | |
| June 15, 2020 | 0.5 | Email exchange from June 15 - June 16, 2020, with Capsicum discussing the e-discovery produced from LB devices: 0.5 | |
| June 16, 2020 | 0.7 | Email exchange with Capsicum discussing the e-discovery produced from LB devices: 0.7 hours. | |
| June 16, 2020 | 1.3 | Received email from Plaintiff with documents that Plaintiff received from a subpoena that was never properly noticed.   Mr.   Gold | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
|  |  | represented that the subpoena would be withdrawn pursuant to Defendant's objections and it was never presented again. Reviewed documents. Discussed with client: 1.3 hours. |  |
| June 17, 2020 | 0.2 | Email sent by Seth Carson to Plaintiff attempting to resolve by agreement the issues related to Ms. Barbounis' privacy: 0.2 hours. |  |
| June 18, 2020 | 1.0 | Email exchange with Capsicum beginning June 18 until June 25, discussing e-discovery produced from LB devices: 1 hours. |  |
| June 19, 2020 | 0.7 | Email received from Attison Barnes with letter attachment confirming depositions for Delaney Yonchek, Caitriona Brady, Patricia McNulty, Vasili Barbounis, and Mathew Ebert. - Reviewed email and letter: 0.7 hours. |  |
| June 22, 2020 | 0.7 | Reviewed and saved letter to case file sent by Plaintiff dated June 22, 2020. The document requests and subpoenas were sent to Defendant on June 19, 2020. Three days later, Plaintiff argued to the Court that Defendant should be sanctioned and that Defendant was causing a delay |  |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
| --- | --- | --- | --- |
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | by not responding to subpoenas sent only 3 days before. Reviewed file and emails to confirm communications: 0.7 hours. (Note the subpoenas were issued after the Court order). | |
| June 22, 2020 | 0.7 | Email from Denise Drages to Court with letter to Court regarding subpoenas and documents that the witnesses represented did not exist. Reviewed email and letter to Court: 0.7 hours. | |
| June 25, 2020 | 2.3 | Reviewed docket and Court Order requiring Capsicum to turn e-data over to Cornerstone - reviewed, discussed with client and saved: 2.3 hours. | |
| June 25, 2020 | 1.0 | Discussed times to schedule subpoenas and facilitate the depositions Plaintiff wanted to conduct: 1 hours. | |
| June 26, 2020 | 0.2 | Reviewed docket and Court Order requiring parties to meet and confer regarding discovery issues: 0.2 hours. | |
| June 26, 2020 | 0.4 | Email drafted and sent to Addison Barnes notifying Plaintiff regarding objections to documents requested. The subpoenas were dated May 21, | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | 2020, and Defendant responded with objections within days. Mr. Barnes again claims prejudice for failure to receive documents subject to timely objections. Also, the third-party witnesses did not have information related to the trade secrets case. Plaintiff sent multiple emails on June 26, 2020, trying to resolve these issues: 0.4 hours. | |
| June 27, 2020 | 0.3 | Email received from Attison Barnes regarding documents Mr. Barnes requested. During subsequent depositions it was confirmed by the witnesses that they were not in possession of said documents. Reviewed email: 0.3 hours. | |
| June 30, 2020 | 0.6 | Email exchange with Capsicum from June 30, 2020 until July 7, 2020, discussing e-discovery from LB devices including hard copies of the devices sent by FedEx: 0.6 hours. | |
| June 30, 2020 | 2.0 | Reviewed information and accounts subject to discovery through Cornerstone and obtained usernames and passwords to provide to Cornerstone: 2 hours. | |
| June 30, 2020 | 0.1 | Received and reviewed email from Attison Barnes confirming images of | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | Lisa Barbounis' devices were sent by Capsicum to Cornerstone: 0.1 hours. | |
| June 30, 2020 | 0.2 | Contacted Cornerstone to confirm compliance with the Court Order directing images of devices would be sent from Capsicum to Cornerstone: 0.2 hours. | |
| August 4, 2020 | 0.2 | After some emails back and forth both parties confirmed with Cornerstone and Cornerstone confirmed with the parties that the list of terms and conditions was agreed upon and would be implemented: 0.2 hours. | |
| August 7, 2020 | 0.2 | Email from Cornerstone tech confirming that the first set of data - the non-AEO set was being produced to the Junto platform - with notes regarding conditions: 0.2 hours. | |
| August 8, 2020 | 0.1 | Received and reviewed email from Defendants confirming information with Cornerstone for receipt of the first set of data from the LB devices: 0.1 hours. | |
| August 9, 2020 | 0.1 | Drafted and sent an email from Seth Carson to Parties and cornerstone confirming who on Defendant's side would receive access to the first set of data: 0.1 hours. | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| August 9, 2020 | 0.1 | Email from Cornerstone confirming conditions agreed upon by the parties would be considered and reflected in the data pushed to the Junto platform: 0.1 hours. | |
| August 12, 2020 | 0.4 | Email with letter attachment from Attison Barnes. The misleading letter can best be described as intentionally incorrect. The letter accused Defendant of violating a June 12, 2020, Order because Plaintiff was not satisfied with third party documents and objections. The document request and subpoena was dated June 19, 2020 -a week after the Court's order. Clearly the Court did not order Defendant to respond to a request that didn't happen yet. This did not stop Mr. Barnes from claiming prejudice and asking for sanctions and attorney's fees. Reviewed letter and saved to case file: 0.4 hours. | |
| August 31, 2020 | 2.5 | Reviewed Plaintiff's Motion for Sanctions and Contempt - Reviewed, researched, discussed, and saved: 2.5 hours. | |
