# EXHIBIT C



**MEMORANDUM**

**TO:**     MEF File

**DATE:**   April 26, 2022

**RE:**     Updated Timeline of Defendant's Misconduct in *Middle East Forum v. Lisa Reynolds-Barbounis*, No. 19-5697 (E.D. Pa.)

---

This memorandum highlights many of the discovery antics and other deficiencies of Defendant Lisa Barbounis and her counsel Seth Carson in this matter.  It is not exhaustive, but serves as a database of a continuing pattern of violations of the Court's orders, policies and procedures, and Defendant's discovery obligations.

- October 25, 2019 – Prior to filing this action, MEF sent a letter to Defendant asking for assurances that she would not disclose MEF's protected information.  MEF reasonably asked Defendant, a former employee, to cease and desist from collecting, distributing, or disclosing MEF data and to permanently delete such information in a manner satisfactory to MEF.  Defendant did not provide the requested assurances.

- November 12, 2019 – Not having received assurances from Defendant, MEF in good faith sent a follow-up communication to Defendant along with an affidavit for Defendant to sign to make it easy for Defendant to provide the assurances that she would not disclose the sensitive information in her possession.  MEF also requested that Defendant preserve and not alter all hard copy and electronic documents in her possession, custody, or control.

- November 25, 2019 – Concerned that Defendant was not willing to sign an affidavit, MEF began to prepare a lawsuit it hoped was not required, and again attempted in good faith to obtain Defendant's consent to a stipulated temporary restraining order in lieu of a lawsuit.  In light of Defendant's unwillingness to agree not to disseminate MEF data, MEF counsel prepared, through the Thanksgiving holiday, a Complaint and a Motion for Preliminary Injunction.

- December 5, 2019 – Unable to get Defendant to discuss this matter amicably, MEF filed a Complaint, a Motion for Preliminary Injunction, and a Motion for Expedited Discovery (consisting of only five interrogatories and four document requests).  Shortly thereafter, MEF requested a telephone conference with the Court to address MEF's concerns and the need for expedited discovery.  The Court agreed to hear the parties by telephone on December 20, 2019.



- <u>December 20, 2019</u> – During the hearing with the Court, MEF requested that the Court direct Defendant to respond in full to MEF's discovery in advance of a preliminary injunction hearing and to direct Defendant to have all of her electronic devices imaged by a mutually-agreeable discovery vendor.  The Court agreed and directed Defendant respond to MEF's discovery requests and to turn over all of her devices for imaging by January 6, 2020.

- <u>December 20, 2019</u> – In a letter shortly after the Court hearing, MEF provided Defendant with the name of an acceptable vendor and requested that Defendant inform MEF if Defendant wished to propose a different vendor.  Defendant did not respond or otherwise object to the vendor proposed by MEF.

- <u>December 30, 2019</u> – To avoid any confusion or dispute about the actual devices Defendant would need to turn over to the vendor, MEF informed Defendant of multiple devices of which MEF was aware (because of Defendant's social media posts), and noted that Defendant had not objected to the vendor proposed by MEF as the mutually-acceptable vendor.  MEF asked about Defendant's cloud-based data and requested a call with Defendant's counsel, but Defendant did not respond.

- <u>January 2, 2020</u> – MEF sends letter informing that Court that Defendant had not agreed to turn over devices to a mutually-acceptable vendor, that Defendant was now seeking to place conditions on the imaging and recovery of data, and that a follow-up conference was needed to address these issues.

- <u>January 6, 2020</u> – Defendant ignores the Court's direction to complete the imaging by this date, does not respond to MEF's discovery requests, does not engage a mutually-agreeable discovery vendor (or any vendor), does not have her devices imaged, and as MEF later learns, still has not provided her devices to her counsel for preservation despite MEF's request for preservation in November 2019.

- <u>January 7, 2020</u> - Court sets the hearing date on January 15, 2020.

- <u>January 14, 2020 at 10:58 p.m.</u> – Late the night before MEF's Motion to Compel hearing, Defendant sends incomplete and unverified answers to interrogatories, and does not provide a written response to the MEF document requests.

- <u>January 15, 2020</u> – At this lengthy Court appearance, MEF presents photographic proof of Defendant's multiple phone and other devices that Defendant had posted on social media. Defendant did not appear at the hearing, and through counsel, represented to the Court (later proven untrue) that Defendant only had one phone and no other devices.  Plaintiff also demonstrated to the Court that the data on the laptop Defendant returned to the company upon her departure had been deleted by a "factory reset" despite a prior preservation notice instituted by her own counsel.  This spoliation heightened MEF's concerns about Defendant's failure to preserve the data and metadata on her other devices. At the conclusion of a two-hour hearing, the Court requested that the parties agree to the



contents of an Order, which the parties negotiated for an hour, while defense counsel was on the phone with the Defendant. An Agreed Order was submitted to, and entered by, the Court.

- <u>January 20, 2020</u> – Despite agreeing to the Agreed Order, Defendant reneged and filed a Motion to Vacate, claiming contrary to the facts, that the Defendant had not agreed to the Agreed Order. During this time, Defendant still did not preserve the data and metadata on her devices and still did not work with MEF on a mutually agreeable vendor to image the data/metadata. In addition, despite being served with the discovery requests on December 5, and having waived all objections, Defendant still did not provide verified answers to MEF's Interrogatories or written responses to MEF's Requests for Production of Documents (and produce all relevant documents).

- <u>February 19, 2020</u> – The Court again ordered Defendant to provide responses to MEF's Requests for Production and produce all of her devices to a third-party vendor for imaging by February 25, 2020. Defendant did not do so. The Court also ruled that "[a]ll discovery *related to the preliminary injunction hearing* will be completed by March 20, 2020." (emphasis added).

- <u>February 25, 2020</u> – MEF sends emails to Defendant about the imaging of devices and failure to provide responses to MEF's requests for production. Rather than cooperate with MEF on a mutually agreeable vendor, <u>Defendant also abruptly informs MEF that it unilaterally engaged Capsicum Group</u> ("Capsicum") as its discovery "expert" and released Defendant's devices containing MEF information to Capsicum for imaging without MEF's knowledge or any protective order/confidentiality agreement in place. Despite prior representations to the Court that Defendant had only one phone, two phones are released to the vendor, one of which defense counsel stated that he had just received from his client, raising additional concerns about why these devices were not preserved four months earlier when MEF requested that all such devices should be preserved and not altered in any way. Defendant did not, and has not, responded as to why Defendant's other devices have not been supplied to the vendor, what instructions were provided to the vendor, and how the cloud storage and other accounts would be imaged and produced. Defendant has still not produced iWatch, her third cell phone, USB devices, access to cloud storage, social media, and messaging accounts that require two-factor authentication.

- <u>February 26, 2020</u> – MEF sends an email to Defendant expressing its deep concerns about lack of cooperation with regard to engaging Capsicum. MEF's confidential information was now in the hands of another party without any protective order MEF could enforce, which is exactly what MEF's motion for preliminary injunction sought to prevent.

- <u>February 27, 2020</u> – Having received no meaningful reply, MEF attempts to further engage Defendant multiple times to coordinate on the imaging of the Defendant's devices, cloud storage, and other accounts. MEF also sought to address Defendant's apparent failure to preserve the data on the devices.



- February 28, 2020 – As stated above, the Court ruled on February 19, 2020 that ruled that "[a]ll discovery *related to the preliminary injunction hearing* will be completed by March 20, 2020." To prepare for the upcoming injunction hearing and consistent with the Order, MEF sent Third-Party Subpoenas to Marnie Meyer, Delaney Yonchek, Matt Ebert, and a Notice of Deposition to Lisa Barbounis. These depositions were set to take place on March 18 and 19, 2020.

- February 28, 2020 – Defendant suggests that she might finally be willing to agree to a stipulated injunction order, so MEF prepares and sends to Defendant a proposed Stipulated Injunction Order.

- February 28, 2020 – Defendant responds with a revision to the proposed stipulated injunction order.

- March 1, 2020 – MEF sends a proposed Protective Order to Defendant with the standard clauses for a proprietary information case, including a tier for "Attorneys' Eyes Only."

