## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIDDLE EAST FORUM

                        Plaintiff,

            v.

LISA REYNOLDS-BARBOUNIS,

                        Defendant.

Civil Action No. 2:19-cv-05697-JS

Defendant, Lisa Barbounis, files this memorandum in support of Defendant's Petition for Attorney's fees and in response to Plaintiff's brief in opposition to Defendant's Motion.

### I.       INTRODUCTION

Plaintiff, Middle East Forum drafted what has come to be expected from MEF and its counsel. Plaintiff's brief is riddled with false assertions, and rehashes issues already briefed. In the mind of attorneys Gold and Barnes, every step Defendant takes is alarming, worthy of scorn and ridicule. But Defendant's brief is simply an accurate accounting of the time defense counsel spent working on this case, as requested by the Court. ***Defendant began by suggesting that Defendant submit her actual time records for an in-camera review***. (Emphasis added). Defendant is not trying to hide the ball.

The fees Defendant seeks are conservative. Defendant does not seek to recover time spent by paralegals or law clerks. Defendant does not seek to recover time spent by supervising counsel. Defendant seeks to recover only for the time spent working on this case that is supported by detailed time sheets. Every minute is supported by time stamped records detailing precise work accomplished. On December 30, 2021, when the Petition for Fees was first presented, Defendant

sought to recover $985,000[1].  This means that Lisa Barbounis paid far less to win than Plaintiff paid to lose.[2]  Plaintiff still argues that Defendant's legal fees are overstated.  Plaintiff seems to think that Defendant should have done the same work in less than half the time.

Plaintiff's brief in opposition to fees sets forth 8 arguments, addressed below, however, the work accomplished for Lisa Barbounis led to a complete victory.  Plaintiff failed to obtain injunctive relief.  Plaintiff failed to prove any of the Counts in the complaint.  And while counsel would sincerely love to credit Lisa Barbounis' total victory only upon excellent legal representation, Plaintiff lost this case because of the obvious speciousness of Plaintiff's claims. The Middle East Forum filed a specious lawsuit, destined to fail due to the utter lack of evidence. This is one of the many ways to tell that Plaintiff's claims were specious.  The Court repeatedly warned Middle East Forum and its counsel about the grand canyon sized hole in its case, and MEF, and its counsel refused to listen.  It is undisputed that MEF started its case without any proof of damages and ended its case the same way.  MEF attempted to pay its way through the deficient lawsuit through an expert report that lacked credibility and would have turned the DTSA and the PUTSA into strict liability laws.  MEF attempted to misrepresent its way through its deficient lawsuit through the testimony of Gregg Roman, a witness used to lay the foundation for MEF's entire trade secrets case. (A supplement detailing Roman's countless misrepresentations at trial is attached as Exhibit A).  Roman was a witness who just happened to have an ax to grind because the Defendant accused Roman of sexual assault and sexual harassment which led to Roman being physically ejected from MEF's Philadelphia offices.  And while the Court did not allow the jury

---

[1] Seth Carson's fees were based on 1700 hours times $500.00 per hour.  Scott Diamond's fees were based on 180 hours times $750.00 per hour.

[2] Before trial, Plaintiff represented that the attorney's fees at that time were $1,065,000.  This was a representation of the attorney's fees before the trial and before post trial motions.

to hear this information, Defendant suggests that the Court may consider the totality of the circumstances in the context of Defendant's motion for attorney's fees.[3]

MEF's argument that not all counts allow for fee shifting misses the mark.  A review of the complaint confirms the same alleged conduct led to each count.  MEF did not include separate facts to support each count.  No count came with a distinct factual analysis.  All Counts repeated and realleged each and every allegation in the preceding paragraphs.  Accordingly, any attempt to reduce the fees in this manner would deprive Lisa Barbounis of recovering her attorney's fees.

Plaintiff seeks to cast more disparagement, ridicule, and scorn upon Defendant for attempting to recover what the law provides is due.  Plaintiff's lawsuit was based on specious claims, motivated by the wrong reasons, and litigated to the fullest extent through a strategy that refused to consider amicability.  Lisa Barbounis spent years defending specious claims, proven false at trial.  MEF should now be held accountable.

II.    **ARGUMENT**

A.  **Defendant responds to MEF's 8  Arguments.**

i.  **Hours Discrepancy: There is no hours discrepancy connected with Defendant's petition for attorney's fees.**

As usual, MEF feigns alarm to that which has a reasonable explanation.  The Court asked Defendant to provide a detailed analysis of attorney's fees.  The total time that Seth Carson and Scott Diamond worked on this case was 2,442.9 hours between November 2019 and the present.

