# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIDDLE EAST FORUM | |
| Plaintiff, | Civil Action No. 2:19-cv-05697-JS |
| v. | |
| LISA REYNOLDS-BARBOUNIS, | |
| Defendant. | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S CONTEMPORANEOUS TIME RECORDS**

## I.  INTRODUCTION

On May 23, 2022, Plaintiff filed its final argument in response to Defendant's contemporaneous time records submitted to the Court on May 16, 2022 (Document 216). Defendant is asking the Honorable Court to grant Defendant's Motion filed December 30, 2021, for attorney's fees pursuant to the Uniform Trade Secrets Act ("UTSA") and the Pennsylvania Uniform Trade Secrets Act ("PUTSA") (Document 187). According to the Federal Rules of Civil Procedure, "The motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." (Rule 54 – Judgment; Costs).  Defendant satisfied these requirements by submitting Defendant's Motion, Memorandum, and Exhibits to the Court, and asking the Court to award $985,000 in fees due to Plaintiff's bad faith lawsuit.  Defendant will first dispel the notion that Lisa Barbounis did not have to spend and/or incur the fees submitted to the Court.  Lisa Barbounis is indeed responsible for the fees she incurred as a result of Plaintiff's bad faith lawsuit.  Lisa Barbounis has paid a substantial amount of money toward these fees incurred due to MEF's specious lawsuit.  While Lisa Barbounis

has paid a substantial amount, she owes a lot more. Plaintiff's argument is based on a mischaracterization of a comment made by Mr. Carson that was true at the time it was made.

Defendant asks the Court to hold Plaintiff responsible for its specious lawsuit by granting Defendant's motion. The idea of MEF's bad faith has been discussed in multiple motions and memorandums previously, so Defendant will not belabor the point. What has been made clear through a review of the pleadings (Document 20) and the record, is that there was never a time when Middle East Forum could articulate the reason for its lawsuit *in the language of damages*. MEF's lawsuit was vague on damages with nothing but conclusory allegations from the start, and to the present, there was never a time when this changed. Lawsuits are initiated to redress injuries. ***When there are no injuries, there should be no lawsuit***. Middle East Forum ignored this extremely basic idea of justice to attack a woman who had already been attacked out of Court by MEF's director and star witness in the trade secrets action, Gregg Roman. It is no small matter that the same person MEF used to substantiate its entire trade secrets lawsuit, had an extremely large ax to grind toward the Defendant, Lisa Barbounis.

### A. Plaintiff's argument regarding Contemporaneous Time Records fails both legally and factually.

Defendant has motioned for attorney's fees under the UTSA and the PUTSA. In support of her Motion, Defense counsel submitted to the Court records that were maintained throughout the trial. Both Scott Diamond and Seth Carson kept their own records for documenting time spent and work performed. In response to those records, Plaintiff, MEF presents several vague arguments, based on generalities and half-truths. Plaintiff even submits novel theories for review of time records upon which Plaintiff can provide no legal support. Plaintiff could not cite to a single case where a court required or relied upon metadata in addition to the actual time records and information contained in numerous motions and memorandum. But the bigger hole in

Plaintiff's argument is that the failure to maintain records contemporaneously does not bar a party from recovering attorney's fees.  See Clemens v. New York Cent. Mut. Fire Ins. Co., 903 F.3d 396, 400–01 (3d Cir. 2018) ("We have never strictly required that fee petitions be supported by contemporaneous records, but they have long been "the preferred practice." Keenan v. City of Phila., 983 F.2d 459, 472 (3d Cir. 1992) (quoting Webb v. Bd. of Educ. of Dyer Cty., 471 U.S. 234, 238 n.6, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985).  "Thus, although reconstructed records in and of themselves do not justify complete disallowance of a fee award, they may warrant "more exacting scrutiny than we would bring to contemporaneous and detailed records." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). Clemens v. New York Cent. Mut. Fire Ins. Co., 903 F.3d 396, 400–01 (3d Cir. 2018).

    **B. Defendant's descriptions of work performed are adequate, reasonable, and reflect actual time spent and real work performed.**

MEF's next argument seems to suggest that there is too much detail in some of Defendant's descriptions of work performed but not enough detail in others. Plaintiff never argues that the actual work performed was not reasonable given the issues the case presented. In fact, Plaintiff never challenges the actual work Defense counsel performed.

