# LAW OFFICES OF
# SIDNEY L. GOLD & ASSOCIATES

**A PROFESSIONAL CORPORATION**

1835 MARKET STREET, SUITE 515
PHILADELPHIA, PA 19103
(215) 569-1999   FAX (215) 569-3870

SIDNEY L. GOLD * + **          WILLIAM RIESER *
TRACI M. GREENBERG * +         JAMIE L. FORD *
NEELIMA VANGURI *              MARGARET KING *

\*   ALSO ADMITTED IN NEW JERSEY
\+   ALSO ADMITTED IN NEW YORK
\** ALSO ADMITTED IN DISTRICT OF COLUMBIA

June 24, 2022

**VIA CM/ECF**

The Honorable Juan R. Sánchez
United States District Court
for the Eastern District of Pennsylvania
601 Market St., Room 14613
Philadelphia, PA 19106-1797

  **Re:** *The Middle East Forum v. Lisa Reynolds-Barbounis*, C.A. No.: 19-5697-JS (E.D. Pa.)
     & *Elmagin Capital, LLC v. Chen*, No. 20-2576 (E.D. Pa. June 17, 2022), ECF No. 322

Dear Judge Sánchez:

  On behalf of Plaintiff The Middle East Forum ("MEF"), we write to inform the Court of a recent opinion in *Elmagin Capital, LLC v. Chen*, No. 20-2576 (E.D. Pa. June 17, 2022), as a supplement to MEF's Opposition to Defendant's Motion for Attorneys' Fees (Doc. 211).

  In last Friday's opinion (attached here), Third Circuit Judge Stephanos Bibas (sitting by designation in the Eastern District of Pennsylvania) denied defendants' request for attorneys' fees for substantially the same reasons MEF has expressed in this matter. In *Elmagin*, the fee request followed a jury trial where plaintiff "lost across the board" on its trade-secret misappropriation and breach of contract claims. Slip. Op. 1. At trial, the jury specifically found that plaintiff "had brought its trade-secret claims in bad faith" but Judge Bibas rejected the jury's "advisory finding" because plaintiff's claims were not "baseless." *Id.* The *Elmagin* opinion supports MEF's fee opposition in four respects. *See* Pl.'s Opp'n Mot. Fees, ECF No. 198.

  First, *Elmagin* underscores the rigorous standard for bad-faith fees under state and federal law. To obtain fees, a defendant must show that the plaintiff's claims "completely lacked evidence" and "knew or was reckless in not knowing that its claims lacked merit." Slip. Op. 2.[1] Even if a court were to find that a party knew or was reckless in not knowing" about a lack of merit

---

[1] Unless noted otherwise, all quotations omit internal quotations, citations, and alterations.

1

(which Defendant has not established), a judge has "discretion to decline" fees under the relevant statutes. *Id.* at 1–2; *see* Pl.'s Opp'n Mot. Fees 3–4.

Second, *Elmagin* further confirms once again that no judge in this district "has ever found that a jury-tried misappropriation claim was brought in bad faith." Pl.'s Opp'n Mot. Fees 6. This remains true even though the jury in *Elmagin* (unlike the jury in the present case) found that plaintiff had "brought its trade-secret claims in bad faith." Slip Op. 1. Judge Bibas rejected the jury's finding because bad faith only exists if there is "no evidence" for the claim. *Id.* at 3. But, like MEF, plaintiff had offered *some* evidence in support of its misappropriation claims. *Id.*; *see* Pl.'s Opp'n Mot. Fees 4–6 (collecting evidence supporting MEF's misappropriation claims). Indeed, as in *Elmagin*, this Court found there was sufficient evidence to send MEF's trade secret claims to the jury.

Third, *Elmagin* shows that a court's prior rulings undercut a defendant's case for bad faith. For example, defendant in *Elmagin* argued that plaintiff had "failed to allege its trade secrets with the requisite specificity." Slip Op. 4. But the *Elmagin* court had already "held that [plaintiff] had sufficiently identified its [trade secrets]" at summary judgment. *Id.* Here, Ms. Barbounis argued prior to trial that MEF's donor lists could not be trade secrets and that MEF had no damages. Def.'s Mot. Fees 6. But this Court found at a pretrial, multi-day evidentiary hearing that MEF showed "a reasonable probability of success" on its misappropriation claims, and sustained those claims through summary judgment, motions in limine, and Defendant's JMOL motion. *See* Pl.'s Opp'n Mot. Fees 1, 7. Thus, Defendant's "arguments for fees hold no water." Slip Op. 4.

Fourth, *Elmagin* confirms that general allegations of bad behavior and unnecessary motions does not amount to bad faith. Slip Op. 4 ("As a last-ditch effort, Defendants say that [plaintiff] misbehaved throughout the case by prolonging discovery, filing baseless or untimely motions, and withdrawing evidence at the eve of trial. I disagree that this behavior was bad faith either."). As the Court will recall, it was Defendant who failed to respond to discovery, forcing MEF to file motions to compel, ultimately prompting this Court to grant MEF's motion, replace Defendant's discovery vendor, and finally give MEF access to the files.

For these reasons, *Elmagin* compels denial of Defendant's fee request. Thank you for your attention to this matter.

Respectfully,

*/s/Sidney L. Gold*

SIDNEY L. GOLD

SLG/dd
Enclosure
cc:  All Counsel of Record

2