| September 4, 2020 | 0.1 | Email from Cornerstone confirming that the AEO discovery produced to | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
|  |  | both parties at the same time is ready for review: 0.1 hours. |  |
| September 15, 2020 | 1.5 | Discussions with counsel for Derek Smith Law Group regarding Samuel Wilson entering his appearance and helping to oversee case management : 1.5 hours. |  |
| September 16, 2020 | 0.2 | Email thread scheduling status conference with the Court and parties for September 18, 2020, at 2:00 P.M. - Calendar marked: 0.2 hours. |  |
| September 22, 2020 | 1.4 | Email from Plaintiff with proposed stipulation for injunctive relief. Mr. Barnes continued to argue that the only way that Defendant would have a problem agreeing to subject herself to the Court's jurisdiction is if she had bad intentions. Lisa Barbounis reviewed the proposed stipulation and made edits and returned it but Plaintiff did not agree to Defendant's changes. Review emails and stipulation and edit stipulation and return: 1.4 hours. |  |
| September 23, 2020 | 5.5 | Organized case file, files and folders. Compared the paper file to the difital file and made sure that all documents were downloaded and organized into the correct file and folder. Reviewed |  |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
| --- | --- | --- | --- |
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | the docket and made note of issues that required resolution. Made a timeline for work that needed to be accomplished: 5.5 hours. | |
| September 24, 2020 | 0.9 | Email from Denise Drages with letter to the Court in connection with Defendant's Emergency letter sent to the Court. Reviewed email and letter: 0.9 hours. | |
| September 24, 2020 | 0.1 | Email thread scheduling status conference with the Court and parties for September 25, 2020, at 9:30 A.M: 0.1 hours. | |
| September 24, 2020 | 0.2 | Email to Rob from Cornerstone inviting Rob to attend the status conference scheduled for Friday. Rob responded but could not attend on Friday due to a prior engagement: 0.2 hours. | |
| September 25, 2020 | 1.5 | Email to the Court with letter addressed to Judge Sanchez from Defendant requesting relief in connection with Cornerstone documents produced that does not relate to the case: 1.5 hours. | |
| September 29, 2020 | 1.1 | Reviewed docket and report of Plaintiff (Document 71) - Reviewed the proposed stipulation for injunctive relief. Discussed with | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | client to confirm Defendant's position. Lisa did not want to agree to be subject to the Court's jurisdiction when Plaintiff could not demonstrate that injunctive relief was even appropriate: 1.1 hours. | |
| September 29, 2020 | 0.1 | Email from Cornerstone scheduling telephone conference: 0.1 hours. | |
| September 30, 2020 | 0.1 | Email scheduling telephone conference with parties and Cornerstone: 0.1 hours. | |
| October and November 2020 | 16.4 | The other 16.4 hours in October and November 2020 was spent reviewing information sent by Plaintiff and responding. | |
| December 3, 2020 | 0.1 | Email response asking Plaintiff to discontinue attempts to secure injunctive relief based on the lack of any harm or injury: 0.1 hours. | |
| December 3, 2020 | 0.1 | Drafted a response to email of Attison Barnes and sent: 0.1 hours. | |
| December 6, 2020 | 0.3 | Email thread beginning 12/6/2020 and continuing until 12/12/2020 discussing injunctive relief hearing and stipulation: 0.3 hours. | |
| December 8, 2020 | 0.3 | Reviewed docket and Court Order granting in part and denying in part third party document production: 0.3 hours. | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| December 8, 2020 | 0.1 | Email scheduling test session in preparation for injunctive relief hearing scheduled for December 16, 2020, at 11:30 A.M.: 0.1 hours. | |
| December 10, 2020 | 0.1 | Reviewed docket and Order scheduling hearing for preliminary injunction for December 17, 2020,: 0.1 hours. | |
| January 13, 2021 | 0.2 | Email thread setting up and scheduling a status conference with the parties and Court for January 19, 2021, at 2:30 - and added to calendar: 0.2 hours. | |
| January 12, 2021 | 0.1 | Plaintiff asks for another accommodation but refuses to grant any. I believe this is the 5th time Plaintiff asked and Defendant agreed not to oppose or allow extra time or more pages: 0.1 hours. | |
| January 13, 2021 | 0.2 | Reviewed email and letter sent by Plaintiff to the Court: 0.2 hours. | |
| January 18, 2021 | 0.3 | Email drafted and sent by Seth Carson to Plaintiff asking Plaintiff if all outstanding discovery is resolved. Defendant suggested the parties work by agreement to resolve outstanding discovery but suggested that there was nothing outstanding as | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | all issues had been resolved: 0.3 hours. | |
| January 19, 2021 | 0.1 | Reviewed the docket and Document 94 - Plaintiff's Motion to seal documents: 0.1 hour. | |
| January 19, 2021 | 4.5 | Seth Caron sent multiple emails to Plaintiff asking Plaintiff to meet and confer and asking if there were any issues that needed discussion or resolution. The communications suggested a preference for agreements versus court intervention. Plaintiff responded by filing Document 93 and 93-1, which provided the Court with a narrative that Plaintiff refused to even discuss with Defendant. Reviewed the status reports. Reviewed the case file and communications. Reviewed previous orders. Reviewed discussions with Cornerstone and e-discovery produced: 4.5 hours. | |
| January 19, 2021 | 0.1 | Email from Denise Drages with attachments - received and saved to case file: 0.1 hour. | |
| January 19, 2021 | 0.1 | Rescheduling the status conference with the Court: 0.1 hour. | |
| January 19, 2021 | 0.2 | Email with attachment - Plaintiff's request to seal or redact the hearing | |