- March 4, 2020 – MEF is perplexed by Defendant's response to the draft Protective Order. Defendant not only claimed that "[w]e do not need a 13 page document" to protect the information, but argued that a protective order was not even necessary to search the devices – devices that contain highly sensitive information and trade secrets. Defendant made general comments about the Protective Order, but uncooperatively did not make redline edits that the parties could discuss, causing even more delay. Among Defendant's comments, Defendant claimed that the parties need not have a "plan for inadvertent disclosure of discovery materials" and instead "can deal with it" if it happens. Defendant did not seem to comprehend that protective orders are intended to protect both parties, and she had previously complained to this Court in January that her devices could not be searched because of her privacy concerns. Despite those representations to the Court to limit MEF's discovery, she now claims she does not need a protective order, for privacy issues or otherwise. This too gives MEF great concern that Defendant does not appreciate the need for a protective order for MEF materials she admits she sent to her personal e-mail accounts, may still reside on her devices, and for MEF documents she concedes she still possesses. This again demonstrates why an injunction is required.

- March 4, 2020 – Because Defendant stated that one of the devices on which MEF data was loaded (as shown in a picture Defendant posted on social media), MEF sent a Third-Party Subpoena to Defendant's husband Vasili Barbounis on March 4, 2020, noticing a deposition for March 18, 2020.

- March 5, 2020 – Defendant then stalled discovery by raising false concerns about the cost of the Defendant's document production in response to MEF's 9 discovery requests served months earlier on December 5, 2019. Defendant represented to MEF and to the Court that discovery with Capsicum would cost more than $50,000. MEF, incredulous that this could be an accurate estimate, contacted Cornerstone (the vendor originally identified by the



court to undertake the discovery) who confirmed that the estimated cost is closer to $12,000. [*Defendant's communications with Capsicum on March 4, 2020 (but not revealed to MEF until much later) disturbingly reveal that to inflate a cost estimate for the Court, Defendant told Capsicum that she needed an estimate for "20 phones, emails and cloud storage" when she knew she was only providing 2 phones to Capsicum, and when Capsicum gave an estimate for $30,000 for 20 phones, Defendant then further inflated that estimate unilaterally to at least $50,000 in her representation to the Court, presumably in an effort to convince the Court to deny the discovery to MEF.*]

- <u>March 9, 2020</u> – Again in a good faith effort to reach a resolution, MEF makes minor changes to Defendant's proposed Stipulated Injunction Order.  Defendant, however, abruptly changes course and refuses to sign any stipulated order.  Once again, this demonstrates the need for an injunction because Defendant refuses to agree to language that she drafted stating that she would not disclose MEF data.

- <u>March 10, 2020</u> – MEF again emailed Defendant about impasse on protective order and offered alternative ways to reach agreement on PO before providing search terms.  MEF received no reply.

- <u>March 11, 2020</u> – MEF emailed Defendant to talk about protective order and vendor imaging issues and, after receiving no response, sent a letter to Court for emergency intervention on protective order and vendor imaging issues.

- <u>March 12, 2020</u> – MEF emailed Defendant about Defendant's failure to confirm her position on provisions for the protective order in accordance with agreement during call on March 11.  MEF received no response.

- <u>March 13, 2020</u> - MEF sent a letter to the Court regarding the inaccuracies contained within Defendant's March 11, 2020 letter, and only then did Defendant provide vague and open-ended comments on the proposed protective order, for which there was only one provision at issue during the call on March 11, 2020.

- <u>March 16, 2020</u> – Unable to get Defendant to agree to standard terms in a Protective Order, MEF made a final attempt to get access to the data it has been seeking for three months.  To get the process moving, MEF proposed in the interim and before the parties could get a protective order entered, to have Capsicum and defense counsel agree to maintain the search terms and the information on the devices, cloud storage, and other accounts to remain "attorneys' eyes only."  Once MEF received the confirmation, MEF provided its proposed search terms.  To avoid arguments by Defendant that MEF's search terms were too broad, MEF provided very specific search terms with, for example, specific document names and specific e-mail addresses related to MEF business.

- <u>March 17, 2020</u> – Unable to obtain the data and metadata it is sought from Defendant for three months and as ordered by the Court, MEF was forced to inform the witnesses that the depositions could not proceed on March 18-19, 2020, but notified Defendant that Plaintiff



would depose them in 7-10 days once Defendant produced the data and metadata as promised and as ordered by the Court.

- March 18, 2020 – MEF requested in writing that Defendant: (1) provide available time to discuss how to resolve these pressing issues; (2) set up a conference call so that both parties could speak with Capsicum to confirm what is being searched and how; (3) clarify what will be searched in terms of cloud storage and other accounts, as well as deleted files and metadata; (4) confirm that searches and production will commence right away; and (5) provide available dates for rescheduled depositions. MEF asked for a time to speak with Defendant on March 18, but as of the date of filing its Emergency Motion to Compel on March 19, 2020, Defendant had ignored this request.

- March 19, 2020 – Without other options to obtain compliance from Defendant and after exhausting all good faith efforts over months, MEF filed its Emergency Motions to Compel Discovery, Extend Time for Plaintiff to Complete Discovery, and for Entry of a Protective Order.

- March 20, 2020 – MEF emailed Defendant about (1) Defendant's failure to respond to MEF regarding a meet-and-confer call, (2) Defendant's failure to produce any electronic data responsive to its document discovery requests, (3) Defendant's failure to provide information on how cloud-based accounts and emails are being handled for discovery, and (4) Defendant's failure to provide any available dates for depositions of Delaney Yonchek, Vasili Barbounis, Lisa Barbounis, Marnie Meyer, and Matt Ebert. Defendant's counsel replied that he had not responded to these requests because he was busy setting up a home office, but that he would update the Court and Plaintiff "over the weekend" and would be available for a meet-and-confer call the following Monday.

- March 20, 2020 – MEF replied that it understood Capsicum had already searched the devices, that Defendant was going to review this information and would start to produce documents. Finally, MEF requested confirmation that a Capsicum representative would be available for the call on Monday.

- March 23, 2020 – MEF sent an email to Defendant to (1) confirm a time for the meet-and-confer, (2) request the name of the Capsicum representative that will be available for the call, (3) again ask for the number of hits Capsicum found on the variations of MEF just on the two phones, and (4) once again request available deposition dates over the next 10 days for the rescheduled depositions. Finally, MEF highlighted that Defendant promised to provide more information about the Capsicum searches one week before, but never did.

- March 23, 2020 – The Court orders that MEF's Motion to Compel is granted in part, and (1) extended the March 20, 2020 discovery deadline "***for preliminary injunction related discovery***" until Governor Wolf lifts the March 19, 2020 order closing all nonlife sustaining businesses (emphasis added), (2) ordered that the parties "make reasonable efforts to continue any discovery that can be conducted remotely"; (3) ordered the parties to submit



a joint proposed protective order by March 27, 2020 or if the parties disagree, each party would submit its own proposed order and an explanation by that date, (4) ordered Defendant to respond to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel by April 3, 2020, and (5) ordered that all provisions of the Court's February 19, 2020 Order remain in effect "including Barbounis's obligations to respond to written discovery requests, and produce relevant documents." The Court also states that "Barbounis is already compelled to produce documents under that Order. She must produce all relevant documents, including metadata, from all electronic devices in her control. If Barbounis has not complied with this Order, the Court will seriously consider Middle East's request for costs and attorney's fees associated with its Emergency Motion."

- <u>March 23, 2020</u> – The parties conducted a meet-and-confer call wherein Defendant agreed to (1) send MEF an e-mail the same day identifying a time on March 24 for a 90-minute call with the most knowledgeable Capsicum representative, (2) send MEF by the evening of March 23 a sample of the spreadsheet that Capsicum provided for Defendant after imaging her phones so that MEF could understand what Capsicum had compiled, (3) send to MEF an e-mail no later than the morning of March 24 to state when Plaintiff would receive the first production of materials responsive to the searches and when the production would be complete, (4) send to MEF proposed redlines on MEF's proposed Protective Order by Thursday, March 26 at 5:00 pm, (5) send Plaintiff an e-mail by the end of the week with available deposition dates and times over the next three weeks for Delaney Yonchek, Matthew Ebert, Lisa Barbounis, and Vasili Barbounis. Finally, counsel for Defendant stated on the call that in addition to Defendant, he is also authorized to accept service for Delaney Yonchek, Matthew Ebert, and Vasili Barbounis.

- <u>March 23, 2020</u> – Defendant emails MEF claiming that there is no longer any need to schedule depositions before April 8, 2020 and proposes that depositions should only be scheduled after written discovery requests by both parties have been answered. Defendant unilaterally declares that deposition dates should only be considered for some time after April 23, 2020.

- <u>March 24, 2020</u> – MEF emails Defendant that the first three items agreed in the meet-and-confer call were not provided to MEF as promised. Defendant wrongly claims that the Court suspended discovery (even though the Court's Order expressly states that the parties should "make reasonable efforts to continue any discovery that can be conducted remotely"). Defendant also stated that it was in touch with Capsicum that morning and would send an update regarding the device searches by the afternoon. MEF responded that the Court's Order noted that parties were expected to continue discovery, and that Plaintiff was not abiding by the agreed to plan in the meet-and-confer call.