---

[3] Under Section 1836(b)(3)(D) of the DTSA, a court "may" award attorneys' fees if a misappropriation claim is made in bad faith, which may be established through circumstantial evidence.  See also *Best Medical Int'l, Inc. v. Spellman*, 07-cv-01709-WLS, 2011 U.S. Dist. LEXIS 147853 (W.D. Pa. Dec. 22, 2011), (where attorney's fees were awarded to the Defendant under the "PUTSA."  The Court considered issues that occurred during discovery and whether the lawsuit included specious claims).

In presenting Defendant's petition for fees, Defendant presented only those fees that Defendant concluded were recoverable. There was significant time spent on work Defendant performed that Defendant does not seek to recover. Primarily, this is the time spent reviewing, redacting, and analyzing documents produced through Capsicum. To be clear, not all work performed by Capsicum had to be repeated. Capsicum was the e-discovery vender that preserved images of Lisa Barbounis devices just months after the lawsuit began. Plaintiff's lawsuit was filed in December 2019. About two months later, sometime around February 26, 2020, Capsicum preserved full images of all Lisa Barbounis' devices "using best practices" according to Cornerstone. These were the images Cornerstone used. Moreover, some of the time spent working with Capsicum assisted Lisa Barbounis in mounting a defense to Plaintiff's claims that ultimately led Defendant's victory.

But a large number of hours was spent reviewing documents produced through Capsicum. Defendant calculates that about 600 hours was spent working with documents produced through Capsicum and this work had to be repeated after the production came through Cornerstone. These 600 hours are easily identifiable through Defendant's detailed fee analysis (Document 210). These 600 hours would also be identifiable in Defendant's actual time sheets, which will be turned over should the Court wish to review them. 400 of these 600 hours are listed in the April 1, 2020, through May 30, 2020, Section of Defendant's fee analysis. (Document 210, p. 18). Another 40 hours is identified on the same page (Page 18) in the June 2020 Section. Other parts of this 600 hours are listed in the descriptions provided. Accordingly, Plaintiff's assertion that Defendant does not specify which ESI charges are subject to Capsicum is provably false. There is no discrepancy. Plaintiff's conclusion that "Mr. Carson's rate for 2022 must be $5,595.00 per hour" is absurd. Mr. Carson's hourly rate never changed. Each 6-minute block of time from November 2019 through the present is based on an hourly rate for Mr. Carson of $500.00 per hour.

4

ii. **Padded Hours: There is no hours discrepancy connected with Defendant's petition for attorney's fees.**

Defendant will not rehash the same arguments.  An explanation for the total time spent is provided above.  Plaintiff's claim that Seth Carson's analysis only accounts for 2047 hours is provably false.  On Page 48 of the fee analysis, Defendant submits a charge which accounts for the total time spent each month.  Each line item in this chart (Doc. 210, p. 48) is accompanied by a detailed analysis of the work that Seth Carson did in that specified time period.  The total time spent equals 2442.9 for Seth Carson.   Plaintiff's brief provides false information which leads to false and biased conclusions.  There is no inflation of hours.  Each hour spent is accompanied by a detailed, time-stamped, time sheet.  This time sheet is what was used to prepare the 50-page breakdown of time and work performed by defense counsel.  The only other argument presented by Plaintiff, that counsel, Seth Carson, had too many cases to work as much as he did, is provably false.  There were certainly months that required significantly more time that others, however, Seth Carson averaged about 19 hours per week on this case from November 2019 through the end of trial.  Then there was work performed after trial which led to an increase in the fees and costs that Defendant seeks.   All time spent was reasonable and necessary to make Lisa Barbounis the prevailing party.

iii. **Conflicting Hours: There are no conflicting hours.**

The argument that there are conflicting hours fails.  It is Plaintiff's arguments that don't square.  On one hand Plaintiff argues that Defendant did not identify the work performed by Capsicum.  Then Plaintiff criticizes Defendant's fee analysis for doing exactly that. For example, Plaintiff identifies 111.8 hours versus 151.8 hours for the month of June 2020.  The difference is 40 hours.   This 40 hours is identified in Defendant's fee analysis as time spent reviewing documents produced by Capsicum.  The first paragraph on page 26 (Document 210) states: "In

addition to the 111.8 hours calculated for     the month of June 2020, Defense counsel also spent 40 more hours between June 1, 2020, and June 30, 2020, reviewing data from Lisa Barbounis' devices.   Accordingly, the total for the month of June 2020 is 151.8 hours."