Regarding the review of documents, this case required counsel for Lisa Barbounis to review hundreds of thousands of documents. As has been explained, Cornerstone Bates stamped one-hundred-twenty-seven thousand (127,274) documents for non-AEO discovery and another two-hundred-eleven thousand (211,451) for AEO discovery.  In addition to this, Cornerstone also produced thousands of additional documents from multiple social media accounts that also required review. It is very important to remember that these were the documents that were returned pursuant to the key word list that Middle East Forum and Attison Barnes submitted. (Emphasis added). These were the documents that purportedly contained keywords that made these

documents relevant to this case. Attison Barnes repeatedly argued that these were the same documents that needed to be deleted from Lisa Barbounis' devices and accounts. So of course, Defense counsel was required to review them. Defendant repeatedly challenged the keyword list as creating so many false positives, extra work, and making non-relevant information subject to discovery. But these documents required a review, performed by Seth Carson. There are blocks of time like "200" because the only way to get through it all was to make a schedule and adhere to it. This is explained in the fee petition. This is exactly what defense counsel did. Over the months, the documents returned positive for the keyword list MEF and Attison Barnes created were reviewed. This work is directly related to the trade secrets case. Plaintiff does not challenge that the work had to be done. Plaintiff does not challenge the amount of time that it took to perform this work. Indeed, the work was done in a reasonable amount of time. The copying and pasting for this work only indicate the repetition of the same tasks over time. The keyword list provided by Plaintiff was unreasonable and should have been addressed, but Plaintiff did not agree. The time spent reviewing the documents was real work performed by counsel and took significant time. The point of the fee-shifting is that all of this work, time, and money, was never related to anything MEF lost because there were never any damages upon which a lawsuit would have been the reasonable course of action.

Middle East Forum tells the Court that it did not receive any information from Lisa Barbounis' devices by June 2020. This is a false statement because Lisa Barbounis responded to Plaintiff's expedited discovery requests almost immediately upon the initiation of MEF's lawsuit. Within about one month of the lawsuit's inception, Lisa Barbounis began producing documents. Plaintiff makes this argument to discredit time spent working through e-discovery issues, however, Defendant's fee petition already addressed this point. Defendant has not asked the Court to award

money for duplicated discovery during the Spring and Summer of 2020. Defendant subtracted the time spent working with Capsicum from the fee petition and noted thus in the time sheets.

### C. Both Scott Diamond and Seth Carson submitted Affidavits that addressed the reasonableness of Mr. Carson's and Mr. Diamond's hourly rate.

Both Seth Carson and Scott Diamond submitted affidavits that addressed the hourly rate. These affidavits were supplemented by information contained in multiple filings that Plaintiff has ignored because it would call Plaintiff's own billing rates into question. Plaintiff, Attison Barnes represented to this Court, his experience and skill in litigating these types of cases, stating, "Mr. Barnes routinely counsels and represents clients in complex commercial litigation matters involving breach of contract, fraud and misrepresentation, and trade secret misappropriation." Plaintiff's Middle East Forum's Estimate of Attorney's Fees and Costs. Attison Barnes began the practice of law in 1989. Counsel for Defendant, Scott Diamond began practicing in 1985 and has tried well over 100 cases in federal and state courts. Scott Diamond billed at a rate of $750.00 per hour, whereas Attison Barnes billed at a rate of $895.00 per hour.

Attison Barnes assigned work to two individuals in this same case: Ashley E. Bouchez and R. Shane Roberts, Jr. Ms. Bouchez is a first-year Associate who was just licensed; it appears the same year that she began billing Middle East Forum $550.00 per hour in this case. Mr. Roberts Jr. is a law clerk. It appears he graduated from law school but has not yet passed the bar. Mr. Roberts Jr. is billing at $495.00 in this same case.

Seth Carson has been practicing law since 2014 and has been considered a Rising Star by Super Lawyers in every year of his practice. Moreover, Seth Carson has represented clients as lead counsel for about 7 years and was lead counsel in this case from day 1. Seth Carson's billing rate of $500.00 per hour is a standard billing rate considering Mr. Carson's experience, role, and the complex litigation this case entailed. Plaintiff's argument belies Plaintiff's own billing rates as Mr.

5

Carson charged Lisa Barbounis about the same amount to act as lead counsel, as MEF paid for work performed by a law clerk. At no time did Seth Carson attempt to bill Middle East Forum for "learning on the job" and Plaintiff's argument here is wholly without merit or support. Plaintiff did not identify a single task that Seth Carson should have done faster because he was supposedly leaning on the job. All work accomplished and time spent was expeditious and reasonable considering the case requirements and outcome of this case.

      **D.**      **The Fee Petition is limited to the trade secrets Counts.**

The time spent and work performed, reflected in the time sheets submitted to the Court, was reasonable and required to prevail against a bad faith trade secrets lawsuit. Plaintiff's argument that the work performed does not all relate to the trade secrets case fails because the work performed in a lawsuit is based on the facts, not the Counts. Plaintiff's own work product demonstrates this principle aptly as Plaintiff made the same argument when it was in their interest to do so.  See Exhibit A.   MEF alleged that Lisa Barbounis violated nine (9) counts, but each and every count related to the same facts. Lisa Barbounis was accused of appropriating trade secrets from MEF. That was the crux of this lawsuit and there was rarely if ever a time when the work performed by counsel did not relate directly to appropriation of trade secrets allegations. A review of the trial record confirms this principle as Plaintiff never argued that different facts satisfied different elements of each and every count.