| | I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | transcript. Reviewed email and attachment: 0.2 hours. | |
| January 19, 2021 | 0.3 | Email from Seth Carson to Plaintiff attempting to obtain Plaintiff's cooperation to discuss and resolve outstanding discovery issues by agreement. Defendant, pointed out that Plaintiff was needlessly creating more work for the parties ... claiming prejudice and asking for fees and costs. Plaintiff did not try to work with Defendant first and the list of outstanding issues. Drafted and sent this email: 0.3 hours. | |
| January 20, 2021 | 0.2 | Email from Mr. Barnes in response to Defendant's email and attempt to resolve issues by agreement: 0.2 hours. | |
| January 20, 2021 | 0.6 | Email drafted and sent responding to Plaintiff's list of concerns and addresses each one in turn. The answers were very simple and easy to resolve (1) Documents 1 through 10 were in a folder labeled Brady that Plaintiff had access to. (2) Defendant identified Documents 52 through 226 and showed Plaintiff where to find them. (3) Defendant has no Wicr account and would swear to it. (4) | |

| I.   ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
|  |  | There was no Singal data on any of Lisa'a devices. (5) Lisa has no Proton Mail account. These were the issues identified by Plaintiff during the meet and confer. None of the issues required Lisa to produce more information or caused Plaintiff prejudice: 0.6 hours. |  |
| February 2, 2021 | 0.1 | Plaintiff sends an email to Defendant asking for another accommodation - reviewed the email and discussed with Scott Diamond: 0.1 hours. |  |
| February 3, 2021 | 0.8 | Reviewed docket and Document 96, the Court's Order in connection with the status conference and status reports. Discussed the Court's Order with client and ways to attempt to provide the information Plaintiff requested: 0.8 hours. |  |
| February 8, 2021 | 0.1 | Email from Denise Drages confirming deposition of Amy Mekelburg for February 11, 2021: 0.1 hours. |  |
| February 10, 2021 | 0.5 | Email from Plaintiff with letter attached and dated February 10, 2021. The letter explained how pleased Plaintiff was in failing to demonstrate injunctive relief was |  |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | appropriate. Reviewed email and letter: 0.5 hours. | |
| February 11, 2021 | 0.5 | Drafted and sent Plaintiff an email. The email explained that Plaintiff's case was brough in bad faith. The email stated that Plaintiff was not going to prevail at trial either. The email identified the reasons Plaintiff's case was frivolous and retaliatory. All that said, Defendant tried to resolve the issues between the parties. Defendant's attempt to resolve this case by agreement went answered: 0.5 hours. | |
| February 17, 2021 | 0.4 | Attison Barnes addressed an email to Defense counsel under the subject MEF v. Lisa Barbounis 19-5697 and tried to expand the case to include obtaining a third-party vender to remove information from Patricia McNulty, Caitriona Brady, and Delaney Yonchek's accounts and devices. Defendant responded and suggested a easier, less expensive way to accomplish this. Plaintiff never raised the issue again; 0.4 hours. | |
| February 17, 2021 | 0.2 | When Plaintiff did not respond to Defendant's first request to settle the | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | case by agreement and begin a process to remove everything from Lisa's devices and accounts, Defendant sent another email on February 17, 2021. This email also went without a response: 0.2 hours. | |
| March 16, 2021 | 0.2 | Email with letter attached and dated March 16, 2021 - regarding Defendant's privilege log. Reviewed email and letter: 0.2 hours | |
| March 16, 2021 | 0.2 | Email with letter attached and dated March 16, 2021. This letter is a waste of time and money. Again, Plaintiff is forcing Defendant to respond to non-issues. Cornerstone confirmed that there was no alternative way to collect the data from Wicr. This has nothing to do with Lisa Barbounis or preserving information. There is no reason to even suggest that a Wicr account Lisa barely used contains discoverable information. And she does not know how to access the account and neither does Cornerstone: 0.2 hours. | |
| March 22, 2021 | 0.2 | Email from Seth Carson to Attison Barnes assuring Plaintiff that Defendant does not care if Plaintiff sees her Wicr account. This is not an | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| | | attempt to hide information. Cornerstone tried. Lisa tried. There is no way to access the information: 0.2 hours. | |
| April 30, 2021 | 0.6 | Email from Seth Carson to Plaintiff once again suggesting a method for deleting all information from all devices and accounts so that all issues are resolved and so that there is no more concern. This is the third email trying to accomplish what MEF and its counsel claimed is all they care about. Plaintiff's response - an email stating: "where is the privilege log?": 0.6 hour. | |
| May 4, 2021 | 1.5 | Privilege log prepared by Cornerstone forwarded to Plaintiff. - Reviewed log and sent to Plaintiff: 1.5 hours. | |
| May 18, 2021 | 0.2 | Reviewed docket and Document 98 - Plaintiff's Motion to compel non-party witness, Marnie O'Brien: 0.2 hours. | |
| May 18, 2021 | 0.7 | Reviewed docket and Document 99 - Documents supporting exhibits 1 - 15 - in connection with motion to compel non-party witness Marnie O'Brien: 0.7 hours. | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| May 18, 2021 | 0.1 | Email from Stacy Wertz scheduling statis conference with Court and parties: 0.1 hours. | |
| May 19, 2021 | 0.1 | Reviewed docket and Document 100 - Notice of Appearance by Jon Cavalier: 0.1 hours. | |
| May 20, 2021 | 1.3 | Reviewed docket and Document 101 - Court's Scheduling Order setting deadlines for dispositive motions and trial - added to calendar and reviewed w/client: 1.3 hours. | |
| June 1, 2021 | 0.3 | Reviewed docket and Document 103 - Plaintiff's Motion to Compel testimony of witness Marnie O'Brien: 0.3 hours. | |
| June 2, 20201 | 0.2 | Scheduled the deposition of Marnie O'Brien for June 15, 2021 at 8:30 A.M.: 0.2 hours. | |
| June 14, 20201 | 0.1 | Received email and link to zoom conference for deposition on June 15, 2021: 0.1 hours. | |
| June 15, 20201 | 0.1 | Email to O'Brien and counsel requesting agreement to sign confidentiality order: 0.1 hours. | |
| July 27, 2021 | 0.1 | Email scheduling depositions of Gregg Roman, Daniel Pipes, and Steve Levey: 0.1 hours. | |
| July 29, 2021 | 0.1 | Email response discussing dates when Plaintiff can produce the three | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | requested individuals for depositions: 0.1 hours. | |
| August 18, 2021 | 0.1 | Reviewed docket and Document 104 - Order granting Plaintiff's Motion to compel: 0.1 hours. | |
| August 18, 2021 | 0.1 | Email attempting to schedule depositions of Roman, Pipes and Levey: 0.1 hours. | |
| August 23, 2021 | 0.1 | Response scheduling depositions for first week of September: 0.1 hours. | |
| August 27, 2021 | 0.3 | Reviewed docket and Document 105 - Order denying motions for sanctions and attorney's fees: 0.3 hours. | |
| August 29, 2021 | 0.2 | Email from Plaintiff scheduling deposition of Lisa Barbounis and response - setting date for September 6, 2021: 0.2 hours. | |
| August 30, 2021 | 0.1 | Email exchange confirming the exact dates and times for depositions of (1) Roman, (2) Pipes, and (3) Barbounis for September 2, 3, and 6 respectively: 0.1 hours. | |
| August 30, 2021 | 0.3 | Email thread beginning August 30, 2021, to August 31, 2021, with 15 emails sent and received rescheduling depositions dates and times at Plaintiff's request: 0.3 hours. | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| Date | Claimed Hours | Alleged Time Description | Objections and Response |
| August 31, 2021 | 0.2 | Email from Seth Carson confirming an accommodation at Plaintiff's request for a late start time: 0.2 hours. | |
| August 31, 2021 | 0.5 | Notices of Deposition drafted and sent to Plaintiff for Roman and Pipes on September 2, and 3: 0.5 | |
| August 31, 2021 | 0.1 | Video conference links sent and received to parties including Plaintiff's counsel. 0.1 hours. | |
| September 1, 2021 | 5.0 | Downloaded and reviewed Plaintiff's production of documents bates stamped P0001 through P0601 5 | |
| September 13, 2021 | 0.1 | Email from Plaintiff with link to Lisa Barbounis' September 14, 2021 deposition: 0.1 hours. | |
| September 15, 2021 | 0.1 | Email continuing the deposition of Lisa Barbounis for September 27, 2021: 0.1 hours. | |
| September 17, 2021 | 0.2 | Email to Everest regarding AEO designations for portions of the depsition transcripts of Roman and Pipes: 0.2 hours. | |
| September 23, 2021 | 1.0 | Email from Plaintiff with expert report attached. - Cursory review and saved to case file: 1 hours. | |
| September 24, 2021 | 0.1 | Email with zoom instructions for Lisa Barbounis deposition for September 27, 2021: 0.1 hours. | |

| I. ATTORNEYS' FEES CLAIMED FOR CLERICAL WORK | | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| October 2021 | 40.0 | The other 40 hours were spend receiving or drafting emails from Plaintiff, reviewing the docket and all docketing filings in October 2021 (Documents 108 – 127). | |
| | **TOTAL: 154.3** | | |