- <u>March 24, 2020</u> – Defendant emails MEF again claiming that the Court Order did not expect the parties to continue discovery. Defendant also provided a general update on the



device searching process by Capsicum and stated that a 90-minute call with a Capsicum representative about the device searching process would cost $600.00.   Defendant suggested a "soft deadline" of March 31, 2020 to provide the first batch of responsive electronic discovery and stated that Defendant would be sending discovery requests this week.

- March 25, 2020 – MEF emails Defendant twice to reiterate that the Court Order specifically stated that the parties are were to continue discovery and that MEF does not agree to postpone depositions for a month.  MEF asked for available deposition dates (for remote depositions) over the following three weeks.  MEF then discussed Defendant's pattern of delay by highlighting Defendant's previous commitment to start production the previous week, which was then changed to March 31, 2020.  MEF requested again that Defendant provide the number of results by each search term provided to Defendant.  In a good faith attempt to resolve the dispute over Capsicum, MEF agreed to pay Capsicum's $275 fee (the rate in its engagement letter) for an hour-long call with a Capsicum representative to avoid any more delay by Defendant.

- March 25, 2020 – Defendant emails MEF unilaterally declaring that there will be no depositions scheduled over the next three weeks, and that the first batch of information will be provided to Defendant on Monday, March 30.  No such documents were produced on that date or for the next couple months.

- March 26, 2020 – MEF emails Defendant with a list of ten tasks Defendant has failed to complete that were either promised or ordered by the Court.  Defendant did not, as ordered by the Court, attempt to work with counsel for MEF on reaching agreement on the proposed protective order before the joint filing due the next day.

- March 26, 2020 –MEF states that it will be flexible in the timing of depositions but does not want to delay depositions for multiple weeks.  MEF again offers to conduct depositions remotely, in evenings, on weekends to accommodate counsel and witnesses.

- March 27, 2020 – After Defendant failed to respond to MEF or to work with Plaintiff's counsel as the Court ordered on March 23, MEF filed its own motion for protective order as directed by the Court, including a proposed standard protective order after Defendant failed to engage in good faith discussions on the Protective Order as ordered by the Court on March 23, 2020.  Defendant did not comply with the Court's March 23 Order to file its position on the protective order by March 27.

- March 31, 2020 – After failing to comply with the Court's March 23 Order to file its position on the protective order by March 27, Defendant files a response to Plaintiff's Second Motion for Protective Order.

- April 3, 2020 – Defendant files response to MEF's Emergency Motion to Compel Discovery and for Entry of a Protective Order responding to MEF's request for attorney's fees and costs associated with the Emergency Motion to Compel.



- <u>April 3, 2020</u> – Defendant sends email stating that two devices (phone) have been searched by Capsicum.  Defense counsel claims, however, that he has to review the information for relevance and privilege and that, due to the amount of data, it will take him a staggering 69 eight-hour workdays to review the data.  He states that he will have the first batch of information available after the weekend.  This "first batch" is never made available, and no documents are produced.

- <u>April 6, 2020</u> – Defendant sends email to MEF stating that despite wanting to send responsive electronic discovery today, counsel for Defendant cannot due to the time it takes to extract the information from his computer.  Defendant requests that MEF reduce the number of keywords to be searched.

- <u>April 6, 2020</u> – MEF files Motion for Leave to file a Reply Brief in Further Support of Protective Order.

- <u>April 7, 2020</u> –Frustrated with Defendant's failure to cooperate with MEF and contentions that her document production would be delayed another 69 days for unreasonable total of over 6 months (to produce materials in response to five "expedited" document requests), MEF sent a detailed e-mail to Defendant on April, where it (1) expressed its objection to a delay of an additional 69 days to produce responsive documents to Plaintiff's discovery requests, (2) offered tutorials and assistance with modern discovery tools that could assist Defendant with the long-delayed production, (3) asked why Defendant had not followed through on commitments made in prior meet-and-confer conferences, (4) offered a compromise to limit the number of search terms to be analyzed by 20% so that Defendant could produce at least a portion of the responsive documents, and (5) again requested Defendant's counsel to set up a telephone conference with its discovery vendor, Capsicum Group, LLC to work through the alleged roadblock, which Defendant previously promised but never scheduled.  Defendant never responded to this e-mail and has never provided available deposition dates.

- <u>April 8, 2020</u> – MEF files its Response to Defendant's Submission Regarding an Award of Attorney's Fees and Costs associated with Emergency Motion to Compel and to Extend the Time for Plaintiff to Complete Discovery and Entry of Protective Order.

- <u>April 29, 2020</u> – MEF sends letter to the Court to request assistance regarding Defendant's continued failure to respond to discovery requests, cooperate with MEF in discovery, produce a single electronic document in response to MEF's document requests, provide available deposition dates, and continued delays causing MEF to incur unnecessary attorneys' fees and costs.  Defendant still has yet to produce a single electronic file from the devices and still has not provided any available deposition dates.

- <u>May 21, 2020</u> – Unable to get a response from Defendant on deposition dates, MEF sends Defendant seven (7) notices of intent to serve document subpoenas with addendums upon



Catriona Brady, Vasili Barbounis, Capsicum Group, Matthew Ebert, Patricia McNulty, Marnie O'Brien Meyer, and Delaney Yonchek.

- <u>May 21, 2020</u> – After failing to provide available dates for months, Defendant nevertheless responds by providing blanket objections to all seven notices of intent to serve document subpoenas, and claims that the notices were not presented in accordance with the Federal Rules of Civil Procedure, that MEF cannot subpoena documents from Defendants "expert" Capsicum even when Defendant continues to withhold them from MEF despite multiple court orders, and that these subpoenas are somehow harassing and causing unnecessarily delay.

- <u>May 27, 2020</u> – The Court requests an oral argument to resolve the outstanding motions before the Court.

- <u>June 1, 2020</u> – In a further good faith effort to have a meet-and-confer before the court hearing on Thursday, June 4, MEF sends an e-mail to Defendant requesting Defendant's available times to talk over the next three days. MEF reiterates that it has been trying to get Defendant's cooperation on discovery and deposition dates for months, and that MEF is still willing to work with Defendant on deposition dates that accommodate remote depositions, in evenings, on weekends, or other accommodations the witnesses may want. Defendant did not respond to the e-mail.

- <u>June 4, 2020</u> – MEF files supplemental brief in support of its motion to compel and for an award of attorneys' fees and costs against Defendant. Plaintiff highlighted that despite repeated efforts to seek cooperation with Defendant, Defendant had still not produced a single electronic document in response to its five document requests served on December 5, 2019 and was in violation of multiple Court Orders to produce the responsive documents.

- <u>June 4, 2020</u> – The parties appear before the Court for a scheduled oral argument regarding the outstanding motions before the court and the ongoing discovery dispute. Defense counsel represented before the Court that he would provide, by June 5, 2020, a list of the search terms used to narrow down the search of Defendant's documents, confirm that the search will include applications MEF identified, a hit report for each search term, all responsive documents already reviewed, and redline edits of the protective order. Defense counsel also represented that he would provide between June 8-June 12, 2020, available times for depositions of the witnesses and document productions, available times to meet and confer about additional search terms.

- <u>June 12, 2020</u> – The parties conduct a teleconference with the Court wherein the parties discussed Defendant's failure to provide responsive discovery, agreed to a new approach to discovery of Defendant's phones whereby Defendant would search and produce responsive documents using a list containing 30 search terms, and Defendant agreed to enter a stipulated protective order. The protective order was sent and entered by Judge Sanchez.



- <u>June 12, 2020</u> - Judge Sanchez also ordered Defendant to produce documents and other responsive materials to outstanding subpoenas to third parties that counsel for Defendant represents by June 19, 2020.  The Court also ordered the parties to conduct a teleconference with Capsicum Group, Defendant's expert discovery vendor, by June 15, 2020.

- <u>June 15, 2020</u> – Defendant failed to set up a teleconference with Capsicum Group as ordered by the Court in the June 12, 2020 Order.

- <u>June 16, 2020</u> – The parties conduct a teleconference with Capsicum Group where it is revealed that nothing besides what was resident on the phone was imaged and searched, and counsel for Defendant asked Capsicum to only search what was on the phones.  Capsicum also represented that it would provide a hit report on the search terms for the two phones searched, which MEF never received.  Finally, Capsicum revealed that it did not search any of Defendant's accounts associated with the applications downloaded on her phones.