Plaintiff next misidentifies the sections in Defendant's brief.  Plaintiff writes:

- "105.1 and 75.1 hours for August and September."
- "110.9 and 108.9 hours for December 2020."
- "218.4 and 18.4 hours for March and June 2021."
- "217.2 and 17.2 hours for June and August 2021."
- "192.2 and 112.2 hours for November 2021."

These classifications are falsely presented by Plaintiff.  Plaintiff uses the word "and" in quoting Defendant's fee analysis.  Defendant used the word "through."  The difference between 105.1 and 75.1 is 30 hours.  The final sentence in this section clearly explains the difference in 30 hours, stating: "09/01/2020 through 09/30/2020:  Reviewed data from devices and accounts of Lisa Barbounis in connection with e-discovery.   30 hours."   Other sections contain similar explanations.  Defendant drafted the fee analysis in this matter to make it clearer, and more trusted.

The final bullet point above states 192.2 and 112.2, for November 2021.  This was the month before trial when Defense counsel worked exclusively on this case and almost nothing else.  ***The time spent was 192.2 hours***.  There are 62-time sheet entries for this month, which describe each and every task performed to prepare for and prevail at trial.

### iv.  Inadequate Descriptions: The descriptions are adequate and describe work reasonably required to defend MEF's specious lawsuit.

Plaintiff's assertions here are false.  The descriptions for each hour spent explains exactly what work was performed on that day.  There was a large number of hours spent by attorney, Carson reviewing documents produced by Capsicum (which is not included in the actual fee petition) and Cornerstone.   Cornerstone Bates stamped "MEF-000000001 through MEF-000127274" and "MEF-AEO-000000001 - MEF-AEO-000211451" as documents obtained from

6

Defendant's two iPhones and processed by Cornerstone Discovery as ordered by the Court.   In addition to this, Cornerstone also produced additional documents from Lisa Barbounis' social media accounts that also required review.  The time that attorney Carson spent reviewing these documents was significant.  This time was spent clicking through documents, reading them, and clicking to the next document.  This was the document review process.  Middle East Forum required the parties to go through this process.  Defendant did identify total times for document review, which is easily discernable through Defendant's fee analysis (Doc. 210).  It is also discernable through Defendant's actual time sheets.

Plaintiff labels the 62-time sheet entries in November 2021 as "gobbledygook" but this was the time spent the month before trial when Defense counsel was hunkered down and spending every waking minute working on this case.  The fee analysis provided the dates of each time sheet entry, but not the descriptions.  Defendant thought if there was ever a month when 192.2 hours was a reasonable amount of time spent working on this case it was November 2021, the month before trial.  This time spent led to Defendant's complete victory.  Defendant will provide the Court with the actual time sheet which fed this section at the Court's request.

### v.  Unreasonable hours: All time spent was reasonable.

This might be Plaintiff's most disingenuous argument in its brief.  The information presented by Plaintiff to support this assertion is plainly false.  There is not even one time sheet entry that is supported only by clerical work – not even one. (Emphasis added).  There is not a single time sheet entry where the only work performed by Seth Carson was saving a document to a file.  Saving a document to a file was the final task in a list of tasks associated with emails or documents that Seth Carson had to review.  There is certainly not 154.3 hours spent on clerical tasks and Plaintiff is presenting this information to the Court in bad faith.  Moreover, Plaintiff's

7

position was accepted, it would mean that Defense counsel was expected to litigate this case in a manner that required Lisa Barbounis' attorneys to spend 30 minutes or less to every hour spent by MEF's counsel.  Considering the time that Defendant concedes is not subject to the fee petition, Defense counsel spent significantly less time to win this case than Plaintiff spent losing.  Moreover, Defense counsel charged significantly less money per hour to win this case than Plaintiff's counsel charged to lose.  Some of Plaintiff's arguments are too absurd to merit a response, however, at no time did Defendant charge time for work performed by Plaintiff.  The description for each time entry simply describes the subject matter of the work performed on that date.

   **vi.   Not Limited to PUTSA: All time spent is limited to MEF's claims that allow fee shifting.**

Defendant covered this argument in Defendant's Introduction, above.

   **vii.   Poor Quality:  Plaintiff's "poor quality" argument fails.**

The quality of the work performed by Defendant speaks for itself.  The fee petition provides a clear accounting of time and work to win this case.  Plaintiff is grasping at straws, making every argument conceivable to avoid being held accountable for its actions.  Again, if the Court would like to review the detailed, time-stamped copy of the time sheets that Defendant used to draft the fee analysis (Document 210), Defendant asks the Court to perform an in-camera review subject to Defendant's work product claim.