      **II.**      **CONCLUSION**

There is an overarching analysis that confirms that Defendant's fee petition is reasonable. Defendant charged less money to litigate the same case as Plaintiff. Defendant billed less. Defendant accomplished more. Defendant successfully won the lawsuit with the Court during the hearing for equitable relief. Defendant successfully won the lawsuit at trial when the jury said "no"

Carson charged Lisa Barbounis about the same amount to act as lead counsel, as MEF paid for work performed by a law clerk. At no time did Seth Carson attempt to bill Middle East Forum for "learning on the job" and Plaintiff's argument here is wholly without merit or support. Plaintiff did not identify a single task that Seth Carson should have done faster because he was supposedly leaning on the job. All work accomplished and time spent was expeditious and reasonable considering the case requirements and outcome of this case.

**D. The Fee Petition is limited to the trade secrets Counts.**

The time spent and work performed, reflected in the time sheets submitted to the Court, was reasonable and required to prevail against a bad faith trade secrets lawsuit. Plaintiff's argument that the work performed does not all relate to the trade secrets case fails because the work performed in a lawsuit is based on the facts, not the Counts. Plaintiff's own work product demonstrates this principle aptly as Plaintiff made the same argument when it was in their interest to do so.  See Exhibit A.   MEF alleged that Lisa Barbounis violated nine (9) counts, but each and every count related to the same facts. Lisa Barbounis was accused of appropriating trade secrets from MEF. That was the crux of this lawsuit and there was rarely if ever a time when the work performed by counsel did not relate directly to appropriation of trade secrets allegations. A review of the trial record confirms this principle as Plaintiff never argued that different facts satisfied different elements of each and every count.

**II. CONCLUSION**

There is an overarching analysis that confirms that Defendant's fee petition is reasonable. Defendant charged less money to litigate the same case as Plaintiff. Defendant billed less. Defendant accomplished more. Defendant successfully won the lawsuit with the Court during the hearing for equitable relief. Defendant successfully won the lawsuit at trial when the jury said "no"

to each and every count presented. Plaintiff was confronted with the hole in its case (lack of damages) at every stage and tried to fill that hole with money, paying $130,000 for an expert report that was fraught with irregularity, inconsistency, and raised more questions than it answered. All the while, the defense counsel kept working, billing a reasonable amount of money for the reasonable amount of time spent and work accomplished. Plaintiff's many arguments fail to account for the fact after the trial, Defendant asked the Court to grant a fee petition of $985,000, when before the trial, Plaintiff was prepared to ask for $1,063,834.  This is what Middle East Forum spent *before the trial*, only on the Pennsylvania Uniform Trade Secrets Act claim. (Emphasis added). Plaintiff could not distinguish between the time spent on the other Counts and Plaintiff billed every penny charged to the PUTSA claim.  **A copy of Plaintiff's Demonstrable Aid is attached and marked Exhibit A**.  Accordingly, Plaintiff is asking the Court to view Defendant's fee petition is exactly the opposite way in which Plaintiff wanted the jury to consider Plaintiff's attorney's fees. There are no other words for this other than bad faith. None of this changes the fact that Defense counsel charged Lisa Barbounis less money by the trial's end than what Attison Barnes and Sidney Gold charged Middle East Forum before the trial even started. The fees that Defendant requests are reasonable under the circumstances. This is because the bill rate and time spent are reasonable. Accordingly, Defendant asks the Court to grant Defendant's Motion and award $985,000 in attorney's fees, plus the time spent responding to post-trial motions.

>BY: ____/s/ Seth D. Carson_____
>Seth D. Carson, Esquire
>Derek Smith Law Group, PLLC
>1835 Market Street, Suite 2950
>Philadelphia, PA 19103
>Phone: 215.391.4790
>Email: Seth@ DerekSmithLaw.com
>Counsel for Plaintiff

DATED: May 31, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on this date that I caused a true and correct copy of Defendant's Reply to be served via ECF.

      Sidney L. Gold sgold@discrimlaw.
      Sidney L. Gold & Associates P.C.
      1835 Market Street, Suite 515
      Philadelphia, PA 19103
      Tel: (215) 569-1999
      Fax: (215) 569-3870
      Counsel for The Middle East Forum

      **DEREK SMITH LAW GROUP, PLLC**

      BY: /s/ Seth D. Carson
      SETH D. CARSON
      Derek Smith Law Group, PLLC
      1835 Market Street
      Suite 2950
      Philadelphia, PA 19103
      Phone: 215.391.4790
      Facsimile: 215.893.5288
      Email: Seth@DerekSmithLaw.com

DATED: May 31, 2022