27

| II. | ATTORNEYS' FEES CLAIMED FOR ELECTRONICALLY STORED INFORMATION ("ESI") REVIEW | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| March 2020 | 91.3 | About 91.3 hours out of the total 127.4 was time that it took to review e-discovery. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed).<br><br>MEF specifically objects to the 1190.4 hours that Mr. Carson claims to have spent reviewing ESI and other e-discovery in this case.  As the Court will recall, the e-discovery troubles were caused by Defendant, who failed to respond to Plaintiff's "expedited" discovery requests served in December 2019, prompting the Court over six months later (after multiple motions by Plaintiff) to order Defendant to transfer all e-discovery obligations to Cornerstone.  *See* Order, ECF No. 58.  Because of Mr. Carson's inability to comply with discovery obligations, any time spent working with his prior vendor (Capsicum) was unproductive, at best.  Mr. Carson's lack of competence with discovery is well-known in this Court.  Indeed, while this case was pending, Judge Wolson sanctioned Mr. Carson for, among other things, his complete lack of basic e-discovery knowledge, and held Mr. Carson in contempt, ordering Mr. Carson to pay a monetary fine for each day that he failed to comply with the Court's discovery orders and ordering Mr. Carson to complete six CLE credits on the topic of e-discovery.  *See Barbounis v. The Middle East Forum*, No. 19-cv-5030 (E.D. Pa.), ECF No. 85, at 1, 4.  In light of Mr. Carson's conduct during discovery in this case as well as his lack of competence in the e-discovery process as demonstrated by rulings in this Court, the Court should not award any fees for Mr. Carson's review of ESI. |
| April 2020 | 200.0 | There was 200 hours spent in April and May for a total of 400 hours reviewing e-discovery in order to produce relevant information to MEF. Capsicum produced hundreds of thousands of documents that required review where each document required enormous time reading and redacting, among other tasks in connection with the e-discovery Order. | |
| May 2020 | 200.0 | There was 200 hours spent in April and May for a total of 400 hours reviewing e-discovery in order to produce relevant information to MEF. Capsicum produced hundreds of thousands of documents that required review where each document required enormous time reading and redacting, among other tasks in connection with the e-discovery Order. | |
| June 2020 | 40.0 | Defense counsel also spent 40 more hours between June 1, 2020, and June 30, 2020, reviewing date from Lisa Barbounis' devices. | |
| July 2020 | 20.0 | Seth Carson worked 20 hours in connection with the instant matter. All work was reasonable and necessary. The primary work completed in July 2020, | |

| II. | ATTORNEYS' FEES CLAIMED FOR ELECTRONICALLY STORED INFORMATION ("ESI") REVIEW | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| | | was to make Cornerstone ready to collect and process all data subject to e-discovery. The parties were able to save time by using the images taken by Capsicum which were provided to Cornerstone. Cornerstone also brough data down from all of Lisa Barbounis accounts including email, social media, communication, and storage. | In addition, the amount claimed by Mr. Carson in the category of ESI-related work is a staggering 50% of the total amount claimed, suggesting that Mr. Carson's attempted re-creation of his work in this case was overloaded with a default category of ESI review. |
| September 22, 2020 | 5.0 | Review of data provided by Cornerstone in connection with LB devices and accounts: 5 hours. | |
| September 24, 2020 | 8.0 | Review of data provided by Cornerstone in connection with LB devices and accounts: 8 hours. | |
| September 26, 2020 | 7.0 | Review of data provided by Cornerstone in connection with LB devices and accounts: 7 hours. | |
| September 27, 2020 | 9.0 | Review of data provided by Cornerstone in connection with LB devices and accounts: 9 hours. | |
| September 2020 | 30.0 | Reviewed data from devices and accounts of Lisa Barbounis in connection with e-discovery. 30 hours. | |
| October and November 2020 | 80.0 | Counsel for Lisa Barbounis, Seth Carson spent 80 hours in October and November reviewing data collected from Lisa Barbounis' devices. | |

| II. | ATTORNEYS' FEES CLAIMED FOR ELECTRONICALLY STORED INFORMATION ("ESI") REVIEW | | |
|---|---|---|---|
| **Date** | **Claimed Hours** | **Alleged Time Description** | **Objections and Response** |
| February 8, 2021 | 0.1 | Cornerstone confirmed that it could collect and provide data from Defendant's Facebook account and Telegram account. Of course there is no information in either of these accounts that is relevant to this case.: 0.1 hours. | |
| January and February 2021 | 100.0 | Counsel for Lisa Barbounis, Seth Carson spent 100 hours in January and February 2021, reviewing data collected from Lisa Barbounis' devices. | |
| March – June 2021 | 200.0 | Between March and June 2021, counsel, Seth Carson spent another 200 hours reviewing this information for relevance and use. Due to the list of keywords provided by Middle East Forum, there were hundreds of thousands of documents that had no connection to the case but required review. | |
| July-August 2021 | 200.0 | Between July and August 2021, counsel, Seth Carson spent another 200 hours reviewing this information for relevance and use. Due to the list of keywords provided by Middle East Forum, there were hundreds of thousands of documents that had no connection to the case but required review. | |
| | **TOTAL: 1190.4** | | |

| III.    ATTORNEYS' FEES CLAIMED IN BULK HOURS | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| December 3-5, 2019 | 16.6 | Between December 3 and December 5, 2019, Seth Carson spent 16.6 hours working on this case. This time was spent reviewing the complaint, legal research, reviewing case file exhibits and other documents, discussing the case with the client, reviewing filed Documents 1, 2, 3, 4, 5, 6, 7, and 8 (filed on the docket), and reviewing four emails sent by Denies Drages from Sydney Gold's office including attachments. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed).