- <u>June 17, 2020</u> – The parties conduct a second teleconference with the Court to discuss progress with the new approach to discovery.  In response to Defendant's continued failure to produce relevant responses to MEF's discovery requests as ordered by the Court on June 12, 2020, the Court requests MEF to provide a detailed Order outlining the discovery required for Defendant to adequately respond to its document requests.

- <u>June 18, 2020</u> – MEF sends Court a detailed discovery order, as requested.

- <u>June 22, 2020</u> – MEF sends the Court a letter requesting an emergency call with a court reporter present to discuss defense counsel's failure to comply with discovery obligations pursuant to the Court's June 12, 2020 Order.

- <u>June 25, 2020</u> – Court orders Capsicum group to transfer images of Defendant's phones to Cornerstone Discovery by June 29, 2020, counsel for Defendant to provide Defendant's account information for various applications by June 29, 2020, MEF to provide Cornerstone a list of 25 search terms by June 29, 2020, and by July 6, 2020 Cornerstone to search Defendant's devices and accounts and upload the documents to a mutually accessible database.

- <u>June 26, 2020</u> – Court orders that in response to MEF's June 22 letter, the parties must confer regarding the discovery dispute in an effort to resolve it, but if the parties cannot resolve the dispute, Plaintiff is permitted to renew its request for a teleconference.

- <u>June 26, 2020</u> - The parties conferred via telephone regarding the discovery dispute wherein defense counsel stated that he would produce all subpoenaed information by the close of business.

- <u>June 27, 2020</u> – Counsel for MEF emails defense counsel that it did not receive any of the remaining subpoenaed information, as promised in the meet-and-confer on June 26.



- <u>June 28, 2020</u> – At 9:25pm the evening before a 9:00am third party witness deposition, defense counsel produces hundreds of documents responsive to the subpoena requests served on Delaney Yonchek and Caitriona Brady in February 2020.

- <u>June 29, 2020</u> – MEF provides Cornerstone with a list of twenty-five (25) search terms before 5:00pm in accordance with the Court's June 25 Order (Dkt. 58).

- <u>July 1, 2020</u> – After MEF sends a reminder email, counsel for Defendant appears 25 minutes late for deposition of Vasili Barbounis. Vasili Barbounis appears about 10 minutes later, and deposition begins 45 minutes later than originally scheduled.

- <u>July 1, 2020</u> – Court orders (Dkt. 60) that a letter Defendant submitted to the Court on June 25 but only received by the Court on June 29 due to an email error, will be construed as a request for reconsideration of the Court's June 25, 2020 discovery Order (Dkt. 58). The Court also ordered Plaintiff to submit a response to Defendant's June 25 letter on or before July 2, 2020.

- <u>July 2, 2020</u> – Counsel for MEF receives confirmation from Cornerstone that the images of Defendant's two phones (no other devices) were received by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on June 29. Further, there is no confirmation that the usernames and passwords for the listed accounts were received by Cornerstone, as ordered by the Court. Defendant's failure to deliver these items to Cornerstone by 5:00 p.m. on June 29, 2020 further delays the processing and search of the images by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on July 6.

- <u>July 2, 2020</u> – MEF submits response to Defendant's June 25, 2020 letter as ordered by the Court on July 1, 2020 (Dkt. 60).

- <u>July 3, 2020</u> – After receiving confirmation from Cornerstone that the images of Defendant's two phones (no other devices) were received by Cornerstone, MEF pays Cornerstone retainer value for e-discovery services in accordance with the Court's June 25 Order (Dkt. 58).

- <u>July 6, 2020</u> – Counsel for MEF receives confirmation from Cornerstone that usernames and passwords for accounts were received by Cornerstone, which under the Court's June 25 Order (Dkt. 58) was to be completed by 5:00 p.m. on June 29. Cornerstone is working to confirm that usernames and passwords received were for all those listed in the Court's June 25 Order (Dkt. 58).

- <u>July 7, 2020</u> – Counsel for Defendant emails MEF stating that Defendant is willing to withdraw its motion for reconsideration of the Court's June 25, 2020 Order in exchange for modifications to the same Order. Counsel for Defendant incorrectly asserts that Plaintiff has already agreed to its proposed modifications to the Order.



- <u>July 8, 2020</u> – MEF responds that it is willing to discuss with Defendant its proposed modifications to the June 25, 2020 Order and asks counsel for Defendant to provide available times for a call to discuss.  In response, counsel for Defendant fails to provide times he is available to discuss and claims that the proposed modifications were issues previously agreed upon in the January 15, 2020 Agreed Order.  Notably, counsel for Defendant now seeks to rely upon provisions from the Agreed Order that Defendant herself filed a motion to reconsider and prevailed in getting such order vacated after explicitly claiming that they did not agree to the January 15, 2020 Order.

- <u>July 14, 2020</u> – Representative for Cornerstone, Kyle McArdle, emails the parties with an update on what data sources Cornerstone had currently collected, where Cornerstone stood on each item, as well as addressed outstanding items on their end.  Notably, Cornerstone had not been given access to and therefore failed to image Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts despite the Court's June 25, 2020 Order (Dkt. 58) requiring Defendant to provide this account information by June 29, 2020.  Counsel for Defendant responds to Cornerstone's email insisting that in light of the Court's July 1, 2020 Order (Dkt. 60), Cornerstone should not produce any information until the Court rules on Defendant's request for reconsideration.

- <u>July 16, 2020</u> – Counsel for MEF and Defendant discuss over the telephone the parameters of the Cornerstone search and production.  Counsel reach agreement that instead of pursuing a request for reconsideration with the Court, the parties could agree on instructions sent to Cornerstone.

- <u>July 16, 2020</u> – Counsel for Defendant sends an email to all parties and Cornerstone that except for the Facebook account, it was of his opinion that all imaging had been completed by Cornerstone.  Counsel for Defendant stated that he would work with Cornerstone to get the Facebook access issue resolved, and that if it was agreed that all accounts had been imaged, Cornerstone could move to the next phase of production.  Counsel for Defendant failed to point out that in addition to the Facebook account, Defendant's Telegram, Signal, Proton mail, and Wickr accounts had not yet been imaged.

- <u>July 16, 2020</u> – Counsel for MEF emails Defendant with an updated version of the clarifications for Cornerstone on the production of discovery.  Counsel for MEF notes that these clarifications do not waive MEF's rights to materials from the missing devices and accounts.  Further, MEF notes that it is willing to cooperate with these clarifications as long as it does not waive MEF's rights to seek all information at a later time if it appears it should not have been withheld for privilege or any other reason.  Finally, MEF stated that its goal is to prevent further delay in the production of materials requested in December 2019.

- <u>July 16, 2020</u> – Court orders (Dkt. 61) that in consideration of Defendant's request for reconsideration (*see* Dkt. 60) and MEF's July 2, 2020 response, Defendant's request for reconsideration is dismissed as moot.



- <u>July 21, 2020</u> – Counsel for Defendant emails MEF to notify that Cornerstone needs confirmation from the parties before moving into the data searching phase of production. Despite the Court's Order to the contrary, counsel for Defendant represents that he twice confirmed that all Defendant's accounts including usernames, passwords, and two factor authentication had been provided to Cornerstone.  Counsel for Defendant also requested MEF to send him the list of 25 search terms provided to Cornerstone on June 29, 2020 in accordance with the June 25 Order (Dkt. 58) for review.

- <u>July 21, 2020</u> – Cornerstone emails the parties that all data sources, except Defendant's Telegram, Signal, Proton mail, Wickr, and Facebook accounts, had been collected. Counsel for MEF responds to confirm that these accounts were still missing from the production and that the parties had not yet received confirmation on the images of documents and audio/video recordings.  While these accounts were still missing from the images, counsel for MEF informs Cornerstone that these open issues should not prevent Cornerstone from processing the information is currently has in its possession.  Finally, MEF asks counsel for Defendant when he can get Cornerstone access to Defendant's Facebook and other missing accounts.

- <u>July 21, 2020</u> – Counsel for Defendant emails the parties that searching cannot begin until he reviews the 25 search terms. Cornerstone also responds that upon receiving the go ahead from both parties, they will proceed searching the data sources collected to date and that they can collect, process, and search additional data sources at a later date if necessary.

- <u>July 22, 2020</u> – Counsel for MEF emails Defendant the list of 25 search terms and indicates to Cornerstone that it may proceed with searching the data currently in its possession. Counsel for MEF also emails Defendant requesting confirmation that they are arranging access to the remaining missing accounts, including Facebook, Telegram, Signal, Protonmail, and Wickr with Cornerstone.