   **viii.   Unreasonable Rates: the rates charged by Seth Carson and Scott Diamond are reasonable.**

The last argument raised by Plaintiff, that Seth Carson and Scott Diamond's hourly rates were unreasonable fails.   The hourly rate charged by Seth Carson, lead trial counsel, was $500.00

per hour.  This rate is supported by MEF's own arguments.  In a brief filed by MEF, dated November 3, 2021, Plaintiff represented that MEF pays a first-year associate $550.00 per hour.[4]

In the same brief, Plaintiff represented that Weily Rein bills MEF $495.00 for work performed by a law clerk.[5]

Considering the work that was accomplished on behalf of Defendant, Lisa Barbounis, and what it would have cost Lisa Barbounis to obtain lawyers with comparable skill and experience, the hourly rate of $500.00 per hour for Seth Carson and $750.00 for Scott Diamond is reasonable. This is true particularly given the complex legal issues presented by this case.

I.    **CONCLUSION**

MEF's response to Defendant's fee analysis spends much more time trying to avoid fee shifting than to challenge the work performed to win this case.  Plaintiff tries again to argue that MEF's case was not based on specious claims.  In doing so, Plaintiff tries to hide the ball through transparently false arguments including a request to treat Plaintiff response to Defendant's motion as unopposed.  As if this even makes sense since Plaintiff is responding to Defendant's motion. The totality of the circumstances proves beyond all reasonable doubt that MEF filed its case in bad faith, presenting bad information to the jury, from a bad witness, who made false claims repeatedly. (See Exhibit A).  MEF did all of this without the linchpin piece of evidence MEF needed to even have a lawsuit – damages.  The lack of critical elements did not give MEF pause.  Mr. Roman thought to testify through the gigantic holes in MEF's lawsuit by making stuff up.  Therefore,

---

[4] **Ashley E. Bouchez** is an associate at Wiley Rein LLP in Washington, D.C. She regularly represents clients in complex commercial litigation matters. She is admitted to practice before the U.S. Court of Appeals for the Seventh Circuit and the U.S. District Court for the District of Columbia. She received her J.D. from the Wake Forest University School of Law. Her billing rate is $550.00 per hour.

[5] R. Shane Roberts, Jr. is a law clerk at Wiley Rein LLP in Washington, D.C., although he has passed the District of Columbia bar examination. While his formal admission to practice is pending, he is supervised by principals of the firm. He received his J.D., with highest honors, from The George Washington University Law School. His billing rate is $495.00 per hour.

MEF's lawsuit was supported, almost entirely, by one person who should not have been within 50 miles of the witness stand.  This was not a close case.  The jury began deliberations at 3:10 P.M., and had a verdict by 5:05 P.M.  In that time the jury had dinner.  The jury had no questions for the judge during deliberations, and returned in under 2 hours with a unanimous verdict.   There is no reason to think that this case was close, particularly when the Court warned Plaintiff that the jury might not even get the case.[6]  To see the bad faith that MEF was willing to employ, one need only look at Roman's testimony (Exhibit A) and the repeated assertions that were proven demonstrably false when challenged with actual evidence.  MEF, Roman, and its counsel were untroubled with truth or accuracy.  The exact same arguments that  led to Defendant's victory were presented to Plaintiff in a Rule 11 brief on December 19, 2019.  Plaintiff ignored the assertions of Lisa Barbounis in the Rule 11 brief, which were all proven true at trial, and which all confirmed that MEF's case was brough in bad faith, without evidence. See Exhibit A to Defendant's Response B Brief, a detailed account of false and misleading claims brought by MEF in bad faith).

BY:  ____/s/ Seth D. Carson_____
          Seth D. Carson, Esquire
          Derek Smith Law Group, PLLC
          1835 Market Street, Suite 2950
          Philadelphia, PA 19103
          Phone: 215.391.4790
          Email: Seth@ DerekSmithLaw.com
          Counsel for Plaintiff

---

[6] THE COURT: Let me take a few minutes. Is there another area you could move to, before I start addressing this issue, because, all along, I've been concerned with damages in this case, and how you're going to be able to calculate damages under each of these claims in a way that the Jury has a reasonable basis and it's not speculating on the basis of some testimony by the Expert that is putting numbers together, without any foundation or without any reasonable basis to calculate the damages in this case, because I think all along you haven't shown any actual amount of damages, as a result of the supposed violation, other than the expenses in connection with the investigation. (Roman – Direct Examination – Day  2 Page 25).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date that I caused a true and correct copy of Defendant's Motion and Accounting of Fees to be served via ECF.

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY: __/s/_ Seth D. Carson_____
SETH D. CARSON
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Email: Seth@DerekSmithLaw.com

DATED: April 19, 2022