Additionally, MEF specifically objects to eight alleged time descriptions, amounting to 650.5 hours, that Mr. Carson submitted without any detail or further documentation for the individual tasks conducted in each time description. Third Circuit precedent makes clear that this Court should exclude hours that are "excessive, redundant, or otherwise unnecessary," as well as hours that "the fee petition inadequately documents." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). In these eight time descriptions, Mr. Carson lumps together huge chunks of time under broad, non-descript categories of work such as "researching, investigating, drafting, editing, and finalizing the memorandums and fact statements in connection with dispositive motions." Mr. Carson fails to identify with specificity in these entries, which documents, proceedings, or correspondences he is working on. In fact, in November 2021, Mr. Carson does not even provide any detail as to what kinds of work was accomplished in 192.2 hours. Failure to adequately document and specify the work completed, leaves MEF (and presumably the Court) guessing as to what work was allegedly accomplished. These descriptions do not rise to the level of documentation required by the Third Circuit. |
| December 2019 | 36.2 | Tasks that required completion in December 2019 included, responding to letters sent by Plaintiff to the Court in connection with Preliminary Injunction petition, drafting a Rule 11 letter that explained the many reasons Plaintiff's case was filed in bad faith. Defendant's Rule 11 letter was a detailed analysis of the case that responded to the allegations in the 44-page civil action complaint. Seth Carson also prepared for and attended the first | |

31

| III. ATTORNEYS' FEES CLAIMED IN BULK HOURS | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | hearing with the Court by telephone on December 20, 2019. In December 2019, Seth Carson also responded to another letter to the Court by Plaintiff dated December 26, 2019. Seth Carson also began the research and drafting of Defendant's Motion to Dismiss. These tasks took about 36.2 hours and are detailed in Defendant's time sheet. | |
| December 2020 | 70.0 | Review of the evidence, preparation, client discussion, attending the hearings, and drafting closing arguments took about 70 of the 110.9 hours worked in December 2020. | |
| October 2021 | 80.0 | More than 80 of the 120.8 hours billed in the month of October 2021, involved researching, investigating, drafting, editing, and finalizing the memorandums and fact statements in connection with dispositive motions. | |
| November 2021 | 192.2 | The following is a list of dates and entries to Defendant's time sheet: 4 entries on November 1, 2021, November 2 entry, November 3 entry, 2 November 4 entries, November 5 entry, 2 | |

| III. ATTORNEYS' FEES CLAIMED IN BULK HOURS | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | November 8 entries, November 9 entry, 2 November 10 entries, 11 entries on November 11, 3 November 12 entries, November 13 entry, November 14 entry, November 15 entry, November 16 entry, 3 November 17 entries, 14 entries on November 18, 2 November 19 entries, November 20 entry, November 21 entry, November 22 entry, November 24 entry, 3 November 29 and November 30 entries. Essentially, Seth Carson worked every day of November 2021, preparing for the trial scheduled for December 13, 2021. | |
| December 2021 | 64 | For each of the 4 days of trial, Seth Carson worked from 6:00 A.M. until 10:00 P.M. Accordingly 64 hours was spent on the 4 days of trial. | |
| December 2021 | 120 | From December 1 through December 12, 2021, Seth Carson worked every day preparing for trial at least 10 hours per day. | |
| January 2022 | 71.5 | From January 1, 2022, until the present, Defense counsel, Seth Carson spent 71.5 hours drafting Defendant's Motion for fees and | |

| III.   ATTORNEYS' FEES CLAIMED IN BULK HOURS | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | responding to Plaintiff's Motion for a New Trial. This was spent researching the motions, reviewing the trial transcript, and arguing in favor of | |
| | **TOTAL: 650.5** | | |

| IV.    ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| June 6, 2020 | 8.0 | Worked with Caitriona Brady that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Caitriona to draft a written response to each and every document request from Plaintiff: 8 hours. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed). |
| June 6, 2020 | 8.0 | Worked with Delaney Yonchek that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Delaney to draft a written response to each and every document request from Plaintiff: 8 hours. | MEF also strongly objects to 32 time descriptions amounting to 102 claimed hours where Mr. Carson records time allegedly spent representing or assisting non-parties. Mr. Carson, by his own acknowledgement, separately (and voluntarily) represented Ms. Brady, Ms. Yonchek, Ms. McNulty, Mr. Ebert, and Mr. Vasili Barbounis when they were individually subpoenaed and deposed in the present action. The time Mr. Carson allegedly spent representing these non-parties was not required to defend the Defendant, and any expenses would have been the responsibility of those non-parties. Further, Mr. Carson inserts time spent at |
| June 8, 2020 | 3.2 | Worked with Mathew Ebert that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Mr. Ebert to draft a written response to each and every document request from Plaintiff: 3.2 hours. | depositions for which he was not representing either party. Indeed, two additional non-parties that were deposed in this action, Ms. O'Brien and Ms. Mekelburg, were represented by separate counsel at their depositions. Accordingly, MEF strongly objects to the reasonableness of these time entries. |
| June 9, 2020 | 3.6 | Worked with Vasili Barbounis that week to identify and produce any documents that might be responsive to Plaintiff's document requests. Also, worked with Vasili to draft a written response to each | |

| IV. | ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| | | and every document request from Plaintiff: 3.6 hours. | |
| June 19, 2020 | 1.5 | Received subpoenas for 5 non-party witnesses in the matter of MEF v. Barbounis. Reviewed the subpoenas with each individual and saved to file: 1.5 hours. | |
| June 19, 2020 | 1.0 | Plaintiff sent Defendant a 66-page document containing a letter dated June 19, 2020, identifying 5 non-party witnesses who Plaintiff needed to depose. Each subpoena was accompanied by a Notice of Intent, Document requests, instructions, document production specifications, and sample format for responding. Defendant saved these documents to the case file and finished reviewing each subpoena and accompanying information: 1 hour. | |
| June 22, 2020 | 8.0 | Prepared for depositions of (1) Delaney Yonchek, (2) Mathew Ebert, (3) Delany Yonchek, (4) Caitriona Brady, (5) Patricia McNulty - reviewed documents and case file: 8 hours. | |
| June 23, 2020 | 0.5 | Email received from Attison Barns confirming dates of non-party | |

36

| IV.   ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
|  |  | witnesses for depositions: 0.5 hours. |  |
| June 23, 2020 | 4.5 | Drafted written responses to Plaintiff's document requests per subpoena and forwarded to Plaintiff 4.5 |  |
| June 24, 2020 | 0.2 | Response drafted and sent to Plaintiff regarding nonparty witness depositions: 0.2 hours. |  |
| June 24, 2020 | 2.2 | Discussed deposition with Patricia McNulty and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 2.2 hours. |  |
| June 24, 2020 | 1.8 | Discussed deposition with Mathew Ebert and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.8 hours. |  |
| June 24, 2020 | 2.0 | Discussed deposition with Caitriona Brady and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 2 hours. |  |
| June 25, 2020 | 0.6 | Drafted and sent an email to Plaintiff confirming dates and |  |