- <u>July 22, 2020</u> – Counsel for Defendant emails the parties and Cornerstone to object to Plaintiff's 25 search terms.  Defendant's counsel claims that some of the keywords are not relevant and wrongly alleges that the search terms are being used to find information that will embarrass, harass, ridicule, and intimidate Defendant.  Counsel for Defendant also oddly objects to the use of certain letters and phone numbers in the search term list. Counsel for MEF responds that MEF has provided 25 search terms consistent with the Court's June 25, 2020 Order (Dkt. 58) and claims that once Cornerstone conducts a search of the terms, a more accurate analysis can be conducted.

- <u>August 11, 2020</u> – Cornerstone provides MEF its initial production of Defendant's incomplete discovery, more than eight (8) months after initially serving expedited discovery requests upon Defendant.

- <u>August 12, 2020</u> – MEF sends two letters to Defendant.  The first letter details the continuing discovery deficiencies of Defendant, including her failure to produce all



electronic devices in her possession as ordered by the Court, failure to allow Cornerstone access to all applications and accounts as ordered by the Court, and failure to preserve evidence. MEF requests that counsel work to resolve these issues so that Plaintiff can schedule a deposition of Defendant in early September. The second letter addressed the ongoing discovery deficiencies of the third-party witnesses in the case. Specifically, the letter details that in violation of the Order on June 12, 2020 (Dkt. 55), which required Defendant, among other things, to produce all documents responsive to these third-party subpoenas on or before June 19, 2020, Defendant produced random, incomplete documents purportedly responsive to the subpoenas for Ms. Yonchek and Ms. Brady at 9:26 p.m. on June 28, 2020, the night before their depositions were to commence at 9:00 a.m. the following morning. Additionally, MEF points out that MEF did not receive any responsive documents from Ms. McNulty despite service of the subpoena. Finally, MEF noted that Vasili Barbounis testified that he was neither aware of the requirement under the subpoena to search his email and electronic devices for communications or other information related to MEF, nor did he receive any instruction to do so. Accordingly, MEF requested that Defendant produce all responsive documents to its subpoenas served on all third parties by Thursday, August 20, 2020.

- <u>August 20, 2020</u> – MEF did not receive the responsive documents to its subpoenas served on all third parties as requested in its letter to Defendant's counsel on August 12, 2020.

- <u>August 31, 2020</u> – MEF filed a motion for contempt, sanctions and attorneys' fees after discovering from a third-party witness document production that contrary to Defendant's obligations in MEF's June 26 Preservation Notice, Defendant factory reset her MEF-issued laptop upon resigning from the organization in August 2019. Further, Defendant represented to this Court in her February 3, 2020 Reply brief that Ms. Meyer had instructed Barbounis to factory reset the laptop, which was demonstrably false and intended to mislead the Court.

- <u>August 31, 2020</u> – MEF also filed two motions to compel, one for Defendant and the second for the third party witnesses, who, despite multiple court orders related to discovery, had still failed to produce the ordered materials.

- <u>September 14, 2020</u> – Defendant provides a completely generic and not substantive response to the motions to compel, failing to address any of the issues raised in either of MEF's motions to compel Defendant and third party witnesses.

- <u>September 18, 2020</u> – The Court holds a teleconference hearing to address the remaining outlying discovery issues. During the teleconference, defense counsel represented to the Court that he believed a stipulated injunction order could be worked out by the parties. After the teleconference, MEF's counsel sent defense counsel a stipulated injunction order for review. Counsel for Defendant deleted almost all the language proposed by MEF's



counsel, in response to which counsel for MEF reached out to defense counsel to try and discuss the disagreements.

- September 24, 2020 – Counsel for MEF sent a written request to defense counsel regarding the draft Stipulated Order and to discuss the disagreements and understand defense counsel's position.  MEF received no response from defense counsel.

- September 25, 2020 – MEF's counsel informed the Court that MEF was waiting for defense counsel to respond and that the parties would provide a status report to the Court by 5:00 p.m. on Tuesday, September 29, 2020.  Again, MEF received no response from defense counsel.

- September 27, 2020 – MEF's counsel sent another request to defense counsel seeking available times to talk about the stipulated injunction order.  Again, Plaintiff received no response from defense counsel.

- September 29, 2020 – MEF's counsel sent another request to defense counsel to discuss the stipulated injunction order, and again did not receive any response from defense counsel.

- October 6, 2020 – The Court gives Defendant a second chance to respond to MEF's motions to compel on the merits, and orders Defendant to respond by October 20.  This is despite the fact that Defendant's September 14 response failed to address any of the issues raised in MEF's motions and should have been granted as unopposed.

- October 13, 2020 – Counsel for Defendant and MEF set up a call for noon, counsel for Defendant did not show up on time and called MEF's counsel back over 15 minutes late. Counsel agreed to schedule a call to discuss the stipulated injunction order and remaining discovery on October 14 at 4:00pm.

- October 14, 2020 – Counsel for MEF logged in to the call on time, but counsel for Defendant never showed.  Counsel for MEF remained on the line waiting for 45 minutes, resulting in completely wasted time for MEF.  Defense counsel never communicated to MEF's counsel that he was held up or unable to attend.

- November 25, 2020 – The Court orders Defendant on or before December 4 to "identify and supply to Cornerstone Discovery her account username and password for ProtonMail, and shall promptly cooperate with Cornerstone to complete collection of her Facebook, Telegram, Signal, and Wickr accounts."  If Barbounis did not have any of these accounts, the Court ordered her to provide a declaration stating such.

- December 4, 2020 – Late in the afternoon on the day that Defendant's additional discovery was due, Cornerstone received a call from defense counsel to provide Defendant's



Facebook and ProtonMail account information.  Rather than cooperate with Cornerstone on the collection of the other accounts, defense counsel claimed that he would try to collect Defendant's Telegram account information on his computer and send it to Cornerstone. As detailed in MEF's December 28 Status Report, Cornerstone has not received any communication or cooperation by Defendant or her counsel to facilitate the production of the Telegram, Signal, and Wickr accounts as ordered by the Court.

- <u>December 8, 2020</u> – The Court orders all third-party witnesses to provide complete discovery on or before December 15.

- <u>December 16, 2020</u> – Counsel for the parties had a schedule teleconference at 11:30am to discuss the proposed stipulated injunction order before the commencement of the preliminary injunction hearing on December 17.  Counsel for MEF logged onto the teleconference on time and waited for defense counsel for an hour, and even emailed defense counsel after 11:30am to remind defense counsel about the teleconference.  Despite scheduling the call for a time that would specifically accommodate defense counsel's schedule, defense counsel again blew off MEF's counsel and failed to appear and even failed to extend counsel the courtesy of saying he will not show, or follow-up to say why he did not show up for the teleconference.

- <u>December 16, 2020</u> – MEF files a status report, pointing out among other things, that Defendant's December 4 Declaration exposes that Defendant waited until 3:00p.m. on December 4, 2020 (a year after discovery was served), to provide login credentials to less than all of Defendant's accounts.  As MEF raised to the Court's attention on multiple occasions, MEF has serious concerns about Defendant's failure to preserve evidence in this case as evidenced by this Declaration and in light of Defendant's obligations since receiving a preservation notice from MEF's counsel in October 2019.  Defendant's claims that some accounts or information are no longer in her possession because they were not preserved since October 2019 are of great concern to MEF.

- <u>December 17, 2020</u> – Two days after the Court's December 15 deadline and after waiting until the preliminary injunction hearing was starting (and depriving us of use of the materials for the injunction hearing), counsel for the third-party witnesses (same attorney for Defendant) provided a grossly deficient production in response to the Court's Order. Among other deficiencies, counsel for the third-party witnesses copy-pasted "objections" to the document responses that were provided in June 2020, Delaney Yonchek failed to comply with the Order by not producing Bates stamped documents 000001-000010 and 000051-000227, or show cause why these documents should not be produced, Ms. Brady produced text messages Bates numbered 000469 to 000870 and included a redaction log that was produced in completely different matter on May 20, 2020, and Vasili Barbounis did not produce any documents or provide any explanation as to why he was not producing any documents, contrary to the stated terms of the December 8 Order.



- <u>December 28, 2020</u> – Plaintiff MEF files a status report highlighting the Defendant's and third-party witnesses' continued discovery deficiencies and violations of the November 25 and December 28 discovery orders.  Among the major issues is Defendant's failure to preserve evidence (including cloud data and application-based date) despite a preservation notice, and she now claims she is unable to collect it.  This was also compounded by the decision to factory-reset her computer when she departed MEF in early August 2019 despite an earlier preservation notice to MEF personnel.