| IV.  ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | times for the 5 nonparty witnesses depositions: 0.6 hours. | |
| June 25, 2020 | 2.0 | Drafted and furnished responses to Plaintiff's subpoena to Patricia McNulty for production of documents: 2 hours. | |
| June 25, 2020 | 1.5 | Email to Attison Barnes notifying Plaintiff regarding the position of non-party witnesses with respect to documents related to Plaintiff's trade secrets case. Reviewed the file. Reviewed information provided by the non-party witnesses. Reviewed subpoenas. Drafted response: 1.5 hours. | |
| June 25, 2020 | 1.5 | Discussed deposition with Vasili Barbounis and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.5 hours. | |
| June 25, 2020 | 1.8 | Discussed deposition with Delaney Yonchek and confirmed time, login information, and reviewed information in preparation of responding to questions the following week: 1.8 hours. | |
| June 26, 2020 | 6.0 | Continued working with Delaney Yonchek to respond to Plaintiff's document requests. Ms. Yonchek | |

| IV.     ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| | | provided Seth Carson with usernames and passcodes to directly access her accounts and identify communications that Plaintiff requested: 6 hours. | |
| June 27, 2020 | 3.5 | Finalized responses to Plaintiff's document requests to Caitriona Brady and furnished through the shared Dropbox folder: 3.5 hours. | |
| June 27, 2020 | 1.5 | Finalized written responses to document requests and furnished through shared Dropbox folder: 1.5 hours. | |
| June 27, 2020 | 1.0 | Finalized written responses to document requests and furnished through shared Dropbox folder: 1 hours. | |
| June 27, 2020 | 1.0 | Finalized written responses to document requests and furnished through shared Dropbox folder: 1 hours. | |
| June 29, 2020 | 8.5 | Prepared for and attended the depositions of Delaney Yonchek and Caitriona Brady. Discussed the depositions with Lisa Barbounis thereafter: 8.5 hours. | |
| June 30, 2020 | 8.0 | Prepared for and attended the depositions of Patricia McNulty and Mathew Ebert. Discussed the | |

| IV.    ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | depositions with Lisa Barbounis thereafter: 8 hours. | |
| July 1, 2020 | 5.4 | The deposition of Vasili Barbounis was conducted on July 1, 2020, which took about 5.4 hours to prepare for, attend, and discuss with client. | |
| August 13, 2020 | 0.6 | Attison Barnes and Erika Shinkunov and Seth Carson discuss the scheduling of the deposition of Marnie O'Brien -email thread beginning August 13, 2020, through August 25, 2020. Reviewed the emails and marked the case file for resolution of issues related to third party witness Marnie O'Brien: 0.6 hours. | |
| December 7, 2020 | 0.3 | Email from Denise Drages with 4 subpoenas to attend and testify to Terry Giles and Amy Mekelburg along with document requests to both. Reviewed the subpoenas and saved to case file: 0.3 hours. | |
| June 15, 2021 | 5.0 | Prepared for deposition for Marnie O'Brien. Reviewed file and documents. Discussed with client. Drafted an outline of questions and issues to address: 5 hours. | |
| June 15, 2021 | 7.5 | Attended the deposition of Marnie O'Brien beginning at 8:30 A.M. | |

40

| IV.   ATTORNEYS' FEES CLAIMED FOR REPRESENTING NON-PARTIES | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
|  |  | and discussed the deposition with client thereafter. Made note to file: hours.7.5 |  |
|  | **TOTAL: 100.2** |  |  |

41

| V. ATTORNEYS' FEES CLAIMED FOR WORK CONDUCTED BY MEF COUNSEL | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| February 26, 2020 | 0.3 | Email from Attison Barnes regarding issues raised by Plaintiff and addressed by Seth Carson in an email the day before: 0.3 hours. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed). |
| February 28, 2020 | 0.2 | Attison Barnes sent an email with Plaintiff's response to Defendant's position with regard to the 3 subpoenas: 0.2 hours. | |
| June 26, 2020 | 0.3 | Email from Attison Barnes received in connection with subpoenas of nonparty witnesses and Seth Carson's willingness to assist in facilitating the scheduling of depositions: 0.3 hours. | MEF additionally objects to claimed time for work *performed by MEF's counsel*. The plain text of these descriptions makes clear that Mr. Carson entered time for, among other things, emails sent by MEF Counsel. For example, on August 12, 2020, Mr. Carson enters 0.5 hours for "Attison Barnes drafts and sends a second letter dated August 12, 2020. The letter does not help advance any issues and relives Plaintiff's theory." Mr. Carson does not note in |
| June 30, 2020 | 0.3 | Email from Attison Barnes received confirming what occurred during the deposition of Mathew Ebert while some of the lawyers had to take a break: 0.3 hours | any of these entries that he reviewed or did any other tasks associated with this work completed by Mr. Barnes, simply that it was drafted by Mr. Barnes and then received by Mr. Carson. Indeed, it would be an absurd result should Mr. Carson be permitted to recover fees for work conducted by his opposing |
| August 12, 2020 | 0.5 | Attison Barnes drafts and sends a second letter dated August 12, 2020. The letter does not help advance any issues and relives Plaintiff's theory: 0.5 hours. | counsel. The mere inclusion of these descriptions again suggests that Mr. Carson improperly attempted to create time records after the fact by reviewing the prior e-mail correspondence (as opposed to contemporaneous time records) solely to submit a fee petition. Such creation of time at the end of a two-year litigation is not |
| December 2, 2020 | 0.1 | Email from Attison Barnes requesting a conversation regarding a stipulation for injunctive relief: 0.1 hours. | credible, nor can it form the basis of a motion for recovery of fees. |
| December 3, 2020 | 0.1 | Attison Barnes responds and expressed interest in continuing the conversation despite difference in point of view: 0.1 hours | |

| V. ATTORNEYS' FEES CLAIMED FOR WORK CONDUCTED BY MEF COUNSEL | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| December 3, 2020 | 0.2 | Attison Barnes sends another email on the same topic: 0.2 hours. | |
| January 18, 2021 | 0.1 | Email from Attison Barnes confirming scheduling of deposition for Amy Mekelburg: 0.1 hours. | |
| January 19, 2021 | 0.2 | Attison Barnes responded to the January 18, 2021, email from Seth Carson by criticizing Mr. Carson for attempts to resolve outstanding discovery issues. Mr. Barnes claimed significant discovery outstanding but did not identify even one item: 0.2 hours. | |
| March 30, 2021 | 0.1 | Attison Barnes sends another email to Seth Carson raising issues that were raised months ago and addressed. The last issue was the Wicr account. Attison Barnes writes that there are many concerns regarding the manner and scope of collection and removal. Never-ending discovery: 0.1 hours. | |
| | **TOTAL: 2.4** | | |

| VI.   ATTORNEYS' FEES CLAIMED FOR WORK UNABLE TO BE CONDUCTED AT THE TIME | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| January 27, 2021 | 5.0 | Researched issues in connection with Plaintiff's Motion for New Trial including caselaw attached to each of Plaintiff's arguments: 5 hours. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, and they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed).<br><br>MEF specifically objects to this time entry on the grounds that Mr. Carson claims to have spent 5 hours defending a motion that had not been filed or even at issue in the case yet.  The motion for a new trial was not filed for close to a year after the date of this time description.  *See* ECF No. 199, Pl.'s Mot. for New Trial *dated January 13, 2022*.  Accordingly, MEF strongly objects to the reasonableness of this time entry as this work could not have been completed at the time it claimed in the motion. |
| | TOTAL: 5.0 | | |