- <u>January 2021</u> - In communications with Cornerstone and Defendant's counsel since at least December 2020, Plaintiff MEF has continued to demand a privilege log of materials excluded from the Cornerstone discovery production to be produced in accordance with the Court's June 25, 2020.  Despite being ordered on June 25, 2020 to produce a privilege log of excluded "emails, texts, voicemails, and other communications to or from Seth Carson, Derek Smith Law Group (e-mail: seth@dereksmithlaw.com and phone: 484-678-2210)" from the Cornerstone production "within twenty (20) days after the date of this Order," Defendant's counsel has yet to produce the privilege log for 7 months (and counting) since the passing of this deadline.

- <u>February 10, 2021</u> -  MEF sends letter to defense counsel describing that the Court's January 11 injunction order stated that MEF is likely to succeed on the merits, and therefore MEF again, as it did before this action was filed, asked the Defendant and her counsel to work with MEF to remove the MEF data from her devices using a mutually-acceptable vendor.  In response on February 11 and February 17, Defendant has not fully cooperated, claiming that Barbounis herself will delete the MEF information on her devices (as if MEF should trust Barbounis to do this), and will only remove items MEF specifically identifies by Bates number.  MEF also sent defense counsel a second letter about the third-party witnesses' cooperation in deleting MEF information from their devices.  Despite each third-party witness agreeing to cooperate in their respective depositions on this issue, on February 17 counsel for the third-parties (same counsel that represents Defendant) similarly responded by stating that each witness is capable of deleting information in their own and that there is no need for a vendor to oversee and confirm the deletion.

- <u>February 17, 2021</u> – On February 3, 2021, Defendant was ordered to provide a declaration related to her possession of a Wickr account and if so, whether she can gain access to that account "on or before February 16, 2021."  Dkt. No. 96.  Defendant failed to provide the declaration on February 16, as ordered, instead filing it on February 17 at 10:30pm, a full day late from the Court-mandated deadline.  This continues the steady habit of Defendant and her counsel completely disregarding and disrespecting Court deadlines.

- <u>March 16, 2021</u> – MEF sent defense counsel two letters.  The first related to Defendant's obligations with regard to the collection of the Wickr account and her inaccurate statement in the February 17 declaration that Cornerstone must inform her that such data is retrievable



through an alternate collection method when the February 3 Court Order clearly states that it is her obligation to cooperate with Cornerstone on this matter.  The second letter related to defense counsel's continued failure to provide the privilege log, more than seven months after the Court specifically ordered it to be produced.  MEF requested that the privilege log be produced no later than March 25, 2021.

- <u>March 22, 2021</u> – Defense counsel emails MEF requesting a time to meet and discuss the remaining discovery, including Defendant's Wickr account which he claims cannot be recovered by Cornerstone. MEF responds that it has concerns about the manner and scope of collection and requested a time to discuss the following Tuesday or Wednesday morning. Defense counsel does not respond, or provide any available times to speak as counsel for MEF requested.

- <u>April 14, 2021</u> – Defense counsel emails MEF for contact information of the court reporting service used in multiple depositions in this matter. Despite attending such depositions and receiving calendar invitations for such depositions that included the court reporting service's contact information, MEF provided the contact information to defense counsel again.

- <u>April 15, 2021</u> – MEF sent defense counsel three letters. The first related to third party witnesses including Tricia McNulty, Delaney Yonchek, and Caitriona Brady continued possession of MEF data and their respective deposition testimony to work with MEF to remove such material from their devices. MEF sought cooperation on identifying a third-party vendor to remove such information from these witnesses' devices. The second letter related to defense counsel's continued failure to produce a privilege log as requested in MEF's March 16, 2021 letter. MEF requests a time to meet and confer on this matter, otherwise it will be forced to approach the Court.  The third letter related to Defendant's failure to cooperate in finding a third-party vendor to work with to remove MEF confidential information from her devices in accordance with her employment agreements with MEF. The letter also requested Defendant's agreement with a process to identify and delete such information.

- <u>April 15, 2021</u> – Defense counsel responds by email that he can work on the substance of the letters the following Monday and requests times to meet and confer with MEF. MEF provides 3:30pm on the following Monday as an available time to meet. Defense counsel does not respond until 3:32pm on that Monday, stating that he is now available for a meet and confer. MEF responds that it had not heard back from defense counsel regarding the 3:30pm meeting, and that it is available for another call at 10:30 the following morning. Defense counsel he is available at 10:30 the following morning, April 20.

- <u>April 15, 2021</u> – MEF sent counsel for third-party witness, Marnie O'Brien, a letter. The letter detailed Marnie O'Brien's continued failures to respond to the subpoena document requests despite being served the requests one year prior and identify a deposition date.



MEF requested that such information be provided, and if not, provide a date to conduct a meet and confer.

- April 15, 2021 – Counsel for Marnie O'Brien responds via email that she already provided a large set of responsive documents, and that MEF should tell her what it wants rather that responding to the subpoena document requests. MEF responds that it has not received the large set of responsive documents and that it is looking for responsive documents to the four document requests in the subpoena of Marnie O'Brien, and also request a time to meet and confer with counsel to resolve the outstanding issues. Counsel for Marnie O'Brien responds that MEF should tell her what it wants.

- April 16, 2021 - MEF again responds that it wants all documents responsive to the subpoena requests that were served on her client one year prior. Counsel for Marnie O'Brien again requests that MEF provide her a list of what it wants rather that providing responsive requests to the subpoena.

- April 18, 2021 – MEF again reiterates to counsel for Marnie O'Brien that it wants the documents responsive to the four requests in the subpoena to her client. MEF also requests a time for a meet and confer call.

- April 20, 2021 – Defense counsel and MEF conduct meet and confer call. The parties discuss the deletion of MEF documents from Defendant's devices, for which defense counsel states that they will only cooperate if MEF puts together a list of documents it wants deleted from his client's devices. The parties also discuss the privilege log, and defense counsel claims he has no knowledge of his obligation to provide it. He also claims that he has never seen the privilege log, ever looked at it up until that point, or even started drafting a privilege log. Finally, the parties discussed deleting documents from the third-party witnesses' devices. Defense counsel claims they have no MEF data on their devices, refuses to agree that returning the information was part of their employment agreements, and that MEF is harassing women in attempting to recover this information.

- April 26, 2021 – MEF emails counsel for Marnie O'Brien again because she did not provide a date for a meet and confer.

- April 27, 2021 – Counsel for Marnie O'Brien responds that they have produced everything responsive and refuses to conduct a meet and confer because her client is not a named party to the lawsuit. She concludes by stating that if MEF wants more documents to send her a list of those documents and if MEF wants a deposition, to provide a date for that deposition.

- May 18, 2021 – Without any further cooperation with counsel for Marnie O'Brien, MEF files a motion to compel responses to its subpoena requests. MEF also emails counsel for Marnie O'Brien informing her of the motion and that her claim that she has provided responsive documents in another case is not responsive to the requests made in this action.



Further, the email points out at least three deficiencies of Marnie O'Brien in her failure to provide assurances that she has searched for responsive documents, provided no information on how Marnie O'Brien preserved this data, and has not identified what Marnie O'Brien is withholding from her production. MEF again reiterates that it is seeking documents responsive to its four document requests issued to Marnie O'Brien.

- <u>May 18, 2021</u> – Counsel for O'Brien responds that MEF has made no effort to cooperate and will respond to the motion by seeking attorney's fees. MEF responds that it has made numerous efforts to cooperate and counsel for O'Brien's claim to the contrary is not accurate.

- <u>May 19, 2021</u> – Counsel for O'Brien emails MEF that she offered to cooperate with MEF and that MEF never attempted to schedule a call, and claims that there is no such thing as a meet and confer with a non-party. She also asserts that her client has produced any conceivably responsive documents, and that she will be filing a Rule 11 letter later that day.

- <u>May 20, 2021</u> – MEF responds that it does not understand why this process of seeking responsive documents to the subpoena has been so difficult and requests a time to discuss. Counsel for O'Brien responds that she can speak before 12:00pm EST. The parties have phone conversation to discuss outstanding issues related to the Marnie O'Brien subpoena and deposition. Counsel for Marnie O'Brien agreed to search her client's MEF-issued laptop, run additional search terms on her client's Gmail account, and send remaining text messages to MEF.