| VII.      ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| October - November 2019 | 2.5 | Review of the initial claim letter and exhibits including discussion with the client took 2.5 hours. | MEF generally objects on the grounds that these alleged time descriptions fail to evidence any bad faith in filing its PUTSA claim, they do not isolate or specifically categorize time spent on the PUTSA claim (one of nine claims that MEF filed), the time entries are unintelligible and not contemporaneous as written in the past tense and argumentative in nature, and finally the grossly inflated number of hours recorded does not account for Mr. Carson's questionable quality of work as recognized by this Court. |
| October - November 2019 | 8.0 | Seth Carson spent another 8 hours analyzing MEF claims, researching legal and factual issues connected to MEF claims. | |
| December 3, 2019 | 5.0 | Seth Carson spent 5 hours reviewing the complaint which included legal research to test the sufficiency of the allegations in Counts 1 through 9. | |
| December 6, 2019 | 2.7 | Seth Carson continued work on December 6, 2019, spending 2.7 hours working with the above filed documents, reviewing with client, researching, and formulating a Defendant's response. | |
| January 1, 2020 | 7.0 | counsel researched, drafted, edited, and finalized Defendant's Motion to Dismiss Plaintiff's Complaint. Seth Carson spent 7 hours on January 1, 2019 on this task. | |
| February 2, 2020 | 4.0 | Researched, drafted and filed Defendant's Motion to vacate default judgment. Another attempt by Plaintiff to disregard the merits of the case and force the parties into writing motions and | |

| VII.   ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| | | memos. This was a waste of the parties time and resources. The parties should have simply agreed that Lisa Barbounis could Answer the complaint. The Answer was filed one day late because Defendant believed she had 21 days and not 14 days to Answer. There should have been no time spent on this but Plaintiff chose to force Defendant to brief the issue and the Court to rule upon it taking up 4 more hours. | |
| February 2, 2020 | 6.7 | Drafted and filed Defendant's Answer to Plaintiff's Amended Complaint in 6.7 hours. | |
| February 3, 2020 | 5.5 | Researched, drafted, and filed Defendant's Response to Plaintiff's Opposition to Motion for Reconsideration. This took 5.5 hours. | |
| February 4, 2020 | 2.0 | Researched default judgment issues and identified caselaw to support Defendant's argument in opposition to default judgment - in response to Plaintiff's motion: 2 hours. | |
| February 24, 2020 | 0.4 | Telephone conference with Robert Centofanti to discuss using Cornerstone for e-discovery: 0.4 hours. | |
| February 27, 2020 | 0.6 | Meet and confer held evening of February 27, 2020 to discuss outstanding issues between the parties and try to | |

| VII. | ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | |
|------|-------|-------|-------------|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | resolve same. Prepared for and attended the meet and confer: 0.6 hours. | |
| February 28, 2020 | 4.5 | Researched and drafted Defendant's Response to Plaintiff's Motion for injunctive relief: 4.5 hours. | |
| February 28, 2020 | 1.0 | Defendant edited the proposed order to a version that Defendant would have signed. Defendant's changes were rejected: 1 hours. | |
| February 28, 2020 | 0.4 | Defendant responded to the proposed subpoenas and communicated an intention to challenge the subpoenas. 0.4 hours. | |
| June 4, 2020 | 2.5 | Prepared for and attended telephone conference with Court and Parties to discuss outstanding motions: 2.5 hours. | |
| June 11, 2020 | 0.5 | Reviewed proposed stipulation: 0.5 hours. | |
| June 12, 2020 | 0.2 | Reviewed stipulation filed June 12, 2020, and reviewed the Court's Order filed the same day: 0.2 hours. | |
| June 12, 2020 | 1.0 | Telephone conference with Court and Plaintiff to discuss outstanding discovery - prepared for and attended: 1 hours. | |
| June 17, 2020 | 1.0 | Telephone conference with Court and Plaintiff to discuss outstanding discovery -prepared for and attended: 1 hours. | |
| June 19, 2020 | 0.3 | Attison Barnes drafted and sent a response notifying Defendant of | |

47

| VII.    ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| | | Plaintiff's position - reviewed email: 0.3 hours. | |
| June 19, 2020 | 1.8 | Proposes Order sent to Court by Plaintiff subject to the June 17, 2020, hearing and decision to use Cornerstone moving forward. The Capsicum images were used to save time and money however all e-discovery moving forward was conducted by Cornerstone. Reviewed proposed Order and compared to earlier communications between parties discussing areas of agreement. Made note of issues that still required resolution: 1.8 hours. | |
| June 25, 2020 | 1.5 | Drafted letter and sent to Court and Plaintiff regarding discovery issues: 1.5 hours. | |
| June 25, 2020 | 2.5 | Drafted and sent a letter to the Court regarding Defendant's attempts to work with Plaintiff. The letter was dated June 25, 2020, and outlined the reasons beyond Defendant's control that e-discovery was not progressing at a faster rate. Plaintiff had provided a 17-page list with over a thousand keywords and derivations that was all but impossible to process faster: 2.5 hours. | |
| June 25, 2020 | 0.4 | The parties continued their discussion by email and Defendant's attempts to come to an agreement regarding privacy | |

| VII. ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| Date | Hours | Time Entry | Objections and Response |
| | | concerns and relevancy concerns: 0.4 hours. | |
| September 9, 2020 | 0.6 | Drafted and sent letter to Plaintiff in at attempt to resolve the issues raised by Plaintiff in Plaintiff's motions for sanctions: 0.6 hours. | |
| September 12, 2020 | 4.5 | Researched and drafted Defendant's Response to Plaintiff's Motion to compel third party witnesses to produce documents: 4.5 hours. | |
| September 13, 2020 | 6.0 | Researched and drafted Defendant's Response to Plaintiff's Motion for contempt and sanctions: 6 hours | |
| September 14, 2020 | 8.0 | Response in Opposition to Plaintiff's Motion for Sanctions and Contempt - researched, drafted, and filed: 8 hours. | |
| September 14, 2020 | 2.0 | Response to Plaintiff's Motion to compel third party witnesses to respond to subpoenas - finalized and filed: 2 hours. | |
| September 18, 2020 | 1.5 | Telephone conference with the Court and Plaintiff to discuss outstanding issues including discovery and motions - prepared for and attended: 1.5 hours. | |
| September 18, 2020 | 0.2 | Drafted Samuel Wilson's notice of appearance which was entered on the docket September 18, 2020: 0.2 hours. | |
| September 23, 2020 | 1.5 | Reviewed Plaintiff's Motion in opposition to Defendant's Motion for sanctions - researched caselaw identified by Plaintiff and compared Plaintiff's | |