- <u>May 20, 2021</u> – The parties conduct a conference call with the Court. Judge Sanchez asked about the status of discovery, where MEF communicated that it had complete 7 out of 9 depositions and counsel for Defendant admitted he had done nothing in discovery yet. The parties also discussed the outstanding motion to compel Marnie O'Brien for responsive documents to the subpoena, and MEF communicated that it was working with counsel for Marnie O'Brien to resolve this issue. Judge Sanchez noted that he would issue a scheduling order that would end discovery in 90 days and put this matter on a trial docket for early winter. Later that day, Judge Sanchez issued a scheduling order where discovery is to be completed by September 9, and put the matter into the December 13, 2021 trial pool.

- <u>May 21, 2021</u> – MEF receives some additional documents from counsel for Marnie O'Brien, however many of the bates stamped document ranges are missing.

- <u>May 25, 2021</u> – MEF emails counsel for Marnie O'Brien noting the missing documents in the production. In addition, MEF requests updates on search terms that counsel for O'Brien stated she would supply, confirmation on whether Marnie O'Brien used Slack, Telegram, Facebook, and text messages and that all have been searched for materials responsive to the subpoena requests, and an update on imaging her client's MEF-issued computer.



Counsel for O'Brien responds that the search terms were email addresses of all named parties, that the missing documents in the production were unresponsive to the subpoena, and that she will make the MEF-issued computer available for imaging.

- May 25, 2021 – MEF responds about the May 20 conference call with the Court wherein the Judge understood that counsel were working through the issue of Marnie O'Brien's subpoena response. MEF requests further clarification on the search terms used when searching O'Brien's Gmail, preservation of records after August 2019, setting up a call with Cornerstone, and proposing June 14 and 21 for deposition dates for Marnie O'Brien.

- May 26, 2021 – Counsel for Marnie O'Brien responds that she will check with her client on the proposed deposition dates, that they produced everything that came back on O'Brien's Gmail account with the search terms, and confirmed that no data has been pulled from her client's phone, which had been an issue in another unrelated case. Counsel for O'Brien also voiced concern about a deadline for her response to the motion to compel. MEF responds that it is still seeking responses to the four subpoena requests and requested discussion of deposition dates in call with counsel that day.

- May 28, 2021 – Counsel for O'Brien confirms June 15 for deposition of her client, that all text messages with Delaney Yonchek were produced, and to confirm with Judge Sanchez that counsel is working out these issues.

- June 1, 2021 – Counsel for O'Brien files response to MEF's motion to compel claiming that MEF did not comply with Court procedures before filing the motion, and that that parties are working through the production issues. Counsel for O'Brien also admits that her client received a subpoena last year but did not produce all responsive materials. Counsel for O'Brien also claims that MEF was in possession of most of this information already, and that her client has no more responsive information in her possession.

- June 2, 2021 – MEF emails counsel for O'Brien to confirm that her client's laptop will be provided to an eDiscovery vendor for imaging and confirmed June 15 as the deposition date. MEF also confirms via email with defense counsel that Marnie O'Brien's deposition will take place on June 15. Defense counsel confirms that June 15 works. Counsel for O'Brien confirms that June 15 deposition date is being held, and that she is waiting on vendor and dropoff information as well as a list of search terms from MEF.

- June 3, 2021 – MEF emails counsel for O'Brien that it has retained an eDiscovery vendor in Philadelphia for imaging her client's laptop and for her availability to discuss pickup/dropoff arrangements with the eDiscovery firm. MEF also notices Marnie O'Brien of a deposition on June 15, 2021. Counsel for O'Brien confirms the eDiscovery vendor meeting time and receipt of the deposition notice.



- June 4, 2021 – MEF emails counsel for O'Brien a list of search terms for the eDiscovery vendor to use when imaging her client's computer. Counsel for O'Brien emails MEF that she objects to the search terms and demands that they be whittled down. She also demands to review the documents before turning them over to MEF to review for privileged documents.

- June 7, 2021 – MEF emails counsel for O'Brien to address the issues with the search terms that counsel for O'Brien raised. Counsel for O'Brien responds that she still objects to the number of search terms. MEF requests a time to discuss the search terms with counsel for O'Brien. The parties discuss the terms by telephone conference.

- June 7, 2021 – Counsel for O'Brien emails MEF a proposed procedure for imaging and producing documents on her client's computer. In response, MEF provides revised list of search terms and flushes out procedures for imaging and producing documents. MEF retains third party vendor to image O'Brien's laptop.

- June 8, 2021 – Counsel for O'Brien emails MEF that she has not yet received access to the image of her client's laptop. She notes that the laptop had been returned to O'Brien by the eDiscovery vendor.

- June 9, 2021 – Counsel for O'Brien emails MEF that she was given access to the database of documents from her client's computer, which contains 269,107 documents. She claims she will not be able to review all these documents before the deposition scheduled on June 15. MEF calls counsel for O'Brien and works with her to identify the number of hits per search term and what the specific file types are. Counsel for O'Brien reveals that only 10,624 were actual hits on the search terms and that she would begin her review with the party name search terms. After some back and forth, only 267 files are actually user content files as opposed to coding files. Counsel for O'Brien emails MEF that all these files do not contain anything substantive or responsive to the subpoena requests.

- June 11, 2021 – MEF emails counsel for O'Brien that it still has not received access to the 267 documents that were found to be hits for the search terms. MEF also notes that there are multiple documents provided in her client's production that contain redactions. MEF requested access to the 267 laptop files and unredacted versions of the documents produced. Counsel for O'Brien responds that she will contact the vendor to make sure MEF is granted access and that they will turn over unredacted versions of the documents by the following Monday, one day before the scheduled deposition.

- September 23, 2021 – Plaintiff's counsel served Mr. Carson, as counsel for Lisa Barbounis, with a copy of an extremely sensitive expert report consistent with the Court's Scheduling Order setting a September 23 due date for the report. The file sent from MEF's counsel was entitled "MEF Rule 26 Expert Designation (ATTORNEY'S EYES ONLY)" and each page of the expert report included an "Attorney's Eyes Only" designation due to the highly



sensitive financial and trade secret information contained in the report, pursuant to the Court's Protective Order entered on June 12, 2020.

- <u>October 1, 2021</u> – Despite the "Attorney's Eyes Only" designations on each page of the report and multiple mentions of AEO content in the email transmitting the expert report, defense counsel filed the report on the Court's public docket as an exhibit to a motion to strike making the report accessible to anyone who opened the case's ECF online docket or any other third party docket services that mirrors the public docket. Defendant also falsely accused Plaintiff of violating the Court's scheduling order by serving the expert report after the September 23, 2021 deadline provided in the Court's scheduling order. As it turned out, defense counsel made this improper argument using Coordinated Universal Time (UTC), also known as Greenwich Mean Time, rather than Eastern Daylight Time (EDT), and the metadata of the email transmitting the expert report to defense counsel showed that it was in fact served on September 23, 2021 at 10:42 p.m.

- <u>October 15, 2021</u> – The Court denies Defendant's motion to strike alleging that MEF's expert report was filed late, but only after Plaintiff MEF was forced to incur unnecessary fees to oppose the motion.

- <u>October 21, 2021</u> – Defendant failed to file an opposition to MEF's motion for summary judgment.

- <u>October 21, 2021</u> – The Court orders an in-person sanctions hearing against Defendant and her counsel to be held on October 26, 2021, at 2:00 p.m.

- <u>October 21, 2021</u> – MEF files a letter with the Court requesting that it strike Defendant's motion for summary judgment for failing to comply with numerous Court rules and procedures. Specifically, Defendant's motion (1) violated this Court's rule restricting summary judgment motions to 15 pages, exceeding the page limit by 10 pages; (2) failed to include in her summary judgment motion a single citation to her Statement of Undisputed Facts; (3) failed to include record cites in paragraphs 5, 10, 20, 22, 26-27, 35, 40-41, 52, 79, and 81-82 of her Statement of (allegedly) Undisputed Facts; (4) included and relied upon documents that are unauthenticated, constitute hearsay, and are therefore inadmissible, including website articles, web pages and purported Google search results; (5) knowingly violated Fed. R. Evid. 408 by submitting and relying on settlement discussions as alleged evidence in support of a summary judgment motion, including documents marked as protected by Rule 408 and a Declaration of Defendant acknowledging that the discussions were for the purpose of settlement negotiations; and (6) cited "facts" that are immaterial to the motion and indeed immaterial to this trade secrets action, including citation to other litigation proceedings involving distinct claims and defenses having nothing to do with Defendant's breach of contract, violation of tort duties, and misappropriation of trade secrets.



- <u>October 21-26, 2021</u> - Defense counsel represented in multiple communications to MEF that he never filed the exhibits attached to the expert report when it was filed on the public docket.  Defense counsel showed no remorse and gave no apology when it was established that he did, in fact, file the "attorney's eyes only" exhibits on the public docket.