49

| VII. ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | arguments to Defendant's case file and notes: 1.5 hours. | |
| September 23, 2020 | 0.4 | Telephone conference with Robert Centofanti from Cornerstone to discuss how to best provide whatever information Cornerstone needs to facilitate Plaintiff's requests: 0.4 hours. | |
| September 24, 2020 | 0.3 | Drafted and sent a letter to the Court to try and protect personal private information that was not relevant and that was produced by Cornerstone to Plaintiff including the parties, Greg Roman and Daniel Pipes: 0.3 hours. | |
| September 25, 2020 | 2.5 | Prepared for and attended a status conference scheduled by the Court: 2.5 hours. | |
| September 25, 2020 | 1.2 | Drafted and sent a follow up letter to the Court to try and protect personal private information that was not relevant and that was produced by Cornerstone to Plaintiff including the parties, Greg Roman and Daniel Pipes: 1.2 hours. | |
| December 3, 2020 | 4.5 | Researched and drafted declaration in connection with Plaintiff's Motion: 4.5 hours. | |
| December 3, 2020 | 4.0 | Met with client to review case and Plaintiff's Motions and Court Orders in connection with discovery:4 hours. | |

| VII.   ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| December 4, 2020 | 2.0 | Finalized and filed Defendant's Declaration clarifying issues surrounding text messages: 2 hours. | |
| January 8, 2021 | 1.5 | Reviewed the Court's Order denying injunctive relief due to Plaintiff's failure to demonstrate any damages and specifically because there was no proof of irreparable harm. Discussed the Court's Order and Opinion with client: 1.5 hours. | |
| January 19, 2021 | 1.0 | Reviewed docket and Document 93 and 93-1, which are Plaintiff's third status report and 3 declarations from Robert Centofanti at Cornerstone regarding e-discovery that Plaintiff sought: 1 hour. | |
| January 19, 2021 | 3.7 | Reviewed case file and discussed discovery issues with client to compare Plaintiff's position outlined in Document 93, to the declarations from Cornerstone in 93-1, with Defendant's position and the position of Lisa Barbounis who believed that she had complied with all court orders and that there was no additional documents available: 3.7 hours. | |
| January 20, 2021 | 1.5 | Prepare for and attend telephone conference with Court in connection with Plaintiff's status reports and the parties positions in connection with e-discovery. | |

| | | VII.    ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | Discussion with client in connection with the call: 1.5 hours. | |
| January 20, 2021 | 1.0 | As Plaintiff would only communicate with Defendant through accusations presented to the Court, counsel for Defendant attempted to draft a list of outstanding issues as per Mr. Barnes January 18, 2021, status report. The information in this status report is not true. (1) There are no preservation issues. There are no facts to suggest that information was lost. (2) There are no other devices. (3) Lisa never had a Protonmail account. The account Plaintiff keeps referring to belongs to someone else. It was never Lisa's account. (4) There was no data on her phone from telegram, wicr, or singal. This was confirmed by Cornerstone. (5) Lisa provided access to Facebook. Confirmed the list with client: 1 hour. | |
| January 20, 2021 | 0.7 | A status call between the parties was held at 11:30 P.M. - Prepared for and attended the meet and confer and then reviewed notes taken during the meeting to provide Plaintiff with Defendant's position: 0.7 hours. | |
| February 10, 2021 | 8.5 | Prepared for deposition of Amy Mekelburg - drafted question outline and | |

| VII. ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | reviewed file and documents. Discussed strategy with client: 8.5 hours. | |
| February 11, 2021 | 8.2 | The deposition started at 8:00 A.M. and continued until 4:12 P.M: 8.2 hours. | |
| February 17, 2021 | 1.5 | Drafted and filed a declaration in connection with the Court's Order (Document 96): 1.5 hours. | |
| August 30, 2021 | 8.0 | Prepared for depositions of Roman and Pipes scheduled September 2 and 3, 2021. Reviewed documents and exhibits. Reviewed hearing transcript from injunctive relief hearing. Discussed with client. Made notes and outlines issues: 8 hours. | |
| August 31, 2021 | 7.0 | Reviewed and marked Exhibit 1 through Exhibit 83 for use during the September 2 and 3 depositions: 7 hours. | |
| September 1, 2021 | 5.0 | Prepared for depositions of Roman and Pipes scheduled September 2 and 3, 2021. Reviewed documents and exhibits. Reviewed hearing transcript from injunctive relief hearing. Discussed with client. Made notes and outlines issues: 5 hours. | |
| September 2, 2021 | 9.5 | Prepared for and attended deposition of Daniel Pipes: 9.5 hours. | |
| September 3, 2021 | 10.0 | Prepared for and attended deposition of Gregg Roman: 10 hours. | |
| September 11, 2021 | 6.5 | Prepared for deposition of Lisa Barbounis for September 14, 2021. | |

| VII. | ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | Prepped client. Reviewed documents and communications. Reviewed Plaintiff's production of documents and hearing exhibits: 6.5 hours. | |
| September 13, 2021 | 8.0 | Prepared for deposition of Lisa Barbounis for September 14, 2021. Prepped client. Reviewed documents and communications. Reviewed Plaintiff's production of documents and hearing exhibits: 8 hours. | |
| September 14, 2021 | 7.7 | Prepared for and attended the deposition of Lisa Barbounis - the deposition was continued due to an issue with the Court reporter: 7.7 hours. | |
| September 25, 2021 | 6.6 | Reviewed Plaintiff's expert report from Steven Holzen and compared Mr. Holzen's assertions and conclusions to the case file and documents referenced by Mr. Holzen. Made note of issues to consider and research: 6.6 hours. | |
| September 27, 2021 | 6.0 | Prepared for and attended day 2 of deposition of Lisa Barbounis - discussed the deposition with client thereafter and discussed next steps in the case and strategy: 6 hours. | |
| September 30, 2021 | 2.5 | Motion to Strike or for extension to respond to Plaintiff's expert report: 2.5 hours. | |
| September 30, 2021 | 7.3 | Reviewed the deposition transcript of Amy Mekelburg and took note of | |

| VII. ATTORNEYS' FEES CLAIMED FOR OTHER MISCELLANEOUS WORK | | | |
|---|---|---|---|
| **Date** | **Hours** | **Time Entry** | **Objections and Response** |
| | | designations to include in Defendant's statement of facts that would accompany Defendant's Motion for Summary Judgment: 7.3 hours. | |
| | **TOTAL: 212.9** | | |