- <u>October 26, 2021</u> – At the sanctions hearing among other things, defense counsel claimed without factual support that after filing MEF's "attorney's eyes only" expert report on the public docket he took immediate action to ensure that the expert report was no longer publicly available.

- <u>October 27, 2021</u> – Defendant and her counsel fail to appear at a Court scheduled settlement conference pursuant to the Court's pre-trial scheduling order, leaving the Court and MEF's counsel waiting without a call or apology.

- <u>October 29, 2021</u> – MEF filed a supplemental brief in support of its motion for contempt and sanctions pointing out numerous violations by defense counsel and Defendant at the hearing and afterwards, including: (1) Defendant's failure to file an opposition to the Sanctions Motion; (2) Defendant's failure to appear at the hearing with her counsel; (3) Defendant's failure to offer any evidence at the hearing; (4) Defendant's failure to appear at the Court scheduled settlement conference; (5) defense counsel's false representations via email to MEF's counsel that he did not publicly file "the last 25 pages of MEF's Expert Report (which is Exhibit B of MEF's Expert Report)" where donor names and financial information were listed and that he "took steps to protect the confidential information by removing Exhibit B from the report before it was filed;" (6) and defense counsel's false testimony that the Report had been removed from public access by early morning a few hours after the filing.

- <u>October 29, 2021</u> – MEF informed the Court through an emergency letter and request for teleconference that contrary to defense counsel's statements under oath at the sanctions hearing, the complete expert report, including all exhibits, was not only filed on the public docket, but was still in the public domain.  Specifically, the expert report remained accessible remains accessible to the public on third-party vendor sites including DocketBird and PACERPro, meaning that the protected expert report had been available to the public for close to one month.

- <u>November 1, 2021</u> – The Court conducts an emergency teleconference with the parties where among other things defense counsel backtracks on his previous statements regarding not filing the complete version of the expert report on the public docket and taking swift action to ensure that the report had been taken down from all public access. Further, defense counsel states on the record that he is representing his client pro bono.



- <u>November 1, 2021</u> – The Court orders defense counsel to (1) immediately take all steps necessary to have the Middle East Forum's Expert Report removed from third party vendors' websites, and permanently deleted or destroyed by said vendors; (2) check the "dockets" of all of the third party vendors identified by Middle Eastern Forum (both in direct correspondence with Mr. Carson or in Doc. Nos. 126 and 127) daily beginning today and ending November 15, 2021; and (3) on November 30, 2021 Mr. Carson is directed to submit a sworn affidavit, under penalty of perjury, documenting: 1) what steps he took to ensure that the Expert Report and Exhibits is not publicly available; 2) what steps he took to ensure said information was permanently deleted or destroyed by all third party vendors and 3) his daily checks of the websites in question for the aforementioned dates. In the same order, the Court ordered MEF to submit an estimate of sought attorneys' fees for activities related to its motion for sanctions.

- <u>November 22, 2021</u> – Defendant files her pretrial motion four days late after the November 18, 2021 deadline set in the Court's scheduling order.  In her tardy filing, Defendant also attempts to identify an expert witness (without an expert report) two months after she missed the Court's September 30 deadline for submitting an expert report.  In the deficient pretrial motion, Defendant also claims that she will use any exhibit "exchanged during discovery" without specifying which of the hundreds of thousands of documents she would use and by claimed that Defendant is permitted to ambush MEF by using (without having previously identified them) any "information that is readily available in the public domain." Finally, Defendant identified for the first time numerous websites she would attempt to use at trial, but still does not identify the specific pages on which she would rely, nor did she provide a basis for seeking to use other unauthenticated, unreliable, hearsay, irrelevant, and inadmissible website pages, some of which are designed to harass MEF with inflammatory language written by groups that target and seek to harm MEF.

- <u>December 7, 2021</u> – Defendant dumps on Plaintiff over three thousand pages of documents she claimed to be her exhibits without any digital stamping or other list informing Plaintiff what the order of the exhibits were.

- <u>December 8, 2021</u> - Plaintiff filed an emergency motion to strike Defendant's exhibits or, in the alternative, to restrict Defendant to offering only the exhibits specifically identified in her tardy and noncompliant Pretrial Memorandum. On the same day, the Court orders Plaintiff's motion granted in part and restricted Defendant to offer only those exhibits specifically identified or hyperlinked in her pretrial memorandum at trial.  As with many similar situations in the past where Defendant and her counsel engaged in improper behavior, MEF was forced to incur unnecessary fees and expenses.

- <u>December 10, 2021</u> – Plaintiff submits a letter to the Court explaining that it attempted to work cooperatively with Defendant to create a joint exhibit list asked Defendant to provide a table of contents listing "only those exhibits specifically identified or hyperlinked in [her]



Pretrial Memorandum."  Defendant stated that she nevertheless still intended to identify all documents including those stricken by the Court and provided Plaintiff with a cryptic table of 97 documents many of which had already been stricken by the Court.  The last business day before trial, Plaintiff still did not have a list of Defendant's exhibits matched to the underlying documents Defendant sought to include in her exhibit list.

- December 17, 2021 – Prior to trial, the Court granted MEF's motion *in limine* to prohibit inflammatory references during trial.  At closing, however, defense counsel made a number of extremely inflammatory and prejudicial closing remarks that unduly prejudiced the jury and violated the Court's motion *in limine* order prohibiting inflammatory remarks. Specifically, defense counsel repeatedly labeled Plaintiff's witnesses as liars, included references to facts not in evidence, raised the disparity in wealth between the parties, and improperly proclaimed the justness of his client's cause.

- December 30, 2021 – Defendant files a baseless, unsubstantiated, and unreasonable motion for attorneys' fees.

- January 13, 2022 – Plaintiff files a response in opposition to Defendant's motion for attorneys' fees, arguing that Defendant does not demonstrate (she cannot) that MEF filed its Pennsylvania Uniform Trade Secret Act claim in bad faith, which by statute is the only means by which she can recover attorneys' fees.  Despite previously claiming in a Court hearing that he was representing Defendant pro bono, Mr. Carson and his colleague suddenly claim (without any supporting documentation) that they have devoted nearly 2,000 hours to this matter, amounting to a purported $985,000 in legal fees.

- January 13, 2022 – Plaintiff filed a motion for new trial raising, among other things, defense counsel's improper remarks during closing arguments.

- January 21, 2022 - Defendant filed an untimely motion to file a reply in support of her motion for attorneys' fees eight days after Plaintiff's response was filed.

- January 24, 2022 – Plaintiff filed an opposition to Defendant's motion for leave to file a reply in support of her motion for attorneys' fees because in violation of the Court's policies and procedures, Defendant's motion raises new arguments for the first time on reply, fails to address the issues in MEF's Opposition, and it is untimely.

- January 27, 2022 – Defendant files an improper motion in opposition to Plaintiff's Motion for New Trial.

- February 3, 2022 - Plaintiff files a motion for leave to file a reply in support of its motion for a new trial, arguing that Defendant's opposition to the motion for new trial resorts to



broad sweeping generalities unsupported by the record or by legal authority, including inadmissible settlement discussions previously excluded by the Court, theories of retaliation previously excluded by the Court, and (3) unrelated summary judgment rulings from some other lawsuit previously excluded by the Court.

- <u>February 13, 2022</u> - Defendant files a motion for leave to file a sur-reply in opposition to Plaintiff's motion for a new trial.

- <u>February 17, 2022</u> – Plaintiff files an opposition to Defendant's motion for leave to file a sur-reply to Plaintiff's motion for a new trial, asserting that that motion is untimely because it was not filed within seven days after the opposition is filed, pursuant to the Court's policies and procedures, the motion fails to demonstrate good cause instead simply stating that the brief "responds only to the arguments Plaintiff raised in Plaintiff's Reply," and that the motion should be denied because it raises no new arguments that were not previously raised in her response brief.

- <u>April 13, 2022</u> – The Court orders Mr. Carson to submit time sheets and/or a significantly more detailed accounting of his and his colleague's time for the Court's consideration, grants Plaintiff's motion to file a reply brief in support of its motion for new trial, and denies Defendant's motion to file a sur-reply in response to Plaintiff's reply in support of its motion for a new trial.

- <u>April 19, 2022</u> – Pursuant to the Court's April 13 Order (ECF No. 207), Defendant files a memorandum in support of petition for attorneys' fees.  As of this date, Plaintiff MEF's motion for sanctions (ECF Dkt. 110) is still pending.